B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

For the Western District of Texas, San Antonio Division

In re KrisJenn Ranch, LLC
  Debtor

*(Complete if issued in an adversary proceeding)*

KrisJenn Ranch, LLC et al.,
  Plaintiff
  v.
DMA Properties, Inc. and Longbranch Energy, LP,
  Defendant

Case No. 20-50805

Chapter 11

Adv. Proc. No. 20-05027

**Thomas A. Saucedo, I**
State of Texas Certified Process Server
PSC# 3797

| Date | Time | Initials |
|---|---|---|
| 6.30.20 | 2:42 am | TJ |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: David P. Strolle, Jr., 20710 Blue Quail Run, San Antonio, Texas 78256
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **Exhibit A** (attached) details the documents and information to be produced.

| PLACE Cleveland Terrazas PLLC, 4611 Bee Cave Road, #306B, Austin, Texas 78746 | DATE AND TIME August 1, 2020 by 5:00 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/29/2020

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
DMA Properties and Daniel Moore, who issues or requests this subpoena, are:
Tim Cleveland, 4611 Bee Cave Rd. #306B, Austin, TX 78746, tcleveland@clevelandterrazas.com, (512) 689-8698

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## Definitions

1. "Communication" means the transmittal of information, in the form of facts, ideas, and inquiries or otherwise, by any means whatsoever.

2. "Document" means any written, electronic, magnetic or graphic matter however produced or reproduced (**including electronically stored information of any and all types**). It includes writings, emails, drawings, graphs, charts, photographs, sound recordings, images, text messages, emails, social media messages, social media postings, voicemails, and other data compilations from which information can be obtained either directly or, if necessary, after translation by the responding party through detection devices into reasonably useable form. A draft of a non-identical copy is a separate document within the meaning of this term.

3. "Person" means the singular as well as the plural, and masculine as well as the feminine, and includes any natural person or any business, legal or governmental entity or association.

4. "Wright" means Larry Wright, as well as any agents, servants, employees, assigns, sureties, attorneys, or representatives acting for or on his behalf.

5. "KrisJenn" means KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, and any related entities, as well as any agents, servants, employees, assigns, sureties, attorneys, or representatives acting for or on its or their behalf.

6. "Borders" means Darin Borders, as well as any agents, servants, employees, assigns, sureties, attorneys, or representatives acting for or on his behalf.

7. "Longbranch" means Longbranch Energy, LP, as well as any entities, agents, servants, employees, assigns, sureties, attorneys, or representatives acting on its behalf.

8. "Moore" means Frank Daniel Moore, his entity SCMED Oilfield Consulting, and/or his entity DMA Properties, Inc., as well as any agents, servants, employees, assigns, sureties, attorneys, or representatives acting for or on his or their behalf.

9. "DMA Properties" means DMA Properties, Inc., as well as any agents, servants, employees, assigns, sureties, attorneys, or representatives acting for or on its behalf.

10. "TCRG" means TCRG East Texas Pipeline 1, LLC, as well as any entities, agents, servants, employees, assigns, sureties, related company or related companies, attorneys, or representatives acting for or on its behalf.

11. "Terrill" means John Terrill and any related entities, including Synergy Midstream, LLC and Synergy Advisors Group, as well as any other entities, agents, servants, employees, assigns, sureties, attorneys, or representatives acting for or on his or their behalf.

12. "Strolle" means David Strolle and Granstaff, Gaedke, & Edgmon, P.C., as well as any

agents, servants, employees, assigns, sureties, attorneys, or representatives acting for or on his or their behalf.

13. "Patton" means Robert L. Patton, Jr. and One Industries Group, LP, as well as any agents, servants, employees, assigns, sureties, attorneys, or representatives acting for or on their behalf.

14. "Asilo" means Asilo Investments, LTD, as well as any entities, agents, servants, employees, assigns, sureties, attorneys, or representatives acting on its behalf.

15. "Right-of-Way" means the P-21 pipe and related facilities and the associated rights-of-way, easements, contracts, permits, leases purchased by Black Duck.

16. "Longbranch Assignment" means the agreement through which Longbranch Energy assigned the February 19, 2016 Purchase & Sale Agreement to Black Duck.

17. "DMA Agreement" means the agreement between DMA Properties and Black Duck that was executed on or about February 7, 2018.

18. "Deed of Trust" means the deed of trust dated August 14, 2017 and notarized on January 18, 2018 that relates to the Right-of-Way and which lists David Strolle as trustee.

19. "Asilo Loan" means the loan extended to KrisJenn Ranch, LLC and KrisJenn Ranch LLC-Series Uvalde Ranch by Asilo.

20. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive. The disjunctive includes the conjunctive, and vice versa.

21. The terms "any" and "each" shall be construed as "all," "each and every," and/or "any one," whichever makes the request more inclusive.

22. The term "all" shall include and encompass "any" or "each," whichever makes the request more inclusive.

23. The use of the word "the" shall not be construed as limiting the scope of any request.

24. The terms "including" and "include" means "specifically including but not limited to."

25. Each gender of any word includes the other genders.

26. The use of the singular form of any word includes the plural, and vice versa, as necessary to bring within the scope of the following requests all information which might otherwise be construed to be outside its scope.

## Instructions

27. You shall serve a copy of the documents, responses, and objections to these requests, if any, within thirty (30) days after the service of these requests.

28. All grounds for an objection to a request shall be stated with specificity.

29. In the event any request cannot be fully responded to after the exercise of reasonable diligence, you shall respond as completely as you can and set forth the reasons why you cannot respond.

30. Each request shall be set forth immediately prior to the response thereto.

31. A document is deemed to be in your custody or control if you have possession of the document or have the right to secure such document from another person having possession thereof.

32. You shall produce the requested documents either as they are kept in the ordinary course of business, or as they are organized and labeled in a manner such that they are grouped separately for each of the following requests. To the extent such produced documents include electronically stored information, such information shall be produced in the form in which it is ordinarily maintained or in a reasonably usable form, including metadata.

33. Each of these requests shall be construed independently and shall not be limited by any other request.

34. If, in answering these requests, you claim that any request, or a definition or instruction applicable thereto, is ambiguous or objectionable, do not use such claim as a basis for refusing to respond, but rather set forth as part of the response the language you claim is ambiguous or objectionable and the interpretation you have used to respond to the individual request.

35. With respect to any document requested, or parts of any document requested, that you claim to be privileged, immune, or that is withheld for any other reason, please provide a statement setting forth as to each such request:

  (a) the name of the author

  (b) the name of the participants (in the case of communications or meetings);

  (c) the date of the document, communication, or meeting;

  (d) the name of the individual that currently has possession, custody or control of the document requested;

  (e) a brief description of the nature and subject matter of the document withheld; and

    (f)  the basis on which it is being withheld.

36. With respect to any document requested that you claim to be privileged, immune, or is withheld for any other reason, please produce, or permit the inspection of, parts of such a document falling within the scope of the request that are not privileged or immune.

37. If any document or communication is being withheld on the basis of privilege and/or immunity, please produce a log of all responsive materials that are being withheld on the basis of privilege (or immunity, as the case may be). Provide the information requested in item 37 above, and also identify the document or communication, list the sender and all recipients, state the privilege or immunity being asserted for each item, and identify the basis for asserting such privilege or immunity.

38. File folders with labels, tables, or directories of files identifying documents must also be produced with such documents.

39. Documents attached to each other shall not be separated.

40. The following requests shall be deemed continuing in nature and you shall supplement your responses thereto if and when additional or other information becomes known to you.

41. To the extent any of the requests/interrogatories below would be answered differently by any one of the Defendants, each Defendant should separately answer the request/interrogatory. If the response to a request/interrogatory would be the same for all the Defendants, only one response need be provided.

42. Counsel is willing to meet and confer as to any of these requests/interrogatories to avoid any unnecessary motion practice.

Please produce the following records to the law firm of CLEVELAND TERRAZAS, PLLC by August 1, 2020.

1. All client files—including hard copies, electronic copies, and associated metadata of any and all client-related and file-related documents, communications, and other information—for Black Duck Properties, LLC ("Black Duck") and SCMED Oilfield Consulting, LLC ("SCMED") for the time in which Mr. Moore was an owner or manager of those entities. For Black Duck, that time period runs from December 1, 2015 to February 7, 2018. For SCMED, that time period runs from January 16, 2016 to February 7, 2018.

2. Any and all documents and communications showing that KrisJenn Ranch, LLC ("KrisJenn") foreclosed prior to November 21, 2019 on any promissory note between Bigfoot Energy Services, LLC ("Bigfoot") and Black Duck.

3. Any and all documents and communications showing that KrisJenn complied with Chapter 51 of the Texas Property Code when foreclosing on any promissory note between Bigfoot and Black Duck.

4. Any and all documents and communications showing that KrisJenn or any agent acting on behalf of KrisJenn filed any UCC-1 financing statement to establish a valid lien.

5. All documents and communications related to any alleged loans extended from KrisJenn to Black Duck.

6. All communications with Frank Daniel Moore or SCMED concerning any alleged loans extended from KrisJenn to Black Duck.

7. All documents and communications related to any deed of trust concerning the Right-of-Way.

8. All documents and communications related to Frank Daniel Moore and/or DMA Properties's resignation or withdrawal from Black Duck.

9. All documents and communications concerning any potential, contemplated, or realized sale of the Right-of-Way to TCRG, Bobby Patton, and/or John Terrill.