IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** § | Chapter 11 |
| **KRISJENN RANCH, LLC** § | |
| *Debtor* § | Case No. 20-50805 |
| § | |

_____

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** § | |
| **KRISJENN RANCH, LLC-SERIES** § | |
| **UVALDE RANCH, and KRISJENN** § | |
| **RANCH, LLC-SERIES PIPELINE** § | |
| **ROW as successors in interest to** § | |
| **BLACKDUCK PROPERTIES, LLC,** § | |
| *Plaintiffs* § | |
| § | |
| **v.** § | |
| § | |
| **DMA PROPERTIES, INC., and** § | |
| **LONGBRANCH ENERGY, LP,** § | Adversary No. 20-05027 |
| *Defendants* § | |

_____

| | | |
|---|---|---|
| **DMA PROPERTIES, INC** § | |
| *Cross-Plaintiff/Third Party Plaintiff* § | |
| **v.** § | |
| § | |
| **KRISJENN RANCH, LLC,** § | |
| **KRISJENN RANCH, LLC-SERIES** § | |
| **UVALDE RANCH, and KRISJENN** § | |
| **RANCH, LLC-SERIES PIPELINE ROW,** § | Adversary No. 20-05027 |
| **BLACK DUCK PROPERTIES, LLC,** § | |
| **LARRY WRIGHT, and JOHN TERRILL** § | |
| *Cross-Defendants/Third-Party* § | |
| *Defendants* § | |

**KRISJENN RANCH, LLC, KRISJENN RANCH, LLC-SERIES UVALDE RANCH,
AND KRISJENN RANCH, LLC-SERIES PIPELINE ROW, AS SUCCESSORS IN
INTEREST TO BLACK DUCK PROPERTIES' FIRST AMENDED OBJECTIONS AND
MOTION TO QUASH THIRD PARTY SUBPOENA**

TO THE HONORABLE CHIEF BANKRUPCY JUDGE RONALD B. KING:

COME NOW Debtors, Claimants, and Third-Party Defendants KrisJenn Ranch, LLC ("KrisJenn"), KrisJenn Ranch, LLC-Series Uvalde Ranch, KrisJenn Ranch, LLC-Series Pipeline Row, and KrisJenn Ranch, LLC as successor-in-interest to Black Duck Properties, LLC (collectively the "Debtors") and request that this Court issue an order quashing the subpoena served on David Strolle by DMA Properties, Inc. ("DMA") and Daniel Moore ("Moore") issued on June 29, 2020 and served on June 30, 2020 and would respectfully show as follows:

## I.
## SUMMARY

1. Claimants claim to have a perpetual profits interest in a pipeline and right-of-way that is owned by Debtor KrisJenn Ranch (the "Pipeline"). KrisJenn Ranch does not dispute that Claimants are entitled to share in profits for so long as the Pipeline is owned by KrisJenn Ranch. However, Debtors dispute any perpetual interest because, among other things, such an interest would be a violate the rule against perpetuities. Nevertheless, Claimants intervene in any prospective sale of the Pipeline and continue to claim an illegal perpetual interest. As a result, no prospective buyer will purchase the Pipeline.

2. Debtors have now filed a single-count adversary proceeding asking for a judicial declaration that Claimants are not entitled to take a perpetual interest in the Pipeline. In response, Claimants have filed an eleven-count Counterclaim asserting every form of fraud and tortious conduct imaginable. Shortly thereafter, Claimants DMA and Moore sent a subpoena *duces tecum* to Debtor KrisJenn Ranch's transactional attorney—Mr. David Strolle. The issuance of a subpoena to legal counsel is highly unusual and fraught with issues. Not only does this subpoena impinge upon KrisJenn Ranch's sacrosanct attorney-client privilege, it will also cause KrisJenn Ranch to incur unnecessary and exorbitant legal fees in performing an extensive privilege review.

## II.
## GROUNDS FOR RELIEF

3. The subpoena calls for testimony and the production of documents that is precluded by law so that the subpoena "requires disclosure of privileged or other protected matter" within the meaning of Rule 45(d)(3)(A)(iii) of the Federal Rules of Civil Procedure.

4. Specifically, the subpoena in dispute was served on David Strolle ("Strolle"), who was employed as the Debtors'—as well as the Debtors' principal, Larry Wright's—former attorney. A true and correct copy of the subpoena is attached to this Motion as **Exhibit A**.

5. The subpoena requires Strolle to produce documents, including "all client files," "communications," and other confidential papers, which constitute either information subject to the attorney-client privilege or that is work product, associated with the representation of the Debtors.

6. "Courts may further limit discovery under Rule 45(c)(3)(A), which provides, in relevant part, that a court *must* quash or modify a subpoena that either requires the disclosure of privileged information and/or subjects a person to undue burden." *Nat'l Western Life Ins. Co. v. Western Nat'l Life Ins. Co.*, No. A-09-CA-711-LY, 2010 WL 5174366, at *2 (W.D. Tex. Dec. 13, 2010). Here, the subpoena serves no useful function. The subpoena does not provide a mechanism for seeking essential information and functions as nothing more than a fishing expedition in privileged waters. *See Id*.

## III.
## OBJECTIONS

7. OBJECTION TO DATE AND TIME OF COMPLIANCE: DMA and Moore's subpoena calls for the production of documents on or before August 1, 2020 at 5:00 pm. All responsive documents would be potentially subject to the attorney-client and work product privilege. Given

the volume of documents requested, thirty days is simply an insufficient amount of time to conduct a privilege review. Moreover, the requested time for compliance would deprive the Debtors of the opportunity to have this motion heard before incurring unnecessary legal fees in preparing responsive information. A reasonable date for compliance would be 30 days after the Court's ruling on this motion.

8. REQUEST 2: Debtors object to Request 2 on the basis that it is overbroad, unduly burdensome, and harassing as it seeks "any and all documents and communications showing that KrisJenn Ranch, LLC foreclosed prior to November 21, 2019 on any promissory note between Bigfoot Energy Services, LLC and Black Duck." First, the primary documents relating to KrisJenn Ranch's foreclosure are part of the public record. Second, DMA and Moore's request that KrisJenn's attorney produce its entire privileged legal file would cause an expensive and unnecessary privilege review to be conducted by both Strolle and KrisJenn Ranch's counsel of record. In sum, this request is unlikely to elicit any meaningful information but will cause Krisjenn Ranch to unnecessarily incur a large amount of attorney's fees.

9. REQUEST 3: Request 3 seeks "any and all documents and communications showing that KrisJenn complied with Chapter 51 of the Texas Property Code [.]" Debtors object to this request on the grounds it lacks specificity and calls for a legal conclusion. The production of such information would necessarily reveal legal advice that Strolle provided to KrisJenn Ranch.

10. REQUEST 4: Debtors object to Request 4 on the basis that it is overbroad, unduly burdensome, and harassing as it seeks "any and all documents and communications showing that KrisJenn or any agent action on behalf of KrisJenn filed any UCC-1 statement to establish a valid lien." If a UCC-1 were required, a copy of that filed statement would be part of the public record.

All other requested documents are extraneous, duplicative, and/or subject to attorney-client privilege.

11. REQUEST 5: Request 5 seeks "all documents and communications related to any alleged loans extended from KrisJenn to Black Duck." Debtors object to DMA and Moore's request for information relating to KrisJenn Ranch on the grounds it is overbroad, unduly burdensome, and harassing. As stated above, all information relating to KrisJenn Ranch is privileged and will be unduly burdensome to produce. Further, as with Request 1, DMA and Moore should have limited their request relating to Black Duck to the period of time for which Mr. Moore was an owner or manager. Debtor, however, does not object to Strolle's production of documents relating to Black Duck for the period of time for which Mr. Moore was an owner.

12. REQUEST 7: Debtors object to Request 7 on the basis that it is overbroad, unduly burdensome, and harassing as it seeks "all documents and communications related to any deed of trust concerning the Right-of-Way." Such information is contained in the public record. All further information possessed by Strolle would be extraneous, duplicative, or subject to attorney-client privilege. As such, this request will not elicit the production of relevant documents but will cause KrisJenn Ranch to unnecessarily incur attorney's fees.

13. REQUEST 9: Debtors object to Request 9 on the basis that it is overbroad, unduly burdensome, and harassing as it seeks "all documents and communications concerning any potential, contemplated, or realized sale of the Right-of-Way to TCRG, Bobby Patton, and/or John Terrill." With the exception of direct communications with the stated parties, all responsive documents and communications are subject to attorney-client privilege. As such, this request will not elicit the production of relevant documents but will cause KrisJenn Ranch to unnecessarily

incur attorney's fees. Debtors, however, do not object to the production of Strolle's direct communications with TCRG, Bobby Patton, and/or John Terrill.

WHEREFORE PREMISES CONSIDERED Debtors, Claimants, and Third-Party Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, KrisJenn Ranch, LLC-Series Pipeline Row, and KrisJenn Ranch, LLC as successor-in-interest to Black Duck Properties, LLC pray that this Court issue an order quashing DMA and Moore's subpoena, sustain Debtors' objections, and for such further relief as the Court may deemed them justly entitled.

Dated: July 15, 2020

Respectfully submitted,

**MULLER SMEBERG, PLLC**

By: /s/ *John Muller*
C. John Muller IV
State Bar No. 24070306
john@muller-smeberg.com
Ronald J. Smeberg
State Bar No. 24033967
ron@smeberg.com
Ezekiel J. Perez
State Bar No. 24096782
zeke@muller-smeberg.com
MULLER SMEBERG, PLLC
111 W. Sunset Rd.
San Antonio, TX 78209
Telephone: 210-664-5000
Facsimile: 210-598-7357

ATTORNEY FOR DEBTORS

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 15th day of July 2020:

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP
and DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746

512-689-8698
tcleveland@clevelandterrazas.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

David P. Strolle, Jr.
Granstaff, Gaedke & Edgmon, P.C.
5535 Fredericksburg Road, Suite 110
San Antonio, Texas 78229
T- (210) 348-6600 ext. 203
F- (210) 366-0892
dstrolle@caglaw.net

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
shane.p.tobin@usdoj.gov
United States Trustee

                                        /s/ *John Muller*
                                        C. John Muller IV