# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § § | Chapter 11 |
| KrisJenn Ranch, LLC, | § § | |
| *Debtor* | § § § | Case No. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC, | § § § § § § | |
| | § | Adversary No. 20-05027 |
| *Plaintiffs*, | § § | |
| v. | § § | |
| DMA Properties, Inc. and Longbranch Energy, LP, | § § § | |
| *Defendants*. | § § | |

| | | |
|---|---|---|
| DMA Properties, Inc. and Frank Daniel Moore, | § § § | |
| *Cross-Plaintiffs/Third-Party Plaintiffs*, | § § § | |
| v. | § § | Adversary No. 20-05027 |
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, Black Duck Properties, LLC, Larry Wright, and John Terrill, | § § § § § § | |
| *Cross-Defendants/Third-Party Defendants*. | § | |

1

## RESPONSE IN OPPOSITION TO MOTION TO QUASH

Moore and DMA Properties, Inc. (collectively, DMA) oppose KrisJenn's motion to quash. KrisJenn seeks to quash an entire subpoena issued to a third-party attorney—David Strolle—who performed transactional work for Black Duck Properties, LLC while Daniel Moore was a 50% owner of that entity. Strolle has also apparently performed legal work for the KrisJenn entities. KrisJenn asserts some of the documents in Strolle's possession may be privileged.

In short, some of the documents sought by the subpoena might privileged; others are not. But KrisJenn's obligation to conduct a privilege review and produce a privilege log is no reason to quash the entire subpoena. And besides, KrisJenn has not even objected to several of the subpoena requests. For others, KrisJenn has agreed that at least some relevant documents should be produced.

In such circumstances, courts favor modification of subpoenas, not outright quashing. *See Dynamic 3D Geosolutions, LLC, v. Schlumberger Ltd.*, 2014 WL 12489689, at *2 (W.D. Tex. 2014). But here, KrisJenn has not even shown that modification is appropriate, because KrisJenn has not carried its burden of demonstrating that privilege applies in the first place. Further, many of the supposedly "privileged" documents are not entitled to protection from disclosure because they concern legal advice solicited in service of commission of a fraud. *United States v. Zolin*, 491 U.S. 554, 563 (1989).

Because KrisJenn (1) has not established any basis for quashing the entire subpoena; and (2) has failed to carry its burden of establishing that any privilege applies, the Court should deny KrisJenn's motion to quash.

## BACKGROUND

On June 30, DMA served David Strolle with a subpoena requesting records related to the parties' claims and defenses in their adversary proceeding. The subpoena is one page long and contains just 9 requests for production.

Of the 9 requests, KrisJenn has not objected to 3 of them. Those unobjected-to requests seek:

- "All client files . . . for [Black Duck] and [SCMED] for the time in which Mr. Moore was an owner or manager of those entities." (RFP 1);

- "All communications with Frank Daniel Moore or SCMED concerning any alleged loans extended from KrisJenn to Black Duck." (RFP 6); and

- "All documents and communications related to Frank Daniel Moore and/or DMA Properties's resignation or withdrawal from Black Duck." (RFP 8).

The other six requests seek:

- documents and communications showing that KrisJenn foreclosed prior to November 21, 2019 on any promissory note between Bigfoot Energy Services and Black Duck (RFP 2);

- documents and communications showing that KrisJenn complied with Texas Property Code Chapter 51 when it foreclosed on any promissory note between Bigfoot and Black Duck (RFP 3);

- documents and communications showing that KrisJenn filed a UCC-1 financing statement to establish any valid liens (RFP 4);

- documents and communications related to alleged loans extended from KrisJenn to Black Duck (RFP 5);

- documents and communications related to any deed of trust concerning the right-of-way (RFP 7); and

- documents and communications concerning a potential sale of the right of way to TCRG, Bobby Patton, and/or John Terrill (RFP 9).

For Requests 5 and 9, KrisJenn agrees that at least some documents should be produced. With respect to the other requests, KrisJenn argues they are "overbroad, unduly burdensome, and harassing" and seek documents protected by privilege.

These objections do not justify quashing the entire subpoena. The Court should deny KrisJenn's motion to quash.

3

## ARGUMENT

I. **The documents sought by the subpoena are relevant to the parties' claims and defenses.**

To start, the requested documents are relevant to DMA's claims. Requests 2, 3, 4, and 5, for example, relate to DMA's claims that KrisJenn fraudulently stole DMA's 50% interest in note payments owed by Bigfoot Energy to Black Duck. *See* Countercls. [#6] ¶¶20–21, 54–55. KrisJenn and Strolle sent a letter to Bigfoot claiming that KrisJenn had "foreclosed" on the Bigfoot promissory note in October 2018 because Black Duck supposedly owed $4.1 million to KrisJenn. *Id.* ¶¶78–80. But neither KrisJenn nor Strolle ever disclosed that "loan" to Moore or DMA, even though Moore was a 50% owner and manager of Black Duck when the loan was supposedly extended. Nor did Moore ever authorize the loan.

To date, KrisJenn has not provided any evidence that a legitimate foreclosure occurred, or even that the Bigfoot promissory note was listed as collateral for the unauthorized $4.1 million loan. *Id.* DMA needs documents related to these transactions because existing evidence suggests the loan was either nonexistent or fraudulently concealed from Moore and DMA.

In addition to the Bigfoot note payments, KrisJenn also claims that it foreclosed on the right-of-way that is at the center of this dispute. *Id.* ¶83. Requests 5, 7, and 9 seek documents related to that alleged foreclosure because DMA believes the foreclosure was illegitimate. Not only was the initial loan unauthorized by DMA or Moore, but KrisJenn claimed in July 2019—prior to the supposed foreclosure—that the loan had been paid off and that the lien had been released. *Id.* ¶83. DMA needs documents related to the deed-of-trust for the right-of-way, as well as documents related to its purported sale to TCRG, in order to understand the extent of KrisJenn's fraudulent and unauthorized actions aimed at stealing DMA's interest in the right-of-way.

II. **KrisJenn has not shown that the entire subpoena should be quashed.**

KrisJenn has not put forward any basis for quashing the entire subpoena. To the contrary, KrisJenn has agreed to produce documents in response to 5 of the 9 requests for production. And for 3 of those requests, KrisJenn has not put forward any objections at all. In these circumstances,

it would be inappropriate to quash the entire subpoena. *See Dynamic 3D Geosolutions, LLC, v. Schlumberger Ltd.*, 2014 WL 12489689, at *2 (W.D. Tex. 2014) ("Modification of a subpoena is preferable to quashing the subpoena.").

Notwithstanding the above, KrisJenn launches a global objection to the "date and time of compliance," on the ground that 30 days is an insufficient amount of time to conduct a privilege review. DMA disagrees: Thirty days is the default time period for discovery requests in federal court, and parties are routinely required to conduct privilege reviews in that time span. *See, e.g., Cisneros v. Dollar Tree Stores, Inc.*, 2016 WL 11584849, at *3 (W.D. Tex. 2016) (denying motion to quash and requiring party to serve privilege log within 19 days). But even if the Court determines KrisJenn is entitled to more time to respond, that is a basis for modifying the subpoena, not quashing it.

### III. KrisJenn has not carried its burden of establishing the documents are privileged.

KrisJenn primarily argues the subpoena should be quashed because many of the documents sought by the subpoena are protected by privilege.[1] As the party asserting the privilege, KrisJenn bears the burden of establishing that the privilege applies as to each document or communication withheld. *See EEOC v. BDO USA, LLP*, 876 F.3d 690, 695 (5th Cir. 2017); *see also* FED. R. CIV. P. 26(b)(5)(A)(ii).[2] Privilege objections "objections can only be sustained if they are both properly asserted and the facts supporting the privileges are established by the evidence, not merely

---

[1] Although the subpoena was issued to Strolle, KrisJenn has standing to object to the extent that KrisJenn has "a personal right or privilege regarding the subject-matter of the subpoena." *McLaughlin v. American Fidelity Assurance Co.*, 2010 WL 4177233, at *2 (E.D. La. 2010).

[2] *See also Crum & Forster Specialty Ins. Co. v. Great W. Casualty Co.*, 2016 WL 10459397, at *8 (W.D. Tex. 2016) ("[T]he party asserting privilege must establish the following: (1) the materials must be documents or tangible things; (2) the party's primary motivating purpose behind creating the document must have been anticipation of litigation and to aid in possible future litigation; (3) the materials must have been prepared by or for a party's representative; and (4) if the party asserts that material is opinion work-product, that party must show that the material contains mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party.").

5

declared by lawyer argument. *Estate of Manship v. United States*, 232 F.R.D. 552, 561 (M.D. La. 2005). Put a different way, "the mere assertion of a lawyer that responsive materials on information are attorney-client privileged or protected by the work product doctrine is not evidence establishing that the information is privileged." *Id*.

Here, KrisJenn has not come close to justifying its privilege objections. KrisJenn has not even produced a privilege log, which makes it impossible to assess whether the documents and communications withheld are actually privileged or not. *See, e.g.*, *Cisneros v. Dollar Tree Stores, Inc.*, 2016 WL 11584849, at *3 ("The failure to supply a privilege log is a significant omission[] . . . [because Rule 26 requires] that sufficient information must be disclosed to allow the other parties to evaluate the applicability of the privilege or protection."). Further, KrisJenn's bare assertion that the documents "would be *potentially* subject to the attorney-client and work product privilege" is insufficient to sustain KrisJenn's privilege objections. Mot. Quash [#23] at 3 (emphasis added). This is true even when a subpoena requests legal files from an attorney. *See Manship*, 232 F.R.D. at 561 (reiterating that there is "[n]o exception . . . for relevant and responsive documents contained in an attorney's legal files").

**IV. The "privileged" documents are not actually privileged because they fall within the crime-fraud exception.**

Setting aside KrisJenn's failure to carry its burden to establish privilege, KrisJenn's privilege objections fail anyway because the crime-fraud exception applies. "The attorney-client privilege . . . ceas[es] to operate at a certain point, . . . where the desired advice refers *not to prior wrongdoing*, but to *future wrongdoing*." *United States v. Zolin*, 491 U.S. 554, 563 (1989) (citation and quotation marks omitted) (emphasis in original); *see also Archer v. Sterquell*, 2006 WL 8436750, at *1 (N.D. Tex. 2006) ("The privilege can be overcome where communication or work product is intended to further continuing or future criminal or fraudulent activity."). To invoke the fraud exception, DMA must:

> make a prima facie showing that the underlying transaction to which the communication relates is fraudulent. . . . The [Fifth] Circuit has stated that a party

6

> must present evidence of an intent to deceive to establish a prima facie case of fraud or perjury. . . . This intention can be found by the existence of certain indicia or badges of fraud.

*Diamant v. Sheldon L. Pollack Corp.*, 216 B.R. 589, 591 (S.D. Tex. 1995).

Here, DMA has put forward evidence of multiple prima facie badges of fraud. For starters, the loan supposedly extended by KrisJenn to Black Duck was not authorized by or disclosed to Black Duck's 50% owner, Daniel Moore. Moore Decl. [#28-1] ¶¶37–38. What's more, the alleged "foreclosure" on that unauthorized loan (1) occurred with litigation looming on the horizon, *id.* at ¶¶79–81; (2) had the effect of transferring assets between two closely related entities (Black Duck and KrisJenn were both controlled by Wright); and (3) is directly contradicted by other filings in which Wright claimed the loan had been paid off and the lien on the right-of-way released. *See id.* [#6-1] Ex. 13 (Release of Lien). These badges of fraud indicate that KrisJenn and Strolle sought to use the alleged foreclosure on the Bigfoot note payments and the right-of-way to defraud DMA and Moore. Such evidence establishes a prima facie case that Wright and KrisJenn acted "with intent to deceive." *Diamant*, 216 B.R. at 591.[3] As a result, KrisJenn cannot withhold any documents or communications related to that attempted fraud as privileged.

## CONCLUSION

DMA respectfully requests that the Court deny the motion to quash because (1) KrisJenn has had plenty of time to conduct a privilege review; (2) KrisJenn has not established any privilege as to any of the requested documents; and (3) KrisJenn's asserted privilege fails because the requested documents and communications are subject to the fraud exception. Alternatively, DMA asks that the Court modify the subpoena instead of quashing it, and require Strolle to promptly respond, especially to those requests that KrisJenn has not objected to.

---

[3] *See also id.* (setting forth nonexclusive list of badges of fraud, including "lack of consideration for the transfer; close family relationship between the transferor and the transferee; pending or threatened litigation against the transferor; and solvency or substantial indebtedness of the transferor").

7

Respectfully submitted,

/s/ Christopher S. Johns
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

/s/ Timothy Cleveland
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
akrist@clevelandterrazas.com

/s/ Natalie F. Wilson
Natalie F. Wilson
State Bar No. 24076779
LANGLEY & BANACK
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

Andrew R. Seger
State Bar No. 24046815
KEY TERRELL & SEGER
4825 50th Street, Suite A
Lubbock, Texas 79414
806-793-1906
806-792-2135 fax
aseger@thesegerfirm.com

*Attorneys for Frank Daniel Moore
and DMA Properties, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2020, a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Ronald J. Smeberg<br>Charles John Muller, IV<br>MULLER SMEBERG, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john@muller-smeberg.com<br><br>*Counsel for Plaintiffs Krisjenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, Krisjenn Ranch, LLC, Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br>jduke@dbmmlaw.com<br><br>*Counsel for Defendant Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Third-Party Defendant Black Duck Properties, LLC* | Shane P. Tobin<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>shane.p.tobin@usdoj.gov<br><br>*United States Trustee* |
| Larry Wright<br>410 Spyglass Road<br>McQueeney, TX 78123<br><br>*Third-Party Defendant, pro se* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party-Defendant, pro se* |

   /s/ Christopher S. Johns
Christopher S. Johns