## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re:<br>**KRISJENN RANCH, LLC**<br>　　*Debtor* | §<br>§<br>§<br>§ | **Chapter 11**<br><br>**Case No. 20-50805** |

---

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and**<br>**KRISJENN RANCH, LLC-SERIES**<br>**UVALDE RANCH, and KRISJENN**<br>**RANCH, LLC-SERIES PIPELINE**<br>**ROW as successors in interest to**<br>**BLACKDUCK PROPERTIES, LLC,** | §<br>§<br>§<br>§<br>§<br>§ | |
| 　　*Plaintiffs*<br>v.<br>**DMA PROPERTIES, INC., and**<br>**LONGBRANCH ENERGY, LP,**<br>　　*Defendants* | §<br>§<br>§<br>§<br>§ | **Adversary No. 20-05027** |

---

| | | |
|---|---|---|
| **DMA PROPERTIES, INC**<br>　　*Cross-Plaintiff/Third Party Plaintiff*<br>v.<br>**KRISJENN RANCH, LLC,**<br>**KRISJENN RANCH, LLC-SERIES**<br>**UVALDE RANCH, and KRISJENN**<br>**RANCH, LLC-SERIES PIPELINE ROW,**<br>**BLACK DUCK PROPERTIES, LLC,**<br>**LARRY WRIGHT, and JOHN TERRILL**<br>　　*Cross-Defendants/Third-Party*<br>　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 20-05027** |

## THIRD-PARTY DEFENDANT LARRY WRIGHT'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD-PARTY PLAINTIFF DMA PROPERTIES, INC.'S THIRD-PARTY CLAIMS

TO THE HONORABLE CHIEF BANKRUPCY JUDGE RONALD B. KING:

1

COMES NOW Third-Party Defendant LARRY WRIGHT, hereby answering the Third-Party Complaints by Third-Party Plaintiff DMA Properties, Inc., and respectfully shows the Court as follows:

## PARTIES

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted.

5. Paragraph 5 is denied.

6. Paragraph 6 is admitted.

7. Paragraph 7 is admitted.

## JURISDICTION AND VENUE

8. Paragraph 8 is admitted.

9. Paragraph 9 is admitted.

10. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 10.  Third-Party Defendant is not certain at this time whether adjudication of the claims herein are necessary to the effective reorganization of the Debtors.

11. Paragraph 11 is admitted.

## SUMMARY OF DISPUTE

12. Paragraph 12 is denied.

## FACTUAL BACKGROUND

13. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 13.

14. Third-Party Defendant admits that Moore and he met during a previous investment deal but otherwise denies the allegations made in Paragraph 14.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. Paragraph 17 is admitted.

18. Third-Party Defendant admits that Wright and Moore formed Black Duck Properties, LLC but otherwise denies the allegations made in Paragraph 18.

19. Third-Party Defendant admits that the ownership structure of Black Duck is stated correctly but otherwise denies the allegations made in Paragraph 19.

20. Third-Party Defendant denies that Moore found a buyer but otherwise admits the allegations made in Paragraph 20.

21. Paragraph 21 is admitted.

22. Third-Party Defendant denies that Moore took steps to purchase the right of way but otherwise admits the allegations made in Paragraph 22.

23. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 23.

24. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 24.

25. Paragraph 25 is admitted.

26. Paragraph 26 is admitted as to the accuracy of the text of the unexecuted Exhibit, but denied as to DMA's interpretation of the agreement.

27. Paragraph 27 is admitted.

28. Paragraph 28 is denied.

29. Third-Party Defendant admits that he reimbursed the $25,000, but otherwise denies the allegations in Paragraph 29.

30. Paragraph 30 is admitted as to the accuracy of the text, denied as to DMA's interpretation of the agreement.

31. Paragraph 31 is admitted.

32. Paragraph 32 is denied.

33. Third-Party Defendant admits Black Duck paid for extensions but otherwise denies the allegations made in Paragraph 33.

34. Paragraph 34 denied.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

38. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 38.

39. Paragraph 39 is admitted.

40. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 40.

41. Third-Party Defendant admits to the alleged closing date but otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 41.

42. Larry Wright denies that the alleged representations were made by him in Paragraph 42 and he has lack of sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 42.

43. Paragraph 43 is denied.

44. Paragraph 44 is denied.

45. Third-Party Defendant admits that a deed of trust was executed on January 18, 2018, and that documents were prepared by David Strolle, but all other allegations made in Paragraph 45 are denied.

46. Third-Party Defendant admits that Black Duck sought a buyer for the right-of-way, but denies all other allegations made in Paragraph 46.

47. Third-Party Defendant admits that Moore resigned from Black Duck, but otherwise denies the allegations made in Paragraph 47.

48. Third-Party Defendant admits there was a written email with terms of resignation but otherwise denies the allegations made in Paragraph 48.

49. Paragraph 49 is admitted.

50. Paragraph 50 is admitted.

51. Third-Party Defendant admits that the alleged documents were signed but otherwise denies the allegations made in Paragraph 51.

52. Paragraph 52 is admitted as to the accuracy of the text, denied as to DMA's interpretation of the agreement.

53. Paragraph 53 is admitted.

54. Paragraph 54 is admitted as to the text, denied as to enforceability.

55. Paragraph 55 is admitted.

56. Paragraph 56 is denied.

57. Third-Party Defendant admits a letter of intent was proposed by John Terrill and signed by Larry Wright in his corporate capacity but otherwise denies the allegations made in Paragraph 57.

58. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 58.

59. Paragraph 59 is admitted.

60. Paragraph 60 is admitted.

61. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 61.

62. Third-Party Defendant admits that there was a meeting between the stated persons but otherwise denies the allegations made in Paragraph 62.

63. Third-Party Defendant admits that the parties drove to the right of way but lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 63.

64. Paragraph 64 admitted.

65. Third-Party Defendant admits that Borders called Moore but otherwise denies the allegations made in Paragraph 65.

66. Paragraph 66 admitted.

67. Paragraph 67 is denied.

68. Third-Party Defendant denies there was radio silence but lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 68.

69. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 69.

70. Paragraph 70 is admitted.

71. Paragraph 71 is admitted.

72. Third Party-Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 72.

73. Paragraph 73 is admitted.

74. Third Party-Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 74.

75. Paragraph 75 is denied.

76. Paragraph 76 is denied.

77. Paragraph 77 is denied.

78. Third Party-Defendant admits to the actions were taken by David Strolle, but otherwise denies the allegations made in Paragraph 78.

79. Paragraph 79 is admitted.

80. Paragraph 80 is denied.

81. Third Party-Defendant denies the existence of a "peaceful resolution" but otherwise admits the allegations made in Paragraph 81.

82. Third Party-Defendant admit that KrisJenn Ranch, LLC Series Pipeline ROW paid $2.5 million, but otherwise denies the allegations made in Paragraph 82.

83. Third Party-Defendant admits that the foreclosure occurred but otherwise denies the allegations made in Paragraph 83.

84. Third Party-Defendant denies there has been a request for records other than through litigation but otherwise admits the allegations made in Paragraph 84.

85. Paragraph 85 is denied.

86. The allegations made in paragraph 86 are admitted to the extent suits were filed but otherwise denied.

87. Third Party-Defendant admits that the Court held the venue was not proper but otherwise denies the allegations in Paragraph 87.

88. Third Party-Defendant admits that the summary judgment was denied but otherwise denies the allegations made in Paragraph 88.

89. Paragraph 89 is admitted.

90. It is admitted that Wright, as principal of the Debtor entities, filed for bankruptcy protection and that he provided discovery responses prior to the bankruptcy filing and that Wright, on behalf of KrisJenn, voluntarily provided responsive documents after the bankruptcy filing. The allegations made in Paragraph 90 are otherwise denied.

91. Paragraph 91 is denied.

## CLAIMS RELATED TO THE PIPELINE RIGHT OF WAY

## <u>CLAIM 1: BREACH OF CONTRACT</u>

92. In response to Paragraph 92, Third Party-Defendant reasserts all of his responses to Paragraphs 12 thru 91 of Third-Party Plaintiff's Complaint and Counterclaim and incorporates the same by reference.

93. Paragraph 93 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

94. Third Party-Defendant admits the requests correctly quotes the language used in the agreement but otherwise denies the allegations made in Paragraph 94.

95. Paragraph 95 is admitted.

96. Paragraph 96 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

97. Paragraph 97 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

98. Third Party-Defendant admits that KrisJenn Ranch, LLC is successor-in-interest to Black Duck but otherwise denies the allegations made in Paragraph 98.

99. Paragraph 99 is denied.

100.     Paragraph 100 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

101.     Paragraph 101 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 2: MONEY HAD AND RECEIVED

102.     In response to Paragraph 102, Third Party-Defendant reasserts all of his responses to Paragraphs 12 thru 101 of Third-Party Plaintiff's Complaint and Counterclaim and incorporates the same by reference.

103.     Paragraph 103 is denied.

104.     Paragraph 104 is denied.

105.     Paragraph 105 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 3: BREACH OF FIDUCIARY DUTY

106.     In response to Paragraph 106, Third Party-Defendant reasserts all of his responses to Paragraphs 12 thru 105 of Third-Party Plaintiff's Complaint and Counterclaim and incorporates the same by reference.

107.     Paragraph 107 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

108.     Third Party-Defendant admits that the original sale to TCRG, the $2.5 million, was used to repay debt from the original pipeline purchase but otherwise denies the allegations made in Paragraph 108.

109.     Paragraph 109 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

110.     Paragraph 110 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 4: AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

111.     In response to Paragraph 111, Third Party-Defendant reasserts all of his responses to Paragraphs 12 thru 110 of Third-Party Plaintiff's Complaint and Counterclaim and incorporates the same by reference.

112.     Paragraph 112 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

113.     Paragraph 113 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

114.     Third Party-Defendant admits he has an ownership in the KrisJenn entities but otherwise denies the allegations made in Paragraph 114.

115.     Paragraph 115 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

116.     Paragraph 116 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

117.     Paragraph 117 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

118.     Paragraph 118 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

119.     Paragraph 119 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

120.     Paragraph 120 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 5: TORTIOUS INTERFERENCE WITH CONTRACT

121.     In response to Paragraph 121, Third Party-Defendant reasserts all of his responses to Paragraphs 12 thru 120 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

122.     Paragraph 122 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

123.      Paragraph 123 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

124.      Paragraph 124 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

125.      Paragraph 125 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 6: FRAUD

126.      In response to Paragraph 126, Third Party-Defendant reasserts all of his responses to Paragraphs 12 thru 125 of Third-Party Plaintiff's Complaint and Counterclaim and incorporates the same by reference.

127.      Paragraph 127 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

128.      Paragraph 128 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

129.      Paragraph 129 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

130.     Paragraph 130 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

131.     Paragraph 131 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

132.     Paragraph 132 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

133.     Paragraph 133 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

134.     Paragraph 134 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

135.     Paragraph 135 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 7: AIDING AND ABETTING FRAUD

136.     In response to Paragraph 136, Third Party-Defendant reasserts all of his responses to Paragraphs 12 thru 135 of Third-Party Plaintiff's Complaint and Counterclaim and incorporates the same by reference.

137.      Paragraph 137 is denied.

138.      Paragraph 138 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

139.      Third Party-Defendant admits he has an ownership interest in the KrisJenn entities but otherwise denies the allegations in Paragraph 139.

140.      Paragraph 140 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

141.      Paragraph 141 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

142.      Paragraph 142 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

143.      Paragraph 143 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

144.      Paragraph 144 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

145.     Paragraph 145 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

146.     Paragraph 146 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 8: CIVIL CONSPIRACY

147.     In response to Paragraph 147, Third Party-Defendant reasserts all of his responses to Paragraphs 12 thru 146 of Third-Party Plaintiff's Complaint and Counterclaim and incorporates the same by reference.

148.     Paragraph 148 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

149.     Paragraph 149 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 9: UNJUST ENRICHMENT

150.     In response to Paragraph 150, Third Party-Defendant reasserts all of his responses to Paragraphs 12 thru 149 of Third-Party Plaintiff's Complaint and Counterclaim and incorporates the same by reference.

151.     Paragraph 151 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

152.     Paragraph 152 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 10: DECLARATORY RELIEF

153.     In response to Paragraph 153, Third Party-Defendant reasserts all of his responses to Paragraphs 12 thru 152 of Third-Party Plaintiff's Complaint and Counterclaim and incorporates the same by reference.

154.     Paragraph 154 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

155.     Paragraph 155 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

156.     Paragraph 156 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

157.     Paragraph 157 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

**ATTORNEY'S FEES**

158.     Paragraph 109 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this Paragraph are denied.

**CLAIMS RELATED TO THE BIGFOOT NOTE PAYMENTS**

**CLAIM 1: BREACH OF CONTRACT**

159.     In response to Paragraph 159, Third Party-Defendant reasserts all of his responses to Paragraphs 12 thru 158 of Third-Party Plaintiff's Complaint and Counterclaim and incorporates the same by reference.

160.     Paragraph 160 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

161.     Third Party-Defendant admits that Paragraph 161 correctly states the parties' written agreement but otherwise denies the allegations made therein.

162.     Third Party-Defendant admits that Paragraph 162 correctly states the parties' written agreement but otherwise denies the allegations made therein.

163.     Paragraph 163 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

164.     Paragraph 164 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

165.     Third Party-Defendant admits that KrisJenn Ranch, LLC is the successor-in-interest to Black Duck but otherwise denies the allegations in Paragraph 165.

166.     Paragraph 166 is denied.

167.     Paragraph 167 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

168.     Paragraph 168 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 2: CONVERSION

169.     In response to Paragraph 169, Third Party-Defendant reasserts all of his responses to Paragraphs 12 thru 168 of Third-Party Plaintiff's Complaint and Counterclaim and incorporates the same by reference.

170.     Paragraph 170 is denied.

171.     Paragraph 171 is denied.

172.     Paragraph 172 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

173.     Paragraph 173 is denied.

174.     Third Party-Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 174.

175.     Paragraph 175 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

176.     Paragraph 176 states request for relief conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

177.     Paragraph 177 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

### CLAIM 3: MONEY HAD AND RECEIVED

178.     In response to Paragraph 178, Third Party-Defendant reasserts all of his responses to Paragraphs 12 thru 177 of Third-Party Plaintiff's Complaint and Counterclaim and incorporates  the same by reference.

179.     Paragraph 179 is denied.

180.     Paragraph 180 is denied.

181.     Paragraph 181 states a request for relief to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

182.     Paragraph 182 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 4: BREACH OF FIDUCIARY DUTY

183.     In response to Paragraph 183, Third Party-Defendant reasserts all of his responses to Paragraphs 12 thru 182 of Third-Party Plaintiff's Complaint and Counterclaim and incorporates the same by reference.

184.     Paragraph 184 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

185.     Third Party-Defendant admits that KrisJenn Ranch, LLC is a successor in interest to Black Duck but otherwise denies the allegations in Paragraph 185.

186.     Paragraph 186 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

187.     Paragraph 187 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

188.     Paragraph 188 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 5: UNJUST ENRICHMENT

189.     In response to Paragraph 189, Third Party-Defendant reasserts all of his responses to Paragraphs 12 thru 188 of Third-Party Plaintiff's Complaint and Counterclaim and incorporates the same by reference.

190.    Paragraph 190 is denied.

191.    Paragraph 191 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 6: DECLARATORY RELIEF

192.    In response to Paragraph 192, Third Party-Defendant reasserts all of his responses to Paragraphs 12 thru 191 of Third-Party Plaintiff's Complaint and Counterclaim and incorporates the same by reference.

193.    Paragraph 193 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

194.    Paragraph 194 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

195.    Paragraph 195 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

196.    Paragraph 196 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

**ATTORNEY'S FEES**

197.    Paragraph 197 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

The remainder of Third-Party Plaintiff's Counterclaims and Third-Party Claims consist of a prayer for relief, to which no response is required.  To the extent a response is deemed required, Third Party-Defendant denies DMA Properties, Inc is entitled to the requested relief or any relief whatsoever.

**AFFIRMATIVE DEFENSES**

1.  Third-Party Plaintiff's claims are barred by illegality.

2.  Third-Party Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.  Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of *laches*.

4.  Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

5.  Third Party-Defendant asserts the defense of comparative negligence and asserts that the damages alleged by Third-Party Plaintiff were legally and proximately caused in whole or in part by the negligence, fault, negligence per se, and/or other culpable conduct of other persons or parties who failed to exercise the same degree of care and caution as would have been exercised by persons using ordinary care in the same or similar circumstances.  Third Party-Defendant is therefore entitled to have the Court and Jury apply the doctrine of comparative negligence established by Chapter 33 of the Texas Civil Practice & Remedies

Code, to reduce any judgment against him by the degree of negligence or fault attributable to any other person or party.

6. Third-Party Defendant denies that he is liable in the capacity in which he is sued as all acts complained of by Third-Plaintiff were not performed in Larry Wright's individual capacity, rather in his respective capacity of the entities he has an ownership.

WHEREFORE, PREMISES CONSIDERED, Third Party-Defendant Larry Wright prays for a judgment dismissing the Complaints against him with prejudice and for all relief he is so justly entitled to at law or in equity.

Dated: August 14, 2020.

Respectfully submitted,

BAYNE, SNELL & KRAUSE
1250 N.E. Loop 410, Suite 725
San Antonio, Texas 78209
Telephone: (210) 824-3278
Facsimile: (210) 824-3937
Email: wgermany@bsklaw.com
By: _/s/ William P. Germany_____
    WILLIAM P. GERMANY
    State Bar No. 24069777
*Attorney for Third-Party Defendant Larry Wright*

## Certificate of Service

I hereby certify that on August 14, 2020 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Charles John Muller, IV<br>Email: john@muller-smeberg.com<br>Muller Smeberg, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br><br>Ronald J. Smeberg<br>Email: ron@smeberg.com<br>The Smeberg Law Firm, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br><br>**Counsel to Plaintiffs Krisjenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, Krisjenn Ranch, LLC, Series Pipeline Row** | Michael Black<br>Email: mblack@burnsandblack.com<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br><br>Jeffery Duke<br>Email: jduke@dbmmlaw.com<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br><br>**Counsel to Defendant Longbranch Energy, LP** |
| Ronald J. Smeberg<br>Email: ron@smeberg.com<br>The Smeberg Law Firm, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br><br>**Counsel to Third-Party Defendant Black Duck Properties, LLC** | Nancy F. Wilson<br>Email: nwilson@langleybanack.com<br>Langley & Bannack, Inc.<br>745 East Mulberry, Suite 700<br>San Antonio, Texas 78212<br><br>**Counsel to Defendants/Third-Party Plaintiffs DMA Properties, Inc. and Frank Daniel Moore** |
| John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>**Third Party Defendant, *pro se*** | Shane P. Tobin<br>Email: shane.p.tobin@usdoj.gov<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br><br>**United States Trustee** |

    /s/ *William P. Germany*
WILLIAM P. GERMANY