# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Chapter 11** |
| **KRISJENN RANCH, LLC** § | | |
| *Debtor* § | | **Case No. 20-50805** |
| § | | |

---

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE** § | | |
| **ROW as successors in interest to** § | | |
| **BLACKDUCK PROPERTIES, LLC,** § | | |
| *Plaintiffs* § | | |
| § | | |
| **v.** § | | |
| § | | |
| **DMA PROPERTIES, INC., and** § | | |
| **LONGBRANCH ENERGY, LP,** § | | **Adversary No. 20-05027** |
| *Defendants* § | | |

---

| | | |
|---|---|---|
| **DMA PROPERTIES, INC** § | | |
| *Cross-Plaintiff/Third Party Plaintiff* § | | |
| § | | |
| **v.** § | | |
| § | | |
| **KRISJENN RANCH, LLC,** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE ROW,** § | | **Adversary No. 20-05027** |
| **BLACK DUCK PROPERTIES, LLC,** § | | |
| **LARRY WRIGHT, and JOHN TERRILL** § | | |
| *Cross-Defendants/Third-Party* § | | |
| *Defendants* § | | |

**KRISJENN RANCH, LLC, KRISJENN RANCH, LLC-SERIES UVALDE RANCH, AND KRISJENN RANCH, LLC-SERIES PIPELINE ROW, AS SUCCESSORS IN INTEREST TO BLACK DUCK PROPERTIES, LLC'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THIRD PARTY PLAINTIFF <u>DMA PROPERTIES, INC.'S COMPLAINT</u>**

1

TO THE HONORABLE CHIEF BANKRUPCY JUDGE RONALD B. KING:

COME NOW Debtors, Claimants, and Third-Party Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, KrisJenn Ranch, LLC-Series Pipeline Row, and KrisJenn Ranch, LLC as successor in interest to Black Duck Properties, LLC (collectively the "Debtors"), hereby answer the Complaint of Defendant and Third-Party Plaintiff DMA Properties, Inc. and would respectfully show as follows:

## PARTIES

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted.

5. Paragraph 5 is denied.

6. Paragraph 6 is admitted.

7. Paragraph 7 is admitted.

## JURISDICTION AND VENUE

8. Paragraph 8 is admitted.

9. Paragraph 9 is admitted.

10. Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 10. Debtors are not certain at this time whether adjudication of the claims herein are necessary to the effective reorganization of the Debtors.

11. Paragraph 11 is admitted.

## SUMMARY OF DISPUTE

12. Paragraph 12 is denied.

## **FACTUAL BACKGROUND**

13.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 13.

14.     Debtors admit that Moore met Wright during a previous investment deal but otherwise deny the allegations made in Paragraph 14.

15.     Paragraph 15 is denied.

16.     Paragraph 16 is denied.

17.     Paragraph 17 is admitted.

18.     Debtors admit that Wright and Moore formed Black Duck Properties, LLC but otherwise deny the allegations made in Paragraph 18.

19.     Debtors admit that the ownership structure of Black Duck is stated correctly but otherwise deny the allegations made in Paragraph 19.

20.     Debtors deny that Moore found a buyer but otherwise admit the allegations made in Paragraph 20.

21.     Paragraph 21 is admitted.

22.     Debtors deny that Moore took steps to purchase the right of way but otherwise admit the allegations made in Paragraph 22.

23.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 23.

24.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 24.

25.     Paragraph 25 is admitted.

3

26.     Paragraph 26 is admitted as to the accuracy of the text of the unexecuted Exhibit, but denied as to DMA's interpretation of the agreement.

27.     Paragraph 27 is admitted.

28.     Paragraph 28 is denied.

29.     Debtors admit that Wright reimbursed the $25,000, but otherwise deny the allegations in Paragraph 29.

30.     Paragraph 30 is admitted as to the accuracy of the text, denied as to DMA's interpretation of the agreement.

31.     Paragraph 31 is admitted.

32.     Paragraph 32 is denied.

33.     Debtors admit Black Duck paid for extensions but otherwise deny the allegations made in Paragraph 33.

34.     Paragraph 34 denied.

35.     Paragraph 35 is denied.

36.     Paragraph 36 is denied.

37.     Paragraph 37 is denied.

38.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 38.

39.     Paragraph 39 is admitted.

40.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 40.

41.     Debtors admit to the alleged closing date but otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 41.

4

42.     The alleged representations made by Wright in Paragraph 42 are denied and Debtors lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 42.

43.     Paragraph 43 is denied.

44.     Paragraph 44 is denied.

45.     Debtors admit that a deed of trust was executed on January 18, 2018, and that documents were prepared by David Strolle, but all other allegations made in Paragraph 45 are denied.

46.     Debtors admit that Black Duck sought a buyer for the right-of-way, but deny all other allegations made in Paragraph 46.

47.     Debtors admit that Moore resigned from Black Duck, but otherwise deny the allegations made in Paragraph 47.

48.     Debtors admit there was a written email with terms of resignation but otherwise deny the allegations made in Paragraph 48.

49.     Paragraph 49 is admitted.

50.     Paragraph 50 is admitted.

51.     Debtors admit that the alleged documents were signed but otherwise deny the allegations made in Paragraph 51.

52.     Paragraph 52 is admitted as to the accuracy of the text, denied as to DMA's interpretation of the agreement.

53.     Paragraph 53 is admitted.

54.     Paragraph 54 is admitted as to the text, denied as to enforceability.

55.     Paragraph 55 is admitted.

5

56.        Paragraph 56 is denied.

57.        Debtors admit a letter of intent was proposed by John Terrill and signed by Larry Wright but otherwise deny the allegations made in Paragraph 57.

58.        Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 58.

59.        Paragraph 59 is admitted.

60.        Paragraph 60 is admitted.

61.        Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 61.

62.        Debtors admit that there was a meeting between the stated persons but otherwise deny the allegations made in Paragraph 62.

63.        Debtors admit that the parties drove to the right of way but lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 63.

64.        Paragraph 64 admitted.

65.        Debtors admit that Borders called Moore but otherwise deny the allegations made in Paragraph 65.

66.        Paragraph 66 admitted.

67.        Paragraph 67 is denied.

68.        Debtors deny there was radio silence but lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 68.

69.        Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 69.

6

70.     Paragraph 70 is admitted.

71.     Paragraph 71 is admitted.

72.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 72.

73.     Paragraph 73 is admitted.

74.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 74.

75.     Paragraph 75 is denied.

76.     Paragraph 76 is denied.

77.     Paragraph 77 is denied.

78.     Debtors admit to the actions were taken by David Strolle, but otherwise deny the allegations made in Paragraph 78.

79.     Paragraph 79 is admitted.

80.     Paragraph 80 is denied.

81.     Debtors deny the existence of a "peaceful resolution" but otherwise admit the allegations made in Paragraph 81.

82.     Debtors admit that KrisJenn Ranch, LLC Series Pipeline ROW paid $2.5 million, but otherwise deny the allegations made in Paragraph 82.

83.     Debtors admit that the foreclosure occurred but otherwise deny the allegations made in Paragraph 83.

84.     Debtors deny there has been a requests for records other than through litigation but otherwise admit the allegations made in Paragraph 84.

85.     Paragraph 85 is denied.

86.     The allegations made in paragraph 86 are admitted to the extent suits were filed but otherwise denied.

87.     Debtors admit that the Court held the venue was not proper but otherwise deny the allegations in Paragraph 87.

88.     Debtors admit that the summary judgment was denied but otherwise deny the allegations made in Paragraph 88.

89.     Paragraph 89 is admitted.

90.     It is admitted that Wright, as principal of the Debtor entities, filed for bankruptcy protection and that he provided discovery responses prior to the bankruptcy filing and that Wright, on behalf of KrisJenn, voluntarily provided responsive documents after the bankruptcy filing.  The allegations made in Paragraph 90 are otherwise denied.

91.     Paragraph 91 is denied.

## CLAIMS RELATED TO THE PIPELINE RIGHT OF WAY

### CLAIM 1: BREACH OF CONTRACT

92.     In response to Paragraph 92, Debtors reassert all of their responses to Paragraphs 12 to 91 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

93.     Paragraph 93 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

94.     Debtors admit the requests correctly quotes the language used in the agreement but otherwise deny the allegations made in Paragraph 94.

95.     Paragraph 95 is admitted.

8

96.     Paragraph 96 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

97.     Paragraph 97 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

98.     Debtors admit that KrisJenn Ranch, LLC is successor-in-interest to Black Duck but otherwise deny the allegations made in Paragraph 98.

99.     Paragraph 99 is denied.

100.    Paragraph 100 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

101.    Paragraph 101 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 2: MONEY HAD AND RECEIVED

102.    In response to Paragraph 102, Debtors reassert all of their responses to Paragraphs 12 to 101 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

103.    Paragraph 103 is denied.

104.    Paragraph 104 is denied.

105.    Paragraph 105 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 3: BREACH OF FIDUCIARY DUTY

106.     In response to Paragraph 106, Debtors reassert all of their responses to Paragraphs 12 to 105 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

107.     Paragraph 107 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

108.     Debtors admit that the original sale to TCRG, the $2.5 million, was used to repay debt from the original pipeline purchase but otherwise deny the allegations made in Paragraph 108.

109.     Paragraph 109 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

110.     Paragraph 110 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 4: AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

111.     In response to Paragraph 111, Debtors reassert all of their responses to Paragraphs 12 to 110 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

112.     Paragraph 112 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

113.     Paragraph 113 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

114.     Debtors admit that Larry Wright has an ownership in the KrisJenn entities but otherwise deny the allegations made in Paragraph 114.

115.     Paragraph 115 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

116.     Paragraph 116 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

117.     Paragraph 117 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

118.     Paragraph 118 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

119.     Paragraph 119 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

120.     Paragraph 120 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 5: TORTIOUS INTERFERENCE WITH CONTRACT

121.      In response to Paragraph 121, Debtors reassert all of their responses to Paragraphs 12 to 120 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

122.      Paragraph 122 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

123.      Paragraph 123 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

124.      Paragraph 124 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

125.      Paragraph 125 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 6: FRAUD

126.      In response to Paragraph 126, Debtors reassert all of their responses to Paragraphs 12 to 125 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

127.      Paragraph 127 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

128.      Paragraph 128 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

129.      Paragraph 129 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

130.      Paragraph 130 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

131.      Paragraph 131 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

132.      Paragraph 132 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

133.      Paragraph 133 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

134.      Paragraph 134 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

135.     Paragraph 135 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 7: AIDING AND ABETTING FRAUD

136.     In response to Paragraph 136, Debtors reassert all of their responses to Paragraphs 12 to 135 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

137.     Paragraph 137 is denied.

138.     Paragraph 138 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

139.     Debtors admit that Larry Wright has an ownership interest in the KrisJenn entities but otherwise deny the allegations in Paragraph 139.

140.     Paragraph 140 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

141.     Paragraph 141 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

142.     Paragraph 142 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

143.     Paragraph 143 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

144.     Paragraph 144 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

145.     Paragraph 145 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

146.     Paragraph 146 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 8: CIVIL CONSPIRACY

147.     In response to Paragraph 147, Debtors reassert all of their responses to Paragraphs 12 to 146 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

148.     Paragraph 148 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

149.     Paragraph 149 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 9: UNJUST ENRICHMENT

150.     In response to Paragraph 150, Debtors reassert all of their responses to Paragraphs 12 to 149 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

151.     Paragraph 151 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

152.     Paragraph 152 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 10: DECLARATORY RELIEF

153.     In response to Paragraph 153, Debtors reassert all of their responses to Paragraphs 12 to 152 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

154.     Paragraph 154 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

155.     Paragraph 155 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

156.     Paragraph 156 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

157.      Paragraph 157 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## ATTORNEY'S FEES

158.      Paragraph 109 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this Paragraph are denied.

## CLAIMS RELATED TO THE BIGFOOT NOTE PAYMENTS

## CLAIM 1: BREACH OF CONTRACT

159.      In response to Paragraph 159, Debtors reassert all of their responses to Paragraphs 12 to 158 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

160.      Paragraph 160 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

161.      Debtors admit that Paragraph 161 correctly states the parties written agreement but otherwise is deny the allegations made therein.

162.      Debtors admit that Paragraph 162 correctly states the parties written agreement but otherwise is deny the allegations made therein.

163.      Paragraph 163 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

164.     Paragraph 164 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

165.     Debtors admit that KrisJenn Ranch, LLC is the successor in interest to Black Duck but otherwise deny the allegations in Paragraph 165.

166.     Paragraph 166 is denied.

167.     Paragraph 167 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

168.     Paragraph 168 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 2: CONVERSION

169.     In response to Paragraph 169, Debtors reassert all of their responses to Paragraphs 12 to 168 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

170.     Paragraph 170 is denied.

171.     Paragraph 171 is denied.

172.     Paragraph 172 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

173.     Paragraph 173 is denied.

174.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 174.

175.     Paragraph 175 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

176.     Paragraph 176 states request for relief conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

177.     Paragraph 177 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 3: MONEY HAD AND RECEIVED

178.     In response to Paragraph 178, Debtors reassert all of their responses to Paragraphs 12 to 177 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

179.     Paragraph 179 is denied.

180.     Paragraph 180 is denied.

181.     Paragraph 181 states a request for relief to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

182.     Paragraph 182 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 4: BREACH OF FIDUCIARY DUTY

183.     In response to Paragraph 183, Debtors reassert all of their responses to Paragraphs 12 to 182 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

184.     Paragraph 184 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

185.     Debtors admit that KrisJenn Ranch, LLC is successor in interest to Black Duck but otherwise deny the allegations in Paragraph 185.

186.     Paragraph 186 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

187.     Paragraph 187 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

188.     Paragraph 188 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 5: UNJUST ENRICHMENT

189.     In response to Paragraph 189, Debtors reassert all of their responses to Paragraphs 12 to 188 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

190.     Paragraph 190 is denied.

191.     Paragraph 191 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 6: DECLARATORY RELIEF

192.     In response to Paragraph 192, Debtors reassert all of their responses to Paragraphs 12 to 191 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

193.     Paragraph 193 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

194.     Paragraph 194 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

195.     Paragraph 195 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

196.     Paragraph 196 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## ATTORNEY'S FEES

197.     Paragraph 197 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

The remainder of Third-Party Plaintiff's Counterclaims and Third-Party Claims consist of a prayer for relief, to which no response is required. To the extent a response is deemed required, Debtors deny DMA Properties, Inc is entitled to the requested relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

198. Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, because they lack standing to sue.

199. Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, due to unilateral or mutual mistake. Debtors are entitled to have the contracts in controversy rescinded or revised as a result of such unilateral or mutual mistake.

200. Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, due to subsequent modification of the Agreement.

201. Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, by impossibility of performance.

202. Defendants and Counter-Claimants' counterclaims are barred by illegality.

203. Defendant and Counter-Claimants' counterclaims are subject to the limits imposed on a third-party beneficiary's recovery.

204. Defendant and Counter-Claimants' third-party counterclaims are subject to all waiver and limitation provisions contained in the Company Agreement of Black Duck Properties, LLC, including but not limited to the waivers contained in Section 13.14 of such agreement: Waiver of Exemplary or Punitive Damages.

205. Defendants and Counter-Claimants' equitable counterclaims are barred, in whole or in part, because they have unclean hands.

206.     Defendants and Counter-Claimants' tort claims are contractual in nature and are barred by the economic loss rule.

207.     Debtors assert the defense of proportionate responsibility and assert that the damages alleged by Defendants and Counter-Claimants were legally and proximately caused in whole or in part by the negligence, fault, negligence per se, and/or other culpable conduct of other persons or parties who failed to exercise the same degree of care and caution as would have been exercised by persons using ordinary care in the same or similar circumstances. Debtors are therefore entitled to have the Court and Jury apply the doctrine of proportionate responsibility established by Chapter 33 of the Texas Civil Practice & Remedies Code, to reduce any judgment against them by the degree of negligence or fault attributable to any other person or party.

208.     Debtors are entitled to have any debts or liabilities owed to the Defendants and Counterclaimants offset by any and all amounts owed by SCMED Oilfield Consulting, LLC, including but not limited those debts owed pursuant to Section 14.10, Indemnification, and Section 14.01 Offset.

WHEREFORE PREMESIS CONSIDERED Debtors, Claimants, and Third-Party Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, KrisJenn Ranch, LLC-Series Pipeline Row, and KrisJenn Ranch, LLC as Successor In Interest to Black Duck Properties, LLC pray for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deemed them justly entitled.

Dated: August 19, 2020

23

Respectfully submitted,

MULLER SMEBERG, PLLC

By:    /s/ *John Muller*
        C. John Muller IV
        State Bar No. 24070306
        john@muller-smeberg.com
        Ronald J. Smeberg
        State Bar No. 24033967
        ron@smeberg.com
        Ezekiel J. Perez
        State Bar No. 24096782
        zeke@muller-smeberg.com
        111 W. Sunset Rd.
        San Antonio, TX 78209
        Telephone: 210-664-5000
        Facsimile: 210-598-7357

ATTORNEY FOR DEBTORS