**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** § | | **Chapter 11** |
| **KRISJENN RANCH, LLC** § | | |
| *Debtor* § | | **Case No. 20-50805** |
| § | | |

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE** § | | |
| **ROW as successors in interest to** § | | |
| **BLACKDUCK PROPERTIES, LLC,** § | | |
| *Plaintiffs* § | | |
| § | | |
| **v.** § | | |
| § | | |
| **DMA PROPERTIES, INC., and** § | | |
| **LONGBRANCH ENERGY, LP,** § | | **Adversary No. 20-05027** |
| *Defendants* § | | |

| | | |
|---|---|---|
| **DMA PROPERTIES, INC** § | | |
| *Cross-Plaintiff/Third Party Plaintiff* § | | |
| § | | |
| **v.** § | | |
| § | | |
| **KRISJENN RANCH, LLC,** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE ROW,** § | | **Adversary No. 20-05027** |
| **BLACK DUCK PROPERTIES, LLC,** § | | |
| **LARRY WRIGHT, and JOHN TERRILL** § | | |
| *Cross-Defendants/Third-Party* § | | |
| *Defendants* § | | |

**KRISJENN RANCH, LLC, KRISJENN RANCH, LLC-SERIES UVALDE RANCH, AND KRISJENN RANCH, LLC-SERIES PIPELINE ROW, AS SUCCESSORS IN INTEREST TO BLACK DUCK PROPERTIES, LLC'S MOTION TO CONTINUE DMA PROPERTIES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DMA'S <u>OWNERSHIP INTEREST IN THE BIGFOOT NOTE PAYMENTS</u>**

1

TO THE HONORABLE CHIEF BANKRUPTCY JUDGE RONALD B. KING:

Debtors, Plaintiffs, and Counter-Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, and KrisJenn Ranch, LLC-Series Pipeline Row, as successors in interest to Black Duck Properties, LLC (collectively the "Debtors"), files this Motion to Continue DMA Properties, Inc.'s Motion for Partial Summary Judgment on DMA's Ownership Interest in the Bigfoot Note Payments. Debtors also request the Court extend the deadline to respond to DMA Properties, Inc.'s Motion for Partial Summary Judgment on DMA's Ownership Interest in the Bigfoot Note Payments until adequate time for discovery has passed. In support of this Motion, Debtors would respectfully show the Court as follows:

1. Debtors filed this adversary proceeding against DMA Properties, Inc. ("DMA") on May 1, 2020.

2. DMA filed a counterclaim against Debtors on June 1, 2020.

3. This Court's Scheduling Order (the "Scheduling Order") was entered on July 16, 2020. [Dkt # 24].

4. The Scheduling Order states "[t]he parties shall complete discovery on or before 10/14/20." [Dt # 24, ¶ 3].

5. The Scheduling Order states "[a]ll dispositive motions shall be filed and served on all other parties on or before 10/26/20 . . . ." [Dt # 24, ¶ 4].

6. DMA filed its Motion for Partial Summary Judgment on DMA's Ownership Interest in the Bigfoot Note Payment on August 14, 2020.

7. Debtors response to the Motion for Partial Summary Judgment on DMA's Ownership Interest in the Bigfoot Note Payment is due on September 4, 2020.

8. This Court set this motion to be heard on September 22, 2020.

2

9. Rule 56(d) of the Federal Rules of Civil Procedure provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

10. "Motions under Rule 56(d) are 'broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *George v. Go Frac, LLC*, No. SA-15-CV-943-XR, 2016 WL 94146, at *2 (W.D. Tex. Jan. 7, 2016) (citing *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)) (internal quotations omitted).

11. Debtors have not had adequate time to conduct discovery on Debtors' defenses to DMA Properties, Inc.'s ("DMA") claims relating to the Bigfoot Note Payment.

12. Facts are currently unavailable to Debtors regarding DMA's MSJ because Debtors have not had adequate time to conduct discovery.

13. Debtors propounded their: (1) First Set of Interrogatories to DMA; (2) Second Set of Requests for Production to DMA; (3) First Set of Interrogatories to Frank Daniel Moore; (4) First Set of Requests for Production to Frank Daniel Moore; and (5) Second Set of Requests for Production to Frank Daniel Moore on August 19, 2020.

14. Debtors anticipate the answers and responses this written discovery will provide facts regarding Debtors defenses to DMA's claims to unpaid debts on DMA's ownership interest in the Bigfoot Note Payment. These responses will further allow Debtors to adequately prepare for deposition relating to the Bigfoot Note.

15. Debtors need additional time to review the aforementioned discovery responses and to conduct depositions so that they may prepare their response to DMA's Motion for Partial

3

Summary Judgment relating to the Bigfoot Note.

16. The continuance requested herein is not sought merely for the purposes of delay but to ensure that justice may be done.

WHEREFORE, PREMISES CONSIDERED, Debtors request that this Court enter an order extending the deadline to respond to DMA Properties, Inc.'s Motion for Partial Summary Judgment on DMA's Ownership Interest in the Bigfoot Note Payments until after the discovery deadline on October 14, 2020 and continue the hearing on DMA Properties, Inc.'s Motion for Partial Summary Judgment on DMA's Ownership Interest in the Bigfoot Note Payments until a date in late October.

Respectfully submitted,

MULLER SMEBERG, PLLC

By:    /s/ *John Muller*
      C. John Muller IV
      State Bar No. 24070306
      john@muller-smeberg.com
      Ronald J. Smeberg
      State Bar No. 24033967
      ron@smeberg.com
      Ezekiel John Perez
      State Bar No. 24096782
      zeke@muller-smeberg.com
      111 W. Sunset Rd.
      San Antonio, Texas 78209
      Telephone: (210) 664-5000
      Facsimile: (210) 598-7357

ATTORNEY FOR DEBTORS

## CERTIFICATE OF CONFERENCE

      I hereby certify that I conferenced with the opposing counsel, and they are opposed to this motion.

                                        */s/ John Muller*
                                        John Muller

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 20th day of August 2020:

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP and DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com

Natalie Wilson
LANGLEY & BANACK, INC.
745 East Mulberry Avenue | Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

David P. Strolle, Jr.
Granstaff, Gaedke & Edgmon, P.C.
5535 Fredericksburg Road, Suite 110
San Antonio, Texas 78229
T- (210) 348-6600 ext. 203
F- (210) 366-0892
dstrolle@caglaw.net

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
shane.p.tobin@usdoj.gov
United States Trust

/s/ *John Muller*
C. John Muller IV