IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Chapter 11** |
| **KRISJENN RANCH, LLC** § | | |
| *Debtor* § | | **Case No. 20-50805** |
| § | | |

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE** § | | |
| **ROW as successors in interest to** § | | |
| **BLACKDUCK PROPERTIES, LLC,** § | | |
| *Plaintiffs* § | | |
| § | | |
| v. § | | |
| § | | |
| **DMA PROPERTIES, INC., and** § | | |
| **LONGBRANCH ENERGY, LP,** § | | **Adversary No. 20-05027** |
| *Defendants* § | | |

| | | |
|---|---|---|
| **DMA PROPERTIES, INC** § | | |
| *Cross-Plaintiff/Third Party Plaintiff* § | | |
| § | | |
| v. § | | |
| § | | |
| **KRISJENN RANCH, LLC,** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE ROW,** § | | **Adversary No. 20-05027** |
| **BLACK DUCK PROPERTIES, LLC,** § | | |
| **LARRY WRIGHT, and JOHN TERRILL** § | | |
| *Cross-Defendants/Third-Party* § | | |
| *Defendants* § | | |

**RESPONSE IN OPPOSITION TO MOTION TO CONTINUE HEARING ON
SUMMARY JUDGMENT MOTION REGARDING BIGFOOT NOTE PAYMENTS**
[Relates to Dkt. 48]

TO THE HONORABLE CHIEF BANKRUPCY JUDGE RONALD B. KING:

COMES NOW Third-Party Plaintiffs DMA Properties, Inc. and Frank Daniel Moore (together, "Moore") and files this *Response in Opposition Motion to Continue Hearing on Summary Judgment Regarding Bigfoot Note Payments* [Dkt. 48] (the "Motion to Continue") and in support thereof shows the Court as follows:

1. The Motion for Partial Summary Judgment on the Bigfoot Note Payments presents a straightforward issue of whether DMA owns 50% of the payments of the Bigfoot Energy note under the terms of a contract.[1] While the recitation of the procedural history set forth in the Motion to Continue is accurate, the Movant does not inform the Court that a virtually identical Motion for Partial Summary was filed pre-petition and the Debtor filed for bankruptcy protection approximately 10 days prior to the hearing scheduled in the State Court, thus avoiding both the hearing and the requirement to file a Response. Attached hereto as **Exhibits A & B**, respectively, are true and correct copies of the state court action report for the prepetition litigation and the notice setting hearing. Thus, the Debtor has already had more than 4 months to consider its response, and granting an additional 30 days is both unnecessary and unduly prejudicial to DMA.

2. Additionally, Debtor has not met its burden of showing that a continuance is warranted under Fed. R. Civ. P. 56(d), made applicable to this proceeding through Fed. R. Bankr. P. 7056. "To obtain a Rule 56(d) continuance, the party must 'show [ ] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *Emrich v. JP Morgan Chase Bank, N.A.*, 575 Fed. Appx. 502, 504 (5th Cir. 2014) (quoting Fed. R. Civ. P. 56(d)) (brackets in original). The Fifth Circuit has mandated that "[t]o obtain a continuance of a motion for summary judgment, a party must specifically explain both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present

---

[1] DMA Properties has also filed a summary judgment motion seeking to interpret the Net Profits Agreement concerning the pipeline right-of-way as a matter of law, which was set for hearing on August 17, 2020, and was recently reset by agreement to September 22, 2020. Debtors are not seeking to continue the hearing of that summary judgment motion.

such evidence." *Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 719 (5th Cir. 1999) (citation omitted). The Motion to Continue fails to satisfy both the letter and the spirit of Rule 56(d).

3. The Motion to Continue is not supported by any declaration or affidavit regarding the necessity of further discovery. Thus, the Motion to Continue fails to meet the technical requirements of Rule 56(d).

4. Further, the Motion to Continue contains only vague, generic statements about what additional discovery Debtor contends is necessary before it can respond to the Motion for Partial Summary Judgment. *See* Motion to Continue ¶ 14. The Motion for Partial Summary Judgment asks this Court to narrow the issues for trial by interpreting a contract as a matter of law. Debtor has not identified any disputed factual issues that need to be further developed through discovery because there are none. If the Debtor intends to present evidence that the contract should be interpreted other than by its plain language, that evidence should be within the Debtor's control.

5. The Court has set this case for trial on December 7, 2020. Delaying the resolution of the Motion for Partial Summary Judgment defeats the purpose of creating efficiency.

6. The Debtor did not comply with the technical requirements of Rule 56. In any event, there is no additional discovery that would be pertinent to the resolution of the Motion for Partial Summary Judgment, and Debtor has not identified any such discovery with the specificity required for Rule 56(d). Finally, delaying the resolution of the Motion for Partial Summary Judgment until late October undermines the policies of judicial efficiency and impedes the parties and the Court from narrowing the issues before trial.

WHEREFORE PREMISES CONSIDERED, DMA Properties, Inc. prays that the Court enter an order denying the Motion to Continue and granting DMA Properties, Inc. such further relief to which it is entitled at law or equity.

Dated: August 24, 2020.

Respectfully submitted,

LANGLEY & BANACK, INC.
745 East Mulberry, Suite 700
San Antonio, Texas 78212
Telephone: (210) 736-6600
Facsimile: (210) 735-6889
Email: nwilson@langleybanack.com

By: /s/ *Natalie F. Wilson*
    NATALIE F. WILSON
    State Bar No. 24076779
*Counsel for Defendants/Third-Party Plaintiffs*
*DMA Properties, Inc. and Frank Daniel Moore*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 24th day of August, 2020.

    /s/ *Natalie F. Wilson*
    NATALIE F. WILSON