## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **KRISJENN RANCH, LLC** | § | |
| *Debtor* | § | **Case No. 20-50805** |
| | § | |

---

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** | § | |
| **KRISJENN RANCH, LLC-SERIES** | § | |
| **UVALDE RANCH, and KRISJENN** | § | |
| **RANCH, LLC-SERIES PIPELINE** | § | |
| **ROW as successors in interest to** | § | |
| **BLACKDUCK PROPERTIES, LLC,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DMA PROPERTIES, INC., and** | § | |
| **LONGBRANCH ENERGY, LP,** | § | **Adversary No. 20-05027** |
| *Defendants* | § | |

---

| | | |
|---|---|---|
| **DMA PROPERTIES, INC** | § | |
| *Cross-Plaintiff/Third Party Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **KRISJENN RANCH, LLC,** | § | |
| **KRISJENN RANCH, LLC-SERIES** | § | |
| **UVALDE RANCH, and KRISJENN** | § | |
| **RANCH, LLC-SERIES PIPELINE ROW,** | § | **Adversary No. 20-05027** |
| **BLACK DUCK PROPERTIES, LLC,** | § | |
| **LARRY WRIGHT, and JOHN TERRILL** | § | |
| *Cross-Defendants/Third-Party* | § | |
| *Defendants* | § | |

**KRISJENN RANCH, LLC, KRISJENN RANCH, LLC-SERIES UVALDE RANCH, AND KRISJENN RANCH, LLC-SERIES PIPELINE ROW, AS SUCCESSORS IN INTEREST TO BLACK DUCK PROPERTIES, LLC'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO FRANK DANIEL MOORE'S <u>COUNTERCLAIMS AND THIRD-PARTY CLAIMS</u>**

1

TO THE HONORABLE CHIEF BANKRUPCY JUDGE RONALD B. KING:

COME NOW Debtors, Claimants, and Third-Party Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, KrisJenn Ranch, LLC-Series Pipeline Row, and KrisJenn Ranch, LLC as successor In Interest to Black Duck Properties, LLC (collectively the "Debtors"), hereby answer the Complaint of Defendant and Third-Party Plaintiff Frank Daniel Moore as follows:

## PARTIES

1.      Paragraph 1 is admitted.

2.      Paragraph 2 is admitted.

3.      Paragraph 3 is admitted.

4.      Paragraph 4 is admitted.

5.      Paragraph 5 is admitted.

6.      Paragraph 6 is denied.

7.      Paragraph 7 is admitted.

8.      Paragraph 8 is admitted.

## JURISDICTION AND VENUE

9.      Paragraph 9 is admitted.

10.     Paragraph 10 is admitted.

11.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 11. Debtors are not certain at this time whether adjudication of the claims herein are necessary to the effective reorganization of the Debtors.

12.     Paragraph 12 is admitted.

2

## **FACTUAL BACKGROUND**

13.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 13.

14.     Debtors admit that Moore met Wright during a previous investment deal but otherwise deny the allegations made in Paragraph 14.

15.     Paragraph 15 is denied.

16.     Paragraph 16 is denied.

17.     Paragraph 17 is admitted.

18.     Debtors admit that Wright and Moore formed Black Duck Properties, LLC but otherwise deny the allegations made in Paragraph 18.

19.     Debtors admit that the ownership structure of Black Duck is stated correctly but otherwise deny the allegations made in Paragraph 19.

20.     Debtors deny that Moore found a buyer but otherwise admit the allegations made in Paragraph 20.

21.     Paragraph 21 is admitted.

22.     Debtors deny that Moore took steps to purchase the right of way but otherwise admit the allegations made in Paragraph 22.

23.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 23.

24.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 24.

25.     Paragraph 25 is admitted.

26.     Paragraph 26 is admitted as to the accuracy of the text of the unexecuted Exhibit, but denied as to DMA's interpretation of the agreement.

27.     Paragraph 27 is admitted.

28.     Paragraph 28 is denied.

29.     Debtors admit that Wright reimbursed the $25,000, but otherwise deny the allegations in Paragraph 29.

30.     Paragraph 30 is admitted as to the accuracy of the text, denied as to DMA's interpretation of the agreement.

31.     Paragraph 31 is admitted.

32.     Paragraph 32 is denied.

33.     Debtors admit Black Duck paid for extensions but otherwise deny the allegations made in Paragraph 33.

34.     Paragraph 34 denied.

35.     Paragraph 35 is denied.

36.     Paragraph 36 is denied.

37.     Paragraph 37 is denied.

38.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 38.

39.     Paragraph 39 is admitted.

40.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 40.

41.     Debtors admit to the alleged closing date but otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 41.

42.     The alleged representations made by Wright in Paragraph 42 are denied and Debtors lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 42.

43.     Paragraph 43 is denied.

44.     Paragraph 44 is denied.

45.     Debtors admit that a deed of trust was executed on January 18, 2018, and that documents were prepared by David Strolle, but all other allegations made in Paragraph 45 are denied.

46.     Debtors admit that Black Duck sought a buyer for the right-of-way, but deny all other allegations made in Paragraph 46.

47.     Debtors admit that Moore resigned from Black Duck, but otherwise deny the allegations made in Paragraph 47.

48.     Debtors admit there was a written email with terms of resignation but otherwise deny the allegations made in Paragraph 48.

49.     Paragraph 49 is admitted.

50.     Paragraph 50 is admitted.

51.     Debtors admit that the alleged documents were signed but otherwise deny the allegations made in Paragraph 51.

52.     Paragraph 52 is admitted as to the accuracy of the text, denied as to DMA's interpretation of the agreement.

53.     Paragraph 53 is admitted.

54.     Paragraph 54 is admitted as to the text, denied as to enforceability.

55.     Paragraph 55 is admitted.

56.     Paragraph 56 is denied.

57.     Debtors admit a letter of intent was proposed by John Terrill and signed by Larry Wright but otherwise deny the allegations made in Paragraph 57.

58.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 58.

59.     Paragraph 59 is admitted.

60.     Paragraph 60 is admitted.

61.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 61.

62.     Debtors admit that there was a meeting between the stated persons but otherwise deny the allegations made in Paragraph 62.

63.     Debtors admit that the parties drove to the right of way but lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 63.

64.     Paragraph 64 admitted.

65.     Debtors admit that Borders called Moore but otherwise deny the allegations made in Paragraph 65.

66.     Paragraph 66 admitted.

67.     Paragraph 67 is denied.

68.     Debtors deny there was radio silence but lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 68.

69.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 69.

70.     Paragraph 70 is admitted.

71.     Paragraph 71 is admitted.

72.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 72.

73.     Paragraph 73 is admitted.

74.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 74.

75.     Paragraph 75 is denied.

76.     Paragraph 76 is denied.

77.     Paragraph 77 is denied.

78.     Debtors admit to the actions were taken by David Strolle, but otherwise deny the allegations made in Paragraph 78.

79.     Paragraph 79 is admitted.

80.     Paragraph 80 is denied.

81.     Debtors deny the existence of a "peaceful resolution" but otherwise admit the allegations made in Paragraph 81.

82.     Debtors admit that KrisJenn Ranch, LLC Series Pipeline ROW paid $2.5 million, but otherwise deny the allegations made in Paragraph 82.

83.     Debtors admit that the foreclosure occurred but otherwise deny the allegations made in Paragraph 83.

84.     Debtors deny there has been a requests for records other than through litigation but otherwise admit the allegations made in Paragraph 84.

85.     Paragraph 85 is denied.

86.    The allegations made in paragraph 86 are admitted to the extent suits were filed but otherwise denied.

87.    Debtors admit that the Court held the venue was not proper but otherwise deny the allegations in Paragraph 87.

88.    Debtors admit that the summary judgment was denied but otherwise deny the allegations made in Paragraph 88.

89.    Paragraph 89 is admitted.

90.    It is admitted that Wright, as principal of the Debtor entities, filed for bankruptcy protection and that he provided discovery responses prior to the bankruptcy filing and that Wright, on behalf of Krisjenn, voluntarily provided responsive documents after the bankruptcy filing.  The allegations made in Paragraph 90 are otherwise denied.

91.    Paragraph 91 is denied.

**MOORE'S CLAIMS**

92.    Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 92.

**<u>CLAIM 1: BREACH OF CONTRACT</u>**

93.    In response to Paragraph 93, Debtors reassert all of their responses to Paragraphs 13 to 92 of Frank Daniel Moore's Counterclaims and Third-Party Claims and incorporate the same by reference.

94.    Paragraph 94 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

95.    Debtors admit the requests correctly quotes the language used in the agreement but otherwise deny the allegations made in Paragraph 95.

96.      Paragraph 96 is admitted.

97.      Paragraph 97 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

98.      Paragraph 98 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

99.      Debtors admit that KrisJenn Ranch, LLC is successor-in-interest to Black Duck but otherwise deny the allegations made in Paragraph 99.

100.     Paragraph 100 is denied.

101.     Paragraph 101 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

102.     Paragraph 102 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

103.     Paragraph 103 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 2: BREACH OF FIDUCIARY DUTY

104.     In response to Paragraph 104, Debtors reassert all of their responses to Paragraphs 13 to 103 of Frank Daniel Moore's Counterclaims and Third-Party Claims and incorporate the same by reference.

105.     Paragraph 105 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

106.     Paragraph 106 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

107.     Paragraph 107 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

108.     Paragraph 108 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

109.     Paragraph 109 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

110.     Paragraph 110 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 3: AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

111.     In response to Paragraph 111, Debtors reassert all of their responses to Paragraphs 13 to 110 of Frank Daniel Moore's Counterclaims and Third-Party Claims and incorporate the same by reference.

112.    Paragraph 112 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

113.    Paragraph 113 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

114.    Debtors admit that Larry Wright has an ownership in the KrisJenn entities but otherwise deny the allegations made in Paragraph 114.

115.    Paragraph 115 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

116.    Paragraph 116 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

117.    Paragraph 117 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

118.    Paragraph 118 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

119.    Paragraph 119 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

120.     Paragraph 120 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

121.     Paragraph 121 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 4: TORTIOUS INTERFERENCE WITH CONTRACT

122.     In response to Paragraph 122, Debtors reassert all of their responses to Paragraphs 13 to 121 of Frank Daniel Moore's Counterclaims and Third-Party Claims and incorporate the same by reference.

123.     Paragraph 123 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

124.     Paragraph 124 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

125.     Paragraph 125 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

126.     Paragraph 126 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 5: PROMISSORY ESTOPPEL

127.     In response to Paragraph 127, Debtors reassert all of their responses to Paragraphs 13 to 126 of Frank Daniel Moore's Counterclaims and Third-Party Claims and incorporate the same by reference.

128.     Paragraph 128 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

129.     Paragraph 129 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

130.     Paragraph 130 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

131.     Paragraph 131 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

132.     Paragraph 132 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 6: FRAUD

133.     In response to Paragraph 133, Debtors reassert all of their responses to Paragraphs 13 to 132 of Frank Daniel Moore's Counterclaims and Third-Party Claims and incorporate the same by reference.

134.    Paragraph 134 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

135.    Paragraph 135 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

136.    Paragraph 136 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

137.    Paragraph 137 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

138.    Paragraph 138 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

139.    Paragraph 139 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

140.    Paragraph 140 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

20-05027-rbk  Doc#60  Filed 09/09/20  Entered 09/09/20 22:42:34  Main Document  Pg 15 of 23

141.     Paragraph 141 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

142.     Paragraph 142 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 7: AIDING AND ABETTING FRAUD

143.     In response to Paragraph 143, Debtors reassert all of their responses to Paragraphs 13 to 142 of Frank Daniel Moore's Counterclaims and Third-Party Claims and incorporate the same by reference.

144.     Paragraph 144 is denied.

145.     Paragraph 145 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

146.     Debtors admit that Larry Wright has an ownership interest in the KrisJenn entities but otherwise deny the allegations in Paragraph 146.

147.     Paragraph 147 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

148.     Paragraph 148 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

149.      Paragraph 149 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

150.      Paragraph 150 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

151.      Paragraph 151 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

152.      Paragraph 152 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

153.      Paragraph 153 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## <u>CLAIM 8: CIVIL CONSPIRACY</u>

154.      In response to Paragraph 154, Debtors reassert all of their responses to Paragraphs 13 to 153 of Frank Daniel Moore's Counterclaims and Third-Party Claims and incorporate the same by reference.

155.      Paragraph 155 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

156.     Paragraph 156 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 9: UNJUST ENRICHMENT

157.     In response to Paragraph 157, Debtors reassert all of their responses to Paragraphs 13 to 156 of Frank Daniel Moore's Counterclaims and Third-Party Claims and incorporate the same by reference.

158.     Paragraph 158 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

159.     Paragraph 159 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 10: DECLARATORY RELIEF

160.     In response to Paragraph 160, Debtors reassert all of their responses to Paragraphs 13 to 159 of Frank Daniel Moore's Counterclaims and Third-Party Claims and incorporate the same by reference.

161.     Paragraph 161 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

162.     Paragraph 162 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

163.     Paragraph 163 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

164.     Paragraph 157 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 11: NONDISCHARGEABILITY OF DEBTS AND CLAIMS

165.     In response to Paragraph 165, Debtors reassert all of their responses to Paragraphs 13 to 164 of Frank Daniel Moore's Counterclaims and Third-Party Claims and incorporate the same by reference.

166.     Paragraph 166 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

167.     Paragraph 167 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

168.     Paragraph 168 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

169.     Paragraph 169 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

170.　　Paragraph 170 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

171.　　Paragraph 171 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

172.　　Paragraph 172 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

173.　　Paragraph 173 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

174.　　Paragraph 174 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

175.　　Paragraph 175 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

176.　　Paragraph 176 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

177.     Paragraph 177 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## ATTORNEY'S FEES

178.     Paragraph 178 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this Paragraph are denied.

The remainder of Third-Party Plaintiff's Counterclaims and Third-Party Claims consist of a prayer for relief, to which no response is required.  To the extent a response is deemed required, Debtors deny DMA Properties, Inc is entitled to the requested relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

179.     Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, because they lack standing to sue.

180.     Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, due to unilateral or mutual mistake.  Defendants and Counter-Claimants are entitled to have the contracts in controversy rescinded or revised as a result of such unilateral or mutual mistake.

181.     Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, due to subsequent modification of the Agreement.

182.     Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, by impossibility of performance.

183.     Defendants and Counter-Claimants' counterclaims are barred by illegality.

184.     Defendant and Counter-Claimants' counterclaims are subject to the limits imposed on a third-party beneficiary's recovery.

185.     Defendant and Counter-Claimants' third-party counterclaims are subject to all waiver and limitation provisions contained in the Company Agreement of Black Duck Properties, LLC, including but not limited to the  waivers contained in Section 13.14 of such agreement: Waiver of Exemplary or Punitive Damages.

186.     Defendants and Counter-Claimants' equitable counterclaims are barred, in whole or in part, because they have unclean hands.

187.     Defendants and Counter-Claimants' tort claims are contractual in nature and are barred by the economic loss rule.

188.     Debtors assert the defense of proportionate responsibility and assert that the damages alleged by Defendants and Counter-Claimants were legally and proximately caused in whole or in part by the negligence, fault, negligence per se, and/or other culpable conduct of other persons or parties who failed to exercise the same degree of care and caution as would have been exercised by persons using ordinary care in the same or similar circumstances.  Debtors are therefore entitled to have the Court and Jury apply the doctrine of proportionate responsibility established by Chapter 33 of the Texas Civil Practice & Remedies Code, to reduce any judgment against them by the degree of negligence or fault attributable to any other person or party.

189.     Debtors are entitled to have any debts or liabilities owed to the Defendants and Counterclaimants offset by any and all amounts owed by SCMED Oilfield Consulting, LLC, including but not limited those debts owed pursuant to Section 14.10, Indemnification, and Section 14.01 Offset.

WHEREFORE PREMESIS CONSIDERED Debtors, Claimants, and Third-Party Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, KrisJenn Ranch, LLC-Series Pipeline Row, and KrisJenn Ranch, LLC as Successor In Interest to Black Duck

Properties, LLC pray for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deemed them justly entitled.

Dated: September 9, 2020

Respectfully submitted,

MULLER SMEBERG, PLLC

By:  /s/ *John Muller*  

C. John Muller IV
State Bar No. 24070306
john@muller-smeberg.com
Ronald J. Smeberg
State Bar No. 24033967
ron@smeberg.com
Ezekiel J. Perez
State Bar No. 24096782
zeke@muller-smeberg.com
111 W. Sunset Rd.
San Antonio, TX 78209
Telephone: 210-664-5000
Facsimile: 210-598-7357

ATTORNEY FOR DEBTORS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 9th day of September 2020:

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP and DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com

Natalie Wilson
LANGLEY & BANACK, INC.
745 East Mulberry Avenue | Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

David P. Strolle, Jr.
Granstaff, Gaedke & Edgmon, P.C.
5535 Fredericksburg Road, Suite 110
San Antonio, Texas 78229
T- (210) 348-6600 ext. 203
F- (210) 366-0892
dstrolle@caglaw.net

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
shane.p.tobin@usdoj.gov
United States Trustee

William P Germany
BAYNE, SNELL & KRAUSE
1250 N.E. Loop 410, Suite 725
San Antonio, TX 78209
wgermany@bsklaw.com

John Terrill
12712 Arrowhead Lane
Oklahoma City, OK 73120

/s/ *John Muller*
C. John Muller  IV