IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: § | | Chapter 11 |
| KRISJENN RANCH, LLC § | | |
|    *Debtor* § | | Case No. 20-50805 |
| § | | |

___

| | | |
|---|---|---|
| KRISJENN RANCH, LLC and § | | |
| KRISJENN RANCH, LLC-SERIES § | | |
| UVALDE RANCH, and KRISJENN § | | |
| RANCH, LLC-SERIES PIPELINE § | | |
| ROW as successors in interest to § | | |
| BLACKDUCK PROPERTIES, LLC, § | | |
|    *Plaintiffs* § | | |
| v. § | | |
| DMA PROPERTIES, INC., and § | | |
| LONGBRANCH ENERGY, LP, § | | Adversary No. 20-05027 |
|    *Defendants* § | | |

___

| | | |
|---|---|---|
| DMA PROPERTIES, INC § | | |
|    *Cross-Plaintiff/Third Party Plaintiff* § | | |
| v. § | | |
| KRISJENN RANCH, LLC, § | | |
| KRISJENN RANCH, LLC-SERIES § | | |
| UVALDE RANCH, and KRISJENN § | | |
| RANCH, LLC-SERIES PIPELINE ROW, § | | Adversary No. 20-05027 |
| BLACK DUCK PROPERTIES, LLC, § | | |
| LARRY WRIGHT, and JOHN TERRILL § | | |
|    *Cross-Defendants/Third-Party* § | | |
|    *Defendants* | | |

**NON-PARTY HAGAN COHLE'S MOTION TO QUASH DEFENDANT
DMA PROPERTIES AND FRANK DANIEL MOORE'S
SUBPOENA AND OBJECTIONS**

TO THE HONORABLE CHIEF BANKRUPCY JUDGE RONALD B. KING:

COMES NOW Non-Party, Hagan Cohle, and requests that this court issue an order

quashing the subpoena served on Hagan Cohle by DMA Properties, Inc. and Frank Daniel

1

Moore issued on September 4, 2020 and served on September 7, 2020, and would respectfully show as follows:

## GROUNDS FOR RELIEF

1. The subpoena calls for testimony and the production of documents that is precluded by law so that the subpoena "requires disclosure of privileged or other protected matter" within the meaning of Rule 45(d)(3)(A)(iii) of the Federal Rules of Civil Procedure.

2. Specifically, the subpoena in dispute was served on Hagan Cohle ("Cohle"), who was employed by Debtor as a Manger. A true and correct copy of the subpoena is attached to this Motion as **Exhibit 1**.

3. The subpoena requires Cohle to produce documents, including all files of the entities he worked for and all communications for the entity he worked for.

4. "Courts may further limit discovery under Rule 45(c)(3)(A), which provides, in relevant part, that a court *must* quash or modify a subpoena that either requires the disclosure of privileged information and/or subjects a person to undue burden." *Nat'l Western Life Ins. Co. v. Western Nat'l Life Ins. Co.*, No. A-09-CA-711-LY, 2010 WL 5174366, at *2 (W.D. Tex. Dec. 13, 2010). Here, the subpoena serves no useful function. The subpoena does not provide a mechanism for seeking absolutely essential information and functions as nothing more than a fishing expedition in privileged waters. *See Id.* The requests in the subpoena are also more appropriately directed at Debtor.

## OBJECTIONS

5. Cohle objects to the Subpoena as he was only served an unsigned and improperly executed Subpoena.

6. Cohle objects to the Subpoena at it requires him to appear an counsel's office for the issuer when Cohle is represented by the undersigned attorney in this Motion, and therefore the deposition should be noticed at the undersigned attorney's address. It is reasonable to require notice at counsel's office.

WHEREFORE, PREMISES CONSIDERED, Non-Party, Hagan Cohle, prays that this Court issue an order quashing DMA Properties, Inc. and Frank Daniel Moore's Subpoena in its entirety. Alternatively, Hagan Cohle prays that this Court issue an order sustaining his objections and for such further relief he is entitled to at law or in equity.

Respectfully submitted,

BAYNE, SNELL & KRAUSE
1250 N.E. Loop 410, Suite 725
San Antonio, Texas 78209
Telephone: (210) 824-3278
Facsimile: (210) 824-3937
Email: wgermany@bsklaw.com

By: */s/ William P. Germany*
WILLIAM P. GERMANY
State Bar No. 24069777
*Attorney for Non-Party Hagan Cohle*

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 21st day of September, 2020:

C. John Muller IV
Email: john@muller-smeberg.com
Ronald J. Smeberg
Email: ron@smeberg.com
Muller Smeberg, PLLC
111 W. Sunset
San Antonio, TX 78209

Counsel to Plaintiffs KrisJenn Ranch, LLC,
KrisJenn Ranch, LLC, Series Uvalde Ranch,
KrisJenn Ranch, LLC, Series Pipeline Row
Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP and
DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com

Natalie Wilson
LANGLEY & BANACK, INC.
745 East Mulberry Avenue I Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

David P. Strolle, Jr.
Granstaff, Gaedke & Edgmon, P.C.
5535 Fredericksburg Road, Suite 110
San Antonio, Texas 78229
T- (210) 348-6600 ext. 203
F- (210) 366-0892
dstrolle@caglaw.net

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
shane.p.tobin@usdoj.gov
United States Trustee

John Terrill
12712 Arrowhead Lane
Oklahoma City, OK 73120

                                                /s/ *William P. Germany*
                                                WILLIAM P. GERMANY

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

For the Western District of Texas, San Antonio Division

In re KrisJenn Ranch, LLC
Debtor

Case No. 20-50805

*(Complete if issued in an adversary proceeding)*

KrisJenn Ranch, LLC et al.,
Plaintiff

Chapter 11

v.

DMA Properties, Inc. and Longbranch Energy, LP
Defendant

Adv. Proc. No. 20-05027

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Hagan Cohle, 627 Williams Way, New Braunfels, TX 78130

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE Johns & Counsel PLLC<br>14101 Highway 290 West, Suite 400A, Austin, TX 78737 | DATE AND TIME<br>October 9, 2020 at 9:30 am |
|---|---|

The deposition will be recorded by this method:
certified court reporter

[X] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
**Exhibit A** (attached) details the documents and information to be produced

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/4/2020

CLERK OF COURT

OR

_____       _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
DMA Properties and Daniel Moore, who issues or requests this subpoena, are:
Chris Johns, 14101 Highway 290 West, Suite 400A, Austin, TX 78737, cjohns@johnsandcounsel.com, 512-399-3150

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Exhibit 1**

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## Definitions

1. "Communication" means the transmittal of information, in the form of facts, ideas, and inquiries or otherwise, by any means whatsoever.

2. "Document" means any written, electronic, magnetic or graphic matter however produced or reproduced (**including electronically stored information of any and all types**). It includes writings, emails, drawings, graphs, charts, photographs, sound recordings, images, text messages, emails, social media messages, social media postings, voicemails, and other data compilations from which information can be obtained either directly or, if necessary, after translation by the responding party through detection devices into reasonably useable form. A draft of a non-identical copy is a separate document within the meaning of this term.

3. "Person" means the singular as well as the plural, and masculine as well as the feminine, and includes any natural person or any business, legal or governmental entity or association.

4. "You" means Hagan Cohle and any other any agents, servants, employees, assigns, sureties, attorneys, or representatives acting for or on his behalf.

5. "Wright" means Larry Wright, as well as any agents, servants, employees, assigns, sureties, attorneys, or representatives acting for or on his behalf.

6. "Black Duck" mean Black Duck Properties, LLC as well as any entities, agents, servants, employees, assigns, sureties, attorneys, or representatives acting on its behalf.

7. "KrisJenn" means KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, and any related entities, as well as any agents, servants, employees, assigns, sureties, attorneys, or representatives acting for or on its or their behalf.

8. "Borders" means Darin Borders, as well as any agents, servants, employees, assigns, sureties, attorneys, or representatives acting for or on his behalf.

9. "Longbranch" means Longbranch Energy, LP, as well as any entities, agents, servants, employees, assigns, sureties, attorneys, or representatives acting on its behalf.

10. "Moore" means Frank Daniel Moore, his entity SCMED Oilfield Consulting, and/or his entity DMA Properties, Inc., as well as any agents, servants, employees, assigns, sureties, attorneys, or representatives acting for or on his or their behalf.

11. "DMA" means DMA Properties, Inc., as well as any agents, servants, employees, assigns, sureties, attorneys, or representatives acting for or on its behalf.

12. "Right-of-Way" means the P-21 pipe and related facilities and the associated rights-of-way, easements, contracts, permits, leases purchased by Black Duck.

13. "Longbranch Assignment" means the agreement through which Longbranch Energy assigned the February 19, 2016 Purchase & Sale Agreement to Black Duck.

14. "DMA Agreement" means the agreement between DMA Properties and Black Duck that was executed on or about February 7, 2018 concerning the Right-of-Way.

15. "Deed of Trust" means the deed of trust dated August 14, 2017 and notarized on January 18, 2018 that relates to the Right-of-Way and which lists David Strolle as trustee.

16. "Harris SWD" means saltwater disposal well in Panola County that Black Duck purchased and later sold to Bigfoot Energy Services, LLC.

17. "TCRG" means TCRG East Texas Pipeline 1, LLC, TRCR Drilling & Operation, LLC and any other entities, agents, servants, employees, assigns, sureties, related company or related companies, attorneys, or representatives acting for or on their behalf.

18. "McLeod" means McLeod Oil, LLC, John McLeod, Adam McLeod, and any other agents, servants, employees, assigns, sureties, attorneys, or representatives acting for or on their behalf.

19. "Bigfoot Note" means the promissory note that Bigfoot Energy Services, LLC gave Black Duck in March 2017 as part of the consideration for the Harris SWD.

20. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive. The disjunctive includes the conjunctive, and vice versa.

21. The terms "any" and "each" shall be construed as "all," "each and every," and/or "any one," whichever makes the request more inclusive.

22. The term "all" shall include and encompass "any" or "each," whichever makes the request more inclusive.

23. The use of the word "the" shall not be construed as limiting the scope of any request.

24. The terms "including" and "include" means "specifically including but not limited to."

25. Each gender of any word includes the other genders.

26. The use of the singular form of any word includes the plural, and vice versa, as necessary to bring within the scope of the following requests all information which might otherwise be construed to be outside its scope.

## Instructions

27. You shall serve a copy of the documents, responses, and objections to these requests, if any, within thirty (30) days after the service of these requests.

28. All grounds for an objection to a request shall be stated with specificity.

29. In the event any request cannot be fully responded to after the exercise of reasonable diligence, you shall respond as completely as you can and set forth the reasons why you cannot respond.

30. Each request shall be set forth immediately prior to the response thereto.

31. A document is deemed to be in your custody or control if you have possession of the document or have the right to secure such document from another person having possession thereof.

32. You shall produce the requested documents either as they are kept in the ordinary course of business, or as they are organized and labeled in a manner such that they are grouped separately for each of the following requests. To the extent such produced documents include electronically stored information, such information shall be produced in the form in which it is ordinarily maintained or in a reasonably usable form, including metadata.

33. Each of these requests shall be construed independently and shall not be limited by any other request.

34. If, in answering these requests, you claim that any request, or a definition or instruction applicable thereto, is ambiguous or objectionable, do not use such claim as a basis for refusing to respond, but rather set forth as part of the response the language you claim is ambiguous or objectionable and the interpretation you have used to respond to the individual request.

35. With respect to any document requested, or parts of any document requested, that you claim to be privileged, immune, or that is withheld for any other reason, please provide a statement setting forth as to each such request:

    (a) the name of the author

    (b) the name of the participants (in the case of communications or meetings);

    (c) the date of the document, communication, or meeting;

    (d) the name of the individual that currently has possession, custody or control of the document requested;

    (e) a brief description of the nature and subject matter of the document withheld; and

    (f) the basis on which it is being withheld.

36. With respect to any document requested that you claim to be privileged, immune, or is withheld for any other reason, please produce, or permit the inspection of, parts of such a document falling within the scope of the request that are not privileged or immune.

37. If any document or communication is being withheld on the basis of privilege and/or immunity, please produce a log of all responsive materials that are being withheld on the basis of privilege (or immunity, as the case may be). Provide the information requested in item 37 above, and also identify the document or communication, list the sender and all recipients, state the privilege or immunity being asserted for each item, and identify the basis for asserting such privilege or immunity.

38. File folders with labels, tables, or directories of files identifying documents must also be produced with such documents.

39. Documents attached to each other shall not be separated.

40. The following requests shall be deemed continuing in nature and you shall supplement your responses thereto if and when additional or other information becomes known to you.

41. To the extent any of the requests/interrogatories below would be answered differently by any one of the Defendants, each Defendant should separately answer the request/interrogatory. If the response to a request/interrogatory would be the same for all the Defendants, only one response need be provided.

42. Counsel is willing to meet and confer as to any of these requests/interrogatories to avoid any unnecessary motion practice.

**Please produce the following records to the law firm of JOHNS & COUNSEL by October 9, 2020.**

1. Your entire file for Black Duck.

2. Your entire file for the Right-of-Way.

3. Your entire file for the Harris SWD.

4. Your entire file for the Bigfoot Note.

5. All documents and communication related to the formation of Black Duck.

6. All documents and communications related to the Right-of-Way.

7. All documents and communications related to any interest held by Longbranch and DMA in the Right-of-Way.

8. All pro formas and/or other financial projections related to the Right-of-Way.

9. All investor materials and/or presentations related to the Right-of-Way.

10. All investor lists or other documents identifying any investors or potential investors in the Right-of-Way.

11. All documents and communications with Wright related to any debt owed by Black Duck to Wright or any entity he controls or is a member of.

12. All documents and communications related to the Deed of Trust.

13. All documents and communications related to the Harris SWD.

14. All documents and communications related to the Bigfoot Note.

15. All communications with Wright related to or concerning Daniel Moore.

16. All communications with Wright related to or concerning Darin Borders.

17. All communications related to the Longbranch Assignment.

18. All communications related to the DMA Agreement.

19. All communications with TCRG.

20. All communications with McLeod.

21. All communications with Wright related to any of the lawsuits involving Daniel Moore and/or Darin Borders.

22. All communications with any third party (other than your counsel) related to the Right-of-Way.

23. All communications with any third party (other than your counsel) related to the Bigfoot Note.

24. All communications with any third party (other than your counsel) related to the Longbranch Assignment.

25. All communications with any third party (other than your counsel) related to the DMA Agreement.

26. All communications with any third party (other than your counsel) related to any of the lawsuits involving Moore and/or Borders.

**PROOF Technology, Inc.**
1800 Gaylord Street
DENVER, CO 80206

This is a Deluxe eCheck. The PAY TO THE ORDER OF line designates the Payee. For questions, call Deluxe Payment Exchange customer support at 877-333-6964.

VV2411

Date: 09/04/2020
Void after 90 days

PAY TO THE ORDER OF: Hagan Cohle

$ 100.49

One hundred and 49/100 _____ Dollars

Bokf, N.A.

Memo: M#24281 Witness Fee

Verify check at https://echecks.com/verify

⑊"002411" ⑉:102000607⑉: 809704905 3"