Katrina A. Kershner
State Bar No. 24038995
K. Kershner Law
14228 Midway, Suite 214
Dallas, Texas 75244
Telephone: 214-535-5226
Email: Katrina_kershner@yahoo.com

## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 20-5805 |
| | § | |
| **KrisJenn Ranch, LLC** | § | **Chapter 11** |
| | § | |
| *Debtor* | § | **Adv. Proc. No. 20-05027** |
| | § | |

## NON-PARTY TCRG EAST TEXAS PIPELINE, 1, LLC'S MOTION TO QUASH DEFENDANT DMA PROPERTIES AND FRANK DANIEL MOORE'S SUBPOENA AND OBJECTIONS

TO THE HONORABLE CHIEF BANKRUPCY JUDGE RONALD B. KING:

COMES NOW Non-Party, TCRG East Texas Pipeline 1, LLC ("TCRG") and requests that this Court issue an order quashing the Subpoena served on TCRG by DMA Properties, Inc. and Frank Daniel Moore, and would respectfully show as follows:

Under Federal Rule of Civil Procedure 45, a court must, on a timely motion, quash or modify a subpoena if it (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden. See FED. R. CIV. P. 45(c)(3)(A)(i)-(iv).

## I. SUMMARY

1. DMA and Moore claim to have a perpetual profits interest in a pipeline and right-of-way that is owned by Debtor KrisJenn Ranch (the "Pipeline"). KrisJenn Ranch does not dispute that DMA and Moore are entitled to share in profits for so long as the Pipeline is owned by KrisJenn Ranch. However, TCRG dispute any perpetual interest because, among other things, such an interest would be a violate the rule against perpetuities. Nevertheless, DMA and Moore intervene in any prospective sale of the Pipeline and continue to claim an illegal perpetual interest. As a result, no prospective buyer will purchase the Pipeline.

2. The Debtor filed a single-count adversary proceeding asking for a judicial declaration that DMA and Moore are not entitled to take a perpetual interest in the Pipeline. In response, DMA and Moore filed an eleven-count Counterclaim, asserting every form of fraud and tortious conduct imaginable.

3. DMA and Moore sent a Subpoena *Duces Tecum* to TCRG triggering testimony of communications and work product of TCRG's attorney—Mr. Craig M. Crockett. The issuance of a subpoena to legal counsel is highly unusual and fraught with issues. Not only does this subpoena impinge upon TCRG's sacrosanct attorney-client privilege, it will also cause TCRG, a non-party, to incur unnecessary and exorbitant legal fees in performing an extensive privilege review.

## II. GROUNDS FOR RELIEF

4. The Subpoena is improper because it is directed to a non-party witness, and demands the non-party witness produce documents located in another federal judicial district, and, independently because it requires the production of documents at a place more than 100 miles away.

5. The Subpoena is improper because it calls for testimony and the production of documents, information and other electronically stored information that are is precluded by law so that the Subpoena actually "requires disclosure of privileged or other protected matter" within the meaning of Rule 45(d)(3)(A)(iii) of the Federal Rules of Civil Procedure. A true and correct copy of the Subpoena is attached to this Motion as **Exhibit A**.

6. The Subpoena was served on TCRG's attorney—Crockett, who was and is employed as TCRG's attorney in the Pipeline transaction and in state court litigation over the Pipeline in Cause No. 1914899-CV in the 57th District Court of Shelby County, Texas. A true and correct copy of Defendant TCRG's Plea in Abatement, and Subject Thereto, Original Answer is attached to this Motion as **Exhibit B**.

7. The Subpoena requires Crockett to produce documents, information and other electronically stored information, including communications, that Crockett obtained or was privy to while working as an attorney for TCRG, and which are subject to the attorney-client privilege.

8. "Courts may further limit discovery under Rule 45(c)(3)(A), which provides, in relevant part, that a court *must* quash or modify a Subpoena that either

requires the disclosure of privileged information and/or subjects a person to undue burden." *National W. Life Ins. Co. v. Western Nat'l Life Ins. Co.*, A-09-CA-711-LY, 2010 WL 5174366, at * 2 (W.D. Tex. Dec. 13, 2010).

9. The Subpoena is improper because it serves no useful function. The Subpoena does not provide a mechanism for seeking absolutely essential information and functions as nothing more than a fishing expedition in privileged waters. *Id.* To the extent it seeks information that is properly discoverable, it is more appropriately directed at Debtor.

10. The Subpoena's production requirements are unreasonable, overly broad, and unduly burdensome where Subpoena commands the production of any and all documents and written communications, including emails, related in any way to the Pipeline, and then goes on to broadly define the documents included within its scope and imposes significant requirements regarding the manner of production of those documents.

### III. OBJECTIONS AND ARGUMENT

<u>To Request for Production of Documents</u>

11. TCRG objects to the Subpoena, and asks that its *duces tecum* document request be entirely quashed, because it fails to comply with governing rules and applicable law regarding the subpoena of documents from a third party.

12. "[A] federal court sitting in one district cannot issue a subpoena *duces tecum* to a non-party for the production of documents located in another district." *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993), *cert. denied sub nom Fox v. Natural Gas Pipeline Co. of Am.*, 510 U.S. 1073, 114 S.Ct. 882

(1994); *accord, Aubrey v. Barlin*, A-10-CV-076-SS, 2013 WL 12116512 at * 2 (W.D. Tex. May 8, 2013); *Paulk v. Fries*, SA-12-CV-1001-FB, 2013 WL 12129935 at * 4 (W.D. Tex. Apr. 9, 2013). The Subpoena simply cannot be used for the purpose it is being employed.

13. Additionally, the Subpoena calls for testimony and the production of documents, information and other electronically stored information in a way that contravene Rule 45, which provides "[a] subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A); *see also* FED. R. CIV. P. 45(a)(1)(C). If the Subpoena was not barred by the Natural Gas Pipeline decision, it would be improper because TCRG's principle place of business is in Fort Worth, which is more than 100 miles from San Antonio (where the case is pending) or Austin (where the lawyers who sent the Subpoena have their office).

Subpoena Imposes an Excessive Burden on TCRG

14. Alternatively, the Court should find that the Subpoena ought to be quashed because it imposes an excessive and unreasonable burden of production on TCRG. Under Federal Rule of Civil Procedure 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A). The Court has discretion in deciding whether to grant relief from the

Subpoena, and what form that relief will take. *Ford Motor Co. v. Versata Software, Inc.*, 316 F.Supp.3d 925, 935 (N.D. Tex. 2017); *Samsung Elec. Am., Inc. v. Chung*, 325 F.R.D. 578, 593 (N.D. Tex. 2017).

15. TCRG contends that DMA and Moore failed in their Rule 45(d)(1) duty to take reasonable steps to avoid imposing undue burden or expense on TCRG, as the subject of the Subpoena in three specific ways: (1) by serving TCRG with a subpoena that is overly broad and unduly burdensome on its face and in its application, and refusing to limit the scope of the requests in any way; (2) by refusing to agree to an appropriate extension of time for compliance with the Subpoena necessitated by the breadth of their own requests; and (3) by requiring TCRG to turn over trade secret or confidential information, or imposing an undue burden on TCRG to exclude that information from production.

16. In deciding what relief is to be granted because discovery requests are overbroad, unduly burdensome and the like, courts are supposed to balance the hardship being imposed on the party from who the discovery is sought against the probative value of the information to the party seeking it, as well as considering any other relevant public interests. *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016); *Total RX Care, LLC v. Great N. Ins. Co.*, 318 F.R.D. 587, 594 (N.D. Tex. 2017). Courts may also quash subpoenas served on non-parties when they are facially overbroad, such as when s subpoena's document requests "seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date," when "[t]he requests are not particularized" and when "[t]he period covered by the requests is unlimited." *In re O'Hare*, H-11-0539, 2012 WL 1377891, at * 2 (S.D. Tex. Apr. 19, 2012); *accord, Turnbow v. Life Partners, Inc.*, 3:11-cv-1030-M, 2013

WL 1632795, at * 1 (N.D. Tex. Apr. 16, 2013). When a subpoena requests documents, the question of whether the request is objectionably overbroad is determined with reference to the standards used to assess the overbreadth of a document production request made under Rule 26. *Williams v. City of Dallas*, 178 F.R.D. 103, 109-10 (N.D. Tex. 1998).

17. Additionally, the Fifth Circuit has identified a number of factors courts should consider in deciding whether it should quash or modify a subpoena because it places an undue burden on the person asked to produce documents: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; the (6) the burden imposed; and (7) the inconvenience of being made to produce the documents, if they are being sought from a non-party. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (also holding that a facially overbroad request presents an undue burden, as a matter of law).

18. Applying these standards, the Court ought to find that the burden the Subpoena imposes on TCRG so far outweighs the benefits of the discovery that it ought to be quashed. To say that the Subpoena seeks a broad array of information is an understatement — it is hard to imagine another "all of everything about everything" request that would seek more information, **Exhibit A**, meaning the Subpoena exhibits the kind of inappropriate overbreadth that justifies its being quashed. Moreover, the sheer volume of documents the Subpoena seeks (whether measured by pages or volume of computer storage required) is enormous, and the production of all of these documents would cost TCRG thousands of dollars, both in expenses and in time by its counsel. *See* Declaration of Craig M. Crockett, counsel for TCRG, **Exhibit C**. For this reason, the Court ought to quash the

Subpoena or, in the alternative (and subject to the other arguments made in this Motion), enter an order that gives TCRG more time to comply with the requests and require DMA and Moore to pay TCRG's reasonable costs associated with responding to the Subpoena.

19. In addition to the gross burden associated with compliance with the Subpoena, TCRG objects to the Subpoena because it provides insufficient time for compliance. By its terms, the Subpoena calls for the production of documents, information and other electronically stored information on 38 topics less than three weeks after TCRG was served. Given the volume of documents requested, 20 days is simply an insufficient amount of time to conduct the necessary privilege review and produce the documents. A reasonable date for compliance would be 90 days after the Court's ruling on this Motion.

20. Finally, TCRG notes that Rule 45(d)(1) mandates that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and that "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." FED.R.CIV.P.45(d)(1). TCRG believes that counsel for DMA and Moore have not lived up to this duty, and ask the Court to sanction them accordingly, in connection with the granting of this Motion to Quash.

### Subpoena Seeks Information Protected Both by the
### Attorney-Client Privilege and as a Trade Secret

21. Finally, the Subpoena is objectionable and ought to be quashed because much of the information and many of the documents being sought are subject to either the attorney-client privilege, or may be protected as a trade secret.

22. There is no question that the attorney-client privilege limits the scope of what may otherwise be discoverable. *Equal Employment Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017); FED. R. CIV. P. 45(d)(3)(A)(iii). Material is subject to this privilege when it was: (1) a confidential communication; (2) made by or to a lawyer; (3) for the primary purpose of securing either a legal opinion or legal services. *BDO USA*, 876 F.3d at 695; *Advanced Technology Incubator, Inc. v. Sharp Corp.*, 263 F.R.D. 395, 397 (W.D. Tex. 2009). Once shown to exist, the burden shifts to the party seeking the privileged information to show that some exception to the privilege applies. *BDO USA*, 876 F.3d at 695; *Perkins v. Gregg County*, 891 F.Supp. 361, 363 (E.D. Tex. 1995).

23. Although the proponent of the claim of privilege is usually required to identify the documents subject to the claim, and offer some explanation of why the document is privileged, this is not always the case. When a subpoena is served that is facially overbroad, the target of the subpoena is under no duty to lodge specific objections to the vast array of potentially protected materials that may fall within the reach of the overbroad subpoena — to do so would effectively be impossible. *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003); *Williams*, 178 F.R.D. at 115.

24. A similar analysis applies with respect to information or documents being sought that qualify as a trade secret. Although there is no general trade secret privilege, *Federal Open Mkt. C'tte. Of the Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 362, 99 S.Ct. 2800 (1979), trade secrets may be protected from discovery. FED. R. CIV. P. 26(c)(1); *M-1, LLC v. Stelly*, 733 F.Supp.2d 759, 801 (S.D. Tex. 2010). If some information being sought is shown to be a trade secret, the disclosure of which might be harmful, M-1, 733 F.Supp.2d at 801-02, then the burden again shifts to DMA and Moore to show the disclosure should be allowed. *Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, 131 F.R.D. 668, 671 (S.D. Tex. 1990).

25. Here, the Subpoena seeks large swaths of information that are clearly subject to the attorney-client privilege. It seeks "all documents" relating to the Pipeline, TCRG's "entire file" on the matter and seeks to depose a representative of TCRG regarding "[d]iscussions, conversations and/or communications with any third party," from August, 2017 to the present, "related to the right-of-way." **Exhibit A**. These requests for documents and information are in no way limited in a manner that would exclude materials subject to the attorney-client privilege. Given that the events underlying this adversary proceeding have resulted in extensive litigation, both in the Court and in Texas state courts, these requests necessarily include documents and communications between TCRG and its counsel relating to legal issues, and which therefore would be privileged, and not subject to any exceptions thereto. Just as the Court can issue an order protecting TCRG from improper or overbroad requests made

in a subpoena, it may protect it from requests that would result in a violation of the attorney-client privilege.

## IV. CONCLUSION

The Subpoena served on TCRG is improper in a number of particulars: 91) it seeks to force it to produce documents in a manner not allowed by the rules; (2) it is objectionably overbroad in its scope and would be excessively expensive to comply with; and (3) it seeks privileged information. By rule, the Court may issue a protective order, and TCRG seeks one, for the reasons set forth above. If the Court does not quash the Subpoena in its entirety, TCRG asks the Court to allow it additional time to comply with any portions of the Subpoena that are not quashed, and to enter an order requiring DMA and Moore to pay the costs associated with providing them the information they claim to need. TRCG seeks this relief for the reasons set forth herein.

WHEREFORE, PREMISES CONSIDERED, TCRG, prays that this Court issue an order quashing DMA Properties, Inc. and Frank Daniel Moore's Subpoena in its entirety.

Alternatively, TCRG asks the Court to sustain its objections and issue a protective order, limiting the scope of the Subpoena as set forth above.

TCRG prays for such further relief he is entitled to at law or in equity.

Respectfully submitted,

Dated: October 1, 2020

Respectfully Submitted,

*/s/ Katrina Kershner*

Katrina A. Kershner
State Bar No. 24038995
K. Kershner Law
14228 Midway, Suite 214
Dallas, Texas 75244
Telephone: 214-535-5226
Email: Katrina_kershner@yahoo.com

ATTORNEYS FOR TCRG EAST
TEXAS PIPELINE, LLC

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on the 1st day of October 2020, a true and correct copy of the foregoing pleading was served electronically through the Court's ECF transmission facilities on all parties registered to receive ECF notice in the above-captioned case.

C. John Muller IV
Email: john@muller-smeberg.com
Ronald J. Smeberg
Email: ron@smeberg.com
Muller Smeberg, PLLC
111 W. Sunset
San Antonio, TX 78209
Counsel to Plaintiffs KrisJenn Ranch, LLC,
KrisJenn Ranch, LLC, Series Uvalde Ranch,
KrisJenn Ranch, LLC, Series Pipeline Row

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP and
DMA Properties, Inc.

Christopher S. Johns

Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com

Natalie Wilson
LANGLEY & BANACK, INC.
745 East Mulberry Avenue I Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

David P. Strolle, Jr.
Granstaff, Gaedke & Edgmon, P.C.
5535 Fredericksburg Road, Suite 110
San Antonio, Texas 78229
T- (210) 348-6600 ext. 203
F- (210) 366-0892
dstrolle@caglaw.net

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
shane.p.tobin@usdoj.gov
United States Trustee

John Terrill
12712 Arrowhead Lane
Oklahoma City, OK 73120

*/s/ Katrina Kershner*
_____
Katrina A. Kershner