CAUSE NUMBER 19CV34877



FILED
LORI OLIVER
DISTRICT CLERK

2019 OCT 17 P 1: 19

| | | |
|---|---|---|
| LONGBRANCH ENERGY, L.P. | § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | DISTRICT COURT<br>___ COUNTY, TEXAS<br>BY KP _____ DEPUTY |
| VS. | § § | |
| TCRG EAST TEXAS PIPELINE 1, LLC;<br>BLACK DUCK PROPERTIES, LLC;<br>DMA PROPERTIES, INC.;<br>LARRY WRIGHT and<br>KRISJENN RANCH, LLC | § § § § § § § | 123RD/273RD JUDICAL DISTRICT |
| Defendant. | § § | OF SHELBY COUNTY, TEXAS |

### DEFENDANT TCRG'S PLEA IN ABATEMENT AND, SUBJECT THERETO, ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Texas Capitalization Resource Group, Inc. ("TCRG") files this its Plea in Abatement and, Subject Thereto, Original Answer to Longbranch Energy, L.P.'s ("Longbranch") Original Petition (the "Petition") and in support thereof, would respectfully submit to the Court as follows:

I. **PLEA IN ABATEMENT**

A. **Introduction**

1. According to the time stamps, Longbranch filed its Petition with this Court on June 26, 2019 at 4:41 PM. Twelve minutes earlier, at 4:29 PM on June 26, 2019, Wright and KJ Ranch as successors to Black Duck filed their lawsuit in Guadalupe County, Texas, Cause No. 19-1489-CV-C, against DMA Properties, Inc., Longbranch, and their respective principals, Daniel Moore and Darin Borders (the "Guadalupe County Lawsuit"). A true and correct copy of the Original Petition in the Guadalupe County Lawsuit is attached hereto as Exhibit A. In both

---

*Defendant TCRG's Plea in Abatement and, Subject Thereto, Original Answer to Longbranch Energy, L.P.'s Original Petition.*

lawsuits, the substantive issues relate the rights of the parties arising out of two contracts; first, a contract by and between Longbranch and Black Duck, and second, a contract by and between DMA Properties and Black Duck. Because the Guadalupe County Lawsuit was first-filed and involves the same parties and the same issues as this lawsuit, the Guadalupe County Lawsuit acquired dominant jurisdiction to the exclusion of this coordinate court and this plea in abatement in this case *must* be granted. *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016).

B. **Authorities and Argument**

2. "'The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts.'" *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (quoting *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974). "As a result, when two suits are inherently interrelated, 'a plea in abatement in the second action *must* be granted.'" *Id.* (quoting *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex. 1988)). "Any subsequent suit involving the same parties and the same controversy must be dismissed if a party to that suit calls the second court's attention to the pendency of the prior suit by a plea in abatement." *Curtis v. Gibbs*, 511 S.W.2d at 267. "It is not necessary that the exact issues and all the parties be included in the first action before the second is filed, provided that the claim in the first suit may be amended to bring in all necessary and proper parties and issues." *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d at 247, *overruled on other grounds*, *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287 (Tex. 2016). The first-filed rule flows from principles of comity, convenience and the necessity for an orderly procedure in the trial of contested issues whereby the default rule tilts the playing field in favor of granting dominant jurisdiction to the court in which suit is first filed. *J.B. Hunt*, 492 S.W.3d at 294.

---

*Defendant TCRG's Plea in Abatement and, Subject Thereto, Original Answer to Longbranch Energy, L.P.'s Original Petition.*

3. The Guadalupe County Lawsuit was filed-first at 4:29 PM on June 26, 2019 while this lawsuit was filed at 4:41 PM the same day (the "Guadalupe County Petition"). As a consequence, the Guadalupe County Lawsuit is entitled to dominant jurisdiction and this lawsuit must be abated (if not dismissed outright).

4. The Guadalupe County Lawsuit involves the same series of transactions as are involved in this case. The s "Facts" sections of the Guadalupe County Petition and Plaintiff's Original Petition reveals that the same background and contractual agreements are involved in this dispute. Likewise, both the Guadalupe County Petition and Plaintiff's Original Petition acknowledge the controversies between the parties which would be remedied by the court's rendition of declaratory judgment as to the construction and interpretation of the contracts in dispute.

5. The only significant difference between the two cases is that the Guadalupe County Lawsuit requests interpretation of the contractual rights and remedies available to the parties arising out of the Longbranch Assignment (as defined in the Guadalupe County Petition and identified as the "Black Duck Assignment" in this case) *and* the DMA Agreement, which is not included in the instant case, but which involves substantially the same contractual language. Nevertheless, the Guadalupe County Lawsuit asks that the Guadalupe County District Court to reconcile the parties' differing interpretations of the Longbranch Assignment and the DMA Agreement because the documents include substantially similar language. In contract, in this case, despite Longbranch's alignment with DMA Properties, Longbranch is the only plaintiff and seeks only to interpret the Longbranch Assignment.[1] As a consequence, the court's declaration in this case would only partially address the matters in the Guadalupe County Lawsuit.

---

[1] Longbranch included DMA Properties, Inc. as a defendant in this case despite their clearly evident alignment against

*Defendant TCRG's Plea in Abatement and, Subject Thereto, Original Answer to Longbranch Energy, L.P.'s Original Petition.*

6. The Guadalupe County Lawsuit acquired dominant jurisdiction which requires that this case be abated or dismissed. The Guadalupe County Lawsuit was filed first. Guadalupe County can exercise jurisdiction over the parties and the controversy is within the jurisdictional limits of the Guadalupe County District Courts. Venue is proper in Guadalupe County because a substantial part of the events or omissions occurred in Guadalupe County because Black Duck's and KJ Ranch's principal places of business are in Guadalupe County, Wright is a resident of Guadalupe County, and the Longbranch Assignment and DMA Agreement were executed in Guadalupe County. Finally, as set forth above, this suit and the Guadalupe County Lawsuit essentially involve the same parties and claims arising out of the same contracts.

7. Accordingly, this case must be abated or dismissed in favor of the Guadalupe County Lawsuit. *In re J.B. Hunt*, 492 S.W.3d at 294.

## II. DEFENDANTS' GENERAL DENIAL

8. Strictly subject to the foregoing Plea in Abatement and without waiving any right or remedy associated therewith, Defendant TCRG denies each and every, all and singular, the allegations contained in the Petition and say the same are not true in whole or in part and demand strict proof thereof by a preponderance of the evidence pursuant to Rule 92 of the Texas Rules of Civil Procedure.

## III. PRAYER

---

Wright, KJ Ranch, Black Duck, and TCRG. In the Guadalupe County Lawsuit, Longbranch and DMA Properties jointly filed a motion to transfer venue to this court, jointly filed a motion to join TCRG as a party, and jointly responded to Wright and KJ Ranch's Motion for Summary Judgment (which requests that the Longbranch Assignment and DMA Agreement be construed by the court) wherein Borders and Moore submitted substantively identical declarations. Wright and KJ Ranch would request that this Court take judicial notice of the pleadings on file in *Wright, et al., v. Moore, et al.* Cause No. 19-1489-CV-C, 25th Judicial District Court, Guadalupe County, Texas. Doing so reveals that Plaintiff and DMA Properties working together from opposite sides of the case to encourage the court of a singular interpretation of the contract language favorable to both Longbranch and DMA. Such a "sham of adversity between the plaintiff and one co-defendant, while these parties are actually allied for the purpose of securing a substantial settlement for the plaintiff..." should not be allowed. *See Global Drywall Systems, Inc. v. Coronado Paint Co., Inc.*, 104 S.W.3d 538 (Tex. 2003) (quoting June F. Entman, *Mary Carter Agreements: Assessment of Attempted Solutions*, 38 U. Fla. L. Rev. 521, 574 (1986)).

---

*Defendant TCRG's Plea in Abatement and, Subject Thereto, Original Answer to Longbranch Energy, L.P.'s Original Petition.*

4

Defendant prays that this case be abated or dismissed pursuant to Defendants' Plea in Abatement, that Defendants be awarded legal fees and expenses incurred in this case, that Defendants receive such other and further legal and equitable relief to which they may show themselves justly entitled, and that Longbranch takes nothing by its Petition.

## THE CROCKETT FIRM

*[signature]*

---

Craig M. Crockett
State Bar No. 00790533
5201 Camp Bowie Blvd. Suite 200
Fort Worth, Texas 76107
Telephone:  817-810-0400
Telecopier:  817-719-9450
Email: craig@crockettfirm.com
ATTORNEYS FOR DEFENDANT
TCRG EAST TEXAS PIPELINE 1, LLC

### CERTIFICATE OF SERVICE

This is to certify that on this the 17th day of October 2019 a true and correct copy of the foregoing was served upon all counsel of record in accordance with Rule 21a of the Texas Rules of Civil Procedure via E:File.

*[signature]*

---

Craig M. Crockett

*Defendant TCRG's Plea in Abatement and, Subject Thereto, Original Answer to Longbranch Energy, L.P.'s Original Petition.*

5