**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 20-5805 |
| | § | |
| **KrisJenn Ranch, LLC** | § | Chapter 11 |
| | § | |
| *Debtor* | § | Adv. Proc. No. 20-05027 |
| | § | |

## DECLARATION OF CRAIG M. CROCKETT

BEFORE ME the undersigned Craig M. Crockett did appear as the affiant whose signature appears below and who under oath did state as follows:

"1. My name is Craig M. Crockett. I am over the age of 21 years, am of sound mind, and have never been convicted of a felony.

2. I am a licensed attorney in the State of Texas under State Bar of Texas Number 00790533. I have been licensed to practice law by the State of Texas since November of 1994 and duly licensed to practice law in all state courts of the State of Texas by the Supreme Court.

3. In the above styled and numbered cause, DMA Properties, Inc. and Frank Daniel Moore issued the Subpoena that is attached as an exhibit to the Motion to Quash to which this Declaration is appended.

4. The Subpoena calls for the production of documents, information and other electronically stored information on 38 topics on or before October 7, 2020 at 9:00 a.m., only 20 days after TCRG was served with the Subpoena on September 17, 2020. The Subpoena should be quashed because the deposition designates 23 topics for corporate representative depositions to occur on October 14, 2020 at 9:00 a.m. only 27 days after TCRG was served with the Subpoena on September 17, 2020.

5. In making an assessment of the nature and scope of review for response to the Subpoena, in order to respond to the Subpoena, TCRG East Texas Pipeline 1, LLC, a non-party, would be required to review, organize and assemble 471 MB (494,014,464 bytes) of data, which does not include emails, and email attachments. This production, in turn, would require the expenditure of significant expenses by TCRG to comply with the request, as well as hours of lawyer time to review all of TCRG's documentation to determine whether it is subject to the Subpoena and, if so, what documents are subject to what portion of the Subpoena. Although the exact amount of time it would take to perform this review and evaluation is hard to estimate, it would cost literally tens of thousands of dollars in lawyer time just for this review.

6. In making an assessment of the nature and scope of review for response to the Subpoena, the Subpoena requires disclosure of privileged or other protected matters that I obtained as an attorney for TCRG. Among the documents I know that exist, and which would be subject to the attorney-client privilege as defined in the Motion to Quash.

7. The Subpoena commands production of documents, electronically stored information,

or tangible things to a third party in a district other than the district that issued the subpoena, as well as requiring the production of such materials at a place that is more than 100 miles of where TCRG regularly transacts business.

8. The Subpoena does not provide a mechanism for seeking absolutely essential information. attorney-client and work product privilege. TCRG's production of my entire privileged legal file would cause an expensive and unnecessary privilege review to be conducted by me and cause both to unnecessarily incur a large amount of attorney's fees.

9. For TCRG to response to the Subpoena over ninety days to complete when DMA Properties, Inc. and Frank Daniel Moore have no substantial need for the testimony or material that cannot be otherwise met without undue hardship.

10. Counsel for DMA Properties, Inc. and Frank Daniel Moore took no steps whatsoever, to avoid imposing undue burden or expense on TCRG. The first TRCG heard about the discovery being sought was when the subpoena was served on it.

11. The Subpoena subjects TCRG to undue burden and expense. Specifically, in addition to requiring TCRG to produce numerous, voluminous documents, it would also require me, or others working under me, to review an enormous volume of materials to determine what materials are subject to the Subpoena, and which would be subject to a privilege claim. This would result in TCRG incurring and the production of all of these documents would cost TCRG thousands of dollars, both in expenses and in the time this review would take.

12. I have read the foregoing Declaration and it is true and correct based upon my personal knowledge.

13. I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 USC § 1746.

Executed on this the 1st day of October 2020."

_____
Craig M. Crockett

*Declaration of Craig M. Crockett.*     2.