**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| **KRISJENN RANCH, LLC,** | § | |
| *Debtor* | § | Case No. 20-50805 |
| | § | |

_____

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** | § | |
| **KRISJENN RANCH, LLC-SERIES** | § | |
| **UVALDE RANCH, and KRISJENN** | § | |
| **RANCH, LLC-SERIES PIPELINE** | § | |
| **ROW as successors in interest to** | § | |
| **BLACKDUCK PROPERTIES, LLC,** | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | |
| | § | |
| **DMA PROPERTIES, INC., and** | § | |
| **LONGBRANCH ENERGY, LP,** | § | Adversary No. 20-05027 |
| *Defendants* | § | |

_____

| | | |
|---|---|---|
| **DMA PROPERTIES, INC,** | § | |
| *Cross-Plaintiff/Third Party Plaintiff* | § | |
| v. | § | |
| **KRISJENN RANCH, LLC,** | § | |
| **KRISJENN RANCH, LLC-SERIES** | § | |
| **UVALDE RANCH, and KRISJENN** | § | |
| **RANCH, LLC-SERIES PIPELINE ROW,** | § | Adversary No. 20-05027 |
| **BLACK DUCK PROPERTIES, LLC,** | § | |
| **LARRY WRIGHT, and JOHN TERRILL** | § | |
| *Cross-Defendants/Third-Party* | § | |
| *Defendants* | § | |

**KRISJENN RANCH, LLC, KRISJENN RANCH, LLC-SERIES UVALDE RANCH, AND KRISJENN RANCH, LLC-SERIES PIPELINE ROW, AS SUCCESSORS IN INTEREST TO BLACK DUCK PROPERTIES, LLC'S SUR-REPLY TO DMA PROPERTIES, INC.'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON DMA'S <u>OWNERSHIP INTEREST IN THE BIGFOOT NOTE PAYMENTS</u>**

TO THE HONORABLE CHIEF BANKRUPTCY JUDGE RONALD B. KING:

COME NOW Debtors, Plaintiffs, and Counter-Defendants KrisJenn Ranch, LLC, KrisJenn

Ranch, LLC-Series Uvalde Ranch, and KrisJenn Ranch, LLC-Series Pipeline Row (collectively

the "Debtors"), and file this Sur-Reply to DMA Properties, Inc.'s Reply in Support of Motion for Partial Summary Judgment on DMA's Ownership Interest in the Bigfoot Note Payments, and would respectfully show as follows:

## ARGUMENT

### I. DMA Cannot Raise Arguments for the First Time in Its Reply Brief

"[I]t is a well-settled prudential doctrine that courts generally will not entertain new arguments first raised in a reply brief." *Benton v. Laborers' Joint Training Fund*, 121 F.Supp.3d 41, 51 (D.D.C. 2015); *see also McBride v. Merrell Dow & Pharm.*, 800 F.2d 1208, 1211 (D.C. Cir. 1986) ("Considering an argument advanced for the first time in reply brief . . . is not only unfair . . . , but also entails the risk of an improvident or ill-advised opinion on the legal issues tendered." (citations omitted)); *Conservation Force v. Salazar*, 916 F.Supp.2d 15, 22 (D.D.C. 2013) (holding a party forfeits argument made for the first time in its reply brief); *Baloch v. Norton*, 517 F.Supp.2d 345, 348 n.2 (D.D.C. 2007) ("If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply."). Courts in the Fifth Circuit "do not consider new arguments brought up at this late stage." *See Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016) ("Reply briefs cannot be used to raise new arguments.").

Here, DMA attempts to argue it is a third-party beneficiary for the first time in its reply brief. Debtors should not be required to anticipate arguments that have not been made in DMA's motion for summary judgment. Debtors' response addressed the arguments that were made in DMA's motion, and DMA should be precluded from now raising new arguments for the first time in its reply brief because Debtors are deprived of the opportunity to respond to these arguments.

DMA asks this Court to assume, as a matter of law, that DMA is the intended third-party beneficiary of a contract between Black Duck and SCMED. While that issue may need to be resolved by the Court, DMA failed to raise the argument in its motion for summary judgment, and is not entitled to this assumption as a matter of law. To hold otherwise would not only be unfair, but it would also entail the risk that this issue will not be fully developed on the summary judgment record. For these reasons, the Court should ignore DMA's third-party beneficiary arguments that were raised for the first time in its reply to Debtors' opposition. *See Baloch*, 517 F.Supp.2d at 348 n.2; *see also Hollis*, 827 F.3d at 451. Absent DMA meeting its burden regarding third-party beneficiary status, DMA is unable to show the contract between DMA and Black Duck is supported by consideration. Therefore, the Court should deny DMA's Motion for Partial Summary Judgment on the Bigfoot Note Payments.

Alternatively, the Court should allow Debtors adequate time to respond to the new arguments raised in DMA's reply. The Fifth Circuit has stated that Federal Rule of Civil Procedure 56 "requires the court to give the non-movant an adequate opportunity to respond prior to a ruling." *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004). "Although the [Fifth Circuit has] not comprehensively identified all the circumstances under which a district court may rely on arguments and evidence presented for the first time in a reply brief . . . , those circuits that have expressly addressed this issue have held that a district court may rely on arguments and evidence presented for the first time in a reply brief as long as the court gives the nonmovant an adequate opportunity to respond." *Id.*

WHEREFORE PREMISES CONSIDERED Debtors pray that this Court issue an order denying DMA Properties, Inc.'s Motion for Partial Summary Judgment on DMA's Ownership Interest in the Bigfoot Note Payments, or, alternatively, give Debtors adequate time to respond to

the new issues raised in DMA's reply brief, and for such further relief as the Court may deemed them justly entitled.

Dated: October 11, 2020.

        Respectfully submitted,

        MULLER SMEBERG, PLLC

    By:   /s/ *John Muller*
        C. John Muller IV
        State Bar No. 24070306
        john@muller-smeberg.com
        Ronald J. Smeberg
        State Bar No. 24033967
        ron@smeberg.com
        Ezekiel J. Perez
        State Bar No. 24096782
        zeke@muller-smeberg.com
        MULLER SMEBERG, PLLC
        111 W. Sunset Rd.
        San Antonio, TX 78209
        Telephone: 210-664-5000
        Facsimile: 210-598-7357

ATTORNEYS FOR DEBTORS

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 11th day of October 2020:

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP
and DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
Attorneys for DMA Properties, Inc.

Natalie Wilson
LANGLEY & BANACK, INC.
745 East Mulberry Avenue | Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

William Germany
BAYNE, SNELL, & KRAUSE
1250 NE Loop 410, Ste. 725
San Antonio, Texas 78209
T- (210) 824-3278
F- (210) 824-3937
wgermany@bskaw.net
Attorney for Larry Wright

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
shane.p.tobin@usdoj.gov
United States Trustee

       /s/ *John Muller*
       C. John Muller IV