IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| *In re*: § | |
| § | Chapter 11 |
| KrisJenn Ranch, LLC, § | |
| § | |
| *Debtor* § | Case No. 20-50805 |
| § | |

| | |
|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, § | |
| LLC–Series Uvalde Ranch, and KrisJenn § | |
| Ranch, LLC–Series Pipeline ROW, as § | |
| successors in interest to Black Duck § | |
| Properties, LLC, § | |
| § | Adversary No. 20-05027 |
| *Plaintiffs*, § | |
| § | |
| v. § | |
| § | |
| DMA Properties, Inc. and Longbranch § | |
| Energy, LP, § | |
| § | |
| *Defendants*. § | |

| | |
|---|---|
| DMA Properties, Inc. and Frank Daniel § | |
| Moore, § | |
| § | |
| *Cross-Plaintiff/Third-Party Plaintiff,* § | |
| § | |
| v. § | Adversary No. 20-05027 |
| § | |
| KrisJenn Ranch, LLC, KrisJenn Ranch, § | |
| LLC–Series Uvalde Ranch, and KrisJenn § | |
| Ranch, LLC–Series Pipeline ROW, Black § | |
| Duck Properties, LLC, Larry Wright, and § | |
| John Terrill, § | |
| § | |
| *Cross-Defendants/Third-Party Defendants.* § | |

## DMA AND MOORE'S RESPONSE IN OPPOSITION
## TO TCRG'S MOTION TO QUASH

Moore and DMA Properties, Inc. (collectively, "DMA") oppose TCRG's motion to quash. Although TCRG put forward a glut of objections, TCRG has not established any basis for quashing the entire subpoena, nor has TCRG carried its burden of establishing any privilege applies. Because the deposition and related documents are central to DMA's claims in this case and because the subpoena does not impose an undue burden on TCRG, the Court should deny TCRG's motion.

## BACKGROUND

This case concerns the parties' respective rights and interests in a pipeline right-of-way. Relevant here, Moore and Larry Wright were previously the managers and 50/50 members (through their respective entities) of Black Duck Properties, LLC. In 2018, Moore resigned from Black Duck and exchanged his entity's 50% interest in Black Duck for, among other things, a 20% net-profits interest in the right-of-way that attaches and runs with the land. DMA—one of Moore's entities—received the 20% net profits interest.

Almost immediately after Moore resigned, Wright executed a secret plan sell the right-of-way to TCRG. Neither Wright nor TCRG disclosed their plans to Moore.

TCRG closed on the right-of-way in April 2018. When DMA informed TCRG about DMA's interest in the right-of-way, TCRG claimed that Wright had failed to disclose DMA's interest and directly accused Wright of fraud. Ex. 1 (Crockett Email). Although TCRG initially stated that it would not recognize DMA's interest, TCRG later forced Wright to rescind the sale of the right-of-way on the ground that Wright had failed to disclose DMA's interest after the extent of Wright's fraud became clear. Ex. 2 (Compromise Agreement).

As this brief factual background shows, TCRG played an integral role in Wright's attempts to deal the right-of-way and ignore DMA's interest. Indeed, TCRG even briefly owned the right-of-way until TCRG forced Wright to rescind the sale because of Wright's fraudulent conduct. In this context, TCRG's deposition and related document production are critical to

2

establishing the details of Wright's fraud and the extent of his efforts to elide DMA's interest.

## ARGUMENT

Rule 45 allows nonparties to modify or quash a subpoena if the subpoena (1) fails to allow a reasonable time to comply; (2) requires compliance more than 100 miles away from where the nonparty resides, is employed, or regularly transacts business in person; (3) requires disclosure of privileged or protected matter; or (4) subjects the nonparty to an undue burden. FED. R. CIV. P. 45(d)(3)(A); FED. R. CIV. P. 45(c)(1)(A). Further, when faced with an objection under Rule 45, federal courts favor modification of the subpoena, not outright quashing. *See Dynamic 3D Geosolutions, LLC, v. Schlumberger Ltd.*, 2014 WL 12489689, at *2 (W.D. Tex. 2014).

TCRG has raised every one of these potential objections. DMA addresses each in turn.

## I. The subpoena allows a reasonable time for compliance.

First, TCRG claims that the subpoena did not allow a reasonable time for compliance. But TCRG was served with the subpoena approximately 30 days before the noticed deposition date, and approximately 20 days before the due date for documents requested by the subpoena. In federal court, 30 days is the default time period for discovery requests and document productions, and parties are routinely required to conduct privilege reviews in that time span. *See, e.g., Cisneros v. Dollar Tree Stores, Inc.*, 2016 WL 11584849, at *3 (W.D. Tex. 2016) (denying motion to quash and requiring party to serve privilege log within 19 days). At this point, it has been over 30 days since service of the subpoena, and TCRG has still not produced any documents. Finally, to the extent the Court determines TCRG is entitled to more time to respond, that is a basis for modifying the subpoena, not quashing it. *See Dynamic 3D*, 2014 WL 12489689, at *2.

## II. TCRG resides within 100 miles of the place of compliance.

Rule 45 states that a subpoena may command a person to attend a deposition or produce documents "within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(1)–(2). So long as the subpoena complies with these

requirements, it may be served "at any place within the United States." FED. R. CIV. P. 45(b)(2).

TCRG suggests that the subpoena violates Rule 45's geographic requirements because TCRG is located in Fort Worth. In this vein, TCRG correctly points out that DMA's counsel is located in Austin, while this bankruptcy case is pending in San Antonio. But under Rule 45, both of those facts are irrelevant; instead, what matters is whether the deposition and production of documents are to occur within 100 miles of where TCRG resides. FED. R. CIV. P. 45(c)(1)–(2).[1] Here, the subpoena states that the deposition will occur by Zoom—in light of the Covid-19 pandemic—and that the documents shall be produced electronically. TCRG can comply with both of these obligations from Fort Worth, and nothing in the subpoena requires compliance more than 100 miles from where TCRG resides.

## III.    TCRG has not carried its burden of establishing that any privilege applies.

TCRG has also not established that any of the documents sought by the subpoena are privileged. As the party asserting the privilege, TCRG bears the burden of establishing that the privilege applies as to each document or communication withheld. *See EEOC v. BDO USA, LLP*, 876 F.3d 690, 695 (5th Cir. 2017); *see also* FED. R. CIV. P. 26(b)(5)(A)(ii). Privilege objections "objections can only be sustained if they are both properly asserted and the facts supporting the privileges are established by the evidence, not merely declared by lawyer argument. *Estate of Manship v. United States*, 232 F.R.D. 552, 561 (M.D. La. 2005). Put a different way, "the mere assertion of a lawyer that responsive materials on information are

---

[1] TCRG cites several cases for the proposition that this Court cannot subpoena TCRG for documents located outside of this district. However, those cases have all been mooted by amendments to the federal rules. The rules previously required subpoenas to issue from "the court for the district in which the production or inspection is to be made." *See Nat. Gas Pipeline Co. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993). But Rule 45 now requires the subpoena to issue "from the court where the action is pending." FED. R. CIV. P. 45(a)(2). Subsequent amendments have also emphasized that "Unlike the prior rule, place of service is not critical to place of compliance." FED. R. CIV. P. 45 Advisory Committee Note (2013 Amendments).

attorney-client privileged or protected by the work product doctrine is not evidence establishing that the information is privileged." *Id.*

Here, TCRG has not come close to justifying its privilege objections. TCRG has not even produced a privilege log, which makes it impossible to assess whether the documents and communications withheld are actually privileged or not. *See, e.g.*, *Cisneros v. Dollar Tree Stores, Inc.*, 2016 WL 11584849, at *3 ("The failure to supply a privilege log is a significant omission[] . . . [because Rule 26 requires] that sufficient information must be disclosed to allow the other parties to evaluate the applicability of the privilege or protection."). Further, TCRG's bare assertion that the documents would be *potentially* subject to the attorney-client and work product privilege is insufficient to sustain TCRG's privilege objections. This is true even when a subpoena requests legal files from an attorney. *See Manship*, 232 F.R.D. at 561 (reiterating that there is "[n]o exception . . . for relevant and responsive documents contained in an attorney's legal files").

Even if TCRG *had* supported its privilege objections or established that some documents were confidential or trade secret, those objections would not provide a basis for quashing the subpoena outright. As observed above, federal courts favor modification of subpoenas, not quashing them outright. *See Dynamic 3D Geosolutions, LLC, v. Schlumberger Ltd.*, 2014 WL 12489689, at *2 (W.D. Tex. 2014). And, here, TCRG's privilege objections do not provide any basis for quashing at all—TCRG can simply provide a privilege log and initially withhold those documents under the federal rules.

## IV.    The subpoena seeks relevant documents and does not impose an undue burden on TCRG.

Finally, TCRG complains that the document requests impose an undue burden on TCRG because they request TCRG's documents and communications related to the right-of-way. As an initial matter, DMA's document requests are specific, detailed, and targeted. But more important, TCRG has made no showing that the volume of documents requested would be overwhelming large, nor has TCRG explained why it cannot simply conduct a privilege

review of those documents as required by the federal rules. Indeed, the obligation to produce a privilege log is an obligation imposed by the federal rules—and is not an undue burden simply because attorneys dislike privilege logs.

TCRG baselessly claims that the documents sought by the subpoena "serve[] no useful function." Mot. Quash [#84] at 4. Yet TCRG was a *party* to a suit related to this dispute in state court, and TCRG's role in purchasing the right-of-way from Wright is central to DMA's claims that Wright fraudulently sought to sell the right-of-way while ignoring DMA's interest. This is not mere argument—TCRG's own lawyer has accused Wright of fraud. *See* Ex. 1 (Crockett Email).

In short, the documents sought by the subpoena are highly relevant to this lawsuit, and TCRG has not shown that their production would impose an undue burden on TCRG. What's more, DMA has taken reasonable steps to avoid imposing an undue burden on TCRG, including by allowing TCRG to appear for the deposition remotely and to produce documents electronically as well. *Cf.* FED. R. CIV. P. 45(d)(2).

## CONCLUSION

The Court should deny TCRG's motion to quash because DMA's subpoena complies with Rule 45 and seeks information that is highly relevant to DMA's claims in this lawsuit. Moreover, TCRG has not shouldered its burden of establishing any of its privilege objections. Alternatively, DMA asks the Court to modify the subpoena instead of quashing it, and require TCRG to promptly respond.

Respectfully submitted,

/s/ Christopher S. Johns
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

/s/ Timothy Cleveland
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
akrist@clevelandterrazas.com

/s/ Natalie F. Wilson
Natalie F. Wilson
State Bar No. 24076779
LANGLEY & BANACK
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

Andrew R. Seger
State Bar No. 24046815
KEY TERRELL & SEGER
4825 50th Street, Suite A
Lubbock, Texas 79414
806-793-1906
806-792-2135 fax
aseger@thesegerfirm.com

*Attorneys for Frank Daniel Moore
and DMA Properties, Inc.*

7

### CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2020 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Ronald J. Smeberg<br>Charles John Muller, IV<br>MULLER SMEBERG, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john@muller-smeberg.com<br><br>*Counsel for KrisJenn Ranch, LLC,*<br>*Krisjenn Ranch, LLC, Series Uvalde*<br>*Ranch, KrisJenn Ranch, LLC, Series*<br>*Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br>jduke@dbmmlaw.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Shane P. Tobin<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>shane.p.tobin@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party-Defendant, pro se* |
| Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* | |

/s/ Christopher S. Johns
Christopher S. Johns