## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| **KRISJENN RANCH, LLC** | § | |
| *Debtor* | § | **Case No. 20-50805** |
| | § | |

---

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** | § | |
| **KRISJENN RANCH, LLC-SERIES** | § | |
| **UVALDE RANCH, and KRISJENN** | § | |
| **RANCH, LLC-SERIES PIPELINE** | § | |
| **ROW as successors in interest to** | § | |
| **BLACKDUCK PROPERTIES, LLC,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DMA PROPERTIES, INC., and** | § | |
| **LONGBRANCH ENERGY, LP,** | § | **Adversary No. 20-05027** |
| *Defendants* | § | |

---

| | | |
|---|---|---|
| **DMA PROPERTIES, INC** | § | |
| *Cross-Plaintiff/Third Party Plaintiff* | § | |
| **v.** | § | |
| **KRISJENN RANCH, LLC,** | § | |
| **KRISJENN RANCH, LLC-SERIES** | § | |
| **UVALDE RANCH, and KRISJENN** | § | |
| **RANCH, LLC-SERIES PIPELINE ROW,** | § | **Adversary No. 20-05027** |
| **BLACK DUCK PROPERTIES, LLC,** | § | |
| **LARRY WRIGHT, and JOHN TERRILL** | § | |
| *Cross-Defendants/Third-Party* | § | |
| *Defendants* | | |

### KRISJENN RANCH, LLC, KRISJENN RANCH, LLC-SERIES UVALDE RANCH, AND KRISJENN RANCH, LLC-SERIES PIPELINE ROW, AS SUCCESSORS IN INTEREST TO BLACK DUCK PROPERTIES, LLC'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DMA PROPERTIES, INC. AND FRANK DANIEL MOORE

TO THE HONORABLE CHIEF BANKRUPCY JUDGE RONALD B. KING:

COME NOW Debtors, Plaintiffs, and Counter-Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, and KrisJenn Ranch, LLC-Series Pipeline Row (collectively the "Debtors"), and file this Motion to Compel Discovery Responses to the Debtors First and Second Discovery Requests to DMA Properties, Inc. ("DMA") and Frank Daniel Moore ("Moore") pursuant to Rule 37 of the Federal Rules of Civil Procedure, and would respectfully show as follows:

**I.**
**<u>BACKGROUND</u>**

1.  On August 19, 2020, the Debtors propounded their:

    a.  First Set of Interrogatories to DMA;

    b.  First Set of Interrogatories to Moore;

    c.  Second Set of Requests for Production to DMA;

    d.  First Set of Requests for Production to Moore; and

    e.  Second Set of Requests for Production to Moore (collectively the "Discovery Requests").

2.  On September 21, 2020, approximately thirty-three days later, DMA and Moore served their responses to the Discovery Requests.  True and correct copies of the responses are attached hereto as **Exhibits A**, **B**, **C**, **D**, and **E**, respectively (collectively the "Second Discovery Responses").

3.  Prior, on June 5, 2020, the Debtors propounded their First Set of Requests for Production to DMA.  The parties agreed to an extension of time to respond.  On July 21, 2020 DMA provided its responses and objections.  A true and correct copy of DMA's responses are attached hereto as **Exhibit F** (Exhibits A through F are collectively referred to as the "Discovery Responses").

4. On September 23, 2020, counsel for Debtors indicated that they would be withdrawing notices of intent to depose Moore and the corporate representatives of DMA and SCMED Oilfield Consulting, Inc. ("SCMED"), previously scheduled on September 25, 2020, on the basis that written discovery objections and document production issues remained outstanding. Additionally, Debtors requested, but not received, alternative deposition dates for Moore, DMA, and SCMED.

5. On August 21, 2020 DMA produced a number of disorganized documents, merged into a single PDF file. These documents, Bates labeled DMA 000001-005824, have never been identified or referenced in any written discovery response in this case.

6. Discovery in this matter is set to close on November 18, 2020. As such, the time to produce and process responsive documents and depose the Third-Party Plaintiffs will soon conclude

## II.
## ARGUMENT

### A. *Objections were waived due to timeliness of responses.*

7. "The party to whom the request is directed must respond in writing within 30 days of being served or – if the request was delivered under Rule 26(d)(2) – within 30 days after the parties first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." FED. R. CIV. P. 34(2)(A). The Fifth Circuit has held that, absent good cause, "when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); *see also Ransom v. Patel Enterprises, Inc.*, No. A-10-CA-857, 2011 WL 3439255, at *2 (W.D. Tex. Aug. 5, 2011). Here, DMA and Moore served their responses by email three days after the response deadline had elapsed. *See* Exhibits A, B, C, D, and E. While normally thirty-three days would likely be found to be a reasonable mistake, the fact that the Second Discovery Responses were late combined with the fact that documents produced have not been identified as responsive in any of

DMA or Moore's responses shows a conscience indifference for compliance with the Rules. As such, all objections contained in the Second Discovery Responses should be waived, and the Court should compel production.

**B.** ***General Objections are improper.***

8. Included in each of the Discovery Responses are general objections which state:

> This preliminary statement and these general objections are incorporated in the response to every request for production and interrogatory below. DMA[/Moore] is attempting to answer and respond to Defendants' requests for production and interrogatories in good faith and based on its understanding of the requests. DMA[/Moore]'s discovery efforts and investigation of facts pertaining to DMA[/Moore]'s claims are ongoing, and DMA reserves the right to supplement these responses as the case progresses.

> DMA[/Moore] generally objects to any request that can be read to include a request for privileged information. Additionally, DMA[/Moore] is willing to confer with Defendants in good faith regarding any and all objections asserted in response to these requests. *See e.g.* Ex A at 4.

9. "Any party resisting discovery must, for each request, specifically support each individual objection. Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to [a discovery request]." *In re Adkins Supply, Inc.*, 555 B.R. 579, 587-88 (Bankr. N.D. Tex. 2016). Moreover, "[t]he Fifth Circuit requires a party who objects to a discovery to specifically show how each request for production is burdensome or irrelevant." *Hernandez v. Frazier*, No. SA-11-CA-9-FB, 2012 U.S. Dist. LEXIS 193992, at*11 (W.D. Tex. 2012). Here, because DMA and Moore have asserted global objections, it is unknown whether either responding party has withheld the production of documents with respect to *any* request on the basis of these improper objections. The global objections are improper on their face and must be overruled.

### C. *Documents are being improperly withheld on the basis of privilege.*

10. The vast majority of DMA and Moore's responses, that do not begin with an objection to the Debtor's discovery requests, are qualified, and state "DMA[/Moore] will produce all documents responsive to this request that are located after conducting a reasonably diligent search, *except to the extent those files are protected by attorney-client privilege*." *See* Exhibits A, B, C, D, E, and F (emphasis added). The ambiguous nature of this response makes it impossible to discern whether responsive documents to each request are being withheld or whether DMA and Moore are simply reserving the right to claim a privilege.

11. Rule 34(b)(2)(C) requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." "To successfully withhold otherwise discoverable information by claiming privilege, a party must make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection". *In re Adkins Supply*, 555 B.R. at 587 (analyzing FED. R. CIV. P. 26(b)(5)(A)(ii)). Further, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose answer, or respond." FED. R. CIV. P. 37(a)(4). Here, DMA and Moore have essentially made global assertions that documents may be withheld on the basis of attorney-client privilege. As with their global objections, this repeatedly-used response fails to specifically address each individual request and is improper because the responses are evasive and do not allow for the Debtors to discern whether production will be made or withheld on the basis of privilege. Accordingly, DMA and Moore should be compelled to amend their answer and produce all responsive documents.

**D.  *DMA and Moore's individual objections are improper.***

12. Rule 26(b) of the Federal Rules of Civil Procedure holds:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. FED. R. CIV. P. 26(b)(1).

Rule 26 explains that a party has discretion to seek discovery so long as the information sought is relevant to any party's claim or defense. *See id.*

> a.  *DMA's and Moore's Object on the basis that certain requests are overbroad and unduly burdensome.*

13. DMA and Moore object to a number of written discovery requests on the basis they are overbroad and unduly burdensome. Specifically, DMA objects to Interrogatories 1, 2, 3, 5, 6, 12, 14, and 20; Moore objects to Interrogatories 1, 2, 3, 5, 6, 13, and 19; DMA objects to Debtors First Requests for Production 13, 16, 17,18, 20, and 21, while Moore objects to Debtors First Requests for Production 11, 12, 15, 16, 17, 18, 19, and 20. *See* Exhibits A, B, D, F.

14. A request is overbroad when it calls for information outside the bounds of Rule 26. Courts have held that a request may be overbroad when it is not limited temporally or geographically. *See e.g. Hopkins v. Green DOT Corp.*, NO. SA-16-CA-00365-DAE, 2016 U.S. Dist. LEXIS 194781 (W.D. Tex. 2016). Similarly, courts have held that "simply objecting to requests as overly broad, burdensome, oppressive and irrelevant, without showing 'specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive' is inadequate to 'voice a successful objection'" *Crownover v. Crownover*, NO. 2:15-CV-1322222-AM-CW, 2017 U.S. Dist. LEXIS 223994 (W.D. Tex. 2017) (citing *Heller v. City of Dallas*, 303 F.R.D. 466, 483-84).

15. As a threshold issue, DMA and Moore have asserted more than twenty-seven causes of action, in the aggregate, against Debtors. Moore and DMA's vast array of claims against the Debtors include, but are not limited to, causes of action for: Breach of Contract; Aiding and Abetting Breach of Fiduciary Duty, Tortious Interference with a Contract; Promissory Estoppel; and Aiding and Abetting Fraud. These causes of action accuse the debtors of particularly egregious conduct and Debtors have propounded limited discovery to uncover the basis of these claims.

16. In light of these numerous causes of action, Debtors have propounded a limited number of discovery requests (no more than 75 requests for production from each of the Third-Party Plaintiffs/Defendants). These requests have been tailored to discovery evidence that it narrow in temporal scope because they only apply to the time period between Black Duck's dealings with the ROW and the current date, a span of only four years. Moreover, the vast majority of documents sought would have been created or modified between 2016-2018. Moreover, the requests have been narrowly tailored to request information related to the parties in this case and parties referenced by DMA and Moore in this case. Because the requests are temporally narrow and limited in subject, they are not overbroad.

17. Moreover, a party must outright not refuse to respond to a discovery request. Rather, a party is charged with answering, based on their personal knowledge, to the extent that a request is not objected to. DMA and Moore have refused to respond to multiple interrogatories on the basis of their blanket objections. Where they have responded, all such responses have been "subject to" the foregoing objection. "Responding to interrogatories and document requests "subject to" and/or "without waiving" objections is manifestly confusing (at best) and misleading (at worse), and has no basis in the Federal Rules of Civil Procedure." *Hitchcock v. Steak N Shake, Inc.*, No. SA-16-CA-00922-XR, 2017 U.S. Dist. LEXIS 223962, at *11-12 (W.D. Tex. 2017). As such, these

objections must be overruled and responses amended to comport with the Federal Rules of Civil Procedure.

>    b.  *DMA and Moore object on the basis that certain requests require they marshal all facts in advance of trial.*

18. DMA and Moore object to a number of written discovery requests on the basis they require they marshal all of their evidence prior to trial. Specifically, DMA objects to Interrogatories 7, 16, and 18, Moore objects to Interrogatories 7, 15, and 17 on the basis that they require them to marshal all facts in advance of trial. *See* Exhibits A, B.

19. Evaluating whether a marshaling objection is proper requires Defendant again makes no effort to carry its burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address—insofar as that information is available to it--the factors enumerated in Rule 26(b)(1). *Hitchcock v. Steak N Shake, Inc.*, No. SA-16-CA-00922-XR, 2017 U.S. Dist. LEXIS 223962, at \*15 (W.D. Tex. 2017). Where a marshaling objection fails to make such a calculation, as in the instant case, it must be found to be impermissibly general and conclusory, and must be overruled. *See id*.

>    c.  *DMA and Moore object on the basis that certain requests prematurely call for expert testimony.*

20. DMA and Moore object to a number of written discovery requests on the basis they requires expert testimony. Specifically, DMA objects to Interrogatories 9, 15, 17, and 19, while Moore objects to Interrogatories 9, 11, 14, 16, and 18 on these bases. *See* Exhibits A, B. Courts in the Fifth Circuit have held that such objections to interrogatories do not relieve the responding party from the obligation to respond to the extent that the information requests is not the subject of expert testimony. *Factus, SA v. ZTE Corp.*, No. 3:18-CV-2838-K, 2019 U.S. Dist. LEXIS 190726 (N.D. Tex. 2019). As such, DMA and Moore have an obligation to respond to each of the foregoing

requests to the extent they can, based on their personal knowledge.  Their responses, while not dispositive of the issues in this case, provide an understanding of their position and must be compelled.

> *d.  DMA and Moore object on the basis that certain requests call for information in the possession of the Debtors.*

21.  DMA objects to Debtors' Second Requests for Production 4, 5, 6, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, ,26, 27, and 28 and Moore objects to Debtors' Second Requests for Production 4, 5, 6, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, ,26, 27, and 28 on the basis they seek information in the possession of the Debtors.  *See* Exhibits C, E.

22. This objection has no basis in law or fact.  To sustain such objection would vitiate the purpose of discovery.

**E.  <u>DMA and Moore should be compelled to identify and produce all responsive documents within five days.</u>**

23. Each of DMA and Moore's responses, that do not contain a specific objection, state "DMA[/Moore] will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client privilege."  *See* Ex. A, B, C, D, E, and F.  Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure provides that:

[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

24. In this case, not only did DMA and Moore produce their Second Discovery Responses late, but, despite their September 21, 2020 representation that they would "produce all documents responsive to th[e] request", both have failed to identify a single responsive document.  A response

that fails to produce before the time stated in the request, merely states that documents will be produced, and does not specify another reasonable time in the response is contrary to Rule 34. *See* FED. R. CIV. P. 34 (b)(2)(B). Accordingly, this Court should compel DMA and Moore to amend their answers to comply with Rule 34 and produce and identify immediately or at a reasonable time to be determined by the Court.

25. Discovery in this matter is set to close on November 18, 2020 and trial is set for December 7, 2020, less than sixty days from the date of this filing. Notwithstanding their lack of production, DMA has conducted multiple depositions and argued a dispositive motion in this case. Their lack of production and global objections can only be construed as an effort to delay the Debtors' ability to adequately prepare for trial and the depositions of Moore and DMA's corporate representative. Producing within the next week is critical to ensuring the Debtors are adequately prepared to take the depositions of Moore and DMA's corporate representative, as well as being ultimately prepared for trial.

### F. *Debtors are entitled to their fees for this motion.*

26. Rule 37(a)(5) of the Federal Rules of Civil Procedure holds that "if the motion is granted— or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." DMA and Moore have evidenced their intent to refrain from producing documents in this case and qualifying responses to narrow the scope of discoverable information. As such, this Court should compel the production of responsive documents and award the Debtors their fees associated with bringing this motion.

### G.  *Certificate of Conference.*

27. The undersigned counsel hereby certifies that, prior to filing this motion, a good faith attempt was made to confer with counsel for DMA and Moore about the relief sought herein.

WHEREFORE PREMISES  CONSIDERED Debtors pray that this Court issue an order overruling DMA Properties, Inc.'s and Frank Daniel Moore's objections to the Discovery and Compelling the production of responsive documents, and for such further relief as the Court may deemed them justly entitled.

Dated: October 20, 2020.

Respectfully submitted,

MULLER SMEBERG, PLLC

By: _/s/ *John Muller*_____
    C. John Muller IV
    State Bar No. 24070306
    john@muller-smeberg.com
    Ronald J. Smeberg
    State Bar No.
    24033967
    ron@smeberg.com
    Ezekiel J. Perez
    State Bar No. 24096782
    zeke@muller-smeberg.com
    111 W. Sunset Rd.
    San Antonio, TX 78209
    Telephone: 210-664-5000
    Facsimile: 210-598-7357

ATTORNEYS FOR DEBTORS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 20th day of October 2020:

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP
and DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
Attorneys for DMA Properties, Inc.

Natalie Wilson
LANGLEY & BANACK, INC.
745 East Mulberry Avenue | Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

William Germany
BAYNE, SNELL, & KRAUSE
1250 NE Loop 410, Ste. 725
San Antonio, Texas 78209
T- (210) 824-3278
F- (210) 824-3937
wgermany@bskaw.net
Attorney for Larry Wright

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
shane.p.tobin@usdoj.gov
United States Trustee

_/s/ John Muller_____  _____
C. John Muller IV