# EXHIBIT D

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: § | | |
| § | Chapter 11 | |
| KrisJenn Ranch, LLC, § | | |
| § | Case No. 20-50805 | |
| *Debtor* § | | |
| § | | |
| § | | |
| | | |
| KrisJenn Ranch, LLC, KrisJenn Ranch, § | | |
| LLC–Series Uvalde Ranch, and KrisJenn § | | |
| Ranch, LLC–Series Pipeline ROW, as § | | |
| successors in interest to Black Duck § | | |
| Properties, LLC, § | | |
| § | Adversary No. 20-05027 | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | | |
| § | | |
| DMA Properties, Inc. and Longbranch § | | |
| Energy, LP, § | | |
| § | | |
| *Defendants*. § | | |
| | | |
| DMA Properties, Inc., § | | |
| § | | |
| *Cross-Plaintiff/Third-Party Plaintiff* § | | |
| § | | |
| v. § | | |
| § | | |
| KrisJenn Ranch, LLC, KrisJenn Ranch, § | | |
| LLC–Series Uvalde Ranch, and KrisJenn § | Adversary No. 20-05027 | |
| Ranch, LLC–Series Pipeline ROW, Black § | | |
| Duck Properties, LLC, Larry Wright, and § | | |
| John Terrill, § | | |
| § | | |
| *Cross-Defendants/Third-Party* § | | |
| *Defendants* § | | |
| § | | |

1

## FRANK DANIEL MOORE'S RESPONSES AND OBJECTIONS
## TO KRISJENN'S FIRST REQUESTS FOR PRODUCTION

Frank Daniel Moore hereby serves his responses and objections to KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW First Requests for Production.

    Respectfully,

    /s/ Christopher S. Johns
    Christopher S. Johns
    State Bar No. 24044849
    Christen Mason Hebert
    State Bar No. 24099898
    JOHNS & COUNSEL PLLC
    14101 Highway 290 West, Suite 400A
    Austin, Texas 78737
    512-399-3150
    512-572-8005 fax
    cjohns@johnsandcounsel.com
    chebert@johnsandcounsel.com

    /s/ Timothy Cleveland
    Timothy Cleveland
    State Bar No. 24055318
    CLEVELAND | TERRAZAS PLLC
    4611 Bee Cave Road, Suite 306B
    Austin, Texas 78746
    512-689-8698
    tcleveland@clevelandterrazas.com

    *Attorneys for Frank Daniel Moore and DMA Properties, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2020 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Ronald J. Smeberg<br>Charles John Muller, IV<br>MULLER SMEBERG, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john@muller-smeberg.com<br><br>*Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, KrisJenn Ranch, LLC, Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br>jduke@dbmmlaw.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Shane P. Tobin<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>shane.p.tobin@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party-Defendant, pro se* |
| Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* | |

    /s/ Christopher S. Johns
    Christopher S. Johns

3

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

This preliminary statement and these general objections are incorporated in the response to every request for production and interrogatory below. Moore is attempting to answer and respond to Defendants' requests for production and interrogatories in good faith and based on his understanding of the requests. Moore's discovery efforts and investigation of facts pertaining to Moore's claims are ongoing, and Moore reserves the right to supplement these responses as the case progresses.

Moore generally objects to any request that can be read to include a request for privileged information. Additionally, Moore is willing to confer with Defendants in good faith regarding any and all objections asserted in response to these requests.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce your entire file for the Right-of-Way, including any files concerning a potential pipeline or any other projects related to the Right-of-Way.

> **RESPONSE**: Moore will produce all files related to the Right-of-Way that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents and communications relating to the Right-of-Way or any potential pipeline or other project related to the Right-of-Way.

> **RESPONSE:** Moore will produce all documents and communications related to the Right-of-Way that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 3:** Produce any pro formas, presentations, brochures, financial projections, and/or any other investment materials relating to the Right-of-Way, including any potential pipeline or other projects relating to the Right-of-Way.

> **RESPONSE:** Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 4:** Produce all valuations and/or appraisals relating to the Right-of-Way, including any potential pipeline or other projects relating to the Right-of-Way.

4

> **RESPONSE:** Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 5:** Produce all communications with Wright relating to the Right-of-Way, including any potential pipeline or other projects relating to the Right-of-Way.

> **RESPONSE:** Moore will produce all communications responsive to this request that are located after conducting a reasonably diligent search, except to the extent protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 6:** Produce all minutes of any meetings of DMA that relate to the Right-of-Way.

> **RESPONSE:** Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 7:** Produce all communications with Pigg relating to the Right-of-Way, including, but not limited to, any potential pipeline or other projects relating to the Right-of-Way.

> **RESPONSE:** Moore will produce all nonprivileged communications responsive to this request that are located after conducting a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 8:** Produce all communications with Terrill relating to the Right-of-Way, including any potential pipeline or other projects relating to the Right-of-Way.

> **RESPONSE:** Moore will produce all communications responsive to this request that are located after conducting a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 9:** Produce all communications with TCRG relating to the Right-of-Way, including any potential pipeline or other projects relating to the Right-of-Way.

> **RESPONSE:** Moore will produce all communications responsive to this request that are located after conducting a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 10:** Produce all communications with any third party (including Borders) relating to the Right-of-Way, including any potential pipeline or other projects relating to the Right-of-Way.

> **RESPONSE:** Moore will produce all communications responsive to this request that are

located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client, work-product, or other applicable privilege.

**REQUEST FOR PRODUCTION NO. 11:** Produce all agreements between you and Terrill.

**RESPONSE:** Moore objects that this request is overbroad and seeks information that is outside the scope of discovery because it is not relevant to any of the parties' pending claims or defenses. Subject to that objection, Moore will produce all agreements with Terrill relating to the Right-of-Way that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 12:** Produce all agreements between you and Longbranch.

**RESPONSE:** Moore objects that this request is overbroad and seeks information that is outside the scope of discovery because it is not relevant to any of the parties' pending claims or defenses. Subject to that objection, Moore will produce all agreements with Longbranch relating to the Right-of-Way that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 13:** Produce all agreements between you and any third party relating to the Right-of-Way, including any potential pipeline or other projects relating to the Right-of-Way.

**RESPONSE:** Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 14:** Produce all minutes of any meetings of DMA that relate to the Right-of-Way.

**RESPONSE:** Moore objects that this response is duplicative and redundant with Request for Production No. 6. Subject to that objection, Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 15:** Produce all documents that reflect any agreements and/or transactions between DMA and Longbranch.

**RESPONSE:** Moore objects that this request is duplicative and redundant with Request for Production No. 13. Moore also objects that this request is overbroad and seeks

6

> information that is outside the scope of discovery because it is not relevant to any of the parties' pending claims or defenses. Subject to those objections, Moore will produce all agreements with Longbranch relating to the Right-of-Way that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 16:** Produce all communications with Wright relating to Black Duck.

> **RESPONSE:** Moore objects that this request is overbroad and seeks information outside the scope of discovery. Specifically, this request seeks "all communications" relating to Black Duck, irrespective of any nexus between those communications and the parties' pending claims or defenses. Subject to those objections, Moore will produce all communications related to DMA's claims that are located after conducting a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 17:** Produce all communications with Longbranch relating to Black Duck.

> **RESPONSE:** Moore objects that this request is overbroad and seeks information outside the scope of discovery. Specifically, this request seeks "all communications" relating to Black Duck, irrespective of any nexus between those communications and the parties' pending claims or defenses. Subject to those objections, Moore will produce all communications related to DMA's claims that are located after conducting a reasonably diligent search, except to the extent those communications are protected by attorney-client, work-product, or other applicable privilege.

**REQUEST FOR PRODUCTION NO. 18:** Produce all communications with Pigg relating to Black Duck.

> **RESPONSE:** Moore objects that this request is overbroad and seeks information outside the scope of discovery. Specifically, this request seeks "all communications" relating to Black Duck, irrespective of any nexus between those communications and the parties' pending claims or defenses. Subject to those objections, Moore will produce all communications related to DMA's claims that are located after conducting a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 19:** Produce all communications with Terrill relating to Black Duck.

> **RESPONSE:** Moore objects that this request is overbroad and seeks information outside the scope of discovery. Specifically, this request seeks "all communications"

relating to Black Duck, irrespective of any nexus between those communications and the parties' pending claims or defenses. Subject to those objections, Moore will produce all nonprivileged communications related to Moore or DMA's claims that are located after conducting a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 20:** Produce all communications with TCRG relating to Black Duck.

**RESPONSE:** Moore objects that this request is overbroad and seeks information outside the scope of discovery. Specifically, this request seeks "all communications" relating to Black Duck, irrespective of any nexus between those communications and the parties' pending claims or defenses. Subject to those objections, Moore will produce all communications related to Moore or DMA's claims that are located after conducting a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents and communications relating to any inquiries by You and/or Borders related to any lease of the Right-of-Way.

**RESPONSE:** Moore will produce all documents and communications responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 22:** Produce all documents and communications relating to any inquiries by You and/or Borders related to any purchase of the Right-of-Way.

**RESPONSE:** Moore will produce all documents and communications responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 23:** Produce all documents and communications relating to Longbranch's assignment of the option to buy the Right-of-Way to Black Duck.

**RESPONSE:** Moore will produce all documents and communications responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 24:** Produce all documents and communications relating to any 20% net-profits interest assigned to Longbranch by Black Duck.

**RESPONSE:** Moore will produce all documents and communications responsive to this

request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 25:** Produce all documents and communications relating to the Longbranch Assignment.

**RESPONSE:** Moore will produce all documents and communications responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 26:** Produce all communications with Wright relating to the Longbranch Assignment.

**RESPONSE:** Moore will produce all communications responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 27:** Produce all communications with Longbranch relating to the Longbranch Assignment.

**RESPONSE:** Moore will produce all communications responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 28:** Produce all communications with Pigg relating to the Longbranch Assignment.

**RESPONSE:** Moore will produce all nonprivileged communications responsive to this request that are located after conducting a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 29:** Produce all communications with Terrill relating to the Longbranch Assignment.

**RESPONSE:** Moore will produce all communications responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 30:** Produce all communications with TCRG relating to the Longbranch Assignment.

**RESPONSE:** Moore will produce all communications responsive to this request that are located after conducting a reasonably diligent search, except to the extent

those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 31:** Produce all communications with Pigg relating to the DMA Agreement.

**RESPONSE:** Moore will produce all nonprivileged communications responsive to this request that are located after conducting a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 32:** Produce all communications with Terrill relating to the DMA Agreement.

**RESPONSE:** Moore will produce all communications responsive to this request that are located after conducting a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 33:** Produce all documents and communications relating to any letter of intent signed by Wright and Terrill.

**RESPONSE:** Moore will produce all documents and communications responsive to this request that are located after conducting a reasonably diligent search, except to the extent protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 34:** Produce all documents and communications relating to any inquiries by You and/or Borders related to any monetization, leasing, or selling of the Right-of-Way.

**RESPONSE:** Moore will produce all documents and communications responsive to this request that are located after conducting a reasonably diligent search, except to the extent protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 35:** Produce all communications with any lender, relating to financing for the purchase or sale of the Right-of-Way.

**RESPONSE:** Moore will produce all communications responsive to this request that are located after conducting a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 36:** Produce all documents and communications relating to Your resignation from Black Duck.

**RESPONSE:** Moore will produce all documents and communications responsive to this request that are located after conducting a reasonably diligent search, except to the extent protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 37:** Produce all documents and communications relating to any 20% net-profits interest assigned to Moore/DMA Properties by Black Duck.

> **RESPONSE:** Moore will produce all documents and communications responsive to this request that are located after conducting a reasonably diligent search, except to the extent protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 38:** Produce all documents and communications relating to the DMA Agreement.

> **RESPONSE:** Moore will produce all documents and communications responsive to this request that are located after conducting a reasonably diligent search, except to the extent protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 39:** Produce all communications with Borders relating to the DMA Agreement.

> **RESPONSE:** Moore will produce all communications responsive to this request that are located after conducting a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 40:** Produce all documents and communications relating to any inquiries by third parties related to any monetization of the Right-of-Way.

> **RESPONSE:** Moore will produce all documents and communications responsive to this request that are located after conducting a reasonably diligent search, except to the extent protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 41:** Produce all documents and communications relating to any inquiries by third parties related to leasing or renting the Right-of-Way.

> **RESPONSE:** Moore will produce all documents and communications responsive to this request that are located after conducting a reasonably diligent search, except to the extent protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 42:** Produce all documents and communications relating to any inquiries by third parties related to purchasing or selling the Right-of-Way.

> **RESPONSE:** Moore will produce all documents and communications responsive to this request that are located after conducting a reasonably diligent search, except to the extent protected by attorney-client or work-product privilege.