# EXHIBIT E

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § § § § § § § | Chapter 11 |
| KrisJenn Ranch, LLC, | | |
| *Debtor* | | Case No. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC, | § § § § § § § § § § § § § § | |
| *Plaintiffs*, | | Adversary No. 20-05027 |
| v. | | |
| DMA Properties, Inc. and Longbranch Energy, LP, | | |
| *Defendants*. | | |

| | | |
|---|---|---|
| DMA Properties, Inc. and Frank Daniel Moore, | § § § § § § § § § § § § § § | |
| *Cross-Plaintiffs/Third-Party Plaintiffs*, | | |
| v. | | Adversary No. 20-05027 |
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, Black Duck Properties, LLC, Larry Wright, and John Terrill, | | |
| *Cross-Defendants/Third-Party Defendants*. | | |

1

## FRANK DANIEL MOORE'S RESPONSES AND OBJECTIONS
## TO KRISJENN'S SECOND REQUESTS FOR PRODUCTION

Frank Daniel Moore hereby serves his responses and objections to KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW Second Requests for Production.

Respectfully,

/s/ Christopher S. Johns
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

/s/ Timothy Cleveland
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
akrist@clevelandterrazas.com

*Attorneys for Frank Daniel Moore and DMA Properties, Inc.*

2

# CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Ronald J. Smeberg<br>Charles John Muller, IV<br>MULLER SMEBERG, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john@muller-smeberg.com<br><br>*Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, KrisJenn Ranch, LLC, Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br>jduke@dbmmlaw.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Shane P. Tobin<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>shane.p.tobin@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party-Defendant, pro se* |
| Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* | |

/s/ Christopher S. Johns
Christopher S. Johns

3

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

This preliminary statement and these general objections are incorporated in the response to every request for production and interrogatory below. Moore is attempting to answer and respond to Defendants' requests for production and interrogatories in good faith and based on his understanding of the requests. Moore's discovery efforts and investigation of facts pertaining to Moore's claims are ongoing, and Moore reserves the right to supplement these responses as the case progresses.

Moore generally objects to any request that can be read to include a request for privileged information. Additionally, Moore is willing to confer with Defendants in good faith regarding any and all objections asserted in response to these requests.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents showing or referencing the capital that SCMED contributed to Black Duck.

> **RESPONSE**: Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents showing or referencing that SCMED resigned or otherwise ceased to be an owner of Black Duck.

> **RESPONSE**: Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents showing or referencing the potential buyers for the ROW that SCMED identified, including but not limited to your email correspondence with such persons.

> **RESPONSE**: Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 4:** Produce all documents showing or referencing the potential buyers for the ROW that Wright identified, including but not limited to your email correspondence with such persons.

> **RESPONSE:** Moore objects that this request seeks documents that are already in Defendants' possession. Subject to this objection, Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search.

4

**REQUEST FOR PRODUCTION NO. 5:** Produce all documents showing or referencing the potential investors and/or deal terms that Wright repeatedly objected to and prevented a deal from being reached.

> **RESPONSE:** Moore objects that this request seeks documents that are already in Defendants' possession. Subject to this objection, Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents showing or referencing that Terrill and Wright had secretly been working on a deal to sell the ROW since December 2017.

> **RESPONSE:** Moore objects that this request seeks documents that are already in Defendants' possession. Subject to this objection, Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents that supplement, amend, or otherwise modify the February 3 Email Agreement.

> **RESPONSE**: Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents showing or referencing the actual damages you incurred as a result of Debtors' alleged breach of the February 3 Email Agreement.

> **RESPONSE**: Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 9:** Produce all documents that supplement, amend, or otherwise modify the Harris SWD Agreement.

> **RESPONSE**: Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 10:** Produce all documents showing or referencing the actual damages you incurred as a result of Debtors' alleged breach of the Harris SWD Agreement.

> **RESPONSE**: Moore will produce all documents responsive to this request that are

5

located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 11:** Produce all documents that supplement, amend, or otherwise modify the February 4 Email Agreement.

> **RESPONSE**: Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 12:** Produce all documents showing or referencing the actual damages you incurred as a result of Debtors' alleged breach of the February 4 Email Agreement.

> **RESPONSE**: Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 13:** Produce all documents that supplement, amend, or otherwise modify the DMA Agreement.

> **RESPONSE**: Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 14:** Produce all documents showing or referencing the actual damages you incurred as a result of Debtors' alleged breach of the DMA Agreement.

> **RESPONSE**: Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 15:** Produce all documents showing or referencing the total amount of proceeds from multiple sales of the right-of-way that Debtors hold.

> **RESPONSE:** Moore objects that this request seeks documents which are already in the possession of Defendants, as Defendants were the ones that were effectuating the sales of the right-of-way. Subject to this objection, Moore will produce all documents responsive to this request that can be located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 16:** Produce all documents showing or referencing the property and proceeds received by Wright and/or his entities in connection with the right-of-way for which you seek to impose a constructive trust.

> **RESPONSE:** Moore objects that this request seeks documents which are already in the possession of Defendants, as Defendants were the ones that were effectuating the sales of the right-of-way. Subject to this objection, Moore will produce all documents responsive to this request that can be located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 17:** Produce documents showing or demonstrating that the Debtors or Wright willfully and intentionally interfered with the February 4 Email Agreement and/or DMA Agreement.

> **RESPONSE:** Moore objects that this request seeks documents which are already in the possession of Defendants, as Defendants were the ones that were effectuating the sales of the right-of-way. Subject to this objection, Moore will produce all documents responsive to this request that can be located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 18:** Produce all documents showing or refencing the actual damages you incurred as a result of tortious interference with a contract committed by Debtors.

> **RESPONSE:** Moore objects that this request seeks documents which are already in the possession of Defendants, as Defendants were the ones that were effectuating the sales of the right-of-way. Subject to this objection, Moore will produce all documents responsive to this request that can be located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 19:** Produce all documents showing or referencing the actual damages you incurred as a result of fraud committed by Wright or Black Duck.

> **RESPONSE:** Moore objects that this request seeks documents which are already in the possession of Defendants, as Defendants were the ones that were effectuating the sales of the right-of-way. Subject to this objection, Moore will produce all documents responsive to this request that can be located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 20:** Produce all documents showing the false representations that Debtors, Wright, or Terrill made to you in connection with Wright's actual or claimed capital contributions to Black Duck.

> **RESPONSE:** Moore objects that this request seeks documents which are already in the possession of Defendants, as Defendants were the ones that were effectuating the sales of the right-of-way. Subject to this objection, Moore will produce all documents responsive to

this request that can be located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents that show communications you had with Debtors, Wright, or Terrill that reference SCMED's actual or claimed capital contributions to Black Duck.

> **RESPONSE:** Moore objects that this request seeks documents which are already in the possession of Defendants, as Defendants were the ones that were effectuating the sales of the right-of-way. Subject to this objection, Moore will produce all documents responsive to this request that can be located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 22:** Produce all documents that show communications you had with Debtors, Wright, or Terrill that reference actual or claimed loans to Black Duck.

> **RESPONSE:** Moore objects that this request seeks documents which are already in the possession of Defendants, as Defendants were the ones that were effectuating the sales of the right-of-way. Subject to this objection, Moore will produce all documents responsive to this request that can be located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 23:** Produce all documents that show communications you had with Debtors, Wright, or Terrill that reference actual or claimed liens in the assets of Black.

> **RESPONSE:** Moore objects that this request seeks documents which are already in the possession of Defendants, as Defendants were the ones that were effectuating the sales of the right-of-way. Subject to this objection, Moore will produce all documents responsive to this request that can be located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 24:** Produce all documents that show communications you had with Debtors, Wright, or Terrill that reference prospective buyers that either Wright or SCMED had identified for the ROW.

> **RESPONSE:** Moore objects that this request seeks documents which are already in the possession of Defendants, as Defendants were the ones that were effectuating the sales of the right-of-way. Subject to this objection, Moore will produce all documents responsive to this request that can be located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 25:** Produce all documents that show communications you had with Debtors, Wright, or Terrill that reference the ROW.

**RESPONSE:** Moore objects that this request seeks documents which are already in the possession of Defendants, as Defendants were the ones that were effectuating the sales of the right-of-way. Subject to this objection, Moore will produce all documents responsive to this request that can be located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 26:** Produce all documents that show communications you had with Debtors, Wright, or Terrill that reference any perpetual or carried interest in the ROW.

**RESPONSE:** Moore objects that this request seeks documents which are already in the possession of Defendants, as Defendants were the ones that were effectuating the sales of the right-of-way. Subject to this objection, Moore will produce all documents responsive to this request that can be located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 27:** Produce all documents that show communications you had with Debtors, Wright, or Terrill that reference any perpetual or carried interest in the ROW that runs with the land.

**RESPONSE:** Moore objects that this request seeks documents which are already in the possession of Defendants, as Defendants were the ones that were effectuating the sales of the right-of-way. Subject to this objection, Moore will produce all documents responsive to this request that can be located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 28:** Produce all documents showing or referencing the actual damages you incurred as a result of the conduct of Wright or Black Duck.

**RESPONSE:** Moore objects that this request seeks documents which are already in the possession of Defendants, as Defendants were the ones that were effectuating the sales of the right-of-way. Subject to this objection, Moore will produce all documents responsive to this request that can be located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 29:** Produce all documents constituting a contract or engagement letter for legal services relating to your representation in this case.

**RESPONSE**: Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 30:** Produce all documents constituting invoices or fee bills you received for legal services incurred in this case.

> **RESPONSE**: Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 31:** Produce all documents that relate to the Bigfoot Energy note or note payments.

> **RESPONSE**: Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 32:** Produce all documents that show communications you had with Debtors, Wright, or Terrill that reference or relate to the Bigfoot Energy note or note payments.

> **RESPONSE**: Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.

**REQUEST FOR PRODUCTION NO. 33:** Produce all documents showing or referencing funds that were paid by Bigfoot Energy Services, LLC to Black Duck.

> **RESPONSE**: Moore will produce all documents responsive to this request that are located after conducting a reasonably diligent search, except to the extent those files are protected by attorney-client or work-product privilege.