## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| **KRISJENN RANCH, LLC** | § | |
| *Debtor* | § | **Case No. 20-50805** |
| | § | |

_____

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** | § | |
| **KRISJENN RANCH, LLC-SERIES** | § | |
| **UVALDE RANCH, and KRISJENN** | § | |
| **RANCH, LLC-SERIES PIPELINE** | § | |
| **ROW as successors in interest to** | § | |
| **BLACKDUCK PROPERTIES, LLC,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DMA PROPERTIES, INC., and** | § | |
| **LONGBRANCH ENERGY, LP,** | § | **Adversary No. 20-05027** |
| *Defendants* | § | |

_____

| | | |
|---|---|---|
| **DMA PROPERTIES, INC** | § | |
| *Cross-Plaintiff/Third Party Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **KRISJENN RANCH, LLC,** | § | |
| **KRISJENN RANCH, LLC-SERIES** | § | |
| **UVALDE RANCH, and KRISJENN** | § | |
| **RANCH, LLC-SERIES PIPELINE ROW,** | § | **Adversary No. 20-05027** |
| **BLACK DUCK PROPERTIES, LLC,** | § | |
| **LARRY WRIGHT, and JOHN TERRILL** | § | |
| *Cross-Defendants/Third-Party* | § | |
| *Defendants* | § | |

**KRISJENN RANCH, LLC, KRISJENN RANCH, LLC-SERIES UVALDE RANCH,
AND KRISJENN RANCH, LLC-SERIES PIPELINE ROW, AS SUCCESSORS IN
INTEREST TO BLACK DUCK PROPERTIES, LLC'S SECOND AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO FRANK DANIEL MOORE'S AMENDED
<u>COUNTERCLAIMS AND THIRD-PARTY CLAIMS</u>**

TO THE HONORABLE CHIEF BANKRUPCY JUDGE RONALD B. KING:

1

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended
Counterclaims and Third-Party Claims*

COME NOW Debtors, Claimants, and Third-Party Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, KrisJenn Ranch, LLC-Series Pipeline Row, and KrisJenn Ranch, LLC as successor In Interest to Black Duck Properties, LLC (collectively the "Debtors"), hereby answer the Amended Complaint of Defendant and Third-Party Plaintiff Frank Daniel Moore as follows:

## PARTIES

1.    Paragraph 1 is admitted.

2.    Paragraph 2 is admitted.

3.    Paragraph 3 is admitted.

4.    Paragraph 4 is admitted.

5.    Paragraph 5 is admitted.

6.    Paragraph 6 is denied.

7.    Paragraph 7 is admitted.

8.    Paragraph 8 is admitted.

9.    Paragraph 9 is admitted.

10.    Paragraph 10 is admitted.

11.    Paragraph 11 is admitted.

## JURISDICTION AND VENUE

12.    Paragraph 12 is admitted.

13.    Paragraph 13 is admitted.

14.    Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 14.  Debtors are not certain at this time whether adjudication of the claims herein are necessary to the effective reorganization of the Debtors.

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended Counterclaims and Third-Party Claims*

15.     Paragraph 15 is admitted.

## FACTUAL BACKGROUND

16.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 16.

17.     Debtors admit that Moore met Wright during a previous investment deal but otherwise deny the allegations made in Paragraph 17.

18.     Paragraph 18 is denied.

19.     Paragraph 19 is denied.

20.     Paragraph 20 is admitted.

21.     Debtors admit that Wright and Moore formed Black Duck Properties, LLC but otherwise deny the allegations made in Paragraph 21.

22.     Debtors admit that the ownership structure of Black Duck is stated correctly but otherwise deny the allegations made in Paragraph 22.

23.     Debtors admit that Michael Rodgers handled the formation of Black Duck but otherwise deny the allegations made in Paragraph 23.

24.     Debtors deny that Moore found a buyer but otherwise admit the allegations made in Paragraph 24.

25.     Paragraph 25 is admitted.

26.     Debtors deny that Moore took steps to purchase the right of way but otherwise admit the allegations made in Paragraph 26.

27.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 27.

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended Counterclaims and Third-Party Claims*

28.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 28.

29.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 29.

30.     Paragraph 30 is admitted.

31.     Paragraph 31 is admitted as to the accuracy of the text of the unexecuted Exhibit, but denied as to DMA's interpretation of the agreement.

32.     Paragraph 32 is admitted.

33.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 33.

34.     Paragraph 34 is denied.

35.     The alleged representations made by Wright in Paragraph 35 are denied and Debtors lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 35.

36.     Debtors admit that Wright reimbursed the $25,000, but otherwise deny the allegations in Paragraph 36.

37.     Paragraph 37 is admitted as to the accuracy of the text, denied as to Moore's interpretation of the agreement.

38.     Paragraph 38 is admitted.

39.     Paragraph 39 is denied.

40.     Debtors admit Black Duck paid for extensions but otherwise deny the allegations made in Paragraph 40.

41.     Paragraph 41 is denied.

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended*
*Counterclaims and Third-Party Claims*

42.     Paragraph 42 is denied.

43.     Paragraph 43 is denied.

44.     Paragraph 44 is denied.

45.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 45.

46.     Paragraph 46 is admitted.

47.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 47.

48.     Debtors admit to the alleged closing date but otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 48.

49.     The alleged representations made by Wright in Paragraph 49 are denied and Debtors lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 49.

50.     Paragraph 50 is denied.

51.     Paragraph 51 is denied.

52.     Debtors admit that a deed of trust was executed on January 18, 2018, but all other allegations made in Paragraph 52 are denied.

53.     Debtors admit that David Strolle drafted the documents and is the trustee, but all other allegations made in Paragraph 53 are denied.

54.      Paragraph 54 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

55.     Debtors admit that Black Duck sought a buyer for the right-of-way, but deny all other allegations made in Paragraph 55.

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended Counterclaims and Third-Party Claims*

56.     Debtors admit that Moore resigned from Black Duck, but otherwise deny the allegations made in Paragraph 56.

57.     Debtors admit there was a written email with terms of resignation but otherwise deny the allegations made in Paragraph 57.

58.     Paragraph 58 is admitted.

59.     Paragraph 59 is admitted.

60.     Debtors admit that the alleged documents were signed but otherwise deny the allegations made in Paragraph 60.

61.     Paragraph 61 states conclusions of law to which no responsive pleading is required. To the extent a response is required, Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 59.

62.     Paragraph 62 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

63.     Paragraph 63 is admitted as to the accuracy of the text, denied as to DMA's interpretation of the agreement.

64.     Paragraph 64 is admitted.

65.     Paragraph 65 is admitted as to the text, denied as to enforceability.

66.     Paragraph 66 is admitted.

67.     Paragraph 67 is denied.

68.     Debtors admit a letter of intent was proposed by John Terrill and signed by Larry Wright but otherwise deny the allegations made in Paragraph 68.

69.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 67.

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended Counterclaims and Third-Party Claims*

70. Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 70.

71. Paragraph 71 is admitted.

72. Paragraph 72 is admitted.

73. Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 73.

74. Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 74.

75. Debtors admit that there was a meeting between the stated persons but otherwise deny the allegations made in Paragraph 75.

76. Debtors admit that the parties drove to the right of way but lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 76.

77. Paragraph 77 is admitted.

78. Debtors admit that Borders called Moore but otherwise deny the allegations made in Paragraph 78.

79. Paragraph 79 is admitted.

80. Paragraph 80 is denied.

81. Debtors deny there was radio silence but lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 81.

82. Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 82.

83. Paragraph 83 is admitted.

84.     Paragraph 84 is denied as to the percentage of Black Duck's retained interest, but is otherwise admitted.

85.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 85.

86.     Paragraph 86 is admitted.

87.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 87.

88.     Paragraph 88 is denied.

89.     Paragraph 89 is denied.

90.     Paragraph 90 is denied.

91.     Debtors admit to the actions were taken by David Strolle, but otherwise deny the allegations made in Paragraph 91.

92.     Paragraph 92 is admitted.

93.     Paragraph 93 is denied.

94.     Debtors deny the existence of a "peaceful resolution" but otherwise admit the allegations made in Paragraph 94.

95.     Debtors admit that KrisJenn Ranch, LLC Series Pipeline ROW paid $2.5 million, but otherwise deny the allegations made in Paragraph 95.

96.     Debtors admit that the foreclosure occurred but otherwise deny the allegations made in Paragraph 96.

97.     Debtors deny there has been a requests for records other than through litigation but otherwise admit the allegations made in Paragraph 97.

98.     Paragraph 98 is denied.

99.    The allegations made in paragraph 99 are admitted to the extent suits were filed but otherwise denied.

100.    Debtors admit that the Court held the venue was not proper but otherwise deny the allegations in Paragraph 100.

101.    Debtors admit that the summary judgment was denied but otherwise deny the allegations made in Paragraph 101.

102.    Paragraph 102 is admitted.

103.    It is admitted that Wright, as principal of the Debtor entities, filed for bankruptcy protection and that he provided discovery responses prior to the bankruptcy filing and that Wright, on behalf of KrisJenn, voluntarily provided responsive documents after the bankruptcy filing.  The allegations made in Paragraph 103 are otherwise denied.

104.    Paragraph 104 is denied.

105.    Paragraph 105 is denied.

106.    Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 106.

## MOORE'S CLAIMS

107.    Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 107.

## CLAIM 1: BREACH OF CONTRACT

108.    In response to Paragraph 108, Debtors reassert all of their responses to Paragraphs 1 to 107 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended Counterclaims and Third-Party Claims*

109.     Paragraph 109 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

110.     Debtors admit the requests correctly quotes the language used in the agreement but otherwise deny the allegations made in Paragraph 110.

111.     Paragraph 111 is denied.

112.     Paragraph 112 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

113.     Paragraph 113 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

114.     Debtors admit that KrisJenn Ranch, LLC is successor-in-interest to Black Duck but otherwise deny the allegations made in Paragraph 114.

115.     Paragraph 115 is denied.

116.     Paragraph 116 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

117.     Paragraph 117 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

118.     Paragraph 118 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 2: BREACH OF FIDUCIARY DUTY

119.     In response to Paragraph 119, Debtors reassert all of their responses to Paragraphs 1 to 118 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

120.     Paragraph 120 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

121.     Paragraph 121 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

122.     Paragraph 122 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

123.     Paragraph 123 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

124.     Paragraph 124 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

125.     Paragraph 125 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

126.     Paragraph 126 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended Counterclaims and Third-Party Claims*

127.      Paragraph 127 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

128.      Paragraph 128 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

129.      Paragraph 129 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 3: KNOWING PARTICIPATION IN BREACH OF FIDUCIARY DUTY

130.      In response to Paragraph 130, Debtors reassert all of their responses to Paragraphs 1 to 129 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

131.      Paragraph 131 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

132.      Paragraph 132 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

133.      Debtors admit that Larry Wright has an ownership in the KrisJenn entities but otherwise deny the allegations made in Paragraph 133.

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended Counterclaims and Third-Party Claims*

134.     Paragraph 134 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

135.     Paragraph 135 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

136.     Paragraph 136 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

137.     Paragraph 137 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

138.     Paragraph 138 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

139.     Paragraph 139 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

140.     Paragraph 140 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended Counterclaims and Third-Party Claims*

141.     Paragraph 141 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

142.     Paragraph 142 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

143.     Paragraph 143 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## **CLAIM 4: TORTIOUS INTERFERENCE WITH CONTRACT**

144.     In response to Paragraph 144, Debtors reassert all of their responses to Paragraphs 1 to 143 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

145.     Paragraph 145 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

146.     Paragraph 146 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

147.     Paragraph 147 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended Counterclaims and Third-Party Claims*

148.     Paragraph 148 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 5: PROMISSORY ESTOPPEL

149.     In response to Paragraph 149, Debtors reassert all of their responses to Paragraphs 1 to 148 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

150.     Paragraph 150 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

151.     Paragraph 151 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

152.     Paragraph 152 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

153.     Paragraph 153 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

154.     Paragraph 154 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 6: FRAUDULENT INDUCEMENT

155.　　In response to Paragraph 155, Debtors reassert all of their responses to Paragraphs 1 to 154 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

156.　　Paragraph 156 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

157.　　Paragraph 157 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

158.　　Paragraph 158 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

159.　　Paragraph 159 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

160.　　Paragraph 160 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

161.　　Paragraph 161 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

162.     Paragraph 162 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 7: FRAUD

163.     In response to Paragraph 163, Debtors reassert all of their responses to Paragraphs 1 to 162 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

164.     Paragraph 164 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

165.     Paragraph 165 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

166.     Paragraph 166 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

167.     Paragraph 167 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

168.     Paragraph 168 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

169.     Paragraph 169 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

170.     Paragraph 170 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

171.     Paragraph 171 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

172.     Paragraph 172 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

173.     Paragraph 173 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

174.     Paragraph 174 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 8: CIVIL CONSPIRACY

175.     In response to Paragraph 175, Debtors reassert all of their responses to Paragraphs 1 to 174 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended Counterclaims and Third-Party Claims*

176.     Paragraph 176 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

177.     Paragraph 177 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 9: UNJUST ENRICHMENT

178.     In response to Paragraph 178, Debtors reassert all of their responses to Paragraphs 1 to 177 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

179.     Paragraph 179 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

180.     Paragraph 180 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 10: DECLARATORY RELIEF

181.     In response to Paragraph 181, Debtors reassert all of their responses to Paragraphs 1 to 180 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

182.     Paragraph 182 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended Counterclaims and Third-Party Claims*

183.     Paragraph 183 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

184.     Paragraph 184 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

185.     Paragraph 185 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

186.     Paragraph 186 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 11: NONDISCHARGEABILITY OF DEBTS AND CLAIMS

187.     In response to Paragraph 187, Debtors reassert all of their responses to Paragraphs 1 to 186 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

188.     Paragraph 188 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

189.     Paragraph 189 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended Counterclaims and Third-Party Claims*

190.    Paragraph 190 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

191.    Paragraph 191 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

192.    Paragraph 192 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

193.    Paragraph 193 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

194.    Paragraph 194 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

195.    Paragraph 195 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

196.    Paragraph 196 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended Counterclaims and Third-Party Claims*

197.      Paragraph 197 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

198.      Paragraph 198 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

199.      Paragraph 199 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## ATTORNEY'S FEES

200.      Paragraph 200 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this Paragraph are denied.

The remainder of Third-Party Plaintiff's Amended Counterclaims and Third-Party Claims consist of a prayer for relief, to which no response is required.  To the extent a response is deemed required, Debtors deny DMA Properties, Inc is entitled to the requested relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

201.      Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, because they lack standing to sue.

202.      Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, due to unilateral or mutual mistake.  Defendants and Counter-Claimants are entitled to have the contracts in controversy rescinded or revised as a result of such unilateral or mutual mistake.

22

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended Counterclaims and Third-Party Claims*

203.     Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, due to subsequent modification of the Agreement.

204.     Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, by impossibility of performance.

205.     Defendants and Counter-Claimants' counterclaims are barred by illegality.

206.     Defendant and Counter-Claimants' counterclaims are subject to the limits imposed on a third-party beneficiary's recovery.

207.     Defendant and Counter-Claimants' third-party counterclaims are subject to all waiver and limitation provisions contained in the Company Agreement of Black Duck Properties, LLC, including but not limited to the waivers contained in Section 13.14 of such agreement: Waiver of Exemplary or Punitive Damages.

208.     Defendants and Counter-Claimants' equitable counterclaims are barred, in whole or in part, because they have unclean hands.

209.     Defendants and Counter-Claimants' tort claims are contractual in nature and are barred by the economic loss rule.

210.     Debtors assert the defense of justification.

211.     Debtors assert the defense of proportionate responsibility and assert that the damages alleged by Defendants and Counter-Claimants were legally and proximately caused in whole or in part by the negligence, fault, negligence per se, and/or other culpable conduct of other persons or parties who failed to exercise the same degree of care and caution as would have been exercised by persons using ordinary care in the same or similar circumstances. Debtors are therefore entitled to have the Court and Jury apply the doctrine of proportionate responsibility

established by Chapter 33 of the Texas Civil Practice & Remedies Code, to reduce any judgment against them by the degree of negligence or fault attributable to any other person or party.

212.    Debtors are entitled to have any debts or liabilities owed to the Defendants and Counterclaimants offset by any and all amounts owed by SCMED Oilfield Consulting, LLC, including but not limited those debts owed pursuant to Section 14.10, Indemnification, and Section 14.01 Offset.

WHEREFORE PREMESIS CONSIDERED Debtors, Claimants, and Third-Party Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, KrisJenn Ranch, LLC-Series Pipeline Row, and KrisJenn Ranch, LLC as Successor In Interest to Black Duck Properties, LLC pray for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deemed them justly entitled.

Dated: October 28, 2020

Respectfully submitted,

MULLER SMEBERG, PLLC

By:    /s/ *John Muller*
C. John Muller IV
State Bar No. 24070306
john@muller-smeberg.com
Ronald J. Smeberg
State Bar No. 24033967
ron@smeberg.com
Ezekiel J. Perez
State Bar No. 24096782
zeke@muller-smeberg.com
111 W. Sunset Rd.
San Antonio, TX 78209
Telephone: 210-664-5000
Facsimile: 210-598-7357

ATTORNEY FOR DEBTORS

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended Counterclaims and Third-Party Claims*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 28th day of October 2020:

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP
and DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite
400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
Attorneys for DMA Properties, Inc.

Natalie Wilson
LANGLEY & BANACK, INC.
745 East Mulberry Avenue | Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

William Germany
BAYNE, SNELL, & KRAUSE
1250 NE Loop 410, Ste. 725
San Antonio, Texas 78209
T- (210) 824-3278
F- (210) 824-3937
wgermany@bskaw.net
Attorney for Larry Wright

OFFICE OF THE UNITED STATES
TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
shane.p.tobin@usdoj.gov
United States Trustee


  /s/ John Muller
C. John Muller IV

*Debtors' Second Amended Answer and Affirmative Defenses to Moore's Amended Counterclaims and Third-Party Claims*