IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Chapter 11** |
| **KRISJENN RANCH, LLC,** § | | |
| *Debtor* § | | **Case No. 20-50805** |
| § | | |

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE** § | | |
| **ROW as successors in interest to** § | | |
| **BLACKDUCK PROPERTIES, LLC,** § | | |
| *Plaintiffs* § | | |
| § | | |
| **v.** § | | |
| § | | |
| **DMA PROPERTIES, INC., and** § | | |
| **LONGBRANCH ENERGY, LP,** § | | **Adversary No. 20-05027** |
| *Defendants* § | | |

| | | |
|---|---|---|
| **DMA PROPERTIES, INC.,** § | | |
| *Cross-Plaintiff/Third Party Plaintiff* § | | |
| § | | |
| **v.** § | | |
| § | | |
| **KRISJENN RANCH, LLC,** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE ROW,** § | | **Adversary No. 20-05027** |
| **BLACK DUCK PROPERTIES, LLC,** § | | |
| **LARRY WRIGHT, and JOHN TERRILL,** § | | |
| *Cross-Defendants/Third-Party* § | | |
| *Defendants* § | | |

**DEBTORS' OBJECTIONS TO DMA PROPERTIES, INC. AND FRANK DANIEL
MOORE'S AMENDED COUNTERCLAIMS AND THIRD-PARTY CLAIMS**

TO THE HONORABLE CHIEF BANKRUPTCY JUDGE RONALD B. KING:

COME NOW Debtors, Plaintiffs, and Counter-Defendants KrisJenn Ranch, LLC, KrisJenn

Ranch, LLC-Series Uvalde Ranch, and KrisJenn Ranch, LLC-Series Pipeline Row (collectively

*Debtors' Objection to Joinder of Additional*            1
*Parties in DMA and Moore's Amended Counterclaims*

the "Debtors"), and file this Objection to DMA Properties, Inc. ("DMA") and Frank Daniel Moore's Amended Counterclaims and Third-Party Claims, and would respectfully show as follows:

## BACKGROUND

1. The parties were required to "file all amended or supplemental pleadings and shall join additional parties on or before **10/14/20**." (Dkt. # 69, ¶ 1).

2. DMA and Moore conferred with Debtors asking if they were opposed to DMA and Moore's amended counterclaims.

3. Debtors asked to see the amended counterclaims before stating whether they objected or not. However, DMA and Moore refused to show the amended counterclaims to Debtors.

4. In the spirit of cooperation, Debtors agreed not to oppose DMA and Moore's pleadings against Debtors so long as DMA and Moore reciprocated.

5. However, Debtors did not contemplate that DMA and Moore would attempt to join additional parties to the case only 54 days prior to trial.

6. DMA and Moore filed their amended counterclaims with motion for leave of court to file on October 14, 2020. (Dkts. # 100, 100-1, 100-2). The amended counterclaims added David Strolle; Granstaff, Gaedke, & Edgmon, P.C.; and McLeod Oil as additional third-party defendants.

7. Debtors did not join any additional parties in their amended pleading.

8. Debtors would have opposed DMA and Moore's amended counterclaims had they known DMA and Moore intended to add additional parties to the case.

9. Debtors now file this objection to DMA and Moore's request to permissively join additional parties through their amended counterclaims.

# ARGUMENT

**I. DMA and Moore's Joinder of Parties in Their Amended Counterclaims is a Tactic to Delay Trial.**

10. "The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states '[t]he court should freely give leave when justice so requires' is not without limitation." *KTAQ of Dall., Inc. v. Simons*, No. 3:12-CV-4102-L, 2013 WL 5567146, at *17 (N.D. Tex. Oct. 8, 2013). "The decision to allow amendment of a party's pleading is within the sound discretion of the court. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "In determining whether to allow an amendment of the pleadings, a court considers the following: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Simons*, 2013 WL 5567146, at *17–19 (alteration in original) (holding motive for delaying joinder of parties until pleadings deadline "smacks of undue delay and dilatory motive on the part of the movants").

11. "[T]he purpose of [permissive joinder of parties] is to promote trial convenience and expedite the final determination of disputes." *German v. Fed. Home Loan Mortg. Corp.*, 1998 U.S. Dist. LEXIS 17994, at *16 (S.D. N.Y. Nov. 16, 1998). "Thus, in the exercise of its discretion under Rule 20(a), a court must always consider the need for effective judicial administration. Included in this analysis is the probability that joinder of parties will delay the final disposition of the action." *Id.* at 16–17 (citing *Giorgio Morandi, Inc. v. Textport Corp.*, 761 F.Supp. 12, 14 (S.D.N.Y. 1991) ("Later joinder of parties is disfavored for it tends to 'open[] up a "Pandora's box" of discovery." (quoting *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir. 1970) (alteration in original)))).

12. Here, DMA and Moore have added David Strolle; Granstaff, Gaedke, & Edgmon, P.C.; and McLeod Oil as additional third-party defendants only 54 days prior to trial, and on the last day of the pleadings deadline. This is simply a delay tactic employed by DMA and Moore to postpone a trial on the merits because it will be impossible for the newly added parties to conduct discovery and prepare for trial before the December 7, 2020 trial date. DMA and Moore attempt to force the Court's hand to grant a continuance of the trial based on the joinder of these parties.

13. DMA and Moore's motive for delaying joinder of parties until pleadings deadline smacks of undue delay and dilatory motive.

14. Debtors filed for bankruptcy protection because DMA and Moore's actions have disrupted any chance the Debtors may have to sell their primary assets, the P-21 Express Pipeline and Right of Way (respectively the "Pipeline" and "ROW"). Debtors are accruing $22,000 in interest on loans used to purchase the Pipeline and ROW for every month it cannot sell these assets. Delaying the trial in this case because of the late joinder of parties in DMA and Moore's amended counterclaims would result in undue prejudice to the Debtors, who must meet their obligations to make interest payments during the pendency of this case.

15. Further, none of the newly added parties are necessary parties to the adversary proceeding.

16. McLeod Oil simply has an option to purchase the Pipeline and ROW. The ability to purchase the Pipeline and ROW in the future does not render McLeod Oil a necessary party. If that were the case, then every potential buyer in the world would have to be joined to this cause of action.

17. DMA and Moore are free to pursue any causes of action it may have against David Strolle and Granstaff, Gaedke, & Edgmon, P.C. in state court. In fact, David Strolle was already

sued and non-suited in state court prior to the Debtors filing for bankruptcy protection. Such disposition of DMA and Moore's assertion against Strolle and Granstaff, Gaedke, & Edgmon, P.C. are not necessary to the outcome of this case.

18. Strolle and Granstaff, Gaedke, & Edgmon, P.C are likely covered by insurance. The trial will inevitably be delayed while counsel is procured by the insurance carrier.

19. Finally, DMA and Moore have no damages in this case. They did not put forth any investment into the Pipeline and ROW, and cannot expect to receive a return in a piece of property that they did not purchase. DMA and Moore simply want to punish the Debtors and Larry Wright by delaying trial as long as possible while interest continues to accrue.

WHEREFORE PREMISES CONSIDERED Debtors pray that this Court issue an order sustaining Debtors' objections to DMA and Moore's Amended Counterclaims and Third-Party Claims, and for such further relief as the Court may deemed them justly entitled.

Dated: October 28, 2020.

Respectfully submitted,

MULLER SMEBERG, PLLC

By:   /s/ *John Muller*
    C. John Muller IV
    State Bar No. 24070306
    john@muller-smeberg.com
    Ronald J. Smeberg
    State Bar No. 24033967
    ron@smeberg.com
    Ezekiel J. Perez
    State Bar No. 24096782
    zeke@muller-smeberg.com
    MULLER SMEBERG, PLLC
    111 W. Sunset Rd.
    San Antonio, TX 78209
    Telephone: 210-664-5000
    Facsimile: 210-598-7357

ATTORNEYS FOR DEBTORS

# **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 28th day of October 2020:

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP
and DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
Attorneys for DMA Properties, Inc.

Natalie Wilson
LANGLEY & BANACK, INC.
745 East Mulberry Avenue | Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

William Germany
BAYNE, SNELL, & KRAUSE
1250 NE Loop 410, Ste. 725
San Antonio, Texas 78209
T- (210) 824-3278
F- (210) 824-3937
wgermany@bskaw.net
Attorney for Larry Wright

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
shane.p.tobin@usdoj.gov
United States Trustee

          /s/ *John Muller*
          C. John Muller IV