## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § | |
| | § | Chapter 11 |
| KrisJenn Ranch, LLC, | § | |
| | § | |
| *Debtor* | § | Case No. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, | § | |
| LLC–Series Uvalde Ranch, and KrisJenn | § | |
| Ranch, LLC–Series Pipeline ROW, as | § | |
| successors in interest to Black Duck | § | |
| Properties, LLC, | § | |
| | § | Adversary No. 20-05027 |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| DMA Properties, Inc. and Longbranch | § | |
| Energy, LP, | § | |
| | § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| DMA Properties, Inc. and Frank Daniel | § | |
| Moore, | § | |
| | § | |
| *Counter-Plaintiffs and Third-Party* | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 20-05027 |
| KrisJenn Ranch, LLC, KrisJenn Ranch, | § | |
| LLC–Series Uvalde Ranch, KrisJenn | § | |
| Ranch, LLC–Series Pipeline ROW, Black | § | |
| Duck Properties, LLC, Larry Wright, and | § | |
| John Terrill, Granstaff, Gaedke, & | § | |
| Edgmon, P.C., David Strolle, and | § | |
| McLeod Oil, LLC, | § | |
| | § | |
| *Third-Party/Counterdefendants.* | § | |

**DMA PROPERTIES, INC., FRANK DANIEL MOORE, LONGBRANCH ENERGY, LP'S MOTION TO CONTINUE TRIAL DATE**

TO THE HONORABLE RONALD B. KING, CHIEF UNITED STATES BANKRUPTCY JUDGE:

DMA Properties, Inc., Frank Daniel Moore, Longbranch Energy, LP (together, "Movants") file this Motion to Continue Trial Date.  In support thereof, the Movants respectfully show as follows:

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the Standing Order of Reference.

2.      This is a core matter pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The relief sought is proper under Federal Rule of Civil Procedure 16, Federal Rule of Bankruptcy Procedure 7016, Local Rule 7016, and the Court's inherent authority to control its docket.

5.      Trial is currently set for December 7-9, 2020. Based on the current status of the case, as discussed in more detail below, DMA believes that it is in the best interest of the Parties and the Court to continue the trial for at least 60 days so that discovery can be completed and dispositive motions can be ruled on in reasonable advance of trial.

6.      This trial has not been previously continued.

7.      Debtors' counsel has indicated they are opposed to the request for continuance. Counsel for McLeod Oil, LLC has indicated that they have not yet hired litigation counsel and are not currently taking a position on whether they are opposed to a continuance.

8. This continuance is not sought for purposes of delay, but so that the Court can potentially streamline the issues for trial (by ruling on dispositive motions) and so that the Parties can properly present their cases.

9. Debtors produced thousands of pages of documents, for the first time in the case, on October 23, 2020, in response to discovery that was served in June 2020. Further, Debtors had received discovery requests in the state-court proceeding several months before that, and yet failed to produce documents until last week.

10. Debtors asserted counterclaims for the first time on October 15, 2020,[1] and DMA and Moore have pending discovery related to the proposed amended and newly-asserted claims, propounded to Debtors and third parties, which will not be received until weeks before trial. Debtors' new counterclaims purport to seek millions of dollars in damages from Movants on new theories that have never before been asserted. DMA and Moore have a pending discovery subpoena to a third party, TCRG, that is central to Debtors new counterclaims, which TCRG is seeking to quash.

11. Movants have sought leave to amend pleadings, by the deadline set by the Court (October 14, 2020), to add new claims and two new defendants, and will need time to develop those claims through discovery. Debtors did not oppose Movants' motion for leave that was filed on October 14, 2020. One of these new defendants for Movants' claims is a law firm that assisted Debtors in their fraud against two of the movants (and breached its fiduciary duty thereto),

---

[1] Significantly, the Court has not ruled on Debtors' motion for leave to filed amended pleadings, and consequently, the amended pleading has not been filed as required under Fed. R. Civ. P. 7015. If the Court is inclined to permit the Debtors' amended pleading, there is insufficient time between now and December 7, 2020 for the Court to consider any dispositive motions or for the parties to conduct discovery on the newly-asserted claims.

whose conduct was revealed by a document production by that law firm that was made in early October, in response to a subpoena.  Movants have requested, but have not yet taken, the deposition of an attorney at the new defendant law firm.  The other new defendant is McLeod Oil, the creditor who has an interest in the Right-of-Way that is central to this case by virtue of an option agreement.

12.     Additionally, on October 26, 2020, Debtors filed two motions for partial summary judgment.  Those motions for partial summary judgment are set for hearing on November 23, 2020—the Monday before Thanksgiving and just two weeks before trial is currently set to begin.

13.     Based on the current Scheduling Order, the Parties' Pretrial Order and Proposed Findings of Fact and Conclusions of Law are due on November 30, 2020 (the Monday after Thanksgiving).

14.     The current schedule, in conjunction with the pending motions and outstanding discovery, make trial preparation impractical and inefficient. For example, even assuming the Court rules on Debtors' motions for partial summary judgment on the hearing date, the Parties will have only two more business days to prepare their pre-trial submissions. The Parties will be required to complete trial preparation that may ultimately be unnecessary.

15.     The Movants suggest that it is more efficient for the Court and the Parties to focus now on completing discovery and defining the issues at trial through dispositive motions so that the presentation at trial can be more streamlined and more useful to the Court.

WHEREFORE, PREMISES CONSIDERED, Movants pray that the Court enter an order continuing the trial for approximately 60 days and for such other relief to which they may be entitled at law or equity.

Dated October 30, 2020.

Respectfully submitted,

/s/ Christopher S. Johns
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

/s/ Timothy Cleveland
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
akrist@clevelandterrazas.com

*Attorneys for Frank Daniel Moore, DMA Properties, Inc., and Longbranch Energy, LP*

/s/ Natalie F. Wilson
Natalie F. Wilson
State Bar No. 24076779
LANGLEY & BANACK, INC.
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

*Attorneys for Frank Daniel Moore and DMA Properties, Inc.*

Michael Black
Burns & Black PLLC
750 Rittiman Road
San Antonio, TX 78209
mblack@burnsandblack.com

Jeffery Duke
Duke Banister Miller & Miller
22310 Grand Corner Drive, Suite 110
Katy, TX 77494
jduke@dbmmlaw.com

*Attorneys for Longbranch Energy, LP*

## CERTIFICATE OF CONFERENCE

Counsel for Movants has conferred with counsel for the other parties to this adversary proceeding regarding the relief requested herein. Debtors' counsel has indicated they are opposed to the request for continuance. Counsel for the McLeods has indicated that they have not yet hired litigation counsel and are not currently taking a position on whether they are opposed to a continuance.

*/s/ Timothy Cleveland*
Timothy Cleveland

CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2020, a true and correct copy of the above and foregoing instrument was served via the Court's electronic transmission facilities on those parties registered for such notice and served via first class mail, postage prepaid on the parties below.

| | |
|---|---|
| Charles John Muller, IV<br>Email: john@muller-smeberg.com<br>Muller Smeberg, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br><br>Ronald J. Smeberg<br>Email: ron@smeberg.com<br>The Smeberg Law Firm, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br><br>**Counsel to Plaintiffs Krisjenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, Krisjenn Ranch, LLC, Series Pipeline Row** | Michael Black<br>Email: mblack@burnsandblack.com<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br><br>Jeffery Duke<br>Email: jduke@dbmmlaw.com<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br><br>**Counsel to Defendant Longbranch Energy, LP** |
| Ronald J. Smeberg<br>Email: ron@smeberg.com<br>The Smeberg Law Firm, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br><br>**Counsel to Third-Party Defendant Black Duck Properties, LLC** | Shane P. Tobin<br>Email: shane.p.tobin@usdoj.gov<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br><br>**United States Trustee** |
| William P. Germany<br>Email: wgermany@bsklaw.com<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, Texas 78209<br><br>**COUNSEL FOR Third Party Defendant Larry Wright** | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>**Third Party Defendant, *pro se*** |

*/s/ Natalie F. Wilson*
NATALIE F. WILSON