## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § | |
| | § | Chapter 11 |
| KrisJenn Ranch, LLC, | § | |
| | § | |
| *Debtor* | § | Case No. 20-50805 |
| | § | |

---

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC, | § § § § § | |
| | § | Adversary No. 20-05027 |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| DMA Properties, Inc. and Longbranch Energy, LP, | § § | |
| | § | |
| *Defendants*. | § | |

---

| | | |
|---|---|---|
| DMA Properties, Inc. and Frank Daniel Moore, | § § | |
| | § | |
| *Cross-Plaintiff/Third-Party Plaintiff*, | § | |
| | § | |
| v. | § | Adversary No. 20-05027 |
| | § | |
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, Black Duck Properties, LLC, Larry Wright, and John Terrill, | § § § § § | |
| | § | |
| *Cross-Defendants/Third-Party Defendants*. | § | |

1

## DMA'S RESPONSE IN OPPOSITIONTO KRISJENN'S MOTION TO COMPEL

DMA Properties, Inc. and Frank Daniel Moore (collectively, "DMA") respectfully oppose KrisJenn's motion to compel. Defendants' motion primarily complains about: (1) the timing of DMA's objections; (2) DMA's withholding of privileged documents; (3) the substance of specific objections; and (4) DMA's failure to identify individual documents in its responses. DMA addresses each of these issues in turn below.

In short, though, KrisJenn's motion is without merit. After conducting an initial search and providing documents to counsel, DMA produced over 5,800 pages of documents in response to Defendants' requests. DMA did not withhold any nonprivileged documents on the basis of objections. Since then, DMA has had a professional conduct an independent search of all existing client files, and a supplemental production is expected to be made next week. Defendants, meanwhile, made their first production just last week—even though DMA served its discovery requests in June, **over three months ago**.[1]

When KrisJenn first raised these issues on October 19 (just days after this Court granted DMA's motion for partial summary judgment), DMA responded by letter and suggested that the parties should get on a call and confer. Instead, KrisJenn filed a motion to compel the very next day, without making any real attempt to confer. Because DMA has complied with its discovery obligations and is producing substantially all documents in its possession, the Court should deny KrisJenn's motion.

## ARGUMENT

As the movant, KrisJenn bears "a burden to specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including explaining . . . how a response or answer is deficient or incomplete, and

---

[1] DMA served its discovery requests on Debtors by email on June 24, 2020. Debtors' counsel claims that he never received that email, but every other recipient did. DMA is seeking to confer, but Debtors have not provided any credible explanation of this discrepancy. The net result is that Debtors made their document production in late October 2020 in response to requests from June. This follows a consistent pattern—Debtors conveniently filed this bankruptcy in April 2020 immediately before they were obligated to produce documents in response to DMA's discovery requests in that case.

ask the Court for specific relief as to each request." *Samsung Elec. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 600 (N.D. Tex. 2017).

## I.      Timing of DMA's Objections

First, KrisJenn suggests that DMA should produce additional documents because DMA waived its objections by serving responses after the 30-day window. It is true that DMA produced documents one business day after the deadline for responses as a result of a calendaring error. But DMA also did not withhold any nonprivileged documents on the basis of its objections. Federal Rule of Civil Procedure 34(a)(2)(C) requires parties to state whether any responsive materials are being withheld. Here, DMA did not state it was withholding any nonprivileged documents on the basis of its objections. Moreover, Defendants' own motion suggests that this sort of inadvertent delay is, in most circumstances "likely to be found a reasonable mistake." Mot. [#108] at 3.

## II.      Global Objections

Second, KrisJenn objects that the preliminary statement accompanying DMA's responses is an improper "global objection." For clarification, DMA has not withheld any nonprivileged documents based on the preliminary statement, and DMA is in the process of compiling a privilege log identifying documents withheld on the basis of privilege.

## III.      Privilege Objections

Third, KrisJenn complains that "documents are being improperly withheld on the basis of privilege." Mot. [#108] at 5. As explained above though, DMA is currently in the process of compiling its privilege log. And KrisJenn, for its part, has not yet produced a comprehensive privilege log in this case, either.

## IV.      Objections that Requests are Overbroad or Unduly Burdensome

Fourth, KrisJenn contests a number of specific objections that DMA lodged with respect to individual requests. But as explained above, DMA did not withhold any nonprivileged

documents on the basis of those objections, and has produced all responsive documents in its possession, custody, or control that could be located after conducting a reasonably diligent search.

## V.      Responses "Subject to" Objections

Fifth, KrisJenn complains about DMA's specific objections to interrogatories and requests. Specifically, KrisJenn puts forward two arguments (a) a party must respond "to the extent that a request is not objected to"; and (b) a party should not respond "subject to" an objection. Mot. [#108] at 7. DMA is not sure how to reconcile these arguments by KrisJenn, and they seem contradictory. What's more, KrisJenn has not addressed any specific objection; instead, KrisJenn has just listed requests and interrogatories that were objected to, and then made a blanket statement that the requests "are not overbroad." Yet when DMA tried to confer with KrisJenn on this issue, KrisJenn ignored DMA's offer and instead filed this motion.

## VI.      Objections to Interrogatories Seeking "All Facts"

Sixth, KrisJenn complains that DMA has objected to some interrogatories that seek "all facts" in support of particular contentions. However, those objections are proper. Courts in the Western District of Texas have held that parties should not seek exhaustive factual narratives through interrogatory responses—such information should instead be sought through depositions. *See, e.g., Cannata v. Catholic Diocese of Austin St. John Neumann Catholic Church*, 2011 WL 221692, at *1–2 (W.D. Tex. Jan. 21, 2011) (denying motion to compel more detailed responses because "interrogatories are not intended to take the place of depositions."). When DMA attempted to confer with KrisJenn regarding the intended scope of these requests, KrisJenn declined and instead filed this motion.

## VII.      Objections to Interrogatories Seeking Expert Testimony

Seventh, KrisJenn complains that DMA has objected to several interrogatories on the basis that they require expert testimony. KrisJenn also points out that DMA has an obligation

to provide such information anyway, to the extent possible. And DMA has done so. For example, DMA has answered Interrogatories 9, 15, 17, and 19 with as much specificity as is possible in the absence of expert testimony. When DMA offered to confer with KrisJenn—in order to better determine what, exactly, KrisJenn is seeking—KrisJenn declined and instead filed this motion.

## VIII.    Objections to Requests Seeking Information in KrisJenn's Possession

Eighth, KrisJenn complains that DMA has objected to a number of requests on the basis that they seek information in KrisJenn's possession. KrisJenn believes that is not a proper objection. However, (1) DMA has not withheld documents on the basis of the objection, as observed above; and (2) the objection is proper. Under Rule 26(b)(1), KrisJenn's discovery excursions must be proportional to the needs of the case, which entails consideration of "the parties' relative access to relevant information" as well as the "burden or expense of the proposed discovery" and its benefit. The fact that requested information is already in KrisJenn's possession thus weighs heavily on whether the discovery request is proper and proportional under the federal rules. Correspondingly, DMA's objection was also proper.

## IX.    Organization of Documents

Ninth, KrisJenn complains that DMA's responses should specify which documents were produced in response to which request. KrisJenn did not raise this issue with DMA before filing this motion, nor did KrisJenn make any attempt to confer. However, DMA is now in the process of amending its responses to specify which documents were produced in response to this request. If KrisJenn had tried to confer over this issue before moving to compel, this could have been resolved without court intervention

## X.    The Court should not award fees in connection with this motion.

The Court should not award sanctions in connection with this motion, for two reasons. First, as explained above, KrisJenn's motion lacks merit, because DMA has complied with its

discovery obligations in this case. Second, and equally as important, the Court should not reward KrisJenn for declining to confer on the issues raised by this motion. When KrisJenn contacted DMA on October 19 and asked to confer, DMA responded by letter that same day and offered to set up a time to discuss KrisJenn's concerns by phone. KrisJenn ignored that attempt to confer and instead rushed to file this motion the next day. Indeed, KrisJenn did not even attempt to confer over some of the issues raised in its motion, nor did KrisJenn allow any time for DMA to respond to the concerns that were raised. Rule 37 does not allow for an award of fees in such circumstances. *See* FED. R. CIV. P. 37(a)(5) (stating courts must not award monetary sanctions if the movant filed the motion "before attempting in good faith to obtain the disclosure or discovery without court action" or if "other circumstances make an award of expenses unjust"). Despite KrisJenn's attempts to manufacture a discovery dispute, the reality is that DMA has complied with its obligations.

## CONCLUSION

DMA has complied with its discovery obligations in this case, and KrisJenn's motion is without merit. DMA therefore respectfully requests the Court deny KrisJenn's motion to compel.

Respectfully submitted,

/s/ Christopher S. Johns
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

/s/ Timothy Cleveland
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
akrist@clevelandterrazas.com

/s/ Natalie F. Wilson
Natalie F. Wilson
State Bar No. 24076779
LANGLEY & BANACK
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

Andrew R. Seger
State Bar No. 24046815
KEY TERRELL & SEGER
4825 50th Street, Suite A
Lubbock, Texas 79414
806-793-1906
806-792-2135 fax
aseger@thesegerfirm.com

*Attorneys for Frank Daniel Moore
and DMA Properties, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2020 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Ronald J. Smeberg<br>Charles John Muller, IV<br>MULLER SMEBERG, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john@muller-smeberg.com<br><br>*Counsel for KrisJenn Ranch, LLC,*<br>*Krisjenn Ranch, LLC, Series Uvalde*<br>*Ranch, KrisJenn Ranch, LLC, Series*<br>*Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br>jduke@dbmmlaw.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Shane P. Tobin<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>shane.p.tobin@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party-Defendant, pro se* |
| Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* | |

/s/ Christopher S. Johns
Christopher S. Johns