# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § § | Chapter 11 |
| KrisJenn Ranch, LLC, | § § | |
| *Debtor* | § | Case No. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC, | § § § § § § § | |
| *Plaintiffs*, | § § | Adversary No. 20-05027 |
| v. | § § | |
| DMA Properties, Inc. and Longbranch Energy, LP, | § § § § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| DMA Properties, Inc. and Frank Daniel Moore, | § § § | |
| *Counter-Plaintiffs and Third-Party Plaintiff,* | § § § § | |
| v. | § § | Adversary No. 20-05027 |
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, KrisJenn Ranch, LLC–Series Pipeline ROW, Black Duck Properties, LLC, Larry Wright, and John Terrill, | § § § § § § | |
| *Third-Party/Counterdefendants*. | § | |

## DMA, MOORE, AND LONGBRANCH'S MOTION TO DISMISS NEW COUNTERCLAIMS UNDER RULE 12(b)(6)

DMA Properties, Inc. ("DMA"), Frank Daniel Moore, and Longbranch Energy, LP ("Longbranch") move to dismiss two new counterclaims asserted by KrisJenn Ranch, LLC ("KrisJenn").

### BACKGROUND[1]

This case concerns the parties' respective rights and interests in a pipeline right-of-way. 2d Am. Compl. [#138] ¶1. In 2015, Longbranch assigned its right to purchase the pipeline right-of-way to Black Duck Properties, LLC. *Id.* ¶23–26. Longbranch retained a 20% net-profits interest in the right-of-way that "shall attach and run with the P-21 or Express pipeline" and which "binds [Black Duck's] successors and assigns." *Id.* ¶26.

At that time, Moore and Wright were 50/50 members in Black Duck via their respective entities, SCMED Oilfield Consulting, LLC (Moore) and KrisJenn Ranch, LLC (Wright). *Id.* ¶¶21, 27. Moore later resigned from Black Duck and exchanged his 50% interest in Black Duck for, among other things, a 20% net-profits interest that "shall attach and run with the P-21 or Express pipeline" and which "binds [Black Duck's] successors and assigns." *Id.* ¶27.

Shortly thereafter, Black Duck sold the right-of-way to TCRG. *Id.* ¶28. When Moore, DMA, and Longbranch learned of the sale, they informed TCRG that Longbranch and DMA both held 20% net-profits interests in the right of way "that ran with the land" because that is what their agreements said. *Id.* ¶¶31, 44.

Recently, KrisJenn amended its complaint to add two new counterclaims. KrisJenn first asserts that DMA, Moore, and Longbranch tortiously interfered with the sale to TCRG by claiming that their interests "ran with the land." *Id.* ¶44. KrisJenn also asserts that Moore and SCMED breached Black Duck's Company Agreement. *Id.* ¶¶48–53. Moore, DMA, and

---

[1] These factual allegations are drawn from KrisJenn's complaint, because KrisJenn's nonconclusory allegations must be accepted as true at the motion-to-dismiss stage.

Longbranch now move to dismiss both new counterclaims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

Under Rule 12(b)(6), courts must dismiss claims when the facts pleaded in support do not state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Courts may also dismiss claims based on affirmative defenses when the defense "appear[s] on the face of the complaint." *EPCO Carbon Dioxide Prods, Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006).

"A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. But a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). While all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Comms. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

**I.  The Court should dismiss KrisJenn's tortious-interference claim because KrisJenn's own allegations show that the "interference" was justified as a matter of law.**

Under Texas law, justification is an affirmative defense to tortious interference with contract. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 80 (Tex. 2000). Justification can be established through either (a) exercise of one's own legal rights; or (b) "a good-faith claim to a colorable legal right," even if the claim "ultimately proves to be mistaken." *Id.* at 80.

Here, KrisJenn's own pleaded allegations show that Moore, DMA, and Longbranch were justified in informing TCRG of their interests in the right-of-way. KrisJenn alleges that DMA/Moore and Longbranch interfered by "claiming to have a perpetual 20% interest" in the right-of-way "that ran with the land." 2d Am. Compl. [#138] ¶44. Yet, as KrisJenn's own complaint acknowledges, DMA/Moore and Longbranch's claims are based on written

agreements that explicitly state the net-profits interests "shall attach and run with the P-21 or Express pipeline" and "bind[] [Black Duck's] successors and assigns." *Id.* ¶26–27.

These written agreements show that DMA/Moore and Longbranch were justified as a matter of law in informing TCRG of their interests in the right-of-way, because DMA and Longbranch were exercising and enforcing their "own legal rights." *Prudential*, 29 S.W.3d at 80. Likewise, the express terms of the agreements show that DMA and Longbranch were—at a minimum—asserting a "good-faith claim to a colorable legal right" when they informed TCRG that their interests "ran with the land." *Id.* Indeed, both agreements expressly state that DMA and Longbranch's interests "shall attach and run" with the land and bind Black Duck's "successors and assigns." *Id.* ¶¶26–27.

KrisJenn's own pleaded allegations demonstrate that DMA/Moore and Longbranch were justified as a matter of law when they told TCRG about their net-profits interests in the right-of-way. DMA, Moore, and Longbranch therefore respectfully request the Court dismiss KrisJenn's claim for tortious interference.

## II. KrisJenn has not pleaded a claim for breach of contract against Moore and SCMED, and Moore is not even a party to the agreement at issue.

KrisJenn has also pleaded a claim that "SCMED and Moore breached their contractual obligations under Article IV of the [Black Duck] Company Agreement and caused injury to [KrisJenn]." 2d Am. Compl. [#138] ¶50.

This conclusory allegation is insufficient to state a claim for breach of contract. For example, KrisJenn does not allege (1) what provision was breached; (2) how SCMED or Moore breached the provision; or (3) what injury KrisJenn sustained. Nor does KrisJenn explain how Moore can be liable for breach of an agreement to which he is not a party. *See* Ex. 1 (Black Duck Company Agreement) at 42 (listing KrisJenn and SCMED as the only members of Black Duck).[2] Instead, KrisJenn just states that SCMED and Moore breached "Article IV," which is

---

[2] The Black Duck Company Agreement is incorporated into KrisJenn's complaint by reference. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 ("[C]ourts must consider . . . documents incorporated into the complaint by reference . . . .").

four pages long and contains 20 different provisions. *Id.* at 15–18. Bereft of specific facts, this kind of conclusory allegation is insufficient to state a claim for breach of contract under Rule 12(b)(6).

## CONCLUSION

DMA, Moore, and Longbranch respectfully request the Court dismiss KrisJenn's tortious-interference claim with prejudice because KrisJenn's own allegations show that DMA, Moore, and Longbranch were acting to enforce their legal rights and with "a good-faith claim to a colorable legal right." *Prudential*, 29 S.W.3d at 80. DMA and Moore also request the Court dismiss KrisJenn's tortious interference claim because (a) Moore is not a party to that contract and (b) KrisJenn's conclusory allegations do not explain how the contract was breached or how KrisJenn was injured.

Respectfully submitted,

/s/ *Christopher S. Johns*
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

/s/ *Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND | TERRAZAS PLLC

4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
akrist@clevelandterrazas.com

Andrew R. Seger
State Bar No. 24046815
KEY TERRELL & SEGER
4825 50th Street, Suite A
Lubbock, Texas 79414
806-793-1906
806-792-2135 fax
aseger@thesegerfirm.com

*Attorneys for Frank Daniel Moore, DMA Properties, Inc., and Longbranch Energy, LP*


/s/ *Natalie F. Wilson*
Natalie F. Wilson
State Bar No. 24076779
LANGLEY & BANACK, INC.
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

*Attorney for Frank Daniel Moore and DMA Properties, Inc.*


Michael Black
Burns & Black PLLC
750 Rittiman Road
San Antonio, TX 78209
mblack@burnsandblack.com

Jeffery Duke
Duke Banister Miller & Miller
22310 Grand Corner Drive, Suite 110
Katy, TX 77494
jduke@dbmmlaw.com

*Attorneys for Longbranch Energy, LP*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2020, a true and correct copy of the above and foregoing instrument was served via the Court's electronic transmission facilities on those parties registered for such notice and served via first class mail, postage prepaid on the parties below.

| | |
|---|---|
| Charles John Muller, IV<br>Email: john@muller-smeberg.com<br>Muller Smeberg, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br><br>Ronald J. Smeberg<br>Email: ron@smeberg.com<br>The Smeberg Law Firm, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br><br>*Counsel to Plaintiffs Krisjenn Ranch, LLC and its Series* | Michael Black<br>Email: mblack@burnsandblack.com<br>Burns and Black PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br><br>Jeffery Duke<br>Email: jduke@dbmmlaw.com<br>Duke Banister Miller & Miller<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br><br>*Counsel to Defendant Longbranch Energy, LP* |
| Ronald J. Smeberg<br>Email: ron@smeberg.com<br>The Smeberg Law Firm, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br><br>*Counsel to Third-Party Defendant Black Duck Properties, LLC* | Shane P. Tobin<br>Email: shane.p.tobin@usdoj.gov<br>Office of the U.S. Trustee<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br><br>*United States Trustee* |
| William P. Germany<br>Email: wgermany@bsklaw.com<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, Texas 78209<br><br>*Counsel to Third-Party Defendant Larry Wright* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party Defendant, pro se* |

/s/ *Christopher Johns*
Christopher Johns