IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: § | | Chapter 11 |
| KRISJENN RANCH, LLC, § | | |
| *Debtor* § | | Case No. 20-50805 |
| § | | |

___

| | | |
|---|---|---|
| KRISJENN RANCH, LLC and § | | |
| KRISJENN RANCH, LLC-SERIES § | | |
| UVALDE RANCH, and KRISJENN § | | |
| RANCH, LLC-SERIES PIPELINE § | | |
| ROW as successors in interest to § | | |
| BLACKDUCK PROPERTIES, LLC, § | | |
| *Plaintiffs* § | | |
| § | | |
| v. § | | |
| § | | |
| DMA PROPERTIES, INC., and § | | |
| LONGBRANCH ENERGY, LP, § | | Adversary No. 20-05027 |
| *Defendants* § | | |

___

| | | |
|---|---|---|
| DMA PROPERTIES, INC., § | | |
| *Cross-Plaintiff/Third Party Plaintiff* § | | |
| § | | |
| v. § | | |
| § | | |
| KRISJENN RANCH, LLC, § | | |
| KRISJENN RANCH, LLC-SERIES § | | |
| UVALDE RANCH, and KRISJENN § | | |
| RANCH, LLC-SERIES PIPELINE ROW, § | | Adversary No. 20-05027 |
| BLACK DUCK PROPERTIES, LLC, § | | |
| LARRY WRIGHT, and JOHN TERRILL, § | | |
| *Cross-Defendants/Third-Party* § | | |
| *Defendants* § | | |

**<u>LARRY WRIGHT'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD
PARTY PLAINTIFF LONGBRANCH ENERGY, LP'S THIRD-PARTY CLAIMS</u>**

TO THE HONORABLE CHIEF BANKRUPTCY JUDGE RONALD B. KING:

1

COME NOW Third-Party Defendant LARRY WRIGHT and answers the Third-Party Complaints against him by Third-Party Plaintiff Longbranch Energy, LP, ("Longbranch") and would respectfully show as follows:

## PARTIES

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

6. Paragraph 6 is denied.

7. Paragraph 7 is admitted.

8. Paragraph 8 is admitted.

9. Paragraph 9 is admitted to the extent that it identifies McCleod Oil's registered agent, denied to the extent that McCleod Oil is a party to this proceeding.

## JURISDICTION AND VENUE

10. Paragraph 10 is admitted.

11. Paragraph 11 is admitted.

12. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 12. Third-Party Defendant is not certain at this time whether adjudication of the claims herein are necessary to the effective reorganization of the Debtors.

13. Paragraph 13 is admitted.

## SUMMARY OF DISPUTE

14. Paragraph 14 is denied.

## FACTUAL BACKGROUND

15. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 15.

16. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 16.

17. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 17.

18. Third-Party Defendant 18 is admitted.

19. Third-Party Defendant 19 is admitted as to the accuracy of the text of the unexecuted Exhibit, but denied as to Longbranch's interpretation of the agreement.

20. Paragraph 20 is admitted.

21. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 21.

22. Paragraph 22 is denied.

23. The alleged representations made by Wright in Paragraph 23 are denied and Wright lacks sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 23.

24. Wright admits he was reimbursed the $25,000, but otherwise deny the allegations in Paragraph 24.

25. Paragraph 25 is admitted as to the accuracy of the text, denied as to DMA's interpretation of the agreement.

26. Paragraph 26 is admitted.

27. Paragraph 27 is denied.

28. Third-Party Defendant admits to the alleged closing date but otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 28.

29. The alleged representations made by Wright in Paragraph 29 are denied and Wright lacks sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 29.

30. Paragraph 30 is denied.

31. Third-Party Defendant admits that a deed of trust was executed on January 18, 2018, and that documents were prepared by David Strolle and he was listed as the trustee, but all other allegations made in Paragraph 31 are denied.

32. Third-Party Defendant admits a letter of intent was proposed by John Terrill and signed by Larry Wright but otherwise deny the allegations made in Paragraph 32.

33. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 33.

34. Paragraph 34 is admitted.

35. Paragraph 35 is admitted.

36. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 36.

37. Third-Party Defendant admits that there was a meeting between the stated persons but otherwise denies the allegations made in Paragraph 37.

38. Third-Party Defendant admits that the parties drove to the right of way but lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 38.

39. Paragraph 39 is admitted.

40. Third-Party Defendant admits that Borders called Moore but otherwise denies the allegations made in Paragraph 40.

41. Paragraph 41 is admitted.

42. Paragraph 42 is denied.

43. Third-Party Defendant denies there was radio silence but lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 43.

44. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 44.

45. Paragraph 45 is admitted.

46. Paragraph 46 is denied as to the percentage of Black Duck's retained interest and Wright's purported contradiction, but is otherwise admitted.

47. Paragraph 47 is admitted.

48. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 48.

49. Paragraph 49 is denied.

50. Third-Party Defendant denies the existence of a "peaceful resolution" but otherwise admits the allegations made in Paragraph 50.

51. Third-Party Defendant admits that KrisJenn Ranch, LLC Series Pipeline ROW paid $2.5 million, but otherwise denies the allegations made in Paragraph 51.

52. Third-Party Defendant admit that the foreclosure occurred but otherwise deny the allegations made in Paragraph 52.

53. Third-Party Defendant denies there has been a request for records other than through litigation but otherwise admit the allegations made in Paragraph 53.

54. Paragraph 54 is denied.

55. The allegations made in paragraph 55 are admitted to the extent suits were filed but otherwise denied.

56. Third-Party Defendant admit that the Court held the venue was not proper but otherwise denies the allegations in Paragraph 56.

57. Third-Party Defendant admit that the summary judgment was denied but otherwise denies the allegations made in Paragraph 57.

58. It is admitted that Wright, as principal of the Debtor entities, filed for bankruptcy protection and that he provided discovery responses prior to the bankruptcy filing and that Wright, on behalf of KrisJenn, voluntarily provided responsive documents after the bankruptcy filing. The allegations made in Paragraph 58 are otherwise denied.

59. It is admitted that KrisJenn Ranch, LLC borrowed $5.9 million from McLeod Oil but otherwise deny the allegations made in Paragraph 59.

60. Paragraph 60 is denied.

## CAUSES OF ACTION

### CLAIM 1: BREACH OF CONTRACT

61. In response to Paragraph 61, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 60 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

62. Paragraph 62 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

63. Paragraph 63 is denied.

64. Paragraph 64 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

65. Paragraph 65 is denied.

66. Paragraph 66 is denied.

67. Paragraph 67 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

68. Paragraph 68 states conclusions of law or request of relief to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 2: MONEY HAD AND RECEIVED

69. In response to Paragraph 69, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 68 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

70. Paragraph 70 is denied.

71. Paragraph 71 is denied.

72. Paragraph 72 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## **CLAIM 5: TORTIOUS INTERFERENCE WITH CONTRACT**

73. In response to Paragraph 73, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 72 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

74. Paragraph 74 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

75. Paragraph 75 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

76. Paragraph 76 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

77. Paragraph 77 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## **CLAIM 6: FRAUDULENT INDUCEMENT**

78. In response to Paragraph 78, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 77 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

79. Paragraph 79 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

80. Paragraph 80 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

81. Paragraph 81 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

82. Paragraph 82 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

83. Paragraph 83 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

84. Paragraph 84 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

85. Paragraph 85 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

### CLAIM 7: FRAUD

86. In response to Paragraph 86, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 85 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

87. Paragraph 87 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

88. Paragraph 88 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

89. Paragraph 89 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

90. Paragraph 90 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

91. Paragraph 91 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

92. Paragraph 92 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

93. Paragraph 93 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

94. Paragraph 94 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

95. Paragraph 95 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

96. Paragraph 96 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## **CLAIM 9: UNJUST ENRICHMENT**

97. In response to Paragraph 97, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 96 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

98. Paragraph 98 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

99. Paragraph 99 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## **CLAIM 10: DECLARATORY RELIEF**

100. In response to Paragraph 100, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 99 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

101. Paragraph 101 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

102. Paragraph 102 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

103. Paragraph 103 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

104. Paragraph 104 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

**ATTORNEY'S FEES**

105. Paragraph 105 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this Paragraph are denied.

The remainder of Third-Party Plaintiff Longbranch's Counterclaims and Third-Party Claims consist of a prayer for relief, to which no response is required. To the extent a response is deemed required, Debtors deny Longbranch Energy, LP is entitled to the requested relief or any relief whatsoever.

**AFFIRMATIVE DEFENSES**

106. Defendant's claims are barred, in whole or in part, because they lack standing to sue.

107. Defendant's claims are barred, in whole or in part, due to unilateral or mutual mistake. Third-Party Defendant is entitled to have the contracts in controversy rescinded or revised as a result of such unilateral or mutual mistake.

108. Defendant's claims are barred, in whole or in part, due to subsequent modification of the Agreement.

109. Defendant's claims are barred, in whole or in part, by impossibility of performance.

110. Defendant's claims are barred by illegality.

111. Defendant's equitable counterclaims are barred, in whole or in part, because they have unclean hands.

112. Defendant's tort claims are contractual in nature and are barred by the economic loss rule.

113. Third-Party Defendant asserts the defense of justification.

114. Defendant's claims are barred, in whole or in part, by the doctrine of estoppel.

115. Third-Party Defendant asserts the defense of proportionate responsibility and assert that the damages alleged by Defendant were legally and proximately caused in whole or in part by the negligence, fault, negligence per se, and/or other culpable conduct of other persons or parties who failed to exercise the same degree of care and caution as would have been exercised by persons using ordinary care in the same or similar circumstances. Third-Party Defendant is therefore entitled to have the Court and Jury apply the doctrine of proportionate responsibility established by Chapter 33 of the Texas Civil Practice & Remedies Code, to reduce any judgment against them by the degree of negligence or fault attributable to any other person or party.

116. Third-Party Defendant denies that he is liable in the capacity in which he is sued as all acts complained of by Third-Party Plaintiff were not performed in Larry Wright's individual capacity, rather in his respective capacity of the entities he has an ownership.

117. Third-Party Defendant denies that Frank Daniel Moore has brought suit in a capacity for which he is entitled recovery in his individual capacity.

WHEREFORE PREMISES CONSIDERED Third-Party Defendant prays for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deemed them justly entitled.

Dated: November 17, 2020

Respectfully submitted,

BAYNE, SNELL & KRAUSE
1250 N.E. Loop 410, Suite 725
San Antonio, Texas 78209
Telephone: (210) 824-3278
Facsimile: (210) 824-3937
Email: wgermany@bsklaw.com

By: */s/ William P. Germany*
WILLIAM P. GERMANY
State Bar No. 24069777
*Attorney for Third-Party Defendant
Larry Wright*

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 17th day of November, 2020:

C. John Muller IV
Email: john@muller-smeberg.com
Ronald J. Smeberg
Email: ron@smeberg.com
Muller Smeberg, PLLC

111 W. Sunset
San Antonio, TX 78209
Counsel to Plaintiffs KrisJenn Ranch, LLC,
KrisJenn Ranch, LLC, Series Uvalde Ranch,
KrisJenn Ranch, LLC, Series Pipeline Row

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP and
DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com

Natalie Wilson
LANGLEY & BANACK, INC.
745 East Mulberry Avenue I Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP


David P. Strolle, Jr.
Granstaff, Gaedke & Edgmon, P.C.
5535 Fredericksburg Road, Suite 110
San Antonio, Texas 78229
T- (210) 348-6600 ext. 203
F- (210) 366-0892
dstrolle@caglaw.net

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
shane.p.tobin@usdoj.gov
United States Trustee

John Terrill
12712 Arrowhead Lane
Oklahoma City, OK 73120

    /s/ *William P. Germany*
WILLIAM P. GERMANY