# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Chapter 11** |
| **KRISJENN RANCH, LLC,** § | | |
| *Debtor* § | | **Case No. 20-50805** |
| § | | |

___

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE** § | | |
| **ROW as successors in interest to** § | | |
| **BLACKDUCK PROPERTIES, LLC,** § | | |
| *Plaintiffs* § | | |
| § | | |
| **v.** § | | |
| § | | |
| **DMA PROPERTIES, INC., and** § | | |
| **LONGBRANCH ENERGY, LP,** § | | **Adversary No. 20-05027** |
| *Defendants* § | | |

___

| | | |
|---|---|---|
| **DMA PROPERTIES, INC.,** § | | |
| *Cross-Plaintiff/Third Party Plaintiff* § | | |
| § | | |
| **v.** § | | |
| § | | |
| **KRISJENN RANCH, LLC,** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE ROW,** § | | **Adversary No. 20-05027** |
| **BLACK DUCK PROPERTIES, LLC,** § | | |
| **LARRY WRIGHT, and JOHN TERRILL,** § | | |
| *Cross-Defendants/Third-Party* § | | |
| *Defendants* § | | |

**KRISJENN RANCH, LLC, KRISJENN RANCH, LLC-SERIES UVALDE RANCH, AND KRISJENN RANCH, LLC-SERIES PIPELINE ROW, AS SUCCESSORS IN INTEREST TO BLACK DUCK PROPERTIES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD PARTY PLAINTIFF LONGBRANCH ENERGY, LP'S <u>COUNTERCLAIMS AND THIRD-PARTY CLAIMS</u>**

TO THE HONORABLE CHIEF BANKRUPCY JUDGE RONALD B. KING:

1

COME NOW Debtors, Claimants, and Third-Party Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, KrisJenn Ranch, LLC-Series Pipeline Row, and KrisJenn Ranch, LLC as successor-in-interest to Black Duck Properties, LLC (collectively the "Debtors"), hereby answering the Complaint of Defendant and Third-Party Plaintiff Longbranch Energy, LP, ("Longbranch") and would respectfully show as follows:

## PARTIES

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

6. Paragraph 6 is denied.

7. Paragraph 7 is admitted.

8. Paragraph 8 is admitted.

9. Paragraph 9 is admitted to the extent that it identifies McCleod Oil's registered agent, denied to the extent that McCleod Oil is a party to this proceeding.

## JURISDICTION AND VENUE

10. Paragraph 10 is admitted.

11. Paragraph 11 is admitted.

12. Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 12. Debtors are not certain at this time whether adjudication of the claims herein are necessary to the effective reorganization of the Debtors.

13. Paragraph 13 is admitted.

## SUMMARY OF DISPUTE

14. Paragraph 14 is denied.

## FACTUAL BACKGROUND

15. Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 15.

16. Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 16.

17. Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 17.

18. Paragraph 18 is admitted.

19. Paragraph 19 is admitted as to the accuracy of the text of the unexecuted Exhibit, but denied as to Longbranch's interpretation of the agreement.

20. Paragraph 20 is admitted.

21. Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 21.

22. Paragraph 22 is denied.

23. The alleged representations made by Wright in Paragraph 23 are denied and Debtors lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 23.

24. Debtors admit that Wright reimbursed the $25,000, but otherwise deny the allegations in Paragraph 24.

25. Paragraph 25 is admitted as to the accuracy of the text, denied as to DMA's interpretation of the agreement.

26. Paragraph 26 is admitted.

27. Paragraph 27 is denied.

28. Debtors admit to the alleged closing date but otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 28.

29. The alleged representations made by Wright in Paragraph 29 are denied and Debtors lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 29.

30. Paragraph 30 is denied.

31. Debtors admit that a deed of trust was executed on January 18, 2018, and that documents were prepared by David Strolle and he was listed as the trustee, but all other allegations made in Paragraph 31 are denied.

32. Debtors admit a letter of intent was proposed by John Terrill and signed by Larry Wright but otherwise deny the allegations made in Paragraph 32.

33. Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 33.

34. Paragraph 34 is admitted.

35. Paragraph 35 is admitted.

36. Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 36.

37. Debtors admit that there was a meeting between the stated persons but otherwise deny the allegations made in Paragraph 37.

38. Debtors admit that the parties drove to the right of way but lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 38.

39. Paragraph 39 is admitted.

40. Debtors admit that Borders called Moore but otherwise deny the allegations made in Paragraph 40.

41. Paragraph 41 is admitted.

42. Paragraph 42 is denied.

43. Debtors deny there was radio silence but lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 43.

44. Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 44.

45. Paragraph 45 is admitted.

46. Paragraph 46 is denied as to the percentage of Black Duck's retained interest and Wright's purported contradiction, but is otherwise admitted.

47. Paragraph 47 is admitted.

48. Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 48.

49. Paragraph 49 is denied.

50. Debtors deny the existence of a "peaceful resolution" but otherwise admit the allegations made in Paragraph 50.

51. Debtors admit that KrisJenn Ranch, LLC Series Pipeline ROW paid $2.5 million, but otherwise deny the allegations made in Paragraph 51.

52. Debtors admit that the foreclosure occurred but otherwise deny the allegations made in Paragraph 52.

53. Debtors deny there has been a request for records other than through litigation but otherwise admit the allegations made in Paragraph 53.

54. Paragraph 54 is denied.

55. The allegations made in paragraph 55 are admitted to the extent suits were filed but otherwise denied.

56. Debtors admit that the Court held the venue was not proper but otherwise deny the allegations in Paragraph 56.

57. Debtors admit that the summary judgment was denied but otherwise deny the allegations made in Paragraph 57.

58. It is admitted that Wright, as principal of the Debtor entities, filed for bankruptcy protection and that he provided discovery responses prior to the bankruptcy filing and that Wright, on behalf of KrisJenn, voluntarily provided responsive documents after the bankruptcy filing. The allegations made in Paragraph 58 are otherwise denied.

59. It is admitted that KrisJenn Ranch, LLC borrowed $5.9 million from McLeod Oil but otherwise deny the allegations made in Paragraph 59.

60. Paragraph 60 is denied.

## CAUSES OF ACTION

### CLAIM 1: BREACH OF CONTRACT

61. In response to Paragraph 61, Debtors reassert all of their responses to Paragraphs 1 to 60 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

62. Paragraph 62 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

63. Paragraph 63 is denied.

64. Paragraph 64 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

65. Paragraph 65 is denied.

66. Paragraph 66 is denied.

67. Paragraph 67 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

68. Paragraph 68 states conclusions of law or request of relief to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 2: MONEY HAD AND RECEIVED

69. In response to Paragraph 69, Debtors reassert all of their responses to Paragraphs 1 to 68 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

70. Paragraph 70 is denied.

71. Paragraph 71 is denied.

Paragraph 72 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 5: TORTIOUS INTERFERENCE WITH CONTRACT

72. In response to Paragraph 73, Debtors reassert all of their responses to Paragraphs 1 to 72 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

73. Paragraph 74 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

74. Paragraph 75 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

75. Paragraph 76 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

76. Paragraph 77 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 6: FRAUDULENT INDUCEMENT

77. In response to Paragraph 78, Debtors reassert all of their responses to Paragraphs 1 to 77 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

78. Paragraph 79 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

79. Paragraph 80 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

80. Paragraph 81 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

81. Paragraph 82 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

82. Paragraph 83 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

83. Paragraph 84 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

84. Paragraph 85 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 7: FRAUD

85. In response to Paragraph 86, Debtors reassert all of their responses to Paragraphs 1 to 85 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

86. Paragraph 87 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

87. Paragraph 88 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

88. Paragraph 89 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

89. Paragraph 90 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

90. Paragraph 91 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

91. Paragraph 92 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

92. Paragraph 93 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

93. Paragraph 94 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

94. Paragraph 95 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

95. Paragraph 96 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## **CLAIM 9: UNJUST ENRICHMENT**

96. In response to Paragraph 97, Debtors reassert all of their responses to Paragraphs 1 to 96 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

97. Paragraph 98 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

98. Paragraph 99 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## **CLAIM 10: DECLARATORY RELIEF**

99. In response to Paragraph 100, Debtors reassert all of their responses to Paragraphs 1 to 99 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

10

100. Paragraph 101 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

101. Paragraph 102 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

102. Paragraph 103 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

103. Paragraph 104 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

### ATTORNEY'S FEES

104. Paragraph 105 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this Paragraph are denied.

The remainder of Third-Party Plaintiff Longbranch's Counterclaims and Third-Party Claims consist of a prayer for relief, to which no response is required. To the extent a response is deemed required, Debtors deny Longbranch Energy, LP is entitled to the requested relief or any relief whatsoever.

### AFFIRMATIVE DEFENSES

105. Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, because they lack standing to sue.

106. Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, due to unilateral or mutual mistake. Debtors are entitled to have the contracts in controversy rescinded or revised as a result of such unilateral or mutual mistake.

107. Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, due to subsequent modification of the Agreement.

108. Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, by impossibility of performance.

109. Defendants and Counter-Claimants' counterclaims are barred by illegality.

110. Defendants and Counter-Claimants' equitable counterclaims are barred, in whole or in part, because they have unclean hands.

111. Defendants and Counter-Claimants' tort claims are contractual in nature and are barred by the economic loss rule.

112. Debtors assert the defense of justification.

113. Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, by the doctrine of estoppel.

114. Debtors assert the defense of proportionate responsibility and assert that the damages alleged by Defendants and Counter-Claimants were legally and proximately caused in whole or in part by the negligence, fault, negligence per se, and/or other culpable conduct of other persons or parties who failed to exercise the same degree of care and caution as would have been exercised by persons using ordinary care in the same or similar circumstances. Debtors are therefore entitled to have the Court and Jury apply the doctrine of proportionate responsibility established by Chapter 33 of the Texas Civil Practice & Remedies Code, to reduce any judgment against them by the degree of negligence or fault attributable to any other person or party.

WHEREFORE PREMESIS CONSIDERED Debtors, Claimants, and Third-Party Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, KrisJenn Ranch, LLC-Series Pipeline Row, and KrisJenn Ranch, LLC as Successor In Interest to Black Duck Properties, LLC pray for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deemed them justly entitled.

Dated: November 17, 2020

Respectfully submitted,

MULLER SMEBERG, PLLC

By: /s/ *John Muller*
C. John Muller IV
State Bar No. 24070306
john@muller-smeberg.com
Ronald J. Smeberg
State Bar No. 24033967
ron@smeberg.com
Ezekiel J. Perez
State Bar No. 24096782
zeke@muller-smeberg.com
111 W. Sunset Rd.
San Antonio, TX 78209
Telephone: 210-664-5000
Facsimile: 210-598-7357

ATTORNEYS FOR DEBTORS

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 17th day of November 2020:

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP
and DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
Attorneys for DMA Properties, Inc.

Natalie Wilson
LANGLEY & BANACK, INC.
745 East Mulberry Avenue | Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

William Germany
BAYNE, SNELL, & KRAUSE
1250 NE Loop 410, Ste. 725
San Antonio, Texas 78209
T- (210) 824-3278
F- (210) 824-3937
wgermany@bskaw.net
Attorney for Larry Wright

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
shane.p.tobin@usdoj.gov
United States Trustee

               /s/ *John Muller*
               C. John Muller IV