## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **KRISJENN RANCH, LLC** | § | |
| *Debtor* | § | **Case No. 20-50805** |
| | § | |

_____

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** | § | |
| **KRISJENN RANCH, LLC-SERIES** | § | |
| **UVALDE RANCH, and KRISJENN** | § | |
| **RANCH, LLC-SERIES PIPELINE** | § | |
| **ROW as successors in interest to** | § | |
| **BLACKDUCK PROPERTIES, LLC,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DMA PROPERTIES, INC., and** | § | |
| **LONGBRANCH ENERGY, LP,** | § | **Adversary No. 20-05027** |
| *Defendants* | § | |

_____

| | | |
|---|---|---|
| **DMA PROPERTIES, INC** | § | |
| *Cross-Plaintiff/Third Party Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **KRISJENN RANCH, LLC,** | § | |
| **KRISJENN RANCH, LLC-SERIES** | § | |
| **UVALDE RANCH, and KRISJENN** | § | |
| **RANCH, LLC-SERIES PIPELINE ROW,** | § | **Adversary No. 20-05027** |
| **BLACK DUCK PROPERTIES, LLC,** | § | |
| **LARRY WRIGHT, and JOHN TERRILL** | § | |
| *Cross-Defendants/Third-Party* | § | |
| *Defendants* | § | |

### KRISJENN RANCH, LLC, KRISJENN RANCH, LLC-SERIES UVALDE RANCH, AND KRISJENN RANCH, LLC-SERIES PIPELINE ROW, AS SUCCESSORS IN INTEREST TO BLACK DUCK PROPERTIES, LLC'S THIRD AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO FRANK DANIEL MOORE'S AMENDED <u>COUNTERCLAIMS AND THIRD-PARTY CLAIMS</u>

1

TO THE HONORABLE CHIEF BANKRUPCY JUDGE RONALD B. KING:

COME NOW Debtors, Claimants, and Third-Party Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, KrisJenn Ranch, LLC-Series Pipeline Row, and KrisJenn Ranch, LLC as successors-in-interest to Black Duck Properties, LLC (collectively the "Debtors"), hereby answer the Complaint of Defendant and Third-Party Plaintiff Frank Daniel Moore as follows:

## PARTIES

1.      Paragraph 1 is admitted.

2.      Paragraph 2 is admitted.

3.      Paragraph 3 is admitted.

4.      Paragraph 4 is admitted.

5.      Paragraph 5 is admitted.

6.      Paragraph 6 is denied.

7.      Paragraph 7 is admitted.

8.      Paragraph 8 is denied.

## JURISDICTION AND VENUE

9.      Paragraph 9 is admitted.

10.     Paragraph 10 is admitted.

11.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 11.  Debtors are not certain at this time whether adjudication of the claims herein are necessary to the effective reorganization of the Debtors.

12.     Paragraph 12 is admitted.

## FACTUAL BACKGROUND

13.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 13.

14.     Debtors admit that Moore met Wright during a previous investment deal but otherwise deny the allegations made in Paragraph 14.

15.     Paragraph 15 is denied.

16.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 16.

17.     Debtors admit that four SWD wells were purchased but otherwise deny the allegations made in Paragraph 17.

18.     Debtors admit that Wright and Moore formed Black Duck Properties, LLC but otherwise deny the allegations made in Paragraph 18.

19.     Debtors admit that the ownership structure of Black Duck is stated correctly but otherwise deny the allegations made in Paragraph 19.

20.      Paragraph 20 is admitted.

21.     Debtors deny that Moore found a buyer but otherwise admit the allegations made in Paragraph 21.

22.     Paragraph 221 is admitted.

23.     Debtors deny that Moore took steps to purchase the right of way but otherwise admit the allegations made in Paragraph 23.

24.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 24.

25.    Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 25.

26.    Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 26.

27.    Paragraph 27 is admitted.

28.    Paragraph 28 is admitted as to the accuracy of the text of the unexecuted Exhibit, but denied as to DMA's interpretation of the agreement.

29.    Paragraph 29 is admitted.

30.    Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 30.

31.    Paragraph 31 is denied.

32.    The alleged representations made by Wright in Paragraph 32 are denied and Debtors lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 32.

33.    Debtors admit that Wright reimbursed the $25,000, but otherwise deny the allegations in Paragraph 33.

34.    Paragraph 34 is admitted as to the accuracy of the text, denied as to Moore's interpretation of the agreement.

35.    Paragraph 35 is admitted.

36.    Paragraph 36 is denied.

37.    Debtors admit Black Duck paid for extensions but otherwise deny the allegations made in Paragraph 37.

38.    Paragraph 38 is denied.

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

39.     Paragraph 39 is denied.

40.     Paragraph 40 is denied.

41.     Paragraph 41 is denied.

42.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 42.

43.     Paragraph 42 is admitted.

44.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 44.

45.     Debtors admit to the alleged closing date but otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 45.

46.     The alleged representations made by Wright in Paragraph 46 are denied and Debtors lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 46.

47.     Paragraph 47 is denied.

48.     Paragraph 48 is denied.

49.     Debtors admit that a deed of trust was executed on January 18, 2018, but all other allegations made in Paragraph 49 are denied.

50.     Debtors admit that David Strolle drafted the documents and is the trustee, but all other allegations made in Paragraph 50 are denied.

51.     Paragraph 51 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

52.     Debtors admit that Black Duck sought a buyer for the right-of-way, but deny all other allegations made in Paragraph 52.

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

53.     Debtors admit that Moore resigned from Black Duck, but otherwise deny the allegations made in Paragraph 53.

54.     Debtors admit there was a written email with terms of resignation but otherwise deny the allegations made in Paragraph 54.

55.     Paragraph 55 is denied.

56.     Paragraph 56 is denied.

57.     Debtors admit that the alleged documents were signed but otherwise deny the allegations made in Paragraph 57.

58.     Paragraph 61 states conclusions of law to which no responsive pleading is required. To the extent a response is required, Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 58.

59.     Paragraph 59 is denied.

60.     Paragraph 60 is admitted as to the accuracy of the text, denied as to Moore's interpretation of the agreement.

61.     Paragraph 61 is admitted.

62.     Paragraph 62 is denied.

63.     Paragraph 63 is admitted as to the text, denied as to enforceability.

64.     Paragraph 64 is denied.

65.     Debtors admit a letter of intent was proposed by John Terrill and signed by Larry Wright but otherwise deny the allegations made in Paragraph 65.

66.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 66.

67.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 67.

68.     Paragraph 68 is admitted.

69.     Debtors admit that a deed was executed, but otherwise deny the allegations made in Paragraph 69.

70.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 70.

71.     Debtors admit that there was a meeting between the stated persons but otherwise deny the allegations made in Paragraph 71.

72.     Debtors admit that there was a meeting between the stated persons but otherwise deny the allegations made in Paragraph 72.

73.     Debtors admit that the parties drove to the right of way but lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 73.

74.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 74.

75.     Debtors admit that Borders called Moore but otherwise deny the allegations made in Paragraph 75.

76.     Paragraph 76 is denied.

77.     Paragraph 77 is denied.

78.     Debtors deny there was radio silence but lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 78.

79.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 79.

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

80.     Paragraph 80 is denied.

81.     Paragraph 81 is denied as to the percentage of Black Duck's retained interest, but is otherwise admitted.

82.     Paragraph 82 is admitted.

83.     Paragraph 83 is admitted.

84.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 84.

85.     Paragraph 85 is denied.

86.     Debtors deny having crafted a scheme and lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 86.

87.     Paragraph 87 is denied.

88.     Debtors admit to the actions were taken by David Strolle, but otherwise deny the allegations made in Paragraph 88.

89.     Paragraph 89 is denied.

90.     Paragraph 90 is denied.

91.     Debtors deny the existence of a "peaceful resolution" but otherwise admit the allegations made in Paragraph 91.

92.     Debtors admit that KrisJenn Ranch, LLC Series Pipeline ROW paid $2.5 million, but otherwise deny the allegations made in Paragraph 92.

93.     Debtors admit that the foreclosure occurred but otherwise deny the allegations made in Paragraph 93.

94.     Debtors deny there has been a requests for records other than through litigation but otherwise deny the allegations made in Paragraph 94.

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

95.    Paragraph 95 is denied.

96.    The allegations made in paragraph 96 are admitted to the extent suits were filed but otherwise denied.

97.    Debtors admit that the Court held the venue was not proper but otherwise deny the allegations in Paragraph 97.

98.    Debtors admit that the summary judgment was denied but otherwise deny the allegations made in Paragraph 98.

99.    Paragraph 99 is admitted.

100.    It is admitted that Wright, as principal of the Debtor entities, filed for bankruptcy protection and that he provided discovery responses prior to the bankruptcy filing and that Wright, on behalf of KrisJenn, voluntarily provided responsive documents after the bankruptcy filing.  The allegations made in Paragraph 100 are otherwise denied.

101.    Paragraph 101 is denied.

102.    Paragraph 102 is denied.

103.    Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 103.

## MOORE'S CLAIMS

104.    Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 104.

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

## CLAIM 1: BREACH OF CONTRACT

105.     In response to Paragraph 105, Debtors reassert all of their responses to Paragraphs 1 to 104 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

106.     Paragraph 106 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

107.     Debtors admit the requests correctly quotes the language used in the agreement but otherwise deny the allegations made in Paragraph 107.

108.     Paragraph 108 is denied.

109.     Paragraph 109 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

110.     Paragraph 110 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

111.     Debtors admit that KrisJenn Ranch, LLC is successor-in-interest to Black Duck but otherwise deny the allegations made in Paragraph 111.

112.     Paragraph 112 is denied.

113.     Paragraph 113 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

114.     Paragraph 114 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

115.     Paragraph 114 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

## CLAIM 2: BREACH OF FIDUCIARY DUTY

116.     In response to Paragraph 116, Debtors reassert all of their responses to Paragraphs 1 to 115 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

117.     Paragraph 117 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

118.     Paragraph 118 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

119.     Paragraph 119 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

120.     Paragraph 120 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

121.     Paragraph 121 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

122.     Paragraph 122 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

123.     Paragraph 123 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

124.     Paragraph 124 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

125.     Paragraph 125 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 3: KNOWING PARTICIPATION IN BREACH OF FIDUCIARY DUTY

126.     In response to Paragraph 126, Debtors reassert all of their responses to Paragraphs 1 to 125 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

127.     Paragraph 127 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

128.     Paragraph 128 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

129.     Debtors admit that Larry Wright has an ownership in the KrisJenn entities but otherwise deny the allegations made in Paragraph 129.

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

130.     Paragraph 130 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

131.     Paragraph 131 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

132.     Paragraph 132 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

133.     Paragraph 133 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

134.     Paragraph 134 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

135.     Paragraph 135 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

136.     Paragraph 136 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

137.     Paragraph 137 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

138.     Paragraph 138 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

139.     Paragraph 139 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

### CLAIM 4: TORTIOUS INTERFERENCE WITH CONTRACT

140.     In response to Paragraph 140, Debtors reassert all of their responses to Paragraphs 1 to 140 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

141.     Paragraph 141 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

142.     Paragraph 142 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

143.     Paragraph 143 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

144.     Paragraph 144 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied

## CLAIM 5: PROMISSORY ESTOPPEL

145.     In response to Paragraph 145, Debtors reassert all of their responses to Paragraphs 1 to 144 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

146.     Paragraph 146 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

147.     Paragraph 147 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

148.     Paragraph 148 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

149.     Paragraph 149 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

150.     Paragraph 150 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

## CLAIM 6: FRAUDULENT INDUCEMENT

151.　　In response to Paragraph 151, Debtors reassert all of their responses to Paragraphs 1 to 150 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

152.　　Paragraph 152 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

153.　　Paragraph 153 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

154.　　Paragraph 154 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

155.　　Paragraph 155 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

156.　　Paragraph 156 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

157.　　Paragraph 157 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

158.     Paragraph 158 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 7: FRAUD

159.     In response to Paragraph 159, Debtors reassert all of their responses to Paragraphs 1 to 158 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

160.     Paragraph 160 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

161.     Paragraph 161 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

162.     Paragraph 162 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

163.     Paragraph 163 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

164.     Paragraph 164 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

165.     Paragraph 165 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

166.     Paragraph 166 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

167.     Paragraph 167 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

168.     Paragraph 168 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

169.     Paragraph 169 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

170.     Paragraph 170 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 8: CIVIL CONSPIRACY

171.     In response to Paragraph 171, Debtors reassert all of their responses to Paragraphs 1 to 170 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

172.     Paragraph 172 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

173.     Paragraph 173 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 9: UNJUST ENRICHMENT

174.     In response to Paragraph 174, Debtors reassert all of their responses to Paragraphs 1 to 173 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

175.     Paragraph 175 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

176.     Paragraph 176 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 10: DECLARATORY RELIEF

177.     In response to Paragraph 177, Debtors reassert all of their responses to Paragraphs 1 to 177 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

178.     Paragraph 178 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

179.     Paragraph 179 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

180.     Paragraph 180 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

181.     Paragraph 181 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

182.     Paragraph 182 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 11: NONDISCHARGEABILITY OF DEBTS AND CLAIMS

183.     In response to Paragraph 183, Debtors reassert all of their responses to Paragraphs 1 to 182 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

184.     Paragraph 184 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

185.     Paragraph 185 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

186.        Paragraph 186 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

187.        Paragraph 187 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

188.        Paragraph 188 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

189.        Paragraph 189 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

190.        Paragraph 190 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

191.        Paragraph 191 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

192.        Paragraph 192 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

193.     Paragraph 193 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

194.     Paragraph 194 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

195.     Paragraph 195 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## ATTORNEY'S FEES

196.     Paragraph 196 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this Paragraph are denied.

The remainder of Third-Party Plaintiff's Amended Counterclaims and Third-Party Claims consist of a prayer for relief, to which no response is required.  To the extent a response is deemed required, Debtors deny DMA Properties, Inc is entitled to the requested relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

197.     Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, because they lack standing to sue.

198.     Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, due to unilateral or mutual mistake.  Defendants and Counter-Claimants are entitled to have the contracts in controversy rescinded or revised as a result of such unilateral or mutual mistake.

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

199.    Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, due to subsequent modification of the Agreement.

200.    Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, by impossibility of performance.

201.    Defendants and Counter-Claimants' counterclaims are barred by illegality.

202.    Defendant and Counter-Claimants' counterclaims are subject to the limits imposed on a third-party beneficiary's recovery.

203.    Defendant and Counter-Claimants' third-party counterclaims are subject to all waiver and limitation provisions contained in the Company Agreement of Black Duck Properties, LLC, including but not limited to the  waivers contained in Section 13.14 of such agreement: Waiver of Exemplary or Punitive Damages.

204.    Defendants and Counter-Claimants' equitable counterclaims are barred, in whole or in part, because they have unclean hands.

205.    Defendants and Counter-Claimants' tort claims are contractual in nature and are barred by the economic loss rule.

206.    Debtors assert the defense of justification.

207.    Debtors assert the defense of proportionate responsibility and assert that the damages alleged by Defendants and Counter-Claimants were legally and proximately caused in whole or in part by the negligence, fault, negligence per se, and/or other culpable conduct of other persons or parties who failed to exercise the same degree of care and caution as would have been exercised by persons using ordinary care in the same or similar circumstances.  Debtors are therefore entitled to have the Court and Jury apply the doctrine of proportionate responsibility

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

established by Chapter 33 of the Texas Civil Practice & Remedies Code, to reduce any judgment against them by the degree of negligence or fault attributable to any other person or party.

208.     Debtors are entitled to have any debts or liabilities owed to the Defendants and Counterclaimants offset by any and all amounts owed by SCMED Oilfield Consulting, LLC, including but not limited those debts owed pursuant to Section 14.10, Indemnification, and Section 14.01 Offset.

WHEREFORE PREMESIS CONSIDERED Debtors, Claimants, and Third-Party Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, KrisJenn Ranch, LLC-Series Pipeline Row, and KrisJenn Ranch, LLC as successors-in-interest to Black Duck Properties, LLC pray for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deemed them justly entitled.

Dated: December 14, 2020

Respectfully submitted,

MULLER SMEBERG, PLLC

By:    /s/ *John Muller*
        C. John Muller IV
        State Bar No. 24070306
        john@muller-smeberg.com
        Ezekiel J. Perez
        State Bar No. 24096782
        zeke@muller-smeberg.com
        111 W. Sunset Rd.
        San Antonio, TX 78209
        Telephone: 210-664-5000
        Facsimile: 210-598-7357

ATTORNEYS FOR DEBTORS

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 14th day of December 2020:

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP
and DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
Attorneys for DMA Properties, Inc.

Natalie Wilson
LANGLEY & BANACK, INC.
745 East Mulberry Avenue | Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

William Germany
BAYNE, SNELL, & KRAUSE
1250 NE Loop 410, Ste. 725
San Antonio, Texas 78209
T- (210) 824-3278
F- (210) 824-3937
wgermany@bskaw.net
Attorney for Larry Wright

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
shane.p.tobin@usdoj.gov
United States Trustee


  /s/ John Muller
C. John Muller IV

*Debtors' Third Amended Answer to Moore's Counter and Third -Party Claims*