# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **KRISJENN RANCH, LLC,** | § | |
| *Debtor* | § | **Case No. 20-50805** |
| | § | |

---

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** | § | |
| **KRISJENN RANCH, LLC-SERIES** | § | |
| **UVALDE RANCH, and KRISJENN** | § | |
| **RANCH, LLC-SERIES PIPELINE** | § | |
| **ROW as successors in interest to** | § | |
| **BLACKDUCK PROPERTIES, LLC,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DMA PROPERTIES, INC., and** | § | |
| **LONGBRANCH ENERGY, LP,** | § | **Adversary No. 20-05027** |
| *Defendants* | § | |

---

| | | |
|---|---|---|
| **DMA PROPERTIES, INC.,** | § | |
| *Cross-Plaintiff/Third Party Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **KRISJENN RANCH, LLC,** | § | |
| **KRISJENN RANCH, LLC-SERIES** | § | |
| **UVALDE RANCH, and KRISJENN** | § | |
| **RANCH, LLC-SERIES PIPELINE ROW,** | § | **Adversary No. 20-05027** |
| **BLACK DUCK PROPERTIES, LLC,** | § | |
| **LARRY WRIGHT, and JOHN TERRILL,** | § | |
| *Cross-Defendants/Third-Party* | § | |
| *Defendants* | § | |

**KRISJENN RANCH, LLC, KRISJENN RANCH, LLC-SERIES UVALDE RANCH, AND KRISJENN RANCH, LLC-SERIES PIPELINE ROW, AS SUCCESSORS IN INTEREST TO BLACK DUCK PROPERTIES, LLC'S THIRD AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THIRD PARTY PLAINTIFF <u>DMA PROPERTIES, INC.'S COMPLAINT</u>**

1

TO THE HONORABLE CHIEF BANKRUPCY JUDGE RONALD B. KING:

COME NOW Debtors, Claimants, and Third-Party Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, KrisJenn Ranch, LLC-Series Pipeline Row, and KrisJenn Ranch, LLC as successors-in-interest to Black Duck Properties, LLC (collectively the "Debtors"), hereby answering the Complaint of Defendant and Third-Party Plaintiff DMA Properties, Inc. and would respectfully show as follows:

## PARTIES

1.      Paragraph 1 is admitted.

2.      Paragraph 2 is admitted.

3.      Paragraph 3 is admitted.

4.      Paragraph 4 is admitted.

5.      Paragraph 5 is denied.

6.      Paragraph 6 is admitted.

7.      Paragraph 7 is denied.

## JURISDICTION AND VENUE

8.      Paragraph 8 is admitted.

9.      Paragraph 9 is admitted.

10.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 10.  Debtors are not certain at this time whether adjudication of the claims herein are necessary to the effective reorganization of the Debtors.

11.     Paragraph 11 is admitted.

## SUMMARY OF DISPUTE

12.     Paragraph 12 is denied.

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

## **FACTUAL BACKGROUND**

13.        Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 13.

14.        Debtors admit that Moore met Wright during a previous investment deal but otherwise deny the allegations made in Paragraph 14.

15.        Paragraph 15 is denied.

16.        Paragraph 16 is denied.

17.        Debtors admit that four SWD wells were purchased but otherwise deny the allegations made in Paragraph 17.

18.        Debtors admit that Wright and Moore formed Black Duck Properties, LLC but otherwise deny the allegations made in Paragraph 18.

19.        Debtors admit that the ownership structure of Black Duck is stated correctly but otherwise deny the allegations made in Paragraph 19.

20.        Paragraph 20 is admitted.

21.        Debtors deny that Moore found a buyer but otherwise admit the allegations made in Paragraph 20.

22.        Paragraph 22 is admitted.

23.        Debtors deny that Moore took steps to purchase the right of way but otherwise admit the allegations made in Paragraph 23.

24.        Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 24.

25.        Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 25.

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

26.      Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 26.

27.      Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 27.

28.      Paragraph 28 is admitted as to the accuracy of the text of the unexecuted Exhibit, but denied as to DMA's interpretation of the agreement.

29.      Paragraph 29 is admitted.

30.      Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 30.

31.      Paragraph 31 is denied.

32.      The alleged representations made by Wright in Paragraph 32 are denied and Debtors lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 35.

33.      Debtors admit that Wright reimbursed the $25,000, but otherwise deny the allegations in Paragraph 33.

34.      Paragraph 34 is admitted as to the accuracy of the text, denied as to DMA's interpretation of the agreement.

35.      Paragraph 35 is admitted.

36.      Paragraph 36 is denied.

37.      Debtors admit Black Duck paid for extensions but otherwise deny the allegations made in Paragraph 37.

38.      Paragraph 38 is denied.

39.      Paragraph 39 is denied.

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

40.    Paragraph 40 is denied.

41.    Paragraph 41 is denied.

42.    Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 42.

43.    Paragraph 43 is admitted.

44.    Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 44.

45.    Debtors admit to the alleged closing date but otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 45.

46.    The alleged representations made by Wright in Paragraph 46 are denied and Debtors lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 46.

47.    Paragraph 47 is denied.

48.    Paragraph 48 is denied.

49.    Debtors admit that a deed of trust was executed on January 18, 2018, and that documents were prepared by David Strolle and he was listed as the trustee, but all other allegations made in Paragraph 49 are denied.

50.    Debtors admit that Black Duck sought a buyer for the right-of-way, but deny all other allegations made in Paragraph 50.

51.    Debtors admit that Moore resigned from Black Duck, but otherwise deny the allegations made in Paragraph 51.

52.    Debtors admit there was a written email with terms of resignation but otherwise deny the allegations made in Paragraph 52.

5

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

53.        Paragraph 53 is denied.

54.        Paragraph 54 is denied.

55.        Debtors admit that the alleged documents were signed but otherwise deny the allegations made in Paragraph 55.

56.        Paragraph 56 states conclusions of law to which no responsive pleading is required. To the extent a response is required, Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 56.

57.        Paragraph 57 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

58.        Paragraph 58 is admitted as to the accuracy of the text, denied as to DMA's interpretation of the agreement.

59.        Paragraph 59 is admitted.

60.        Paragraph 60 is denied.

61.        Paragraph 61 is admitted.

62.        Paragraph 62 is denied.

63.        Debtors admit a letter of intent was proposed by John Terrill and signed by Larry Wright but otherwise deny the allegations made in Paragraph 63.

64.        Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 64.

65.        Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 65.

66.        Paragraph 66 is admitted.

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

67.     Debtors admit that a deed was executed, but otherwise deny the allegations made in Paragraph 67.

68.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 68.

69.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 69.

70.     Debtors admit that there was a meeting between the stated persons but otherwise deny the allegations made in Paragraph 70.

71.     Debtors admit that the parties drove to the right of way but lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 71.

72.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 72.

73.     Debtors admit that Borders called Moore but otherwise deny the allegations made in Paragraph 73.

74.     Paragraph 74 is denied.

75.     Paragraph 75 is denied.

76.     Debtors deny there was radio silence but lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 76.

77.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 77.

78.     Paragraph 78 is denied.

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

79.     Paragraph 79 is denied as to the percentage of Black Duck's retained interest, but is otherwise admitted.

80.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 80.

81.     Paragraph 81 is admitted.

82.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 82.

83.     Paragraph 83 is denied.

84.     Paragraph 84 is denied.

85.     Paragraph 85 is denied.

86.     Debtors admit to the actions were taken by David Strolle, but otherwise deny the allegations made in Paragraph 86.

87.     Paragraph 87 is denied.

88.     Paragraph 88 is denied.

89.     Debtors deny the existence of a "peaceful resolution" but otherwise admit the allegations made in Paragraph 89.

90.     Debtors admit that KrisJenn Ranch, LLC Series Pipeline ROW paid $2.5 million, but otherwise deny the allegations made in Paragraph 90.

91.     Debtors admit that the foreclosure occurred but otherwise deny the allegations made in Paragraph 91.

92.     Debtors deny there has been a request for records other than through litigation but otherwise admit the allegations made in Paragraph 92.

93.     Paragraph 93 is denied.

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

94.     The allegations made in paragraph 94 are admitted to the extent suits were filed but otherwise denied.

95.     Debtors admit that the Court held the venue was not proper but otherwise deny the allegations in Paragraph 95.

96.     Debtors admit that the summary judgment was denied but otherwise deny the allegations made in Paragraph 96.

97.     Paragraph 97 is admitted.

98.     It is admitted that Wright, as principal of the Debtor entities, filed for bankruptcy protection and that he provided discovery responses prior to the bankruptcy filing and that Wright, on behalf of KrisJenn, voluntarily provided responsive documents after the bankruptcy filing.  The allegations made in Paragraph 98 are otherwise denied.

99.     Paragraph 99 is denied.

100.    Paragraph 100 is denied.

101.    Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 100.

## CLAIMS RELATED TO THE PIPELINE RIGHT OF WAY

## CLAIM 1: BREACH OF CONTRACT

102.    In response to Paragraph 102, Debtors reassert all of their responses to Paragraphs 1 to 101 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

103.    Paragraph 103 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

104.     Debtors admit the requests correctly quotes the language used in the agreement but otherwise deny the allegations made in Paragraph 104.

105.     Paragraph 105 is denied.

106.     Paragraph 106 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

107.     Paragraph 107 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

108.     Debtors admit that KrisJenn Ranch, LLC is successor-in-interest to Black Duck but otherwise deny the allegations made in Paragraph 108.

109.     Paragraph 109 is denied.

110.     Paragraph 110 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

111.     Paragraph 111 states requests for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 2: MONEY HAD AND RECEIVED

112.     In response to Paragraph 112, Debtors reassert all of their responses to Paragraphs 1 to 111 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

113.     Paragraph 113 is denied.

114.        Paragraph 114 is denied.

115.        Paragraph 115 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 3: BREACH OF FIDUCIARY DUTY

116.        In response to Paragraph 116, Debtors reassert all of their responses to Paragraphs 1 to 115 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

117.        Paragraph 117 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

118.        Debtors admit that the original sale to TCRG, the $2.5 million, was used to repay debt from the original pipeline purchase but otherwise deny the allegations made in Paragraph 118.

119.        Paragraph 119 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

120.        Paragraph 120 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

121.        Paragraph 121 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

122.     Paragraph 122 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

123.     Paragraph 123 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 4: KNOWING PARTICIPATION IN BREACH OF FIDUCIARY DUTY

124.     In response to Paragraph 124, Debtors reassert all of their responses to Paragraphs 1 to 123 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

125.     Paragraph 125 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

126.     Paragraph 126 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

127.     Debtors admit that Larry wright is a managing member of the Debtor entities but deny all other allegations contained in Paragraph 127.

128.     Paragraph 128 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

129.     Paragraph 129 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

130.     Paragraph 130 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

131.     Paragraph 131 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

132.     Paragraph 132 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

133.     Paragraph 133 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

134.     Paragraph 134 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

135.     Paragraph 135 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 5: TORTIOUS INTERFERENCE WITH CONTRACT

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

136.     In response to Paragraph 136, Debtors reassert all of their responses to Paragraphs 1 to 135 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

137.     Paragraph 137 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

138.     Paragraph 138 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

139.     Paragraph 139 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

140.     Paragraph 140 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 6: FRAUDULENT INDUCEMENT

141.     In response to Paragraph 141, Debtors reassert all of their responses to Paragraphs 1 to 140 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

142.     Paragraph 142 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

143.        Paragraph 143 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

144.        Paragraph 144 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

145.        Paragraph 145 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

146.        Paragraph 146 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

147.        Paragraph 147 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

148.        Paragraph 148 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## **CLAIM 7: FRAUD**

149.     In response to Paragraph 149, Debtors reassert all of their responses to Paragraphs 1 to 148 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

150.     Paragraph 150 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

151.     Paragraph 151 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

152.     Paragraph 152 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

153.     Paragraph 153 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

154.     Paragraph 154 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

155.     Paragraph 155 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

156.     Paragraph 156 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

157.     Paragraph 157 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

158.     Paragraph 158 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

159.     Paragraph 159 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 8: CIVIL CONSPIRACY

160.     In response to Paragraph 160, Debtors reassert all of their responses to Paragraphs 1 to 159 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

161.     Paragraph 161 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

162.     Paragraph 162 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

## CLAIM 9: UNJUST ENRICHMENT

163.	In response to Paragraph 163, Debtors reassert all of their responses to Paragraphs 1 to 162 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

164.	Paragraph 164 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

165.	Paragraph 165 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 10: DECLARATORY RELIEF

166.	In response to Paragraph 166, Debtors reassert all of their responses to Paragraphs 1 to 165 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

167.	Paragraph 167 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

168.	Paragraph 168 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

169.	Paragraph 169 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

170.     Paragraph 170 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

171.     Paragraph 171 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## ATTORNEY'S FEES

172.     Paragraph 172 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this Paragraph are denied.

## CLAIMS RELATED TO THE BIGFOOT NOTE PAYMENTS

## CLAIM 1: BREACH OF CONTRACT

173.     In response to Paragraph 173, Debtors reassert all of their responses to Paragraphs 1 to 172 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

174.     Paragraph 174 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

175.     Debtors admit that Paragraph 175 correctly states the parties written agreement but otherwise is deny the allegations made therein.

176.     Debtors admit that Paragraph 176 correctly states the parties written agreement but otherwise is deny the allegations made therein.

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

177.     Paragraph 177 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

178.     Paragraph 178 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

179.     Debtors admit that KrisJenn Ranch, LLC is the successor-in-interest to Black Duck but otherwise deny the allegations in Paragraph 179.

180.     Paragraph 180 is denied.

181.     Paragraph 181 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

182.     Paragraph 182 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 2: CONVERSION

183.     In response to Paragraph 183, Debtors reassert all of their responses to Paragraphs 1 to 182 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

184.     Paragraph 184 is denied.

185.     Paragraph 185 is denied.

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

186.     Paragraph 186 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

187.     Paragraph 187 is denied.

188.     Debtors lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 188.

189.     Paragraph 189 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

190.     Paragraph 190 states request for relief conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

191.     Paragraph 191 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 3: MONEY HAD AND RECEIVED

192.     In response to Paragraph 192, Debtors reassert all of their responses to Paragraphs 1 to 191 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

193.     Paragraph 193 is denied.

194.     Paragraph 194 is denied.

195.        Paragraph 195 states a request for relief to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

196.        Paragraph 196 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 4: BREACH OF FIDUCIARY DUTY

197.        In response to Paragraph 197, Debtors reassert all of their responses to Paragraphs 1 to 196 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

198.        Paragraph 198 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

199.        Debtors admit that KrisJenn Ranch, LLC is successor-in-interest to Black Duck but otherwise deny the allegations in Paragraph 199.

200.        Paragraph 200 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

201.        Paragraph 201 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

202.     Paragraph 202 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 5: UNJUST ENRICHMENT

203.     In response to Paragraph 203, Debtors reassert all of their responses to Paragraphs 1 to 202 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

204.     Paragraph 204 is denied.

205.     Paragraph 205 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 6: DECLARATORY RELIEF

206.     In response to Paragraph 206, Debtors reassert all of their responses to Paragraphs 1 to 206 of Third-Party Plaintiff's Complaint and Counterclaim and incorporate the same by reference.

207.     Paragraph 207 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

208.     Paragraph 208 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

209.     Paragraph 209 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

210.     Paragraph 210 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## ATTORNEY'S FEES

211.     Paragraph 211 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

The remainder of Third-Party Plaintiff's Counterclaims and Third-Party Claims consist of a prayer for relief, to which no response is required.  To the extent a response is deemed required, Debtors deny DMA Properties, Inc is entitled to the requested relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

212.     Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, because they lack standing to sue.

213.     Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, due to unilateral or mutual mistake.  Debtors are entitled to have the contracts in controversy rescinded or revised as a result of such unilateral or mutual mistake.

214.     Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, due to subsequent modification of the Agreement.

215.     Defendants and Counter-Claimants' counterclaims are barred, in whole or in part, by impossibility of performance.

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

216.     Defendants and Counter-Claimants' counterclaims are barred by illegality.

217.     Defendant and Counter-Claimants' counterclaims are subject to the limits imposed on a third-party beneficiary's recovery.

218.     Defendant and Counter-Claimants' third-party counterclaims are subject to all waiver and limitation provisions contained in the Company Agreement of Black Duck Properties, LLC, including but not limited to the  waivers contained in Section 13.14 of such agreement: Waiver of Exemplary or Punitive Damages.

219.     Defendants and Counter-Claimants' equitable counterclaims are barred, in whole or in part, because they have unclean hands.

220.     Defendants and Counter-Claimants' tort claims are contractual in nature and are barred by the economic loss rule.

221.     Debtors assert the defense of justification.

222.     Debtors assert the defense of proportionate responsibility and assert that the damages alleged by Defendants and Counter-Claimants were legally and proximately caused in whole or in part by the negligence, fault, negligence per se, and/or other culpable conduct of other persons or parties who failed to exercise the same degree of care and caution as would have been exercised by persons using ordinary care in the same or similar circumstances.  Debtors are therefore entitled to have the Court and Jury apply the doctrine of proportionate responsibility established by Chapter 33 of the Texas Civil Practice & Remedies Code, to reduce any judgment against them by the degree of negligence or fault attributable to any other person or party.

223.     Debtors are entitled to have any debts or liabilities owed to the Defendants and Counterclaimants offset by any and all amounts owed by SCMED Oilfield Consulting, LLC,

including but not limited those debts owed pursuant to Section 14.10, Indemnification, and Section 14.01 Offset.

WHEREFORE PREMESIS CONSIDERED Debtors, Claimants, and Third-Party Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, KrisJenn Ranch, LLC-Series Pipeline Row, and KrisJenn Ranch, LLC as successors-in-interest to Black Duck Properties, LLC pray for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deemed them justly entitled.

Dated: December 14, 2020

Respectfully submitted,

MULLER SMEBERG, PLLC

By:    /s/ *John Muller*                              
C. John Muller IV
State Bar No. 24070306
john@muller-smeberg.com
Ezekiel J. Perez
State Bar No. 24096782
zeke@muller-smeberg.com
111 W. Sunset Rd.
San Antonio, TX 78209
Telephone: 210-664-5000
Facsimile: 210-598-7357

ATTORNEYS FOR DEBTORS

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 14th day of December 2020:

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP
and DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
Attorneys for DMA Properties, Inc.

Natalie Wilson
LANGLEY & BANACK, INC.
745 East Mulberry Avenue | Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

William Germany
BAYNE, SNELL, & KRAUSE
1250 NE Loop 410, Ste. 725
San Antonio, Texas 78209
T- (210) 824-3278
F- (210) 824-3937
wgermany@bskaw.net
Attorney for Larry Wright

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
shane.p.tobin@usdoj.gov
United States Trustee


 /s/ *John Muller*
C. John Muller IV

*Debtors' Third Amended Answer to DMA Properties, Inc.'s Counter and Third-Party Claims*