# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **KRISJENN RANCH, LLC** | § | |
| *Debtor* | § | **Case No. 20-50805** |
| | § | |

---

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** | § | |
| **KRISJENN RANCH, LLC-SERIES** | § | |
| **UVALDE RANCH, and KRISJENN** | § | |
| **RANCH, LLC-SERIES PIPELINE** | § | |
| **ROW as successors in interest to** | § | |
| **BLACKDUCK PROPERTIES, LLC,** | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DMA PROPERTIES, INC., and** | § | |
| **LONGBRANCH ENERGY, LP,** | § | **Adversary No. 20-05027** |
| *Defendants* | § | |

---

| | | |
|---|---|---|
| **DMA PROPERTIES, INC** | § | |
| *Cross-Plaintiff/Third Party Plaintiff* | § | |
| **v.** | § | |
| | § | |
| **KRISJENN RANCH, LLC,** | § | |
| **KRISJENN RANCH, LLC-SERIES** | § | |
| **UVALDE RANCH, and KRISJENN** | § | |
| **RANCH, LLC-SERIES PIPELINE ROW,** | § | **Adversary No. 20-05027** |
| **BLACK DUCK PROPERTIES, LLC,** | § | |
| **LARRY WRIGHT, and JOHN TERRILL** | § | |
| *Cross-Defendants/Third-Party* | § | |
| *Defendants* | § | |

## THIRD-PARTY DEFENDANT LARRY WRIGHT'S SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO FRANK DANIEL MOORE'S AMENDED THIRD-PARTY CLAIMS

TO THE HONORABLE CHIEF BANKRUPTCY JUDGE RONALD B. KING:

1

COMES NOW Third-Party Defendant LARRY WRIGHT and answers the Third-Party Complaints against him by Third-Party Plaintiff Frank Daniel Moore as follows:

## PARTIES

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted.

5. Paragraph 5 is denied.

6. Paragraph 6 is admitted.

7. Paragraph 7 is admitted.

8. Paragraph 8 is admitted.

## JURISDICTION AND VENUE

9. Paragraph 9 is admitted.

10. Paragraph 10 is admitted.

11. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 11. Third-Party Defendant is not certain at this time whether adjudication of the claims herein are necessary to the effective reorganization of the Debtors.

12. Paragraph 12 is admitted.

## FACTUAL BACKGROUND

13. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 13.

14. Third-Party Defendant admits that Moore met Wright during a previous investment deal but otherwise denies the allegations made in Paragraph 14.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. Paragraph 17 is admitted.

18. Third-Party Defendant admits that he and Moore caused Black Duck Properties, LLC to be formed but otherwise denies the allegations made in Paragraph 18.

19. Third-Party admits that the ownership structure of Black Duck is stated correctly but otherwise denies the allegations made in Paragraph 19.

20. Paragraph 20 is admitted.

21. Third-Party Defendant denies that Moore found a buyer but otherwise admits the allegations made in Paragraph 21.

22. Paragraph 22 is admitted

23. Third-Party Defendant denies that Moore took steps to purchase the right of way but otherwise admits the allegations made in Paragraph 23.

24. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 24.

25. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 25.

26. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 26.

27.  Paragraph 27 is admitted

28. Paragraph 28 is admitted as to the accuracy of the text of the unexecuted Exhibit, but denied as to DMA's interpretation of the agreement Paragraph 28 is admitted.

29. Paragraph 29 is admitted.

30. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 30.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Third-Party Defendant admits he reimbursed the $25,000, but otherwise denies the allegations in Paragraph 33.

34. Paragraph 34 is admitted to the accuracy of the text, denied as to Moore's interpretation.

35. Paragraph 35 is admitted.

36. Paragraph 34 is denied.

37. Third-Party Defendant admits Black Duck paid for extensions but otherwise denies the allegation made in Paragraph 37.

38. Paragraph 38 is denied.

39. Paragraph 39 is denied.

40. Paragraph 40 is denied.

41. Paragraph 41 is denied.

42. Third-party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 42.

43. Paragraph 43 is admitted.

44. Third-party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 44.

45. Third-Party Defendant admits to the alleged closing date but otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 45.

46. The alleged representations made by Third-Party Defendant in Paragraph 49 are denied and Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 46.

47. Paragraph 47 is denied.

48. Paragraph 48 is denied.

49. Third-Party Defendant admits that a deed of trust was executed on January 18, 2018, but all other allegations made in Paragraph 49 are denied.

50. Third-Party Defendant admits that David Strolle drafted the documents and is the trustee, but all other allegations made in Paragraph 50 are denied.

51. Paragraph 51 is denied.

52. Third-Party Defendant admits that Black Duck sought a buyer for the right-of-way, but denies all other allegations made in Paragraph 52.

53. Third-Party Defendant admits that Moore resigned from Black Duck, but otherwise denies the allegations made in Paragraph 53.

54. Third-Party Defendant admits there was a written email with terms of resignation but otherwise denies the allegations made in Paragraph 54.

55. Paragraph 55 is admitted.

56. Paragraph 56 is admitted.

57. Third-Party Defendant admits that the alleged documents were signed but otherwise denies the allegations made in Paragraph 57.

58. Paragraph 58 states conclusions of law to which no responsive pleading is required. To the extent a response is required, Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 58.

59. Paragraph 59 states conclusions of law to which no responsive pleading is required. To the extent a response is required, Third-Party Defendant denies the allegations made in Paragraph 59.

60. Paragraph 60 is admitted as to the accuracy of the text, denied as to Moore's interpretation of the agreement

61. Paragraph 61 is admitted.

62. Paragraph 62 is admitted as to the text, denied as to enforceability.

63. Paragraph 63 is admitted.

64. Paragraph 64 is denied.

65. Third-Party Defendant admits a letter of intent was proposed by John Terrill and signed by Third-Party Defendant in his corporate capacity but otherwise denies the allegations made in Paragraph 65.

66. Paragraph 66 is denied.

67. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph67.

68. Paragraph 68 is admitted.

69. Paragraph 69 is admitted as to the execution of the deed, but Third-Party Defendant lacks sufficient knowledge or information to a form a belief as to TCRG's due diligence.

70. Paragraph 70 is denied.

71. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 71.

72. Third-Party Defendant admits that there was a meeting between the stated persons but otherwise denies the allegations made in Paragraph 72.

73. Third-Party Defendant admits that the parties drove to the right of way but lack sufficient knowledge or information to form a belief about the truth of all other allegations made in Paragraph 73.

74. Paragraph 74 is admitted.

75. Third-Party Defendant admits that Borders called Moore but otherwise denies the allegations made in Paragraph 75.

76. Paragraph 76 is admitted.

77. Paragraph 77 is denied.

78. Third-Party Defendant denies there was radio silence and lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 78.

79. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 79.

80. Paragraph 80 is admitted.

81. Paragraph 81 is admitted.

82. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 82.

83. Paragraph 83 is admitted.

84. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 84.

85. Paragraph 85 is denied.

86. Paragraph 86 is denied.

87. Paragraph 87 is denied.

88. Third-Party Defendant admits to the actions were taken by David Strolle, but otherwise denies the allegations made in Paragraph 88.

89. Paragraph 89 is admitted.

90. Paragraph 90 is denied.

91. Third-Party Defendant denies the existence of a "peaceful resolution" but otherwise admits the allegations made in Paragraph 91.

92. Third-Party Defendant admits that KrisJenn Ranch, LLC Series Pipeline ROW paid $2.5 million, but otherwise denies the allegations made in Paragraph 92.

93. Third-Party Defendant admits that the foreclosure occurred but otherwise denies the allegations made in Paragraph 93.

94. Third-Party Defendant denies there has been a requests for records other than through litigation but otherwise admits the allegations made in Paragraph 94.

95. Paragraph 95 is denied.

96. The allegations made in Paragraph 96 are admitted to the extent suits were filed but otherwise denied.

97. Third-Party Defendant admits that the Court held the venue was not proper but otherwise denies the allegations in Paragraph 97.

98. Third-Party Defendant admits that the summary judgment was denied but otherwise denies the allegations made in Paragraph 98.

99.     Paragraph 99 is admitted.

100.    It is admitted that Wright, as principal of the Debtor entities, filed for bankruptcy protection and that he provided discovery responses prior to the bankruptcy filing and that Wright, on behalf of KrisJenn, voluntarily provided responsive documents after the bankruptcy filing. The allegations made in Paragraph 100 are otherwise denied.

101.    Paragraph 101 is denied.

102.    Paragraph 102 is denied.

103.    Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 103.

## MOORE'S CLAIMS

104.    Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations made in Paragraph 104.

## CLAIM 1: BREACH OF CONTRACT

105.    In response to Paragraph 105, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 104 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporate the same by reference.

106.     Paragraph 106 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

107.     Third-Party Defendant admits the requests correctly quotes the language used in the agreement but otherwise denies the allegations made in Paragraph 107.

108.     Paragraph 108 is admitted.

109.     Paragraph 109 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

110.     Paragraph 110 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

111.     Third-Party Defendant admits that KrisJenn Ranch, LLC is successor-in-interest to Black Duck but otherwise denies the allegations made in Paragraph 111.

112.     Paragraph 112 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

113.     Paragraph 113 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

114.      Paragraph 114 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

115.      Paragraph 115 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

### CLAIM 2: BREACH OF FIDUCIARY DUTY

116.      In response to Paragraph 116, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 115 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporates the same by reference.

117.      Paragraph 117 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

118.      Paragraph 118 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

119.      Paragraph 119 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

120.      Paragraph 120 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

121.    Paragraph 121 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

122.    Paragraph 122 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

123.    Paragraph 123 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

124.    Paragraph 124 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

125.    Paragraph 125 is denied

## CLAIM 3: KNOWING PARTICIPATION IN
## BREACH OF FIDUCIARY DUTY

126.    In response to Paragraph 126, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 125 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporates the same by reference.

127.    Paragraph 127 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

128.    Paragraph 128 is denied.

129.      Paragraph 129 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

130.      Paragraph 130 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

131.      Paragraph 131 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

132.      Paragraph 132 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

133.      Paragraph 133 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

134.      Paragraph 134 is denied.

135.      Paragraph 135 is denied.

136.      Paragraph 136 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

137.     Paragraph 137 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

138.     Paragraph 138 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

139.     Paragraph 139 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 4: TORTIOUS INTEREFERENCE WITH CONTRACT

140.     In response to Paragraph 140, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 139 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporates the same by reference.

141.     Paragraph 141 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

142.     Paragraph 142 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

143.     Paragraph 143 states conclusions of law to which no responsive pleading is required.

144.     Paragraph 144 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied..

## CLAIM 5: PROMISSORY ESTOPPEL

145.     In response to Paragraph 145, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 144 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporates the same by reference.

146.     Paragraph 146 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

147.     Paragraph 147 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

148.     Paragraph 148 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

149.     Paragraph 149 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

150.     Paragraph 150 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 6: FRAUD/FRAUDULENT INDUCEMENT

151.     In response to Paragraph 151, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 150 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporates the same by reference.

152.     Paragraph 152 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

153.     Paragraph 153 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

154.     Paragraph 154 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

155.     Paragraph 155 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

156.     Paragraph 156 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

157.     Paragraph 157 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

158.     Paragraph 158 states conclusions of law and a request for relief to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 7: FRAUD (IN THE ALTERNATIVE)

159.     In response to Paragraph 159, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 158 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporates the same by reference.

160.     Paragraph 160 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

161.     Paragraph 161 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

162.     Paragraph 162 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

163.     Paragraph 163 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

164.     Paragraph 164 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

165.     Paragraph 165 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

166.     Paragraph 166 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

167.     Paragraph 167 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

168.     Paragraph 168 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

169.     Paragraph 169 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

170.     Paragraph 170 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 8: CIVIL CONSPIRACY

171.     In response to Paragraph 171, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 170 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporates the same by reference.

172.     Paragraph 172 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

173.     Paragraph 173 states a request for relief and conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 9: UNJUST ENRICHMENT

174.     In response to Paragraph 174, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 173 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporates the same by reference.

175.     Paragraph 175 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

176.     Paragraph 176 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 10: DECLARATORY RELIEF

177.     In response to Paragraph 177, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 176 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporates the same by reference.

178.     Paragraph 178 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

179.     Paragraph 179 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

180.     Paragraph 180 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

181.     Paragraph 181 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

182.     Paragraph 182 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## CLAIM 11: NONDISCHARGEABILITY OF DEBTS AND CLAIMS

183.     In response to Paragraph 183, Third-Party Defendant reasserts all of his responses to Paragraphs 1 to 182 of Frank Daniel Moore's Amended Counterclaims and Third-Party Claims and incorporates the same by reference.

184.     Paragraph 184 is denied.

185.      Paragraph 185 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

186.      Paragraph 186 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

187.      Paragraph 187 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

188.      Paragraph 188 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

189.      Paragraph 189 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

190.      Paragraph 190 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

191.      Paragraph 191 states conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations in this paragraph are denied.

192.     Paragraph 192 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

193.     Paragraph 193 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

194.     Paragraph 194 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

195.     Paragraph 195 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## ATTORNEY'S FEES

196.     Paragraph 196 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

197.     Paragraph 176 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

The remainder of Third-Party Plaintiff's Amended Counterclaims and Third-Party Claims consist of a prayer for relief, to which no response is required. To the extent a response is

deemed required, Third-Party Defendant denies Frank Daniel Moore is entitled to the requested relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.  Third-Party Plaintiff's claims are barred by illegality.

2.  Third-Party Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.  Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of *laches*.

4.  Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

5.  Third-Party Defendant asserts the defense of comparative negligence and assert that the damages alleged by Third-Party Plaintiff's were legally and proximately caused in whole or in part by the negligence, fault, negligence per se, and/or other culpable conduct of other persons or parties who failed to exercise the same degree of care and caution as would have been exercised by persons using ordinary care in the same or similar circumstances. Third-Party Defendant is therefore entitled to have the Court and Jury apply the doctrine of comparative negligence established by Chapter 33 of the Texas Civil Practice & Remedies Code, to reduce any judgment against them by the degree of negligence or fault attributable to any other person or party.

6.  Third-Party Defendant denies that he is liable in the capacity in which he is sued as all acts complained of by Third-Party Plaintiff were not performed in Larry Wright's individual capacity, rather in his respective capacity of the entities he has an ownership.

7.  Third-Party Defendant denies that Frank Daniel Moore has brought suit in a capacity for which he is entitled recovery in his individual capacity. Regardless of whether SCMED

Oilfield Consulting, LLC properly assigned its claims Frank Daniel Moore, SCMED Oilfield Consulting lacks capacity to sue or be sued under Texas law at the time of filing this answer.

8. Third-Party Defendant is entitled to have any debts or liabilities owed to Third-Party Plaintiff offset by any and all amounts owed by SCMED Oilfield Consulting, LLC, including but not limited to those debts owed pursuant to Section 14.10, Indemnification, and Section 14.01, Offset.

9. Third-Party Plaintiff's claims are all subject to all waiver and limitation provisions contained in the Company Agreement of Blackduck Properties, LLC, including but not limited to the waivers contained in Section 13.14 Company Agreement; Waiver of Exemplary or Punitive Damages.

WHEREFORE PREMISES CONSIDERED Third-Party Defendant Larry Wright prays for a judgment dismissing the Complaint against him with prejudice and for all relief he is so justly entitled to at law or in equity.

Respectfully submitted,

BAYNE, SNELL & KRAUSE
1250 N.E. Loop 410, Suite 725
San Antonio, Texas 78209
Telephone: (210) 824-3278
Facsimile: (210) 824-3937
Email: wgermany@bsklaw.com

By: _/s/ William P. Germany_
　　　WILLIAM P. GERMANY
　　　State Bar No. 24069777
　　　*Attorney for Third-Party Defendant Larry Wright*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 14th day of December, 2020:

C. John Muller IV
Email: john@muller-smeberg.com
Ronald J. Smeberg
Email: ron@smeberg.com
Muller Smeberg, PLLC
111 W. Sunset
San Antonio, TX 78209
Counsel to Plaintiffs KrisJenn Ranch, LLC,
KrisJenn Ranch, LLC, Series Uvalde Ranch,
KrisJenn Ranch, LLC, Series Pipeline Row

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP and
DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com

Natalie Wilson
LANGLEY & BANACK, INC.
745 East Mulberry Avenue I Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

David P. Strolle, Jr.
Granstaff, Gaedke & Edgmon, P.C.
5535 Fredericksburg Road, Suite 110
San Antonio, Texas 78229
T- (210) 348-6600 ext. 203
F- (210) 366-0892
dstrolle@caglaw.net

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
shane.p.tobin@usdoj.gov
United States Trustee

John Terrill
12712 Arrowhead Lane
Oklahoma City, OK 73120

                                        _/s/ William P. Germany_____
                                        WILLIAM P. GERMANY

## Unsworn Declaration Pursuant to
## 28 U.S.C.A. § 17.6

State of Texas                    §
                                  §
County of Guadalupe               §

       I, Larry Wright, Third-Party Defendant in the above-referenced bankruptcy proceeding, state that I have read paragraphs 6 and 7 under the Affirmative Defenses to Third-Party Defendant's Second Amended Answers and Affirmative Defenses to Frank Daniel Moore's Amended Third-Party Claims and state that they are true and correct. I declare under penalty of perjury that the foregoing is true and correct.

       Executed on December 14, 2020.

                                       _____

                                       **Larry Wright**