**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** § | | Chapter 11 |
| **KRISJENN RANCH, LLC** § | | |
| *Debtor* § | | Case No. 20-50805 |
| § | | |

___

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE** § | | |
| **ROW as successors in interest to** § | | |
| **BLACKDUCK PROPERTIES, LLC,** § | | |
| *Plaintiffs* § | | |
| § | | |
| **v.** § | | |
| § | | |
| **DMA PROPERTIES, INC., and** § | | |
| **LONGBRANCH ENERGY, LP,** § | | Adversary No. 20-05027 |
| *Defendants* § | | |

___

| | | |
|---|---|---|
| **DMA PROPERTIES, INC** § | | |
| *Cross-Plaintiff/Third Party Plaintiff* § | | |
| **v.** § | | |
| **KRISJENN RANCH, LLC,** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE ROW,** § | | Adversary No. 20-05027 |
| **BLACK DUCK PROPERTIES, LLC,** § | | |
| **LARRY WRIGHT, and JOHN TERRILL** § | | |
| *Cross-Defendants/Third-Party* § | | |
| *Defendants* | | |

**KRISJENN RANCH, LLC, KRISJENN RANCH, LLC-SERIES UVALDE RANCH, AND KRISJENN RANCH, LLC-SERIES PIPELINE ROW, AS SUCCESSORS IN INTEREST TO BLACK DUCK PROPERTIES, LLC'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DMA PROPERTIES, INC., <u>FRANK DANIEL MOORE, AND LONGBRANCH ENERGY, LP</u>**

TO THE HONORABLE CHIEF BANKRUPCY JUDGE RONALD B. KING:

*Debtor's Motion to Compel*      1

COME NOW Debtors, Plaintiffs, and Counter-Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, and KrisJenn Ranch, LLC-Series Pipeline Row (collectively the "Debtors"), and file this Motion to Compel Discovery Responses to the Debtors' Written Discovery Requests to DMA Properties, Inc. ("DMA"), Frank Daniel Moore ("Moore"), and Longbranch Energy, LP ("Longbranch") and the oral testimony of Longbranch, pursuant to Rule 37 of the Federal Rules of Civil Procedure, and would respectfully show as follows:

# I.
# ARGUMENT

### A. DMA has refused to produce documents received from TCRG after agreeing to withdraw its subpoena.

1. On November 2, 2020, the Court heard TCRG's Motion to Quash Subpoena. At that hearing, counsel for DMA and non-party TCRG both requested a trial continuance. The basis of their motion was, in part, that they needed additional time to compile documents and schedule the deposition of TCRG's corporate representative. Counsel for DMA stated that he was attempting to schedule TCRG's deposition for a date after Thanksgiving. In response, Debtors' counsel requested that counsel for DMA and TCRG confer with him as to scheduling so that Debtors could cross-notice TCRG's deposition. Thereafter, Debtors' counsel sent multiple emails to DMA's counsel inquiring about the status of TCRG's deposition. *See* Ex. A. Counsel for DMA represented that the deposition would occur before December 14th, in conformity with the Court's prior order. *Id.*

2. On December 17, 2020, after receiving no response from DMA's counsel, Debtors' counsel contacted Katrina Kershner, who represents non-party TCRG. Ms. Kershner informed Debtors' counsel that DMA had secretly agreed to withdraw its subpoena upon the condition that TCRG would produce requested documents to DMA and Longbranch. In response, Debtors' counsel requested a copy of all of those documents that had been voluntarily produced to DMA and

Longbranch. Ms. Kershner stated that the agreement required that Debtors not be provided copies of the documents produced by TCRG. Moreover, Ms. Kershner repeatedly refused Debtors' counsel's requests and made it clear that she would move to quash and resist production of documents in all possible ways. Debtors' counsel admonished Ms. Kershner that DMA and Longbranch were obliged to share the requested documents with Debtors. Nevertheless, Ms. Kershner maintained that she would not voluntarily share any information with Debtors' counsel and stated that she believed she could successfully resist production after the date of trial. This clear discovery abuse should not be allowed to continue and the Court should compel the production of these documents and allow Debtors to depose TCRG.

**B. DMA and Moore have violated this Court's Order to Withdraw Objections and Supplement Production.**

3. On June 5, 2020 and August 19, 2020, the Debtors propounded written discovery requests upon DMA and Moore (collectively the "Discovery Requests").

4. DMA and Moore's initial responses to the Discovery Requests contained general objections as well as specific objections to most of the Debtor's written discovery requests.

5. Due to these outstanding written discovery objections and other document production issues, on September 23, 2020, counsel for Debtors withdrew their notices of intent to depose Moore and the corporate representatives of DMA and SCMED, previously scheduled on September 25, 2020, and requested alternative deposition dates for Moore, DMA, and SCMED.

6. On October 20, 2020, Debtors filed their first Motion to Compel Discovery Responses from DMA and Moore, after failed attempts to confer about DMA and Moore's objections and production. Dkt. No. 108.

7. Debtors' counsel repeatedly requested dates for Moore's deposition and Moore repeatedly refused to provide dates. Rather, Moore provided a litany of excuses including that that he would be hunting and that he would be on a protracted vacation before the time of trial.

8. On October 23, 2020, Debtors were forced to unilaterally notice the depositions of Moore for November 18, 2020, which was the last day of discovery.

9. On November 2, 2020, this Court held an expedited hearing on Debtors' Motion to Compel. Upon being called to respond to the Motion to Compel, counsel for DMA and Moore represented to the Court that argument was unnecessary because they would withdraw all objections to Debtors' Discovery Requests and supplement document production.

10. The Court subsequently entered an order withdrawing all of DMA and Moore's objections to Debtors Discovery Requests and ordered that all supplemental document production be served on Debtors' counsel or before November 6, 2020. *See* Dkt. No. 148.

11. On November 6, 2020 DMA and Moore served their First Amended Responses to Debtors' First and Second Requests for Production. However, DMA and Moore maintained objections and failed to provide amended responses to Debtors' Interrogatories.

12. On November 16, 2020 Debtors' and DMA and Moore's counsel conferred regarding DMA and Moore's outstanding interrogatory answers and the need to provide complete and verified answers prior to their depositions. DMA and Moore's counsel agreed to provide answers by November 20, 2020 and to provide alternate available dates for Moore's deposition that would allow Debtors sufficient time to review discovery and prepare for the deposition.

13. On November 17, 2020 Debtors' counsel requested that DMA and Moore's counsels' November 16, 2020 representations be reduced to writing.[1] *See* Ex. B. A proposed letter

---

[1] The November 17, 2020 email from John Muller to Tim Cleveland reads, in part:

agreement was circulated, but not executed by counsel for DMA and Moore; however, counsel for DMA and Moore indicated that responses to interrogatories would be amended in conformity with the Court's Order.

14. On November 20, 2020, counsel for DMA and Moore served unverified amended responses to Debtors' Interrogatories. Notwithstanding their representations to the Court and counsel for Debtors, DMA and Moore again maintained their objections.

15. On December 2, 2020, counsel for DMA and Moore again served unverified amended responses to Debtors' Interrogatories. Notwithstanding their representations to the Court and counsel for Debtors, DMA and Moore again maintained their objections. *See* Ex. C, D.

16. Daniel Moore was deposed on December 4, 2020.

17. On December 11, 2020 Debtors' counsel received multiple emails by and between Moore and other persons that were important to the merits of this case.

18. On December 17, 2020 Debtors' counsel received over a hundred pages of text messages that were important to the merits of this case.

19. Debtors' counsel did not have a chance to depose Moore on these important emails and text messages because Moore refused to withdraw his objections and intentionally withheld and were produced after the deposition.

20. DMA and Moore refusal to withdraw their objections and produce documents in accordance with this Court's orders is a clear instance of discovery abuse. Intentionally withholding important emails and text messages until after Moore and Borders' deposition

---

"Thank you. All of this will need to be reduced to a Rule 11 letter whereby Mr. Moore agrees, in accordance with the Court's orders and your email below, to withdraw his objections to interrogatories. Mr. Moore will then need to agree to provide complete and verified answers and agree to a certain date for his deposition to take place before the end of this month. We will agree to attend mediation only after Mr. Moore's deposition has been completed. I would also like to reserve a date for Mr. Borders deposition. "

*Debtor's Motion to Compel* 5

demonstrates that their conduct is intentional and malicious. Both Moore and Borders have made serious allegations in this case which have been economically and emotionally devastating to Debtors. Given the Counter-Plaintiff's clear discovery abuse, the Court should impose appropriate sanctions for their conduct.

C. **_Longbranch and Borders should be compelled to testify regarding representations made by George Pigg_**

21. The most important document in this case is the "Longbranch Assignment." This is the document which purportedly created a net profits interest which Longbranch and DMA claims "runs with the land." This document was drafted by attorney George Pigg. It is undisputed and admitted by all parties that Pigg represented both parties to the agreement—Longbranch Energy, LP and Black Duck Properties, LLC. Moreover, despite the fact that Pigg had been Longbranch's long-term attorney, it was Black Duck that paid his invoices. Correspondence between Pigg and Longbranch's representatives will affirmatively show that Pigg did not advise any of his clients regarding net profits interests and whether they are real covenant. Notwithstanding Longbranch and DMA's admission that Pigg was the attorney for Black Duck, Longbranch and DMA have prevented Debtors from discovering Pigg's communications upon grounds of attorney-client privilege.

22. On December 16, 2020, Debtors took the oral depositions of Longbranch Energy, LP and Darrin Borders. During the deposition, counsel for Debtors sought Mr. Borders' testimony regarding communications directed at Pigg. Mr. Borders was repeatedly instructed not to testify about his communications with Pigg upon the grounds that Mr. Pigg's communications were privileged. *See* Ex. E. As a result, the deposition was suspended and Longbranch's counsel agreed, on the record, that they would be available for an emergency hearing on December 21, 2020 to address this important issue.

23. Debtors now seek an order compelling Borders to continue his deposition and testify as to those matters raised in his oral deposition.

24. Rule 30 of the Federal Rules of Civil Procedure hold that "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—aa person who impedes, delays, or frustrates the fair examination of the deponent."

### D. *Longbranch, DMA, and Moore's objections to written discovery should be overruled.*

25. On November 11, 2020, Debtors served its First Requests for Admissions, Requests for Production, and Interrogatories to Longbranch (collectively the "Longbranch Discovery Requests") and its First Requests for Admissions to DMA and Moore, respectively.

26. On December 11, 2020, Longbranch served its responses to Debtors' Longbranch Discovery Requests. As was the case with DMA and Moore, Longbranch objected to 3 of Debtors 8 Requests for Admissions, 2 of Debtors 24 Requests for Production, and 12 of Debtors 25 Interrogatories. Likewise, Moore and DMA objected to 6 of Debtors 16 Requests for Admissions.

27. Per the Federal Rules of Civil Procedure, discovery may be limited if a court determines that: (i) the discovery sought is unreasonable cumulative of duplicative, or can be obtained from some source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had an ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(11). FED. R. CIV. P. 26 (b)(2)(C). Rule 26(b) of the Federal Rules of Civil Procedure holds:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. FED. R. CIV. P. 26(b)(1).

Rule 26 explains that a party has discretion to seek discovery so long as the information sought is relevant to any party's claim or defense. *See id.*

      *a. DMA, Moore, and Longbranch object on the basis that certain requests are ambiguous.*

28. DMA, Moore, and Longbranch make improper objections to requests for admissions and refuse to provide proper answers. *See* Ex. F, G, H.

29. Where a party objects to a request for admission, a "party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." FED. R. CIV. P. 36 (b).

      *b. Longbranch objects on the basis that certain requests are overbroad and unduly burdensome.*

30. Longbranch objects to a number of written discovery requests on the basis they are overbroad and unduly burdensome. Specifically, Longbranch objects to Interrogatories 1, 2, 4, 5, 9, 10, 16, 18, 20, 21, 22, and 23, and Debtors Requests for Production 18 and 23. *See* Ex. I, J.

31. A request is overbroad when it calls for information outside the bounds of Rule 26. Courts have held that a request may be overbroad when it is not limited temporally or geographically. *See e.g. Hopkins v. Green DOT Corp.*, NO. SA-16-CA-00365-DAE, 2016 U.S. Dist. LEXIS 194781 (W.D. Tex. 2016). Similarly, courts have held that "simply objecting to requests as overly broad, burdensome, oppressive and irrelevant, without showing 'specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive' is inadequate to 'voice a successful objection'" *Crownover v. Crownover*, NO. 2:15-CV-1322222-AM-CW, 2017 U.S. Dist. LEXIS 223994 (W.D. Tex. 2017) (citing *Heller v. City of Dallas*, 303 F.R.D. 466, 483-84).

32. As a threshold issue, DMA, Moore, and Longbranch have asserted more than thirty causes of action, in the aggregate, against Debtors. DMA, Moore, and Longbranch's vast array of claims against the Debtors include, but are not limited to, causes of action for: Breach of Contract; Breach of Fiduciary Duty, Tortious Interference with a Contract; Promissory Estoppel; and Fraud. These causes of action accuse the debtors of particularly egregious conduct and Debtors have propounded limited discovery to uncover the basis of these claims.

33. In light of these numerous causes of action, Debtors have propounded a limited number of discovery requests. These requests have been tailored to discover evidence that is narrow in temporal scope because they only apply to the time period between Black Duck's dealings with the ROW and the current date, a span of only four years. Moreover, the vast majority of documents sought would have been created or modified between 2015-2018. Moreover, the requests have been narrowly tailored to request information related to the parties in this case and parties referenced by DMA, Moore, and Longbranch in this case. Because the requests are temporally narrow and limited in scope, they are not overbroad.

34. Moreover, a party must outright not refuse to respond to a discovery request. Rather, a party is charged with answering, based on their personal knowledge, to the extent that a request is not objected to. Where Longbranch has responded, all such responses have been "subject to" the foregoing objection. "Responding to interrogatories and document requests "subject to" and/or "without waiving" objections is manifestly confusing (at best) and misleading (at worse), and has no basis in the Federal Rules of Civil Procedure." *Hitchcock v. Steak N Shake, Inc.*, No. SA-16-CA-00922-XR, 2017 U.S. Dist. LEXIS 223962, at *11-12 (W.D. Tex. 2017). As such, these objections must be overruled and responses amended to comport with the Federal Rules of Civil Procedure.

  *c. Longbranch objects on the basis that certain requests require they marshal all facts in advance of trial.*

35. Longbranch objects to a number of written discovery requests on the basis they require they marshal all of their evidence prior to trial. Specifically, Longbranch objects to Interrogatories 2, 4, 5, 9, 10, 16, and 18 on the basis that they require them to marshal all facts in advance of trial. *See* Ex. I.

36. Evaluating whether a marshaling objection is proper requires Defendant again makes no effort to carry its burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address—insofar as that information is available to it--the factors enumerated in Rule 26(b)(1). *Hitchcock v. Steak N Shake, Inc.*, No. SA-16-CA-00922-XR, 2017 U.S. Dist. LEXIS 223962, at *15 (W.D. Tex. 2017). Where a marshaling objection fails to make such a calculation, as in the instant case, it must be found to be impermissibly general and conclusory and must be overruled. *See id*.

37. Discovery in this matter has closed and trial is presently set for January 11, 2021, less than thirty days from the date of this filing. DMA, Moore, and Longbranch's unfounded objections can only be construed as an effort to delay the Debtors' ability to adequately prepare for trial. Overruling their objections and compelling production within the next week is critical to ensuring the Debtors are adequately prepared for trial.

  **E. *<u>Debtors are entitled to their fees for this motion.</u>***

38. Rule 37(a)(5) of the Federal Rules of Civil Procedure holds that "if the motion is granted— or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including

attorney's fees." DMA, Moore, and Longbranch have evidenced their intent to refrain from producing documents in this case and qualifying responses to refrain from producing discoverable information. This is the second time Debtors have had to bring forth such a motion. As such, this Court should compel the production of responsive documents, testimony, and responses and award the Debtors their fees associated with pursing this motion.

WHEREFORE PREMISES CONSIDERED Debtors pray that this Court issue an order overruling DMA Properties, Inc.'s, Frank Daniel Moore, and Longbranch Energy, LP's objections to the Discovery, compelling the production of responsive documents, compelling the production of TCRG's production, compelling the testimony of Darrin Borders, sanctioning DMA, Moore, and Borders for their discovery abuses, and for such further relief as the Court may deemed them justly entitled.

Dated: December 18, 2020.

Respectfully submitted,

MULLER SMEBERG, PLLC

By: /s/ *John Muller*
   C. John Muller IV
   State Bar No. 24070306
   john@muller-smeberg.com
   Ezekiel J. Perez
   State Bar No. 24096782
   zeke@muller-smeberg.com
   111 W. Sunset Rd.
   San Antonio, TX 78209
   Telephone: 210-664-5000
   Facsimile: 210-598-7357

ATTORNEYS FOR DEBTORS

## CERTIFICATE OF CONFERENCE

The undersigned counsel hereby certifies that they have conferred, or made a reasonable attempt to confer, with all parties about the merits of the above motion, including, but not limited to:

1. Multiple phone calls and email correspondence with Tim Cleveland regarding DMA and Moore's objections to written discovery and production;
2. Conference with Katrina Kershner regarding TCRG's production of documents;
3. Multiple emails with Tim Cleveland regarding TCRG's deposition;
4. Conference on the record with Christie Hebert regarding Longbranch Energy LP's discovery objections;
5. Conference on the record with Christie Hebert regarding Longbranch Energy LP's refusal to testify regarding George Pigg; and
6. Conference on the record with Christie Hebert regarding expedited consideration of this motion.

Upon such conference, the opposing parties have indicated that they are opposed to the relief sought above but have agreed to expedited consideration of this motion.

                                                           /s/ *John Muller*
                                                           C. John Muller IV

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 18th day of December 2020:

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP
and DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
Attorneys for DMA Properties, Inc.

Natalie Wilson
LANGLEY & BANACK, INC.
745 East Mulberry Avenue | Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

William Germany
BAYNE, SNELL, & KRAUSE
1250 NE Loop 410, Ste. 725
San Antonio, Texas 78209
T- (210) 824-3278
F- (210) 824-3937
wgermany@bskaw.net
Attorney for Larry Wright

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
shane.p.tobin@usdoj.gov
United States Trustee

                                      /s/ *John Muller*
                                      C. John Muller IV