## Page 1

```
 1      IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE WESTERN DISTRICT OF TEXAS
 2              SAN ANTONIO DIVISION
 3  In re:            ) Chapter 11
    KRISJENN RANCH, LLC  ) Case No. 20-50805
 4     Debtor      )
    _____  )_____
 5                  )
                    )
 6  KRISJENN RANCH, LLC and  )
    KRISJENN RANCH, LLC-SERIES  )
 7  UVALDE RANCH, and KRISJENN  )
    RANCH, LLC-SERIES PIPELINE  )
 8  ROW as successors in  )
    interest to BLACKDUCK  )
 9  PROPERTIES, LLC,     )
                    )
10     Plaintiffs    )
    v.              )
11                  )
12  DMA PROPERTIES, INC., and  )
    LONGBRANCH ENERGY, LP,  )
13            ) Adversary No. 20-05027
       Defendants    )
14  _____  )_____
15  DMA PROPERTIES, INC.   )
       Cross-Plaintiff/Third  )
16     Party Plaintiff  )
    v.              )
17                  )
    KRISJENN RANCH, LLC,    )
18  KRISJENN RANCH, LLC-SERIES  )
    UVALDE RANCH, and KRISJENN  )
19  RANCH, LLC-SERIES PIPELINE  )
    ROW, BLACK DUCK      )
20  PROPERTIES, LLC, LARRY  )
    WRIGHT, and JOHN TERRILL  ) Adversary No. 20-05027
21     Cross-Defendants/  )
       Third-Party Defendants  )
22
23  _____
24      EXCERPTED RECORD OF THE ORAL DEPOSITION OF
25       DARIN BORDERS INDIVIDUALLY AND AS 30(b)(6)
```

## Page 2

```
 1         REPRESENTATIVE OF LONGBRANCH ENERGY, LP
 2                  DECEMBER 16, 2020
 3              (REPORTED REMOTELY VIA ZOOM)
 4  _____
 5
 6      EXCERPTED RECORD OF THE ORAL DEPOSITION OF DARIN
 7  BORDERS, INDIVIDUALLY AND AS 30(B)(6) REPRESENTATIVE OF
 8  LONGBRANCH ENERGY, LP, produced as a witness at the
 9  instance of the Debtors, and duly sworn, was taken in
10  the above-styled and numbered cause on December 16,
11  2020, before Deborah A.G. Davidson, CSR, RPR, in and for
12  the State of Texas, reported by machine shorthand, at the
13  office of Darin Borders located in Gary, Texas, pursuant
14  to the Emergency Orders Regarding the COVID-19 State of
15  Disaster, and pursuant to the Federal Rules of Civil
16  Procedure and the provisions stated on the record or
17  attached hereto.
```

## Page 3

```
 1              A-P-P-E-A-R-A-N-C-E-S
 2
 3  FOR THE DEBTORS:
 4     Mr. C. John Muller, IV (via remote)
       Mr. Ezekiel J. Perez
 5     MULLER SMEBERG, PLLC
       111 W. Sunset Road
 6     San Antonio, Texas 78209
       Phone: (210) 664-5000
 7     john@muller-smeberg.com
       zeke@muller-smeberg.com
 8
    FOR THE DEFENDANTS LONGBRANCH ENERGY, LP AND DARIN
 9  BORDERS:
10     Ms. Christie Mason Hebert (via remote)
       JOHNS & COUNSEL, PLLC
11     14101 Highway 290 West
       Suite 400A
12     Austin, Texas 78737
       Phone: (512) 399-3150
13     chebert@johnsandcounsel.com
14  FOR THE DEFENDANT LONGBRANCH ENERGY, LP:
15     Mr. Jeffery Duke (via remote)
       DUKE BANISTER MILLER & MILLER
16     22310 Grand Corner Drive
       Suite 110
17     Katy, Texas 77494
       Phone: (281) 394-9778
18     jduke@dbmmlaw.com
19  ALSO PRESENT:
20     Daniel Moore; (via remote)
21     Darin Borders, (via remote)
          The Witness;
22
       Deborah Davidson, (via remote)
23        Certified Shorthand Reporter.
```

## Page 4

```
 1      (The following is excerpted testimony from the oral
 2  deposition of Darin Borders)
 3                  EXAMINATION
 4  BY MR. MULLER:
 5     Q.  Did George Pigg ever give you any legal counsel
 6  on what a successors and assigns means?
 7          MS. HEBERT:  I am are going to object
 8  there, John, because we don't know what the situation is
 9  with Pigg and whether he was an attorney to Black Duck,
10  and so you're starting to -- to stray into privileged
11  grounds.
12          MR. MULLER:  Okay.  I am going to -- I
13  would ask that you not make speaking objections.  We
14  have already had a hearing on this, and you can instruct
15  him not to answer, but I am going to -- I am going to
16  re-tender the question.
17          MS. HEBERT:  Okay.
18     Q.  (BY MR. MULLER) Did -- did George Pigg give
19  Longbranch Energy any legal counsel on the meaning of
20  the term "successors and assigns"?
21          MS. HEBERT:  And I am going to object on
22  privilege and direct you not to answer, Darin.
23     Q.  (BY MR. MULLER) Okay.  Now, Mr. Borders, this
24  is a very important question.  I will suspend this
25  deposition immediately after its conclusion and be
```

## Page 5

1 calling for an emergency hearing. That hearing is
2 likely to take place early next week. Are you going to
3 be available?
4    A. Yes.
5    Q. Okay. And I should ask you first, are you
6 going to take your lawyer's counsel to not answer this
7 question?
8    A. Yes. My lawyer told me not to answer the
9 question. Maybe we could rephrase the question.
10    Q. Sure. I am going to ask you a couple of other
11 ones, and she's going to object, and then you will have
12 to decide whether you want to accept her counsel or not.
13 What did George Pigg tell you about successors and
14 assigns and that legal definition at the time the
15 Longbranch assignment was drafted?
16        MS. HEBERT: I am going to object
17 privileged and direct you not to answer, Darin.
18    Q. (BY MR. MULLER) What did George Pigg -- oh, I
19 am sorry. Are you going to answer or are you going to
20 accept your lawyer's advice?
21    A. I am going to accept my lawyer's advice as long
22 as she's giving it.
23    Q. I understand. I understand. What did George
24 Pigg tell you at the time the Longbranch assignment was
25 drafted about carried interests?

## Page 6

1        MS. HEBERT: Objection. Privilege. I am
2 going to direct you not to answer.
3    Q. (BY MR. MULLER) Are you going to accept your
4 lawyer's advice?
5    A. Yes.
6    Q. What did George Pigg tell you, if anything, at
7 the time the Longbranch assignment was drafted about
8 interests that run with the land?
9        MS. HEBERT: Objection. Privileged. I am
10 going to direct you not to answer. John, do you --
11        THE WITNESS: Taking my lawyer's advice --
12        MS. HEBERT: -- want to go off the record
13 at all here?
14        MR. MULLER: No. I think the judge will --
15 I think this will be very insightful for the judge.
16    Q. (BY MR. MULLER) What did George Pigg tell you,
17 if anything, at the time the Longbranch assignment was
18 drafted about the enforceability of net profits
19 interest?
20        MS. HEBERT: Objection. Privilege, and I
21 am going to direct you not to answer.
22    Q. (BY MR. MULLER) Are you going to accept that
23 advice?
24    A. I am going to accept that advice, yes.
25    Q. What did George Pigg tell you, if anything,

## Page 7

1 about the meaning of the term "successors and assigns"
2 at the time the Longbranch assignment was drafted?
3        MS. HEBERT: Objection. Privilege. I am
4 going to direct you not to answer.
5    Q. (BY MR. MULLER) Are you going to accept that
6 advice?
7    A. Yes. I will take my lawyer's advice there.
8    Q. Was your understanding of the Longbranch
9 assignment based on the counsel of George Pigg?
10    A. Yes. And the interpretation of Larry Wright
11 and Daniel Moore at the same time.
12        MR. MULLER: Okay. Let me -- yeah. Let's
13 go off the record.
14        MS. HEBERT: Sure.
15        (Recess from 11:01 a.m. to 11:05 a.m.)
16        THE REPORTER: Back on the record 11:05.
17    Q. (BY MR. MULLER) Okay. Mr. Borders, we are
18 going to return to the questions I have about the case
19 here in a little bit, but for now we have got to take a
20 brief detour and deal with some of your recent written
21 discovery responses. I am going to show you what is
22 marked as Exhibit 1.
23        (Exhibit 1 marked.)
24        MR. MULLER: Debbie is this first one for
25 this deposition, correct?

## Page 8

1        THE REPORTER: Yes.
2    Q. (BY MR. MULLER) And let's scroll down, and
3 this document --
4        MR. MULLER: Can you Zoom back? It's a
5 little tight.
6    Q. (BY MR. MULLER) This is your objections and
7 responses to my client's requests for admissions. Have
8 you seen this document before?
9    A. Yeah.
10    Q. Okay. Let's scroll down. Okay. I want to
11 look at request for admission number three.
12        MR. MULLER: Christie, I don't -- I didn't
13 really get an answer there. There is some kind of an
14 objection that I think equates to equivocation. Are you
15 willing to drop that -- that objection?
16        MS. HEBERT: For number three?
17        MR. MULLER: Three.
18        MS. HEBERT: No, not at this time, John. I
19 think there's a -- there was uncertainty about how
20 the -- the net profits agreement term might be used in
21 the right of way, and so Longbranch was just construing
22 it as -- stating it as how, you know, it construed it.
23 So not at this time.
24        MR. MULLER: Okay. And you say that the
25 term "net profits" is -- that's ambiguous to you?

9

1   MS. HEBERT: No. Just that Larry Wright
2 and the debtors might be using the term differently, as
3 they have stated that -- that they may be using the term
4 differently. So Longbranch was just being clear about
5 its construction of the agreement, which is the plain
6 language of the agreement.
7   MR. MULLER: So you believe the term "net
8 profits" as used in request for admission number three
9 is ambiguous?
10   MS. HEBERT: There was just not certainty
11 about how Larry Wright and the debtors were defining
12 that term. So Longbranch wanted to be clear about how
13 it was defining the term based on its plain
14 understanding.
15   MR. MULLER: Okay. The next request for
16 admission, the same request, will you drop that
17 objection?
18   MS. HEBERT: Same response.
19   MR. MULLER: Request for admission number
20 seven, again I believe the rules require you to admit or
21 to deny and to not equivocate. I would request that
22 every -- everything after the word "admitted" be struck.
23 Are you willing to do that?
24   MS. HEBERT: No.
25   MR. MULLER: No. So you are admitting to

10

1 something that we didn't ask you and otherwise denied,
2 that's your response?
3   MS. HEBERT: No. We are not willing to
4 drop the rest of the response there. We will leave the
5 language as it -- as it states.
6   MR. MULLER: Okay. The same with request
7 for admission number four, rather than answering admit
8 or denied, you have admitted to apparently something --
9 no. I am sorry. Hang on. The word "pipeline" is --
10 you are objecting that the word "pipeline" is
11 unambiguous?
12   MS. HEBERT: It should be -- I think that's
13 a typo. It should be ambiguous or -- next to the word
14 "pipeline" when taken in -- in the context of the
15 relevant agreement, but here it's ambiguous because
16 you're not -- we're not clear about what it's referring
17 to.
18   MR. MULLER: Okay. So again not going to
19 modify your response to request for admission number
20 eight?
21   MS. HEBERT: Not at this time.
22   MR. MULLER: Let's bring up Exhibit No. 2,
23 the rogs.
24   THE WITNESS: Can I go to the restroom?
25   MR. MULLER: Sure.

11

1   THE WITNESS: Okay.
2   (Recess from 11:11 a.m. to 11:13 a.m.)
3   MR. MULLER: Okay. Are we back on?
4   THE REPORTER: Yes.
5   MR. MULLER: Okay. And I apologize, Darin.
6 We have trial on the 11th, and of course we have the
7 holidays, so we have a very limited amount of time to
8 deal with issues like these. I am here to collect your
9 testimony today. I do that both through your oral
10 testimony and through your responses to written
11 discovery, and so we are going to need to -- we are
12 going to need to address some issues pretty quickly in
13 the case. I want to show you -- can you scroll back and
14 look at this exhibit, Exhibit No. 2.
15   (Exhibit 2 marked.)
16   MR. MULLER: Zeke, can you zoom out and
17 scroll down.
18   Q. (BY MR. MULLER) Okay. Do you recognize this
19 document, Mr. Borders?
20   A. Can you zoom in on that a little bit?
21   Q. Sure.
22   A. That's -- that's about where it takes for me to
23 read. I am almost blind --
24   Q. Okay.
25   A. -- but I believe I remember -- yeah. I

12

1 believe -- I don't know the -- yeah. I believe -- I
2 believe I recognize this. Yes.
3   Q. Okay. Let's look at interrogatory number one.
4 Mr. Borders, this first interrogatory has to do with the
5 ownership of Longbranch. I believe you have answered in
6 this deposition in a way that's consistent with this
7 written response.
8   MR. MULLER: Christie, this objection --
9 these objections are unfounded and clearly unnecessary.
10 I would request that you drop them.
11   MS. HEBERT: I am not going to drop them at
12 this time. I mean, subject to this objection Darin does
13 answer -- Longbranch does answer the questions.
14   Q. (BY MR. MULLER) Okay. Interrogatory number
15 two, Mr. Borders, this is a question about the
16 representations Mr. Wright made to you, and I believe
17 your response is consistent with what you said here
18 today.
19   MR. MULLER: Christie, we would -- the
20 objections you have are unfounded and should be
21 withdrawn. Are you willing to do so?
22   MS. HEBERT: No.
23   MR. MULLER: Interrogatory number three,
24 good. And again, Christie, your objections are
25 marshalling objections; is that correct?

**13**

1  MS. HEBERT: Yes. Because it requires
2 Longbranch to marshal all facts in -- all facts.
3  MR. MULLER: And you are aware that the
4 marshalling objection is borne from the comments of the
5 Texas Rules of Civil Procedure, correct?
6  MS. HEBERT: The objection still stands.
7  MR. MULLER: Do you have any federal
8 authority for a marshalling objection?
9  MS. HEBERT: I mean, I don't have authority
10 that I am going to cite to you right now on this
11 deposition.
12  MR. MULLER: Can you state why the answer
13 to these questions are unduly burdensome?
14  MS. HEBERT: Because recounting all of the
15 facts here would -- would take quite some time. That's
16 one of the purposes of the -- the deposition here, you
17 know, we layout the answer to the -- to the full extent
18 here as much as we can, but you know, that's grounds --
19 all statements and all the facts is something that is
20 not going to happen here in an interrogatory.
21  MR. MULLER: So stating all facts relating
22 to fraudulent statements would be unduly burdensome?
23  MS. HEBERT: All the facts, yes.
24  MR. MULLER: Relating to fraudulent
25 representations would be unduly burdensome? Is that --

**14**

1 is that your position?
2  MS. HEBERT: Yes.
3  MR. MULLER: Are you aware of Federal
4 Rule 9?
5  MS. HEBERT: Which requires you to be
6 specific when you plead fraud, and -- and Mr. Borders
7 and Longbranch is specific, but all facts is quite --
8 quite a heavy burden, Mr. Muller, and you know that too.
9  MR. MULLER: All facts relating to your
10 pleadings for -- for fraud, so you are not going -- you
11 are not going to drop your objections?
12  MS. HEBERT: I am not going to drop our
13 objections at this time.
14  MR. MULLER: Interrogatory five, your
15 objections relating to being overbroad and unduly
16 burdensome, do you have a basis for that?
17  MS. HEBERT: Again, all -- all facts is an
18 extensive burden for Longbranch to meet. Longbranch
19 summarizes those facts in the response to interrogatory.
20  MR. MULLER: I am going to request that you
21 drop this objection. Are you willing to do so?
22  MS. HEBERT: Not at this time.
23  MR. MULLER: The same question with regard
24 to -- the same request with regards to interrogatory
25 number nine, are you willing to modify your objections?

**15**

1  MS. HEBERT: Not at this time.
2  MR. MULLER: Are you willing to modify any
3 of your objections in the written discovery whatsoever?
4  MS. HEBERT: Not at this time.
5  MR. MULLER: Bring up three.
6  (Exhibit 3 marked.)
7  Q. (BY MR. MULLER) Mr. Borders, these are your
8 written responses to request for production. Do you
9 recognize them?
10  A. Yes.
11  Q. Let's scroll to -- Mr. Borders, let's look at
12 response number 12. Is that correct? Did you not
13 communicate with Daniel Moore by texts?
14  MS. HEBERT: Objection. Form. Looking at
15 number 12, Mr. Muller?
16  THE WITNESS: Produce any and all text
17 messages of a --
18  Q. (BY MR. MULLER) Mr. Borders, when you were --
19 did you often -- did you communicate with Daniel Moore
20 by texts?
21  A. Yes.
22  Q. Do you have text messages with Daniel Moore
23 that relate to the right of way?
24  A. Yes.
25  Q. Do you have text messages with Danny Moore that

**16**

1 relate to the net profits interest?
2  A. I am not sure what was in there. There are
3 some texts that could -- could include something --
4 could include it, yeah. You're looking at 11 or 12?
5  Q. Okay. Was your primary method of communicating
6 with Mr. Moore through E-mail?
7  A. I would say the primary method was by the
8 phone.
9  Q. Okay. Let's look at request for production 17.
10  MR. MULLER: Again, Christie, I am not
11 aware of any legal basis for this objection. Would you
12 be willing to drop it?
13  MS. HEBERT: No. I am not going to drop
14 that objection at this time.
15  MR. MULLER: Are you willing to drop any of
16 the objections contained in the request for production?
17  MS. HEBERT: Not at this time.
18  MR. MULLER: Okay. Let's go off the record
19 for a minute.
20  THE REPORTER: Off the record 11:27.
21 (The excerpt testimony is concluded.)

## Page 17

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

In re: ) Chapter 11
KRISJENN RANCH, LLC ) Case No. 20-50805
Debtor )
_____) _____
)
)
KRISJENN RANCH, LLC and )
KRISJENN RANCH, LLC-SERIES )
UVALDE RANCH, and KRISJENN )
RANCH, LLC-SERIES PIPELINE )
ROW as successors in )
interest to BLACKDUCK )
PROPERTIES, LLC, )
)
Plaintiffs )
)
v. )
)
DMA PROPERTIES, INC., and )
LONGBRANCH ENERGY, LP, )
) Adversary No. 20-05027
Defendants )
_____) _____
)
DMA PROPERTIES, INC. )
Cross-Plaintiff/Third )
Party Plaintiff )
)
v. )
)
KRISJENN RANCH, LLC, )
KRISJENN RANCH, LLC-SERIES )
UVALDE RANCH, and KRISJENN )
RANCH, LLC-SERIES PIPELINE )
ROW, BLACK DUCK )
PROPERTIES, LLC, LARRY ) Adversary No. 20-05027
WRIGHT, and JOHN TERRILL )
Cross-Defendants/ )
Third-Party Defendants )
_____
REPORTER'S CERTIFICATION OF THE EXCERPT FROM THE
ORAL DEPOSITION OF DARIN BORDERS INDIVIDUALLY AND AS

## Page 18

30(b)(6) REPRESENTATIVE OF LONGBRANCH ENERGY, LP
DECEMBER 16, 2020
(REPORTED REMOTELY VIA ZOOM)
_____

I, Deborah A. G. Davidson, Certified Shorthand Reporter in and for the State of Texas, hereby certify that the excerpted testimony contain and constitute a true and correct transcription of my shorthand notes.

SUBSCRIBED AND SWORN to on this, the 17th day of December, 2020.

_____
Deborah A. G. Davidson, CSR No. 1857
Firm Registration 253
Expiration Date: 8/31/2022
Davidson Reporting, Inc.
926 Chulie Drive, Suite 115
San Antonio, Texas 78216
Phone No.: (210) 340-3656

## A

A-P-P-E-A-R-... 3:1
A.G 2:11
a.m 7:15,15 11:2 11:2
above-styled 2:10
accept 5:12,20 5:21 6:3,22,24 7:5
address 11:12
admission 8:11 9:8,16,19 10:7 10:19
admissions 8:7
admit 9:20 10:7
admitted 9:22 10:8
admitting 9:25
Adversary 1:13 1:20 17:13,20
advice 5:20,21 6:4,11,23,24 7:6,7
agreement 8:20 9:5,6 10:15
ambiguous 8:25 9:9 10:13,15
amount 11:7
answer 4:15,22 5:6,8,17,19 6:2 6:10,21 7:4 8:13 12:13,13 13:12,17
answered 12:5
answering 10:7
Antonio 1:2 3:6 17:2 18:15
apologize 11:5
apparently 10:8
assignment 5:15 5:24 6:7,17 7:2 7:9
assigns 4:6,20 5:14 7:1

attached 2:17
attorney 4:9
Austin 3:12
authority 13:8,9
available 5:3
aware 13:3 14:3 16:11

## B

back 7:16 8:4 11:3,13
BANISTER 3:15
BANKRUPTCY 1:1 17:1
based 7:9 9:13
basis 14:16 16:11
believe 9:7,20 11:25 12:1,1,2 12:5,16
bit 7:19 11:20
Black 1:19 4:9 17:20
BLACKDUCK 1:8 17:8
blind 11:23
Borders 1:25 2:7 2:13 3:9,21 4:2 4:23 7:17 11:19 12:4,15 14:6 15:7,11 15:18 17:25
borne 13:4
brief 7:20
bring 10:22 15:5
burden 14:8,18
burdensome 13:13,22,25 14:16

## C

C 3:4
calling 5:1
carried 5:25
case 1:3 7:18 11:13 17:3
cause 2:10

certainty 9:10
CERTIFICATI... 17:24
Certified 3:23 18:5
certify 18:6
Chapter 1:3 17:3
chebert@john... 3:13
Christie 3:10 8:12 12:8,19 12:24 16:10
Chulie 18:14
cite 13:10
Civil 2:15 13:5
clear 9:4,12 10:16
clearly 12:9
client's 8:7
collect 11:8
comments 13:4
communicate 15:13,19
communicating 16:5
concluded 16:21
conclusion 4:25
consistent 12:6 12:17
constitute 18:7
construction 9:5
construed 8:22
construing 8:21
contain 18:7
contained 16:16
context 10:14
Corner 3:16
correct 7:25 12:25 13:5 15:12 18:8
counsel 3:10 4:5 4:19 5:6,12 7:9
couple 5:10
course 11:6
COURT 1:1 17:1
COVID-19 2:14
Cross-Defend...

1:21 17:21
Cross-Plaintiff... 1:15 17:15
CSR 2:11 18:12

## D

Daniel 3:20 7:11 15:13,19,22
Danny 15:25
Darin 1:25 2:6 2:13 3:8,21 4:2 4:22 5:17 11:5 12:12 17:25
Date 18:13
Davidson 2:11 3:22 18:5,12 18:14
day 18:9
deal 7:20 11:8
Debbie 7:24
Deborah 2:11 3:22 18:5,12
Debtor 1:4 17:4
debtors 2:9 3:3 9:2,11
December 2:2 2:10 18:2,10
decide 5:12
DEFENDANT 3:14
Defendants 1:13 1:21 3:8 17:13 17:22
defining 9:11,13
definition 5:14
denied 10:1,8
deny 9:21
deposition 1:24 2:6 4:2,25 7:25 12:6 13:11,16 17:25
detour 7:20
differently 9:2,4
direct 4:22 5:17 6:2,10,21 7:4
Disaster 2:15
discovery 7:21

11:11 15:3
DISTRICT 1:1 17:1
DIVISION 1:2 17:2
DMA 1:12,15 17:12,15
document 8:3,8 11:19
drafted 5:15,25 6:7,18 7:2
Drive 3:16 18:14
drop 8:15 9:16 10:4 12:10,11 14:11,12,21 16:12,13,15
Duck 1:19 4:9 17:20
Duke 3:15,15
duly 2:9

## E

E-mail 16:6
early 5:2
eight 10:20
emergency 2:14 5:1
Energy 1:12 2:1 2:8 3:8,14 4:19 17:12 18:1
enforceability 6:18
equates 8:14
equivocate 9:21
equivocation 8:14
EXAMINATION 4:3
excerpt 16:21 17:24
excerpted 1:24 2:6 4:1 18:7
exhibit 7:22,23 10:22 11:14,14 11:15 15:6
Expiration 18:13
extensive 14:18

Page 20

extent 13:17
Ezekiel 3:4

**F**

facts 13:2,2,15
    13:19,21,23
    14:7,9,17,19
federal 2:15 13:7
    14:3
Firm 18:13
first 5:5 7:24
    12:4
five 14:14
following 4:1
Form 15:14
four 10:7
fraud 14:6,10
fraudulent 13:22
    13:24
full 13:17

**G**

G 18:5,12
Gary 2:13
George 4:5,18
    5:13,18,23 6:6
    6:16,25 7:9
give 4:5,18
giving 5:22
go 6:12 7:13
    10:24 16:18
going 4:7,12,15
    4:15,21 5:2,6
    5:10,11,16,19
    5:19,21 6:2,3
    6:10,21,22,24
    7:4,5,18,21
    10:18 11:11,12
    12:11 13:10,20
    14:10,11,12,20
    16:13
good 12:24
Grand 3:16
grounds 4:11
    13:18

**H**

Hang 10:9
happen 13:20
hearing 4:14 5:1
    5:1
heavy 14:8
Hebert 3:10 4:7
    4:17,21 5:16
    6:1,9,12,20 7:3
    7:14 8:16,18
    9:1,10,18,24
    10:3,12,21
    12:11,22 13:1
    13:6,9,14,23
    14:2,5,12,17
    14:22 15:1,4
    15:14 16:13,17
hereto 2:17
Highway 3:11
holidays 11:7

**I**

immediately
    4:25
important 4:24
include 16:3,4
INDIVIDUALLY
    1:25 2:7 17:25
insightful 6:15
instance 2:9
instruct 4:14
interest 1:8 6:19
    16:1 17:8
interests 5:25
    6:8
interpretation
    7:10
interrogatory
    12:3,4,14,23
    13:20 14:14,19
    14:24
issues 11:8,12
IV 3:4

**J**

J 3:4
jduke@dbmml...
    3:18

Jeffery 3:15
John 1:20 3:4
    4:8 6:10 8:18
    17:21
john@muller-s...
    3:7
JOHNS 3:10
judge 6:14,15

**K**

Katy 3:17
kind 8:13
know 4:8 8:22
    12:1 13:17,18
    14:8
KRISJENN 1:3,6
    1:6,7,17,18,18
    17:3,6,6,7,18
    17:18,19

**L**

land 6:8
language 9:6
    10:5
Larry 1:20 7:10
    9:1,11 17:20
lawyer 5:8
lawyer's 5:6,20
    5:21 6:4,11 7:7
layout 13:17
leave 10:4
legal 4:5,19 5:14
    16:11
let's 7:12 8:2,10
    10:22 12:3
    15:11,11 16:9
    16:18
limited 11:7
little 7:19 8:5
    11:20
LLC 1:3,6,9,17
    1:20 17:3,6,9
    17:18,20
LLC-SERIES 1:6
    1:7,18,19 17:6
    17:7,18,19
located 2:13

long 5:21
Longbranch 1:12
    2:1,8 3:8,14
    4:19 5:15,24
    6:7,17 7:2,8
    8:21 9:4,12
    12:5,13 13:2
    14:7,18,18
    17:12 18:1
look 8:11 11:14
    12:3 15:11
    16:9
looking 15:14
    16:4
LP 1:12 2:1,8
    3:8,14 17:12
    18:1

**M**

machine 2:12
marked 7:22,23
    11:15 15:6
marshal 13:2
marshalling
    12:25 13:4,8
Mason 3:10
mean 12:12 13:9
meaning 4:19
    7:1
means 4:6
meet 14:18
messages 15:17
    15:22,25
method 16:5,7
MILLER 3:15,15
minute 16:19
modify 10:19
    14:25 15:2
Moore 3:20 7:11
    15:13,19,22,25
    16:6
Muller 3:4,5 4:4
    4:12,18,23
    5:18 6:3,14,16
    6:22 7:5,12,17
    7:24 8:2,4,6,12
    8:17,24 9:7,15

    9:19,25 10:6
    10:18,22,25
    11:3,5,16,18
    12:8,14,19,23
    13:3,7,12,21
    13:24 14:3,8,9
    14:14,20,23
    15:2,5,7,15,18
    16:10,15,18

**N**

need 11:11,12
net 6:18 8:20,25
    9:7 16:1
nine 14:25
notes 18:8
number 8:11,16
    9:8,19 10:7,19
    12:3,14,23
    14:25 15:12,15
numbered 2:10

**O**

object 4:7,21
    5:11,16
objecting 10:10
objection 6:1,9
    6:20 7:3 8:14
    8:15 9:17 12:8
    12:12 13:4,6,8
    14:21 15:14
    16:11,14
objections 4:13
    8:6 12:9,20,24
    12:25 14:11,13
    14:15,25 15:3
    16:16
office 2:13
oh 5:18
Okay 4:12,17,23
    5:5 7:12,17
    8:10,10,24
    9:15 10:6,18
    11:1,3,5,18,24
    12:3,14 16:5,9
    16:18
ones 5:11

| | | | | |
|---|---|---|---|---|
| **oral** 1:24 2:6 4:1 11:9 17:25 | **pursuant** 2:13,15 | **Reporter** 3:23 7:16 8:1 11:4 16:20 18:6 | **shorthand** 3:23 18:5,8 | **term** 4:20 7:1 8:20,25 9:2,3,7 9:12,13 |
| **Orders** 2:14 | **Q** | | **shorthand,at** 2:12 | |
| **overbroad** 14:15 | **question** 4:16,24 5:7,9,9 12:15 14:23 | **REPORTER'S** 17:24 | **show** 7:21 11:13 | **TERRILL** 1:20 17:21 |
| **ownership** 12:5 | | **Reporting** 18:14 | **situation** 4:8 | **testimony** 4:1 11:9,10 16:21 18:7 |
| **P** | **questions** 7:18 12:13 13:13 | **representations** 12:16 13:25 | **SMEBERG** 3:5 | |
| **Party** 1:16 17:16 | | | **sorry** 5:19 10:9 | |
| **Perez** 3:4 | **quickly** 11:12 | **REPRESENT...** 2:1,7 18:1 | **speaking** 4:13 | **Texas** 1:1 2:12 2:13 3:6,12,17 13:5 17:1 18:6 18:15 |
| **phone** 3:6,12,17 16:8 18:15 | **quite** 13:15 14:7 14:8 | **request** 8:11 9:8 9:15,16,19,21 10:6,19 12:10 14:20,24 15:8 16:9,16 | **specific** 14:6,7 | |
| **Pigg** 4:5,9,18 5:13,18,24 6:6 6:16,25 7:9 | | | **stands** 13:6 | |
| | **R** | | **starting** 4:10 | |
| | **RANCH** 1:3,6,6 1:7,7,17,18,18 1:19 17:3,6,6,7 17:7,18,18,19 17:19 | | **state** 2:12,14 13:12 18:6 | **text** 15:16,22,25 |
| **pipeline** 1:7,19 10:9,10,14 17:7,19 | | | **stated** 2:16 9:3 | **texts** 15:13,20 16:3 |
| | | **requests** 8:7 | **statements** 13:19,22 | **think** 6:14,15 8:14,19 10:12 |
| **place** 5:2 | | **require** 9:20 | | |
| **plain** 9:5,13 | | **requires** 13:1 14:5 | **states** 1:1 10:5 17:1 | **Third-Party** 1:21 17:22 |
| **Plaintiff** 1:16 17:16 | **re-tender** 4:16 | **response** 9:18 10:2,4,19 12:7 12:17 14:19 15:12 | **stating** 8:22 13:21 | **three** 8:11,16,17 9:8 12:23 15:5 |
| | **read** 11:23 | | | |
| **Plaintiffs** 1:10 17:10 | **really** 8:13 | | **stray** 4:10 | **tight** 8:5 |
| | **Recess** 7:15 11:2 | | **struck** 9:22 | **time** 5:14,24 6:7 6:17 7:2,11 8:18,23 10:21 11:7 12:12 13:15 14:13,22 15:1,4 16:14 16:17 |
| **plead** 14:6 | | **responses** 7:21 8:7 11:10 15:8 | **subject** 12:12 | |
| **pleadings** 14:10 | **recognize** 11:18 12:2 15:9 | | **SUBSCRIBED** 18:9 | |
| **PLLC** 3:5,10 | | **rest** 10:4 | | |
| **position** 14:1 | **record** 1:24 2:6 2:16 6:12 7:13 7:16 16:18,20 | **restroom** 10:24 | **successors** 1:8 4:6,20 5:13 7:1 17:8 | |
| **PRESENT** 3:19 | | **return** 7:18 | | |
| **pretty** 11:12 | | **right** 8:21 13:10 15:23 | **Suite** 3:11,16 18:14 | |
| **primary** 16:5,7 | **recounting** 13:14 | | | **today** 11:9 12:18 |
| **privilege** 4:22 6:1,20 7:3 | **referring** 10:16 | **Road** 3:5 | **summarizes** 14:19 | **told** 5:8 |
| | **regard** 14:23 | **rogs** 10:23 | | **transcription** 18:8 |
| **privileged** 4:10 5:17 6:9 | **Regarding** 2:14 | **ROW** 1:8,19 17:8,20 | **Sunset** 3:5 | |
| | **regards** 14:24 | | **sure** 5:10 7:14 10:25 11:21 16:2 | **trial** 11:6 |
| **Procedure** 2:16 13:5 | **Registration** 18:13 | **RPR** 2:11 | | **true** 18:8 |
| | | **Rule** 14:4 | | **two** 12:15 |
| **Produce** 15:16 | **relate** 15:23 16:1 | **rules** 2:15 9:20 13:5 | **suspend** 4:24 | **typo** 10:13 |
| **produced** 2:8 | **relating** 13:21,24 14:9,15 | | **sworn** 2:9 18:9 | |
| **production** 15:8 16:9,16 | | **run** 6:8 | | **U** |
| | **relevant** 10:15 | | | **unambiguous** 10:11 |
| **profits** 6:18 8:20 8:25 9:8 16:1 | **remember** 11:25 | **S** | **T** | |
| | **remote** 3:4,10,15 3:20,21,22 | **San** 1:2 3:6 17:2 18:15 | **take** 5:2,6 7:7,19 13:15 | **uncertainty** 8:19 |
| **PROPERTIES** 1:9,12,15,20 17:9,12,15,20 | **REMOTELY** 2:3 18:3 | **scroll** 8:2,10 11:13,17 15:11 | **taken** 2:9 10:14 | **understand** 5:23 5:23 |
| | **rephrase** 5:9 | **seen** 8:8 | **takes** 11:22 | **understanding** 7:8 9:14 |
| **provisions** 2:16 | **reported** 2:3,12 18:3 | **seven** 9:20 | **tell** 5:13,24 6:6 6:16,25 | **unduly** 13:13,22 |
| **purposes** 13:16 | | | | |

Page 22

13:25 14:15
**unfounded** 12:9 12:20
**UNITED** 1:1 17:1
**unnecessary** 12:9
**UVALDE** 1:7,18 17:7,19

**V**

**v** 1:10,16 17:11 17:17

**W**

**W** 3:5
**want** 5:12 6:12 8:10 11:13
**wanted** 9:12
**way** 8:21 12:6 15:23
**we're** 10:16
**week** 5:2
**West** 3:11
**WESTERN** 1:1 17:1
**whatsoever** 15:3
**willing** 8:15 9:23 10:3 12:21 14:21,25 15:2 16:12,15
**withdrawn** 12:21
**witness** 2:8 3:21 6:11 10:24 11:1 15:16
**word** 9:22 10:9 10:10,13
**Wright** 1:20 7:10 9:1,11 12:16 17:21
**written** 7:20 11:10 12:7 15:3,8

**X**

**Y**

**yeah** 7:12 8:9 11:25 12:1 16:4

**Z**

**Zeke** 11:16
**zeke@muller-...** 3:7
**zoom** 2:3 8:4 11:16,20 18:3

**0**

**1**

**1** 7:22,23
**11** 1:3 16:4 17:3
**11:01** 7:15
**11:05** 7:15,16
**11:11** 11:2
**11:13** 11:2
**11:27** 16:20
**110** 3:16
**111** 3:5
**115** 18:14
**11th** 11:6
**12** 15:12,15 16:4
**14101** 3:11
**16** 2:2,10 18:2
**17** 16:9
**17th** 18:9
**1857** 18:12

**2**

**2** 10:22 11:14,15
**20-05027** 1:13 1:20 17:13,20
**20-50805** 1:3 17:3
**2020** 2:2,11 18:2 18:10
**210** 3:6 18:15
**22310** 3:16
**253** 18:13
**281** 3:17
**290** 3:11

**3**

**3** 15:6
**30(b)(6)** 1:25 2:7 18:1
**340-3656** 18:15
**394-9778** 3:17
**399-3150** 3:12

**4**

**400A** 3:11

**5**

**512** 3:12

**6**

**664-5000** 3:6

**7**

**77494** 3:17
**78209** 3:6
**78216** 18:15
**78737** 3:12

**8**

**8/31/2022** 18:13

**9**

**9** 14:4
**926** 18:14