# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § § | CHAPTER 11 |
| KrisJenn Ranch, LLC, | § § | |
| *Debtor* | § § § | CASE NO. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC, | § § § § § § § | |
| *Plaintiffs*, | § § | ADVERSARY NO. 20-05027 |
| v. | § § | |
| DMA Properties, Inc. and Longbranch Energy, LP, | § § § | |
| *Defendants*. | § § | |

| | | |
|---|---|---|
| DMA Properties, Inc., | § § | |
| *Cross-Plaintiff/Third-Party Plaintiff* | § § § | |
| v. | § § | |
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, Black Duck Properties, LLC, Larry Wright, and John Terrill, | § § § § § § | ADVERSARY NO. 20-05027 |
| *Cross-Defendants/Third-Party Defendants* | § § § § | |

1

## MOORE'S RESPONSES AND OBJECTIONS
## TO KRISJENN'S FIRST REQUESTS FOR ADMISSIONS

Moore hereby serves his responses and objections to KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW First Requests for Admissions.

Respectfully,

/s/ *Christopher S. Johns*
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

/s/ *Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com

*Attorneys for Frank Daniel Moore and DMA Properties, Inc.*

#### CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Ronald J. Smeberg<br>Charles John Muller, IV<br>MULLER SMEBERG, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john@muller-smeberg.com<br><br>*Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, KrisJenn Ranch, LLC, Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br>jduke@dbmmlaw.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Shane P. Tobin<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>shane.p.tobin@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party-Defendant, pro se* |
| Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* | |

                                            /s/ Christopher S. Johns
                                              Christopher S. Johns

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS

**Request for Admission No. 1:** Admit that Wright told you that you would receive 20% of Black Duck's 15% interest for the life of the TCRG project.

    **Response**: Deny.

**Request for Admission No. 2:** Admit that you told TCRG that you had an interest in the ROW that ran with the land.

    **Response**: Admit.

**Request for Admission No. 3:** Admit that you told TCRG that you had a net profits agreement in the ROW.

    **Response**: Moore objects that the phrase "net profits agreement in the ROW" is ambiguous. Moore construes "net profits agreement in the ROW" as meaning a net profits agreement that conveyed to DMA a net-profits interest that attaches and runs with the ROW. Based on that construction and interpretation of the ambiguous phrase, admit.

**Request for Admission No. 4:** Admit that you told TCRG that you had a net profits agreement in the pipeline.

    **Response**: Moore objects that the phrase "net profits agreement in the pipeline" is ambiguous. Moore construes "net profits agreement in the pipeline" as meaning a net profits agreement that conveyed to DMA a net-profits interest that attaches and runs with the ROW and related pipeline facilities. Based on that construction and interpretation of the ambiguous phrase, admit.

**Request for Admission No. 5:** Admit that told TCRG that your net profits interest was a real covenant.

    **Response**: Admit.

**Request for Admission No. 6:** Admit that you told TCRG that your net profits interest was a personal covenant.

    **Response**: Deny.

**Request for Admission No. 7:** Admit that you told TCRG that Wright had made false statements to it regarding the ROW.

4

>**Response**: Admitted that Moore told TCRG that DMA has a net-profits interest that attaches and runs with the right-of-way, which implies that any contrary representations by Wright were false. Otherwise, denied.

**Request for Admission No. 8:** Admit that you told TCRG that Wright had made false statements to it regarding the Pipeline.

>**Response**: Moore objects that the word "Pipeline" is unambiguous when taken in context of the relevant agreements. Moore construes "Pipeline" to mean the right-of-way and related pipeline facilities. Under that construction, admitted that Moore told TCRG that DMA has a net-profits interest that attaches and runs with the right-of-way, which implies that any contrary representations by Wright were false. Otherwise, denied.