# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § § | CHAPTER 11 |
| KrisJenn Ranch, LLC, | § § | |
| *Debtor* | § § § | CASE NO. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC, | § § § § § § § | |
| *Plaintiffs*, | § § | ADVERSARY NO. 20-05027 |
| v. | § § | |
| DMA Properties, Inc. and Longbranch Energy, LP, | § § § § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| DMA Properties, Inc., | § § | |
| *Cross-Plaintiff/Third-Party Plaintiff* | § § § | |
| v. | § § | |
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, Black Duck Properties, LLC, Larry Wright, and John Terrill, | § § § § § § § | ADVERSARY NO. 20-05027 |
| *Cross-Defendants/Third-Party Defendants* | § § § § | |

1

## LONGBRANCH'S RESPONSES AND OBJECTIONS
## TO KRISJENN'S FIRST REQUESTS FOR PRODUCTION

Longbranch hereby serves its responses and objections to KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW First Requests for Production.

Respectfully,

/s/ *Christopher S. Johns*
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

/s/ *Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com

*Attorneys for Frank Daniel Moore and DMA Properties, Inc.*

2

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Ronald J. Smeberg<br>Charles John Muller, IV<br>MULLER SMEBERG, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john@muller-smeberg.com<br><br>*Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, KrisJenn Ranch, LLC, Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br>jduke@dbmmlaw.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Shane P. Tobin<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>shane.p.tobin@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party-Defendant, pro se* |
| Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* | |

        /s/ Christopher S. Johns
        Christopher S. Johns

3

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Request for Production No. 1:** Produce all documents that create or terminate Moore's general and/or limited partnership interest in Longbranch.

>**Response**: Longbranch has not identified any documents or communications responsive to this request.

**Request for Production No. 2:** Produce all documents demonstrating that Wright stated, implied, or otherwise represented, that he "had cash on hand to fully fund the acquisition and maintenance of the right-of-way until a developer could be secured", as alleged in paragraph 22 of you Counterclaim.

>**Response**: Longbranch has produced all documents and communications with Wright related to the right-of-way that could be located after conducting a reasonably diligent search. Longbranch also identifies the following specific documents responsive to this request: LONGBRANCH 000392, 684, 694. Finally, Longbranch notes that Wright's original representations regarding his financial wherewithal were oral.

**Request for Production No. 3:** Produce all documents demonstrating that Longbranch had prospective purchasers of the ROW other than Black Duck.

>**Response**: Longbranch did not seek out other prospective purchasers of the right-of-way prior to execution of the Longbranch Assignment, because Wright represented that he would fund the closing on the right-of-way and that he had the financial wherewithal to hold the right-of-way until a prospective buyer could be located to develop the right-of-way. Correspondingly, Longbranch has not identified any documents or communications responsive to this request.

**Request for Production No. 4:** Produce all documents whereby Wright stated, implied, or otherwise represented that he "could fund the deal himself or maintain the right of way until a suitable developer was located", as alleged in paragraph 23 of you Counterclaim.

>**Response**: Longbranch has produced all nonprivileged documents and communications with Wright related to the right-of-way that could be located after conducting a reasonably diligent search. The representations referred to in Paragraph 23 were oral and made by Wright during conversations with Moore and/or Longbranch prior to and following execution of the Longbranch Assignment.

**Request for Production No. 5:** Produce all documents showing that Wright "lacked the means to hold onto the right-of-way until a developer could be secured", as alleged in paragraph 23 of you Counterclaim.

4

**Response**: Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 000392, 684, 694. Longbranch also observes that Wright (through KrisJenn) took out multiple multi-million-dollar loans to finance the acquisition of the right-of-way. Wright eventually caused KrisJenn to file for bankruptcy because he could not afford to continue making interest payments on the loans he had taken out.

**Request for Production No. 6:** Produce all documents showing that you informed Wright that you did not want to enter into the Longbranch Assignment if he intended to "'flip' the right-of-way at the earliest opportunity", as alleged in paragraph 23 of you Counterclaim.

**Response**: Longbranch objects that Paragraph 23 does not allege that Longbranch "informed Wright that you did not want to enter into the Longbranch Assignment if he intended to flip the right-of-way." Notwithstanding that mischaracterization, Longbranch and Moore's conversations with Wright regarding funding of the right-of-way were oral, and as a result, Longbranch has not locate nonprivileged documents responsive to this request after conducting a reasonably diligent search.

**Request for Production No. 7:** Produce all of your email, text messages, and/or other documents with Moore regarding Black Duck's use or intended use of the ROW.

**Response**: Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 331–1120.

**Request for Production No. 8:** Produce all documents showing that you had sufficient funds or other assets to purchase the ROW.

**Response**: Longbranch objects to this request to the extent it seeks disclosure of sensitive financial documents showing the net worth and assets of Longbranch's members without a protective order, because such documents will need to be designated confidential and attorneys' eyes only. Subject to this objection, *see* LONGBRANCH 1510.

**Request for Production No. 9:** Produce all documents showing that Wright implied, or otherwise represented that he was a "wealthy man" and/or that "he could easily fund the purchase of the right-of-way using his own funds", as alleged in paragraph 29 of you Counterclaim.

**Response**: Longbranch has produced all nonprivileged documents and communications with Wright related to the right-of-way that could be located after conducting a reasonably diligent search. Longbranch also identifies the following specific documents responsive to this request: LONGBRANCH 000392, 684, 694. Finally, Longbranch notes that Wright's original representations regarding his financial wherewithal were oral.

5

**Request for Production No. 10:** Produce all documents showing that Wright is not a "wealthy man" and/or that he could not "easily fund the purchase of the right-of-way using his own funds", as alleged in paragraph 29 of you Counterclaim.

> **Response**: Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 000392, 684, 694. Longbranch also observes that Wright (through KrisJenn) took out multiple multi-million-dollar loans to finance the acquisition of the right-of-way. Wright eventually caused KrisJenn to file for bankruptcy because he could not afford to continue making interest payments on the loans he had taken out.

**Request for Production No. 11:** Produce all of your email, text messages, and/or other documents with Moore regarding funds that the Debtors and/or Wright loaned, or claimed to loan, to Black Duck.

> **Response**: Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. Longbranch also identifies the following specific documents responsive to this request: LONGBRANCH 000392, 684, 694.

**Request for Production No. 12:** Produce any email, text messages, and/or other documents with Moore discussing the terms of the Company Agreement of Black Duck Properties, LLC.

> **Response**: Longbranch has not yet identified any documents or communications within the production that would be responsive to this request.

**Request for Production No. 13:** Produce all of your email, text messages, and/or other documents with Moore discussing Terrill or his interest in acquiring the ROW.

> **Response**: Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 000837, 1058.

**Request for Production No. 14:** Produce all of your email, text messages, and/or other documents with Moore discussing TCRG or its interest in acquiring the ROW.

> **Response**: Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 000837, 1058.

**Request for Production No. 15:** Produce all documents showing that you recorded and/or filed notice of the Longbranch Assignment that in any and all county deed records.

>**Response**: Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 001130–33.

**Request for Production No. 16:** Produce all documents showing that Terrill and/or TCRG were unaware of the Longbranch Assignment prior to the date on which TCRG purchased the ROW.

>**Response**: Longbranch identifies the following nonprivileged documents as responsive to this request: DMA Resp. Mot. Summ. J. Ex. 35 (Compromise Settlement Agreement). Additionally, TCRG has already produced documents showing that TCRG and Terrill were unaware of the Longbranch Assignment prior to the date on which TCRG purchased the ROW.

**Request for Production No. 17:** Produce all documents showing that Wright informed you that "Borders and Moore would each receive 20% of the 15% carried interest for the life of the project", as alleged in paragraph 46 of the Counterclaim.

>**Response**: Longbranch objects that Wright stated Longbranch and DMA would receive 20% of the carried interest only after Wright received a full payoff. Subject to that objection, Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. *See* LONGBRANCH001065, 1511.

**Request for Production No. 18:** Produce all documents showing that Wright "contradicted" any representation that "Borders and Moore would each receive 20% of the 15% carried interest for the life of the project", as alleged in paragraph 46 of the Counterclaim.

>**Response**: Longbranch objects that this request is overbroad and unduly burdensome because it purports to require Longbranch to produce "all" documents. Subject to this objection, Longbranch identifies the following nonprivileged documents responsive to this request: DMA Resp. Mot. Summ. J. Ex. 31 (April 16, 2019 Email); *id.* Ex. 37 (Assignment of Note).

**Request for Production No. 19:** Produce all documents showing your representations to Terrill and/or TCRG regarding the ROW.

>**Response**: Longbranch has produced all nonprivileged text messages, emails, and documents exchanged with Terrill and/or TCRG that discuss the right-of-way that could be located after conducting a reasonably diligent search. LONGBRANCH 001441–1499, 000192, 202–07, 371–80, 387–97, 498–515, 564–71, 623–35, 654–67, 668–727, 771, 816–852, 1058–65, 1121–1174, 1195–1282.

**Request for Production No. 20:** Produce all email, text messages, and/or other documents by and between you and Wright that discuss or reference the ROW.

7

> **Response**: Longbranch has produced all nonprivileged text messages, emails, and documents exchanged with Wright that discuss the right-of-way that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 001441–1499, 000192, 202–07, 371–80, 387-97, 498–515, 564–71, 623–35, 654–67, 668–727, 771, 816–852, 1058–65, 1121–1174, 1195–1282.

**Request for Production No. 21:** Produce all email, text messages, and/or other documents by and between you and Terrill and/or TCRG that discuss the ROW.

> **Response**: Longbranch has produced all nonprivileged text messages, emails, and documents exchanged with Terrill and/or TCRG that discuss the right-of-way that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 001227–1236, 1252, 1058–59, 1064, 1097, 1174.

**Request for Production No. 22:** Produce all email, text messages, and/or other documents by and between you and DMA and/or Moore that discuss or reference your interest in the ROW.

> **Response**: Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 331–1120, 1500–09.

**Request for Production No. 23:** Produce all documents showing that Wright made false statements to you.

> **Response**: Longbranch objects that this request is overbroad and unduly burdensome because it asks about "all" false statements, as opposed to false statements related to the claims and defenses pending in this case. Subject to this objection, Longbranch identifies the following nonprivileged documents responsive to this request: LONGBRANCH 001441–1499, 000192, 202–07, 371–80, 387-97, 498–515, 564–71, 623–35, 654–67, 668–727, 771, 816–852, 1058–65, 1121–1174, 1195–1282.

**Request for Production No. 24:** Produce all documents showing the damages you incurred as a result of the allegations made in your Counterclaim.

> **Response**: Longbranch's damages are explained at length in its disclosures and are calculated based on (a) the amounts paid by TCRG for the right-of-way; (b) the amounts paid by KrisJenn to TCRG; and (c) valuations of the right-of-way offered by prospective purchasers. *See* Longbranch Disclosures. Additionally, Longbranch identifies the following nonprivileged documents in its production reflecting the value of the right-of-way and the related value of Longbranch's net-profits interest: LONGBRANCH 000384, 670, 1059.