IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **KRISJENN RANCH, LLC** | § | |
| *Debtor* | § | **Case No. 20-50805** |
| | § | |

---

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** | § | |
| **KRISJENN RANCH, LLC-SERIES** | § | |
| **UVALDE RANCH, and KRISJENN** | § | |
| **RANCH, LLC-SERIES PIPELINE** | § | |
| **ROW as successors in interest to** | § | |
| **BLACKDUCK PROPERTIES, LLC,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DMA PROPERTIES, INC., and** | § | |
| **LONGBRANCH ENERGY, LP,** | § | **Adversary No. 20-05027** |
| *Defendants* | § | |

---

| | |
|---|---|
| **DMA PROPERTIES, INC** | § |

1

| | |
|---|---|
| *Cross-Plaintiff/Third Party Plaintiff* | § |
| **v.** | § |
| | § |
| **KRISJENN RANCH, LLC,** | § |
| **KRISJENN RANCH, LLC-SERIES** | § |
| **UVALDE RANCH, and KRISJENN** | § |
| **RANCH, LLC-SERIES PIPELINE ROW,** | § **Adversary No. 20-05027** |
| **BLACK DUCK PROPERTIES, LLC,** | § |
| **LARRY WRIGHT, and JOHN TERRILL** | § |
| *Cross-Defendants/Third-Party* | § |
| *Defendants* | § |

## ORDER GRANTING MOTION TO COMPEL

On this day came to be heard Debtors, Plaintiffs, and Counter-Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, and KrisJenn Ranch, LLC-Series Pipeline Row, (collectively the "Debtors") Motion to Compel. The Court having examined the pleadings, exhibits, and arguments of the Parties finds that the Motion to Compel should be granted.

**IT IS THEREFORE ORDERED** that DMA and Moore shall produce all documents provided by TCRG to Debtors by December 23, 2020.

**IT IS FURTHER ORDERED** that Debtors shall be granted leave to depose TCRG and Craig Crockett on December 29, 2020.

**IT IS FURTHER ORDERED** that DMA and Moore shall provide verified responses to Debtors interrogatories by December 23, 2020. All objections to these interrogatories that have not been withdrawn are overruled.

**IT IS FURTHER ORDERED** that DMA and Moore shall supplement their production to include any documents previously withheld on the basis of their objections.

**IT IS FURTHER ORDERED** that Debtors will be granted leave to continue the depositions of Frank Daniel Moore, DMA Properties, Inc. SCMED Oilfield Consulting, Darrin Borders, and Longbranch Energy, LP. These depositions must be held before January 29, 2020.

**IT IS FURTHER ORDERED** that Darrin Borders and Longbranch Energy, LP's objections to testimony regarding George Pigg are overruled. Upon examination, Borders and Longbranch shall testify about communications regarding Longbranch Assignment and/or Black Duck Properties, LLC.

**IT IS FURTHER ORDERED** Longbranch Energy, LP. objections be:

| LONGBRANCH ENERGY, LP. REQUEST FOR ADMISSION | OBJECTION | SUSTAINED | OVER RULED |
|---|---|---|---|
| RFA 3 | Longbranch objects that the phrase "net profits agreement in the ROW" is ambiguous. Longbranch construes "net profits agreement in the ROW" as meaning a net profits agreement that conveyed to Longbranch a net-profits interest that attaches and runs with the ROW. Based on that construction and interpretation of the ambiguous phrase, admit. | | ✔ |
| RFA 4 | Longbranch objects that the phrase "net profits agreement in the pipeline" is ambiguous. Longbranch construes "net profits agreement in the pipeline" as meaning a net profits agreement that conveyed to Longbranch a net-profits interest that attaches and runs with the ROW and related pipeline facilities. Based on that construction and interpretation of the ambiguous phrase, admit. | | ✔ |
| RFA 8 | Longbranch objects that the word "Pipeline" is unambiguous when taken in context of the relevant agreements. | | ✔ |

| LONGBRANCH ENERGY, LP. REQUEST FOR PRODUCTION | OBJECTION | SUSTAINED | OVER RULED |
|---|---|---|---|
| RFP 8 | Longbranch objects to this request to the extent it seeks disclosure of sensitive financial documents showing the net worth and assets of Longbranch's members without a protective order, because such documents will need to be designated confidential and attorneys' eyes only. | | ✔ |

| | | | |
|---|---|---|---|
| **RFP 18** | Longbranch objects that this request is overbroad and unduly burdensome because it purports to require Longbranch to produce "all" documents. | | ✓ |
| **RFP 23** | Longbranch objects that this request is overbroad and unduly burdensome because it asks about "all" false statements, as opposed to false statements related to the claims and defenses pending in this case. | | ✓ |

| LONGBRANCH ENERGY, LP. INTERROGATORIES | OBJECTION | SUSTAINED | OVER RULED |
|---|---|---|---|
| **INTERROGATORY No. 1** | Longbranch objects that this interrogatory is overbroad and unduly burdensome because the information requested is not relevant to any of the parties' pending claims or defenses. | | ✓ |
| **INTERROGATORY No. 2** | Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to marshal "all" facts in advance of trial. | | ✓ |
| **INTERROGATORY No. 4** | Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to marshal "all" facts in advance of trial. | | ✓ |
| **INTERROGATORY No. 5** | Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to marshal "all" facts in advance of trial. | | ✓ |
| **INTERROGATORY No. 6** | Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to marshal "all" facts in advance of trial. | | ✓ |

| INTERROGATORY No. 9 | Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to marshal "all" facts in advance of trial. | | ✓ |
|---|---|---|---|
| INTERROGATORY No. 10 | Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to marshal "all" facts in advance of trial. | | ✓ |
| INTERROGATORY No. 16 | Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to marshal "all" facts in advance of trial. | | ✓ |
| INTERROGATORY No. 18 | Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to marshal "all" facts in advance of trial. | | ✓ |
| INTERROGATORY No. 20 | Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to individually identify "all" documents exchanged with Wright. | | ✓ |
| INTERROGATORY No. 21 | Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to individually identify "all" documents exchanged with Terrill and/or TCRG. TCRG has already produced all such documents, and the burden in identifying responsive documents in that production is substantially the same for both parties. | | ✓ |
| INTERROGATORY No. 22 | Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to individually | | ✓ |

| | | | |
|---|---|---|---|
| | identify "all" documents exchanged with Moore. | | |
| **INTERROGATORY No. 23** | **Longbranch objects that this request is overbroad and unduly burdensome because it requests all documents and communications exchanged by Moore without regard to whether they relate to this case or not.** | | ✓ |

IT IS FURTHER ORDERED that, Longbranch Energy, LP completely and fully respond to the Debtors' Request for Admissions, attached hereto as **Exhibit A,** the Debtors' Request for Production, attached hereto as **Exhibit B,** and Debtors Interrogatories attached hereto as **Exhibit C** and, within (10) days of the date of this Court's order.

IT IS FURTHER ORDERED that, DMA Properties, Inc.'s objections be:

| DMA Properties Inc. REQUEST FOR ADMISSION | OBJECTION | SUSTAINED | OVER RULED |
|---|---|---|---|
| **RFA 3** | **DMA objects that the phrase "net profits agreement in the ROW" is ambiguous. DMA construes "net profits agreement in the ROW" as meaning a net profits agreement that conveyed to DMA a net-profits interest that attaches and runs with the ROW.** | | ✓ |
| **RFA 4** | **DMA objects that the phrase "net profits agreement in the pipeline" is ambiguous. DMA construes "net profits agreement in the pipeline" as meaning a net profits agreement that conveyed to DMA a net-profits interest that attaches and runs with the ROW and related pipeline facilities.** | | ✓ |
| **RFA 8** | **DMA objects that the word "Pipeline" is unambiguous when taken in context. of the relevant agreements. DMA construes "Pipeline" to mean the right-of-way and related pipeline facilities.** | | ✓ |

**IT IS FURTHER ORDERED** that, DMA Properties Inc.  completely and fully respond to the Debtors' Request for Admissions, attached hereto as **Exhibit D** within (10) days of the date of this Court's order.

**IT IS FURTHER ORDERED** that, Frank Daniel Moore's objections be:

| Frank Daniel Moore REQUEST FOR ADMISSION | OBJECTION | SUSTAINED | OVER RULED |
|---|---|---|---|
| **RFA 3** | **Moore objects that the phrase "net profits agreement in the ROW" is ambiguous. Moore construes "net profits agreement in the ROW" as meaning a net profits agreement that conveyed to DMA a net-profits interest that attaches and runs with the ROW.** | | ✓ |
| **RFA 4** | **Moore objects that  the phrase "net profits agreement in the pipeline"  is ambiguous. Moore construes "net profits agreement in the pipeline" as meaning a net profits agreement that conveyed to DMA a net-profits interest that attaches and runs with the ROW and related pipeline facilities.** | | ✓ |
| **RFA 8** | **Moore objects that the word "Pipeline" is unambiguous when taken in context of the relevant agreements. Moore construes "Pipeline" to mean the right-of-way and related pipeline facilities.** | | ✓ |

**IT IS FURTHER ORDERED** that, Frank Daniel Moore.  completely and fully respond to the Debtors' Request for Admissions, attached hereto as **Exhibit E** within (10) days of the date of this Court's order.

**IT IS FURTHER ORDERED** that, Defendants shall pay $2000.00, which constitutes reasonable attorney's fees and expenses in connection with this Motion.

**###**

PREPARED AND SUBMITTED BY

MULLER SMEBERG, PLLC

 /s/ *John Muller*
C. John Muller IV
State Bar No. 24070306
john@muller-smeberg.com
Ezekiel J. Perez
State Bar No. 24096782
zeke@muller-smeberg.com
111 W. Sunset Rd.
San Antonio, TX 78209
Telephone: 210-664-5000
Facsimile: 210-598-7357

ATTORNEYS FOR DEBTORS

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § | CHAPTER 11 |
| | § | |
| KrisJenn Ranch, LLC, | § | |
| | § | |
| *Debtor* | § | CASE NO. 20-50805 |
| | § | |
| | § | |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC, | § § § § § § | ADVERSARY NO. 20-05027 |
| *Plaintiffs*, | § § | |
| v. | § § | |
| DMA Properties, Inc. and Longbranch Energy, LP, | § § § | |
| *Defendants*. | § § | |

| | | |
|---|---|---|
| DMA Properties, Inc., | § § | |
| *Cross-Plaintiff/Third-Party Plaintiff* | § § | |
| v. | § § | |
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, Black Duck Properties, LLC, Larry Wright, and John Terrill, | § § § § § § | ADVERSARY NO. 20-05027 |
| *Cross-Defendants/Third-Party Defendants* | § § § | |

1

## LONGBRANCH'S RESPONSES AND OBJECTIONS
## TO KRISJENN'S FIRST REQUESTS FOR ADMISSIONS

Longbranch hereby serves its responses and objections to KrisJenn Ranch, LLC, KrisJenn

Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW First

Requests for Admissions.

Respectfully,

*/s/ Christopher S. Johns*
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

*/s/ Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com

*Attorneys for Frank Daniel Moore and
DMA Properties, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Ronald J. Smeberg<br>Charles John Muller, IV<br>MULLER SMEBERG, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john@muller-smeberg.com<br><br>*Counsel for KrisJenn Ranch, LLC,*<br>*Krisjenn Ranch, LLC, Series Uvalde*<br>*Ranch, KrisJenn Ranch, LLC, Series*<br>*Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br>jduke@dbmmlaw.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Shane P. Tobin<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>shane.p.tobin@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party-Defendant, pro se* |
| Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* | |

*/s/ Christopher S. Johns*
Christopher S. Johns

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS

**Request for Admission No. 1:** Admit that Wright told you that you would receive 20% of Black Duck's 15% interest for the life of the TCRG project.

> **Response**: Deny.

**Request for Admission No. 2:** Admit that you told TCRG that you had an interest in the ROW that ran with the land.

> **Response**: Admit.

**Request for Admission No. 3:** Admit that you told TCRG that you had a net profits agreement in the ROW.

> **Response**: Longbranch objects that the phrase "net profits agreement in the ROW" is ambiguous. Longbranch construes "net profits agreement in the ROW" as meaning a net profits agreement that conveyed to Longbranch a net-profits interest that attaches and runs with the ROW. Based on that construction and interpretation of the ambiguous phrase, admit.

**Request for Admission No. 4:** Admit that you told TCRG that you had a net profits agreement in the pipeline.

> **Response**: Longbranch objects that the phrase "net profits agreement in the pipeline" is ambiguous. Longbranch construes "net profits agreement in the pipeline" as meaning a net profits agreement that conveyed to Longbranch a net-profits interest that attaches and runs with the ROW and related pipeline facilities. Based on that construction and interpretation of the ambiguous phrase, admit.

**Request for Admission No. 5:** Admit that told TCRG that your net profits interest was a real covenant.

> **Response**: Admit.

**Request for Admission No. 6:** Admit that you told TCRG that your net profits interest was a personal covenant.

> **Response**: Deny.

**Request for Admission No. 7:** Admit that you told TCRG that Wright had made false statements to it regarding the ROW.

**Response**: Admitted that Longbranch told TCRG it has a net-profits interest that attaches and runs with the right-of-way, which implies that any contrary representations by Wright were false. Otherwise, denied.

**Request for Admission No. 8:** Admit that you told TCRG that Wright had made false statements to it regarding the Pipeline.

**Response**: Longbranch objects that the word "Pipeline" is unambiguous when taken in context of the relevant agreements. Longbranch construes "Pipeline" to mean the right-of-way and related pipeline facilities. Under that construction, admitted that Longbranch told TCRG it has a net-profits interest that attaches and runs with the right-of-way, which implies that any contrary representations by Wright were false. Otherwise, denied.

# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § | CHAPTER 11 |
| | § | |
| KrisJenn Ranch, LLC, | § | |
| | § | |
| *Debtor* | § | CASE NO. 20-50805 |
| | § | |
| | § | |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC, | § § § § § | |
| | § | ADVERSARY NO. 20-05027 |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| DMA Properties, Inc. and Longbranch Energy, LP, | § § | |
| | § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| DMA Properties, Inc., | § | |
| | § | |
| *Cross-Plaintiff/Third-Party Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, Black Duck Properties, LLC, Larry Wright, and John Terrill, | § § § § § | ADVERSARY NO. 20-05027 |
| | § | |
| *Cross-Defendants/Third-Party Defendants* | § § | |
| | § | |

1

## LONGBRANCH'S RESPONSES AND OBJECTIONS
## TO KRISJENN'S FIRST REQUESTS FOR PRODUCTION

Longbranch hereby serves its responses and objections to KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW First Requests for Production.

Respectfully,

*/s/ Christopher S. Johns*
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

*/s/ Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com

*Attorneys for Frank Daniel Moore and
DMA Properties, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Ronald J. Smeberg<br>Charles John Muller, IV<br>MULLER SMEBERG, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john@muller-smeberg.com<br><br>*Counsel for KrisJenn Ranch, LLC,*<br>*Krisjenn Ranch, LLC, Series Uvalde*<br>*Ranch, KrisJenn Ranch, LLC, Series*<br>*Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br>jduke@dbmmlaw.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Shane P. Tobin<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>shane.p.tobin@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party-Defendant, pro se* |
| Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* | |

*/s/ Christopher S. Johns*
Christopher S. Johns

3

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Request for Production No. 1:**  Produce all documents that create or terminate Moore's general and/or limited partnership interest in Longbranch.

> **Response**: Longbranch has not identified any documents or communications responsive to this request.

**Request for Production No. 2:**  Produce all documents demonstrating that Wright stated, implied, or otherwise represented, that he "had cash on hand to fully fund the acquisition and maintenance of the right-of-way until a developer could be secured", as alleged in paragraph 22 of you Counterclaim.

> **Response**: Longbranch has produced all documents and communications with Wright related to the right-of-way that could be located after conducting a reasonably diligent search. Longbranch also identifies the following specific documents responsive to this request: LONGBRANCH 000392, 684, 694. Finally, Longbranch notes that Wright's original representations regarding his financial wherewithal were oral.

**Request for Production No. 3:**  Produce all documents demonstrating that Longbranch had prospective purchasers of the ROW other than Black Duck.

> **Response**: Longbranch did not seek out other prospective purchasers of the right-of-way prior to execution of the Longbranch Assignment, because Wright represented that he would fund the closing on the right-of-way and that he had the financial wherewithal to hold the right-of-way until a prospective buyer could be located to develop the right-of-way. Correspondingly, Longbranch has not identified any documents or communications responsive to this request.

**Request for Production No. 4:**  Produce all documents whereby Wright stated, implied, or otherwise represented that he "could fund the deal himself or maintain the right of way until a suitable developer was located", as alleged in paragraph 23 of you Counterclaim.

> **Response**: Longbranch has produced all nonprivileged documents and communications with Wright related to the right-of-way that could be located after conducting a reasonably diligent search. The representations referred to in Paragraph 23 were oral and made by Wright during conversations with Moore and/or Longbranch prior to and following execution of the Longbranch Assignment.

**Request for Production No. 5:**  Produce all documents showing that Wright "lacked the means to hold onto the right-of-way until a developer could be secured", as alleged in paragraph 23 of you Counterclaim.

4

**Response**: Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 000392, 684, 694. Longbranch also observes that Wright (through KrisJenn) took out multiple multi-million-dollar loans to finance the acquisition of the right-of-way. Wright eventually caused KrisJenn to file for bankruptcy because he could not afford to continue making interest payments on the loans he had taken out.

**Request for Production No. 6:** Produce all documents showing that you informed Wright that you did not want to enter into the Longbranch Assignment if he intended to "'flip' the right-of-way at the earliest opportunity", as alleged in paragraph 23 of you Counterclaim.

**Response**: Longbranch objects that Paragraph 23 does not allege that Longbranch "informed Wright that you did not want to enter into the Longbranch Assignment if he intended to flip the right-of-way." Notwithstanding that mischaracterization, Longbranch and Moore's conversations with Wright regarding funding of the right-of-way were oral, and as a result, Longbranch has not locate nonprivileged documents responsive to this request after conducting a reasonably diligent search.

**Request for Production No. 7:** Produce all of your email, text messages, and/or other documents with Moore regarding Black Duck's use or intended use of the ROW.

**Response**: Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 331–1120.

**Request for Production No. 8:** Produce all documents showing that you had sufficient funds or other assets to purchase the ROW.

**Response**: Longbranch objects to this request to the extent it seeks disclosure of sensitive financial documents showing the net worth and assets of Longbranch's members without a protective order, because such documents will need to be designated confidential and attorneys' eyes only. Subject to this objection, *see* LONGBRANCH 1510.

**Request for Production No. 9:** Produce all documents showing that Wright implied, or otherwise represented that he was a "wealthy man" and/or that "he could easily fund the purchase of the right-of-way using his own funds", as alleged in paragraph 29 of you Counterclaim.

**Response**: Longbranch has produced all nonprivileged documents and communications with Wright related to the right-of-way that could be located after conducting a reasonably diligent search. Longbranch also identifies the following specific documents responsive to this request: LONGBRANCH 000392, 684, 694. Finally, Longbranch notes that Wright's original representations regarding his financial wherewithal were oral.

**Request for Production No. 10:** Produce all documents showing that Wright is not a "wealthy man" and/or that he could not "easily fund the purchase of the right-of-way using his own funds", as alleged in paragraph 29 of you Counterclaim.

> **Response**: Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 000392, 684, 694. Longbranch also observes that Wright (through KrisJenn) took out multiple multi-million-dollar loans to finance the acquisition of the right-of-way. Wright eventually caused KrisJenn to file for bankruptcy because he could not afford to continue making interest payments on the loans he had taken out.

**Request for Production No. 11:** Produce all of your email, text messages, and/or other documents with Moore regarding funds that the Debtors and/or Wright loaned, or claimed to loan, to Black Duck.

> **Response**: Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. Longbranch also identifies the following specific documents responsive to this request: LONGBRANCH 000392, 684, 694.

**Request for Production No. 12:** Produce any email, text messages, and/or other documents with Moore discussing the terms of the Company Agreement of Black Duck Properties, LLC.

> **Response**: Longbranch has not yet identified any documents or communications within the production that would be responsive to this request.

**Request for Production No. 13:** Produce all of your email, text messages, and/or other documents with Moore discussing Terrill or his interest in acquiring the ROW.

> **Response**: Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 000837, 1058.

**Request for Production No. 14:** Produce all of your email, text messages, and/or other documents with Moore discussing TCRG or its interest in acquiring the ROW.

> **Response**: Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 000837, 1058.

**Request for Production No. 15:** Produce all documents showing that you recorded and/or filed notice of the Longbranch Assignment that in any and all county deed records.

**Response**: Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 001130–33.

**Request for Production No. 16:** Produce all documents showing that Terrill and/or TCRG were unaware of the Longbranch Assignment prior to the date on which TCRG purchased the ROW.

**Response**: Longbranch identifies the following nonprivileged documents as responsive to this request: DMA Resp. Mot. Summ. J. Ex. 35 (Compromise Settlement Agreement). Additionally, TCRG has already produced documents showing that TCRG and Terrill were unaware of the Longbranch Assignment prior to the date on which TCRG purchased the ROW.

**Request for Production No. 17:** Produce all documents showing that Wright informed you that "Borders and Moore would each receive 20% of the 15% carried interest for the life of the project", as alleged in paragraph 46 of the Counterclaim.

**Response**: Longbranch objects that Wright stated Longbranch and DMA would receive 20% of the carried interest only after Wright received a full payoff. Subject to that objection, Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. *See* LONGBRANCH001065, 1511.

**Request for Production No. 18:** Produce all documents showing that Wright "contradicted" any representation that "Borders and Moore would each receive 20% of the 15% carried interest for the life of the project", as alleged in paragraph 46 of the Counterclaim.

**Response**: Longbranch objects that this request is overbroad and unduly burdensome because it purports to require Longbranch to produce "all" documents. Subject to this objection, Longbranch identifies the following nonprivileged documents responsive to this request: DMA Resp. Mot. Summ. J. Ex. 31 (April 16, 2019 Email); *id.* Ex. 37 (Assignment of Note).

**Request for Production No. 19:** Produce all documents showing your representations to Terrill and/or TCRG regarding the ROW.

**Response**: Longbranch has produced all nonprivileged text messages, emails, and documents exchanged with Terrill and/or TCRG that discuss the right-of-way that could be located after conducting a reasonably diligent search. LONGBRANCH 001441–1499, 000192, 202–07, 371–80, 387–97, 498–515, 564–71, 623–35, 654–67, 668–727, 771, 816–852, 1058–65, 1121–1174, 1195–1282.

**Request for Production No. 20:** Produce all email, text messages, and/or other documents by and between you and Wright that discuss or reference the ROW.

**Response**: Longbranch has produced all nonprivileged text messages, emails, and documents exchanged with Wright that discuss the right-of-way that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 001441–1499, 000192, 202–07, 371–80, 387–97, 498–515, 564–71, 623–35, 654–67, 668–727, 771, 816–852, 1058–65, 1121–1174, 1195–1282.

**Request for Production No. 21:** Produce all email, text messages, and/or other documents by and between you and Terrill and/or TCRG that discuss the ROW.

**Response**: Longbranch has produced all nonprivileged text messages, emails, and documents exchanged with Terrill and/or TCRG that discuss the right-of-way that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 001227–1236, 1252, 1058–59, 1064, 1097, 1174.

**Request for Production No. 22:** Produce all email, text messages, and/or other documents by and between you and DMA and/or Moore that discuss or reference your interest in the ROW.

**Response**: Longbranch has produced all nonprivileged documents and communications responsive to this request that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 331–1120, 1500–09.

**Request for Production No. 23:** Produce all documents showing that Wright made false statements to you.

**Response**: Longbranch objects that this request is overbroad and unduly burdensome because it asks about "all" false statements, as opposed to false statements related to the claims and defenses pending in this case. Subject to this objection, Longbranch identifies the following nonprivileged documents responsive to this request: LONGBRANCH 001441–1499, 000192, 202–07, 371–80, 387–97, 498–515, 564–71, 623–35, 654–67, 668–727, 771, 816–852, 1058–65, 1121–1174, 1195–1282.

**Request for Production No. 24:** Produce all documents showing the damages you incurred as a result of the allegations made in your Counterclaim.

**Response**: Longbranch's damages are explained at length in its disclosures and are calculated based on (a) the amounts paid by TCRG for the right-of-way; (b) the amounts paid by KrisJenn to TCRG; and (c) valuations of the right-of-way offered by prospective purchasers. *See* Longbranch Disclosures. Additionally, Longbranch identifies the following nonprivileged documents in its production reflecting the value of the right-of-way and the related value of Longbranch's net-profits interest: LONGBRANCH 000384, 670, 1059.

# EXHIBIT C

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § | CHAPTER 11 |
| | § | |
| KrisJenn Ranch, LLC, | § | |
| | § | |
| *Debtor* | § | CASE NO. 20-50805 |
| | § | |
| | § | |

---

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC, | § § § § § | |
| | § | ADVERSARY NO. 20-05027 |
| *Plaintiffs*, | § § | |
| v. | § § | |
| DMA Properties, Inc. and Longbranch Energy, LP, | § § § | |
| | § | |
| *Defendants*. | § | |

---

| | | |
|---|---|---|
| DMA Properties, Inc., | § | |
| | § | |
| *Cross-Plaintiff/Third-Party Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, Black Duck Properties, LLC, Larry Wright, and John Terrill, | § § § § § § | ADVERSARY NO. 20-05027 |
| | § | |
| *Cross-Defendants/Third-Party Defendants* | § § | |
| | § | |

1

## LONGBRANCH'S RESPONSES AND OBJECTIONS
## TO KRISJENN'S FIRST SET OF INTERROGATORIES

Longbranch hereby serves its responses and objections to KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW First Set of Interrogatories.

Respectfully,

/s/ Christopher S. Johns
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

/s/ Timothy Cleveland
Timothy Cleveland
State Bar No. 24055318
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com

*Attorneys for Longbranch Energy*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Ronald J. Smeberg<br>Charles John Muller, IV<br>MULLER SMEBERG, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john@muller-smeberg.com<br><br>*Counsel for KrisJenn Ranch, LLC,*<br>*Krisjenn Ranch, LLC, Series Uvalde*<br>*Ranch, KrisJenn Ranch, LLC, Series*<br>*Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br>jduke@dbmmlaw.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Shane P. Tobin<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>shane.p.tobin@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party-Defendant, pro se* |
| Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* | |

*/s/ Christopher S. Johns*
Christopher S. Johns

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:** Identify all current and former general and/or limited partners of Longbranch by providing their full legal name, percentage of ownership, and date on which they first became a general and/or limited partner.

> **Response**: Longbranch objects that this interrogatory is overbroad and unduly burdensome because the information requested is not relevant to any of the parties' pending claims or defenses. Subject to these objections, Darin Borders, Inc. is the general partner of Longbranch and became so upon the formation of Longbranch on November 29, 2006. Darin Borders is a limited partner and became so on formation. Borders believes that the limited partner owns 99% and the general partner owns 1%.

**Interrogatory No. 2:** Identify all statements made by Wright whereby he stated, implied, or otherwise represented that he "had cash on hand to fully fund the acquisition and maintenance of the right-of-way until a developer could be secured", as alleged in paragraph 22 of you Counterclaim, by providing:

a. If made orally, the date and substance of the representations; and
b. If made in writing, the identity of the document containing the representations.

> **Response**: Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to marshal "all" facts in advance of trial. Subject to these objections, Longbranch states that between February 2016 and June 2016, Wright repeatedly represented that he could fund the closing on the right-of-way and that he had the financial wherewithal to allow Black Duck to hold onto the right-of-way until a purchaser could be located to develop the right-of-way. Wright also made similar representations after Longbranch executed the Longbranch Assignment in June 2016. Because the representations were predominately oral, Longbranch is unsure of the exact date of the representations.

**Interrogatory No. 3:** Provide the full legal name and phone number of any prospective purchasers of the ROW that were known to you prior to the execution of the Longbranch Assignment.

> **Response**: When Moore and Borders secured the right to purchase the right-of-way for $5 million through Longbranch, Longbranch understood that Moore would be in charge of any attempts to contact prospective purchasers. However, soon after Longbranch executed the Purchase Agreement, Wright represented that he would provide the funds to close on the right-of-way.

**Interrogatory No. 4:** Identify all statements made by Wright whereby he stated, implied, or otherwise represented that he "could fund the deal himself or maintain the right of way until a suitable developer was located", as alleged in paragraph 23 of you Counterclaim, by providing:

a. If made orally, the date and substance of the representations; and

4

b. If made in writing, the identity of the document containing the representations.

> **Response**: Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to marshal "all" facts in advance of trial. Subject to these objections, Longbranch states that between February 2016 and June 2016, Wright repeatedly represented that he could fund the closing on the right-of-way and that he had the financial wherewithal to allow Black Duck to hold onto the right-of-way until a purchaser could be located to develop the right-of-way. Because the representations were oral, Longbranch is unsure of the exact date of the representations.

**Interrogatory No. 5:** Identify all facts supporting your contention that Wright "lacked the means to hold onto the right-of-way until a developer could be secured", as alleged in paragraph 23 of you Counterclaim.

> **Response**: Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to marshal "all" facts in advance of trial. Subject to these objections, after Longbranch executed the Longbranch assignment, Wright began urging Longbranch and Moore to find a buyer for the right-of-way before closing on the right-of-way—pushing to flip the option. Wright grew frustrated when no buyer was secured before closing and pushed off the closing date at least once. Longbranch only learned much later that Wright (through KrisJenn) took out multiple multi-million-dollar loans to finance the acquisition of the right-of-way. Wright also eventually caused KrisJenn to file for bankruptcy because he could not afford to continue making interest payments on the loans he had taken out.

**Interrogatory No. 6:** Identify any oral or written representations that you made to Wright which informed him that you did not want to enter into the Longbranch Assignment if he intended to "'flip' the right-of-way at the earliest opportunity", as alleged in paragraph 23 of you Counterclaim, by providing:

a. If made orally, the date and substance of the representations; and
b. If made in writing, the identity of the document containing the representations.

> **Response**: Before executing the Longbranch Assignment, between February 2016 and June 2016, Longbranch repeatedly told Wright that it did not want to just "flip" the right-of-way. These conversations between Wright and Longbranch and/or Moore were oral. Longbranch only agreed to include Wright on the right-of-way deal in the first place because Wright represented that he had the wherewithal to hold the right-of-way until a suitable buyer came along. If Longbranch had known that Wright lacked the means to hold on to the right-of-way and just intended to flip it at the earliest opportunity, Longbranch would not have assigned the Purchase Agreement to Black Duck.

**Interrogatory No. 7:** Identify the date and means by which you first learned that Wright intended to "'flip' the right-of-way at the earliest opportunity", as alleged in paragraph 23 of you Counterclaim.

> **Response**: Longbranch gradually became aware that Wright lacked the ability to hold the right-of-way and that he intended to flip it. Longbranch first began to suspect that Wright intended to flip the right-of-way between June 2016 and August 2017. During that period, Wright repeatedly suggested that he wanted to deal the right-of-way before Black Duck had actually closed on it.

**Interrogatory No. 8:** Identify all the reasons why you did not purchase the ROW.

> **Response**: Longbranch did not purchase the right-of-way because Wright represented that he would fund the closing on the right-of-way and that he had the financial wherewithal to allow Black Duck to hold the right-of-way until a purchaser could be located to develop it.

**Interrogatory No. 9:** Identify all statements made by Wright whereby he stated, implied, or otherwise represented that he was a "wealthy man" and/or that "he could easily fund the purchase of the right-of-way using his own funds", as alleged in paragraph 29 of you Counterclaim, by providing:

a. If made orally, the date and substance of the representation; and
b. If made in writing, the identity of the document containing the representation.

> **Response**: Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to marshal "all" facts in advance of trial. Subject to these objections, Longbranch states that between February 2016 and June 2016, Wright repeatedly represented that he could fund the closing on the right-of-way and that he had the financial wherewithal to allow Black Duck to hold onto the right-of-way until a purchaser could be located to develop the right-of-way. Wright also made similar representations after Longbranch executed the Longbranch Assignment in June 2016. Because the representations were oral, Longbranch is unsure of the exact date of the representations.

**Interrogatory No. 10:** Identify all facts supporting your contention that Wright is not a "wealthy man" and/or that he could not "easily fund the purchase of the right-of-way using his own funds", as alleged in paragraph 29 of you Counterclaim.

> **Response**: Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to marshal "all" facts in advance of trial. Subject to these objections, Longbranch states that Wright (through KrisJenn) took out multiple multi-million-dollar loans to fund the purchase of the right-of-way and then caused KrisJenn to declare bankruptcy, in part, because he could not afford the interest payments on the loans.

**Interrogatory No. 11:** Identify the date and means by which you first learned that KrisJenn Ranch had loaned money to Black Duck as alleged in paragraph 30 of your Counterclaim.

> **Response**: Longbranch learned that KrisJenn claimed it had loaned money to Black Duck on or about June 25, 2019 when Longbranch mediated with Wright and Moore.

**Interrogatory No. 12:** Identify the date on which you first read or otherwise reviewed the Company Agreement of Black Duck Properties, LLC.

> **Response**: Longbranch has never read or reviewed the Company Agreement of Black Duck Properties, LLC.

**Interrogatory No. 13:** Was Wright required to give you prior notice of Black Duck's intent to sell the ROW to TCRG and, if so, why?

> **Response**: No, Wright was not required to give Longbranch prior notice that Black Duck intended to sell the right-of-way.

**Interrogatory No. 14:** Was Wright required to allow you to participate in the negotiations and/or sale of the ROW to TCRG and, if so, why?

> **Response**: No, Wright was not required to allow Longbranch to participate in negotiations with TCRG.

**Interrogatory No. 15:** Identify any documents that record and/or provide notice of the Longbranch Assignment that were filed in any and all county deed records, by providing the name of the county as well as the volume, page, and date of such filings.

> **Response**: The Longbranch Assignment was recorded in Shelby County on October 2, 2017 along with a signed statement by Darin Borders as the President of Darin Borders, Inc., the general partner for Longbranch. The instrument number for that document is 2017003322.

**Interrogatory No. 16:** Identify all facts supporting your contention that Terrill and/or TCRG were unaware of the Longbranch Assignment prior to the date on which TCRG purchased the ROW.

> **Response**: Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to marshal "all" facts in advance of trial. Subject to this objection, Longbranch states that Wright introduced Terrill to Borders on April 4, 2018 as the new owner of the right-of-way. During lunch with Terrill and Wright, the Longbranch Assignment was not mentioned. After lunch, when Terrill was riding in Borders's truck, Borders mentioned the Longbranch Assignment. Terrill indicated that the conversation was the first that he had heard of the Longbranch

Assignment. Subsequently, Borders learned from Moore that the right-of-way deal had closed and that Terrill had first learned of Longbranch's interest on April 4, 2018. Additionally, TCRG and Wright executed a settlement agreement on November 11, 2019, which states that TCRG accused Black Duck and TCRG of failing to disclose Longbranch's interest in the right-of-way and threatened to sue Black Duck, Wright, and KrisJenn.

**Interrogatory No. 17:** Identify the date and means by which Wright informed you that "Borders and Moore would each receive 20% of the 15% carried interest for the life of the project", as alleged in paragraph 46 of the Counterclaim, by providing:

a. If made orally, the date and substance of the representations; and
b. If made in writing, the identity of the document containing the representations.

> **Response**: Longbranch emailed Wright in April 2018 to request documents related to TCRG's closing on the right-of-way. Wright then responded to that email and made the statement alleged in Paragraph 46. *See* Longbranch001065.

**Interrogatory No. 18:** Identify all representations or other actions whereby Wright "contradicted" any representation that "Borders and Moore would each receive 20% of the 15% carried interest for the life of the project", as alleged in paragraph 46 of the Counterclaim.

> **Response**: Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to marshal "all" facts in advance of trial. Subject to this objection, Longbranch states that Wright contradicted his representation when he threatened to "kill the 20% each of you own" in an email sent to Longbranch on April 16, 2019. Wright also contradicted his representation by executing an assignment (dated October 12, 2018) based on KrisJenn's alleged "foreclosure" on Black Duck's interest in the Express Gas Pipeline.

**Interrogatory No. 19:** Identify all representations you made to Terrill and/or TCRG regarding your interest in the ROW, by providing:

a. If made orally, the date and substance of the representation;
b. If made in writing, the identity of the document containing the representation; and

> **Response**: After Longbranch learned on April 4, 2018 that Terrill was the purported new owner of the right-of-way, Longbranch orally informed Terrill of its 20% net-profits interest in the right-of-way and explained that Longbranch's interest attaches and runs with the right-of-way. Longbranch also made subsequent oral representations to the same effect. Because the representations were oral, Longbranch is not sure of the date of each and every representation. Additionally, to the extent that the representations were made in an email, KrisJenn already has access to those emails because they have been produced by TCRG, and Longbranch objects that the burden of identifying emails between Borders

8

and TCRG is substantially the same on both parties. Subject to those objections, Longbranch identifies the following responsive documents: LONGBRANCH 001227–1236, 1252, 1058–59, 1064, 1097, 1174.

**Interrogatory No. 20:** Identify all email, text messages, and/or other documents by and between you and Wright that discuss or reference your interest in the ROW.

> **Response**: Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to individually identify "all" documents exchanged with Wright. There are many such documents and communications, and the burden in identifying those already-produced documents is substantially the same for both parties. Subject to these objections, Longbranch reiterates that it has already produced all text messages, emails, and documents exchanged with Wright that discuss the right-of-way that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 001441–1499, 000192, 202–07, 371–80, 387–97, 498–515, 564–71, 623–35, 654–67, 668–727, 771, 816–852, 1058–65, 1121–1174, 1195–1282.

**Interrogatory No. 21:** Identify all email, text messages, and/or other documents by and between you and Terrill and/or TCRG that discuss or reference your interest in the ROW.

> **Response**: Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to individually identify "all" documents exchanged with Terrill and/or TCRG. TCRG has already produced all such documents, and the burden in identifying responsive documents in that production is substantially the same for both parties. Subject to these objections, Longbranch has produced all text messages, emails, and documents exchanged with Terrill/TCRG that discuss the right-of-way that could be located after conducting a reasonably diligent search. *See* LONGBRANCH 001227–1236, 1252, 1058–59, 1064, 1097, 1174.

**Interrogatory No. 22:** Identify all email, text messages, and/or other documents by and between you and DMA and/or Moore that discuss or reference your interest in the ROW.

> **Response**: Longbranch objects that this interrogatory is overbroad and unduly burdensome because it purports to require Longbranch to individually identify "all" documents exchanged with Moore. There are many such documents and communications, and the burden in identifying those already-produced documents is substantially the same for both parties. Subject to these objections, *See, e.g.,* LONGBRANCH 001441–1499, 000192, 202–07, 371–80, 387–97, 498–515, 564–71, 623–35, 654–67, 668–727, 771, 816–852, 1058–65, 1121–1174, 1195–1282.

**Interrogatory No. 23:** Identify all email, text messages, and/or other documents between you and Moore created after January 1, 2017 that have been deleted, discarded, or otherwise lost.

**Response**: Longbranch objects that this request is overbroad and unduly burdensome because it requests all documents and communications exchanged by Moore without regard to whether they relate to this case or not. Subject to this objection, Longbranch answers that Darin Borders's current phone only contains text messages dating back to February 2017, and Longbranch has not been able to locate text messages predating February 2017.

**Interrogatory No. 24:** Identify all representations made by Debtors or Wright that support your contention that Wright committed fraud, as alleged in Claim 4 and/or 5 of the Counterclaim, by providing:

c. The full legal name of the person who made the false representation;
d. If made orally, the date and substance of the false representation; and
e. If made in writing, the identity of the document containing the false representation.

**Response**: Between February 2016 and April 2016, Wright repeatedly represented to Longbranch and Moore that he had the financial wherewithal to fund, acquire, and maintain the right-of-way until a suitable developer could be located. Wright made these representations orally on multiple occasions to convince Longbranch and Moore to include Wright in the deal and to assign the Purchase Agreement to Black Duck. Because the representations were oral, Longbranch is unsure of the exact date on which the representations were made. Additionally, in conversation and via email on April 4, 2018, Wright represented that he had disclosed to Terrill both Longbranch's interest and DMA's interest in the right-of way. Finally, Wright represented that Longbranch received a 20% net-profits interest in the right-of-way in exchange for assigning the Purchase Agreement to Black Duck, but Wright subsequently refused to honor or recognize Longbranch's interest.

**Interrogatory No. 25:** Identify the damages you incurred as a result of the allegations made in your Counterclaim, by providing:

a. The amount of such damages, in dollars and cents; and
b. The method of calculating such damages.

**Response**: Longbranch has identified its damages at length in its disclosures, *see* Longbranch Disclosures, and incorporates its disclosures by reference in response to this interrogatory.

EXHIBIT D

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § | |
| | § | CHAPTER 11 |
| KrisJenn Ranch, LLC, | § | |
| | § | |
| *Debtor* | § | CASE NO. 20-50805 |
| | § | |
| | § | |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC, | § § § § § | |
| | § | ADVERSARY NO. 20-05027 |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| DMA Properties, Inc. and Longbranch Energy, LP, | § § | |
| | § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| DMA Properties, Inc., | § | |
| | § | |
| *Cross-Plaintiff/Third-Party Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, Black Duck Properties, LLC, Larry Wright, and John Terrill, | § § § § § § | ADVERSARY NO. 20-05027 |
| | § | |
| *Cross-Defendants/Third-Party Defendants* | § § | |
| | § | |

1

## DMA's RESPONSES AND OBJECTIONS
## TO KRISJENN'S FIRST REQUESTS FOR ADMISSIONS

DMA hereby serves its responses and objections to KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW First Requests for Admissions.

Respectfully,

*/s/ Christopher S. Johns*
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

*/s/ Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com

*Attorneys for Frank Daniel Moore and
DMA Properties, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Ronald J. Smeberg<br>Charles John Muller, IV<br>MULLER SMEBERG, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john@muller-smeberg.com<br><br>*Counsel for KrisJenn Ranch, LLC,*<br>*Krisjenn Ranch, LLC, Series Uvalde*<br>*Ranch, KrisJenn Ranch, LLC, Series*<br>*Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br>jduke@dbmmlaw.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Shane P. Tobin<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>shane.p.tobin@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party-Defendant, pro se* |
| Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* | |

*/s/ Christopher S. Johns*
Christopher S. Johns

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS

**Request for Admission No. 1:** Admit that Wright told you that you would receive 20% of Black Duck's 15% interest for the life of the TCRG project.

**Response**: Deny.

**Request for Admission No. 2:** Admit that you told TCRG that you had an interest in the ROW that ran with the land.

**Response**: Admit.

**Request for Admission No. 3:** Admit that you told TCRG that you had a net profits agreement in the ROW.

**Response**: DMA objects that the phrase "net profits agreement in the ROW" is ambiguous. DMA construes "net profits agreement in the ROW" as meaning a net profits agreement that conveyed to DMA a net-profits interest that attaches and runs with the ROW. Based on that construction and interpretation of the ambiguous phrase, admit.

**Request for Admission No. 4:** Admit that you told TCRG that you had a net profits agreement in the pipeline.

**Response**: DMA objects that the phrase "net profits agreement in the pipeline" is ambiguous. DMA construes "net profits agreement in the pipeline" as meaning a net profits agreement that conveyed to DMA a net-profits interest that attaches and runs with the ROW and related pipeline facilities. Based on that construction and interpretation of the ambiguous phrase, admit.

**Request for Admission No. 5:** Admit that told TCRG that your net profits interest was a real covenant.

**Response**: Admit.

**Request for Admission No. 6:** Admit that you told TCRG that your net profits interest was a personal covenant.

**Response**: Deny.

**Request for Admission No. 7:** Admit that you told TCRG that Wright had made false statements to it regarding the ROW.

**Response**: Admitted that DMA told TCRG it has a net-profits interest that attaches and runs with the right-of-way, which implies that any contrary representations by Wright were false. Otherwise, denied.

**Request for Admission No. 8:** Admit that you told TCRG that Wright had made false statements to it regarding the Pipeline.

**Response**: DMA objects that the word "Pipeline" is unambiguous when taken in context of the relevant agreements. DMA construes "Pipeline" to mean the right-of-way and related pipeline facilities. Under that construction, admitted that DMA told TCRG it has a net-profits interest that attaches and runs with the right-of-way, which implies that any contrary representations by Wright were false. Otherwise, denied.

# EXHIBIT E

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § | CHAPTER 11 |
| | § | |
| KrisJenn Ranch, LLC, | § | |
| | § | |
| *Debtor* | § | CASE NO. 20-50805 |
| | § | |
| | § | |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC, | § § § § § | |
| | § | ADVERSARY NO. 20-05027 |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| DMA Properties, Inc. and Longbranch Energy, LP, | § § | |
| | § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| DMA Properties, Inc., | § | |
| | § | |
| *Cross-Plaintiff/Third-Party Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, Black Duck Properties, LLC, Larry Wright, and John Terrill, | § § § § § | ADVERSARY NO. 20-05027 |
| | § | |
| *Cross-Defendants/Third-Party Defendants* | § § | |
| | § | |

1

**MOORE'S RESPONSES AND OBJECTIONS**
**TO KRISJENN'S FIRST REQUESTS FOR ADMISSIONS**

Moore hereby serves his responses and objections to KrisJenn Ranch, LLC, KrisJenn

Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW First

Requests for Admissions.

Respectfully,

*/s/ Christopher S. Johns*
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

*/s/ Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com

*Attorneys for Frank Daniel Moore and*
*DMA Properties, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Ronald J. Smeberg<br>Charles John Muller, IV<br>MULLER SMEBERG, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john@muller-smeberg.com<br><br>*Counsel for KrisJenn Ranch, LLC,*<br>*Krisjenn Ranch, LLC, Series Uvalde*<br>*Ranch, KrisJenn Ranch, LLC, Series*<br>*Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br>jduke@dbmmlaw.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Shane P. Tobin<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>shane.p.tobin@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party-Defendant, pro se* |
| Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* | |

*/s/ Christopher S. Johns*
Christopher S. Johns

3

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS

**Request for Admission No. 1:** Admit that Wright told you that you would receive 20%
of Black Duck's 15% interest for the life of the TCRG project.

**Response**: Deny.

**Request for Admission No. 2:** Admit that you told TCRG that you had an interest in the ROW
that ran with the land.

**Response**: Admit.

**Request for Admission No. 3:** Admit that you told TCRG that you had a net profits agreement
in the ROW.

**Response**: Moore objects that the phrase "net profits agreement in the ROW" is
ambiguous. Moore construes "net profits agreement in the ROW" as meaning a net profits
agreement that conveyed to DMA a net-profits interest that attaches and runs with the
ROW. Based on that construction and interpretation of the ambiguous phrase, admit.

**Request for Admission No. 4:** Admit that you told TCRG that you had a net profits agreement
in the pipeline.

**Response**: Moore objects that the phrase "net profits agreement in the pipeline" is
ambiguous. Moore construes "net profits agreement in the pipeline" as meaning a net
profits agreement that conveyed to DMA a net-profits interest that attaches and runs with
the ROW and related pipeline facilities. Based on that construction and interpretation of
the ambiguous phrase, admit.

**Request for Admission No. 5:** Admit that told TCRG that your net profits interest was a real
covenant.

**Response**: Admit.

**Request for Admission No. 6:** Admit that you told TCRG that your net profits interest was a
personal covenant.

**Response**: Deny.

**Request for Admission No. 7:** Admit that you told TCRG that Wright had made false
statements to it regarding the ROW.

4

**Response**: Admitted that Moore told TCRG that DMA has a net-profits interest that attaches and runs with the right-of-way, which implies that any contrary representations by Wright were false. Otherwise, denied.

**Request for Admission No. 8:** Admit that you told TCRG that Wright had made false statements to it regarding the Pipeline.

**Response**: Moore objects that the word "Pipeline" is unambiguous when taken in context of the relevant agreements. Moore construes "Pipeline" to mean the right-of-way and related pipeline facilities. Under that construction, admitted that Moore told TCRG that DMA has a net-profits interest that attaches and runs with the right-of-way, which implies that any contrary representations by Wright were false. Otherwise, denied.