# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § | |
| | § | CHAPTER 11 |
| KrisJenn Ranch, LLC, | § | |
| | § | |
| *Debtor* | § | CASE NO. 20-50805 |
| | § | |
| | § | |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC, | § §  § § § | |
| | § | ADVERSARY NO. 20-05027 |
| *Plaintiffs*, | § § | |
| v. | § § | |
| DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP, | § § § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP, | § § § | |
| *Counterplaintiffs,* | § § | |
| v. | § § | |
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, Black Duck Properties, LLC, Larry Wright, | § § § § § | ADVERSARY NO. 20-05027 |
| *Counterdefendants.* | § § | |

**DMA, MOORE, AND LONGBRANCH'S RESPONSE IN OPPOSITION
TO KRISJENN'S MOTION TO COMPEL**

DMA Properties, Inc., Longbranch, and Frank Daniel Moore (collectively,
"Counterplaintiffs") respectfully oppose KrisJenn's motion to compel. KrisJenn's motion
addresses several issues:

(1)  discovery with respect to a third party, TCRG East Texas
Pipeline 1, LLC;

(2)  Moore and DMA's objections to KrisJenn's interrogatories;

(3)  privilege objections raised by Longbranch during the
deposition of Darin Borders;

(4)  Longbranch, Moore, and DMA's objections to KrisJenn's
requests for admission; and

(5)  objections raised by Longbranch with respect to KrisJenn's
interrogatories and requests for admission.

Counterplaintiffs address each issue in turn.

**I.     The TCRG Subpoena**

On October 15, 2020, KrisJenn asserted a claim for tortious interference with contract,
alleging that Counterplaintiffs interfered with a potential sale to a third party (TCRG).
Counterplaintiffs then sought discovery from TCRG regarding the factual basis for the
counterclaims.

At a hearing before this Court on November 2, TCRG stated that it would produce the
responsive documents to Counterplaintiffs by late November, so long as it did not have to create
a privilege log. TCRG also agreed to sit for a deposition within the remaining discovery period.
TCRG complied and produced documents to Counterplaintiffs on November 25 and
December 3, 2020.

KrisJenn now claims that DMA "secretly agreed to withdraw its subpoena" if TCRG
would produce documents. That's simply not true. TCRG agreed to produce documents

responsive to the subpoena at the November 2 hearing. After receiving the documents, Counterplaintiffs determined that they could streamline the issues for trial and forgo a deposition of TCRG if TCRG would execute a business records affidavit. TCRG agreed to do so.

It is Counterplaintiffs' understanding that KrisJenn has now contacted TCRG and asked TCRG to supply the documents produced in response to the subpoena. TCRG objected, and KrisJenn filed this motion to compel on Friday, December 18—one business day before the hearing. In light of TCRG's objections to production of the documents and given the fact that the parties were unable to confer on this issue, Counterplaintiffs believe this issue should be addressed during the hearing, so that TCRG may properly raise its objections with the Court.

## II.     DMA and Moore complied with the Court's prior discovery order.

At the same hearing on November 2, this Court held a hearing on KrisJenn's motion to compel discovery responses. At the hearing, DMA and Moore represented that they would be willing to withdraw their objections to KrisJenn's requests for *production* because DMA and Moore were already in the process of producing all documents responsive to the requests. DMA and Moore supplemented their production as promised.

The Court did not address DMA and Moore's objections to KrisJenn's interrogatories, nor did KrisJenn present argument regarding its interrogatory objections during the hearing. In this context, DMA and Moore strongly disagree with KrisJenn's assertion that DMA and Moore withdrew interrogatory objections during the November 2 hearing. And because KrisJenn has not put forward any other argument on this issue, KrisJenn has failed to carry its burden of persuasion, and DMA and Moore respectfully request that the Court deny KrisJenn's motion on this point.

## III.     Longbranch properly objected on the basis of attorney-client privilege during the deposition of Darin Borders.

On December 16, KrisJenn deposed Darin Borders. During the deposition, KrisJenn repeatedly asked about communications between Mr. Borders and George Pigg. Mr. Pigg is an

attorney who assisted in drafting the Longbranch Assignment. Because Mr. Pigg was acting as an attorney for Border's entity (Longbranch Energy, LP) when the assignment was drafted, Longbranch's counsel objected on the basis of attorney-client privilege.

KrisJenn now seeks to compel Borders to testify as to his communications with Mr. Pigg because, according to KrisJenn, "Pigg represented both parties" and "it was Black Duck that paid his invoices."

Respectfully, Longbranch disagrees. As counsel clarified with Mr. Borders after the deposition, Mr. Pigg represented Longbranch in connection with the Longbranch Assignment, not Black Duck, and Mr. Pigg's invoices for time spent drafting the Longbranch Assignment were paid by Longbranch—not by Black Duck, as KrisJenn claims. Prior to drafting the Longbranch Assignment, Mr. Pigg also advised Longbranch with respect to Longbranch's original acquisition of the option to purchase the right of way from Express Pipeline Connection, before Black Duck even became involved in the deal. While it is true that Mr. Pigg later provided legal services to Black Duck in connection with other matters, that subsequent activity has little bearing on whether Mr. Pigg was serving as Longbranch's attorney in connection with the Longbranch Assignment.

In short, Borders's communications with Mr. Pigg are protected by attorney-client privilege because Mr. Pigg represented Longbranch in connection with the Longbranch Assignment, not Black Duck. Longbranch thus respectfully requests the Court deny KrisJenn's motion to compel additional testimony from Longbranch and sustain Longbranch's assertion of attorney-client privilege.

IV. **DMA, Moore, and Longbranch properly objected to KrisJenn's ambiguous requests for admission.**

KrisJenn argues that DMA, Moore, and Longbranch improperly objected that KrisJenn's requests for admission are ambiguous. However, KrisJenn's motion does not actually explain why the objections are improper, and as a result, DMA, Moore, and Longbranch do not know why KrisJenn believes the objections are improper. Since KrisJenn

4

has not carried its burden of persuasion, the Court should overrule KrisJenn's motion with respect to this issue.

### V.      Longbranch's other discovery objections are proper.

KrisJenn also argues that Longbranch improperly objected that some interrogatories and requests for production were overbroad and unduly burdensome. But instead of examining the specific, detailed objections that Longbranch provided, KrisJenn just lists discovery requests, and then claims all objections should be overruled.

As the movant, KrisJenn bears "a burden to specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including explaining . . . how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request." *Samsung Elec. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 600 (N.D. Tex. 2017). Because KrisJenn has not done so, it has failed to carry its burden of persuasion here, and the Court should overrule KrisJenn's motion to compel overrule Longbranch's discovery objections.

KrisJenn also complains that Longbranch objected to several interrogatories that purported to require Longbranch to marshal "all facts" in advance of trial. Yet those objections are proper. Courts in the Western District of Texas have held that parties should not seek exhaustive factual narratives through interrogatory responses—such information should instead be sought through depositions. *See, e.g.*, *Cannata v. Catholic Diocese of Austin St. John Neumann Catholic Church*, 2011 WL 221692, at *1–2 (W.D. Tex. Jan. 21, 2011) (denying motion to compel more detailed responses because "interrogatories are not intended to take the place of depositions."). Additionally, after noting its valid objections, Longbranch provided substantive answers to all of these interrogatories. Because Longbranch's objections were valid and because Longbranch has already provided appropriate answers, the Court should deny KrisJenn's motion on this point.

5

**VI.    KrisJenn is not entitled to fees because its motion lacks merit and KrisJenn failed to confer.**

KrisJenn first sought to confer regarding this motion on December 17, by emailing counsel late in the evening. KrisJenn then filed its motion on December 18, before the parties had any chance to confer. Rule 37 does not allow for an award of fees in such circumstances. *See* FED. R. CIV. P. 37(a)(5) (stating courts must not award monetary sanctions if the movant filed the motion "before attempting in good faith to obtain the disclosure or discovery without court action" or if "other circumstances make an award of expenses unjust").

## CONCLUSION

Despite KrisJenn's attempts to manufacture a discovery dispute in advance of trial, the reality is that DMA, Moore, and Longbranch have all complied with their discovery obligations. DMA, Moore, and Longbranch therefore respectfully request the Court deny KrisJenn's motion to compel.

Respectfully submitted,

/s/ Christopher S. Johns
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

/s/ Timothy Cleveland
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
akrist@clevelandterrazas.com

*Attorneys for Frank Daniel Moore,*
*DMA Properties, Inc., and Longbranch*
*Energy, LP*

Natalie F. Wilson
State Bar No. 24076779
LANGLEY & BANACK
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

7

Andrew R. Seger
State Bar No. 24046815
KEY TERRELL & SEGER
4825 50th Street, Suite A
Lubbock, Texas 79414
806-793-1906
806-792-2135 fax
aseger@thesegerfirm.com

*Attorneys for Frank Daniel Moore,*
*DMA Properties, Inc.*

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, TX 78209
mblack@burnsandblack.com

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, TX 77494
jduke@dbmmlaw.com

*Counsel for Longbranch Energy, LP*

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2020 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Ronald J. Smeberg<br>Charles John Muller, IV<br>MULLER SMEBERG, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john@muller-smeberg.com<br><br>*Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, KrisJenn Ranch, LLC, Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br>jduke@dbmmlaw.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Shane P. Tobin<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>shane.p.tobin@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party-Defendant, pro se* |
| Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* | |

/s/ Christopher S. Johns
Christopher S. Johns