IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § § | CHAPTER 11 |
| KrisJenn Ranch, LLC, | § § | |
| *Debtor* | § § § § | CASE NO. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC, | § § § § § § § | |
| *Plaintiffs*, | § § | ADVERSARY NO. 20-05027 |
| v. | § § | |
| DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP, | § § § § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP, | § § § | |
| *Counterplaintiffs*, | § § | |
| v. | § § | |
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, Black Duck Properties, LLC, Larry Wright, | § § § § § | ADVERSARY NO. 20-05027 |
| *Counterdefendants*. | § § § | |

# DMA AND MOORE'S ANSWER
# TO KRISJENN'S SECOND AMENDED ADVERSARY COMPLAINT

DMA Properties, Inc. and Frank Daniel Moore (collectively, "DMA") answer as follows:

## SUMMARY

1. This paragraph summarizes other factual allegations set forth individually in subsequent paragraphs of KrisJenn's adversary complaint. (DMA hereinafter collectively refers to KrisJenn and its series as "KrisJenn"). DMA addresses those factual allegations below. To the extent this paragraph sets forth any additional allegations not contained elsewhere in Plaintiffs' complaint, denied.

2. This paragraph summarizes other factual allegations set forth individually in subsequent paragraphs of Plaintiff's adversary complaint. DMA addresses those factual allegations below. To the extent this paragraph sets forth any additional allegations not contained elsewhere in KrisJenn's complaint, denied.

3. This paragraph summarizes other factual allegations set forth individually in subsequent paragraphs of KrisJenn's adversary complaint. DMA addresses those factual allegations below. To the extent this paragraph sets forth any additional allegations not contained elsewhere in KrisJenn's complaint, denied.

4. This paragraph summarizes other factual allegations set forth individually in subsequent paragraphs of KrisJenn's adversary complaint. DMA addresses those factual allegations below. To the extent this paragraph sets forth any additional allegations not contained elsewhere in KrisJenn's complaint, denied.

5. Admitted that KrisJenn Ranch, LLC repurchased the Pipeline from TCRG "using one of its series, KrisJenn Ranch, LLC-Series Pipeline ROW." Admitted that KrisJenn took out a loan from McLeod. To the extent this paragraph sets forth any other allegations, denied.

6. Admitted that the parties seek a declaration regarding their interests in the

right-of-way. To the extent this paragraph sets forth any other allegations, denied.

7. Denied.

## JURISDICTION AND VENUE

8. Admitted.

9. Admitted that this Court has jurisdiction over the claims asserted in KrisJenn's adversary complaint. To the extent this paragraph sets forth any other allegations, denied.

10. Admitted that this proceeding is a core proceeding. To the extent this paragraph sets forth any other allegations, denied.

11. Admitted that KrisJenn's claims concern the property of KrisJenn Ranch, LLC–Series Pipeline ROW ("KrisJenn–Pipeline ROW"). The remainder of this paragraph is denied.

12. The cited case law speaks for itself. To the extent this paragraph sets forth any other allegations, denied.

13. DMA lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph.

## PARTIES

14. Admitted.

15. Admitted that DMA is a party to this case.

16. Admitted that Longbranch is a party to this case. To the extent this paragraph sets forth any other allegations, denied.

## BACKGROUND

17. Denied.

18. Denied.

19. Denied.

20. Admitted that on or about February 19, 2016, Longbranch entered an agreement securing a right to purchase the pipeline right-of-way. To the extent this paragraph

sets forth any other allegations, denied.

21. Admitted that Longbranch assigned its right to purchase the pipeline right-of-way to Black Duck. To the extent this paragraph sets forth any other allegations, denied.

22. Admitted that Black Duck closed on the pipeline right-of-way on or about August 11, 2017. To the extent this paragraph sets forth any other allegations, denied.

23. The Longbranch Assignment speaks for itself. To the extent the quoted text diverges from the actual text of the Longbranch Assignment, denied.

24. Admitted that Black Duck conveyed to DMA a net-profits interest in the pipeline right-of-way on the same terms extended to Longbranch. Admitted that this paragraph appears to accurately quote the language of a formal document dated February 7, 2018, which memorialized the terms of the assignment. To the extent this paragraph sets forth any other allegations, denied.

25. Admitted that Black Duck sold the pipeline right-of-way to TCRG East Texas Pipeline 1, LLC in 2018. Admitted that Black Duck sold the right-of-way for $2.5 million and a 16% carried interest in a future TCRG waterline. Admitted that the aggregate, projected profit was at least $48,000 per day. To the extent this paragraph sets forward any other factual allegations, denied.

26. Denied.

27. Denied.

28. Admitted that Moore provided TCRG with a copy of the DMA Agreement. Otherwise, denied.

29. Admitted that KrisJenn and/or Wright repurchased the right-of-way through KrisJenn Ranch, LLC-Series Pipeline ROW. Otherwise, denied.

30. Denied.

31. Admitted that there were three lawsuits pending in state court between the parties. The Guadalupe County Case and the Longbranch Case were consolidated in Shelby County. DMA repeatedly sought to proceed with discovery and depositions in that case.

Those efforts were obstructed by KrisJenn. KrisJenn previously sought summary judgment in the Guadalupe County action and asked the state court to construe the parties' agreements in Wright's favor as a matter of law—just as KrisJenn is asking the Court to do here. The state courts—in both Guadalupe County and Shelby County—denied KrisJenn's motion for summary judgment.

32. Admitted that KrisJenn filed for bankruptcy. Otherwise denied.

33. Admitted that KrisJenn seeks damages. Denied that DMA tortiously interfered with the TCRG contract. Denied that KrisJenn is entitled to damages.

## DECLARATORY JUDGMENT

34. This paragraph does not require a separate response.

35. To the extent this paragraph contains any allegations, denied.

36. Denied.

37. Denied.

38. Denied as to KrisJenn's characterizations of DMA's interpretation of the agreements. To the extent this paragraph sets forward any other allegations, denied.

39. Denied.

40. Denied.

41. To the extent this paragraph contains any allegations, denied.

42. The cited text speaks for itself. DMA is unsure what dictionary edition KrisJenn is citing. To the extent this paragraph contains any other allegations, denied.

43. Denied as to KrisJenn's characterizations of DMA's contentions. To the extent this paragraph sets forward any other allegations, denied.

44. To the extent this paragraph contains any allegations, denied.

45. Admitted.

46. Denied.

47. Admitted that DMA contends the funds were capital contributions. Otherwise,

denied.

48. Admitted that both agreements are supported by consideration. To the extent this paragraph sets forward any other allegations, denied.

49. DMA lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph.

## TORTIOUS INTERFERENCE WITH A CONTRACT

50. This paragraph does not require a separate response.

51. DMA lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph.

52. Denied.

53. Denied.

54. Denied.

## ATTORNEY'S FEES

55. Denied.

## PRAYER

DMA prays the Court enter judgment in DMA's favor, dismiss KrisJenn's claims with prejudice, and award DMA all other relief, both in law and equity, to which DMA is entitled.

Respectfully submitted,

*/s/ Christopher S. Johns*
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

*/s/ Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
akrist@clevelandterrazas.com

Andrew R. Seger
State Bar No. 24046815
KEY TERRELL & SEGER
4825 50th Street, Suite A
Lubbock, Texas 79414
806-793-1906
806-792-2135 fax
aseger@thesegerfirm.com

Natalie F. Wilson
State Bar No. 24076779
LANGLEY & BANACK
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

*Attorneys for DMA and Moore*

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2020 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Ronald J. Smeberg<br>Charles John Muller, IV<br>MULLER SMEBERG, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john@muller-smeberg.com<br><br>*Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, KrisJenn Ranch, LLC, Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br>jduke@dbmmlaw.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Shane P. Tobin<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>shane.p.tobin@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party-Defendant, pro se* |
| Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* | |

                                                     */s/ Christopher S. Johns*
                                                       Christopher S. Johns