IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § § | CHAPTER 11 |
| KrisJenn Ranch, LLC, | § § | |
| *Debtor* | § § § § | CASE NO. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC, | § § § § § § § | |
| *Plaintiffs*, | § § | ADVERSARY NO. 20-05027 |
| v. | § § | |
| DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP, | § § § § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP, | § § § | |
| *Counterplaintiffs*, | § § | |
| v. | § § | |
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, Black Duck Properties, LLC, Larry Wright, | § § § § § § | ADVERSARY NO. 20-05027 |
| *Counterdefendants*. | § § § | |

## LONGBRANCH'S ANSWER
## TO KRISJENN'S SECOND AMENDED ADVERSARY COMPLAINT

Longbranch Energy, LP ("Longbranch") answers as follows:

### SUMMARY

1. This paragraph summarizes other factual allegations set forth individually in subsequent paragraphs of KrisJenn's adversary complaint. (Longbranch hereinafter collectively refers to KrisJenn and its series as "KrisJenn"). DMA addresses those factual allegations below. To the extent this paragraph sets forth any additional allegations not contained elsewhere in Plaintiffs' complaint, denied.

2. This paragraph summarizes other factual allegations set forth individually in subsequent paragraphs of Plaintiff's adversary complaint. Longbranch addresses those factual allegations below. To the extent this paragraph sets forth any additional allegations not contained elsewhere in KrisJenn's complaint, denied.

3. This paragraph summarizes other factual allegations set forth individually in subsequent paragraphs of KrisJenn's adversary complaint. Longbranch addresses those factual allegations below. To the extent this paragraph sets forth any additional allegations not contained elsewhere in KrisJenn's complaint, denied.

4. This paragraph summarizes other factual allegations set forth individually in subsequent paragraphs of KrisJenn's adversary complaint. Longbranch addresses those factual allegations below. To the extent this paragraph sets forth any additional allegations not contained elsewhere in KrisJenn's complaint, denied.

5. Admitted that KrisJenn Ranch, LLC repurchased the Pipeline from TCRG "using one of its series, KrisJenn Ranch, LLC-Series Pipeline ROW." Admitted that KrisJenn took out a loan from McLeod. To the extent this paragraph sets forth any other allegations, denied.

6. Admitted that the parties seek a declaration regarding their interests in the right-of-way. To the extent this paragraph sets forth any other allegations, denied.

7. Denied.

## JURISDICTION AND VENUE

8. Admitted.

9. Admitted that this Court has jurisdiction over the claims asserted in KrisJenn's adversary complaint. To the extent this paragraph sets forth any other allegations, denied.

10. Admitted that this proceeding is a core proceeding. To the extent this paragraph sets forth any other allegations, denied.

11. Admitted that KrisJenn's claims concern the property of KrisJenn Ranch, LLC–Series Pipeline ROW ("KrisJenn–Pipeline ROW"). The remainder of this paragraph is denied.

12. The cited case law speaks for itself. To the extent this paragraph sets forth any other allegations, denied.

13. Longbranch lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph.

## PARTIES

14. Admitted.

15. Admitted that DMA is a party to this case.

16. Admitted that Longbranch is a party to this case, but denied that Longbranch is a Louisiana limited partnership. Longbranch is a Texas limited partnership.

## BACKGROUND

17. Denied.

18. Denied.

19. Denied.

20. Admitted that on or about February 19, 2016, Longbranch entered an agreement securing a right to purchase the pipeline right-of-way. To the extent this paragraph sets forth any other allegations, denied.

21. Admitted that Longbranch assigned its right to purchase the pipeline right-of-

way to Black Duck. To the extent this paragraph sets forth any other allegations, denied.

22. Admitted that Black Duck closed on the pipeline right-of-way on or about August 11, 2017. To the extent this paragraph sets forth any other allegations, denied.

23. The Longbranch Assignment speaks for itself. To the extent the quoted text diverges from the actual text of the Longbranch Assignment, denied.

24. Admitted that Black Duck conveyed to DMA a net-profits interest in the pipeline right-of-way on the same terms extended to Longbranch. Admitted that this paragraph appears to accurately quote the language of a formal document dated February 7, 2018, which memorialized the terms of the assignment. To the extent this paragraph sets forth any other allegations, denied.

25. Admitted that Black Duck sold the pipeline right-of-way to TCRG East Texas Pipeline 1, LLC in 2018. Admitted that Black Duck sold the right-of-way for $2.5 million and a 16% carried interest in a future TCRG waterline. Admitted that the aggregate, projected profit was at least $48,000 per day. To the extent this paragraph sets forward any other factual allegations, denied.

26. Denied.

27. Denied.

28. Admitted that Moore provided TCRG with a copy of the DMA Agreement. Otherwise, denied.

29. Admitted that KrisJenn and/or Wright repurchased the right-of-way through KrisJenn Ranch, LLC-Series Pipeline ROW. Otherwise, denied.

30. Denied.

31. Admitted that there were three lawsuits pending in state court between the parties. The Guadalupe County Case and the Longbranch Case were consolidated in Shelby County. DMA repeatedly sought to proceed with discovery and depositions in that case. Those efforts were obstructed by KrisJenn. KrisJenn previously sought summary judgment in the Guadalupe County action and asked the state court to construe the parties' agreements in

Wright's favor as a matter of law—just as KrisJenn is asking the Court to do here. The state courts—in both Guadalupe County and Shelby County—denied KrisJenn's motion for summary judgment. Otherwise denied.

32. Admitted that KrisJenn filed for bankruptcy. Otherwise denied.

33. Admitted that KrisJenn seeks damages. Denied that Longbranch tortiously interfered with the TCRG contract. Denied that KrisJenn is entitled to damages.

## DECLARATORY JUDGMENT

34. This paragraph does not require a separate response.

35. To the extent this paragraph contains any allegations, denied.

36. Denied.

37. Denied.

38. Denied as to KrisJenn's characterizations of Longbranch's interpretation of the Longbranch Assignment. To the extent this paragraph sets forward any other allegations, denied.

39. Denied.

40. Denied.

41. To the extent this paragraph contains any allegations, denied.

42. The cited text speaks for itself. Longbranch is unsure what Black's Law Dictionary edition KrisJenn is citing. To the extent this paragraph contains any other allegations, denied.

43. Denied as to KrisJenn's characterizations of Longbranch's contentions. To the extent this paragraph sets forward any other allegations, denied.

44. To the extent this paragraph contains any allegations, denied.

45. Longbranch lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

46. Denied.

47. Longbranch lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

48. Admitted that the Longbranch Assignment is supported by consideration. To the extent this paragraph sets forward any other allegations, denied.

49. Longbranch lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph.

## TORTIOUS INTERFERENCE WITH A CONTRACT

50. This paragraph does not require a separate response.

51. Longbranch lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph.

52. Denied.

53. Denied.

54. Denied.

## ATTORNEY'S FEES

55. Denied.

## PRAYER

Longbranch prays the Court enter judgment in Longbranch's favor, dismiss KrisJenn's claims with prejudice, and award Longbranch all other relief, both in law and equity, to which Longbranch is entitled.

Respectfully submitted,

*/s/ Christopher S. Johns*
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

*/s/ Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
akrist@clevelandterrazas.com

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, TX 78209
mblack@burnsandblack.com

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, TX 77494
jduke@dbmmlaw.com

*Attorneys for Longbranch*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2020 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Ronald J. Smeberg<br>Charles John Muller, IV<br>MULLER SMEBERG, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john@muller-smeberg.com<br><br>*Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, KrisJenn Ranch, LLC, Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br>jduke@dbmmlaw.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Shane P. Tobin<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>shane.p.tobin@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party-Defendant, pro se* |
| Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* | |

*/s/ Christopher S. Johns*
Christopher S. Johns