# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § | |
| | § | CHAPTER 11 |
| KrisJenn Ranch, LLC, | § | |
| | § | |
| *Debtor* | § | CASE NO. 20-50805 |
| | § | |
| | § | |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC, | § § § § § § | |
| | § | ADVERSARY NO. 20-05027 |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP, | § § § | |
| | § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP, | § § § | |
| | § | |
| *Counterplaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, Black Duck Properties, LLC, Larry Wright, | § § § § § | ADVERSARY NO. 20-05027 |
| | § | |
| *Counterdefendants*. | § § § | |

1

## DMA, MOORE, AND LONGBRANCH'S RESPONSE IN OPPOSITION TO KRISJENN'S MOTION FOR LEAVE TO AMEND COMPLAINT

DMA Properties, Frank Daniel Moore, and Longbranch Energy oppose KrisJenn's motion for leave to amend its complaint. Trial in this case begins in exactly one week, and the pleadings deadline in this case passed in October. What's more, KrisJenn seeks to add entirely new causes of action against Moore and Longbranch without (1) adequately explaining the factual basis for its new claims or (2) providing more than a paper-thin excuse for its late amendment. Although KrisJenn engages in arm-waving about text messages from Longbranch —that were timely produced—KrisJenn does not explain what material new information is contained in the texts or how the newly discovered information supports any new claims. Its proposed amendments make no mention of the texts at all. And, as far as Longbranch can tell, the information in the texts is duplicative of information contained in emails that were produced months ago. Given this background, KrisJenn has not shown good cause to amend.

Further, Moore, DMA, and Longbranch would be severely prejudiced by if KrisJenn is allowed to amend its complaint at the last minute, after undue delay. Moore, DMA, and Longbranch have already filed their proposed pretrial order, their proposed findings of fact and conclusions of law are due today, and trial begins next Monday. In such circumstances, courts routinely deny leave to amend when litigants seek to add new causes of action on the eve of trial.

## ARGUMENT

I.  **KrisJenn has not shown good cause exists under Rule 16(b) to amend on the eve of trial.**

"Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., LLC v. Southtrust Bank of Ala., N.A.*, 315 F.3d 533 (5th Cir. 2003). When the pleadings deadline in the scheduling order has passed, the movant must first demonstrate good cause for modification of the order. FED. R. CIV. P. 16(b)(4). The Fifth Circuit considers four factors in determining whether good cause exists: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment;

(3) potential prejudice to the nonmoving party; and (4) the availability of a continuance to cure prejudice. *S&W Enters.*, 315 F.3d at 536.

### A. Moore, DMA, and Longbranch will be severely prejudiced if KrisJenn is granted leave to amend.

First, the Court should deny leave to amend because Moore, DMA, and Longbranch will suffer significant prejudice if the Court allows KrisJenn to assert new causes of action on the eve of trial. Trial is exactly one week away. Moore, DMA, and Longbranch have already filed their proposed pretrial order, and the parties' proposed findings of fact and conclusions of law are due today.

If KrisJenn is allowed to amend its complaint to assert new causes of action, Moore, DMA, and Longbranch will face significant prejudice in the midst of preparing their case for trial. For example, they will not be able to address KrisJenn's new claims in their proposed pretrial order, because it is already filed. They also will not have time to address KrisJenn's new claims in their proposed findings of fact and conclusions of law—which are due today. It is also unclear when they would have time to file affirmative defenses to the claims.

To make matters worse, KrisJenn's newly proposed claims—for fraud, breach of fiduciary duty, "nondischargeability", and exemplary damages—do not provide Moore and Longbranch with sufficient notice of their factual basis. For example, KrisJenn has attempted to assert a "nondischargeability" claim against Longbranch and Moore on the basis of "fraud or defalcation." *See* Mot. Leave [#200-1] ¶¶ 72–81. Setting aside the fact that this bizarre nondischargeability claim fails as a matter of law—because neither Longbranch nor Moore are debtors in this action—KrisJenn does not adequately explain what "fraud" or "defalcation" was allegedly committed. Instead, KrisJenn just states in conclusory fashion that "Defendants made multiple misrepresentations and omissions." *Id.* ¶ 74. These allegations do not pass muster under Rule 9(b)'s heightened pleading for fraud, and KrisJenn's claim for fiduciary breach is similarly vague. These allegations provide little notice to Moore and Longbranch of the factual basis of the claims, much less sufficient notice to allow Moore and Longbranch to

3

prepare to defend against the claims at trial. Granting KrisJenn's motion would allow trial by ambush.

### B. KrisJenn has not adequately explained its delay in moving to amend.

KrisJenn fails to justifiably explain why it could not have filed its new claims months ago. In its motion, KrisJenn suggests its new causes of action are based on text messages produced by Longbranch. Longbranch has been a party to this action since its inception, yet KrisJenn did not actively seek any discovery from Longbranch until November 11, 2020, and Longbranch timely responded to those requests. KrisJenn does not explain why it failed to pursue that discovery. While KrisJenn claims its new causes of action are based on text messages produced by Longbranch, KrisJenn does not bother to explain—at all—whether those texts contained new information or what that new information might be. KrisJenn's proposed complaint does not make any mention of the texts. And it appears all of the relevant information in the texts is duplicative of the information contained in emails that were produced months ago by DMA. Thus, KrisJenn is responsible for waiting until the end of discovery to request the texts it now complains about—and KrisJenn fails to explain how those texts actually support the new claims it wishes to lodge just a week before trial.

KrisJenn also fails to adequately explain its further delay in seeking leave to amend. During a hearing on December 21, the Court warned both parties that any motion for leave would have to be filed and decided with haste for the Court to consider it before trial. The Court also warned that if KrisJenn did file such a motion, Moore and Longbranch should respond quickly instead of waiting for the usual response deadline.

KrisJenn then waited over a week to file its motion for leave, finally filing after the close of business hours on December 30, 2020. Over the same period, KrisJenn failed to serve its proposed pretrial order and also failed to confer regarding Moore, DMA, and Longbranch's proposed pretrial order, ignoring the deadline established in Local Rule 7016(c).

Instead of offering a sincere, valid reason for its delay in amending, KrisJenn attempts to distract the Court with false allegations of late, revelatory discovery. Such unsubstantiated allegations cannot support granting leave to add new claims one week before trial.

### C. Trial is imminent, and a continuance is not available to cure prejudice.

Third, a continuance is not available to cure the prejudice to Moore and Longbranch. This Court has repeatedly emphasized to the parties that this case will proceed to trial on January 11 and that it will not be continued again. With trial just one week away, Moore, DMA, and Longbranch are already in the midst of trial preparation. District courts in this circuit have repeatedly found in such circumstances that this factor weighs against granting leave to amend. *See Edison Global Circuits, LLC*, *v. Ingenium Techs. Corp.*, No. H-11-1207, 2012 WL 13047587, at *4 (S.D. Tex. Aug. 15, 2012) (denying motion for leave to amend and observing "[d]ocket call is nine days away, and the parties have already filed their joint pretrial order").

## II. There are multiple, substantial reasons to deny leave to amend under Rule 15(a)(2).

Courts may also deny leave to amend under Rule 15(a)(2) when faced with a substantial reason for doing so, such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, futility, or undue prejudice to the opposing party. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

As outlined above, KrisJenn has unduly delayed in seeking leave to amend, and Moore and Longbranch will be severely prejudiced if KrisJenn is allowed to assert new causes of action less than a week before trial. As the Fifth Circuit explained in *Mayeaux*, litigants can seek leave to add two types of claims: (a) alternative theories based on the same underlying facts; versus (b) new causes of action based on newly pleaded facts. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). Courts frequently grant leave to add alternative theories based on the same underlying fact. Here, by contrast, KrisJenn is trying to plead new causes of

5

action on the eve of trial, based on newly pleaded facts—without even fully fleshing out the new facts. *See* Mot. Leave [#200-1] ¶¶ 55–81. Such amendments "fundamentally alter the nature of the case," *id.*, and as *Mayeaux* explains, courts faced with such amendments should deny leave when the circumstances warrant.

Given KrisJenn's undue delay and the substantial prejudice that Moore and Longbranch would suffer—as well as the futility of KrisJenn's nondischargeability claim—such circumstances are present here. Because these are substantial reasons justifying denial of leave to amend under Rule 15(a)(2), Moore, DMA, and Longbranch respectfully request the Court deny KrisJenn's motion.

### III. Courts routinely deny leave to amend when litigants seek to add new causes of action on the eve of trial.

When faced with motions for leave to amend to add new causes of action on the eve of trial, district courts routinely deny leave to amend. *See, e.g.*, *OnAsset Intelligence, Inc. v. Freightweight Int'l (USA), Inc.*, No. 3:11-CV–3148-G, 2012 WL 5409660, at *2 (N.D. Tex. Nov. 6, 2012) ("[T]he usual case in which 'undue delay' supports a court's denial of leave to amend is where a party waits until the eve of trial to assert a new claim."); *Advanced Seismic Tech., Inc. v. M/V Fortitude*, No. H-16-3041, 2018 WL 7574162, at *3 (S.D. Tex. Sept. 6, 2018) ("Based primarily on the filing of the Motion to Amend only days before the parties' Joint Pretrial order Deadline, and on the prejudice to [the opposing party], . . . the Court denies the Motion to Amend to asset on the eve of trial a new affirmative defense seeking setoff of $120,659.83."); *Edison Global Circuits,* 2012 WL 13047587, at *4 (denying motion for leave to amend after observing that "[d]ocket call is nine days away, and the parties have already filed their joint pretrial order."); *HTA Medical Portfolio 2, LLC v. Bartel*, No. 7:13-cv-0136-O, 2015 WL 6163571, at *3–4 (N.D. Tex. April 20, 2015) (denying motion for leave to amend and reasoning that "delaying until the eve of trial [to seek leave to amend] is not excused by the desire to seek a settlement"); *see also Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470–71 (5th Cir. 2009) (affirming district court denial of motion for leave to amend on "the eve of trial").

6

Put simply, the circumstances presented here are perhaps *the* paradigmatic circumstance in which courts in this circuit deny motions for leave to amend.

**CONCLUSION**

By seeking leave to amend just one week before trial, KrisJenn is asking the Court to condone trial by ambush. KrisJenn could have easily sought discovery and brought these claims in a timely fashion. It did not, and in any event, KrisJenn's proposed claims lack both substance and merit. Because KrisJenn has not demonstrated good cause for the amendment and because Moore, DMA, and Longbranch would incur severe prejudice if the amendment is allowed, Moore and Longbranch respectfully request the Court deny KrisJenn's motion for leave to amend.

Respectfully submitted,

*/s/ Christopher S. Johns*
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

*/s/ Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND | TERRAZAS PLLC
303 Camp Craft Road, Suite 325
Austin, Texas 78746
(512) 689-8698
tcleveland@clevelandterrazas.com
akrist@clevelandterrazas.com

*Attorneys for Frank Daniel Moore, DMA Properties, Inc., and Longbranch Energy, LP*

Natalie F. Wilson
State Bar No. 24076779
LANGLEY & BANACK
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

Andrew R. Seger
State Bar No. 24046815
KEY TERRELL & SEGER
4825 50th Street, Suite A
Lubbock, Texas 79414
806-793-1906
806-792-2135 fax
aseger@thesegerfirm.com

*Attorneys for Frank Daniel Moore,
DMA Properties, Inc.*

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, TX 78209
mblack@burnsandblack.com

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, TX 77494
jduke@dbmmlaw.com

*Counsel for Longbranch Energy, LP*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 4, 2021 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Ronald J. Smeberg<br>Charles John Muller, IV<br>MULLER SMEBERG, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john@muller-smeberg.com<br><br>*Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, KrisJenn Ranch, LLC, Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br>jduke@dbmmlaw.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Shane P. Tobin<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>shane.p.tobin@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party-Defendant, pro se* |
| Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* | |

                                           */s/ Christopher S. Johns*
                                           Christopher S. Johns