**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: § | | Chapter 11 |
| **KRISJENN RANCH, LLC,** § | | |
| § | | |
| *Debtor* § | | Case No. 20-50805 |
| § | | |

___

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE** § | | |
| **ROW as successors in interest to** § | | |
| **BLACKDUCK PROPERTIES, LLC,** § | | |
| *Plaintiffs* § | | |
| § | | |
| v. § | | |
| § | | |
| **DMA PROPERTIES, INC., and** § | | |
| **LONGBRANCH ENERGY, LP,** § | | Adversary No. 20-05027 |
| *Defendants* § | | |

___

| | | |
|---|---|---|
| **DMA PROPERTIES, INC,** § | | |
| *Cross-Plaintiff/Third Party Plaintiff* § | | |
| § | | |
| v. § | | |
| § | | |
| **KRISJENN RANCH, LLC,** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE ROW,** § | | Adversary No. 20-05027 |
| **BLACK DUCK PROPERTIES, LLC,** § | | |
| **LARRY WRIGHT, and JOHN TERRILL,** § | | |
| *Cross-Defendants/Third-Party* § | | |
| *Defendants* § | | |

**KRISJENN RANCH, LLC, KRISJENN RANCH, LLC-SERIES UVALDE RANCH, AND
KRISJENN RANCH, LLC-SERIES PIPELINE ROW, AS SUCCESSORS IN INTEREST
TO BLACK DUCK PROPERTIES, LLC'S AND LARRY WRIGHT'S JOINT MOTION
<u>FOR LEAVE TO FILE PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF
LAW</u>**

TO THE HONORABLE CHIEF BANKRUPTCY JUDGE RONALD B. KING:

COME NOW Debtors, Plaintiffs, and Counter-Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, and KrisJenn Ranch, LLC-Series Pipeline Row, as successors-in-interest to Black Duck Properties, LLC, (collectively the "Debtors") and Third-Party Defendant Larry Wright ("Wright"), and file this Joint Motion for Leave to File Their Joint Proposed Findings of Fact and Conclusions of Law (the "Motion").

**BACKGROUND**

1. Debtors and Wright have been diligently preparing for trial on the matters in this case.

2. On or about December 17, 2020, the day after Longbranch's deposition as well as after the close of discovery, Debtors and Wright received text messages containing material information from Longbranch. Shortly after, Debtors and Wright learned that TCRG had produced voluminous documents to Defendants that were withheld from Debtors and Wright.

3. As a result of Defendants' failures, Debtors sought judicial assistance for appropriate discovery relief (the "Motion to Compel").

4. Additionally, the newly discovered information warranted the Debtors seeking the Court's approval to continue the deposition of Daniel Moore ("Moore") and inquire about the substance of the late-produced text messages as well as missing text messages.

5. Further, Debtors sought to resolve the issue of whether Longbranch's refusal to testify about its communications with attorney George Pigg ("Pigg") was subject to privilege. At the time of the hearing, counsel for DMA, Moore and Longbranch appeared to agree that Pigg was solely counsel to Defendants with regard to the drafting of the Longbranch Assignment.

6. In response to Defendants' discovery abuses and, due to recently discovered information, counsel for Debtors requested leave to amend their pleadings to add causes of action reflecting the

newly discovered information. The Court suggest that Debtors file their motion and indicated that it would rule after giving Defendants an opportunity to promptly reply.

7. The Court granted the Debtors' emergency motion and, among other things, allowed Debtors to re-depose Moore, recognized that it was stipulated that Pigg represented Longbranch, not Black Duck, in drafting the Longbranch Assignment, ordered Moore and Borders to produce any withheld text messages, and order Moore to make his phone available for inspection.

8. Upon sending a proposed draft of the Order, Defendants retracted: (1) their agreement to stipulate to certain facts regarding Pigg and (2) their agreement to allow Moore's deposition on a date certain. Moore claimed he needed to be available "this week," but would not indicate which particular date he would be available. After conferring and threatening to return to the court, Debtors his deposition for January 6, 2020, and Moore confirmed his availability on January 5th. Due to Defendants' refusal to acknowledge the Courts' ruling, Debtors were forced to file a contested motion requesting entry of the proposed order. The motion was filed on January 5, 2021 and signed by the Court the following day.

9. The day before the Moore deposition, January 5, 2021, Darrin Borders produced yet another set of previously undisclosed text messages by way of a video screen capture. These messages had to be reviewed and processed in anticipation of Daniel Moore's second deposition.

10. On January 5, 2019, the Court denied Debtors' motion for leave to amend pleadings.

11. Debtors and Wright have diligently tried to comply with Local Rule 7016(d)'s requirement to submit Findings of Fact and Conclusions of Law seven days prior to trial. However, ongoing discovery issues have made it virtually impossible to prepare a filing that contained accurate information.

12. Daniel Moore's deposition was completed January 6, 2020 at approximately 12:00pm. Immediately thereafter, Debtors and Wright promptly completed their proposed Findings of Fact and Conclusions of Law, which are attached hereto as Exhibit A.

13. Debtors and Wright are requesting the Court grant them leave to file their join findings of fact and conclusions of law, two days after the initial due date. No prejudice would result from granting the Motion. Debtors and Wright believe that the late filings of the Findings of Fact and Conclusions of Law would not act as an impediment on the current trial setting. Rather, failing to grant leave would highly prejudice Debtors and Wright and reward Moore and DMA for their discovery abuses. Accordingly, the Debtors respectfully request the Court grant leave to file their Findings of Fact and Conclusions of Law.

14. Debtors have conferred with Defendants counsel regarding this issue. Further, the attorneys are schedule to confer again tomorrow, January 7, 2021 and hope to consolidate their proposed joint orders and resolve other pre-trial issues that are intended to streamline this case.

WHEREFORE PREMISES CONSIDERED KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, and KrisJenn Ranch, LLC-Series Pipeline Row, as successors-in-interest to Black Duck Properties, LLC, and Larry Wright, Jointly, respectfully request that the Court grant their Motion for Leave to File their Findings of Fact and Conclusions of Law and for any other relief to which they may be justly entitled.

Dated: January 6, 2021

*Signature on following page.*

Respectfully submitted,

MULLER SMEBERG, PLLC

By:   /s/ *John Muller*
     C. John Muller IV
     State Bar No. 24070306
     john@muller-smeberg.com
     Ezekiel J. Perez
     State Bar No. 24096782
     zeke@muller-smeberg.com
     111 W. Sunset Rd.
     San Antonio, TX 78209
     Telephone: 210-664-5000
     Facsimile: 210-598-7357

     ATTORNEY FOR DEBTORS

     BAYNE, SNELL & KRAUSE

By:  */s/ William P. Germany*
     WILLIAM P. GERMANY
     State Bar No. 24069777
     1250 N.E. Loop 410, Suite 725
     San Antonio, Texas 78209
     Telephone: (210) 824-3278
     Facsimile: (210) 824-3937
     Email: wgermany@bsklaw.com

     ATTORNEY FOR THIRD-PARTY
     DEFENDANT LARRY WRIGHT

**CERTIFICATE OF CONFERENCE**

     I hereby certify that on January 6, 2020 I conferred with counsel for Frank Daniel Moore, DMA Properties, Inc., and LongBranch Energy, LP about the relief requested in this motion. Upon such conference, counsel has indicated that they are undetermined whether they are opposed to the relief requested in this motion.

     /s/ *John Muller*
     C. John Muller IV

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 6th day of January 2020:

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP
and DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
Attorneys for DMA Properties, Inc.

LANGLEY & BANACK, INC.
745 East Mulberry Avenue | Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

William Germany
BAYNE, SNELL, & KRAUSE
1250 NE Loop 410, Ste. 725
San Antonio, Texas 78209
T- (210) 824-3278
F- (210) 824-3937
wgermany@bskaw.net
Attorney for Larry Wright

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
shane.p.tobin@usdoj.gov
United States Trustee

                              */s/ John Muller*
                              C. John Muller IV

Natalie Wilson