

**The relief described hereinbelow is SO ORDERED.**

**Signed March 24, 2021.**

_____
**Ronald B. King**
**Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| KRISJENN RANCH, LLC, § | CASE NO. 20-50805-RBK | |
| § | | |
| DEBTOR § | CHAPTER 11 | |
| § | | |
| § | | |
| KRISJENN RANCH, LLC, KRISJENN RANCH, § | | |
| LLC-SERIES UVALDE RANCH, AND § | | |
| KRISJENN RANCH, LLC-SERIES PIPELINE § | | |
| ROW, AS SUCCESSORS IN INTEREST TO § | | |
| BLACK DUCK PROPERTIES, LLC, § | | |
| PLAINTIFFS, § | | |
| VS. § | ADVERSARY NO. 20-05027-RBK | |
| § | | |
| DMA PROPERTIES, INC. AND § | | |
| LONGBRANCH ENERGY, LP, § | | |
| DEFENDANTS. § | | |

**FINAL JUDGMENT**

On the 11th day of January 2021, came on to be heard this adversary proceeding for trial on the merits. Plaintiffs, KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, and KrisJenn Ranch, LLC-Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC (collectively,

"KrisJenn"), appeared by and through counsel of record and announced ready for trial. Defendants, DMA Properties, Inc. ("DMA") and Longbranch Energy, LP ("Longbranch"), appeared by and through counsel of record and announced ready for trial. Third-party plaintiff, Frank Daniel Moore ("Moore"), and Third-party defendant, Larry Wright ("Wright"), appeared in person and by and through counsel of record and announced ready for trial.

The Court heard the testimony of witnesses, received documentary evidence, and heard arguments of counsel over the course of approximately six days. This Final Judgment is based on the record and all applicable legal and equitable principles.

For the reasons stated in the Opinion rendered contemporaneously herewith, pursuant to FED. R. BANKR. P. 7052, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. Declaratory judgment is rendered in favor of Plaintiffs that the net-profits interests in the Assignment Agreements owned by Longbranch Energy, LP and DMA Properties, Inc. are personal covenants.

2. As to Moore's claim for breach of fiduciary duty against Wright regarding the unauthorized Black Duck Loan, the Court renders judgment that Moore take nothing because no actual damages were proven.

3. Declaratory judgment is rendered in favor of DMA that, under the terms of the Email Agreement and Harris SWD Agreement, DMA has an ownership interest in 50% of the Bigfoot Note payments. Further, the Court will award DMA $175,143.60 from the funds held in the Panola County court registry, plus attorney's fees from the court registry if DMA requests attorney's fees in accordance with FED. R. BANKR. P. 7054 and Local Bankruptcy Rule 7054.

4. All relief not granted herein is denied.

### #