IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § § | CHAPTER 11 |
| KrisJenn Ranch, LLC, | § § | |
| *Debtor* | § § § § | CASE NO. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC, | § § § § § § | |
| *Plaintiffs*, | § § | ADVERSARY NO. 20-05027 |
| v. | § § § | |
| DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP, | § § § § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP, | § § § | |
| *Counterplaintiffs*, | § § § | |
| v. | § § § | |
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, Black Duck Properties, LLC, Larry Wright, | § § § § § | ADVERSARY NO. 20-05027 |
| *Counterdefendants*. | § § § § | |

1

## DMA PROPERTIES'S MOTION FOR ATTORNEYS' FEES
## AND MOTION TO AMEND JUDGMENT

On March 24, this Court entered declaratory judgment in favor of DMA Properties, Inc. ("Inc.") and declared that DMA has a 50% ownership interest in note payments owed to DMA "under the terms of the Email Agreement and Harris SWD Agreement"). Judgment [#237] at 2. The Court then awarded DMA $175,143 in damages arising under those contracts, "plus attorney's fees." *Id*. DMA now moves for an award of attorneys' fees in compliance with Local Bankruptcy Rule 7054. Additionally, DMA moves to amend the judgment to add Larry Wright as a liable party with respect to DMA's claim for breach of the Harris SWD Agreement.

### JURISDICTION, VENUE, AND BASIS FOR RELIEF

This Court has jurisdiction over this matter under 28 U.S.C. § 1334(b). This is a core matter under 28 U.S.C. § 157(b)(2)B) & (C), and the Court has authority to enter a final order. To the extent this is not a core matter, DMA consents to entry of a final order under 28 U.S.C. § 157(c) Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

The bases for the relief requested herein are Federal Rule of Civil Procedure 54, made applicable through Federal Rule of Bankruptcy Procedure 7054, and Federal Rule of Civil Procedure 59, made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 9023.

### BACKGROUND

In early 2018, Defendant Larry Wright entered the Harris SWD Agreement "on behalf of himself and Black Duck Properties, LLC." DX4 (Harris SWD Agreement). Under the agreement, Plaintiff DMA Properties, Inc. ("DMA") was entitled to receive 50% of the Bigfoot Note payments. *Id*. Wright did not make all of the payments, and instead assigned the Bigfoot Note to KrisJenn in an attempt to keep all of the note payments for himself. DX8 (Assignment of Note) at 1; Mem. Op. [#236] at 9.

In September 2019, Bigfoot filed an interpleader action in Panola County and began paying its note payments into the Panola County court registry. In the Panola County case, DMA filed a

summary-judgment motion, asserting a 50% interest in the Bigfoot note payments as a matter of law. DMA's motion was set for a hearing on May 6, 2020. But, just before the Panola County court was scheduled to hear DMA's motion for summary judgment on the Bigfoot note payments, the KrisJenn Ranch entities filed for bankruptcy on April 27, 2020.

In the related adversary proceeding, DMA brought claims for breach of contract and declaratory relief, seeking a declaration that Wright, Black Duck, and KrisJenn (as assignee of the Bigfoot Note) were obligated to convey 50% of the note payments to DMA. *See* Wright & KrisJenn Pretrial Order [#216] at 30 (identifying triable issue of "[w]hether Wright, Black Duck, and/or KrisJenn breached the Harris SWD Agreement by failing to pay DMA 50% of the Bigfoot note payments").

DMA moved for partial summary judgment on its entitlement to 50% of the Bigfoot note payments, and this Court granted that motion—recognizing DMA's right to 50% of the note payments. Order [#110]. But Wright and KrisJenn refused to agree to allow DMA to withdraw the funds from the Panola County court registry until after a full trial. DMA therefore brought all its claims—including breach of contract—related to the Bigfoot note payments to trial. *See* DMA'S Proposed Findings & Conclusions [#205] at 22–23; DMA's Proposed Pretrial Order [#199] at 7–8. At trial, KrisJenn moved to reconsider the grant of partial summary judgment finding DMA has a property interest in 50% of the Bigfoot note payments. Mem Op. [#236] at 27-28.

After an extended bench trial, this Court ruled in favor of DMA on its claim for breach of contract regarding the Bigfoot note payments, concluding "Black Duck breached the Harris SWD Agreement." Mem Op. [#236] at 28. The Court then entered a final judgment declaring that "DMA has an ownership interest in 50% of the Bigfoot Note payments." Judgment [#237] at 2. On that basis, the Court awarded damages of $175,143.60 to DMA under the Harris SWD Agreement, "plus attorney's fees." Judgment [#237] at 2. However, the final judgment does not expressly address DMA's claim for breach of the Harris SWD Agreement—even though the Court ruled in favor of DMA on that claim. Mem Op. [#236] at 28.

3

Because the Court entered declaratory judgment in favor of DMA, DMA now seeks attorneys' fees under Local Bankruptcy Rule 7054. Additionally, DMA moves to amend the judgment to specify that Larry Wright and Black Duck are both liable for breach of the Harris SWD Agreement. *See* Mem Op. [#236] at 28; DX4 (Harris SWD Agreement) (stating that Wright entered agreement "on behalf of himself and Black Duck Properties, LLC").

## ARGUMENT

I.  **Motion for Attorneys' Fees**

   A.  **DMA is entitled to attorneys' fees under the Federal Declaratory Judgment Act and Texas Civil Practice and Remedies Code § 38.001.**

Under the Federal Declaratory Judgment Act, parties may recover attorneys' fees if a substantive source of state law would allow for recovery of fees in connection with the underlying cause of action. *Matter of First River Energy, LLC*, 986 F.3d 914, 930 (5th Cir. 2021); *Century Sur. Co. v. Taylor Disposal Operating, Inc.*, No. A-09-CA-624-LY, 2009 WL 3633903, at *5 (W.D. Tex. Oct. 29, 2009).

State law provides a substantive basis for recovering attorneys' fees here. Under Texas Civil Practice and Remedies Code § 38.001, an award of attorneys' fees is mandatory when a party prevails on a claim in connection with a written contract. TEX. CIV. PRAC. & REM. CODE § 38.001(8); *see also Mid-Continent Cas. Co. v. Petroleum Sols., Inc.*, No. 4:09-0422, 2017 WL 6942658, at *3 (S.D. Tex. Sept. 21, 2017) (holding that § 38.001 creates substantive right to attorneys' fees under state law). Section 38.001 applies because DMA prevailed on its declaratory judgment and breach-of-contract claims related to the Harris SWD Agreement. *See* Judgment [#237] at 2.

In this case, Wright, Black Duck, and KrisJenn all contested DMA's concerning the Harris SWD Agreement, and all three parties effectively presented a joint defense at trial. *See* Wright Answer [#188] ¶¶ 166–71; KrisJenn Answer [#189] ¶¶ 166–71; *see also* KrisJenn & Wright

4

Proposed Pretrial Order [#216]. DMA thus seeks an award of attorneys' fees against all three defendants.[1]

DMA has met all of the requirements to establish entitlement to attorneys' fees under § 38.001. To recover attorneys' fees under § 38.001, the claimant (1) must be represented by an attorney; (2) must present its legal claim to the opposing party; and (3) must not have received the amount owed within 30 days after presentation of the claim. TEX. CIV. PRAC. & REM. CODE § 38.001. Here, DMA:

(1) retained attorney representation in December 2018, *see* PX98, PX77;

(2) presented its claim on January 23, 2019 and again on February 26, 2019, *see* PX 81 (demanding payment of amounts owed under Harris SWD Agreement); PX87 ("DMA Properties and Mr. Moore have also note received 50% of the gross monies paid . . . on the [Bigfoot Note] for multiple months, and there is a balance due and owing of at least $30,000."); and

(3) did not receive the amounts owed within 30 days of presentation, *see* Mem. Op. [#236] at 9 ("DMA never received its portion of the September 2018 payment or any payment made thereafter.").

DMA also prevailed on its related breach of contract claim and recovered $175,143 in damages under the Harris SWD Agreement. Judgment [#237] at 2.

### B. Because DMA's right to attorneys' fees arises under § 38.001, the reasonableness of DMA's request is governed by Texas law.

As explained above, DMA is entitled to attorneys' fees under 28 U.S.C. § 2201 because DMA has a substantive right to attorneys' fees under Texas Civil Practice and Remedies Code § 38.001. Since DMA's substantive right to attorneys' fees arises under Texas law, Texas law governs the reasonableness of DMA's fee request.

Under Texas law, the starting point for calculating attorneys' fees is a lodestar analysis, under which the court multiplies (a) reasonable hourly rates, and (b) reasonable hours, in order to arrive at the "lodestar" figure. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469,

---

[1] KrisJenn has previously conceded that its series are not entitled to be treated separately because KrisJenn failed to follow procedural prerequisites established by Texas law. *See* Resp. Mot. Sever [#28] at 4.

497–98 (Tex. 2019). The party seeking fees must substantiate its fee request with attorney billing records and affidavits reflecting (1) the services performed; (2) who performed the services; (3) when the services were performed; (4) the reasonable amount of time required to perform the services; and (5) the reasonable hourly rate for each person performing such services. *Id.* at 497–98. DMA has attached its attorney billing records and an accompanying declaration. *See* Ex. 1 (Fee Decl.); Ex. 2 (Billing Records).

"[T]here is a presumption that the base lodestar calculation . . . reflects the reasonable and necessary attorney's fees that can be shifted to the non-prevailing party." *Id.* at 499. Thus, "if a fee opponent seeks a reduction, it bears the burden of providing specific evidence to overcome the presumptive reasonableness of the base lodestar figure." *Id.* at 501.

### C. DMA requests reasonable fees of $138,590 in connection its breach-of-contract and declaratory claims related to the Harris SWD Agreement.

#### 1. The hourly rates charged by DMA's counsel are reasonable.

DMA's counsel charged the following rates:

| Chris Johns | $450/hour (14 years of experience) |
|---|---|
| Timothy Cleveland | $450/hour (14 years of experience) |
| Natalie Wilson | $375/hour (13 years of experience) |
| Christie Hebert | $375/hour (6 years of experience) |
| Austin Krist | $310/hour (5 years of experience) |
| David Johns (paralegal) | $100/hour (8+ years of experience) |
| Litigation Clerks | $85/hour |

To support these reasonable rates, Timothy Cleveland has submitted a declaration outlining his experience and familiarity with rates in the Western District of Texas and opining that these rates are reasonably given the complexity of this matter and the skill and experience of the attorneys. *See* Ex. 2 (Fees Decl.). Tim Cleveland has been practicing law in Texas for over fourteen years after graduating from the University of Texas School of Law with honors in 2006; Mr. Cleveland was recently recognized in 2021 as a Texas Super Lawyer for Business Litigation,

6

his first year of eligibility for that designation. Over the past decade, he has regularly practiced in the Western District.

As Mr. Cleveland's declaration explains, these proposed rates are reasonable and customary given the skill and experience of DMA's attorneys. For example, Chris Johns has been practicing law since 2002, when he graduated from the University of Texas School of Law; during law school, Mr. Johns served as editor-in-chief of the *Texas Law Review*, and following graduation, he clerked for Judge Phyllis Kravitch of the United States Court of Appeals for the 11th Circuit. Mr. Johns has been included in *Best Lawyers in* America for 2018-2021 and has been named a Texas Super Lawyer every year since 2014. Natalie Wilson has been practicing law since 2007, when she graduated from University of Hawaii School of Law with honors; upon graduation, Ms. Wilson clerked for Justice Simeon Acoba of the Hawaii Supreme Court. Ms. Wilson frequently practices in bankruptcy courts in the Western District and has submitted a supplemental declaration regarding her fees incurred by her firm. *See* Ex. 3 (Wilson Decl. & Billing Records). Christie Hebert has been practicing law for six years and clerked for Judge Sam Sparks in the Western District of Texas for two years after graduating with honors from the University of Texas School of Law. Mr. Krist, meanwhile, has been practicing law for five years. Mr. Krist graduated with honors from Columbia Law School, where he was a member of the Editorial Board of the *Columbia Law Review*; after graduation, he clerked for Judge Sam Sparks in the United States District Court for the Western District of Texas.

### 2. DMA's counsel expended a reasonable number of hours in connection with these claims.

DMA's counsel also expended a reasonable number of hours litigating with respect to the Harris SWD. For ease of reference, DMA has separated out the hours incurred into three categories: (1) time spent preparing the interpleader case regarding the note payments, drafting pleadings, and moving for summary judgment on the Harris SWD Agreement; (2) time spent deposing (and preparing to depose) Larry Wright; (3) time spent preparing for trial; and (4) time spent at trial.

7

DMA includes a portion of its time deposing Wright, preparing for trial, and at trial because Wright and KrisJenn's refusal to allow DMA to withdraw its property from the Panola County court registry and their motion for reconsideration at trial forced DMA to fully litigate its claims concerning the Harris SWD Agreement. Further, the claims related to the Harris SWD Agreement were inherently interrelated with the other claims tried in this case.

### a. Initial Case Development, Pleadings, and Summary Judgment Motion

DMA's counsel (and paralegal) spent 157.33 hours in connection with litigation of the Harris SWD Agreement through the summary-judgment stage. Specifically, Chris Johns spent 45 hours, Christie Hebert spent 110 hours, Natalie Wilson spent 11.6 hours, and David Johns spent 2 hours. Ex. 2 (Billing Records) at 2–7; Ex. 3 (Wilson Decl. & Billing Records) at 19. This time was spent communicating with Defendants and Bigfoot trying to resolve the dispute; drafting pleadings in an interpleader action filed by Bigfoot; drafting, revising, and arguing a motion for partial summary judgment with respect to the Harris SWD Agreement in the underlying interpleader case; drafting and revising a second summary judgment motion upon removal to federal court; and coordinating disposition of the Harris note payments with Bigfoot. Ex. 2 (Billing Records) at 2–7.

This was a reasonable amount of time to expend on these issues given the complexity of the legal issues raised by the parties' briefing as well as the vigorous opposition mounted by defendants. As a direct result of these efforts, DMA obtained partial summary judgment on its claims related to the Harris SWD prior to trial—although KrisJenn later sought to reconsider this Court's ruling on those same claims at trial. *See* Mem. Op. [#236] at 28.

### b. Deposition of Larry Wright

DMA's counsel spent 44 hours deposing Defendant Larry Wright and preparing for his deposition. Mr. Wright was deposed for two days. Tim Cleveland spent 42.6 hours deposing Mr. Wright and preparing for the depositions; Austin Krist spent 1.4 hours preparing for the depositions. Ex. 2 (Billing Records) at 8–12.

Although Mr. Wright's deposition touched on a range of issues, many of those issues were inextricably intertwined with the legal and factual issues underlying the Harris SWD claims, including Mr. Wright's foreclosure on the Harris SWD note and other Black Duck assets. However, because significant portions of the deposition covered topics related to DMA's other claims, DMA has reduced its fee request with respect to this deposition by 2/3. DMA thus seeks to recover 1/3 of the hours incurred with respect to Mr. Wright's deposition.

### c. Trial and Preparation for Trial

DMA's counsel seek fees for the following hours preparing for trial (in December 2020) and trying this case (in January and February 2021):

- Tim Cleveland spent 84.8 hours;
- Chris Johns spent 76.3 hours;
- Christie Hebert spent 76 hours;
- Austin Krist spent 86 hours;
- David Johns spent 26 hours; and
- Litigation clerks spent 27.2 hours.

*See* Ex. 2 (Billing Records) at 13–37.[2]

At trial, KrisJenn sought to contest DMA's claims based on the Harris SWD Agreement, and both parties presented extensive testimony regarding Mr. Wright's attempts to foreclose on Black Duck's assets, including the Bigfoot Note. Additionally, KrisJenn sought to defend against the Harris SWD Agreement claims and DMA's other claims by presenting extremely fact-intensive equitable defenses predicated on alleged misconduct by DMA and its principal, Daniel Moore. Much of the testimony at trial revolved around those equitable defenses to DMA's claims—including the Harris SWD Agreement claims—and as a result, it is impossible to cleanly delineate the time spent on each individual claim. Nevertheless, because substantial portions of the testimony at trial did not relate to the Harris SWD claims, DMA has reduced its fee request with respect to trial and related preparation by 2/3. DMA thus seeks to recover 1/3 of the hours incurred

---

[2] Actually, DMA's counsel spent substantially more time than this preparing for and trying this case. However, because DMA was also representing another client (Longbranch) during the trial, DMA has cut its claimed pretrial and trial hours approximately in half.

with respect to trial of this matter, including the Harris SWD claims and the affirmative defenses asserted by Wright and KrisJenn.

### D. Conclusion

In all, and as shown above, DMA seeks a reasonable award of attorneys' fees related to litigation of its declaratory and breach-of-contract claims arising from the Harris SWD Agreement and Wright, Black Duck, and KrisJenn's affirmative defenses to the same. Multiplying those rates by the hours indicated above, DMA calculates the following fee amount:

|  | Rate | Hours | | | Total $ |
|---|---|---|---|---|---|
|  |  | Interpleader | Deposition[3] | Pretrial/Trial[3] |  |
| Chris Johns | $ 450 | 45 | 0 | 25.4 | $ 31,695 |
| Christie Hebert | $ 375 | 110 | 0 | 25.3 | $ 50,750 |
| Tim Cleveland | $ 450 | 0 | 14.7 | 28.3 | $ 19,320 |
| Austin Krist | $ 310 | 0 | 0.47 | 28.7 | $ 9,031 |
| David Johns | $ 100 | 2 | 0 | 8.7 | $ 1,067 |
| CT Clerk | $ 85 | 0 | 0 | 9.1 | $ 771 |
| Natalie Wilson | $ 375 | 11.6 | 0 | 0 | $ 4,350 |
|  |  |  |  | Total Sum: | $ 116,984 |

DMA respectfully requests the Court award these reasonable attorneys' fees to DMA.

### II. Motion to Alter or Amend Judgment

Under Federal Rule of Civil Procedure 59(e) and Federal Rule of Bankruptcy Procedure 9023, a party may move to alter or amend a judgment within 14 days of entry of the judgment. Here, DMA moves to amend the judgment to directly address DMA's claim for breach of the Harris SWD Agreement. In its opinion, the Court found in favor of DMA on its claim for breach of the Harris SWD Agreement and concluded that Black Duck "breached the Harris SWD Agreement." Mem. Op. [#236] at 29. However, Larry Wright—the sole owner of Black Duck and

---

[3] As explained above, these claimed hours constitute 1/3 of the total hours incurred on behalf of DMA. For example, Tim Cleveland spent 172 hours preparing for and trying this case, but half of those hours were incurred on behalf of Longbranch and have been excluded. Of the hours incurred by Mr. Cleveland on behalf of DMA, DMA only claims 1/3 of those hours (28.3 hours) in connection with the Harris SWD Agreement and Defendants' related affirmative defenses.

controlling member of KrisJenn—also signed the Harris SWD Agreement in his individual capacity. DX4 (Harris SWD Agreement) (signing "on behalf of himself and Black Duck").

Because Wright signed the agreement in his individual capacity and then breached the agreement by failing to pay DMA its portion of the Bigfoot Note payments, DMA requests the Court amend the judgment to specify that Black Duck and Wright are both liable on DMA's claim for breach of the Harris SWD Agreement. This amendment is necessary because, although the Court's judgment recognizes that DMA is entitled to 50% of the Bigfoot Note payments "under the terms of the Email Agreement and Harris SWD Agreement," the judgment does not directly explain which parties are liable on DMA's breach of contract claim. *See* Judgment [#237] at 2.

Respectfully submitted,

*/s/ Christopher S. Johns*
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

*/s/ Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
Austin Krist
State Bar No. 24106170
CLEVELAND | TERRAZAS PLLC
303 Camp Craft Road, Suite 325
Austin, Texas 78746
(512) 689-8698
tcleveland@clevelandterrazas.com
akrist@clevelandterrazas.com
Natalie F. Wilson
State Bar No. 24076779
LANGLEY & BANACK
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

*Attorneys for DMA and Moore*

12

**CERTIFICATE OF CONFERENCE**

    I hereby certify that on April 7, 2021, I contacted counsel for Wright, Black Duck, and KrisJenn to confer regarding the reasonable rates and hours incurred (stated above) and to determine whether opposing counsel opposed this motion. Opposing counsel stated that they opposed any claimed hourly rate and any claimed fees.

                                                                 */s/ Austin H. Krist*
                                                                 Austin H. Krist

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 7, 2021 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Ronald J. Smeberg<br>Charles John Muller, IV<br>MULLER SMEBERG, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john@muller-smeberg.com<br><br>*Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, KrisJenn Ranch, LLC, Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>DUKE BANISTER MILLER & MILLER<br>22310 Grand Corner Drive, Suite 110<br>Katy, TX 77494<br>jduke@dbmmlaw.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Shane P. Tobin<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>shane.p.tobin@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | John Terrill<br>12712 Arrowhead Lane<br>Oklahoma City, OK 73120<br><br>*Third Party-Defendant, pro se* |
| Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* | |

                                                              */s/ Christopher S. Johns*
                                                              Christopher S. Johns