# EXHIBIT 1: (Fee Declaration)

Ex. 2 (Billing Records) - Page 1 of 37

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § § § | CHAPTER 11 |
| KrisJenn Ranch, LLC, | § § | |
| *Debtor* | § § § | CASE NO. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC, | § § § § § § | |
| *Plaintiffs*, | § § | ADVERSARY NO. 20-05027 |
| v. | § § | |
| DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP, | § § § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP, | § § § | |
| *Counterplaintiffs*, | § § § | |
| v. | § § | |
| KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline ROW, Black Duck Properties, LLC, Larry Wright, | § § § § § | ADVERSARY NO. 20-05027 |
| *Counterdefendants.* | § § § § | |

1

# DECLARATION OF TIMOTHY CLEVELAND PROVING ATTORNEYS' FEES AND VERIFYING EXHIBITS

1. My name is Timothy Cleveland. I am one of the counsel for DMA Properties, Inc. ("DMA"). I am of sound mind, over the age of 18, have never been convicted of a crime and am otherwise fully competent to execute this Declaration. My date of birth is April 24, 1981 and my business address is 303 Camp Craft Rd., Suite 325, Westlake Hills, Texas 78746. I have personal knowledge of the facts set forth in this Declaration, all of which are true and correct.

2. I am a shareholder with the law firm of Cleveland Terrazas PLLC. I am a member in good standing with the State Bar of Texas and have never been subject to any disciplinary action by the State Bar of Texas or any grievance committee.

3. I am admitted to practice in state courts in Texas as well as federal district and bankruptcy courts in the Western District of Texas. Since graduating with honors from the University of Texas School of Law in 2006, I have tried numerous jury and non-jury cases, including arbitrations, in multiple types of disputes including contracts, partnerships, trade secrets, and torts. Prior to founding Cleveland Terrazas PLLC in 2016, I practiced for six years at Beck Redden LLP in Houston and Austin and then practiced as a partner at Weisbart Springer Hayes in Austin. I have spent the entirety of my nearly 15 years of practicing law litigating business disputes in the state and federal courts and arbitrations in Texas, and over the course of the last decade, I have regularly practiced in the Western District of Texas. I have been selected as a Texas Rising Star for multiple years and was recently selected as a Texas Super Lawyer for 2021 in Business Litigation. I also have experience in supervising other litigation attorneys and coordinating the professional efforts of others for the prosecution and defense of complex litigations and arbitrations.

4. Based on my experience, I am familiar with the types of services appropriately, reasonably, and necessarily rendered by litigators in this area in conjunction with the representation of clients in federal and state courts in Texas, and specifically the Western District. I am familiar with the skill, experience, ability, and expertise appropriately, reasonably, and necessarily requisite to the rendition of these litigation services by attorneys and litigation paralegals/clerks; the amount of time and labor appropriately, reasonably, and necessarily expended by attorneys and litigation paralegals/clerks in rendering these services to clients; and the usual and customary hourly fee rates appropriately, reasonably, and necessarily charged and billed in cases for time expended by attorneys and litigation paralegals/clerks in rendering these services.

5. My opinions regarding reasonable and necessary attorneys' fees and costs in this case are based on my experience and familiarity with attorneys' fees, litigation paralegal/clerk's fees, and costs customarily charged and awarded, the amount in controversy, the results obtained, the nature of this case, the amount of time spent on this case, the time and labor required, the skill required to perform the legal services properly, the nature and length of the professional relationship with the clients, the experience, reputation, and ability of the lawyers and litigation clerks performing the services, and the probability that additional services may be required in the prosecution of this case. Additionally, I conferred with our

        bankruptcy counsel, Natalie Wilson, to confirm that the rates charged in bankruptcy adversary proceedings in the Western District track the rates charged by lawyers prosecuting matters of similar subject matter and complexity brought in federal district courts within the Western District.

6. I am of the opinion that reasonable hourly rates for similar attorneys as to those working on this case range between $250 to $500 per hour, with litigation clerk rates ranging between $75 to $150 per hour. In reaching this opinion I have considered the following factors:

   a. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

   b. The likelihood that the acceptance of the particular employment will preclude the employment of the Defendant's counsel by others, or cause antagonism with other clients;

   c. The fee or fees customarily charged in this locality for similar legal services;

   d. The amount involved in the controversy, the benefits resulting or lack thereof;

   e. The time limitation imposed by the matter or the circumstances;

   f. The nature and length of the professional relationship of defense counsel with the Defendant;

   g. The experience, reputation, and ability of the lawyer performing the services; and

   h. The contingency or certainty of a fee.

   These factors have been applied consistent with decisions from the highest courts in Texas, including *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *see also Totran Transp. Servs., Ltd. v. Fitzley, Inc.*, Civil Action No. L-08-125, 2010 WL 519765, at *3 (S.D. Tex. 2010) (mem. op.), and the applicable statutes and rules of procedure.

7. Based on the above and my knowledge of the prevailing market rate in litigations for similar work, I am of the opinion that a reasonable hourly fee/rate for the legal services provided by the attorneys and clerks, is within the range of reasonableness, specifically:

3

| | |
|---|---|
| Chris Johns | $450/hour (14 years of experience) |
| Timothy Cleveland | $450/hour (14 years of experience) |
| Natalie Wilson | $375/hour (13 years of experience) |
| Christie Hebert | $375/hour (6 years of experience) |
| Austin Krist | $310/hour (5 years of experience) |
| David Johns | $100/hour (8+ years of experience) |
| Litigation Clerks | $85/hour |

8. In my opinion, the reasonable number of hours required to prosecute this case, including drafting the petition, propounding discovery requests, drafting and arguing a motion for summary judgment, and preparing this document and the related filings is dependent upon the factors I previously referenced, plus the following factors:

- The case's legal and factual complexity;

- The size of the case with regard to:

    a. Damages sought, and whether counterclaims are asserted;

    b. Extent of relevant evidence;

    c. Extent of discoverable documentation; and

    d. Number of witnesses with relevant or discoverable information.

- Special issues involving the case;

- Case prosecution and defense strategies and case personalities; and

- Sophistication of the parties.

9. In determining the reasonableness of the time spent in the prosecution of this case, I went through the legal invoices, carefully reviewed the pleadings, considering the level of complexity and magnitude of the case. I also looked for factors that necessarily cause the amount of time in the case to be incurred. From the review of the invoices, there was a significant amount of time necessarily spent on the initial pleadings, the successful motion for partial summary judgment, the deposition of Larry Wright on issues including his foreclosure on the Bigfoot Note and the basis for his equitable defenses, and the trial of the case, which focused heavily on the "business divorce" between Mr. Moore and Mr. Wright which included the division of funds from the Harris SWD.

4

10. In corroborating the necessity of the time spent, I also reviewed and considered factors such as the magnitude of the case, the level of sophistication of the parties and their claims, the damages claimed, and the special issues in the case.

11. This affidavit is accompanied by true and correct copies of invoices showing the fees and costs incurred by DMA in bringing this litigation to recover amounts owed under the Harris SWD Agreement and in seeking declaratory judgment regarding the same. These invoices have not been altered other than to redact privileged information and to remove entries for which DMA is not seeking reimbursement.

12. Because DMA's counsel represented both DMA and Longbranch Energy during the time period leading up to and during the trial, DMA has reduced its claimed fees for trial and trial preparation by approximately 50 percent. Towards that end, Chris Johns and Christie Hebert have submitted fee records which already reflect a 50 percent reduction. My law firm (Cleveland Terrazas) has submitted fee records showing the overall fees incurred on behalf of both clients during trial preparation and trial; I then applied a 50% reduction to the amounts of hours reflected in those Cleveland Terrazas fee records.

13. It is my opinion that the hours incurred by DMA's counsel, as reflected on the time sheets, were reasonable and necessary. However, I further considered the law regarding segregating nonrecoverable fees. *See, e.g.*, *A.G. Edwards & Sons, Inc. v. Beyer*, 235 S.W.3d 704, 710 (Tex. 2007); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 314 (Tex. 2006). DMA's claims in this case all originate from and involve the same related locus of facts, and in particular, the "business divorce" and the Harris SWD Agreement that was central to that divorce. Accordingly, many of the tasks in this case, including depositions, trial, and preparation for trial, were for the benefit of and were inextricably intertwined with DMA's declaratory and breach of contract claims based on the Harris SWD Agreement. To account for these intermixed fees with respect to case preparation, related pleadings, motion practice, hearing preparation, depositions, and preparation for and attendance at trial, I have reduced the total fee requested by two-thirds (66.66%), which is reasonable given the overlap of the claims in this case. In addition, I have exercised billing judgment and excluded from my calculations fees that were redundant and that could be marked down. Those include tasks focused on DMA's other claims in this litigation.

14. In light of the above, I believe DMA incurred the following reasonable and necessary attorneys' fees in connection with recovering amounts owed under the Harris SWD Agreement and securing declaratory judgment related to the same:

5

|  | Rate | Hours | | | Total $ |
|---|---|---|---|---|---|
|  |  | Interpleader | Deposition[1] | Pretrial/Trial[1] |  |
| Chris Johns | $ 450 | 45 | 0 | 25.4 | $ 31,695 |
| Christie Hebert | $ 375 | 110 | 0 | 25.3 | $ 50,750 |
| Tim Cleveland | $ 450 | 0 | 14.7 | 28.3 | $ 19,320 |
| Austin Krist | $ 310 | 0 | 0.47 | 28.7 | $ 9,031 |
| David Johns | $ 100 | 2 | 0 | 8.7 | $ 1,067 |
| CT Clerk | $ 85 | 0 | 0 | 9.1 | $ 771 |
| Natalie Wilson | $ 375 | 11.6 | 0 | 0 | $ 4,350 |
|  |  |  |  | Total Sum: | $ 116,984 |

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on the April 7, 2021.

_____
Timothy Cleveland

---

[1] As explained above, these claimed hours constitute 1/3 of the total hours incurred on behalf of DMA. For example, Tim Cleveland spent 172 hours preparing for and trying this case, but half of those hours were incurred on behalf of Longbranch and have been excluded. Of the hours incurred by Mr. Cleveland on behalf of DMA, DMA only claims 1/3 of those hours (28.3 hours) in connection with the Harris SWD Agreement and Defendants' related affirmative defenses.

6