# EXHIBIT 3:
# (Wilson Decl. & Billing Records)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **KRISJENN RANCH, LLC** | § | |
| *Debtor* | § | **Case No. 20-50805** |
| | § | |
| **KRISJENN RANCH, LLC and** | § | |
| **KRISJENN RANCH, LLC-SERIES** | § | |
| **UVALDE RANCH, and KRISJENN** | § | |
| **RANCH, LLC-SERIES PIPELINE** | § | |
| **ROW as successors in interest to** | § | |
| **BLACKDUCK PROPERTIES, LLC,** | § | |
| *Plaintiffs* | § | |
| **v.** | § | |
| **DMA PROPERTIES, INC., and** | § | |
| **LONGBRANCH ENERGY, LP,** | § | **Adversary No. 20-05027** |
| *Defendants* | § | |
| **DMA PROPERTIES, INC.** | § | |
| *Counter-Plaintiff/Third Party Plaintiff* | § | |
| **v.** | § | |
| **KRISJENN RANCH, LLC,** | § | |
| **KRISJENN RANCH, LLC-SERIES** | § | |
| **UVALDE RANCH, and KRISJENN** | § | |
| **RANCH, LLC-SERIES PIPELINE ROW,** | § | |
| **BLACKDUCK PROPERTIES, LLC,** | § | |
| **LARRY WRIGHT, and JOHN TERRILL** | § | **Adversary No. 20-05027** |
| *Counter-Defendants/Third-Party Defendants* | § | |

## DECLARATION OF NATALIE F. WILSON IN SUPPORT OF REQUEST FOR ATTORNEYS' FEES AND EXPENSES

To The Honorable Ronald B. King, Chief United States Bankruptcy Judge:

My name is Natalie F. Wilson. I am over 18 years of age; of sound mind; capable of making this declaration; fully competent to testify to the matters stated herein; and under no disability that prevents me from making this declaration. I have personal knowledge of each of the matters stated herein, unless otherwise indicated or qualified, and all of the facts stated herein are true and correct.

L & B 24000/0002/L1930382.DOCX/      1

I acquired this personal knowledge as a result of my activities and duties as an attorney for DMA Properties, Inc. ("DMA") as more particularly set forth below.

I am Shareholder in the firm of Langley & Banack, Inc. ("Langley & Banack"). I received my Doctor of Jurisprudence Degree from the University of Hawaii William S. Richardson School of Law in 2007. I am licensed to practice law before the Supreme Court of the United States; the Fifth and Ninth Circuit Courts of Appeal; the United States District Courts for the District of Hawaii, Western District of Texas, Northern District of Texas, and Southern District of Texas; the State of Texas (2011), and the State of Hawaii (2007, voluntarily inactive). I am Board Certified in Business Bankruptcy Law by the Texas Board of Legal Specialization and have held such certification since 2018.

In rendering the opinions concerning the necessity and reasonableness of the fees incurred in this matter, I have considered the following factors:

(A)     The time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(B)     The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

(C)     The fee customarily charged in the locality for similar legal services;

(D)     The amount involved and the results obtained;

(E)     The time limitations imposed by the client or by the circumstances;

(F)     The nature and length of the professional relationship with the client, Langley & Banack, Inc., and/or its attorneys;[1]

(G)     The experience, reputation, and ability of the lawyer or lawyers performing the services.

(H)     Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. Langley & Banack was retained on an hourly fee basis in this case.

I am one of the attorneys of record for DMA in this case. More specifically, I was hired as bankruptcy counsel after pre-petition state court litigation was removed to this Court. I am familiar with the facts of this case and the work that has taken place to date in this case or which would be required in the future in this case. I have also been involved in litigation similar to this cause as well as many other types of litigation. I have actively participated in and reviewed the file, legal

---

[1] Attached hereto as **Exhibit A** is my profile, reflecting greater detail of my education, experience, and expertise.

issues, pleadings and correspondence among counsel in connection with this matter as of the date shown below.  I have further actively participated in the preparation and presentation of this case.

Attorneys' services and fees in this case have been incurred in connection with our legal services performed for DMA in this adversary proceeding.

The attached invoices submitted as **Exhibit B-1** reflect the hours and hourly rates applied in this case by the attorneys representing DMA in this case.  The hourly rates are appropriate and reasonable for the training and experience of each respective attorney and paralegal, and are customarily charged in the locality of Bexar County and the Western District of Texas for similar legal services.  In fact, the hourly rate of $375.00/hr was a reduced rate from my typical hourly rate for bankruptcy litigation matters.  My standard hourly rate for such matters is $400/hr which is reasonable and appropriate under all the relevant circumstances.

I am the only timekeeper from Langley & Banack who provided services to DMA in this case.  I am identified on the attached invoices as Timekeeper 0194.  The invoices have been redacted to protect privileged communications and attorney-work product.  The invoices have also been redacted to exclude time entries that were not related to the successful prosecution of DMA's claims related to the Harris Saltwater Disposal Well ("Harris SWD"), sometimes referred to as the "Bigfoot Note."  For convenience, attached hereto as **Exhibit B-2** is a spreadsheet showing only those time entries related to the Harris SWD/Bigfoot Note.

In this case, DMA asserted that it had a valid and enforceable agreement under which it was owed 50% of the payments made by Bigfoot pursuant to the Bigfoot Note.  The total of the payments that the Debtor had wrongfully withheld from DMA was more than $150,000.00.  After the pre-petition litigation was removed to this Court, I primarily assisted litigation counsel in (a) conforming to local rules and practice and (b) developing a litigation strategy consistent with bankruptcy law and procedure.  I have excluded time that did not directly contribute to the award of the funds paid into the registry of the Panola County Court to DMA, including, for example, all the days that I attended trial.

It is my opinion that the fees charged, the hours worked, and services provided are reasonable, necessary, just and equitable for litigation of this type. Exhibit **B** was compiled from Langley & Banack, Inc.'s contemporaneous time records and invoices, which are kept by Langley & Banack, Inc. in the regular course of business, and it was the regular course of business of Langley & Banack, Inc. for an employee or representative of Langley & Banack, Inc., with knowledge of the act, event, condition, opinion, or diagnosis that was recorded, to make this record or to transmit the information to be included in this record. The record was made at or near the time or reasonably soon after the act, event, condition, opinion, or diagnosis that was recorded. The records attached to this affidavit are the originals or exact duplicates of the originals (subject to the redactions).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of April, 2021 at San Antonio, Texas.

_____
NATALIE F. WILSON

# EXHIBIT A

# Natalie Friend Wilson

**langleybanack.com**/professionals/natalie-friend-wilson

Attorney, Shareholder



## Location(s)

  San Antonio, Texas Attorneys

## About Natalie Friend Wilson

Natalie Wilson has a passion for helping businesses thrive in challenging economic and regulatory environments. She has over a decade of experience representing debtors, trustees, and creditors in commercial bankruptcy cases filed under chapters 7 and 11 of the Bankruptcy Code, including related litigation and appeals. She also consults with other members of the firm about bankruptcy-related issues or questions that may arise in litigation or transactional matters.

The foundation of Ms. Wilson's success in the restructuring arena is her ability to quickly learn the intricacies of a particular business so that she can develop creative, yet feasible, solutions to the challenges in any given industry. One common source of great uncertainty and potential liability across all industries is cybersecurity, data protection, and privacy. Recognizing the potentially enormous impact that cyber-attacks and data breaches can have

Ex. 3 (Wilson Decl. & Billing Records) - Page 7 of 20

on business operations and profitability, Ms. Wilson expanded her practice to include these areas. She assists businesses in developing and implementing policies, terms of use, response plans, and in responding to adverse incidents.

Prior to joining Langley & Banack, Ms. Wilson clerked for Associate Justice Simeon R. Acoba, Jr. (Ret.) at the Hawaii Supreme Court. Her clerkship honed her research and writing skills and gave her insight into how courts decide cases. Most importantly, Justice Acoba emphasized the commitment to providing quality representation and service to every party before the Court and set an example of professionalism that established the tone for Ms. Wilson's practice. After her clerkship, Ms. Wilson entered private practice in Honolulu, Hawaii, practicing before the bankruptcy, federal, and state courts in Hawaii.

In addition to her thriving legal practice and her membership in various bar associations, Ms. Wilson is active in the Military Spouse JD Network, a bar association for lawyers married to members of the armed forces. She previously served as Key Spouse Mentor for the 836th Cyberspace Operations Squadron and as the Key Spouse for the 92nd Cyber Operations Squadron (2016-2017) and the 624th Operations Center (2011-2012).

Ms. Wilson's outstanding contributions to the community have been widely recognized. She has been honored as a Professional "On the Rise" by Texas Lawyer Magazine (2018), San Antonio Business Journal's 40 Under 40 (2016), and the Belva Lockwood Outstanding Young Lawyer by the Bexar County Women's Bar Foundation (2014).  In 2020, upon her spouse's retirement from active duty service, Ms. Wilson received the "Yellow Rose of Texas" Commission from Governor Abbott.

## Education

- University of Hawai'i, William S. Richardson School of Law, J.D., *cum laude* 2007
  - CALI Certificate of Excellence for Federal Courts, 2007
  - Law Review, Articles Editor
  - Phi Delta Phi
- St. Mary's College of Maryland, B.A., *summa cum laude*, 2004
  - Phi Beta Kappa
  - Phi Alpha Theta, National History Honors Society

## Board Certifications

Business Bankruptcy, Texas Board of Legal Specialization, 2018

## Bar Admissions

Ex. 3 (Wilson Decl. & Billing Records) - Page 8 of 20

- State of Texas, 2011
- State of Hawaii, 2007 (voluntarily inactive)

## Court Admissions

- Supreme Court of the United States, 2016
- United States Court of Appeals, Fifth Circuit, 2012
- United States Court of Appeals, Ninth Circuit, 2010
- United States District Court, District of Hawaii, 2007
- United States District Court, Southern District of Texas, 2010
- United States District Court, Western District of Texas, 2011

 **Accolades**

- 2018 On the Rise award, Texas Lawyer
- Best S.A. Lawyers 2018, 2020, *San Antonio Scene*, Bankruptcy
- San Antonio Business Journal 40 Under 40, 2016
- Texas Super Lawyer Rising Star, 2015 (published by Thomson Reuters)
- Belva Lockwood Outstanding Young Lawyer, Bexar County Women's Bar Association, 2014

 **Associations**

- San Antonio Bar Foundation, Fellow, 2021
- Turnaround Management Association, Central Texas Chapter
    - Network of Women (NOW) Committee Chair, 2020 – present
    - Secretary, 2018 – present
    - President, 2018
- San Antonio Bar Association (Publications Committee, Articles Editor)
- San Antonio Bankruptcy Bar Association
    - President, 2020 – present
    - Vice President, 2018-2019
    - Secretary, 2017
- Bexar County Women's Bar Association
    - Treasurer-Elect, 2021
    - Director, 2020
    - LEAD Academy, 2018
- Hon. Larry E. Kelly Bankruptcy Inn of Court
- Military Spouse JD Network
    - Treasurer, 2015-2016
    - Treasurer-Elect, 2014-2015

Ex. 3 (Wilson Decl. & Billing Records) - Page 9 of 20

- Hawaii Women Lawyers (Board of Directors, 2007 – 2010)

## 📰 Articles » Read More

- **Shareholder Natalie Wilson discusses the life and legacy of Lucille Clifton, the first Black Poet Laureate of Maryland**

  "One of Clifton's most famous poems, Blessing the Boats, instantly transports me "home" to my beloved alma mater and the longstanding Catholic tradition of blessing the fleet that resonates with the history of St. Mary's City."

- **National Data Privacy Day Emphasizes Protection of Personal Information**

  Today is National Data Privacy Day, developed by the National Cybersecurity Alliance (NCA), to raise awareness about cybersecurity and urge individuals, businesses, non-profits and federal agencies to become better informed and armed when it comes to data. Read Natalie Wilson's thoughts on what a Democratic agenda will mean for privacy regulations in the near future.

- **Natalie Friend Wilson writes on Protecting Your Position as a Creditor in the Bankruptcy Process for the Women in the Law Section of the SBOT**

  The COVID-19 pandemic accelerated and deepened the recession that was predicted to start in the latter half of 2020. One result was a significant number of bankruptcy filings, especially in sectors that were already struggling, with no sign that the pace will slacken in 2021.

- **Erica E. Valladares and Natalie Friend Wilson newly elected San Antonio Bar Foundation Fellows**

  Fellows must demonstrate professional achievement, an exemplary reputation, and commitment to the legal community.

##  Cases & Publications

### Bankruptcy Publications

- "Protection Your Position as a Creditor in the Bankruptcy Process," Texas Women in the Law Section, State Bar of Texas, 2021
- "Bankruptcy in the #MeToo Era," San Antonio Lawyer (Jan./Feb. 2019)
- Panel: Creditors' Rights, American Bar Association Business Law Section Annual Meeting (Sept. 2018)

Ex. 3 (Wilson Decl. & Billing Records) – Page 10 of 20

- "Fight Early or Else You May Not Get to Fight at All: An Overview of the Preclusive Effect of State Court Judgments in Non-Dischargeability Actions", State Bar of Texas Annual Meeting, June 2015 (co-presented with Vanessa Deleon Guerrero)
- "The Impact of Stern v. Marshall: A Practical Approach" (CLE presentation, Nov. 2012)
- "Stern v. Marshall: A Practical Approach," San Antonio Lawyer, Sept.-Oct. 2012
- Making the Best of a Bad Situation: Planning for Business Bankruptcy https://www.thelawtog.com/making-the-best-of-a-bad-situation-planning-for-business-bankruptcy/

**Cybersecurity, Data Protection, and Privacy Publications**

- Panel: "Dark Web, Insider Threat, Cyber Resilience," San Antonio Future Con (Nov. 2019)
- Co-Presenter: "Reducing Risk for Privacy Programs in an Evolving Regulatory Landscape," IAPP Knowledge Net, San Antonio Chapter (Oct. 2019)
- "Privacy- What is the Fuss all About? A Cybersecurity, Data Protection, and Privacy Primer," Bexar County Women's Bar (Oct. 2019)
- "US Date Protection Law: Past, Present & Future," San Antonio Techno Security & Digital Forensics Conference (Sep. 2019)
- "Your Small Business Clients and Cybersecurity," San Antonio Lawyer (July/Aug. 2019)
- Panel: "Blindsided- How to Respond to an Attack," Independent Bankers Association of Texas Cybersecurity Summit (Feb. 2019)

**Reported Cases**

- Valence Technology Inc. v. KPMG Finance Inc. (In re Valence Technology, Inc.), No. 15-50381 (5th Cir. 2016) (successfully defended award of Success Fee earned by investment banker employed by the debtor) (argued)
- Official Committee of Unsecured Creditors v. Moeller (In re AGE Refining, Inc.), No. 14-50046 (5th Cir. 2015) (successfully defended appeal by Creditors' Committee of orders approving settlement with major lender and approving plan of reorganization under "cramdown" procedures) (argued)
- Villegas v. Schmidt, No. 140423 (5th Cir. 2015) (successfully defended order dismissing suit against a Chapter 7 Trustee for plaintiff's failure to receive permission from the Court appointing the Trustee as required under Barton doctrine) (submitted on briefs)
- Lopez v. Osuna, No. 04-14-00310 (Tex. Ct. App. – San Antonio 2014) (successfully appealed trial court's denial of motion to dismiss claims against standalone birthing center) (argued)

 **Personal Information**

Natalie grew up near Baltimore, MD and arrived in San Antonio via Hawaii thanks to her husband, an active duty senior non-commissioned officer in the United States Air Force. The Wilsons have fallen in love with their adopted hometown and could not imagine a better place to put down roots and raise their family. The Wilsons are active members of the Joint Base San Antonio community and parishioners at St. Joseph Catholic Church.

# EXHIBIT B-1

4/1/2021
9:58 AM
Parameter Set: AR-T&ERPT

**Langley & Banack, Incorporated**

20-05027-rbk  Doc#240-3 Filed 04/07/21 Entered 04/07/21 19:50:23  Ex 3 (Wilson Decl. & Billing Records) Pg 14 of 20

Report: TIME12
Detailed Time Report
Date Range (Time): Beginning through Reporting Disbs Beginning to Time to 4/1/2021
Currency: USD

| Client: | 24000 | DMA Properties, Inc. | Bill Tkpr: | 0194 | Wilson, Natalie F. | Client Last Payment: | 3/10/2021 |
|---|---|---|---|---|---|---|---|
| Matter: | 0002 | sJenn Ranch, LLC et al v. DMA Propert | Resp Tkpr: | 0194 | Wilson, Natalie F. | Matter Last Billed: | 3/10/2021 |

**Detailed Time Section (Matter)**

| Tkpr | Date | Hours | Amount | Rate | Status | Description of Services Rendered | Time ID |
|---|---|---|---|---|---|---|---|
| 0194 | 8/13/2020 | 0.80 | $300.00 | 375.00 | ■ | Revise SWD MSJ to conform to bankruptcy court requirements, draft proposed order. | 2269373 |
| 0194 | 8/20/2020 | 0.30 | $112.50 | 375.00 | ■ | Receive various motions from opposing counsel, brief review of same, email communications with litigation team regarding request to continue MPSJ Bigfoot Note Hearing. | 2272264 |

Ex. 3 (Wilson Decl. & Billing Records) - Page 14 of 20

4/1/2021          Langley & Banack, Incorporated         Report: TIME12

9:58 AM    20-05027-rbk Doc#240-3 Filed 04/07/21 Entered 04/07/21 19:50:23 Ex 3 (Wilson Decl.

Parameter Set: AR-T&ERPT   Date Range (Time): Beginning to 4/1/2021 Disb: Beginning Time to 4/1/2021    Currency: USD

| Client: | 24000 | DMA Properties, Inc. | Bill Tkpr: | 0194 | Wilson, Natalie F. | Client Last Payment: | 3/10/2021 |
| Matter: | 0002 | sJenn Ranch, LLC et al v. DMA Propert | Resp Tkpr: | 0194 | Wilson, Natalie F. | Matter Last Billed: | 3/10/2021 |

**Detailed Time Section (Matter)**

| Tkpr | Date | Hours | Amount | Rate | Status | Description of Services Rendered | Time ID |
|---|---|---|---|---|---|---|---|
| 0194 | 8/23/2020 | 1.20 | $450.00 | 375.00 | ▮ | Draft Response in Opposition to Motion to Continue, including brief legal research regarding movant's burden for obtaining continuance under FRCP 56(d). | 2273397 |
| 0194 | 8/24/2020 | 0.40 | $150.00 | 375.00 | ▮ | Finalize and file Response to Motion to Continue Hearing on Bigfoot MPSJ. | 2273974 |
| 0194 | 8/24/2020 | 0.10 | $37.50 | 375.00 | ▮ | Review KrisJenn Supplement to Motion to Continue. | 2274071 |
| 0194 | 8/25/2020 | 0.70 | $262.50 | 375.00 | ▮ | Appear at hearing on Motion to Con inue Bigfoot MPSJ. | 2274390 |
| 0194 | 9/14/2020 | 0.40 | $150.00 | 375.00 | ▮ | Brief analysis of Debtor's Response to SWD MPSJ, communicate with co-counsel regarding | 2283293 |
| 0194 | 9/16/2020 | 0.40 | $150.00 | 375.00 | ▮ | Confer with co-counsel regarding strategy for response to SWD MPSJ. | 2283860 |
| 0194 | 9/21/2020 | 2.50 | $937.50 | 375.00 | ▮ | Participate in moot MPSJ argument. | 2285660 |
| 0194 | 9/21/2020 | 0.20 | $75.00 | 375.00 | ▮ | Review KrisJenn August MOR to determine if there is anything relevant to MSJ hearing | 2286257 |

4/1/2021    Langley & Banack, Incorporated    Report: TIME12

9:58 AM    20-05027-rbk Doc#240-3 Detailed Time Report 04/07/21 Entered 04/07/21 19:50:23 Ex 3 (Wilson Decl. 13

Parameter Set: AR-T&ERPT    Date Range (Time): Beginning & Billing Records) Pg 16 of 20 Beginning Time to 4/1/2021    Currency: USD

| Client: | 24000 | DMA Properties, Inc. | Bill Tkpr: | 0194 | Wilson, Natalie F. | Client Last Payment: | 3/10/2021 |
| Matter: | 0002 | sJenn Ranch, LLC et al v. DMA Propert | Resp Tkpr: | 0194 | Wilson, Natalie F. | Matter Last Billed: | 3/10/2021 |

**Detailed Time Section (Matter)**

| Tkpr | Date | Hours | Amount | Rate | Status | Description of Services Rendered | Time ID |
|------|------|-------|--------|------|--------|----------------------------------|---------|
| 0194 | 10/8/2020 | 0.80 | $300.00 | 375.00 | | Prepare for summary judgment hearing | 2295094 |
| 0194 | 10/12/2020 | 0.20 | $75.00 | 375.00 | | Correspondence with court and co-counsel confirming MSJ hearing by Webex | 2296075 |
| 0194 | 10/12/2020 | 0.20 | $75.00 | 375.00 | | Brief review of sur-reply and evidentiary objections, communication with C. Hebert regarding same | 2296090 |
| 0194 | 10/13/2020 | 1.60 | $600.00 | 375.00 | | Appear telephonically at hearing on Motion for Partial Summary Judgment | 2296470 |
| 0194 | 10/13/2020 | 0.40 | $150.00 | 375.00 | | Revise post-hearing orders on MPSJ and Motion to Quash Strolle deposition | 2296471 |
| 0194 | 10/30/2020 | 0.50 | $187.50 | 375.00 | | Communications with Debtor's counsel and C. Hebert regarding proposal for consensual resolution of Bigfoot Note issue | 2305102 |
| 0194 | 11/3/2020 | 0.60 | $225.00 | 375.00 | | Conference with C. Hebert and J. Muller regarding resolution of Bigfoot note payments. | 2306905 |

Ex. 3 (Wilson Decl. & Billing Records) - Page 16 of 20

4/1/2021
9:58 AM
Parameter Set: AR-T&ERPT

**Langley & Banack, Incorporated**

20-05027-rbk  Doc#240-3  Detailed Time & Expense Report  Filed 04/07/21  Entered 04/07/21 19:50:23  Ex. 3 (Wilson Decl.

Date Range (Time): Beginning of Time to 4/1/2021 & Billing Records) Pg 17 of 20 Beginning of Time to 4/1/2021

Report: TIME12
Page: 13
Currency: USD

| Client: | 24000 | DMA Properties, Inc. | | Bill Tkpr: | 0194 | Wilson, Natalie F. | Client Last Payment: | 3/10/2021 |
|---|---|---|---|---|---|---|---|---|
| Matter: | 0002 | sJenn Ranch, LLC et al v. DMA Propert | | Resp Tkpr: | 0194 | Wilson, Natalie F. | Matter Last Billed: | 3/10/2021 |

**Detailed Time Section (Matter)**

| Tkpr | Date | Hours | Amount | Rate | Status | Description of Services Rendered | Time ID |
|---|---|---|---|---|---|---|---|
| ███ | ███ | ███ | ███ | ███ | ▌ | ████████ | ███ |
| ███ | ███ | ███ | ███ | ███ | ▌ | ████████ | ███ |
| 0194 | 12/11/2020 | 0.30 | $112.50 | 375.00 | | Call with C. Hebert regarding ████████ funds held in Panola County Registry | 2322288 |

# EXHIBIT B-2

| Time ID | Date | Hours | Amount | Rate | Description |
|---|---|---|---|---|---|
| 2269373 | 8/13/2020 | 0.8 | 300 | 375 | Revise SWD MSJ to conform to bankruptcy court requirements, draft proposed order |
| 2272264 | 8/20/2020 | 0.3 | 112.5 | 375 | Receive various motions from opposing counsel, breif review of same, email communications with litigation team regarding request to continue MPSJ Bigfoot Note Hearing |
| 2273397 | 8/23/2020 | 1.2 | 450 | 375 | Draft Response in Opposition to Motion to Continue, icnludign breif legal research regarding movamnt's burden for obtaining continuance under FRCP 56(d) |
| 2273974 | 8/24/2020 | 0.4 | 150 | 375 | Finalize and file Repsonse to Motion to Continue Hearing on Bigfoot MPSJ |
| 2270471 | 8/24/2020 | 0.1 | 37.5 | 375 | Review KrisJenn Supplement to Motion to Continue |
| 2274390 | 8/25/2020 | 0.7 | 262.5 | 375 | Appear at hearing on motion to Continue Bigfoot MPSJ |
| 2283293 | 9/14/2020 | 0.4 | 150 | 375 | Brief analysis of debtor's Response to SWD MPSJ, communicate with co-counsel [readacted for work-product] |
| 2283860 | 9/16/2020 | 0.4 | 150 | 375 | Confer with co-counsel regarding straetgy for response to SWD MPSJ |
| 2285660 | 9/21/2020 | 2.5 | 937.5 | 375 | Participate in moot MPSJ argument |
| 2286257 | 9/21/2020 | 0.2 | 75 | 375 | Review KrisJenn August MOR to determine if there is anything relevant to MSJ hearing [redacted for work product] |
| 2295096 | 10/8/2020 | 0.8 | 300 | 375 | Prepare for summary judgment hearing |
| 2296075 | 10/12/2020 | 0.2 | 75 | 375 | Correspondence with court and co-counsel confirming MSJ hearing by Webex |
| 2296090 | 10/12/2020 | 0.2 | 75 | 375 | Brief review of sur-reply and evidentiary objections, communication with C. Hebert regarding same |
| 2296470 | 10/13/2020 | 1.6 | 600 | 375 | Appear telephonically at hearing on Motion for Partial Summary Judgment |
| 2296471 | 10/13/2020 | 0.4 | 150 | 375 | Revise post-hearing orders on MPSJ and Motion to Quash Strolle deposition |
| 2305102 | 10/30/2020 | 0.5 | 187.5 | 375 | Communcations with Debtor's counsel and C. Hebert regarding proposal for consensual resoltuion of Bigfoot Note issue |
| 2306905 | 11/3/2020 | 0.6 | 225 | 375 | Conference with C. Hebert and J. Muller regarding resolution of Bigfoot note payments |
| 2322288 | 12/11/2020 | 0.3 | 112.5 | 375 | Call with C. Hebert regarding [redacted for work product] funds held in Panola County Registry [redacted for work product] |

| | | |
|---|---|---|
| | | |
| | 4350 | |
| | 11.6 | |
| | | |
| | Total | |