# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: § | | Chapter 11 |
| **KRISJENN RANCH, LLC,** § | | |
| § | | |
| *Debtor* § | | Case No. 20-50805 |
| § | | |

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE** § | | |
| **ROW as successors in interest to** § | | |
| **BLACKDUCK PROPERTIES, LLC,** § | | |
| *Plaintiffs* § | | |
| § | | |
| v. § | | |
| § | | |
| **DMA PROPERTIES, INC., and** § | | |
| **LONGBRANCH ENERGY, LP,** § | | Adversary No. 20-05027 |
| *Defendants* § | | |

| | | |
|---|---|---|
| **DMA PROPERTIES, INC,** § | | |
| *Cross-Plaintiff/Third Party Plaintiff* § | | |
| § | | |
| v. § | | |
| § | | |
| **KRISJENN RANCH, LLC,** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE ROW,** § | | Adversary No. 20-05027 |
| **BLACK DUCK PROPERTIES, LLC,** § | | |
| **LARRY WRIGHT, and JOHN TERRILL,** § | | |
| *Cross-Defendants/Third-Party* § | | |
| *Defendants* § | | |

**KRISJENN RANCH, LLC, KRISJENN RANCH, LLC-SERIES UVALDE RANCH, AND KRISJENN RANCH, LLC-SERIES PIPELINE ROW, AS SUCCESSORS-IN-INTEREST TO BLACK DUCK PROPERTIES, LLC'S AND LARRY WRIGHT'S JOINT RESPONSE TO DMA PROPERTIES, INC.'S MOTION FOR ATTORNEY'S FEES AND <u>RESPONSE TO MOTION UNDER FED. R. BANKR. P. 9023</u>**

TO THE HONORABLE CHIEF BANKRUPTCY JUDGE RONALD B. KING:

COME NOW Debtors, Plaintiffs, and Counter-Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, and KrisJenn Ranch, LLC-Series Pipeline Row, as successors-in-interest to Black Duck Properties, LLC, (collectively the "Debtors") and Third-Party Defendant Larry Wright ("Wright"), and file this Joint Response to DMA Properties, Inc.'s ("DMA") Motion for Attorney's Fees ("DMA's Motion") and would respectfully show as follows:

## BACKGROUND

1. On or about May 1, 2020, Debtors filed their Original Complaint seeking a judicial declaration that the covenants contained in two net-profits agreements were personal covenants and not real covenants, that KrisJenn Ranch was not a successor or assign to Black Duck Properties, LLC, and that KrisJenn Ranch had loaned certain funds to Black Duck Properties, LLC.

2. In response, DMA, Frank Daniel Moore, and Longbranch Energy, LP filed shotgun pleadings against the Debtors, Larry Wright, John Terrill, and Black Duck Properties, LLC, asserting no less than thirty causes of action.

3. On October 13, 2020, the Court heard and granted DMA's Motion for Partial Summary Judgment, adjudicating that DMA held an ownership interest in the Bigfoot Note Payments.

4. Between January 11 and February 11, 2021, the Court held a bench trial on the claims at issue. Following the conclusion of trial, on March 24, 2021, the Court rendered Declaratory judgment "in favor of DMA that, under the terms of the Email Agreement and Harris SWD Agreement, DMA has an ownership interest in 50% of the Bigfoot Note payments. . . the Court [ ] award[ed] DMA $175,143.60 from the funds held in the Panola County court registry, plus attorney's fees from the court registry if DMA requests attorney's fees in accordance with FED. R.

BANKR. P. 7054 and Local Bankruptcy Rule 7054." (Dkt. 237 at p. 2). The Court concurrently denied all other claims asserted by DMA. (Dkt. 236).

5. In its most recently filed Amended Counterclaims and Third-Party Claims, DMA asserted a cause of action for breach of the Bigfoot Note and a claim for Declaratory Relief against Black Duck Properties, LLC ("Black Duck") and the Debtors. (Dkt. 172 at pp. 34, 38). The contract that was alleged to be breached was between DMA and Black Duck. DMA did not assert alter ego claims against Larry Wright. Black Duck was never served with process and did not appear in this case. Notwithstanding these facts, pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, DMA seeks to amend this Court's Judgment "to specify that Larry Wright and Black Duck are both liable for breach of the Harris SWD Agreement." (Dkt. 240 at p 4).

6. Moreover, DMA seeks recovery of fees pursuant section 38.001 of the Texas Civil Practice and Remedies Code under a breach of contract theory. The Court explicitly denied recovery under such a theory and Black Duck was not sued in this case for such a claim. *See* (Dkt. 236 at p. 28).

## **OBJECTIONS**

7. Debtors object to DMA's request for fees, in whole or in part, on the following bases:

   a. DMA's attorneys fail to properly segregate recoverable and non-recoverable fees;

   b. DMA's attorneys seek recovery of duplicative time entries;

   c. DMA's attorneys seek recovery of rates that are unreasonable in San Antonio, Bexar County, Texas;

   d. DMA did not request fees in accordance with Local Bankruptcy Rule 7054; and

   e. DMA seeks an amount greater than authorized in the Court's Final Judgment.

8. Debtors object to DMA's exhibits that include copies off fee bills because such evidence was not submitted at trial and evidence is now closed.

## ARGUMENT

9. A court may award costs and reasonable and necessary attorney's fees as are equitable and just under the Texas Uniform Declaratory Judgments Act. TEX. CIV. PRAC. & REM. CODE §37.009; *see also In re Belcher*, 2009 WL 3297308 (Bankr. W.D. Tex. 2009). Courts in the Fifth Circuit follow Texas law in determining the reasonableness of fees awarded pursuant to a Texas cause of action. *In re Kirk*, 525 B.R. 325, 336 (Bankr. W.D. Tex. 2015). Court have often looked at the factors outlined in *Arthur Anderson Co. v. Perry Equipment Corp.*, 945 S.W.2d 812 (Tex. 1997), which include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Id.; see also In re FWLL, Inc.*, 15-52071-CAG, 2018 WL 3954204, at *5 (Bankr. W.D. Tex. 2018). DMA's Motion for Attorney's Fees should be denied for a number of reasons including, but not limited to: (1) the lack of segregation of fees; (2) the number of hours claimed; (3) the rates charged; (4) failure to comply with Local Bankruptcy Rule 7054; and (5) the recovery of fees, if any, is to be capped at an amount equal to the outstanding balance in the Panola County Court Registry.

***DMA is only entitled to receive an award of fees, at the Court's discretion, under the Texas Uniform Declaratory Judgments Act.***

10. As a preliminary matter, DMA improperly seeks recovery of attorney's fees based upon a breach of contract claim. (Dkt. 240 p. 10). The Court did not award DMA any relief for its breach of contract claim. (Dkt. 236 p. 28). Even if the Court found that DMA is entitled to a recovery of fees for breach of contract, section 38.001 of the Texas Civil Practice and Remedies Code precludes a Limited Liability Company from liability for attorney's fees. *PEG Bandwith TX, LLC v. Texhoma Fiber, LLC*, 299 F.Supp.3d 836 (E.D. Tex. 2018); *see also Alta Mesa Holdings, L.P. v. Ives*, 488 S.W.3d 438, 453–55 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *Phoneternet, LLC v. Drawbridge Design*, No. 05-17-00890-CV, 2018 WL 3238001, at *2–3 (Tex. App.—Dallas July 3, 2018, no pet.) (mem. op.); *TEC Olmos, LLC v. ConocoPhillips Co.*, 555 S.W.3d 176, 188 (Tex. App.—Houston [1st Dist.] 2018, pet. denied); *First Cash, Ltd. v. JQ-Parkdale, LLC*, 538 S.W.3d 189, 194–200 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.); *8305 Broadway Inc. v. J & J Martindale Ventures, LLC*, No. 04-16-00447-CV, 2017 WL 2791322, at *4–5 (Tex. App.—San Antonio June 28, 2017, no pet.) (mem. op.); *Spicer, Trustee for Estate of Brady v. Maxus Healthcare Partners, LLC*, 616 S.W.3d 59, 128 (Tex. App.—Fort Worth 2020, no pet.).

11. In its Opinion, the Court acknowledged that it has "previously granted partial summary judgment to DMA establishing that DMA has a property interest in 50% of the Bigfoot Note payments." (Dkt. 236). Accordingly, the Court rendered Declaratory judgment "in favor of DMA that, under the terms of the Email Agreement and Harris SWD Agreement, DMA has an ownership interest in 50% of the Bigfoot Note payments... the Court [ ] award[ed] DMA $175,143.60 from the funds held in the Panola County court registry, plus attorney's fees from the court registry if DMA requests attorney's fees in accordance with FED. R. BANKR. P. 7054 and Local Bankruptcy

Rule 7054." (Dkt. 237 at p. 2). DMA's motion requests recovery in the amount of $138,590 in connection with its breach of contract and declaratory claims related to the Harris SWD Agreement.

12. A court may award costs and reasonable and necessary attorney's fees as are equitable and just under the Texas Uniform Declaratory Judgments Act. TEX. CIV. PRAC. & REM. CODE §37.009; *see also In re Belcher*, 2009 WL 3297308 (Bankr. W.D. Tex. 2009). DMA did not provide any supporting evidence indicating that its fees were equitable and just under the Texas Uniform Declaratory Judgments Act; rather, DMA's affidavits attempt, but fail, to establish a claim under section 38.001 for recovery for breach of contract. An award of fees can be made or withheld at the discretion of this Court. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Care Flight Air Ambulance Svc., Inc.*, 18 F.3d 323, 328 (5th Cir. 1994). Accordingly, DMA's fee application must be denied or, alternatively, reduced to account for the portion of its requested fees that relate to recovery under breach of contract.

***Movant's fee bills were not admitted into evidence.***

13. Whereas the local rules provide a procedure for making an application for fees, it does not excuse the movant from admitting its evidence. The Texas Supreme Court in *Rohromoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, held that sufficient evidence for determining reasonable and necessary fees is required. In this case, the parties agreed to admission of exhibits, largely, by agreement. Notwithstanding this agreement, DMA failed to submit its evidence of attorney's fees prior to closing evidence in this case. As such, any exhibits submitted with DMA's motion should be excluded from consideration.

14. DMA's failure to timely provide its fees bills operated as an undue surprise to KrisJenn Ranch and its series as well as Larry Wright. The nonmovants did not have DMA's fee bills to

consider prior to receiving a file stamped copy of DMA's motion and was unable to properly confer about its objections to these fees prior to this point.

***DMA's attorney fees were not properly segregated.***

15. "When attorney's fees are incurred on claims for which they are recoverable [ ]and claims for which they are not [ ], the party must segregate its fees and can be awarded only those fees that relate to the compensable claim. *In re FWLL, Inc.*, 15-52071-CAG, 2018 WL 3954204 (Bankr. W.D. Tex. 2018) (citing *In re Arnette*, 09-38643-BJH-7, 2011 WL 3651294, at *2 (N.D. Tex 2011). "A party seeking to recovery attorney's fees has the burden to show that the fees were reasonable and necessary, which among other things, requires the party to show the fees were incurred on a claim that allows recovery of such fees." *In re Rose*, 2020 WL 6877145, at *7 (Bankr. E.D. Tex. 2020) (citing *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10-11 (Tex. 1991)). "When there are multiple defendants, the fees must further be segregated so that defendants are "not charged fees for which they are not responsible. *In re FWLL, Inc.*, 15-52071-CAG, 2018 WL 3954204, at *3 (Bankr. W.D. Tex. Aug. 14, 2018). The party seeking recovery of attorney's fees always has the burden of proof to show that the fees were incurred against the particular defendant sought to be charged." *Id*.

16. DMA's fee bills relate to its counsels' joint representation of Frank Daniel Moore ("Moore"), DMA, and Longbranch Energy, LP ("Longbranch"). *See* (Dkt. 240 Ex. 1 at p. 6). Two of these parties—Moore and Longbranch—did not recover on any claims they asserted in this lawsuit. Nevertheless, DMA's counsel states they "ha[ve] reduced [] claimed fees for trial and trial preparation by approximately 50 percent . . . [t]o account for [] intermixed fees with respect to case preparation, related pleadings, motion practice, hearing preparation, depositions, and preparation for and attendance at trial [DMA] reduced the total fee requested by two-thirds". This

allocation of fees is simply unreasonable. Two of three Counter-Plaintiffs received no relief in this case. Of the approximately thirty claims asserted, DMA only prevailed on a single declaratory judgment count that was disposed of by summary judgment. DMA does not attempt to segregate the fees associated with its declaratory judgment from those fees incurred in furtherance of its other claims against Larry Wright, individually, or against KrisJenn Ranch, LLC, or either of KrisJenn Ranch, LLC's two series. Instead, DMA attempts to turn this Court's award of reasonable and necessary attorney's fees into a windfall.

17. The law and facts supporting the Bigfoot note claim were entirely different than the law and facts supporting DMA's other counterclaims. The issues addressed in the Bigfoot note claim were simplistic and easily disposed of by summary judgment. DMA's motion for summary judgment on the Bigfoot note was supported by only twelve exhibits. KrisJenn's response was only eight pages long. Under these circumstances, the Court disposed of this matter after a hearing that lasted no more than an hour.

18. The Bigfoot note claim was fully and fairly disposed of as of October 13, 2020. However, DMA subsequently amended its pleadings to seek exemplary damages. There was no legal basis for seeking such relief. As such, any attorney's fees incurred by DMA on its breach of contract claim after October 13, 2020 were inherently unreasonable and unnecessary. Further, DMA did not prevail in its efforts to seek exemplary damages. As a result, there would be no logical basis for awarding attorney's fees after that date.

19. Nevertheless, DMA attempts to recover attorney's fees by claiming that all efforts taken by its attorneys related to its claim for attorney's fees. For example, DMA suggests that its depositions related to its recoverable claim. However, DMA did not even tender deposition transcripts in support of its motion for summary judgment on the Bigfoot note. In addition, DMA

seeks recovery for over fifteen hours of depositions even though the depositions of Larry Wright and KrisJenn lasted ten hours thirty-three minutes and nine seconds on the record. The transcript is 616 pages long and references to the Bigfoot note can only be found on fourteen pages. *See* Ex. A pp. 143-152, 157, 168, 222, 224, 248. This represents 2.2% of the transcript record. The amount of time spent on the Bigfoot note paled in comparison to the time spent on DMA's litany of tort claims, including fraud and conspiracy. DMA has failed to properly segregate its fees. DMA's motion for fees should be denied because it failed to properly segregate its fees so that the Court could identify the portion of the requested fees that relate to its declaratory judgment on the Bigfoot note.

***DMA's requested attorney's fees are not reasonable or necessary.***

20. Counsel for DMA attempts to recover one-third of fees for: the amount of time incurred in trying the case; over fifteen hours of depositions; revision of disclosures; review of text messages; preparation of exhibits; and a litany of unrelated motions such as discovery motions. By way of brief example, DMA's time entries include unsegregated time for the following work it performed:

   a. "revised disclosures; spoke with team and clients about damages calculations and other potential remedies"
   b. "reviewed text messages between D. Moore and D. Borders with D. Moore, D. Borders, and J. Duke; discussed potential exhibits; began review of findings of fact and conclusions of law"
   c. "prepared additional exhibits for potential admission at trial"
   d. "prepared outline for Moore direct examination; prepared Moore"
   e. "completed initial draft of DX for Borders; conferred with A. Krist re: exhibits and task list; calls with D. Moore, C. Johns, and A. Kris re: Moore exhibits; began review of Plaintiff's exhibits"
   f. "reviewed trial exhibits; shared and discussed with Moore; prepared Moore for examination"
   g. "reconfigured case theory based on evidence available"

    h. "continued revising opening statement; began drafting and revising powerpoint presentation; practiced opening; reviewed key evidence to incorporate into opening"

    i. "compile and draft privilege log; finalize amended responses; process privilege log"

    j. "review KrisJenn production"

    k. "draft motion to dismiss"

    l. "review case on horizontal privity; revise interrogatory responses; call with C. Johns and C. Hebert regarding summary judgment response"

    m. "prepare client for deposition; phone calls with counsel re same and case strategy; lengthy phone call with mediator W. Shelton; phone call with C. Johns and C. Hebert re same"

    n. "prepare for and attend hearing on summary judgment motions and motion to dismiss; discussion with C. Johns re same and mediation strategy; prepare for mediation"

    o. "draft Longbranch discovery responses"

    p. "draft Longbranch discovery responses; call with C. Hebert and D. Borders; process and organize Borders document production"

    q. "prepare business records affidavits for McLeod and TCRG; review depositions of McLeod and L. Wright for trial prep and designations; discuss discovery responses and related issues with counsel"

    r. "draft pretrial order and findings of fact and conclusions of law; process text messages from Borders for production"

    s. "attend hearing on motion to compel; discuss same with T. Cleveland; call with D. Moore to discuss same; call with D. Borders to discuss same; research federal rule on [redacted]"

    t. "preparation for deposition of D. Moore; amend deposition designations; attend deposition of D. Moore; related calls with D. Moore and C. Hebert; call with J. Muller"

(Dkt. 240 Ex 2).

21. The Lodestar method should be used to calculate reasonable attorney's fees in this case. This method requires the trial court to determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work, multiply the number of hours by the applicable rate, and adjust the base rate up or down if relevant factors indicate an adjustment is necessary to reach a reasonable fee in the case. *In re Rose*, 2020 WL 6877145, at *6 (Bankr. E.D. Tex. 2020) (citing *Rohormoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 494 (Tex. 2019)). "In

determining a reasonable fee award . . . courts exclude all time that is excessive duplicative, or inadequately documented." *Id*.

22. First, DMA's requested fees are unreasonable and unnecessary under the Lodestar method because a judicial declaration was rendered in DMA's favor by summary judgment and, thereafter, the only issue left to be tried was the amount to be distributed to it from the Panola County Court Registry. *See* (Dkt. 236 at pp. 27-28). That particular issue was uncontested at trial. As such, any fees incurred after October 13, 2020 are inherently unreasonable and unnecessary. The fee bills tendered by Cleveland Terrazas, PLLC include time entries that, with the exception of the deposition of Larry Wright, begin on November 1, 2020 and end on February 12, 2021. Ex. B. All of this time occurred after the Bigfoot note issue had been summarily adjudicated. As such, Cleveland Terrazas' claimed time bears no relation to the Bigfoot motion for summary judgment and is inherently unreasonable and unnecessary.

23. Second, DMA's arbitrary discount of its fees fails to address that it received relief for a single declaratory judgment despite having asserted claims against more than six parties (including John Terrill). Further, DMA unsuccessfully attempted to add three additional parties to this case: Granstaff, Gaedke, and Edgmon, PLLC, David Strolle, and McLeod Oil. In sum, DMA has failed to meet its burden to show that the fees requested were incurred against KrisJenn Ranch, LLC in connection with its Declaratory Judgment and its Motion for Attorney's Fees should be denied.

24. Third, DMA seeks to recover for fees relating to the deposition of Larry Wright in the amount of $19,604. *Id*. at p. 5. However, Larry Wright's deposition testimony was not necessary for the adjudication of the Bigfoot matter. DMA did not attach any of Larry Wright's deposition testimony to the Bigfoot motion for summary judgment.

25. Fourth, Ms. Wilson was the bankruptcy attorney for this case. Although she is a very capable bankruptcy attorney, Ms. Wilson is not a litigator and it was not necessary for her to assist with litigation efforts. DMA had already retained no less than six litigators to work on this case: Tim Cleveland, Austin Krist, Christopher Johns, Christie Hebert, Andrew Seger, and Jeff Duke. Ms. Wilson's fee bills shows that she seeks recovery for appearances at MSJ hearings; however, she did not argue or otherwise participate in such hearings. Ex. C at pp. 2-4, 6. It was not necessary to have a bankruptcy attorney present at these litigation hearings. KrisJenn's bankruptcy counsel did not appear at these hearings. Rather, KrisJenn's bankruptcy counsel was provided with a status report regarding the outcome of the hearing. DMA, of course, was free to hire its more than six attorneys; however, this number of attorneys can hardly be viewed as reasonable or necessary given the simplicity of issues surrounding the Bigfoot note.

26. Fifth, DMA seeks to recover for unnecessarily duplicative time entries. DMA prevailed on its claim for summary judgment on the Bigfoot note. That motion was nineteen pages long and included thirteen exhibits. *See* (Dkt. 41). DMA's collective fee bills show that this simple motion was prepared and presented by only Ms. Christie Hebert and Mr. Chris Johns. *See* Ex. D. Ms. Hebert and Mr. Johns' time entries show that they were working on four discrete legal issues from November 12, 2019 - October 13, 2020. Those issues included: (1) an interpleader action with Bigfoot Energy Services, LLC; (2) venue issues; (3) administrative issues; and (4) two separate motions for summary judgment. The motions for summary judgment included claims under the Bigfoot note as well as the ROW. It was DMA's duty to segregate its Bigfoot time from unrelated issues. Mr. Johns and Ms. Hebert did so on numerous occasions. *See* Ex. D. Their time entries directly referencing the "Harris SWD" and "Bigfoot" matter shows the following cumulative time spent on these matters:

   a. Christie Hebert 42.58 hrs.

   b. Chris Johns 24.8 hrs.

*Id.*

27. As such, under the Lodestar method, DMA can only recover for the 67.38 hours that Ms. Hebert and Mr. Johns collectively spent working on the Harris SWD and Bigfoot matter.

***DMA's attorney's rates are not consistent with industry norms in San Antonio, Texas.***

28. DMA has requested recovery of fees ranging from $85.00 to $450.00 per hour. Only a reasonable amount of fees can be shifted to a non-prevailing party and where a prevailing party seeks to recover an unreasonable amount of fees, a downward adjustment is warranted. *In re Rose*, 2020 WL 6877145, at *10 (Bankr. E.D. Tex. 2020).

29. Here, the affidavit of Ms. Natalie Wilson is instructive when attempting to make a determination of what rates would constitute a reasonable fee in the San Antonio, Texas market. Ms. Wilson, a shareholder at Langley & Banack, Inc. with over thirteen years of experience, is a well-known and highly regarded attorney in the San Antonio legal community. Among DMA's numerous attorneys she has the strongest ties to the San Antonio market. Likewise, Langley & Banack is a well-regarded firm in San Antonio and the surrounding areas. Ms. Wilson, by and through her affidavit, indicates that it is her belief that a reduction in fee from $400/hr. to $375/hr. was reasonable under all the relevant circumstances. (Dkt. 240 Ex. 3 at 4). Notwithstanding Ms. Wilson's admission that her $400/hr rate should be discounted in this matter, DMA seeks recovery of $450/hr. for Mr. Cleveland and Mr. John's time. DMA also seeks recovery of $375/hr. for Ms. Hebert, an attorney with less than half the total number years of experience as Ms. Wilson, and who relied on Ms. Wilson's guidance for ensuring at filings were done in accordance with the rules

of this Court. *See* Ex C; *see also* (Dkt. 240 Ex. 3 at pp. 14-19). Similarly, DMA seeks recovery of $310/hr for Mr. Austin Krist's time. Mr. Krist has five years of experience.

30. The most recent available Attorney Statistical Profile posted on the State Bar of Texas website shows that the median Hourly rates for attorneys with over twenty-five years of experience was $300/hr. and attorneys with eleven to fifteen years of experience was $258/hr., including fees charged by attorneys in larger or more costly markets such as Houston or Dallas. *See* Ex. E at p. 9. While this amount is likely higher today than the date of the publication, the median rates in Texas have not increased by over 50%. As such, any hours, if any, to be included in the Court's lodestar calculation should be reduced to conform with rates that commensurate with industry norms in San Antonio, Texas. Moreover, the Court should only consider Mr. Johns and Ms. Hebert's time relating to the Bigfoot matter motion for summary judgment and apply a reasonable rate of $325/hr. for Mr. Johns and $250/hr. for Ms. Hebert.

***DMA has not requested fees in accordance with Local Bankruptcy Rule 7054.***

31. In its Final Judgment, the Court made an award of attorney's fees contingent on a request in accordance with Local Bankruptcy Rule 7054. Local Bankruptcy Rule 7054(a)(1) states, among other things, "Counsel for the parties shall meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making application. The application shall certify that such a conference has occurred. If no agreement is reached, the applicant shall certify the specific reason(s) why the matter could not be resolved by agreement." Here, DMA sent counsel for Debtors and Wright an email at the eleventh hour, prior to filing their Motion, that contained nothing more than a chart showing the rates charged per attorney and the number of hours claimed. *See* Ex F. Prior to this email, counsel for DMA made no attempt to meet and confer or to resolve all disputed issues. DMA did not provide Debtors' with counsel copies of their fee bills in support

of their claim for fees. Accordingly, DMA's certificate of conference attached to its motion is deficient because it does not, nor can DMA, indicate the specific reasons why the matter could not be resolved by agreement. Instead, DMA attempts to turn its claim for attorney's fees into a windfall by seeking recovery for fees incurred in furtherance of tort claims against KrisJenn and its series and claims against other parties, such as John Terrill or attempted parties such as the McLeods. Because counsel for DMA failed to comply with Local Bankruptcy Rule 7054, its claim for fees should be denied.

***DMA's award of fees, if any, is limited to the amount held in the Panola County Court Registry.***

32. "The Court [ ] award[ed] DMA $175,143.60 from the funds held in the Panola County court registry, plus attorney's fees from the court registry if DMA requests attorney's fees in accordance with FED. R. BANKR. P. 7054 and Local Bankruptcy Rule 7054." (Dkt. 237 at p. 2). The final judgment in this case explicitly limits DMA's award of attorney's fees to amounts held in the Panola County Court Registry. Notwithstanding this limitation, DMA again attempts to seek recovery of $116,984, in addition to the $175,143.60 awarded pursuant to this Court's declaratory judgment. In total, DMA seeks $292,127.60, $69,217.44 greater than the amount held in the Panola County Court Registry. After the $175,143.60 distribution is accounted for, $47,766.56 will remain in the registry and an award of attorney's fees, if any, must be limited by that amount.

## ORAL ARGUMENT REQUESTED

33. Debtors and Wright respectfully request an evidentiary hearing pursuant to Local Rule 7054(a)(3).

**RESPONSE TO MOTION UNDER RULE 9023**

34. DMA has moved the Court to amend its judgment to indicate that Wright and Black Duck be liable for breach of the Harris SWD Agreement. This request is made notwithstanding the fact that Black Duck was not served and did not appear in this case, depriving this Court of personal jurisdiction over Black Duck. This request is further made notwithstanding DMA's failure to properly plead or admit evidence of alter-ego and should be denied in its entirety. This motion, which resets the deadlines to provide notice of appeal for all parties, should be denied because the Court lacks personal jurisdiction over Black Duck. Further, DMA presented no evidence or argument to the Court that Larry Wright, individually, ever possessed any ownership in the Bigfoot note. To the contrary, DMA specifically argued that the note was owned 50% Black Duck and 50% by DMA. DMA is estopped from arguing otherwise at this point in the case.

WHEREFORE PREMISES CONSIDERED KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, and KrisJenn Ranch, LLC-Series Pipeline Row, as successors-in-interest to Black Duck Properties, LLC, and Larry Wright, jointly, respectfully request that the Court deny DMA Properties, Inc.'s Motion for Attorney's Fees or in the alternative, limit any such award to an amount that is deemed reasonable and necessary, deny DMA Properties, Inc.'s Motion to Alter or Amend Judgment, and for any other relief to which they may be justly entitled.

Dated: April 21, 2021

*Signature on following page.*

Respectfully submitted,

CJ MULLER & ASSOCIATES, PLLC

By:   /s/ *John Muller*
      C. John Muller IV
      State Bar No. 24070306
      john.muller@cjma.law
      Ezekiel J. Perez
      State Bar No. 24096782
      zeke.perez@cjma.law
      111 W. Sunset Rd.
      San Antonio, TX 78209
      Telephone: 210-664-5000
      Facsimile: 210-598-7357

      ATTORNEY FOR DEBTORS

BAYNE, SNELL & KRAUSE

By:  /s/ *William P. Germany*
      WILLIAM P. GERMANY
      State Bar No. 24069777
      1250 N.E. Loop 410, Suite 725
      San Antonio, Texas 78209
      Telephone: (210) 824-3278
      Facsimile: (210) 824-3937
      Email: wgermany@bsklaw.com

      ATTORNEY FOR THIRD-PARTY
      DEFENDANT LARRY WRIGHT

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 21st day of April 2021:

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP and DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
Attorneys for DMA Properties, Inc.

Natalie Wilson
LANGLEY & BANACK, INC.
745 East Mulberry Avenue | Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

William Germany
BAYNE, SNELL, & KRAUSE
1250 NE Loop 410, Ste. 725
San Antonio, Texas 78209
T- (210) 824-3278
F- (210) 824-3937
wgermany@bskaw.net
Attorney for Larry Wright

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
shane.p.tobin@usdoj.gov
United States Trustee

                                                       */s/ John Muller*
                                                      C. John Muller IV