IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: <br> **KRISJENN RANCH, LLC** <br> *Debtor* | § <br> § <br> § <br> § | Chapter 11 <br><br> Case No. 20-50805 |

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** <br> **KRISJENN RANCH, LLC-SERIES** <br> **UVALDE RANCH, and KRISJENN** <br> **RANCH, LLC-SERIES PIPELINE** <br> **ROW as successors in interest to** <br> **BLACKDUCK PROPERTIES, LLC,** <br> *Plaintiffs* <br><br> v. <br><br> **DMA PROPERTIES, INC., and** <br> **LONGBRANCH ENERGY, LP,** <br> *Defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br><br><br><br><br><br> Adversary No. 20-05027 |

| | | |
|---|---|---|
| **DMA PROPERTIES, INC** <br> *Cross-Plaintiff/Third Party Plaintiff* <br><br> v. <br><br> **KRISJENN RANCH, LLC,** <br> **KRISJENN RANCH, LLC-SERIES** <br> **UVALDE RANCH, and KRISJENN** <br> **RANCH, LLC-SERIES PIPELINE ROW,** <br> **BLACK DUCK PROPERTIES, LLC,** <br> **LARRY WRIGHT, and JOHN TERRILL** <br> *Cross-Defendants/Third-Party* <br> *Defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br><br> Adversary No. 20-05027 |

**KRISJENN RANCH, LLC, KRISJENN RANCH, LLC-SERIES UVALDE RANCH, AND KRISJENN RANCH, LLC-SERIES PIPELINE ROW, AS SUCCESSORS IN INTEREST TO BLACK DUCK PROPERTIES, LLC, AND LARRY WRIGHT'S <u>RESPONSE TO DMA AND LONGBRANCH'S BRIEFING ON REMEDIES</u>**

1

TO THE HONORABLE CHIEF BANKRUPTCY JUDGE RONALD B. KING:

COMES NOW Larry Wright, Debtors KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, and KrisJenn Ranch, LLC-Series Pipeline Row, as successors-in-interest to Black Duck Properties, LLC (collectively the "Debtors"), and Larry Wright ("Wright"), and file this Response to DMA and Longbranch's (collectively "Defendants") Briefing on Remedies and in support would respectfully show the Court as follows:

1. The District Court remanded this case instructing this Court to "consider the damage model presented to it in the first instance . . . and other gains-based remedies pursued at trial." Case 5:21-cv-00358-JKP [#40] at 38. Defendants did not prove any damages at trial. There is no evidence of time or value of work to support damages. With respect to Defendants' equitable claim of disgorgement, the law allows for disgorgement even if there are no monetary damages, but one can only be disgorged of the gains from untoward conduct. *In re Longview Energy Co.*, 464 S.W.3d 353, 361 (Tex. 2015) (orig. proceeding).

2. As a preliminary matter, it is important to recognize that Wright and his entities gained nothing from their efforts to adjudicate the legal status of the ROW. Prior to this lawsuit being filed, KrisJenn owned the ROW subject to Longbranch and DMA's profits-only interests. After this lawsuit was adjudicated, the parties held the same interest. Nothing was gained by KrisJenn's alleged conduct; nor was anything lost by Defendants. If the ROW truly runs with the land, then there is nothing Wright or his entities could ever do to affect Defendants' interests.

3. Moreover, there is no logical nexus between the tortious conduct found by the Court and Defendants' interests in the ROW. The Court found that Wright breached an informal fiduciary duty owed to SCMED Oilfield Consulting, LLC ("SCMED") and Moore by causing

2

Black Duck to execute a secured loan with KrisJenn. Bankruptcy Court Opinion [#236] at 25.[1] Longbranch was not owed a similar duty because it was never a member of Black Duck. Pl. Ex. 5. Specifically, the Court found "the Black Duck Loan was not properly authorized" and "Wright entered into an ultra vires and conflicted loan transaction with Moore's required consent." Bankruptcy Court Opinion [#236] at 27. The lien securing the loan was later used to foreclose upon proceeds of the Bigfoot Note. *Id*. at 9. Defendants were therefore awarded a full measure of damages for all they were owed under the Bigfoot Note in the amount of $175,143.60, plus $100,000.00 in attorney's fees, which were immediately recovered from funds held in the Panola County court registry. *Id.* at 28.

4. However, the Court found no breach of fiduciary duty or other tortious conduct relating to the transfer of the ROW. This is because KrisJenn never foreclosed on the ROW, and it remained in Black Duck's possession until it was sold to TCRG. Pl. Ex. 61. Straining to find fault in anything Wright did to protect himself, Defendants strenuously argued that Wright was obliged to allow Moore's participation in the sale of the ROW. At such time, however, Moore had ceased all efforts to sell the ROW, moved to North Carolina, and voluntarily transformed his active membership interest in Black Duck to a silent "profits only" interest. 1/11/2021 Trial Transcript at 138: 9-12 and 1/12/2021 Trial Transcript at 70: 21-24. As a result, the Court found no wrongful conduct with respect to Black Duck's sale of the ROW and limited its holding for breach of fiduciary duty to Wright's conduct relating to the Bigfoot Note. Bankruptcy Court Opinion [#236] at 27. As such, no damages or equitable remedies could fairly be awarded based on the sale of the ROW.

---

[1] SCMED was not a party to this suit and had forfeited its right to bring claims and defend against legal claims in Texas on January 29, 2016. Pl. Ex. 102. SCMED assigned its claim, which it did not have the capacity to bring after January 29, 2016, to DMA, giving DMA claims SCMED could not legally raise in Texas until SCMED cured its tax forfeiture, which it never did. Pl.'s Ex. 60.

5. Defendants further seek the imposition of a constructive trust. The Court may place a constructive trust on proceeds, funds, or property obtained as a result of a breach of fiduciary duty. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 87-88 (Tex. 2015). However, Debtors did not obtain proceeds, funds, or property as a result of a breach of fiduciary duty so a constructive trust cannot be imposed.

6. Defendants also seek attorney's fees in connection with Moore's claim for breach of contract against Wright in light of Wright's breaches of the Email Agreement. However, the Court denied all relief relating to this claim and its judgment was upheld on appeal. As recognized by Defendants, the District Court remanded only to consider damages and equitable remedies "with respect to DMA's and Moore's claims for breach of fiduciary duty (against Wright) and knowing participation (against Wright's Entities)." DMA and Longbranch's Briefing on Remedies [#321] at 10. As a result, this issue is not before the Court on remand.

7. Further, Moore has no standing to assert claims in this case. His interest in Black Duck was held by and through DMA. Pl. Ex. 58. He surrendered this interest in return for a 20% net profits interest that was given to SCMED. Pl. Ex. 57. SCMED then failed to comply with the tax laws of the State of Texas and lost its right to assert a legal claim. Pl. Ex. 102. Because Moore is a successor-in-interest to such claims, he too is barred from asserting SCMED's claims.

8. Defendants argue Wright has violated "this Court's order and abruptly transfer[ed] the right-of-way to another entity he controls." DMA and Longbranch's Briefing on Remedies [#321] at 11. Defendants mistake the contractual obligations of the Fourth Amended Chapter 11 Plan with a court order. Chapter 11, Case No. 20-50805-rbk [#211] at 7. Defendants are compelled to file an adversary proceeding if they wish to adjudicate this matter. *In re Stratford of Texas, Inc.,* 635 F.2d 365, 368 (5th Cir. 1981) (finding that a plan of reorganization is akin to

4

a contract between the debtor and its creditors); *In re Guardian Savs. & Loan Ass'n v. Arbors of Houston Assocs. Ltd. Partnership* (*In re Arbors of Houston Assocs. Ltd. Partnership*), 172 F.3d 47, 1999 WL 17649, *3 (6th Cir. Jan. 4, 1999) (holding that disputes over the meaning of a confirmed plan are settled by state contract law). As with their prior efforts to sanction Wright for not registering the ROW with the TRRC, Defendants will never pursue such claims . This is because they have been informed on multiple occasions, and once in open court, that Wright's new entity, Express H2O, LLC, intends to comply with all obligations of the Fourth Amended Chapter 11 Plan. As such, Defendants' briefing on this issue is unnecessary and inappropriate.

9. The remainder of Defendants' Briefing on Remedies contains protracted recitations copied from its original petition. It is not clear whether the extraneous information is provided to make the briefing appear more robust, or if Defendants believe the Court will be influenced by its questionable characterization of the facts. What is clear, however, is that the District Court did not remand this case to relitigate liability. To the contrary, as the title to their briefing recognizes, this case has only been remanded to adjudicate possible remedies.

WHEREFORE, PREMISES CONSIDERED, Debtors and Wright request that this Court find Defendants are not entitled to damages and for all other relief, in law or equity, to which Debtors and Wright may be justly entitled.

Dated: December 11, 2023

Respectfully submitted,

CJ MULLER & ASSOCIATES, PLLC

By: /s/ *John Muller*
   C. John Muller IV
   State Bar No. 24070306
   john.muller@cjma.law
   Jason H. Casell
   State Bar No. 24063869
   jason.casell@cjma.law
   111 W. Sunset Rd.
   San Antonio, TX 78209
   Telephone: 210-664-5000
   Facsimile: 210-899-1933

ATTORNEYS FOR DEBTORS

BAYNE, SNELL & KRAUSE

By: /s/ *William P. Germany*
   William P. Germany
   State Bar No. 24069777
   wgermany@bsklaw.com
   1250 N.E. Loop 410, Suite 725
   San Antonio, TX 78209
   Telephone: 210-824-3278
   Facsimile: 210-824-3937

   ATTORNEY FOR THIRD-PARTY
   DEFENDANT LARRY WRIGHT

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 11th day of December 2023:

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP
and DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND KRIST PLLC
303 Camp Craft Road, Suite 325
Austin, Texas 78746
512-689-8698
tcleveland@clevelandkrist.com
Attorneys for DMA Properties, Inc.

Natalie Wilson
LANGLEY & BANACK, INC.
745 East Mulberry Avenue | Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

William Germany
BAYNE, SNELL, & KRAUSE
1250 NE Loop 410, Ste. 725
San Antonio, Texas 78209
T- (210) 824-3278
F- (210) 824-3937
wgermany@bskaw.net
Attorney for Larry Wright

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
james.rose@usdoj.gov
United States Trustee

                                           /s/ *John Muller*_____
                                          C. John Muller IV