CONFIDENTIAL
SETTLEMENT OFFER
PROTECTED BY TEX. R. EVID. 408

January 4, 2024

Daniel Moore
88 Wild Swan Lane
Minnesott Beach, NC 28510

**NORTON ROSE FULBRIGHT**

Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
United States of America

Direct line +1 713 651 5255
rafe.schaefer@nortonrosefulbright.com

Tel +1 713 651 5151
Fax +1 713 651 5246

Re: Texas Rule of Evidence 408 Letter re: June 28, 2016 Assignment between Longbranch Energy, L.P. and Black Duck Properties, LLC

Mr. Moore:

Our law firm represents Express H2O Pipeline & ROW, LLC ("H2O") and Mr. Larry Wright. This demand letter concerns your fraudulent actions and breach of fiduciary duties related to the June 2016 assignment of a purchase and sale agreement for approximately 65 miles of 8" pipeline and related rights-of-way. That assignment was induced by your fraud, which led Mr. Wright and affiliated entities to spend $5 million on an incomplete right-of-way and a pipeline that did not exist. As a result, Mr. Wright has lost the entire $5 million spent on the transaction, and has suffered numerous other damages, as well.

In that transaction, you withheld material facts which drastically affect the true value of the pipeline and rights-of-way contemplated by the purchase agreement. Further, you surreptitiously conspired with Longbranch Energy, L.P. ("Longbranch") and its owner, Darin Borders ("Borders"), to obtain the inclusion of a net profit sharing arrangement for your personal benefit, further devaluing the pipeline assets.

The purpose of this demand letter is twofold. First, the letter instructs you to preserve all relevant documents for discovery in the above-described dispute. Second, the letter offers an opportunity to speedily and decisively resolve this dispute between you and our clients concerning your fraudulent acts and breach of fiduciary duties in connection with the June 2016 assignment.

I. **Factual Background**

   A. *Longbranch Contracts to Do Due Diligence Into the Express Pipeline.*

The Express Pipeline, LP ("Express") and Longbranch entered into a Purchase and Sale Agreement on February 19, 2016 (the "Purchase Agreement"). The Purchase Agreement sold Express's interest in approximately 64.97 miles of 8" diameter pipeline (the "Express Pipeline") and Express's interest in the rights-of-way and easements related thereto.

**CONFIDENTIAL**
**TEX. R. EVID. 408**

NORTON ROSE FULBRIGHT

Under the Purchase Agreement, Longbranch was granted the right to perform due diligence and investigate the Express Pipeline and rights-of-ways that were subject of the Purchase Agreement.

### B.  *Longbranch Assigns Its Purchase Agreement to Black Duck.*

Months later, you and Mr. Wright, as owners of Black Duck Properties, LLC ("Black Duck") entered into an Agreement for Assignment and Assumption of the Purchase Agreement (the "Black Duck Assignment"). Under the Black Duck Assignment, Black Duck was assigned Longbranch's interest as "purchaser" under the Purchase Agreement. In exchange, Longbranch received a 20% net profit share of all profits from Black Duck or is successors and assigns related to the operation, use, or sale of the Express Pipeline (the "Net Profits Share").

### C.  *You Secretly Collude With Longbranch and Borders to Defraud Black Duck.*

Unbeknownst to Black Duck or Mr. Wright, you were secretly in a partnership with Borders—Longbranch's principal. As evidenced by your testimony and documents in a separate dispute, you and Borders entered into a secret partnership to defraud Black Duck and Mr. Wright. For example, you and Borders entered into a confidentiality and non-disclosure agreement to conduct diligence, on behalf of Longbranch, related to the Purchase Agreement and the assets and rights that Express purported to be selling.

## II.     Legal Claims

H2O and Mr. Wright have numerous claims against you and your co-conspirator, Borders, for breach of fiduciary duty and fraud. These claims are made against you, individually, and not against any legal entity for which your personal liability may be limited.

Our clients reserve all rights to further develop these claims against you and Borders following discovery, should we be forced to put this matter before a court.

### A.  *Breach of Fiduciary Duty*

You sat on both sides of the Black Duck Assignment. You never disclosed your secret partnership with Borders to Mr. Wright. You never disclosed what, if any, diligence you, Borders, or Longbranch conducted pursuant to that confidentiality agreement. You never disclosed that you stood to gain, personally, from the Net Profits Share if Black Duck ever operated, or sold, the Express Pipeline. Those are breaches of your fiduciary duties to Black Duck and Mr. Wright.

**CONFIDENTIAL**  
**TEX. R. EVID. 408**

NORTON ROSE FULBRIGHT

As member and co-owner of Black Duck, you owed the company the fiduciary duties of loyalty and care.[1] By engaging in a self-dealing transaction with Black Duck without disclosing your relationship with Borders and without seeking proper authorization, you breached your fiduciary duties to Black Duck.[2]

And as you know, it has already been judicially determined that a fiduciary relationship existed between you and Mr. Wright with respect to Black Duck based on past dealings and a "personal relationship of trust and confidence between Wright and Moore."[3] Your violation of that relationship of trust and confidence is a breach of your fiduciary duties to Mr. Wright.

### B. Fraud

H2O and Mr. Wright also have claims for fraud, fraudulent inducement, negligent misrepresentation, and money had and received against you for your intentional, or negligent, failure to disclose material facts concerning the Express Pipeline and rights-of-way.

---

[1] *Straehla v. AL Global Services, LLC*, 619 S.W.3d 795 (Tex. App.—San Antonio 2020, pet. denied) (noting that members of an LLC owe the "same fiduciary duties that a corporate executive or partner would owe a corporation or the partnership, unless the LLC agreement shows otherwise"); *Katz v. Intel Pharma, LLC*, No. CV H-18-1347, 2020 WL 3871493, at *2 (S.D. Tex. July 9, 2020) ("The cases support finding that [the managing member] owed [the LLC] fiduciary duties based on agency-law principles."); *In re H & M Oil & Gas, LLC*, 514 B.R. 790, 814 (Bankr. N.D. Tex. 2014) (finding that member-manager owed fiduciary duties to the LLC, including the duties of care and loyalty).

[2] Under the Texas Business Organizations Code, a self-dealing transaction between a governing person (Yu) and an LLC (Black Duck) is valid only if the following conditions are met:

> (1) The material facts as to the relationship or interest and as to the contract or transaction are disclosed to or known by the governing authority (i.e., the managers of a manager-managed LLC or members of a member-managed LLC) or the committee, and the governing authority or committee in good faith authorizes the contract or transaction by the affirmative vote of a majority of the disinterested governing persons or committee members, even though the disinterested governing persons or committee members may be less than a quorum; or

> (2) The material facts as to the relationship or interest and as to the contract or transaction are disclosed to or known by the members, and the contract or transaction is specifically approved in good faith by vote of the members; or

> (3) The contract or transaction is fair to the LLC as of the time it is authorized, approved, or ratified by the governing authority, a committee thereof, or the members.

TEX. BUS. ORGS. CODE § 101.255

You did not disclose your secret partnership with Borders. No consent or authorization for your self-dealing was given. You breached your fiduciary duties to Black Duck.

[3] *In re KrisJenn Ranch, LLC*, 629 B.R. 589, 606 (Bankr. W.D. Tex. 2021), aff'd in part, rev'd in part and remanded sub nom. *In re KrisJenn, Ranch, LLC*, No. BR 20-50805-RBK, 2023 WL 2518890 (W.D. Tex. Mar. 14, 2023), appeal dismissed sub nom. *Matter of Krisjenn Ranch, L.L.C.*, No. 23-50227, 2023 WL 6393903 (5th Cir. May 25, 2023).

**CONFIDENTIAL**
**TEX. R. EVID. 408**

NORTON ROSE FULBRIGHT

It was recently revealed that the Express Pipeline conveyed by way of the Black Duck Assignment and the Purchase Agreement is not approximately 65 miles of contiguous 8" pipeline. Instead, the Express Pipeline is incomplete, with portions in or near Southern Nacogdoches County and Angelina County having been, apparently, removed. Longbranch did not disclose that material fact to Black Duck or Mr. Wright. You, specifically, in conducting due diligence pursuant your secret partnership with Borders did not disclose this fact to Black Duck. Your failure to disclose such a material fact, which drastically devalues the (incomplete) Express Pipeline and rights-of-way, was either intentional fraud at worst or a negligent misrepresentation at best.

Mr. Wright would not have consented to the Black Duck Assignment had this relevant, material fact not been shielded from him by your fraudulent acts and omissions. Black Duck would not have entered into the assignment with Longbranch or close on the sale with Express if it was aware that you were secretly sitting on both sides of the transaction. Nor would Black Duck have consummated its transaction with Express.

### C. Damages and Settlement Demand

Mr. Wright and H2O[4] have been injured by your wrongful conduct, and they intend to seek recovery of all damages stemming from your fraud and breaches of fiduciary duty. H2O and Mr. Wright have suffered millions of dollars in damages as a result of your fraudulent actions and breach of fiduciary duties.

However, to avoid a protracted litigation between you and Mr. Wright, our clients are willing to forego those millions of dollars in exchange for rescission of the Net Profit Share and return of the $5 million purchase price.

## III. Notice to Preserve Materials

This letter serves as affirmative notice that you must take efforts to identify, segregate, preserve, and maintain all potential documents and communications related to the Purchase Agreement, the Assignment, the Express Pipeline, Borders, H2O, and Mr. Wright and any other documents and communications which may be relevant to the allegations set forth in this demand.

Altering, tampering with, deleting, destroying, or otherwise spoliating these materials may result in sanctions. *See Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 14 (Tex. 2014).

## IV. Conclusion

Our clients are prepared to exhaust all measures at law and equity in prosecution of their claims against you, the result of which we expect will end in rescission of the Net Profit Share arrangement and millions of dollars in actual damages, punitive damages, and attorney's fees.

---

[4] As successor in interest and current owner of the assets and rights-of-way transferred under the Purchase Agreement, H2O can, and intends, to pursue all recourse at law and equity to recover its damages. Further, under Texas law, our clients are entitled to seek punitive damages and recovery of their attorney's fees.

**CONFIDENTIAL**
**TEX. R. EVID. 408**

NORTON ROSE FULBRIGHT

We look forward to your response. This demand and settlement offer remains open until January 18, 2024.

Very truly yours,

Rafe A. Schaefer

RAS

cc: Johns & Counsel PLLC
c/o Christopher S. Johns
14101 Highway 290 West, STE. 400A
Austin, TX 78737

Larry Wright
410 Spyglass Rd.
McQueeney, TX 78123