**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** § | | **Chapter 11** |
| **KRISJENN RANCH, LLC** § | | |
| *Debtor* § | | **Case No. 20-50805** |
| § | | |

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC and** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE** § | | |
| **ROW as successors in interest to** § | | |
| **BLACKDUCK PROPERTIES, LLC,** § | | |
| *Plaintiffs* § | | |
| § | | |
| **v.** § | | |
| § | | |
| **DMA PROPERTIES, INC., and** § | | |
| **LONGBRANCH ENERGY, LP,** § | | **Adversary No. 20-05027** |
| *Defendants* § | | |

| | | |
|---|---|---|
| **DMA PROPERTIES, INC** § | | |
| *Cross-Plaintiff/Third Party Plaintiff* § | | |
| § | | |
| **v.** § | | |
| § | | |
| **KRISJENN RANCH, LLC,** § | | |
| **KRISJENN RANCH, LLC-SERIES** § | | |
| **UVALDE RANCH, and KRISJENN** § | | |
| **RANCH, LLC-SERIES PIPELINE ROW,** § | | **Adversary No. 20-05027** |
| **BLACK DUCK PROPERTIES, LLC,** § | | |
| **LARRY WRIGHT, and JOHN TERRILL** § | | |
| *Cross-Defendants/Third-Party* § | | |
| *Defendants* § | | |

**KRISJENN RANCH, LLC, KRISJENN RANCH, LLC-SERIES UVALDE RANCH, AND KRISJENN RANCH, LLC-SERIES PIPELINE ROW, AS SUCCESSORS IN INTEREST TO BLACK DUCK PROPERTIES, LLC, AND LARRY WRIGHT'S**
<u>**SUPPLEMENTAL POST-HEARING BRIEF ON REMEDIES**</u>

-1-

TO THE HONORABLE CHIEF BANKRUPTCY JUDGE RONALD B. KING:

COME NOW Debtors KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, and KrisJenn Ranch, LLC-Series Pipeline Row, as successors-in-interest to Black Duck Properties, LLC (collectively the "Debtors"), and Larry Wright ("Wright"), following this Court's hearing of the parties' arguments on January 30, 2024, and file this Supplemental Post-Hearing Brief on Remedies and in support thereof would respectfully show the Court as follows:

## I.
## BACKGROUND

1. In their Proposed Final Judgment, filed on February 9, 2024, Defendants DMA Properties, Inc. ("DMA"), Frank Daniel Moore ("Moore"), and Longbranch Energy, LP ("Longbranch") (collectively "Defendants") ignore what was remanded to this Court. The District Court remanded to this Court specifically "to consider the damage model presented to it in the first instance. Such further consideration shall also include the other gains-based remedies pursued at trial and the knowing participation claims against Wright's various entities." Case 5:21-cv-00358-JKP [#40] at 38.

## II.
## ARGUMENT AND AUTHORITY

A. **Estoppel by Contract**

2. Defendants request this Court enter a final judgment ordering Wright to transfer the ROW back from his entity Express H2O, LLC ("Express H2O") to KrisJenn or to himself. Defendants' Proposed Final Judgment at 4. This is a sanctions argument masquerading as though it were part of the trial. Defendants' counsel was admonished in the pre-trial hearing to not do this. Further, Defendants have waived and are estopped from making this argument because they entered into a contract, the Fourth Amended Chapter 11 Plan, and agreed that KrisJenn would have the right to continue to own, possess, and market the ROW and that Defendants' only rights

-2-

would be to receive 40% of the proceeds from the sale of the ROW. Chapter 11 Case No. 20-50805-rbk [#211]. Estoppel by contract prevents a party from denying the terms of a valid or fully executed contract unless the contract is set aside by fraud, accident, or mistake. *Matthews. v. Sun Oil Co.*, 411 S.W.2d 561, 564 (Tex. App.—Amarillo 1966), *aff'd*, 425 S.W.2d 330 (Tex. 1968); *see Coffey v. Singer Asset Fin. Co.*, 223 S.W.3d 559, 569-70 (Tex. App.—Dallas 2007, no pet.); *Schroeder v. Texas Iron Works, Inc.*, 769 S.W.2d 625, 628 (Tex. App.—Corpus Christi 1989), *aff'd*, 813 S.W.2d 483 (Tex. 1991); *Echols v. Bloom*, 485 S.W.2d 798, 801 (Tex. App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). Accordingly, Defendants are estopped from any equitable relief, including disgorgement.

        B.      **<u>Express H2O Not Part of Remand</u>**

3.      Further, Express H2O cannot be the subject of this trial on remand. Express H2O did not hold the ROW, and in fact did not exist, at the time of trial. KrisJenn has been wound up, terminated, and cannot be revived, but Defendants know Express H2O intends to stand in KrisJenn's shoes and comply with all obligations of the Fourth Amended Chapter 11 Plan. Defendants' request is simply not properly before this Court on remand.

        C.      **<u>No Basis for Disgorgement or Constructive Trust</u>**

4.      In spite of already being fully compensated for their damages and reimbursed their attorney's fees, Defendants seek additional equitable remedies against Debtors' ownership interest in the ROW. But the Court did not find that Debtors obtained the ROW due to a breach of fiduciary duty. As a result, disgorgement and a constructive trust cannot be imposed as a matter of law.

        D.      **<u>No Finding of Knowing Participation</u>**

5.      This is not another bite at the apple. Defendants cannot relitigate issues which have already been decided against them. Defendants have not asked for nor would it be

appropriate for this Court to issue new findings of fact. Yet, Defendants request that this Court enter a final judgment that Debtors are "jointly and severally liable for knowing participation in Wright's fiduciary breaches." Defendants' Proposed Final Judgment at 3. This Court, however, already found "insufficient evidence in the record to prove DMA's, Longbranch's, and Moore's remaining third-party claims and counterclaims related to the ROW, including knowing participation in breach of fiduciary duty." Bankruptcy Court Opinion [#236] at 22. Defendants lost this issue and their attempts to revive it on remand should not stand.

### E. Defendants Already Awarded Damages and Attorney's Fees

6. Although this Court did find that Wright breached his informal fiduciary duty to Wright, a finding unsupported by evidence in the record and not raised in Defendants' pleadings, that finding was only related to the Black Duck Loan. This Court has already awarded Defendants the full measure of damages for all they were owed under the Bigfoot Note in the amount of $175,143.60 plus $100,000 in attorney's fees. *Id.* at 28.

### F. Defendant Not Entitled to Additional Attorney's Fees

7. Additionally, Defendants seek attorney's fees under the Texas Declaratory Judgments Act. However, the District Court did not remand for consideration of attorney's fees. Therefore, this is not before the Court.

8. Finally, Moore seeks attorney's fees in connection with his claim for breach of fiduciary duty. This is problematic on multiple levels.

9. First, attorney's fees are not the subject of the District Court's remand order and are not properly before this Court.

10. Second, no statute provides for attorney's fees in a direct action for breach of fiduciary duty. A party alleging breach of fiduciary duty based on a duty outlined in a contract cannot recover statutory attorney's fees based on a contract if the party has already elected to

recover tort damages based on the breach of duty. *See, e.g., Bruce v. Cauthen*, 515 S.W.3d 495, 516 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (holding that plaintiff could not recover statutory attorney's fees under TEX. CIV. PRAC. & REM. CODE §38.001 for breach of partnership agreement after electing to recover damages for breach of fiduciary duty).

11. Third, Defendants cannot recover attorney's fees without a finding of damages. This Court found Defendants' damages model "inapposite", that Moore "did not prove any other calculation for damages resulting from Wright's breach of fiduciary duty", and that Moore was "not entitled to an award of damages." Bankruptcy Court Opinion [#236] at 27.

12. Fourth, this Court's finding of no damages for Wright's breach of an informal fiduciary duty in failing to properly follow the Black Duck Company Agreement correctly applies the economic loss rule. The Black Duck Company Agreement, which was bargained for by its members, contractually required consent of all members in procuring a loan when a conflict is present. By law, this means that all damages, if any, that could have occurred by way of breach of any fiduciary duty regarding consent on a loan stem from the contract that is the company agreement requiring the Court to apply the economic loss rule. "The economic loss rule generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy." *Shopoff Advisors, LP v. Atrium Circle, GP*, 596 S.W.3d 894, 909 (Tex. App.—San Antonio 2019, opinion withdrawn) (quoting *Chapman Custom Homes, Inc. v. Dall. Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014)); *see also LAN/STV v. Martin K. Eby Constr. Co.*, 435 S.W.3d 234, 241-42 (Tex. 2014); *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 418 (Tex. 2011). The exception to this rule is only if the losses resulted from an intentional tort "absent a contractual obligation." *Eagle Oil & Gas Co. v. Shale Exploration, LLC*, 549 S.W.3d 526, 268 (Tex. App.—

Houston [1st Dist.] 2018, pet. dism'd).

13. The Court should also note Defendants only pleaded that Wright breached his formal fiduciary duty to DMA. Counterclaims and Third-Party Claims [#6] 107-110. The Court found that Wright breached his informal fiduciary duty to Moore despite a lack of pleadings or evidence that Wright and Moore had a personal relationship of trust and confidence, which is required for an informal fiduciary relationship. *See Bazan v. Munoz*, 444 S.W.3d 110, 118 (Tex. App.—San Antonio 2014, no pet.). Nevertheless, without pleadings, proof, or a finding of damages for breach of an informal fiduciary duty, the Court cannot award attorney's fees even if they were available.

WHEREFORE, PREMISES CONSIDERED, Debtors and Wright request that this Court find Defendants are not entitled to damages or equitable relief and for all other relief, in law or equity, to which Debtors and Wright may be justly entitled.

Dated: February 16, 2024

Respectfully submitted,

CJ MULLER & ASSOCIATES, PLLC

By: /s/ *John Muller*
   C. John Muller IV
   State Bar No. 24070306
   john.muller@cjma.law
   Jason H. Casell
   State Bar No. 24063869
   jason.casell@cjma.law
   111 W. Sunset Rd.
   San Antonio, TX 78209
   Telephone: 210-664-5000
   Facsimile: 210-899-1933

ATTORNEYS FOR DEBTORS

BAYNE, SNELL & KRAUSE

By: /s/ *William P. Germany*
   William P. Germany
   State Bar No. 24069777
   wgermany@bsklaw.com
   1250 N.E. Loop 410, Suite 725
   San Antonio, TX 78209
   Telephone: 210-824-3278
   Facsimile: 210-824-3937

ATTORNEY FOR THIRD-PARTY DEFENDANT LARRY WRIGHT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 16th day of February 2024:

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com
Attorneys for Longbranch Energy, LP
and DMA Properties, Inc.

Christopher S. Johns
Christen Mason Hebert
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

Timothy Cleveland
CLEVELAND KRIST PLLC
303 Camp Craft Road, Suite 325
Austin, Texas 78746
512-689-8698
tcleveland@clevelandkrist.com
Attorneys for DMA Properties, Inc.

Natalie Wilson
LANGLEY & BANACK, INC.
745 East Mulberry Avenue | Suite 700
San Antonio, TX 78212
210-736-6600
lwilson@langleybanack.com
Attorneys for DMA Properties, Inc.

Jeffery Duke
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive, Suite 110
Katy, Texas 77494
jduke@dbmmlaw.com
Counsel for Longbranch Energy, LP

William Germany
BAYNE, SNELL, & KRAUSE
1250 NE Loop 410, Ste. 725
San Antonio, Texas 78209
T- (210) 824-3278
F- (210) 824-3937
wgermany@bskaw.net
Attorney for Larry Wright

OFFICE OF THE UNITED STATES TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
james.rose@usdoj.gov
United States Trustee

        /s/ *John Muller*       
        C. John Muller IV