**APPEAL**

# U.S. Bankruptcy Court
## Western District of Texas (San Antonio)
## Adversary Proceeding #: 20−05027−rbk

*Assigned to:* Bankruptcy Judge Ronald B King  
*Lead BK Case:* 20−50805  
*Lead BK Title:* KrisJenn Ranch, LLC  
*Lead BK Chapter:* 11  
*Demand:*  
   Nature[s] of Suit: 91 Declaratory judgment  
                           21 Validity, priority or extent of lien or other interest in property

*Date Filed:* 05/01/20

### *Plaintiff*
─────────────────────────

**Krisjenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, Krisjenn Ranch, LLC, Series Pipeline Row**  
410 Spyglass Rd  
McQueeney, TX 78123−3418  
Tax ID / EIN: 74−2840947

represented by **Charles John Muller, IV**  
Chamberlain Hrdlicka White Williams & Au  
111 W Sunset Rd  
San Antonio, TX 78209  
210−664−5000  
Email: john.muller@cjma.law

**Ronald J Smeberg**  
Smeberg Law Firm, PLLC  
4 Imperial Oaks  
San Antonio, TX 78248  
(210) 695−6684  
Fax : (210) 598−7357  
Email: ron@smeberg.com

**Ronald J. Smeberg**  
The Smeberg Law Firm, PLLC  
2010 W Kings Hwy  
San Antonio, TX 78201−4926  
(210) 695−6684  
Fax : (210) 598−7357  
Email: ron@smeberg.com

V.

### *Defendant*
─────────────────────────

**DMA Properties, Inc.**  
c/o Burns & Black, PLLC  
Burns & Black, PLLC  
750 Rittiman Road  
San Antonio, TX 78209−5500

represented by **Timothy Cleveland**  
CLEVELAND TERRAZAS PLLC  
4611 Bee Cave Road  
Suite 306B  
Austin, TX 78746  
512−689−8698  
Email: tcleveland@clevelandterrazas.com

**Christen Mason Hebert**  
Johns & Counsel PLLC

1

        14101 Hwy 290 West, Suite 400A
Austin, TX 78737
(512) 399−3150
Fax : (512) 572−8005
Email: chebert@johnsandcounsel.com

**Christopher S. Johns**
JOHNS & COUNSEL PLLC
14101 Highway 290 West
Suite 400A
Austin, TX 78737
512−399−3150
Fax : 512−572−8005
Email: cjohns@johnsandcounsel.com

**Austin Hammer Krist**
303 Camp Craft Road
Suite 325
Austin, TX 78746
737−900−7107
Email: akrist@clevelandkrist.com

**Natalie F. Wilson**
Langley & Banack, Inc
Trinity Plaza II, Suite 700
745 East Mulberry
San Antonio, TX 78212−3166
(210) 736−6600
Fax : (210) 735−6889
Email: nwilson@langleybanack.com

*Defendant*
—————————————————
**Longbranch Energy, LP**
c/o Burns & Black, PLLC
Burns & Black, PLLC
750 Rittiman Road
San Antonio, TX 78209−5500

represented by **Michael Black**
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, TX 78209
210−829−2022
Fax : 210−829−2021
Email: mblack@burnsandblack.com

**Michael J. Black**
Burns & Black PLLC
750 Rittiman Road
San Antonio, TX 78209
210 829 2022
Fax : 210 829 2021
Email: mblack@burnsandblack.com

**Jeffery Duke**
DUKE BANISTER MILLER & MILLER
22310 Grand Corner Drive
Suite 110
Katy, TX 77494
281−394−9778
Fax : 832−201−0649
Email: jduke@dbmmlaw.com

**Austin Hammer Krist**
(See above for address)

|  |  |
|---|---|
|  | **Natalie F. Wilson**<br>(See above for address) |

*Defendant*
---------------------------

| | |
|---|---|
| **TRCG East TX Pipeline LLC** | represented by **Katrina Angelyn Kershner**<br>K. Kershner Law<br>14228 Midway<br>214<br>Dallas, TX 75244<br>214−535−5226<br>Email: katrina_kershner@yahoo.com |

V.

*3rd Pty Defendant*
---------------------------

**John Terrill**
12712 Arrowhead Lane
Oklahoma City, OK 73120


*3rd Pty Defendant*
---------------------------

| | |
|---|---|
| **Black Duck Properties, LLC**<br>410 Spyglass Road<br>McQueeney, TX 78123 | represented by **Ronald J. Smeberg**<br>(See above for address) |

*3rd Pty Defendant*
---------------------------

| | |
|---|---|
| **Larry Wright**<br>410 Spyglass Road<br>McQueeney, TX 78123 | represented by **William P Germany**<br>Bayne, Snell & Krause<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>210−824−3278<br>Fax : 210−824−3937<br>Email: wgermany@bsklaw.com |

*3rd Pty Defendant*
---------------------------

**John Terrill**
12712 Arrowhead Lane
Oklahoma City, OK 73120


*3rd Pty Defendant*
---------------------------

**Larry Wright**
410 Spyglass Road
McQueeney, TX 78123

| Filing Date | # | Docket Text |
|---|---|---|
| 04/09/2024 | 344 | Notice of Appeal Filed by Austin Hammer Krist for Defendants DMA Properties, Inc., Longbranch Energy, LP, Third Pty Plaintiffs DMA |

| | | | |
|---|---|---|---|
| | | | Properties, Inc., Frank Daniel Moore, Interested Party Frank Daniel Moore ( Filing Fee:$ 298.00 ) (Krist, Austin) (Attachments: # 1 Exhibit A (Final Judgment) # 2 Exhibit B (Opinion After Remand))(related document(s): 329 Final Judgment After Remand (related document(s): 3 Amended Complaint filed by Plaintiff Krisjenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, Krisjenn Ranch, LLC, Series Pipeline Row (related document(s): 1 Original Complaint Requesting Declaratory Judgment filed by Krisjenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, Krisjenn Ranch, LLC, Series Pipeline Row against DMA Properties, Inc., Longbranch Energy, LP (Order entered on 3/26/2024), 330 Opinion After Remand (related document(s): 3 Amended Complaint filed by Plaintiff Krisjenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, Krisjenn Ranch, LLC, Series Pipeline Row (related document(s): 1 Original Complaint Requesting Declaratory Judgment filed by Krisjenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, Krisjenn Ranch, LLC, Series Pipeline Row against DMA Properties, Inc., Longbranch Energy, LP (Order entered on 3/26/2024)) |
| 04/09/2024 | | | ICC−Fee Terminated for Notice of Appeal( 20−05027−rbk) [appeal,ntcapl] ( 298.00), Amount $ 298.00, Receipt A24357237 (re:Doc# 344) (U.S. Treasury) |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § § § § § | CHAPTER 11 |
| KrisJenn Ranch, LLC, et al., | | |
| *Debtor*. | | CASE NO. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, et al., | § § § § § § § § § § § | |
| *Plaintiffs*, | | |
| v. | | ADVERSARY NO. 20-05027 |
| DMA Properties, Inc., et al., | | |
| *Defendants*. | | |

**DMA PROPERTIES, INC., FRANK DANIEL MOORE,
AND LONGBRANCH ENERGY, LP'S
NOTICE OF APPEAL**

TO THE HONORABLE COURT:

1. Pursuant to 28 U.S.C. § 158(a) and Rules 8001 and 8002 of the Federal Rules of Bankruptcy Procedure, Defendants/Third-Party Plaintiffs DMA Properties, Inc. and Frank Daniel Moore and Defendant Longbranch Energy, LP hereby appeal to the United States District Court for the Western District of Texas from the Final Judgment After Remand [Dkt. 329] and the accompanying Opinion After Remand [Dkt. 330] entered by the United States Chief Bankruptcy Judge Ronald B. King on March 26, 2024, in the above-referenced adversary proceeding.

2. **Parties**. The names of all parties to the foregoing Judgment After Remand and Opinion After Remand appealed from—and the names, addresses, and telephone numbers

1

of their respective attorneys—are as follows:

    a.    Cross-Appellants/Appellees/Defendants/Counter-Plaintiffs/Third-Party Plaintiffs DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP are represented by:

Christopher S. Johns
Bill Cobb
Michael Cotton
COBB & JOHNS PLLC[1]
13341 West U.S. Hwy. 290
Building 2
Austin, Texas 78737
512-399-3150
512-572-8005 fax
chris@cobbjohns.com
bill@cobbjohns.com
michael@cobbjohns.com

Timothy Cleveland
Austin Krist
CLEVELAND | KRIST PLLC[2]
303 Camp Craft Road
Suite 325
West Lake Hills, Texas 78746
737-900-7107
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com

Natalie F. Wilson
LANGLEY & BANACK, INC.
745 East Mulberry
Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

(DMA Properties, Inc. and Moore only)

---

[1] Formerly Johns & Counsel PLLC.
[2] Formerly Cleveland Terrazas PLLC.

2

  Michael J. Black
  BURNS & BLACK, PLLC
  750 Rittiman Road
  San Antonio, Texas 78209-5500
  210-829-2020
  210-829-2021 fax
  mblack@burnsandblack.com

  (Longbranch Energy, LP only)

  Jeffrey Duke
  JF DUKE & ASSOCIATES
  11819 Great Oaks Drive
  College Station, Texas 77494
  979-578-3808
  jdukelaw@gmail.com

  (Longbranch Energy, LP only)

b. Cross-Appellees/Appellants/Plaintiffs/Counter-Defendants/Third-Party Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde Ranch, and KrisJenn Ranch, LLC–Series Pipeline Row and Appellees/Third-Party Defendants Black Duck Properties, LLC and Larry Wright are represented by:

  C. John Muller, IV
  CJ MULLER & ASSOCIATES, PLLC
  111 W. Sunset Rd.
  San Antonio, Texas 78209
  210-664-5000
  john.muller@cjma.law

  Ronald J. Smeberg
  THE SMEBERG LAW FIRM, PLLC
  4 Imperial Oaks
  San Antonio, Texas 78248
  210-695-6684
  210-598-7357 fax
  ron@smeberg.com

  (Black Duck Properties, LLC only)

3

    William P Germany
    GERMANY LAW
    1250 NE Loop 410
    Suite 725
    San Antonio, Texas 78209
    210-824-3278
    210-824-3937 fax
    william@germanylaw.com

    (Larry Wright only)

  c.  Appellee/ Third-Party Defendant John Terrill, *pro se*

    John Terrill
    12712 Arrowhead Lane
    Oklahoma City, Oklahoma 73120

3.  **Opinion and Judgment appealed from:** The Final Judgment After Remand [Dkt. 329] and Opinion After Remand [Dkt. 330] entered on March 26, 2024 in the above-captioned case are attached as **Exhibit A** and **Exhibit B**, respectively.

4

Respectfully submitted,

/s/ *Christopher S. Johns*
Christopher S. Johns
Texas Bar No. 24044849
Bill Cobb
Texas Bar No. 00796372
Michael Cotton
Texas Bar No. 24116229
COBB & JOHNS PLLC
13341 West U.S. Hwy. 290
Building 2
Austin, Texas 78737
512-399-3150
512-572-8005 fax
chris@cobbjohns.com
bill@cobbjohns.com
michael@cobbjohns.com

/s/ *Timothy Cleveland*
Timothy Cleveland
Texas Bar No. 24055318
Austin Krist
Texas Bar No. 24106170
CLEVELAND | KRIST PLLC
303 Camp Craft Road
Suite 325
West Lake Hills, Texas 78746
737-900-7107
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com

*Attorneys for Cross-Appellants/Appellees DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP*

5

### CERTIFICATE OF SERVICE

      I hereby certify that on April 9, 2024, a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Charles John Muller, IV<br>CJ MULLER & ASSOCIATES, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john.muller@cjma.law<br><br>*Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>JF DUKE AND ASSOCIATES<br>11819 Great Oaks Drive<br>College Station, TX 77494<br>jeff@jfduke.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* |

                                                                */s/ Austin H. Krist*
                                                                 Austin H. Krist



**The relief described hereinbelow is SO ORDERED.**

**Signed March 26, 2024.**

_____
**Ronald B. King**
**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| KRISJENN RANCH, LLC, ET AL, | § § | CASE NO. 20-50805-RBK |
| DEBTOR | § § § | CHAPTER 11 |
| KRISJENN RANCH, LLC, ET AL, | § § § | |
| PLAINTIFFS, | § § | |
| V. | § § § | ADVERSARY NO. NO. 20-5027-RBK |
| DMA PROPERTIES, INC., ET AL, | § § § | |
| DEFENDANTS. | § | |

**FINAL JUDGMENT AFTER REMAND**

On January 11, 2021, came on to be heard this adversary proceeding for trial on the merits. Plaintiffs, KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, and KrisJenn Ranch, LLC-Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC ("**KrisJenn**"),

appeared by and through counsel of record and announced ready for trial. Defendants, DMA Properties, Inc. ("**DMA**") and Longbranch Energy, LP ("**Longbranch**"), appeared by and through counsel of record and announced ready for trial. Third-party plaintiff, Frank Daniel Moore ("**Moore**"), and Third-party defendant, Larry Wright ("**Wright**"), appeared in person and by and through counsel of record and announced ready for trial. After a six-day trial and an appeal to United States District Court, this Court renders judgment for the reasons stated by the District Court and in this Court's Opinion After Remand, pursuant to FED. R. BANKR. P. 7052.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. Declaratory Judgment is rendered for Defendants, DMA and Longbranch, that the net-profits interests owned by Longbranch Energy, LP and DMA Properties, Inc. are valid and subsisting covenants running with the land in the right of way ("**ROW**") which is called the Express Pipeline.

2. As to DMA's and Moore's claim for breach of fiduciary duty against Wright regarding the unauthorized Black Duck loan, the Court renders judgment that DMA and Moore recover a constructive trust on the ROW in the hands of Express H2O, LLC, because of the unauthorized transfer by KrisJenn of the ROW to Express H2O, LLC.

3. As to the claims of DMA and Moore for damages for breach of fiduciary duty, Larry Wright may recover the $4,700,000 purchase price that he paid for the ROW, prior to the breaches of fiduciary duty, out of income from the ROW or the sales proceeds. After that, DMA and Longbranch will each receive 20% out of the net profits from a sale or future development income of the ROW. Other requested damages are denied.

4. DMA, Moore, and Longbranch are entitled to recover reasonable and necessary attorney's fees under the Texas Declaratory Judgment Act for the issues relating to the

covenant running with the land. The parties may submit a request for attorney's fees within 14 days after the judgment is entered pursuant to FED. R. BANKR. P. 7054 and Bankruptcy Local Rule 7054.

5. Declaratory judgment is rendered in favor of DMA that, under the terms of the Email Agreement and Harris SWD Agreement, DMA has an ownership interest in 50% of the Bigfoot Note payments. Further, the Court awards DMA $175,143.60 from the funds held in the Panola County court registry plus $100,000 in attorney's fees, if not previously paid.

6. All costs of court are taxed to Plaintiff, KrisJenn Ranch, LLC.

7. All relief not specially granted herein is hereby **DENIED**.

# # #



**The relief described hereinbelow is SO ORDERED.**

**Signed March 26, 2024.**

_____
**Ronald B. King**
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| KRISJENN RANCH, LLC, ET AL, | § § | CASE NO. 20-50805-RBK |
| DEBTOR | § § § | CHAPTER 11 |
| KRISJENN RANCH, LLC, ET AL, | § § § | |
| PLAINTIFFS, | § § | |
| v. | § § § | ADVERSARY NO. 20-5027-RBK |
| DMA PROPERTIES, INC., ET AL, | § § § | |
| DEFENDANTS | § | |

**OPINION AFTER REMAND**

After a six-day trial, this Court rendered judgment that the assignments of the right of way ("**ROW**") owned by KrisJenn Ranch, LLC and its affiliated entities (collectively, "**KrisJenn**"),

1

contained net profits interests that were personal covenants rather than covenants that run with the land.  The judgment also determined the rights of the parties with respect to the Harris Saltwater Disposal ("**SWD**") well agreement and denied relief on other claims and counterclaims between the parties.

On appeal, the United States District Court reviewed the factual issues under a clear error standard and the legal issues on a *de novo* basis.  The purpose of this Opinion After Remand is to make additional findings and conclusions pursuant to FED. R. BANKR. P. 7052 and to conform the findings, conclusions, and the judgment to that directed by the District Court. This Court reaffirms the findings and conclusions in its original Opinion to the extent that they are not inconsistent with the District Court Opinion.  The District Court stated that there were three issues on appeal, two of which should be addressed by this Court on remand.

## I.

On the first issue, the District Court disagreed with this Court's determination regarding covenants running with the land.  The District Court found that the net profits interests of DMA Properties, Inc. ("**DMA**") and Longbranch Energy, LP ("**Longbranch**") are covenants that run with the land and it remanded to this Court to render judgment accordingly.[1]

Because the net profits interests have been determined on appeal to be covenants that run with the land, DMA and Longbranch are entitled to a judgment to that effect.  This Court will

---

[1] As stated by Judge Edith Jones in a dissenting opinion on a different bankruptcy issue: "I would hope to stand with Galileo, who, rebuffed by a higher temporal authority, muttered under his breath, 'Eppur si muove.' ('And yet it moves.')." ***In re Greystone III Joint Venture***, 995 F.2d 1274, 1285 (5th Cir. 1992) (Jones, J., dissenting).

2

render judgment that the net profits interests of DMA and Longbranch are valid covenants that run with the land.

## II.

The second issue considered on appeal by the District Court was this Court's determination of the proper measure of damages for breach of fiduciary duty by Larry Wright, the principal of KrisJenn. After reviewing the transcripts of the six-day trial, this Court is unable to find any evidence of quantification of damages suffered by DMA and Moore other than their claim to recover the original purchase price of approximately $4,700,000 prior to the breaches of fiduciary duty. All of the parties to the ROW transaction were well aware that it was a speculative venture that could make a profit or could generate economic loss. Larry Wright, Daniel Moore, and Darin Borders all attempted to sell or develop the ROW, without success for various reasons. One reason was that, in the early stages, Black Duck Properties, LLC ("**Black Duck**"), did not own the ROW and buyers were hesitant to deal with people who had only a contract to *acquire* the ROW but did not actually *own* it. When Black Duck later acquired title to the ROW, the individuals who owned Black Duck or the net profits interests often disagreed about whether they should "flip" the ROW or attempt to develop it on a long-term basis in which they stayed involved and which could potentially be much more lucrative. The TCRG sale that occurred and was ultimately rescinded was a painful episode in the attempt by the parties to make a profit by selling the ROW and retaining net profits interests. Because of the dispute over whether the two 20% net profits interests were enforceable against future buyers, the parties could not agree on the proper split of sales proceeds or future income. Not one of the entities or individual parties—KrisJenn, Larry Wright, DMA, Longbranch, Daniel Moore, or Darin Borders—has made money on the purchase of the

3

ROW.  Larry Wright and KrisJenn have paid millions of dollars and have little to show for it. Daniel Moore, Darin Borders, DMA, and Longbranch spent many hours working on the deal but have paid little.

The ROW was revested in KrisJenn at confirmation of the chapter 11 plan.  It was subsequently transferred by KrisJenn to another Larry Wright-controlled entity, Express H2O Pipeline & ROW, LLC. ("**Express H2O**"), in violation of the terms of the confirmed chapter 11 plan of reorganization.[2]  The Court will impose a constructive trust on the ROW in the event that Larry Wright and Express H2O fail to transfer the ROW back to KrisJenn, the reorganized debtor.

It is impossible to quantify damages as a result of Larry Wright's breach of fiduciary duty. In addition, the speculative value of the ROW and the net profits interests owned by DMA and Longbranch make the amount of damages uncertain.  The Court could use offers to purchase the ROW from years ago, but values may have changed and none of the offers resulted in an actual sale.  The better remedy for DMA and Moore, and the one they have elected in their proposed judgment, would be an equitable remedy: Larry Wright would restore ownership of the ROW to KrisJenn, or this Court would impose a constructive trust on the ROW in the hands of Express H2O, and allow Larry Wright to recover his investment for the $4,700,000 purchase price, prior to the breaches of fiduciary duty, from a sale or development of the ROW.  After Wright is able to recover $4,700,000, the two 20% net profits interests would begin receiving income from a sale or development of the ROW.  The Court is not optimistic that the parties will be able to work together for their common good and suggests that the parties agree to go to arbitration or mediation.

---

[2] "Wright's new entity, Express H2O, LLC, intends to comply with all obligations of the Fourth Amended Chapter 11 Plan."  ECF No. 322, p. 5 (KrisJenn response to briefing on remedies).

Nonetheless, the Court will impose this equitable remedy against Larry Wright for breach of fiduciary duty.

The Texas Declaratory Judgment Act provides for attorney's fees if such fees are equitable and just. TEX. CIV. PRAC. & REM. CODE § 37.009. DMA, Moore, and Longbranch were forced to seek legal remedies and equitable relief to defend their net profits interests in the ROW and they are entitled to recover reasonable and necessary attorney's fees for their efforts. DMA, Moore, and Longbranch may file a post-judgment motion for attorney's fees.

## III.

The third issue considered by the District Court related to the Harris SWD well. The District Court was satisfied that this Court's disposition of the SWD well issues were appropriate and found no issue to revisit on remand.

## IV.

In conclusion, as directed by the District Court, the Court will render judgment that the net profits interests of DMA and Longbranch are valid covenants running with the land. The Court will render judgment that a constructive trust be imposed on the ROW in the hands of Express H2O, unless Larry Wright and Express H2O transfer ownership of the ROW back to KrisJenn. Larry Wright may recover the $4,700,000 purchase price that he paid for the ROW, prior to the breaches of fiduciary duty, out of income from the ROW or the sales proceeds. After that, DMA and Longbranch will each receive 20% out of the net profits from a sale or future development income of the ROW. The Court will separately enter a Final Judgment consistent with this Opinion.

# # #

5