**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| *In re*: | § | |
| | § | CHAPTER 11 |
| KrisJenn Ranch, LLC, et al., | § | |
| | § | |
| *Debtor.* | § | CASE NO. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | ADVERSARY NO. 20-05027 |
| DMA Properties, Inc., et al., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## DMA AND LONGBRANCH'S MOTION FOR ATTORNEYS' FEES

On March 26, 2024, this Count entered declaratory judgment in favor of DMA Properties, Inc. and Frank Daniel Moore (collectively, "DMA") and Longbranch Energy, LP ("Longbranch") and declared that DMA and Longbranch's net-profits interests "are valid and subsisting covenants running with the land in the right of way ('ROW') which is called the Express Pipeline." DMA and Longbranch now move for an award of attorneys' fees under Local Bankruptcy Rule 7054.

## BACKGROUND

This case concerns the parties' respective interests in a pipeline right-of-way ("ROW") located in East Texas. After Defendant Larry Wright sought to steal DMA's and Longbranch's net-profits interests in the ROW, DMA and Longbranch were forced to engage in four-and-a-half years of protracted litigation in order to protect their interests

1

in the ROW. In March 2024, the Court entered a final judgment vindicating DMA and Longbranch, upholding their interests in the ROW, and finding Wright and his entities liable for breach of fiduciary and breach of contract. Along the way, Wright used every tool at his disposal to avoid honoring the parties' agreements.

This litigation began in 2019 in state court when the parties filed two competing actions in two different Texas counties. Wright filed suit in the wrong venue (Guadalupe County) and then vigorously contested DMA and Longbranch's efforts to transfer the case to a mandatory venue (Shelby County). After Wright and his entities lost that fight, the parties continued to vigorously litigate the case in state court, and Wright moved for summary judgment on the interpretation of the net-profits agreements. After the summary-judgment hearing went poorly for Wright, he put his entities into bankruptcy in an effort to shop for a more favorable forum. This adversary proceeding followed in May 2020.

The parties vigorously litigated their claims in the adversary proceeding, culminating in a multi-week bench trial in early 2021. Before the bench trial, the parties engaged in extensive discovery, multiple rounds of summary-judgment briefing, and briefed and argued more than a dozen motions.

Following the bench trial, this Court concluded that the interests of Moore's entity (DMA Properties) and Borders's entity (Longbranch Energy) in the pipeline right-of-way were personal covenants that were wiped out when Wright transferred the right-of-way to KrisJenn.

DMA and Longbranch then appealed. On March 14, 2023, the district court reversed, concluding that DMA's and Longbranch's net-profits interests are real covenants that attach and run with the land. The district court subsequently remanded for entry of judgment in favor of DMA and Longbranch with respect to their net-profits interests. The district court also remanded for further proceedings regarding the

availability of equitable remedies, including disgorgement and constructive trust, for Wright's breaches of his fiduciary duties.

Following remand, the parties submitted further briefing to this Court regarding final resolution of this matter and the remedies available to DMA and Longbranch on their claims. Following oral argument in Spring 2024, the Court entered judgment in favor of DMA and Longbranch and awarded attorneys' fees and costs to DMA and Longbranch under Texas law in connection with their declaratory claims.

## ARGUMENT

### I. Texas law governs DMA and Longbranch's request for attorneys' fees.

Under the Federal Declaratory Judgment Act, parties may recover attorneys' fees if a substantive source of state law would allow for recovery of fees in connection with the underlying cause of action. *Matter of First River Energy, LLC*, 986 F.3d 914, 930 (5th Cir. 2021); *Century Sur. Co. v. Taylor Disposal Operating, Inc.*, No. A-09-CA-624-LY, 2009 WL 3633903, at *5 (W.D. Tex. Oct. 29, 2009). Likewise, under the Texas Declaratory Judgment Act, courts may award fees if such an award would be equitable and just. *See* TEX. CIV. PRAC. & REM. CODE § 37.009.

In this case, in addition to the TDJA, state law provides another substantive basis for recovering attorneys' fees. Under Texas Civil Practice and Remedies Code § 38.001, an award of attorneys' fees is mandatory when a party prevails on a claim in connection with a written contract. TEX. CIV. PRAC. & REM. CODE § 38.001(8); *see also Mid-Continent Cas. Co. v. Petroleum Sols., Inc.*, No. 4:09-0422, 2017 WL 6942658, at *3 (S.D. Tex. Sept. 21, 2017) (holding that § 38.001 creates substantive right to attorneys' fees under state law). Section 38.001 applies because DMA and Longbranch prevailed on their declaratory-judgment claims related to their net-profits interests under their agreements with Wright and Black Duck, and Moore prevailed on his breach-of-fiduciary duty claims

related to those agreements.[1] *See* Final Judgment [#329]; *see also* DMA & Longbranch Remedies Briefing [#321] at 23–35.

Since DMA and Longbranch's substantive right to attorneys' fees arises under Texas law, that fee request is likewise governed by Texas law. Under Texas law, the starting point for calculating attorneys' fees is a lodestar analysis, under which courts multiply (a) reasonable hourly rates and (b) reasonable hours, in order to arrive at the "lodestar" figure. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 497–98 (Tex. 2019). The party seeking fees must substantiate its fee request with attorney billing records and affidavits reflecting (1) the services performed; (2) who performed the services; (3) when the services were performed; (4) the reasonable amount of time required to perform the services; and (5) the reasonable hourly rate for each person performing such services. *Id.* at 497–98. DMA and Longbranch have attached their attorney billing records and an accompanying declaration. *See* Ex. 1 (Fee Decl.); Ex. 2 (Billing Records).

"[T]here is a presumption that the base lodestar calculation . . . reflects the reasonable and necessary attorney's fees that can be shifted to the non-prevailing party." *Rohrmoos*, 578 S.W.3d at 499. Thus, "if a fee opponent seeks a reduction, it bears the burden of providing specific evidence to overcome the presumptive reasonableness of the base lodestar figure." *Id.* at 501.

---

[1] DMA and Longbranch have met all of the requirements to establish entitlement to attorneys' fees under § 38.001. To recover attorneys' fees under § 38.001, a claimant (1) must be represented by an attorney; (2) must present its legal claim to the opposing party; and (3) must not have received the amount owed within 30 days after presentation of the claim. TEX. CIV. PRAC. & REM. CODE § 38.001. Here, DMA and Longbranch: (1) retained attorney representation *see* Ex. 3 (Engagement Agreement), PX 98; (2) demanded that Wright and his entities recognize the net-profits interests in dispute in this litigation, *see* Ex. 4 (Letters re: Net-Profits Interest); PX 77, PX 93; and (3) did not receive recognition of their net-profits interests (the validity of which Wright continued to dispute throughout this litigation) or any amounts owed thereunder within 30 days of presentation.

4

**II.    DMA and Longbranch request reasonable fees of $989,728.38 incurred litigating the enforceability of their net-profits interests and related claims.**

    **A.    The hourly rates charged by DMA and Longbranch's counsel are reasonable.**

DMA and Longbranch's counsel charged the following rates during the pendency of this matter:

| | |
|---|---|
| Chris Johns | 2018–2019: $450/hour<br>2020: $465/hour<br>2021: $480/hour<br>2022: $495/hour<br>2023: $510/hour |
| Timothy Cleveland | 2021–2023: $450/hour<br>2023–2024: $625/hour |
| Christie Hebert | 2019: $375/hour<br>2020–2021: $390/hour<br>2021: $405/hour |
| Austin Krist | 2021–2023: $310/hour<br>2023–2024: $415/hour |
| Andrew Seger | 2018–2021: $270/hour<br>2021–22: $ 325/hour<br>2023: $350/hour |
| David Johns | 2019: $100/hour<br>2020: $110/hour<br>2021: $120/hour<br>2022: $130/hour<br>2023: $140/hour |
| Litigation Clerks | $85/hour |

In support of these rates, Tim Cleveland has submitted a declaration outlining his experience and familiarity with rates in the Western District of Texas and opining that these rates are reasonably given the complexity of this matter and the skill and experience of the attorneys. *See* Ex. 1 (Fees Decl.). Mr. Cleveland has been practicing law in Texas for over 15 years after graduating from the University of Texas School of Law with honors

in 2006; Mr. Cleveland has been repeatedly recognized as a Texas Super Lawyer for Business Litigation, and over the past decade, he has regularly practiced in the Western District.

As Mr. Cleveland's declaration explains, these proposed rates are reasonable and customary given the skill and experience of DMA and Longbranch's attorneys. For example, Chris Johns has been practicing law since 2004, after graduating from the University of Texas School of Law; during law school, Mr. Johns served as editor-in-chief of the *Texas Law Review*, and following graduation, he clerked for Judge Phyllis Kravitch of the United States Court of Appeals for the 11th Circuit. Mr. Johns has been repeatedly included in *Best Lawyers in* America, has been named a Texas Super Lawyer every year since 2014, and taught private property rights at the University of Texas School of Law for seven years as an adjunct professor. Christie Hebert has been practicing law for seven years and clerked for Judge Sam Sparks in the Western District of Texas for two years after graduating with honors from the University of Texas School of Law. Mr. Krist, meanwhile, has been practicing law for six years, over which span he has tried multiple cases to jury verdict as lead counsel and recovered millions of dollars for his clients in those cases. Mr. Krist graduated with honors from Columbia Law School, where he was a member of the Editorial Board of the *Columbia Law Review*; after graduation, he clerked for Judge Sam Sparks in the United States District Court for the Western District of Texas. Finally, Andrew Seger has been practicing law since graduating from the University of Mississippi Law School in 2004, and he has been barred in Texas since November 2004. Like DMA and Longbranch's other counsel, Mr. Seger has significant experience representing clients in commercial cases, oil-and-gas and other property disputes, and bankruptcy matters.

Finally, DMA and Longbranch's counsel have employed a paralegal (David Johns) and a number of law clerks over the four-year span of this litigation. Mr. Johns and the law clerks provided a variety of litigation support services in connection with this

litigation, including preparing binders, exhibits, pleadings, and other case materials for trial and various hearings. Mr. Johns has over eight years of experience as a paralegal, and his rate is reasonable in light of the services he performed. Likewise, the rate for services performed by law clerks employed by Cleveland Terrazas and Cleveland Krist has been $85/hour since 2021 and that rate is reasonable in light of the services the law clerks provided in their collective experience providing litigation support services.

### B. DMA and Longbranch's counsel expended a reasonable number of hours in connection with these claims.

DMA and Longbranch's counsel also expended a reasonable number of hours litigating this case in prevailing on their claims to vindicate DMA's and Longbranch's net-profits interests, and following trial, DMA and Longbranch prevailed on their claims for declaratory judgment in connection with their net-profits interests under the parties' agreements, and DMA prevailed on its claims for breach of fiduciary duty against Wright. For ease of reference, DMA and Longbranch have separated out the hours incurred over the pendency of these proceedings into four categories: pretrial proceedings, trial, appeal, and proceedings on remand.

### 1. Pretrial Proceedings

DMA and Longbranch's counsel spent 2,720 hours litigating this case through pretrial proceedings. Those pretrial proceedings spanned approximately 15 months in multiple courts and consisted of preparation of pleadings and discovery requests, review of voluminous discovery, depositions, and motion practice and related hearings (including multiple motions for summary judgment filed by both parties), and preparation for trial. In his declaration, Mr. Cleveland has opined that amount of time spent by DMA and Longbranch's counsel during this period was reasonable and necessary given the complexity of the legal and factual issues raised by the parties' briefing and pleadings as well as the vigorous opposition and litigation strategy of Wright and his entities (which

included filing suit in an improper venue and taking the case to bankruptcy court after losing his summary-judgment motion in the proper state-court venue).

### 2. Trial

DMA and Longbranch spent 286.33 hours trying this case and engaging in trial-related work in January and February 2021. The bench trial spanned multiple weeks and centered—like the rest of this case—on the enforceability of DMA's and Longbranch's net-profits interests, the agreements giving rise to those interests, and Wright's breaches of fiduciary duty in the course of repeated attempts to destroy and otherwise disregard those net-profits interests. In his declaration, Mr. Cleveland has opined that amount of time spent by DMA and Longbranch's counsel during this period was reasonable and necessary.

### 3. Appeal

DMA and Longbranch spent 273.84 hours on work related to appealing the judgment entered following the initial bench trial, including preparation of multiple appellate briefs with respect to the same. On appeal, DMA and Longbranch prevailed, and the district court held that DMA and Longbranch's net-profits interests are enforceable interests. The district court also remanded for consideration of equitable and other remedies available to DMA and Longbranch on their other claims. In his declaration, Mr. Cleveland has opined that amount of time spent by DMA and Long-branch's counsel during this period was reasonable and necessary.

### 4. Proceedings on Remand

DMA and Longbranch spent 227.21 hours litigating this case upon remand. That time consisted largely of mediating the case, engaging in extensive settlement negotiations in an attempt to settle the dispute, performing factual research about Wright's wrongful transfer of the ROW, briefing the remand issues, and preparing for the hearing regarding

the remedies available to DMA and Longbranch in connection with their claims following remand. In his declaration, Mr. Cleveland has opined that the amount of time spent by DMA and Longbranch's counsel during this period was reasonable and necessary.

### 5. Summary

In total, DMA and Longbranch's attorneys spent 3,507.77 hours litigating this case (a) in multiple state courts; (b) in the adversary proceeding in the bankruptcy court; (c) on appeal to the district court; and (d) on remand in the adversary proceeding following remand from the district court. Multiplying the hours incurred by the respective hourly rates for counsel detailed above results in a lodestar of $1,305,404.97. That lodestar amount is presumed reasonable under Texas law. It is also reasonable in light of the *Arthur Anderson* factors endorsed by the Texas Supreme Court:[2]

1.      This case required large expenditures of time and effort because of the manner in which Wright and his entities defended against DMA and Longbranch's claims.

2.      The significant amount of time required to litigate this case precluded other employment by DMA and Longbranch's counsel.

3.      The rates charged by DMA and Longbranch's counsel are reasonable and customary charges for legal services of this type and in light of the experience, reputation, and ability of DMA and Longbranch's counsel.

4.      This case involved net-profits interests amounting to 40% of the net profits generated by the ROW, which is worth millions of dollars according to KrisJenn's own bankruptcy schedules.

5.      The length of this case—which was outside of DMA and Longbranch's control—reasonably resulted in greater fees incurred in connection with litigating this case across multiple venues, as well as on appeal and on remand following DMA and Longbranch's successful appeal.

---

[2] *See* Ex. 1 (Fees Decl.) at ¶¶ 6–7, 10–13; *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

6.  DMA and Longbranch's counsel did not handle this case under a fixed-fee arrangement, and DMA and Longbranch do not seek to recover attorney's fees based on a contingent-fee arrangement.

DMA and Longbranch request attorneys' fees, costs, and expenses necessitated in litigating the enforceability of their net-profits interests under their agreements with Wright and his entities, as well as in pursuing their related breach-of-contract and breach-of-fiduciary duty claims against Wright and his entities. As noted above, Mr. Cleveland assessed the invoices presented in conjunction with motion in reaching his determination and opinion regarding the amount of fees recoverable by DMA and Longbranch in connection with these claims.

In general, when fees are recoverable for some (but not all) claims, the party seeking fees must put forward some evidence allowing the factfinder to allocate fees to those claims (and related affirmative defenses) for which fees are recoverable. Notwithstanding that general principle, "[a] recognized exception to the duty to segregate arises when discrete legal services advance both a recoverable and unrecoverable claim and thus are so intertwined that they need not be segregated." *Bruce v. Bruce*, No. 03-17-00672-CV, 2018 WL 2653550, at *4 (Tex. App.—Austin 2018, no pet.) (mem. op.) (Field, J.). "[S]egregated attorney's fees can be established with evidence of unsegregated attorney's fees and a rough percent of the amount attributable to the breach of contract claim. *Flagship Hotel, Ltd. v. City of Galveston*, 117 S.W.3d 552, 566 n.7(Tex. App.—Texarkana 2003, pet. denied).[3]

Based on his review of the invoices and in consideration of the factors and law examined above, Mr. Cleveland has discounted 15% of the fees incurred by DMA and Longbranch to account for time spent litigating claims on which DMA and Longbranch

---

[3] *See also Tony Gullo Motors I, LP v. Chapa*, 212 S.W.3d 299, 314 & n.83 (allowing attorneys to segregate fees by estimating proportion of time spent on claims for which fees are recoverable and citing cases in support); *Schenck v. Ebby Halliday Real Estate, Inc.*, 803 S.W.2d 361, 369 (Tex. App.—Fort Worth 1990, no writ) (upholding award of fees where attorney testified to percentages of total fees incurred for particular claims).

did not prevail or in connection with which DMA and Longbranch cannot recover fees. Mr. Cleveland has also further discounted fees incurred by DMA and Longbranch by an additional 5% to account for fees that were redundant and which, in his billing judgment, should be marked down.

After applying those discounts and based on his analysis of the fees incurred by DMA and Longbranch in this case, it is Mr. Cleveland's opinion that DMA and Longbranch are entitled to recover $989,728.38 in reasonable and necessary attorneys' fees and costs in connection with DMA and Longbranch's claims for declaratory relief and breach of contract brought in connection with DMA's and Longbranch's valid and enforceable net-profits interests received under their agreements with Wright and his entities.

### 6.    Conditional Appellate Fees

In addition to the fees detailed above, DMA and Longbranch respectfully request that the Court conditionally award appellate attorneys' fees in connection with any unsuccessful appeal by Wright or his entities. In his declaration, Mr. Cleveland has opined that DMA and Longbranch expect to incur reasonably and necessary attorneys' fees of $42,000 if the Court's judgment is appealed to the district court (which has already ruled on several issues related to the nets-profits interest), and an additional $85,000 in attorneys' fees for briefing would be reasonably incurred if this matter is appealed to the Fifth Circuit (which has not previously considered any merits issues), as well as $25,000 in attorneys' fees if the Fifth Circuit requests oral argument.

## CONCLUSION

DMA and Longbranch respectfully request the Court award them reasonable and necessary attorneys' fees and costs of $989,728.38. Such fees are authorized under the

Federal Declaratory Judgment Act, the Texas Declaratory Judgment Act, and Texas Civil Practice and Remedies Code § 38.001. Additionally, DMA and Longbranch request the Court award conditional attorneys' fees as detailed above. Finally, DMA and Longbranch respectfully request the Court award any such other and further relief as may be available at law or in equity.

Respectfully submitted,

*/s/ Christopher S. Johns*
Christopher S. Johns
State Bar No. 24044849
COBB & JOHNS PLLC
2028 East Ben White Boulevard
Suite 240-1000
Austin, TX 78741
512-399-3150
cjohns@cobbjohns.com

*/s/ Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND KRIST PLLC
303 Camp Craft Road, Suite 325
Austin, Texas 78746
(512) 689-8698
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com

*Attorneys for Longbranch Energy, DMA Properties, and Frank Daniel Moore*

Natalie F. Wilson
State Bar No. 24076779
LANGLEY & BANACK
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

*Attorneys for DMA Properties and Frank Daniel Moore*

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, TX 78209
mblack@burnsandblack.com

Jeffery Duke
JF DUKE AND ASSOCIATES
11819 Great Oaks Drive
College Station, TX 77494
jeff@jfduke.com

*Attorneys for Longbranch Energy*

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2024, a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Charles John Muller, IV<br>CJ MULLER & ASSOCIATES, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>ron@smeberg.com<br>john.muller@cjma.law<br><br>*Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>JF DUKE AND ASSOCIATES<br>11819 Great Oaks Drive<br>College Station, TX 77494<br>jeff@jfduke.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* |

*/s/ Christopher S. Johns*
Christopher S. Johns