# Exhibit 1
# (Fee Declaration)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| *In re*: | § § | |
| | § | Chapter 11 |
| KrisJenn Ranch, LLC, et al., | § § | |
| *Debtor.* | § | Case No. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, et al., | § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Adversary No. 20-05027 |
| DMA Properties, Inc., et al., | § § | |
| *Defendants*. | § § § | |

**DECLARATION OF TIM CLEVELAND**

1. My name is Timothy Cleveland. I am one of the counsel for DMA Properties, Inc. and Frank Daniel Moore (collectively, "DMA") and Longbranch Energy, LP ("Longbranch"). I am of sound mind, over the age of 18, have never been convicted of a crime and am otherwise fully competent to execute this declaration. My date of birth is April 24, 1981, and my business address is 303 Camp Craft Rd., Suite 325, Westlake Hills, Texas 78746. I have personal knowledge of the facts set forth in this Declaration, all of which are true and correct.

2. I am a founder and partner with the law firm of Cleveland Krist PLLC. I am a member in good standing with the State Bar of Texas and have never been subject to any disciplinary action by the State Bar of Texas or any grievance committee.

3. I am admitted to practice in state courts in Texas as well as the Western and Southern Districts of Texas. Since graduating with honors from the University of Texas School of Law in 2006, I have tried numerous jury and non-jury cases, including arbitrations, in multiple types of disputes involving contracts, partnerships, trade secrets, and business torts. A true and correct copy of my biography from the Cleveland Krist website is attached to this declaration as Exhibit A.

4. Prior to founding Cleveland Krist PLLC, I practiced for six years at Beck Redden LLP in Houston and Austin and then practiced at Weisbart Springer Hayes LLP in Austin for three years (including as a partner) and at Cleveland Terrazas PLLC in Austin for five years. I

1

have spent the entirety of my more than 17 years of practicing law litigating business disputes in the state courts, federal courts, and arbitrations throughout the country. I have been selected to Texas Super Lawyers for Business Litigation every year since 2021. I also have experience in supervising other litigation attorneys and coordinating the professional efforts of others for the prosecution and defense of complex litigations and arbitrations. Cleveland Krist was named to the list of leading litigation firms in Austin, Texas in 2023 by Chambers USA.

5. Based on my experience, I am familiar with the types of services appropriately, reasonably, and necessarily rendered by litigators in this area in conjunction with the representation of clients in state and federal courts in Texas, and specifically in the Western District. I am familiar with the skill, experience, ability, and expertise appropriately, reasonably, and necessarily requisite to the rendition of these litigation services by attorneys and litigation paralegals/clerks; the amount of time and labor appropriately, reasonably, and necessarily expended by attorneys and litigation paralegals/clerks in rendering these services to clients; and the usual and customary hourly fee rates appropriately, reasonably, and necessarily charged and billed in cases for time expended by attorneys and litigation paralegals/clerks in rendering these services.

6. My opinions regarding reasonable and necessary attorneys' fees and costs in this case are based on my experience and familiarity with attorneys' fees, litigation paralegal/clerk's fees, and costs customarily charged and awarded, the amount in controversy, the results obtained, the nature of this case, the amount of time spent on this case, the time and labor required, the skill required to perform the legal services properly, the nature and length of the professional relationship with the clients, the experience, reputation, and ability of the lawyers and litigation clerks performing the services, and the probability that additional services may be required in the prosecution of this case.

7. I am of the opinion that reasonable hourly rates for similar attorneys as to those working on this case range between $250 to $550 per hour, with litigation clerk rates ranging between $75 to $150 per hour. In reaching this opinion I have considered the following factors:

   a. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

   b. The likelihood that the acceptance of the particular employment will preclude the employment of the Defendant's counsel by others, or cause antagonism with other clients;

   c. The fee or fees customarily charged in this locality for similar legal services;

   d. The amount involved in the controversy, the benefits resulting or lack thereof;

   e. The time limitation imposed by the matter or the circumstances;

2

    f.   The nature and length of the professional relationship of defense counsel with the Defendant;

    g.   The experience, reputation, and ability of the lawyer performing the services; and

    h.   The contingency or certainty of a fee.

These factors have been applied consistent with decisions from the highest courts in Texas, including *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *see also Totran Transp. Servs., Ltd. v. Fitzley, Inc*., Civil Action No. L-08-125, 2010 WL 519765, at *3 (S.D. Tex. 2010) (mem. op.), and the applicable statutes and rules of procedure.

8.    Based on the above and my knowledge of the prevailing market rate in litigations for similar work, I am of the opinion that a reasonable hourly fee/rate for the legal services provided by the attorneys and clerks, is within the range of reasonableness, specifically:

| | |
|---|---|
| Chris Johns | 2018–2019: $450/hour<br>2020: $465/hour<br>2021: $480/hour<br>2022: $495/hour<br>2023: $510/hour |
| Timothy Cleveland | 2021–2023: $450/hour<br>2023–2024: $625/hour |
| Christie Hebert | 2019: $375/hour<br>2020–2021: $390/hour<br>2021: $405/hour |
| Austin Krist | 2021–2023: $310/hour<br>2023–2024: $415/hour |
| Andrew Seger | 2018–2021: $270/hour<br>2021–22: $ 325/hour<br>2023: $350/hour |
| David Johns | 2019: $100/hour<br>2020: $110/hour<br>2021: $120/hour<br>2022: $130/hour<br>2023: $140/hour |
| Litigation Clerks | $85/hour |

3

9. These rates are reasonable and customary given the skill and experience of these attorneys:

- Chris Johns has been practicing law since 2004, after he graduated with high honors from the University of Texas School of Law. During law school, Mr. Johns served as editor in chief of the *Texas Law Review*. Following graduation, he clerked for Judge Phyllis Kravitch of the United States Court of Appeals for the 11th Circuit. Mr. Johns has been included in *Best Lawyers in* America for 2018-2024, has been named a Texas Super Lawyer every year since 2014, and taught private property rights at the University of Texas School of Law as an adjunct professor for seven years.

- Christie Hebert has been practicing law for six years and clerked for Judge Sam Sparks in the Western District of Texas for two years after graduating with honors from the University of Texas School of Law.

- Austin Krist has been practicing law for six years. Mr. Krist graduated with honors from Columbia Law School, where he was a member of the Editorial Board of the *Columbia Law Review*. After graduation, he clerked for Judge Sam Sparks in the United States District Court for the Western District of Texas. Mr. Krist has successfully tried multiple cases to jury verdict over the course of his career and has recovered millions of dollars for his clients in those cases.

- Andrew Seger has been practicing law since graduating from the University of Mississippi Law School in 2004, and he has been barred in Texas since November 2004. Mr. Seger has significant experience representing clients in commercial cases, oil-and-gas and other property disputes, and bankruptcy matters.

10. In my opinion, the reasonable number of hours required to prosecute this case, including drafting the petition, propounding discovery requests, drafting and arguing multiple motions for summary judgment, drafting and responding to various other motions, preparing for the bench trial, successfully appealing the original judgment entered following the bench trial, preparing and arguing post-judgment briefing, and preparing this document and the related filings is dependent upon the factors I previously referenced, plus the following factors:

- The case's legal and factual complexity;

- The size of the case with regard to:

    a. Damages sought, and whether counterclaims are asserted;

    b. Extent of relevant evidence;

    c. Extent of discoverable documentation; and

    d. Number of witnesses with relevant or discoverable information.

4

- Special issues involving the case;

- Case prosecution and defense strategies and case personalities; and

- Sophistication of the parties.

11. The issues presented by this case involved significant legal and factual complexity, as well as relatively novel issues of law with respect to the enforceability of DMA's and Longbranch's net-profits interest in the pipeline right-of-way ("ROW"). This case also involved significant amounts of discovery, a multiplicity of witnesses, multiple fact depositions, and extended proceedings in state court, the bankruptcy court, the district court on appeal, and again in the bankruptcy court upon remand following DMA's and Longbranch's successful appeal. Specifically with respect to the *Arthur Anderson* factors identified above:

   a. This case required large expenditures of time and effort because of the manner in which Wright and his entities defended against DMA's and Longbranch's claims;

   b. The significant amount of time required to litigate this case precluded other employment by DMA's and Longbranch's counsel;

   c. The rates charged by DMA's and Longbranch's counsel are reasonable and customary charges for legal services of this type and in light of the experience, reputation, and ability of DMA and Longbranch's counsel;

   d. This case involved net-profits interests amounting to 40% of the net profits generated by the ROW, which is worth millions of dollars according to KrisJenn's own bankruptcy schedules;

   e. The length of this case—which was outside of DMA's and Longbranch's control—reasonably resulted in greater fees incurred in connection with litigating this case across multiple venues, as well as on appeal and on remand following DMA's and Longbranch's successful appeal; and

   f. DMA's and Longbranch's counsel did not handle this case under a fixed-fee arrangement, and DMA and Longbranch do not seek to recover attorney's fees based on a contingent-fee arrangement.

12. In determining the reasonableness of the time spent in the prosecution of this case, I went through the legal invoices, carefully reviewed the pleadings, considered the level of complexity and magnitude of the case, and confirmed the amount of time spent by the different timekeepers by speaking with them and considering my own experience with them as their co-counsel in the case. I also looked for factors that necessarily cause the amount of time in the case to be incurred. From the review of the invoices, there was a significant amount of time necessarily spent on the initial and amended pleadings, the motions for summary judgment, multiple other motions, depositions of the primary parties,

5

and the trial of the case, which focused heavily on the "business divorce" between Mr. Moore and Mr. Wright and the enforceability of DMA's and Longbranch's net-profits interest, and successfully appealing the initial judgment entered following the bench trial and submitting and arguing post-judgment briefing on remand.

13. In corroborating the necessity of the time spent, I also reviewed and considered factors such as the magnitude of the case, the level of sophistication of the parties and their claims, the damages claimed, the special issues in the case, and my own experience working with my co-counsel timekeepers.

14. This affidavit is accompanied by true and correct records showing the fees and costs incurred by DMA and Longbranch in bringing this litigation to vindicate and in seeking declaratory judgment regarding the same. These time records have not been altered other than to redact privileged information and to remove entries for which DMA and Longbranch are not seeking reimbursement.

15. The fees sought by DMA and Longbranch (which have, by agreement, determined to share all recoveries in the case equally) have been adjusted to account for attorneys' fees previously sought and awarded to DMA in connection with its prior motion for attorneys' fees incurred with respect to its claims related to breach of agreements concerning the parties respective interests in the Harris SWD. In that prior motion, DMA sought $29,122 in fees incurred by my firm in litigating issues related to the Harris SWD. The amounts sought by DMA herein have been reduced by that amount to account for those previously sought fees. Further, in connection with that prior fees motion, DMA sought $83,512 incurred by Mr. Johns's firm in litigating issues related to the Harris SWD. I have reviewed the invoices submitted by Mr. Johns's firm in connection with this motion, and those invoices have segregated out the amounts previously sought by his firm in connection with time spent litigating issues related to the Harris SWD. Accordingly, because those amounts have been segregated out of the invoices submitted for Mr. Johns's firm in connection with this motion, all of the invoiced amounts submitted by Mr. Johns's firm in connection with this motion relate solely to time incurred in litigating issues related to the net-profits interests at issue in this case and the related claims for declaratory judgment, breach of contract, and breach of fiduciary duty brought by DMA and Longbranch.

16. It is my opinion that the hours incurred by DMA's and Longbranch's counsel, as reflected on the time records submitted in conjunction with this declaration, were reasonable and necessary. I further considered the law regarding segregating nonrecoverable fees. *See, e.g.*, *A.G. Edwards & Sons, Inc. v. Beyer*, 235 S.W.3d 704, 710 (Tex. 2007); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 314 (Tex. 2006). DMA's claims in this case all originate from and involve the same related locus of facts, and in particular, the "business divorce" and the enforceability of the net-profits interests that were central to the dispute here. Accordingly, most of the tasks in this case, including depositions, trial, and preparation for trial, were for the benefit of and were inextricably intertwined with DMA's declaratory and breach-of-contract claims and related issues involving Mr. Wrights breaches of fiduciary duty. In this context and based on my review of the fee invoices submitted in conjunction with this declaration, it is my opinion that 15% of the time incurred by DMA and Longbranch's counsel was incurred in connection with the

6

prosecution or defense of claims with respect to which DMA and Longbranch either did not prevail or with respect to which DMA and Longbranch are not entitled to recover fees. Additionally, I have exercised billing judgment and applied an additional discount of 5% to the time expended by DMA and Longbranch's counsel to account for fees that were redundant or should otherwise be marked down. It is my opinion that the remainder of the fees sought by DMA and Longbranch after application of that discount factor directly advanced or are inextricably intertwined with DMA and Longbranch's claims for declaratory judgment and breach of contract (and inextricably related issues related to Mr. Wright's breach of fiduciary duty) on which DMA and Longbranch prevailed and in connection with which DMA and Longbranch are entitled to recover fees under the Federal Declaratory Judgment Act, the Texas Declaratory Judgment Act, and Texas Civil Practice and Remedies Code § 38.001.

17. In aggregate, DMA and Longbranch's counsel (and paralegals and support staff) spent 3,507.77 hours litigating this case, consisting of (a) 2,720.39 hours spent litigating this case prior to trial, including proceeding in state courts and bankruptcy court; (b) 286.33 hours trying this case over the course of multiple weeks and engaging in work related to trial of this matter; (c) 273.84 hours litigating this case on appeal; and (d) 227.21 hours litigating this case after remand, including mediation, settlement negotiations, tracking Mr. Wright's wrongful transfer of the ROW, preparation of briefing, and oral argument. After applying the discount factors described above—which amount to an aggregate discount of 20%—and applying the reasonable hourly rates detailed above, it is my opinion that DMA and Longbranch are entitled to recover $989,728.38 in attorneys' fees and costs.

18. If Wright or his entities attempts to appeal this Court's judgment to the district court, it is my opinion—based on my experience and after conferring with Mr. Johns—that it would take approximately 28 hours of Austin Krist's time and 60 hours of Chris John's time to review the record on appeal, supplement the record as needed, review and analyze the opening and reply brief, and to draft a response brief. Those hours are reasonable, and thus attorneys' fees in the amount of $42,000 would be incurred as reasonable and necessary attorneys' fees if Wright or his entities unsuccessfully appeals this action to the district court. If the Wright or his entities subsequently appeal to the Fifth Circuit, it is my opinion that it would take approximately 65 hours for Mr. Krist's time and 115 hours of Chris Johns's time to review the record on appeal, supplement the record as needed, review and analyze the opening and reply brief, and to draft a response brief. Those hours are reasonable, and thus attorneys' fees in the amount of $85,000 would be incurred as reasonable and necessary attorneys' fees if Wright or his entities unsuccessfully appeals this action to the Fifth Circuit. Additionally, it is my opinion that if the Fifth Circuit requests oral argument, it would take approximately 15 hours of Mr. Krist's time and 37 hours of Mr. Johns's time to prepare for and present oral argument. Those hours are reasonable, and thus attorneys' fees of $25,000 would be reasonably and necessarily incurred if Wright or his entities unsuccessfully appeals to the Fifth Circuit.

19. In sum, it is my opinion that DMA and Longbranch are entitled to recover reasonable and necessary attorneys' fees of $989,728.38 in connection with enforcing their net-profits interests under the parties' agreements and securing declaratory judgment related to the same, as well as in connection with DMA's claims for breach of fiduciary duty against

7

Wright. It is also my opinion that DMA and Longbranch are entitled to recover $152,000 in conditional appellate fees, as described above, in the event of an appeal by Wright or his entities.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed in Travis County, Texas on April 23, 2024.

                                                                                         Timothy Cleveland

8

# Exhibit A



PLLC





# Tim Cleveland

*Partner*



## EMAIL

tcleveland@clevelandkrist.com

## PHONE

512-689-8698

## DOWNLOAD

vCard

## LINKEDIN

Connect

  PLLC  

## Education

The University of Texas School of Law

J.D., *with honors*

---

The University of Texas at Austin

B.A.

---

## Representative Matters

- Successfully tried a commercial case in federal court in Alabama for a Texas business owner who sold his company to an accounting firm in Alabama, defeating more than $30 million in claims alleging fraud and breach of contract relating to that transaction, and obtaining an award of over $1.5 million.

- Successfully tried and obtained a multi-million-dollar jury verdict in a breach-of-contract and fraud case related to a disputed ownership interest in an Austin technology company.

- Successfully tried a commercial arbitration matter for a shipping and logistics company, defeating nearly $8 million in claims alleging fraud and breach of contract, and obtaining an award of 100% of claimed damages after a four-day evidentiary final hearing in Dallas, Texas.

- Successfully tried a commercial case for a medical supplies company asserting claims for breach of contract and other business torts claim




against a supplier, obtaining a seven-figure award in arbitration after an evidentiary final hearing based in New York, New York.

- Successfully tried a commercial case in state court in Texas for a sports league that was the victim of a group boycott in violation of antitrust laws, resulting in a multi-million-dollar judgment for the league.

- Successfully tried a commercial case in state court in Chicago for a shareholder of a family-owned business who was the victim of a scheme to wrongfully remove him from the business and force a sale of his shares for a fraction of their value.

- Successfully tried a legal malpractice case defending an international law firm concerning the firm's representation of a German client in the acquisition of a Texas air parts company.

- Successfully tried a civil rights case in federal court, obtaining a favorable jury verdict for a prisoner against a prison guard for violation of the prisoner's Sixth Amendment rights.

- Successfully tried a commercial case in federal court concerning alleged tortious interference with an oil & gas transaction.

- Successfully tried a legal malpractice/breach of fiduciary duty case in state court for a national law firm, concerning the firm's representation of a client in a commercial transaction and litigation arising from that transaction.

- Successfully tried a commercial case on behalf of the son of a deceased Texas oilman, where the decedent's daughter challenged his final will and testament.

- Successfully tried a commercial case for a Texas law firm in a malpractice case brought by the heirs of a deceased partner

 

concerning the distribution of profits from contingency matter.

- Successfully represented an Austin company, and a large international corporation based in the Silicon Valley that acquired the Austin company, in a trade secret misappropriation case relating to advertising analytics technology.

- Successfully represented an Austin company in an arbitration against executives of an acquired company regarding a financial earn-out and alleged trade secret misappropriation in the formation of a competing business.

- Successfully represented an Austin company in an international arbitration against a joint venture partner from China that involved claims of fraud, breach of fiduciary duty, and breach of contract arising from the business relationship.

- Successfully represented an Austin company in an arbitration arising out of a contractual dispute related to the granting of motion picture, television, and other media rights.

- Successfully represented an executive of an Austin company in a dispute related to the executive's exit from the company and against allegations that the executive breached fiduciary obligations to the company.

- Successfully represented the former chief executive officer of a Fortune 500 company in a dispute related to compensation following the CEO's resignation.

- Successfully represented an Austin semiconductor company in obtaining injunctive relief to prevent the misappropriation of trade




secret information after four employees left to work for a competitor.

- Obtained a favorable ruling for a state university in an evidentiary hearing concerning the termination of an employee for violating the school's policy against sexual harassment.

- Obtained a defense jury verdict in a criminal case in Kerrville, Texas.

- Successfully represented a manufacturer of advanced cosmetic lasers in a patent trial in the Eastern District of Texas.

- Represented a national bank in a patent trial in the Eastern District of Texas related to remote capture of check images.

- Represented a former CEO of a Fortune 500 company in a dispute with his former employer concerning the distribution of stock options and company valuation.

## Biography

Tim Cleveland is a trusted trial lawyer who strategically helps clients resolve business disputes.

Tim is, first and foremost, a courtroom lawyer who has tried cases in state and federal courts nationwide his entire career. In the calendar year 2022 alone, Tim tried four commercial cases as lead counsel with millions of dollars at stake—two week-long jury trials and two commercial arbitrations— to successful resolution.

Tim has earned accolades from clients and other hard graders for his skill in the courtroom. Tim has been selected by his peers and Thompson Reuters Legal to *Texas Super Lawyers* for Business Litigation in 2021, 2022, and 2023. Tim's firm, Cleveland Krist, has been recognized in *Chambers*

 

*USA*, the most prestigious and independent legal guide in the world, as a leading litigation firm in Texas.

The CEO of an Austin-based technology company, who won a multimillion-dollar verdict at a jury trial in Austin, described Tim and his partner Austin Krist as *"whip smart lawyers who know how to win. They know the law, and they pay attention to every part of the fight, and they execute at trial with a focused, defined message."*

After a two-week federal court trial where Tim's client was victorious in a $30 million commercial dispute in Montgomery, Alabama, one observer of the trial described Tim as *"an extraordinary trial lawyer with great instincts and unsurpassed judgment."*

Another former client, a technology entrepreneur whom Tim successfully represented in a jury trial in Chicago, described Tim as *"an outstanding cross-examiner"* who *"destroyed the credibility"* of the client's main adversary at trial.

The general counsel of a technology company in New York, who has worked with Tim for six years, said *"Tim has excellent judgment and always sees the entire playing field in a business dispute. If court is inevitable, he has my complete trust as a seasoned veteran in that area. He is both an exceptional strategist and a pragmatist, which has enabled him to consistently prevail in achieving my company's desired objectives in any dispute."*

The CEO of a prominent Texas surgical group said *"Tim and Austin represented us in a complex matter against an aggressive opponent with unlimited resources, and they turned the tables by consistently applying pressure and identifying case issues that our opponent missed.*





*They were fearless approaching the final trial and we ultimately achieved an excellent resolution."*

Tim regularly handles cases that involve trade secret misappropriation, high-stakes business divorces, fiduciary relationships, intellectual property matters, contractual disputes, and controversies arising out of large commercial transactions. Tim is frequently called on to assist clients in emergency injunction matters, and also to help resolve sensitive matters behind the scenes which never enter the public realm of a courtroom.

Prior to founding Cleveland Krist, Tim previously practiced with one of the best litigation firms in the country. Tim chose to forge his own path and start Cleveland Krist, and he considers it his privilege and honor to lead the talented team of lawyers and staff at the firm.

Tim is a proud husband to Kristina and dad to Elise, Whitney, and Mary Caroline.

    PLLC    ☰

# Reach Out

## We are proud to work in Austin, Texas, and call this city our home.

**CONTACT US**

**LinkedIn** 

@ 2022 Cleveland Krist PLLC – Legal Disclaimer

Website by Coobo Media