# Exhibit 3
# (Engagement Agreement)

**johns&counsel** pllc

14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
cjohns@johnsandcounsel.com

# ASSIGNMENT, POWER-OF-ATTORNEY, AND CONTRACT FOR CONTINGENT FEE

THIS AGREEMENT is entered into between and among (1) Johns & Counsel PLLC, Cleveland|Terrazas PLLC, Key Terrell & Seger, LLP, and Duke Banister Miller & Miller, PLLC ("Attorneys"); (2) Darin Borders and Longbranch Energy, LP (collectively, the "Borders Clients"), and (3) Daniel Moore (individually and as a potential member of Black Duck Properties, LLC), SCMED Oilfields Consulting, LLC, DMA Properties, Inc. (the "Moore Clients" and, collectively with the Borders Clients, the "Clients").

Whereas the Moore Clients previously engaged Johns & Counsel PLLC, Cleveland|Terrazas PLLC, and Key Terrell & Seger, LLP to represent them in the Dispute (as defined below);

Whereas the Moore Clients executed and are bound by the December 2018 Fee Agreement (with Johns & Counsel PLLC) and the September 2019 Supplemental Fee Agreement (which identified associated counsel; specified the division of fees between Johns & Counsel PLLC, Cleveland|Terrazas PLLC, and Key Terrell & Seger, LLP; and clarified the mechanics for calculating and paying the contingency fee);

Whereas the Borders Clients currently have a contingent-fee arrangement in place with Duke Banister Miller & Miller, PLLC;

Whereas all of the Clients have instructed the Attorneys to work as one legal team to represent both the Moore Clients and Borders Clients;

Whereas each of the Clients has independently determined that a joint representation is likely to yield a better overall result for each Client;

Whereas the Moore Clients' overall contingent-fee percentage will be reduced through this joint representation; and

Whereas the Borders Clients' contingent-fee percentage assigned to Duke Banister Miller & Miller, PLLC will be reduced through this joint representation and that the modest increase in the Borders' Clients' overall contingent-fee percentage is more than justified in light of adding Johns & Counsel PLLC, Cleveland|Terrazas PLLC, and Key Terrell & Seger, LLP to the Borders' Clients' legal team;

Now, therefore, the parties to this Agreement agree as follows:

johns&counsel pllc

The Moore Clients and the Border Clients employ the Attorneys as their attorneys by this Assignment, Power-of-Attorney, and Contract for Contingent Fee, as more particularly described below:

I. **Dispute**.

Each of the Clients employs Attorneys to represent all Clients in any dispute related to the P-21 Express Pipeline right-of-way (the "Dispute") and/or any related litigation, including but not limited to Case No. 20-50805 and Adversary No. 20-05027 in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, Cause No. 2019-355 in the 123rd District Court, Panola County, Texas, Cause No. 19-CV-34877 in the 273rd District Court, Shelby County, Texas, and Cause No. 19-CV-35048 in the 123rd District Court, Shelby County, Texas.

II. **Contingent Fee**.

In consideration of the services rendered and to be rendered by Attorneys concerning Clients' interest in the Claims through trial, appeal, and/or settlement, each of the Clients now assigns and transfers to Attorneys the following interest in the Claims and in the gross value of all recoveries, benefits, property interests, business interests, and other relief of any kind—including but not limited to damages, property, profit interests, interests in companies or projects, pre- and postjudgment interest, attorneys' fees, and expenses—received by Clients or any Client that are related in any way to the Dispute (the "Recovery"):

33 1/3% (one-third) of the gross value of the Recovery.

To the extent any Recovery involves the transfer to one or more of the Clients of title to and/or of an interest in any property (or any part of it), project (or any part of it), or business (or any part of it), the parties agree that any Client receiving such title or such interest shall transfer such title or such interest to an entity (or entities) owned jointly by such Client(s) and the Attorneys—and that the Attorneys shall have 33 1/3% (one-third) ownership in the jointly owned entity (or entities) according to the fee-sharing percentage outlined below and shall have a 33 1/3% (one-third) royalty interest in the profits of any such entities, to be shared according to the fee-sharing percentages outlined below.

Further, if all or part of Clients' Recovery involves ownership (or potential ownership) of any type of interest in the right-of-way (including, but not limited to, a percentage of the revenue or profits derived from the right-of-way or pipelines placed therein), the parties agree that, for such ownership or potential ownership interests, the Attorneys will take direct ownership of their corresponding share of the recovery, as specified in this Agreement. For example, if a Client receives a 10% gross interest in a pipeline project within the right-of-way, and if the Attorneys' contingent fee is 33 1/3% (one-third), then the Client will take a 6 2/3% (two-thirds) gross interest in such project, and the Attorneys will divide the remaining 3 1/3% gross interest among themselves according to the division of fees outlined below. Under this example, the Client would record it/his

6 2/3% (6.66667%) interest, and the Attorneys would record their corresponding interests. For any other additional recoveries, such as a cash recovery over and above any ownership interests that a Client receives or is entitled to receive, the Attorneys would take their corresponding shares of such additional recoveries.

   III.   **Costs and Expenses**.

The parties recognize that it may become necessary to employ witnesses, including experts, and that the cost and number of such witnesses is not capable of certain determination at this time. In the percentages outlined in the next paragraph, Clients agree to promptly pay all types of costs and expenses, including but not limited to those associated with consulting experts, expert witnesses, mediation expenses, costs of court, depositions, exhibits, pictures, copy expenses, travel expenses, etc. (collectively, "costs and expenses"). Clients shall have the obligation to prepay or advance the amounts of any case-related costs or expenses. Attorneys may exercise discretion to pay costs and expenses related to the case, and Attorneys will be entitled to prompt reimbursement of any such expense. In addition to the having an assignment of (and entitlement to) the fees described above, the Attorney also has an equitable assignment in any Recovery in the amount of a Client's share of any unpaid costs and unpaid expenses related to this representation. Such assignment and right to reimbursement shall be in addition to the contingent fee described above.

The Moore Clients agree to pay 50% of the costs and expenses, and the Borders Clients agree to pay 50% of the costs and expenses; provided, however, that (1) the Moore Clients will pay 100% of the costs and expenses directly related to their claims regarding the Harris SWD and associated promissory note; and (2) the Moore Clients and Borders Clients will individually pay the costs and expenses they incurred before this Agreement was executed.

   IV.   **Disbursements of Recoveries.**

Each Client shall be entitled to receive the Recovery that he or it reaches by settlement, judgment, other resolution of the Dispute, or otherwise. The Moore Clients shall not have any obligation to share in their share of the Recovery with the Borders Clients, and vice versa.

   V.   **Division of Fees Among Attorneys**.

For any Recovery received by the Moore Clients or any of them, the Attorneys shall divide the Contingent Fee in such Recovery as follows: 45% to Johns & Counsel PLLC; 45% to Cleveland|Terrazas PLLC; and 10% to Key Terrell & Seger, LLP.

For any Recovery received by the Borders Clients or any of them, the Attorneys shall divide the Contingent Fee in such Recovery as follows: 40% to Duke Banister Miller & Miller, PLLC;[1]

---

[1] If a Borders Client becomes party to a settlement agreement executed on or before September 22, 2020, then Duke Banister Miller & Miller, PLLC shall be entitled to 50% of the fee for any such settling Borders Client, with the remaining Attorneys receiving a pro rata reduction in their share of the fees (i.e., 26 2/3% to Johns & Counsel PLLC; 16 2/3% to Cleveland|Terrazas PLLC; and 6 2/3% to Key Terrell & Seger, LLP).

**johns&counsel** pllc

32% to Johns & Counsel PLLC; 23% to Cleveland|Terrazas PLLC; and 5% to Key Terrell & Seger, LLP.

VI. **Disclosures and Agreements Regarding Joint Representation.**

The Texas Disciplinary Rules of Professional Conduct outline the obligations of attorneys toward their clients. Rule 1.06 prohibits an attorney from representing multiple clients in related matters where one client's interests are materially and directly adverse to the interests of another client of the law or the lawyer's firm—or if it reasonably appears that the interest of the lawyer, law firm, another client, or third person will limit the lawyer's responsibilities to the client. Even so, when a lawyer reasonably believes that representing multiple clients in the same or related matters will not materially affect the clients' interests in a negative way, the clients may consent to common representation of multiple clients after the lawyer discloses the existence, nature, implications, and possible adverse consequences of common representation and the advantages involved, if any.

The Attorneys provide these disclosures, as the Clients and the Attorneys have discussed that Duke Banister Miller & Miller, PLLC currently represents the Borders Clients while the other Attorneys currently represent the Moore Clients. After discussion, we have together determined that having all Attorneys represent all Clients would not involve any material or direct conflicts between the interests of the Moore Clients and the Borders Clients.

Joint representation of the Clients' collective interests may present other kinds of potential conflicts. In a joint representation, the Attorneys must share all material information will all of the jointly represented clients. A communication between a lawyer and one client related to material information is not privileged as to the other jointly represented clients. If material attorney-client communications take place with one client, they must be shared with all clients to the joint representation. The attorney-client privilege *does* apply to opposing parties that may attempt to learn the content of our communications with all of you. Thus, the Attorneys cannot honor any request not to inform another represented party of material information that the Attorneys receive in this Dispute. The Attorneys are obligated to report material information received in the course of the representation to all parties that the Attorneys represent.

Another potential consequence of joint representation is that there may be disagreements among the Clients about strategies to pursue in the case. Here, for example, Clients are advised that their claims, relief sought, and results will likely not be identical. It is therefore possible that a particular strategy may have a greater benefit to one party as opposed to another party. Under these circumstances, the Clients must all reach agreement concerning the strategies to pursue. If the Attorneys and Clients are unable to reach agreement concerning a particular strategy, then one or more of the Attorneys may be forced to withdraw from this matter—with the possibility that the Attorneys will maintain their contingent-fee interests in any Recoveries.

Each Client expressly agrees and consents in advance that if a court or the Attorneys (in the discretion of Johns & Counsel PLLC) determine that an unresolvable material conflict arises

between the Clients, then some or all of the Attorneys shall nevertheless be allowed to withdraw from representing a Client with such a conflict and yet still continue representing the remaining Client(s).

By signing below, the Clients acknowledge receiving these disclosures and also consenting to the arrangements outlined above related to conflicts of interest and the joint representation of multiple clients.

VII. **Miscellaneous.**

Lawsuits are often slow. Clients agree to communicate with partners, associates, and legal assistants assigned to work on the case by the Attorneys at their discretion. Clients agree to promptly, accurately, and fully provide all correspondence, documents, and other information pertinent to the Dispute and to cooperate in all matters involving the Dispute. No settlement of the Clients' interests will be made without the Clients' full knowledge and approval, and Attorneys shall keep the Clients advised of significant developments in this matter. Attorneys may, at any time, withdraw from representing Client(s) in this matter and may do so by giving notice in writing to Client(s); no further consent is necessary, and Client(s) agrees to cooperate in obtaining court approval for an Attorney's withdraw from a case.

Each Client shall have full power to instruct the Attorneys to settle his/its case or Dispute, even if the remaining Clients choose not to settle at the same time.

Except as supplemented or modified under this Agreement, all other provisions of the December 2018 Fee Agreement and the September 2019 Supplemental Fee Agreement remain in force and effect as to the Moore Clients.

VIII. **Notice.**

As required by the State Bar Act, Attorneys advise Clients that "[t]he State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar's Office of General Counsel will provide information about how to file a complaint." For more information, please call 1-800- 932-1900. This is a toll-free call. Attorneys subscribe to "The Texas Lawyer's Creed—A Mandate for Professionalism," promulgated by The Supreme Court of Texas. Attorney intends to abide by this, and the Clients, by employing Attorneys, consent to its application.

IX. **Document and File Retention.**

At the end of the representation, Clients may request the return of any original documents or evidence Clients provided to us as well as a copy of Clients' case file, which Attorneys will provide to Clients at Attorneys' cost. If Clients do not claim such materials, Attorneys may destroy

**johns&counsel** pllc

them once at least five years have passed since the end of the representation of Clients in this matter.

X. **Results Uncertain.**

Attorneys cannot make any warranties or guarantees about the results to be obtained, and Clients understand that the outcome is uncertain and will be governed by factors often not under the Attorneys' control.

Agreed to and accepted this 11 day of September, 2020.

**CLIENTS:**

_____
Darin Borders, individually

_____
Darin Borders, for and on behalf of
Longbranch Energy, LP

_/s/ Daniel Moore_____
Daniel Moore, individually

_/s/ Daniel Moore_____
Daniel Moore, as a potential member
of Black Duck Properties, LLC

_/s/ Daniel Moore_____
Daniel Moore, for and on behalf of
SCMED Oilfields Consulting, LLC

PAGE 6 | SEPTEMBER 9, 2020

**johns&counsel** pllc

_/s/ Daniel Moore_
Daniel Moore, for and on behalf of
DMA Properties, Inc.


**ATTORNEYS:**

_/s/ Jeffery Duke_
Jeffery Duke, for and on behalf of
Duke Banister Miller & Miller, PLLC


_/s/ Christopher S. Johns_
Christopher S. Johns, for and on behalf of
Johns & Counsel PLLC


_/s/ Tim Cleveland_
Tim Cleveland, for and on behalf of
Cleveland | Terrazas PLLC



_____
Andrew R. Seger, for and on behalf of
Key Terrell & Seger, LLP

PAGE 7 | SEPTEMBER 9, 2020



Daniel Moore, for and on behalf of
DMA Properties, Inc.

**ATTORNEYS:**

Jeffery Duke, for and on behalf of
Duke Banister Miller & Miller, PLLC

Christopher S. Johns, for and on behalf of
Johns & Counsel PLLC

Tim Cleveland, for and on behalf of
Cleveland | Terrazas PLLC

Andrew R. Seger, for and on behalf of
Key Terrell & Seger, LLP

PAGE 7 | SEPTEMBER 9, 2020

VIII. **Notice.**

As required by the State Bar Act, Attorneys advise Clients that "[t]he State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar's Office of General Counsel will provide information about how to file a complaint." For more information, please call 1-800- 932-1900. This is a toll-free call. Attorneys subscribe to "The Texas Lawyer's Creed—A Mandate for Professionalism," promulgated by The Supreme Court of Texas. Attorney intends to abide by this, and the Clients, by employing Attorneys, consent to its application.

IX. **Document and File Retention.**

At the end of the representation, Clients may request the return of any original documents or evidence Clients provided to us as well as a copy of Clients' case file, which Attorneys will provide to Clients at Attorneys' cost. If Clients do not claim such materials, Attorneys may destroy them once at least five years have passed since the end of the representation of Clients in this matter.

X. **Results Uncertain.**

Attorneys cannot make any warranties or guarantees about the results to be obtained, and Clients understand that the outcome is uncertain and will be governed by factors often not under the Attorneys' control.

Agreed to and accepted this \_11\_ day of September, 2020.

**CLIENTS:**

_/s/ signature_

Darin Borders, individually

_____
Darin Borders, for and on behalf of
Longbranch Energy, LP


_____
Daniel Moore, individually


_____
Daniel Moore, as a potential member
of Black Duck Properties, LLC


_____
Daniel Moore, for and on behalf of
SCMED Oilfields Consulting, LLC


_____
Daniel Moore, for and on behalf of
DMA Properties, Inc.

**ATTORNEYS:**


_____
Jeffery Duke, for and on behalf of
Duke Banister Miller & Miller, PLLC


_____
Christopher S. Johns, for and on behalf of
Johns & Counsel PLLC