## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: § | | |
| § | | Chapter 11 |
| KrisJenn Ranch, LLC, et al., § | | |
| § | | |
| *Debtor*. § | | Case No. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, et al., § | | |
| § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | | |
| § | | Adversary No. 20-05027 |
| DMA Properties, Inc., et al., § | | |
| § | | |
| *Defendants*. § | | |
| § | | |

### DMA'S MOTION TO ENFORCE CONSTRUCTIVE TRUST

On March 26, 2024, this Count rendered judgment in favor of DMA Properties, Inc. and Frank Daniel Moore (collectively, "DMA") and Longbranch Energy, LP ("Longbranch") regarding "the right of way ("ROW"), which is called the Express Pipeline." The Court further ordered "that DMA and Moore recover a constructive trust on the ROW in the hands of Express H2O, LLC because of the unauthorized transfer by KrisJenn of the ROW." Judgment After Remand [#329] at 2.

Under Texas law, a constructive trust "subject[s] the person by whom the title of the property is held to an equitable duty to convey it to another." *In re Gouge*, No. 07-34839, 2008 WL 304730, at *5 (Bankr. S.D. Tex. Jan. 30, 2008); *see also Talley v. Howlsey*, 176 S.W.2d 158, 160 (Tex. 1943) (same). Further, this Court has "inherent power to enforce [its] judgments." *Thomas v. Hughes*, 27 F.4th 363, 368 (5th Cir. 2022) (citation omitted). DMA now moves to enforce the constructive trust imposed by the Court and

1

respectfully requests that the Court order Wright to transfer title to the ROW to DMA, as Wright and his entities have violated the Court's order.

## BACKGROUND

This case concerns the parties' respective interests in a pipeline right-of-way ("ROW") located in East Texas. After Defendant Larry Wright sought to steal DMA's and Longbranch's net-profits interests in the ROW, DMA and Longbranch engaged in four-and-a-half years of protracted litigation to protect their interests in the ROW. In March 2024, the Court entered a final judgment vindicating DMA and Longbranch, upholding their interests in the ROW, and finding Wright and his entities liable for breach of fiduciary and breach of contract. Along the way, Wright used every tool at his disposal to avoid honoring the parties' agreements.

Following a bench trial, this Court initially concluded that the interests of Moore's entity (DMA Properties) and Borders's entity (Longbranch Energy) in the ROW were personal covenants that were wiped out when Wright transferred the ROW to KrisJenn. The Court also found that Wright had violated his fiduciary duty to DMA but rendered a take-nothing judgment, reasoning that damages would have been based on the assumption that the covenants ran with the land.

DMA and Longbranch appealed. On March 14, 2023, the district court reversed, concluding that DMA's and Longbranch's net-profits interests are real covenants that attach and run with the land. The district court then remanded for entry of judgment in favor of DMA and Longbranch with respect to their net-profits interests. The district court also remanded for further proceedings regarding the availability of equitable remedies, including disgorgement and constructive trust, for Wright's breaches of his fiduciary duties.

Following remand, the parties submitted further briefing to this Court regarding final resolution of this matter and the remedies available to DMA and Longbranch on their

claims. After oral argument in spring 2024, the Court entered judgment in favor of DMA and Longbranch as to several claims, including the breach of fiduciary duty claims, and awarded a constructive trust on the ROW to DMA in the event Wright and his entity, Express H2O Pipeline & ROW, LLC ("Express H2O"), failed to transfer the ROW back to KrisJenn. Judgment After Remand [#329] at 2. The Court also awarded DMA and Longbranch each 20% "of the net profits from a sale or future development income of the ROW," as damages for breach of fiduciary duty. *Id.*

As of the date of this filing, Wright has failed to transfer the ROW back to KrisJenn. On December 6, 2024, each of the KrisJenn entities served responses to DMA and Longbranch's post-judgment interrogatories, revealing that none of the entities currently own or have an interest in the ROW.[1] DMA and Longbranch have attempted to contact Wright and KrisJenn to enforce the judgment, but despite many efforts by the U.S. Marshal Service to serve a writ of execution, Wright and KrisJenn appear to be evading execution and enforcement of the judgment and constructive trust.

DMA now moves to enforce the constructive trust imposed by the Court. Because imposition of a constructive trust "subject[s] the person by whom the title of the property is held to an equitable duty to convey it to another," DMA respectfully requests that the Court enforce the constructive trust by ordering Wright to transfer title to the ROW to DMA. *Gouge*, 2008 WL 304730, at *5.

## ARGUMENT

"It is axiomatic that federal courts possess inherent power to enforce [their] judgments." *Thomas v. Hughes*, 27 F.4th 363, 368 (5th Cir. 2022) (citation omitted); *see also id.* ("Likewise, the Texas Supreme Court has held that every court having jurisdiction

---

[1] *See, e.g.*, Ex. D (KrisJenn Ranch LLC's Resp. to Interrogatories) to Ex. 1 (Ortiz Decl.) at Interrogatories 3–5, 17–19, 25–27, 41–43.

3

to render a judgment has the inherent power to enforce its judgments and may employ suitable methods to do so." (citation omitted)).

In its final judgment, the Court found that Wright had breached his fiduciary duties and ordered that DMA "recover a constructive trust on the ROW" as a remedy for Wright's breaches. Judgment After Remand [#329] at 2. More than nine months after the Court issued its judgment, Wright has failed to effect any transfer the ROW or otherwise comply with the final judgment, as Wright and his entities have confirmed in their recent responses to postjudgment discovery.[2] In light of Wright's failure to comply with the final judgment, DMA and Longbranch now respectfully request that the Court enforce the constructive trust and order Wright to transfer title to the ROW to DMA.

Texas law does not allow fiduciaries who have breached their duties, like Wright, to keep the fruits of their breach. *Omohundro v. Matthews*, 341 S.W.2d 401, 409 (Tex. 1960); *ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 874 (Tex. 2010). Thus, when a fiduciary "acquires legal title to property in violation of a fiduciary relationship," courts may impose a constructive trust on the property, subjecting the wrongdoer "to an equitable duty to convey it to another." *In re Estate of Preston*, 346 S.W.3d 137, 165 (Tex. App.—Fort Worth 2011, no pet.); *Hsing-Chi-Su v. Vantage Drilling Co.*, 474 S.W.3d 284, 299 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *Baker Botts, L.L.P. v. Cailloux*, 224 S.w.3D 723, 736 (Tex. App.—San Antonio 2007, pet. denied).

The purpose of the constructive-trust remedy is to put the wrongfully acquired property in the hands of the victim. RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 55 (2011). Once a constructive trust is imposed, "the obligation of a constructive trustee is to surrender the constructive trust property to the claimant,

---

[2] Ex. D (KrisJenn Ranch LLC's Resp. to Interrogatories) to Ex. 1 (Ortiz Decl.) at Interrogatories 3–5, 17–19, 25–27, 41–43 (claiming that KrisJenn (nor anyone on its behalf) does not own, hold title, possess, or otherwise has an interest in any real property or other assets).

4

on such conditions as the court may direct." *Id.*; *see also In re Gouge*, No. 07-34839, 2008 WL 304730, at *5 (Bankr. S.D. Tex. Jan. 30, 2008) ("A constructive trust is a relationship with respect to property, subjecting the person by whom the title of the property is held to an equitable duty to convey it to another."); *Talley v. Howlsey*, 176 S.W.2d 158, 160 (Tex. 1943) (same). The breaching fiduciary—the constructive "trustee"—does not keep control over the property. His "obligation . . . is simply to turn the property over to the constructive beneficiary; the device does not create a 'trust' in any usual sense of the word." BLACK'S LAW DICTIONARY (10th ed. 2014).

In short, the constructive trust imposed by the Court requires that Wright transfer the property in trust (the ROW) to DMA, the constructive beneficiaries who were harmed by Wright's breaches of fiduciary duty. In spite of that duty, and in derogation of the Court's final judgment, Wright is continuing to violate this Court's orders by failing to transfer title as required by the judgment. Wright cannot and should not be allowed to continue to benefit from the fruits of his breach. *ERI Consulting*, 318 S.W.3d at 874.

In light of Wright's failure to comply with the Court's judgment, DMA and Longbranch respectfully request that the Court order Wright to convey title over the ROW to DMA, subject to a first-monies obligation for Wright to recover the $4.7 million he invested, in accordance with the Court's final judgment imposing a constructive trust over the ROW. Judgment After Remand [#329] at 2.

## CONCLUSION

DMA and Longbranch respectfully request the Court order Wright to convey title over the ROW to DMA, subject to a first-monies obligation for Wright to recover the $4.7 million he invested, in accordance to the Court's judgment. DMA further respectfully requests the Court award any such other and further relief as may be available to DMA at law or in equity.

Respectfully submitted,

| | |
|---|---|
| */s/ Christopher S. Johns*<br>Christopher S. Johns<br>State Bar No. 24044849<br>Michael Cotton<br>State Bar No. 24116229<br>COBB & JOHNS PLLC<br>13341 West U.S. Highway 290<br>Building 2<br>Austin, TX 78737<br>512-399-3150<br>chris@cobbjohns.com<br>michael@cobbjohns.com | Natalie F. Wilson<br>State Bar No. 24076779<br>LANGLEY & BANACK<br>745 East Mulberry Avenue, Suite 700<br>San Antonio, Texas 78212<br>210-736-6600<br>210-735-6889 fax<br>nwilson@langleybanack.com<br><br>*Attorneys for DMA Properties and Frank Daniel Moore* |
| */s/ Timothy Cleveland*<br>Timothy Cleveland<br>State Bar No. 24055318<br>Austin H. Krist<br>State Bar No. 24106170<br>CLEVELAND KRIST PLLC<br>303 Camp Craft Road, Suite 325<br>Austin, Texas 78746<br>512-689-8698<br>tcleveland@clevelandkrist.com<br>akrist@clevelandkrist.com<br><br>*Attorneys for Longbranch Energy, DMA Properties, and Frank Daniel Moore* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>JF DUKE AND ASSOCIATES<br>11819 Great Oaks Drive<br>College Station, TX 77494<br>jeff@jfduke.com<br><br>*Attorneys for Longbranch Energy* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2025, a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Charles John Muller, IV<br>CJ MULLER & ASSOCIATES, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>john.muller@cjma.law<br><br>*Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>JF DUKE AND ASSOCIATES<br>11819 Great Oaks Drive<br>College Station, TX 77494<br>jeff@jfduke.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.
<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* |

         /s/ *Christopher S. Johns*
         Christopher S. Johns