IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| KRISJENN RANCH, LLC, | § | Case No. 20-50805 |
| | § | |
| Debtor. | § | |

___

| | | |
|---|---|---|
| KRISJENN RANCH, LLC and | § | |
| KRISJENN RANCH, LLC-SERIES | § | |
| UVALDE RANCH, and KRISJENN | § | |
| RANCH, LLC-SERIES PIPELINE | § | |
| ROW as successors in interest to | § | |
| BLACKDUCK PROPERTIES, LLC, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | |
| | § | |
| DMA PROPERTIES, INC., and | § | |
| LONGBRANCH ENERGY, LP, | § | Adversary No. 20-05027 |
| | § | |
| Defendants | § | |

___

| | | |
|---|---|---|
| DMA PROPERTIES, INC. | § | |
| | § | |
| Cross-Plaintiff/Third Party Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| KRISJENN RANCH, LLC, | § | |
| KRISJENN RANCH, LLC-SERIES | § | |
| UVALDE RANCH, and KRISJENN | § | |
| RANCH, LLC-SERIES PIPELINE ROW. | § | Adversary No. 20-050207 |
| BLACK DUCK PROPERTIES, LLC, | § | |
| LARRY WRIGHT, and JOHN TERRELL, | § | |
| | § | |
| Cross-Defendants/Third-Party Defendants. | § | |

## LARRY WRIGHT'S
## RESPONSES TO DMA PROPERTIES, INC.'S MOTION TO ENFORCE CONSTRUCTIVE TRUST

Larry Wright hereby submits his response to DMA Properties, Inc.'s Motion to Enforce Constructive Trust, and shows the Court as follows:

1. DMA Properties, Inc. ("DMA") has failed to state any grounds for which the court can divest title of the ROW from Larry Wright's control, nor does any reason exist to transfer ownership of ROW for the following reasons:

    1) Larry Wright has not done anything to violate the terms of the constructive trust;

    2) DMA cannot seek relief which was not granted to them in the final judgment entered on remand [#329]; and

    3) DMA did not even seek transfer of title of the ROW at the trial.

### Larry Wright Has Complied with the Constructive Trust

2. DMA has not a alleged nor has it stated any reason for title to be divested from Larry Wright because he has done nothing to violate or disobey the terms of the constructive trust set forth in the Judgment After Remand which creates and set forth the terms of the constructive trust.[1] The court has already ordered and adjudged the ROW be held in trust by Larry Wright's company, and Larry Wight has complied with this Judgment. Larry Wright has not received any income let alone profits from the ROW, and it has not been sold. The March 26, 2024, Judgment After Remand expressly denies any other damages insofar as to Larry Wright and the ROW other than creating the constructive trust and awarding the first $4,700,000.00 to Larry Wright from either its income or sales proceeds.[2] The constructive trust then requires, upon return of the $4,700,000.000 to Larry Wright,

---

[1] Judgment After Remand [#329] at page 2, paragraphs 2 and 3.
[2] *Id.*

that "DMA and Longbranch will each receive 20% out of the net profits from a sale or future development income of the ROW."[3]

## DMA Cannot Enforce Relief not Granted to It

3. Since Larry Wright has done nothing to violate the constructive trust and is in compliance with the constructive terms, there is nothing for the court to enforce because its imposition and terms are a creation of the judgment, which all parties must abide by, and for which the court expressly denied any other relief. The terms set forth in the Judgment have been abided by, and have prevented any unjust enrichment by requiring Larry Wright to ensure the ROW and its future income are apportioned in compliance with terms in Paragraph 3 of the Judgment.[4] The terms of the Judgment do not require Larry Wright to do anything other than what is expressly stated in it, and it does not require Larry Wright to convey or transfer title ownership of the ROW to DMA or Longbranch.[5]

## DMA did not seek Title to ROW

4. DMA seeks relief in its enforcement of the constructive trust for the court to grant it a remedy based upon a cause of action never pled by DMA in their lawsuit.[6] Now after final judgment has been rendered, DMA seeks relief from the court it never requested and for which the court has denied.[7] In essence, DMA is asking for a new trial via its motion to enforce and for the court to consider new claims such as trespass to try title, which DMA never pled. Consistently, DMA has only sought through their supernumerary causes of action, a 20% net profits interest from the ROW. The court granted exactly this as a term of the constructive trust.[8]

---

[3] *Id.*
[4] *Id* at p. 2, para 3.
[5] *See Omohundro v. Matthews*, 341 S.W.2d 401 (Tex. 1960)(Imposition of a constructive trust is purely a creation fashioned by the court).
[6] Counterclaimant and Third-Party claims of DMA [#6].
[7] Final Judgment After Remand [#329].
[8] *Id* at p. 2, para 3.

5. Finally, DMA and Longbranch's request for the denied relief also seeks to change the terms of the constructive trust set forth in the Final Judgment. DMA and Longbranch now want the court to alter the Final Judgment and only allow Larry Wright to receive "the $4.7 million he invested" in the ROW, but not to include his 60% net profits interest.[9] The Judgment only entitles DMA and Longbranch to their respective "20% out of the net profits from a sale or future development income of the ROW."[10] Because DMA and Longbranch are attempting to alter the Final Judgment through an enforcement order, their request for relief should be denied.

**Prayer**

6. Defendant, Larry Wright, prays the court enter an order denying DMA's Motion to enforce constructive trust [#368] in its entirety. Defendant, Larry Wright, further prays for all other relief he is so entitled in equity or at law.

Respectfully submitted,

GERMANY LAW, PLLC
1250 NE LOOP 410, Ste. 725
San Antonio, Texas 78209
Telephone: (210) 824-3278
Telecopier: (210) 824-3937

By: */s/William P. Germany*
William P. Germany
State Bar No. 24069777
william@germanylaw.com

*ATTORNEY FOR LARRY WRIGHT*

---

[9] *Id*.
[10] *Id*.

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 31st day of January, 2025:

Christopher S. Johns
cjohns@cobbjohns.com
COBB AND JOHNS
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
Telephone: (512) 399-3150
Facsimile: (512 572-8005

Timothy Cleveland
tcleveland@clevelandkrist.com
Austin Krist
akrist@clevelandkrist.com
CLEVELAND KRIST PLLC
303 Camp Croft Road, Suite 325
Austin, Texas 78746
Telephone: (512) 689-8698

Attorneys for Longbranch Energy
DMA Properties, Inc., and
Frank Daniel Moore

Natalie Wilson
nwilson@langleybanack.com
LANGLEY & BANACK, INC.
745 East Mulberry Avenue, Suite 700 San Antonio, TX 78212
Telephone: 210-736-6600
Facsimile: (210) 735-6889

Attorneys for DMA Properties, Inc. and
Frank Daniel Moore

Jeffery Duke
jeff@jfduke.com
JF DUKE AND ASSOCIATES
11818 Great Oaks Drive
College Station, Texas 77494

Michael Black
BURNS & BLACK PLLC
mblack@burnsandblack.com
750 Rittiman Road
San Antonio, Texas 78209
Telephone: 210-829-2022
Facsimile: 210-829-2021 fax

Attorneys for Longbranch Energy, LP

C. John Muller
John.muller@cjma.law
CJ MULLER & ASSOCIATES, PLLC
111 W. Sunset Rd.
San Antonio, Texas 78209
Telephone: (210) 664-5000

OFFICE OF THE UNITED STATES TRUSTEE
James.roase@usdog.gov
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
United States Trustee

      /s/William P. Germany
     Attorney for Larry Wright