# Exhibit B

20-05027-rbk Doc#382-2 Filed 02/14/25 Entered 02/14/25 15:05:03 Exhibit Exhibit B 2572
2 of 17

Filed 9/25/2024 5:04 PM
Meagan Moore, District Clerk
Angelina County, Texas
By: Raeanne Kent,
Deputy Clerk

NO. CV-00461-24-08

| | | |
|---|---|---|
| EXPRESS H2O PIPELINE AND ROW, LLC., | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § § | |
| vs. | § § | ANGELINA COUNTY |
| WESTLAKE CHEMICAL OPCO, LP., | § § | |
| *Defendant* | § | 159th/217th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

COMES NOW, Express H2O Pipeline & ROW, LLC ("Express H2O"), Plaintiff, complaining of Westlake Chemical OPCO, LP ("Westlake"), and for cause of action would show the Court the following:

### DISCOVERY PLAN

Plaintiff designates this matter for Discovery Plan Level 3 pursuant to Rule 190.4 of the *Texas Rules of Civil Procedure*.

### PARTIES

Express H2O is a Texas Limited Liability Company with its principal place of business located at 410 Spyglass Road, McQueeney, Texas 78123. Express H2O owns real property interests which are subject to suit which are located in multiple Texas counties, including Angelina County.

Defendant, Westlake is a limited partnership doing business in Texas. Defendant, Westlake has principal office and principal place of business in Texas at 2801 Post Oak Blvd, Suite 600, Houston, Texas 77056. Defendant has previously made an appearance in this matter.

1

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter, as the parties are either (1) a resident of Texas or (2) doing business in the State of Texas and the damages sought are within the jurisdictional limits of the Court.

Venue is proper in Angelina County, Texas, pursuant to *Texas Civil Practice & Remedies Code* Section 15.002 because all or a substantial part of the events or omissions giving rise to Plaintiffs' causes of action against Defendant occurred in Angelina County, Texas. Moreover, real property interests subject to this suit are located in Angelina County, Texas.

Pursuant to Rule 47 of the *Texas Rules of Civil Procedure*, Plaintiff seeks monetary relief of over $1, 000, 000.00, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, and non-monetary relief.

## FACTUAL BACKGROUND

Between 1907 and 1925, multiple landowners across East Texas, including Angelina and Nacogdoches Counties, conveyed exclusive pipeline rights for 67 miles of an unlimited number of lines, via easements/access agreements across their properties to Gulf Pipeline Company ("Gulf"), and its successors and assigns. The specific grants of such rights collectively included the following rights to have and to hold until "Gulf Pipeline Company, its successors and assigns, as long as the same shall be useful for the purposes of and desired…:"[1]

> 1. The right to construct, maintain, operate pipelines, with the conveyance expressly noting grants for "as many" …"additional pipelines over and over, through and upon same premises,"

---

[1] See, e.g., 1907 to 1925 Gulf Easements granting exclusive pipeline rights to Gulf:
https://nacogdoches.tx.publicsearch.us/doc/20980554
https://nacogdoches.tx.publicsearch.us/doc/20962188
https://nacogdoches.tx.publicsearch.us/doc/20962187
https://nacogdoches.tx.publicsearch.us/doc/20956254
https://nacogdoches.tx.publicsearch.us/doc/20962180
https://nacogdoches.tx.publicsearch.us/doc/20987303

2

Copy from re:SearchTX

2. The right of ingress and egress to and from said tract of land for the purpose of "laying, maintaining, and restoring of <u>said additional pipelines and for removing of same when desired</u>…"

3. The right to "<u>do whatever may be requisite for their construction, or for the enjoyment the right herein granted</u>"

4. The right to convey "<u>oil, gas, water, steam, or any other material or substance which can be conveyed through a pipeline.</u>"

5. The right of "<u>renewing</u>" and "<u>changing size of</u>" pipelines in conjunction with the grant that Gulf, its successors and assigns <u>"shall have the right to do whatever may be requisite for the enjoyment of the rights herein granted."</u>

In August of 2017, Black Duck Properties, LLC., (Black Duck) purchased the pipeline and all relevant easements and right of ways from Express Gas Pipeline, LP, Gulf's successor in interest. On August 15, 2017, the conveying deed was filed in County Clerk Records of Nacogdoches County, Texas.[2] Black Duck later transferred such interests to KrisJenn Ranch LLC Series Pipeline ROW, which subsequently conveyed the interests to Express H2O on February 22, 2023.

In April of 2023, John Terrell, an agent acting on behalf of multiple gas producers, approached Larry Wright, the founder and manager of Express H2O, with an interest in purchasing the H2O Express Pipeline. Before committing to a sale discussion, Mr. Wright retained Roger Kirkland of Onward to assist in clarifying any issues along the Express H2O right-of-way. Mr. Terrell's interest ended two weeks later after Mr. Wright advised him of Mr. Kirkland's report of Westlake's trespass and interference with the Express H2O right-of-way. More specifically, Mr. Kirkland advised that while researching Express H2O's easements in Angelina County, he learned

---

[2] See Exhibit 1 of Exhibit A, Affidavit of Larry Wright, attached hereto and incorporated herein.

Copy from re:SearchTX

from Angelina County landowner Perry Don Henson, Jr., that portions of Express H2O's pipeline that originally traversed his property had been removed from Express H2O's easement. Mr. Kirkland further advised that Westlake owned and operated a pipeline and multiple right-of-ways across parcels occupying the same right-of-ways owned by Express H2O on such parcels, including areas crossing Angelina County, which includes the property currently owned by Perry Don Henson, Jr., and Alazan Bayou WMA (located in Nacogdoches County), which is operated by Texas Parks & Wildlife Department.[3] Mr. Wright advised Mr. Terrell of the issues, and that they had to be resolved before Express H2O could entertain further discussions regarding a sale.

In July of 2023, Larry Wright contacted David Williams, a pipeline coordinator for Westlake, and discussed the situation with him. As part of this conversation, Mr. Wright advised him of his concern regarding the survey noted as "Exhibit B" attached Westlake's recorded easement reflecting that the Express H2O (formerly Gulf) line had been abandoned, which made no sense given that at all relevant times (1) there was plenty of public notice for the original surveyors to have known the Gulf pipeline was not an abandoned pipeline, (2) Texas Parks and Wildlife acquired Alazan Bayou WMA with exceptions to title showing the presence of the easement now owned by H2O Express, and (3) at all relevant times Express H2O's Pipeline interests still remained actively permitted with the Texas Railroad Commission. Further, Mr. Kirkland of Onward reported to Mr. Wright that a landowner along the easement advised that Westlake was not only using Express H2O's right-of-way, but also that Westlake and/or TPWD removed sections of Express H2O's pipeline. Upon Mr. Wright referencing potential litigation, Mr. Williams exclaimed, "Lordy, Lordy, if that is true, it will be time for me to retire."

---

[3] See Exhibit 2 [TPWD to Westlake Easement filed on 11.3.2017] of Exhibit A.

4

Copy from re:SearchTX

Later, on two separate occasions in August of 2023, Mr. Wright spoke with Daniel Mangum, an agent of Buckeye Development & Logistics LLC. ("Buckeye"), the company that operates Westlake's pipeline on behalf of Westlake. On the first call, Mr. Wright went into extended detail about the trespass and how Express H2O still owned that easement, noting that the first original but lapsed Mustang Easement was described as a miscellaneous easement versus a pipeline easement. Mr. Wright made his thoughts very clear that titling the instrument as "miscellaneous" created an inadequate reference in the Nacogdoches County Clerk Record, which is a fact backed up by Express H2O's own title examiners. While Mr. Mangum did claim he had seen miscellaneous easements used before, Mr. Wright replied that miscellaneous easements are used for utility or road easements, not pipeline easements. On the second phone call, approximately a week later, Mr. Mangum discussed a proposal to solve the problem and agreed that purchasing was a good idea and would recommend it Westlake, agreeing the situation could be resolved and the possibility of mediation. After several email attempts to follow up, Mr. Williams simply referred Mr. Wright to another agent for Westlake and then later such agent referred Mr. Wright to legal counsel.

Given that Express H2O's independent research showed that Texas Parks and Wildlife Department (TPWD) acquired Alazan Bayou WMA with exceptions to title showing the presence of the H2O Express easement, Plaintiff suspected that an open records request would uncover additional information, and more importantly, exactly where from and why Westlake's easement would have included a survey incorrectly showing the Gulf lines as abandoned, which appears to have been generated for Mustang Pipeline and attached to a lapsed easement well over 20 years before TPWD and Westlake's unlawful attempt to transfer property interests.

Of particular note, Express H2O and its counsel learned of the following:

5

Copy from re:SearchTX

    a. On 1.17.17, Dennis Gissell, of TPWD emailed to himself Easement Exhibits A and B, which do not include the 1996 Mustang Exhibit. (Showing Lines Marked Abandoned.)[4]

    b. On 1.17.17 [only seconds later] Dennis Gissell emailed himself the same Easement Exhibits A and B, which do not include the 1996 Mustang Exhibit.[5]

    c. Only a day later on 1.18.17, Dennis Gissell emails Sweeney of Texas Parks now enclosing a new Exhibit, the 1996 Mustang Exhibit, noting it as the "new Exhibit B."[6]

There is no explanation provided as to why Mr. Gissell switched out Exhibit B to a survey that inaccurately shows Express H2O's line as abandoned. Such survey appears to have replaced Westlake's original Exhibit B during the drafting process and became of record upon the filing of TPWD and Westlake's unlawful attempt to transfer property interests on 11.3.2017, which is over 2.5 months following Black Duck's recording of the conveyance of the Gulf pipeline with the Nacogdoches County Clerk.

    …..

    d. 9.7.23 to 9.12.23 Email String[7]: This email is an email forward from Lowell Sykes of Larry Wright's 9.7.23 email where Mr. Sykes notes: "I'd like to address the statements that Mr. Wright makes below." "we are still investigating this issue and we certainly have not assigned blame." Mr. Gissell later notes internally to TPWD on the string that he is not talking to either party without guidance from legal.

    e. 9.8.23 to 9.12.23 Email String[8] This string begins as a forward of Larry Wright's 9.8.23 Email to Dennis Gissell. Of particular note is the following commentary:

        1. 9.11.23 Stephen Lange, Regional Director of Wildlife Division states, "I don't think we ever denied the existence of a pipeline or easement, but their [H2O's] ownership history far supersedes TPWD ownership."

        2. 9.12.2023 David Stan, TPWD Project Manager, notes "Dennis [Gissell] and I researched this back to the early 1900's in mid-July...." "It is a mess to say the least. TPWD inherited the mess..."

---

[4] *See* Exhibit 3 attached to Exhibit A.
[5] *See* Exhibit 4 attached to Exhibit A.
[6] *See* Exhibit 5 attached to Exhibit A.

[7] *See* Exhibit 6 attached to Exhibit A.
[8] *See* Exhibit 7 attached to Exhibit A.

6

Copy from re:SearchTX

During his independent investigation, Mr. Wright spoke with Dennis Gissell sometime in the first week of September of 2023. However, Mr. Gissell did not disclose to Mr. Wright (1) what appears now to be his curious role in providing an incorrect survey as an attachment to the easement between Westlake and TPWD or (2) why Westlake would agree to using such survey as an exhibit to the easement document without objection given the agreement of record between Westlake and TPWD includes an acknowledgement that Westlake is "not relying upon any representation, warranty, statement or other assertion of grantor" [TPWD] and advises Westlake, as the grantee, to examine land records and perform its own title search.[9]

Currently, the agreement between TPWD and Westlake terminates on December 31, 2027, as such agreement does not confer any perpetual rights; however, decades before the execution of the TPWD/Westlake agreement TPWD's predecessor in interest granted perpetual, unlimited, exclusive, and assignable pipeline rights to Gulf, which Express H2O later acquired. Given either the gross error or intentional act giving rise to the attempted transfer of Express H2O's exclusive pipeline rights, which were of record decades before any agreement between TPWD and Westlake (and its predecessors in interest), any agreement procured by such acts *must at minimum be the result of a mutual mistake or potentially the product of fraud.* Indeed, in said attempted transfer both TPWD and Westlake agreed and acknowledged that *"the use of the term 'grant' in no way implies that the easement granted herein is free of liens, encumbrances, and/or prior rights."*[10]

INJUNCTIVE RELIEF

Plaintiff incorporates all allegations made in this Petition into this section by reference

---

[9] *See* Exhibit 2 attached to Exhibit A.
[10] *See id.*, Section 1.03 [pp. 2].

Copy from re:SearchTX

Defendant has been advised of its interference, yet it continues to interfere with and deny Plaintiff full use and enjoyment of Plaintiff's exclusive easement rights. Unless restrained by this Court from doing so, and because future damages resulting therefrom cannot be ascertained, Plaintiff will suffer irreparable harm for which there is no adequate remedy at law. Furthermore, given that such acts which give rise to Plaintiff's causes of action set forth below are prejudicial to Plaintiff and in violation of its exclusive easement rights, Plaintiff is entitled to a writ of injunction under the principles of equity, as irreparable injury to real or personal property is threatened, irrespective of any remedy at law. In that regard, Plaintiff requests the Court to immediately enjoin Westlake from (1) continued operation of its pipeline and (2) agreeing with, or agreeing to renew any agreement with TPWD, which would be violative of Plaintiff's rights easements rights, which are the subject of this litigation.

CAUSE OF ACTION: DECLARATORY RELIEF

Plaintiff incorporates all allegations made in this Petition into this section by reference.

Plaintiff seeks judicial determination of the rights of the respective parties as they relate to their respective easements. More specifically, Plaintiff seeks for this Court to declare (1) the grants from the servient estate holders' predecessors in interest conveyed exclusive pipeline rights to Express H2O's predecessor in interest within the applicable easements and/or rights-of-ways, (2) valid and active all Express H2O's rights as they relate to any easements and/or right-of-ways on Express H2O's line, despite any trespass or interference by Defendant, (3) declare void any rights exercised by Westlake in interference of Express H2O's exclusive pipeline rights, and (4) declare void any transfers of pipeline rights within Express H2O's easements or rights that otherwise interfere with Express H2O's exclusive pipelines rights.

8

Copy from re:SearchTX

Furthermore, given that such acts which give rise to this cause of action are prejudicial to Plaintiff and in violation of its exclusive easement rights, Plaintiff is entitled to a writ of injunction under the principles of equity, as irreparable injury to real or personal property is threatened, irrespective of any remedy at law. In that regard, Plaintiff requests the Court to immediately enjoin Westlake from (1) continued operation of its pipeline and (2) agreeing with, or agreeing to renew any agreement with TPWD, which would be violative of Plaintiff's rights easements rights, which are the subject of this litigation.

### CAUSE OF ACTION: TRESPASS

Plaintiff incorporates all allegations made in this Petition into this section by reference.

Plaintiff brings a cause of action against Defendant for trespass alleging that Defendant and/or its predecessor in interest entered and/or caused the entry in the right of way and interference with the property rights of Plaintiff without consent or authorization and in some instances, removed Express H2O's pipeline.

Furthermore, given that such acts which give rise to this cause of action are prejudicial to Plaintiff and in violation of its exclusive easement rights, Plaintiff is entitled to a writ of injunction under the principles of equity, as irreparable injury to real or personal property is threatened, irrespective of any remedy at law. In that regard, Plaintiff requests the Court to immediately enjoin Westlake from (1) continued operation of its pipeline and (2) agreeing with, or agreeing to renew any agreement with TPWD, which would be violative of Plaintiff's rights easements rights, which are the subject of this litigation.

### CAUSE OF ACTION: CONVERSION

Plaintiff incorporates all allegations made in this Petition into this section by reference.

Copy from re:SearchTX

Further, and in the alternative, Defendant, without authorization, by the tortious removal, of certain portions of Express H2O's pipeline, wrongfully assumed and exercised of dominion and control over the personal property (the pipe) of Plaintiff to the exclusion of, or inconsistent with, the Plaintiff's rights as owner.

### DAMAGES FOR INTENTIONAL TORTS OF TRESSPASS AND CONVERSION

Plaintiff incorporates all allegations made in this Petition into this section by reference.

Plaintiff seeks to recover its actual damages for Defendant's trespass and conversion, including damages to Plaintiff's real property interests and the value or Plaintiff's property that Defendant removed and converted.

In trespassing on Plaintiff's right of way and/or converting Plaintiff's property, Defendant acted with malice and/or gross negligence. Therefore, Plaintiff is entitled to recover exemplary/punitive damages.

### CAUSE OF ACTION: TORTIOUS INTERFERENCE

Plaintiff incorporates all allegations made in this Petition into this section by reference. Plaintiff brings a cause of action for tortious interference with an existing contract as: 1) Plaintiff is a party to multiple existing contract(s)[easements] subject to interference; 2) Westlake willfully and intentionally acted in interference with such contracts[easements]; 3) proximately causing injury and damages to Plaintiff.

Furthermore, given that such acts which give rise to this cause of action are prejudicial to Plaintiff and in violation of its exclusive easement rights, Plaintiff is entitled to a writ of injunction under the principles of equity, as irreparable injury to real or personal property is threatened, irrespective of any remedy at law. In that regard, Plaintiff requests the Court to immediately enjoin Westlake from (2) continued operation of its pipeline and (2) agreeing with, or

10

Copy from re:SearchTX

agreeing to renew any agreement with TPWD, which would be violative of Plaintiff's rights easements rights, which are the subject of this litigation.

CAUSE OF ACTION: NUISANCE

Defendant Westlake's operation of its pipeline is an intentional or negligent nuisance, as the effect of the Westlake's conduct (including but not limited to the type and manner of materials transported by its interfering pipeline) is a substantial and unreasonable interference, causing substantial harm to the economic value of Express H2O's easement, preventing unrestricted use and enjoyment of its exclusive rights to operate, construct, renew, maintain, renew, and change the size of as many pipelines as they may desire within the applicable right-of-ways.

Furthermore, given that such acts which give rise to this cause of action are prejudicial to Plaintiff and in violation of its exclusive easement rights, Plaintiff is entitled to a writ of injunction under the principles of equity, as irreparable injury to real or personal property is threatened, irrespective of any remedy at law. In that regard, Plaintiff requests the Court to immediately enjoin Westlake from (1) continued operation of its pipeline and (2) agreeing with, or agreeing to renew any agreement with TPWD, which would be violative of Plaintiff's rights easements rights, which are the subject of this litigation.

CAUSE OF ACTION: SUIT TO QUIET TITLE

Plaintiff has the legal and equitable title to the exclusive pipeline interests. Defendant has no legal or equitable color of title to the pipeline interests. The servient estate holders' and their predecessors in interest had and have no authority to grant the exclusive pipeline interests previously granted by their predecessor in interest to Gulf. Yet, Defendant claims title and/or a general possessory interest in Plaintiff's exclusive pipeline interests. Indeed, Defendant has filed a counterclaim in this action claiming ownership of Plaintiffs' Property outside of the recorded

11

Copy from re:SearchTX

easement. Plaintiff requests the Court find that Plaintiff is the rightful owner of the exclusive pipeline rights, and that Defendant's claim of pipeline rights is void, invalid, or unenforceable.

Furthermore, given that such acts which give rise to this cause of action are prejudicial to Plaintiff and in violation of its exclusive easement rights, Plaintiff is entitled to a writ of injunction under the principles of equity, as irreparable injury to real or personal property is threatened, irrespective of any remedy at law. In that regard, Plaintiff requests the Court to immediately enjoin Westlake from (1) continued operation of its pipeline and (2) agreeing with, or agreeing to renew any agreement with TPWD, which would be violative of Plaintiff's rights easements rights, which are the subject of this litigation.

## CAUSE OF ACTION: UNJUST ENRICHMENT

Defendant has benefited from the use of and interference with Plaintiff's exclusive pipeline interests, without reimbursement commensurate with such use, profits, benefit and/or enrichment received by Defendant, and Defendant will be unjustly enriched if allowed to retain the use, profits, benefit and/or enrichment from same. More specifically, the profits gained from actively interfering and removal of Express H2O's pipeline serve to unjustly enrich Defendant.

## ATTORNEY'S FEES

As a result of the actions of Defendant, it was necessary for Plaintiff to retain the attorney whose name is signed hereto to prosecute this suit to the final judgment and Plaintiff has agreed to pay said attorney a reasonable attorney's fee, thereby entitling Plaintiff to recover its attorney's fees, costs and expenses, in addition to his claims.

Plaintiff seeks to recover its attorney's fees, costs and expenses pursuant to the *Texas Declaratory Judgment Act* and the recovery of such fees would be equitable and just. *See* Tex. Civ. Prac. & Rem. Code § 37.009.

Copy from re:SearchTX

## AMENDMENTS

Plaintiff reserves the right to amend this petition, to file additional claims, to name additional parties, and to seek other relief to which Plaintiff may be entitled.

## RULE 193.7 NOTICE

Pursuant to Rule Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced by Defendant may be used against said Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer and that on final hearing hereof, the Court render judgment against Defendant for the following:

  a. declare (1) the grants from the servient estate holders' predecessors in interest conveyed exclusive pipeline rights to Express H2O's predecessor in interest within the applicable easements and/or rights-of-ways, (2) valid and active all Express H2O's rights as they relate to any easements and/or right-of-ways on Express H2O's line, despite any trespass or interference by Defendant, (3) declare void any rights exercised by Westlake in interference of Express H2O's exclusive pipeline rights, and (4) declare void any transfers of pipeline rights within Express H2O's easements or rights that otherwise interfere with Express H2O's exclusive pipelines rights to Westlake on the basis of fraud and or mutual mistake;

  b. A finding that Plaintiff is the rightful owner of the exclusive pipeline rights, and that Defendant's claim exclusive pipeline rights is void, invalid, or unenforceable;

  c. The lost market value for the highest and best use of Express H2O's exclusive pipeline interests, loss of potential earnings;

  d. Court costs;

Copy from re:SearchTX

STATE OF TEXAS §
§
COUNTY OF Comal §

## AFFIDAVIT OF LARRY WRIGHT

**BEFORE ME**, the undersigned authority, on this day personally appeared Larry Wright, who swore on oath that the following facts are true:

"My name is Larry Wright. I am of sound mind, and fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and they are all true and correct.

I am the founder and manager of Express H2O Pipeline & Row, LCC, ("Express H2O"). Express H2O owns an approximately 67-mile pipeline (originally owned and operated by Gulf) and the easements/access agreements relating to same. In August of 2017, Black Duck Properties, LLC., (Black Duck) purchased the pipeline from Express Gas Pipeline, LP, Gulf's successor in interest. On 8.15.2017, the conveying deed was filed in County Clerk Records of Nacogdoches County, Texas. (See Exhibit 1.) Black Duck later transferred such interests to KrisJenn Ranch LLC Series Pipeline ROW, which subsequently conveyed interests to Express H2O in 2.22.23.

In April of 2023, John Terrell, an agent acting on behalf of multiple gas producers, approached me with an interest in purchasing the H2O Express Pipeline. Before committing to a sale discussion, I retained Roger Kirkland of Onward to assist in clarifying any issues along the Express H2O right-of-way. Mr. Terrell's interest ended two weeks later after I advised him of Mr. Kirkland's report to me of trespass and interference with the Express H2O right-of-way. More specifically, Mr. Kirkland advised me that Westlake Chemical OpCo LP ("Westlake") owned and operated a pipeline and multiple right-of-ways across parcels occupying the same right-of-ways owned by Express H2O on such parcels, including an area crossing Alazan Bayou WMA, which is operated by Texas Parks & Wildlife Department. (See Exhibit 2, TPWD to Westlake Easement

Exhibit A

Copy from re:SearchTX

  e.  prejudgment and post-judgment interest at the maximum legal rate provided by law;

  f.  equitable and just and/or reasonable and necessary attorney's fees incurred by Plaintiffs; and

  g.  Such other and further relief, both general and special, legal and equitable, to which Plaintiffs may show themselves justly entitled, including but not limited to enjoining Westlake from (1) continued operation of its pipeline and (2) agreeing with, or agreeing to renew any agreement with TPWD, which would be violative of Plaintiff's rights easements rights, which are the subject of this litigation.

            Respectfully submitted,

            /s/ *Bailey Wingate*
            Bailey Wingate
            State Bar No. 24091212
            bailey@wingatelaw.com
            Law Offices of Wingate Law PLLC
            465 Blanchette
            Beaumont, Texas 77701
            T:(409)812-2000
            F:(409) 242-6059

            /s/ *Chris Sachitano*
            Christopher J. Sachitano
            State Bar No. 24014886
            Sach@sachlaw.com
            P.O. Box 105
            Beaumont, Texas 77704
            T: (409) 838-9999
            F: (409) 242-6059


            */s/ Tanner Franklin*
            Tanner G.M. Franklin
            Texas Bar No. 24082506
            tfranklin@tfranklinlawfirm.com
            HIGHTOWER, FRANKLIN & JAMES

Copy from re:SearchTX

        115 South St.
        Nacogdoches, Texas 75961
        (936) 560-3300 – Telephone
        (888) 430-2559 – Fax

*/s/ Scott C. Skelton*
Scott C. Skelton
State Bar No. 00784979
SKELTON SLUSHER BARNHILL WATKINS WELLS, PLLC
1616 S. Chestnut St.
Lufkin, Texas 75901
936.632.2300
936.632.6545 (facsimile)
*sskelton@ssbww.law*

15

Copy from re:SearchTX