# Exhibit D

CAUSE NO. CV-00461-24-08

| | | |
|---|---|---|
| EXPRESS H2O PIPELINE AND ROW, LLC § | | IN THE DISTRICT COURT |
| *Plaintiff*, § | | |
| § | | |
| v. § | | ANGELINA COUNTY, TEXAS |
| § | | |
| WESTLAKE CHEMICAL OPCO, LP, § | | |
| § | | |
| *Defendant.* § | | 159th JUDICIAL DISTRICT |

## DECLARATION OF LOURDES ORTIZ

My name is Maria de Lourdes ("Lulú") Ortiz. I am one of the counsel for DMA Properties, Inc. and Frank Daniel Moore (collectively, "**DMA**") and Longbranch Energy, LP ("**Longbranch**") I am over the age of 18, have never been convicted of a felony, and am of sound mind and capable of making this sworn statement. My date of birth is July 5, 1993, and my mailing address is 303 Camp Craft Road, Suite 325, Austin, TX 78746. The facts stated in this declaration are based on my personal knowledge, or if based upon information and belief, I believe them to be true and correct. If called upon to do so, I could and would testify competently to the statements set forth herein.

1. I am one of the legal counsel representing DMA and Longbranch in a pending lawsuit (in bankruptcy terminology, an "adversary proceeding") styled Adversary No. 20-05027, ***KrisJenn Ranch, LLC, et al., Plaintiffs v. DMA Properties, Inc., et al., Defendants*** (the "**Adversary Proceeding**"), initiated within and currently pending in the Chapter 11 Bankruptcy Case styled *In re: KrisJenn Ranch LLC, et al., Debtors*, Chapter 11 Bankruptcy Case No. 20-50805 (the "**Bankruptcy Case**") pending before United States Bankruptcy Judge Ronald B. King (the "**Bankruptcy Judge**") in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division (the "**Bankruptcy Court**").

Page 1 of 8

**EXHIBIT F**

2. DMA and Longbranch are the successful judgment creditors in the Adversary Proceeding. I am submitting this Declaration, in part, because as the judgment creditors' legal counsel, we are in the process of continuing to seek enforcement of the Bankruptcy Court's judgment imposing a constructive trust over "the right of way that is called the Express Pipeline (the "**ROW**"), which revested in KrisJenn at confirmation of the chapter 11 reorganization plan." According to the *Opinion After Remand* issued March 26, 2024 by the Bankruptcy Court:

> The ROW was revested in KrisJenn at confirmation of the chapter 11 plan. It was subsequently transferred by KrisJenn to another Larry Wright-controlled entity, Express H2O Pipeline & ROW, LLC ("**Express H2O**"), in violation of the terms of the confirmed chapter 11 plan of reorganization. The Court will impose a constructive trust on the ROW in the event that Larry Wright and Express H2O fail to transfer the ROW back to KrisJenn, the reorganized debtor.

See **Exhibit 13** *infra* at p. 4 (footnote omitted).

3. After the remand, the Bankruptcy Court rendered a Declaratory Judgment for DMA and Longbranch that the net-profits interests they own are valid and subsisting covenants running with the land. See **Exhibit 13** p. 2-3. The Bankruptcy Court further ruled that Larry Wright, the principal of KrisJenn, had breached fiduciary duties owed by him to DMA. See **Exhibit 13** p. 3. The Bankruptcy Court rendered a *Final Judgment After Remand* that the ROW was improperly transferred by KrisJenn to Express H2O Pipeline and ROW, LLC in violation of that court's previous order, and the Bankruptcy Court rendered judgment that "DMA and Moore recover a constructive trust on the ROW in the hands of Express H2O . . . because of the unauthorized

transfer by KrisJenn of the ROW to Express H2O, LLC." *See* **Exhibit 12** at p. 2 and **Exhibit 13** p. 4.

4. I am also submitting this Declaration to identify and authenticate, from personal knowledge, true and complete copies of items filed within the court records of the Bankruptcy Case and Adversary Proceeding.

5. Attached and marked as **Exhibit 1** is a true copy of the *Voluntary Petition for Non-Individuals Filing for Bankruptcy* filed on April 27, 2020 by KrisJenn Ranch, LLC, KrisJenn Ranch, LLC, Series Uvalde Ranch, and KrisJenn Ranch, LLC, Series Pipeline ROW, Debtors initiating voluntary chapter 11 Bankruptcy Case No. 20-50805.

6. Attached and marked as **Exhibit 2** is a true copy of the *Voluntary Petition for Non-Individuals Filing for Bankruptcy* filed on June 19, 2020 by KrisJenn Ranch, LLC, Series Uvalde Ranch, Debtor initiating chapter 11 Bankruptcy Case No. 20-51083.

7. Attached and marked as **Exhibit 3** is a true copy of the *Voluntary Petition for Non-Individuals Filing for Bankruptcy* filed on June 19, 2020 by KrisJenn Ranch, LLC, Series Pipeline ROW, Debtor initiating chapter 11 Bankruptcy Case No. 20-51084.

8. Attached and marked as **Exhibit 4** is a true copy of the *Court's Sua Sponte Order for Joint Administration* entered as Docket No. 49 in the Bankruptcy Case, ordering the three bankruptcy cases listed in the preceding paragraphs to be jointly administered as a single case styled *In re KrisJenn Ranch, LLC* under Bankruptcy Case No. 20-50805, and directing that all filings, except proofs of claim applicable to only a specific debtor, be filed in the jointly-administered case and listed on the consolidated docket.

9. Attached and marked as **Exhibit 5** is a true copy of the ***Schedules of Assets and Liabilities of KrisJenn Ranch, LLC*** entered as Docket No. 23 in the Bankruptcy Case showing KrisJenn's ownership of the "Right of Way Easement." *See* Part 9, Item 55.2 at PDF p. 8 of 12.

10. Attached and marked as **Exhibit 6** is a true copy of the ***Debtors' Fourth Amended Substantively Consolidated Plan of Reorganization*** ("**Plan**") entered as Docket No. 211 in the Bankruptcy Case showing the KrisJenn Debtors' ownership of the "Right of Way Easement".

11. Attached and marked as **Exhibit 7** is a true copy of the ***Debtors' Joint Disclosure Statement to their Fourth Amended Substantively Consolidated Plan of Reorganization*** ("**Disclosure Statement**") entered as Docket No. 212 in the Bankruptcy Case showing the KrisJenn Debtors' ownership of the "Right of Way Easement". *See* Exhibits C1- C3 to the Disclosure Statement, which are the Schedules of Assets and Liabilities of the three KrisJenn Debtors, and specifically, refer to **Schedules Part 9, Items 54-58** at pdf pp. 6-8 of each Exhibit C1- C3.

12. Attached and marked as **Exhibit 8** is a true copy of the Court's ***Final Order Approving the Debtors' Fourth Amended Disclosure Statement*** entered as Docket No. 213 in the Bankruptcy Case.

13. Attached and marked as **Exhibit 9** is a true copy of the ***Court's Order Confirming the Debtors' Fourth Amended Substantively Consolidated Plan of Reorganization*** ("**Confirmation Order**") entered on February 28, 2022 as Docket No. 234 in the Bankruptcy Case pursuant to which the Bankruptcy Judge "shall retain exclusive jurisdiction over all matters arising out of or related to the Chapter 11 Cases and the Plan, to the fullest extent permitted by law." *See* "Retention of Jurisdiction," pp. 10-12 (emphasis added).

14. Attached and marked as **Exhibit 10** is a true copy of the ***Bankruptcy Court's Docket Sheet*** in Bankruptcy Case No. 20-50805 for the period from case inception to January 15, 2025.

15. Attached and marked as **Exhibit 11** is a true copy of the ***Bankruptcy Court's Docket Sheet*** in Adversary Proceeding No. 20-5027 for the period from inception to January 15, 2025.

16. Attached and marked as **Exhibit 12** is a true copy of the ***Bankruptcy Court's Final Judgment After Remand*** signed March 26, 2024 and entered as Docket No. 329 in the Docket Sheet for the Adversary Proceeding.

17. Attached and marked as **Exhibit 13** is a true copy of the ***Bankruptcy Court's Opinion After Remand*** signed March 26, 2024 and entered as Docket No. 330 in the Docket Sheet for the Adversary Proceeding.

18. Attached and marked as **Exhibit 14** is a true copy of the ***Bankruptcy Court's Abstract of Judgment*** (Final Judgment After Remand) entered as Docket No. 364 in the Docket Sheet for the Adversary Proceeding.

19. Attached and marked as **Exhibit 15** is a true copy of the ***Bankruptcy Court's Issued Writ of Execution*** (relating to Order Granting DMA's and Longbranch Motion for Attorneys' Fees, in Part) entered as Docket No. 367 in the Docket Sheet for the Adversary Proceeding.

20. Attached marked as **Exhibit 16** is a true copy of the ***Motion to Enforce Constructive Trust*** filed on January 9, 2025 on behalf of DMA and Longbranch and entered as Docket No. 368 in the Docket Sheet for the Adversary Proceeding. Accompany the ***Motion to Enforce Constructive Trust*** as exhibits are the following:

a) **Exhibit A** is a true and correct copy of the *Writs of Execution to the United States Marshal* issued by this Court against KrisJenn Ranch, LLC; KrisJenn Ranch, LLC Series Uvalde Ranch; and KrisJenn Ranch, LLC, Series Pipeline ROW (together, "**KrisJenn**"); and Larry Wright ("**Wright**").

b) **Exhibit B** is a true and correct copy of *Form USM-285, Process Receipt and Return from the U.S. Marshal's Office* regarding service for KrisJenn and Wright.

c) **Exhibit C** is a true and correct copy of *DMA and Longbranch's Joint Post-judgment Discovery Requests* to Wright and KrisJenn.

d) **Exhibit D** is a true and correct copy of *KrisJenn Ranch, LLC's Answers to DMA and Longbranch's Post-judgment Interrogatories*.

e) **Exhibit E** is a true and correct copy of *KrisJenn Ranch, LLC Series Uvalde Ranch's Answers to DMA and Longbranch's Post-judgment Interrogatories*.

f) **Exhibit F** is a true and correct copy of *KrisJenn Ranch, LLC, Series Pipeline ROW's Answers to DMA and Longbranch's Post-judgment Interrogatories*.

g) **Exhibit G** is a true and correct copy of *Larry Wright's Answers to DMA and Longbranch's Post-judgment Interrogatories*.

21. On September 26, 2024, DMA and Longbranch requested writs of execution to the United States Marshal to enforce the Court's judgment against Wright and KrisJenn from the Clerk of Court. That same day, the Clerk of Court issued writs of execution against KrisJenn and Wright, *see* **Exhibit A**, and DMA and Longbranch delivered the writs of execution to the United States Marshal's Office for service. *See* **Exhibit B**.

22. Between September 26 and October 16, 2024, the U.S. Marshal's Office made multiple attempts to serve Wright and KrisJenn with the writs of execution. On October 16, the U.S. Marshal's Office informed DMA and Longbranch that the San Antonio office had been unable to locate Wright or KrisJenn after multiple attempts at either of the addresses provided.

23. In light of the difficulties in locating Wright and KrisJenn to enforce the judgment, on October 23, DMA and Longbranch served a set of *Joint Post-judgment Discovery Requests* on KrisJenn and Wright to identify, among other things, the current owner of the ROW and an alternative location for service of the writ of execution. *See* **Exhibit C**.

24. On December 6, KrisJenn and Wright served their *Answers to DMA and Longbranch's Interrogatories*. *See* **Exhibits D–G**.

25. According to *KrisJenn's Responses to DMA and Longbranch's Discovery Requests*, none of the KrisJenn entities (nor anyone on their behalf) own, hold title, possess, or otherwise have an interest in the ROW. *See, e.g.*, **Exhibit D** at Interrogatories 3–5, 17–19, 25–27, 41–43.

26. Wright refused to respond to most of DMA and Longbranch's discovery requests, other than to serve objections. In his objections, Wright incorrectly claims that no judgment exists against him in his individual capacity. *See, e.g.*, **Exhibit G** at Interrogatory 2.

27. On December 2, 2024, DMA and Longbranch delivered the writs of execution to the U.S. Marshal's Office for a second attempt at serving the writ of execution. To this day, the U.S. Marshal's Office has been unable to locate or serve Wright or KrisJenn.

28. According to Wright and KrisJenn's discovery responses, Wright has failed to transfer the ROW back to either KrisJenn, the previous transferor, or to DMA, which holds equitable and beneficial title through the constructive trust imposed by this Court.

29. To the best of my knowledge, Express H2O, Wright's entity, continues to assert title over the ROW, but the Bankruptcy Court ordered that legal title was improperly transferred to Express H2O, and DMA and Longbranch have subsequently sought enforcement of the constructive trust and confirmation from the Bankruptcy Court that they hold beneficial and equitable title under the Bankruptcy Court's constructive trust on the ROW in the hands of Express H2O, because of the unauthorized transfer by KrisJenn of the ROW to Express H2O.

Pursuant to Texas Civil Practice and Remedies Code Section 132.001, I declare under penalty of perjury that the foregoing is based on my personal knowledge, including from a review of the docket sheets and records referenced above, and the facts stated are true and correct to the best of my knowledge.

Executed in Travis County, State of Texas on this 24th day of January, 2025.

/s/
Lourdes Ortiz
Texas State Bar No. 24134904

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: § | | |
| § | | Chapter 11 |
| KrisJenn Ranch, LLC, et al., § | | |
| § | | |
| *Debtor*. § | | Case No. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, et al., § | | |
| § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | | |
| § | | Adversary No. 20-05027 |
| DMA Properties, Inc., et al., § | | |
| § | | |
| *Defendants*. § | | |
| § | | |

### DECLARATION OF LOURDES ORTIZ IN SUPPORT OF DMA'S MOTION TO ENFORCE CONSTRUCTIVE TRUST

My name is Maria de Lourdes ("Lulú") Ortiz. I am one of the Counsel for DMA Properties, Inc. and Frank Daniel Moore (collectively, "DMA") and Longbranch Energy, LP ("Longbranch"). I am over the age of 18, have never been convicted of a felony, and am of sound mind and capable of making this sworn statement. My date of birth is July 5, 1993, and my mailing address is 303 Camp Craft Road, Suite 325, Austin, TX 78746. The facts stated in this declaration are based on my personal knowledge, or if based upon information and belief, I believe them to be true and correct. If called upon to do so, I could and would testify competently to the statements set forth herein.

1. **Exhibit A** is a true and correct copy of the Writs of Execution to the United States Marshal issued by this Court against KrisJenn Ranch, LLC; KrisJenn Ranch, LLC Series Uvalde Ranch; and KrisJenn Ranch, LLC, Series Pipeline ROW

1

(together, "KrisJenn"); and Larry Wright ("Wright").

2. **Exhibit B** is a true and correct copy of Form USM-285, Process Receipt and Return from the U.S. Marshal's Office regarding service for KrisJenn and Wright.

3. **Exhibit C** is a true and correct copy of DMA and Longbranch's Joint Postjudgment Discovery Requests to Wright and KrisJenn.

4. **Exhibit D** is a true and correct copy of KrisJenn Ranch, LLC's Answers to DMA and Longbranch's Postjudgment Interrogatories.

5. **Exhibit E** is a true and correct copy of KrisJenn Ranch, LLC Series Uvalde Ranch's Answers to DMA and Longbranch's Postjudgment Interrogatories.

6. **Exhibit F** is a true and correct copy of KrisJenn Ranch, LLC, Series Pipeline ROW's Answers to DMA and Longbranch's Postjudgment Interrogatories.

7. **Exhibit G** is a true and correct copy of Larry Wright's Answers to DMA and Longbranch's Postjudgment Interrogatories.

8. On September 26, 2024, DMA and Longbranch requested writs of execution to the United States Marshal to enforce the Court's judgment against Wright and KrisJenn from the Clerk of Court. That same day, the Clerk of Court issued writs of execution against KrisJenn and Wright, *see* **Exhibit A**, and DMA and Longbranch delivered the writs of execution to the United States Marshal's Office for service. *See* **Exhibit B**.

9. Between September 26 and October 16, 2024, the U.S. Marshal's Office made multiple attempts to serve Wright and KrisJenn with the writs of execution. On October 16, the U.S. Marshal's Office informed DMA and Longbranch that the San Antonio office had been unable to locate Wright or KrisJenn after multiple attempts at either of the addresses.

10. In light of the difficulties in locating Wright and KrisJenn to enforce the judgment, on October 23 DMA and Longbranch served a set of Joint Postjudgment Discovery Requests on KrisJenn and Wright to identify, among other things, the current

2

owner of the ROW and an alternative location for service of the writ of execution. *See* **Exhibit C**.

11. On December 6, KrisJenn and Wright served their Answers to DMA and Longbranch's Interrogatories. *See* **Exhibit D-G**.

12. According to KrisJenn's responses to DMA and Longbranch's discovery responses, none of the KrisJenn entities (nor anyone on their behalf) own, hold title, possess, or otherwise have an interest in the ROW. *See, e.g.*, **Exhibit D** at Interrogatories 3–5, 17–19, 25–27, 41–43.

13. Wright refused to respond to most of DMA and Longbranch's discovery requests, other than to serve objections. In his objections, Wright incorrectly claims that no judgment exists against him in his individual capacity. *See, e.g.*, **Exhibit G** at Interrogatory 2.

14. On December 2, 2024, DMA and Longbranch delivered the writs of execution to the U.S. Marshal's Office for second attempt at serving the writ of execution. To this day, the U.S. Marshal's Office has been unable to locate Wright or KrisJenn.

15. According to Wright and KrisJenn's discovery responses, Wright has failed to transfer the ROW back to either KrisJenn, the previous transferor, or to DMA, who holds equitable title through the constructive trust imposed by this Court.

16. To the best of my knowledge, Express H2O, Wright's entity, continues to hold title over the ROW.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 8th day of January 2025 in Travis County, Texas

                                       */s/ Lulú Ortiz*
                                       Lourdes Ortiz