**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| *In re:* | § | |
| KrisJenn Ranch LLC, | § | Chapter 11 |
| *Debtor* | § | Case No. 20-50805-rbk |
| | | |
| KRISJENN RANCH, LLC, ET AL | § | Adversary No. 20-05027-RBK |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| DMA PROPERTIES, INC, ET AL, | § | |
| Defendants. | § | |

**<u>WRIGHT'S OBJECTIONS TO PROPOSED ORDER GRANTING MOTION TO ENFORCE CONSTRUCTIVE TRUST</u>**

Larry Wright ("Wright") files his Objections to DMA's Proposed Order Granting Motion to Enforce Constructive Trust (Doc. 385) ("Proposed Order"). For the reasons stated in his Motion to Vacate and Set Aside Order Granting Motion for Constructive Trust (Doc. 382), Wright requests that the Court decline to enter the Proposed Order and deny the Motion to Enforce Constructive Trust (Doc. 368).

## I.     OBJECTIONS TO PROPOSED ORDER

Wright incorporates the arguments and legal authorities in his Motion to Vacate in full as though set forth herein. This Court is without jurisdiction to amend the Final Judgment, and there is no evidence to support the relief requested in the Motion to Enforce. Further, Express is a wholly separate legal entity and not a party to this lawsuit, and divesting it of property without notice or opportunity to be heard is improper.

Subject to, and in addition to, the grounds set forth in his Motion to Vacate, Wright generally objects to the Proposed Order on the following grounds:

- **Objection 1:** The Proposed Order contradicts and is not supported by the Final Judgment (Doc. 329) and makes no attempt to make the documents consistent. The Proposed Order and the Final Judgment cannot exist together, and the Proposed Order does not say that it is amending the Final Judgment provisions. For example:

    a. Paragraph 2 of the Final Judgment imposes a constructive trust with the ROW "in the hands of Express," but the Proposed Order directs Wright to transfer the ROW to DMA and Frank Daniel Moore, collectively defined as "DMA." The Proposed Order does not say that Paragraph 2 is being amended. *When the documents are read together, as DMA intends, the constructive trust is in the hands of Express even though the ROW is transferred to DMA.*

    b. Paragraph 3 of the Final Judgment gives DMA and Longbranch each 20% of the net profits from a sale or future development income of the ROW, and H2O Pipeline & ROW LLC, as the legal owner of the ROW, therefore received the remaining net profits. The Proposed Order does not address these awards and wholly ignores Longbranch and its interest. *When the documents are read together, as DMA intends, each of the parties retains the same share of net profits as awarded under the Final Judgment even though the ROW is transferred.*

2

     c. The Final Judgment states that all other relief was denied. <u>Doc. 329</u> at 2. Defendants previously asked for disgorgement of title, and this relief was denied by the Court in the Final Judgment. *When the documents are read together, as DMA intends, the Proposed Order would be a direct contradiction of the Final Judgment and accordingly would have no effect under the law.*

- **<u>Objection 2:</u>** The Proposed Order is not supported by any factual findings by the Court. The Court's factual findings in the Opinion After Remand do not support the Proposed Order, and portions of the Opinion are reversed by the Proposed Order. <u>Doc. 330</u>. There is no language in the Opinion After Remand supporting disgorgement or forfeiture of title or net profits interest from Express to Defendants. Because the Proposed Order amends the Final Judgment, Federal Rule of Civil Procedure 52(a) requires the court to find the facts specially and state its conclusions of law separately. The findings must be sufficiently detailed to give the reviewing court a clear understanding of the analytical process by which the ultimate findings were reached and to assure that the trial court took care in ascertaining the facts *Eni US Operating Co., Inc. v. Transocean Offshore Deepwater Drilling, Inc.,* 919 F.3d 931 (5th Cir. 2019). *There have been no findings of fact to support the Proposed Order that amends the Final Judgment.*

- **<u>Objection 3:</u>** The Proposed Order would lead to a windfall to DMA beyond what the Court found in the trial record. There is no evidentiary basis or findings of fact in the Final Judgment that DMA should recover 100% of net profits and the value of the ROW and Express should be disgorged of his property.

- **<u>Objection 4:</u>** The Fourth Amended Reorganization Plan prohibits the entry of the Proposed Order for at least the following reasons:

     a. The Plan secures the property interest of Express, as the eventual buyer of the ROW, and states that the value of Defendants' interests would "attach solely to the proceeds or interest obtained or retained by the Reorganized Debtor from the sale or operation of the Express Pipeline." <u>Doc. 211</u> at 6-7 (Cause No. 20-50805). *The Proposed Order is contrary to the Plan but does not amend the Plan.*

     b. Defendants are estopped from seeking such a transfer where they previously agreed otherwise. Federal bankruptcy law is clear that the provisions of the Plan bind the creditor. 11 U.S.C. § 1327(a). Estoppel by contract prevents a party from denying the terms of a valid or fully executed contract unless the contract is set aside by fraud, accident, or mistake. *See Mathews v. Sun Oil Co*., 411 S.W.2d 561, 564 (Tex. Civ. App.—Amarillo 1966), aff'd, 425 S.W.2d 330 (Tex. 1968). *Because Defendants agreed that Wright's entities would have the right to continue to own, possess, and market the ROW, they are now estopped from arguing otherwise.*

    c.   Confirmation of the Plan is treated as a final judgment and *res judicata* as to any issues resolved or subject to resolution at the confirmation hearing and have a binding effect on the parties involved. *United Student Aid Funds, Ins. v. Espinosa,* 559 U.S. 260, 269 (2010); *In re Shank*, 569 B.R. 238, 249–50 (Bankr. S.D. Tex. 2017); *In re Chesnut,* 356 Fed.Appx. 732, 737–38 (5th Cir. 2009) (holding that res judicata applies to a confirmed plan). *The Proposed Order cannot amend issues addressed in the Plan.*

- **Objection 5**: The Proposed Order is not supported by Texas law for at least the following reasons:

    a.   There is no legal authority supporting Defendants' arguments that:
        i.   covenants running with the land can be converted or "enforced" through a disgorgement or forfeiture of the property at issue or
        ii.   a net profits interest or an interest in proceeds can be converted or "enforced" through disgorgement or forfeiture of the property.

    b.   Defendants' position that a constructive trust requires conveyance of legal title is unsupported by law. A constructive trust requires the so-called tortfeasor to hold an asset in a constructive trust for the benefit of the party asserting the claim for breach of fiduciary duty (i.e., the plaintiff). *KCM Fin. LLC v. Bradshaw,* 457 S.W.3d 70, 87-88 (Tex. 2015). A constructive trust is a legal fiction, a creation of equity to prevent a wrongdoer from benefiting from his wrongful acts. *See Ginther v. Taub*, 675 S.W.2d 724, 728 (Tex. 1984). Here, the constructive trust was on proceeds of the ROW's development or sale. The Final Judgment's constructive trust does not permit or require conveyance of legal title, and any order mandating the transfer of title is an improper amendment of the Final Judgment.

    c.   The divestiture of property as directed in the Proposed Order is entirely inequitable, disproportionate, and unrelated to the tort found by the Court. The Court found Wright liable for breach of fiduciary duties to Moore because he entered into an ultra vires and conflicted loan transaction without Moore's consent. Doc. 236 at 27. Despite this finding, the Court held that Moore did not prove his damages at trial. *Id.* Awarding DMA all interest in the ROW is contrary to the finding of the Court and disproportionate to the breach of duties.

Wright also makes the following objections to specific language in the Proposed Order:

- **Objection 6:** Wright objects to the phrase "*in furtherance of the Court's continuing and inherent power to enforce its Judgment.*" This is an incorrect characterization of the relief in the Proposed Order, which modifies the Final Judgment. This language should be removed.

- **Objection 7:** Wright objects to the Proposed Order language that directs him to transfer and convey any rights, title, and interest that he does not own or possess and/or

that are owned by Express, which is a separate legal entity. It is axiomatic that Wright cannot transfer or convey more interest than he owns. This language should be removed.

- **Objection 8:** Wright objects to the Proposed Order language that directs him to "*cause to be transferred and conveyed*" title in the ROW. This language is unclear and vague in that it does not state what actions Wright is required to take in compliance with the Proposed Order. The Order should be definite enough for Wright to understand his obligations. This language should be removed.

- **Objection 9:** Wright objects to the Proposed Order language directing him to transfer "*all*" rights and interest in the ROW. Wright has a first monies obligation, and any order to transfer Wright's interest or rights in the ROW is subject to his first monies obligation. This language should be removed.

- **Objection 10:** Wright objects to the following sentence in its entirety: "*Wright shall further take all necessary actions in his capacities as Manager and/or Owner of Express H2O to effectuate transfer of all rights, title, and interest in the ROW to DMA as provided herein*." This sentence should be removed. Specifically:

  a. This sentence is unclear and vague as to what is required by Wright to comply with the Proposed Order. It is unknown what "all necessary actions" means or what it requires. The Order should be definite enough for Wright to understand his obligations so that he is on notice of his obligations. Without such specificity, the Proposed Order cannot be enforced.

  b. Wright is not the owner of Express and can only act consistent with his duties as Manager and under Texas law. The Order should not direct Wright to violate those duties. Any order directing activity by Wright should be limited to what is allowed under law and the membership agreement of Express.

## II. PRAYER

For the reasons stated herein, Larry Wright respectfully requests that the Court decline to enter the Proposed Order, sustain its objections, and deny Defendants' Motion to Enforce. Such an order is void and improper. Wright also requests all such further relief as appropriate and necessary.

[###]

5

Respectfully submitted,

GERMANY LAW, PLLC
1250 NE LOOP 410, Ste. 725
San Antonio, Texas 78209
Telephone: (210) 824-3278
Telecopier: (210) 824-3937

By: */s/William P. Germany*
    William P. Germany
    State Bar No. 24069777
    william@germanylaw.com

*ATTORNEY FOR LARRY WRIGHT*

[###]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 19th day of February 2025:

Christopher S. Johns
cjohns@cobbjohns.com
COBB AND JOHNS
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
Telephone: (512) 399-3150
Facsimile: (512 572-8005

Timothy Cleveland
tcleveland@clevelandkrist.com
Austin Krist
akrist@clevelandkrist.com
CLEVELAND KRIST PLLC
303 Camp Croft Road, Suite 325
Austin, Texas 78746
Telephone: (512) 689-8698

Attorneys for Longbranch Energy
DMA Properties, Inc., and
Frank Daniel Moore

Natalie Wilson
nwilson@langleybanack.com
LANGLEY & BANACK, INC.
745 East Mulberry Avenue, Suite 700 San
Antonio, TX 78212
Telephone: 210-736-6600
Facsimile: (210) 735-6889

Attorneys for DMA Properties, Inc. and
Frank Daniel Moore

Jeffery Duke
jeff@jfduke.com
JF DUKE AND ASSOCIATES
11818 Great Oaks Drive
College Station, Texas 77494

Michael Black
BURNS & BLACK PLLC
mblack@burnsandblack.com
750 Rittiman Road
San Antonio, Texas 78209
Telephone: 210-829-2022
Facsimile: 210-829-2021 fax

Attorneys for Longbranch Energy, LP

C. John Muller
John.muller@cjma.law
CJ MULLER & ASSOCIATES, PLLC
111 W. Sunset Rd.
San Antonio, Texas 78209
Telephone: (210) 664-5000

OFFICE OF THE UNITED STATES
TRUSTEE
James.roase@usdog.gov
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
United States Trustee

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re:* | § | |
| | § | Chapter 11 |
| KrisJenn Ranch LLC, | § | Case No. 20-50805-rbk |
| *Debtor* | § | |

---

| | | |
|---|---|---|
| KRISJENN RANCH, LLC, ET AL | § | Adversary No. 20-05027-RBK |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| DMA PROPERTIES, INC, ET AL, | § | |
| Defendants. | § | |

## <u>PROPOSED ORDER SUSTAINING WRIGHT'S OBJECTIONS TO PROPOSED</u>
## <u>ORDER GRANTING MOTION TO ENFORCE CONSTRUCTIVE TRUST</u>

On this date, the Court considered **Wright's Objections to Proposed Order Granting Motion To Enforce Constructive Trust** [Docket No. 386] and any responses thereto. Having reviewed the parties' briefing and governing law, the Court finds that the Objections be

SUSTAINED.

IT IS, THEREFORE, ORDERED that Defendants' Proposed Order Granting Motion to Enforce Constructive Trust [Docket No. 385] is hereby denied.

Respectfully submitted,

GERMANY LAW, PLLC
1250 NE LOOP 410, Ste. 725
San Antonio, Texas 78209
Telephone: (210) 824-3278
Telecopier: (210) 824-3937

By: */s/William P. Germany*

William P. Germany
State Bar No. 24069777
william@germanylaw.com

*ATTORNEY FOR LARRY WRIGHT*

[###]

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 19th day of February 2025:

Christopher S. Johns
cjohns@cobbjohns.com
COBB AND JOHNS
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
Telephone: (512) 399-3150
Facsimile: (512 572-8005

Timothy Cleveland
tcleveland@clevelandkrist.com
Austin Krist
akrist@clevelandkrist.com
CLEVELAND KRIST PLLC
303 Camp Croft Road, Suite 325
Austin, Texas 78746
Telephone: (512) 689-8698

Attorneys for Longbranch Energy
DMA Properties, Inc., and
Frank Daniel Moore

Natalie Wilson
nwilson@langleybanack.com
LANGLEY & BANACK, INC.
745 East Mulberry Avenue, Suite 700 San Antonio, TX 78212
Telephone: 210-736-6600
Facsimile: (210) 735-6889

Attorneys for DMA Properties, Inc. and
Frank Daniel Moore

Jeffery Duke
jeff@jfduke.com
JF DUKE AND ASSOCIATES
11818 Great Oaks Drive
College Station, Texas 77494

Michael Black
BURNS & BLACK PLLC
mblack@burnsandblack.com
750 Rittiman Road
San Antonio, Texas 78209
Telephone: 210-829-2022
Facsimile: 210-829-2021 fax

Attorneys for Longbranch Energy, LP

C. John Muller
John.muller@cjma.law
CJ MULLER & ASSOCIATES, PLLC
111 W. Sunset Rd.
San Antonio, Texas 78209
Telephone: (210) 664-5000

OFFICE OF THE UNITED STATES
TRUSTEE
James.roase@usdoj.gov
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
United States Trustee