**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| *In re:* | § | |
| KrisJenn Ranch LLC, | § | Chapter 11 |
| *Debtor* | § | Case No. 20-50805-rbk |
| | | |
| KRISJENN RANCH, LLC, ET AL | § | Adversary No. 20-05027-RBK |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| DMA PROPERTIES, INC, ET AL, | § | |
| Defendants. | § | |

**WRIGHT'S SUPPLEMENT TO MOTION TO VACATE OR SET ASIDE ANY RULING OR ORDER GRANTING MOTION TO ENFORCE CONSTRUCTIVE TRUST**

Larry Wright ("Wright") files his Supplement to Motion to Vacate and Set Aside Order Granting Motion for Constructive Trust (Doc. 382). Wright filed his Motion to Vacate and Objections to Defendants' Proposed Order (Doc. 386) prior to the Court's Order Granting Constructive Trust (Doc. 387). Now that the Order is entered, this Supplement raises grounds for the Court to vacate the Order that were included in Wright's Objections. Wright requests that the Court vacate its Order Granting the Motion to Enforce (Doc. 387).

## I. THE ORDER SHOULD BE VACATED.

### A. The Order and Final Judgment Contradict.

The Order contradicts and is not supported by the Final Judgment (Doc. 329) and makes no attempt to make the documents consistent. Specifically:

- Paragraph 2 of the Final Judgment imposes a constructive trust with the ROW "in the hands of" Express H2O Pipeline & ROW LLC ("Express"), but the Order directs Wright to transfer the ROW to DMA Properties, Inc. ("DMA"). The Order does not amend Paragraph 2. *When the documents are read together, the constructive trust is in the hands of Express even though the ROW is transferred to DMA.*

1

- Paragraph 3 of the Final Judgment gives DMA and Longbranch each 20% of the net profits from a sale or future development income of the ROW, and Express, as the legal owner of the ROW, therefore received the remaining net profits. The Order does not address these awards and wholly ignores Longbranch and its interest. *When the documents are read together, each of the parties retains the same share of net profits as awarded under the Final Judgment even though the ROW is transferred.*

- The Final Judgment states that all other relief was denied. Doc. 329 at 2. Defendants previously asked for disgorgement of title, and this relief was denied by the Court in the Final Judgment. *When the documents are read together, as DMA intends, the Order contradicts the Final Judgment and accordingly would have no effect under the law.*

Wright's counsel addressed this issue with Defendants' counsel during exchange of the Proposed Order and suggested that the Order include language amending the Final Judgment. Defendants made no changes to clarify the inconsistencies. This is certainly understandable from Defendants' point of view—if Defendants' Proposed Order indicated that the Court was amending the above paragraphs of the Final Judgment, their position that the Motion to Enforce was not an amendment at all would be proven a façade.

**B.  The Order is Not Supported by Factual Findings**.

There are no factual findings or evidence supporting the Order.

First, the Court did not conduct an evidentiary hearing, and Defendants did not introduce any evidence to support its Motion to Enforce. As stated in Wright's Motion to Vacate, Defendants' arguments at the February 5, 2025 hearing were vague and based on wholescale speculation. No testamentary or documentary evidence was provided to support the Motion to Enforce, and Wright's Motion to Vacate provides evidence to dispute Defendants' arguments.

Second, the Order does did not make factual findings in support of "enforcement." The Order does not speak to any wrongdoing by Wright or Express to justify disgorgement of the ROW and profits from Express.

Third, the Order is not supported by any previous factual findings by the Court. The Court's factual findings in the Opinion After Remand do not support the Order, and portions of the Opinion, as with the Final Judgment, are reversed by the Order. Doc. 330. Indeed, there is no factual or legal language in the Opinion After Remand supporting disgorgement or forfeiture of title or net profits interest from Express to Defendants. Because the Order amends the Final Judgment, Federal Rule of Civil Procedure 52(a) requires the court to find the facts specially and state its conclusions of law separately. The findings must be sufficiently detailed to give the reviewing court a clear understanding of the analytical process by which the ultimate findings were reached and to assure that the trial court took care in ascertaining the facts *Eni US Operating Co., Inc. v. Transocean Offshore Deepwater Drilling, Inc.,* 919 F.3d 931 (5th Cir. 2019). There have been no findings of fact to support the Order that amends the Final Judgment.

Lastly, the Order leads to a windfall to DMA beyond what the Court found in the trial record. There is no evidentiary basis or findings of fact in the Final Judgment that (1) Longbranch should not receive its 20% net profits, (2) DMA should recover 100% of net profits and the value of the ROW, and (3) Express should be disgorged of its property and all profits therefrom.

### C. The Reorganization Plan prohibits the Relief in the Order.

The Fourth Amended Reorganization Plan fatally conflicts with the Order.

First, the Plan secured the property interest of Express, as the eventual buyer of the ROW, and states that the value of Defendants' interests would "attach solely to the proceeds or interest obtained or retained by the Reorganized Debtor from the sale or operation of the Express Pipeline." Doc. 211 at 6-7 (Cause No. 20-50805). *The Order is contrary to the express language of the Plan.*

Second, Defendants are estopped from asking the Court for disgorgement under the Plan, where *they agreed to an interest on proceeds and that the ROW could stay in the hands of the*

*eventual purchaser*. Federal bankruptcy law is clear that the Plan vests all property of the estate in the debtor and binds the debtor and creditor. 11 U.S.C. § 1327(a), (b). Estoppel by contract prevents a party from denying the terms of a valid or fully executed contract unless the contract is set aside by fraud, accident, or mistake. *See Mathews v. Sun Oil Co*., 411 S.W.2d 561, 564 (Tex. Civ. App.—Amarillo 1966), aff'd, 425 S.W.2d 330 (Tex. 1968). *Because Defendants agreed that Wright's entities would have the right to continue to own, possess, and market the ROW, they are now estopped from seeking relief in the Order.*

Lastly, confirmation of the Plan is treated as a final judgment and *res judicata* as to any issues resolved or subject to resolution at the confirmation hearing and have a binding effect on the parties involved. *United Student Aid Funds, Ins. v. Espinosa,* 559 U.S. 260, 269 (2010); *In re Shank,* 569 B.R. 238, 249–50 (Bankr. S.D. Tex. 2017); *In re Chesnut,* 356 Fed.Appx. 732, 737–38 (5th Cir. 2009) (holding that res judicata applies to a confirmed plan). *Thus, the Order cannot properly amend issues addressed in the Plan.*

### D.  The Order is not consistent with Texas law.

The Order is not supported by Texas law. First, there is no legal authority supporting Defendants' arguments that: (i) covenants running with the land can be converted or "enforced" through a disgorgement or forfeiture of the property at issue; or (ii) a net profits interest or an interest in proceeds can be converted or "enforced" through disgorgement or forfeiture of the property.

Second, Defendants' position that a constructive trust requires conveyance of legal title is unsupported by law. A constructive trust requires the so-called tortfeasor to hold an asset in a constructive trust for the benefit of the party asserting the claim for breach of fiduciary duty (i.e., the plaintiff). *KCM Fin. LLC v. Bradshaw,* 457 S.W.3d 70, 87-88 (Tex. 2015). A constructive trust

is a legal fiction, a creation of equity to prevent a wrongdoer from benefiting from his wrongful acts. *See Ginther v. Taub*, 675 S.W.2d 724, 728 (Tex. 1984). Here, the constructive trust in the Final Judgment was imposed on proceeds of the ROW's development or sale. The Final Judgment's constructive trust does not permit or require conveyance of legal title, and any order mandating the transfer of title is an improper amendment of the Final Judgment.

Moreover, the divestiture of property as directed in Order is entirely inequitable, disproportionate, and unrelated to the tort found by the Court. The Court found Wright liable for breach of fiduciary duties to Moore because he entered into an ultra vires and conflicted loan transaction without Moore's consent. Doc. 236 at 27. Despite this finding, the Court held that Moore did not prove his damages at trial. *Id.* Awarding DMA all interest in the ROW is contrary to the finding of the Court and disproportionate to the breach of duties.

### E.  Wright Should not be Ordered to Convey More than His Interest in the ROW.

The Order directs Wright to transfer and convey or "cause to be transferred and conveyed" "all rights, title, and interest in the ROW." The Order is problematic for multiple reasons. First, the language directing action by Wright is vague and unspecific. It is impossible for Wright to understand his duties to be in compliance of the Order. Wright's counsel addressed this issue with Defendants' counsel during exchange of the Proposed Order, but Defendants made no changes to clarify the action required under the Order.

Moreover, Wright is not the owner of the ROW; he is the Manger of Express. The ROW is owned by Express, which is a separate legal entity. Express is not a part to this lawsuit, and the Order does not direct action from Express. Wright cannot legally convey interests and title that he does not own or possess, including those owned by Express, or that Express has not agreed to transfer. Wright cannot act independently to transfer property belonging to Express and cannot act

inconsistent with his duties as Manager and under Texas law. The Order, if Wright could comply, directs him to violate his duties to the company.

## II.     **PRAYER**

For the reasons stated herein, Larry Wright respectfully requests that the Court vacate its Order Granting Motion to Enforce and requests all such further relief as appropriate and necessary.

Respectfully submitted,

GERMANY LAW, PLLC
1250 NE LOOP 410, Ste. 725
San Antonio, Texas 78209
Telephone: (210) 824-3278
Telecopier: (210) 824-3937

By: ___*/s/William P. Germany*___
William P. Germany
State Bar No. 24069777
william@germanylaw.com

*ATTORNEY FOR LARRY WRIGHT*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 21st day of February 2025:

Christopher S. Johns
cjohns@cobbjohns.com
COBB AND JOHNS
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
Telephone: (512) 399-3150
Facsimile: (512 572-8005

Timothy Cleveland
tcleveland@clevelandkrist.com
Austin Krist
akrist@clevelandkrist.com
CLEVELAND KRIST PLLC
303 Camp Croft Road, Suite 325
Austin, Texas 78746
Telephone: (512) 689-8698

Attorneys for Longbranch Energy
DMA Properties, Inc., and
Frank Daniel Moore

Natalie Wilson
nwilson@langleybanack.com
LANGLEY & BANACK, INC.
745 East Mulberry Avenue, Suite 700 San Antonio, TX 78212
Telephone: 210-736-6600
Facsimile: (210) 735-6889

Attorneys for DMA Properties, Inc. and
Frank Daniel Moore

Jeffery Duke
jeff@jfduke.com
JF DUKE AND ASSOCIATES
11818 Great Oaks Drive
College Station, Texas 77494

Michael Black
BURNS & BLACK PLLC
mblack@burnsandblack.com
750 Rittiman Road
San Antonio, Texas 78209
Telephone: 210-829-2022
Facsimile: 210-829-2021 fax

Attorneys for Longbranch Energy, LP

C. John Muller
John.muller@cjma.law
CJ MULLER & ASSOCIATES, PLLC
111 W. Sunset Rd.
San Antonio, Texas 78209
Telephone: (210) 664-5000

OFFICE OF THE UNITED STATES TRUSTEE
James.roase@usdog.gov
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
United States Trustee