IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re:<br><br>KrisJenn Ranch, LLC,<br><br>*Debtor* | § § § § § § | Chapter 11<br><br>Case No. 20-50805 |
| KrisJenn Ranch, LLC, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>DMA Properties, Inc.; and Longbranch Energy, LP, et al.,<br><br>*Defendants.* | § § § § § § § § § § § | Adversary No. 20-05027 |
| DMA Properties, Inc. and Longbranch Energy, LP, et al.<br><br>*Counterplaintiffs,*<br><br>v.<br><br>KrisJenn Ranch, LLC; Larry Wright, et al.,<br><br>*Counterdefendants.* | § § § § § § § § § § § § § | Adversary No. 20-05027 |

**DMA'S RESPONSE TO WRIGHT'S MOTION TO VACATE OR SET ASIDE ANY RULING OR ORDER GRANTING MOTION TO ENFORCE CONSTRUCTIVE TRUST**

After finding that Wright breached his fiduciary duty to Moore, and that Wright violated this Court's orders by transferring the ROW to Wright's newly formed entity, this Court entered a final judgment imposing a constructive trust on the ROW. DMA moved to enforce the constructive trust, which under Texas law is an equitable device

1

requiring the breaching fiduciary to convey right, title, and interest in an asset to the victim. For his part, Wright filed a two-and-a-half-page response arguing that Wright "complied with the constructive trust." Resp. Mot. Enforce [#374] at 2. After a hearing, this Court concluded otherwise and granted DMA's motion to enforce the constructive trust imposed by the judgment. Wright then filed a 21-page motion to vacate this Court's order, arguing this Court cannot "modify" the final judgment because DMA appealed the final judgment.[1] Wright also argues this Court cannot require Wright to transfer the ROW to DMA because Express H2O did not have notice or an opportunity to be heard in connection with the motion to enforce the judgment. All of Wright's arguments are meritless.

<u>First</u>, the pending appeal did not divest this Court of jurisdiction to enforce its judgment. And Wright did not appeal this Court's final judgment, so Wright has forfeited any argument that this Court cannot enforce the constructive trust. <u>Second</u>, this Court is not "modifying" the judgment by enforcing the constructive trust. The final judgment already awarded a constructive trust to DMA. And under Texas law, a constructive trust is an equitable device requiring the transfer of an asset—which is just what this Court has ordered. <u>Third</u>, this Court had jurisdiction to order Wright to transfer the ROW to DMA, as Wright's transfer to Express H2O violated this Court's orders and was, at bottom, a transparent attempt by Wright to evade this Court's judgment. This Court had authority to impose transfer restrictions on estate property, and this Court had ample power to remedy violations of its orders. <u>Finally</u>, Wright cannot cry foul by relying on the corporate shell game he has created to avoid this Court's judgment. If Wright has standing to assert Express H2O's due-process rights (as he claims), then there's no due-process issue at all,

---

[1] Wright later filed a six-page "supplement" to his motion to vacate. Because under this Court's rules, non-dispositive motions are limited to 10 pages, Wright's 27 pages of filings violate the rules and should properly be disregarded. LOC. R. BANKR. P. 7007-1(a)(2) ("[A] non-dispositive motion is limited to 10 pages, unless otherwise authorized by the Court."); LOC. R. BANKR. P. 7007-1(a)(1) ("[A] 'dispositive motion' is a motion filed pursuant to FRBP 7012 and 7056 . . . . Any other motions filed in an adversary proceeding are deemed non-dispositive for purposes of these rules.").

2

since Express H2O—through Wright—had notice and opportunity to be heard if it wanted to challenge the final judgment or DMA's motion to enforce the judgment.

## ARGUMENT

I. **This Court retains jurisdiction to enforce its existing judgment, which imposed a constructive trust on the ROW.**

Wright's primary contention is that this Court does not have power to enforce its judgment—ordering Wright to convey the ROW pursuant to the constructive trust—because DMA has appealed this Court's judgment. Mot. Vacate [#382] at 5, 13–14. But that's wrong. This Court retains jurisdiction to "enforce its judgment," even after an appeal is filed. *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005); *Avoyelles v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983). Wright attempts to side-step this reality by recasting this Court's order as a "modification" of the judgment. Mot. Vacate [#382] at 7. But this Court is not modifying the final judgment by enforcing the constructive trust. Rather, it is ordering Wright to comply with the existing final judgment, which imposed a constructive trust "*in the event* that Wright and his entity Express H2O fail to transfer the ROW back to KrisJenn." Opinion After Remand [#330] at 4. Wright failed to transfer the ROW back to KrisJenn, and enforcement of the constructive trust is therefore authorized under this Court's final judgment.

What's more, under Texas law, a constructive trust means only one thing: a duty to transfer right, title, and interest in the asset to the equitable owner. "A constructive trust is a relationship with respect to property . . . [creating] an equitable duty *to convey it* to another." *See Talley v. Howsley*, 176 S.W.2d 158, 160 (Tex. 1943) (emphasis added); *In re Estate of Preston*, 346 S.W.3d 137, 165 (Tex. App.—Fort Worth 2011, no pet.) (same); *Hsin-Chi-Su v. Vantage Drilling Co.*, 474 S.W.3d 284, 299 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (same); *Baker Botts, L.L.P. v. Cailloux*, 224 S.W.3d 723, 736 (Tex. App.—San Antonio 2007, pet. denied) (same); *Leach v. Conner*, No. 13-01-468-CV,

2003 WL 22860911, at *8 (Tex. App.—Corpus Christi–Edinburg Dec. 4, 2003, no pet.) (same).

A constructive trust "does not create a 'trust' in any usual sense of that word." BLACK'S LAW DICTIONARY (10th ed. 2014). The "constructive trustee" is not permitted to retain the property; his "obligation . . . is simply to turn the property over to the constructive beneficiary." *Id.*; *see also* RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 55 (2011) (explaining that the "obligation of a constructive trustee is to surrender the constructive trust property to the claimant, on such conditions as the court may direct"). Federal bankruptcy courts applying Texas law have reached the same conclusion. *See, e.g., In re Gouge*, No. 07-34839, 2008 WL 304730, at *5 (Bankr. S.D. Tex. Jan. 30, 2008).

To these cases and authorities, Wright has no response. Wright argues that DMA "incorrectly argued that a constructive trust under Texas law 'creates an equitable duty on the party holding the property to convey it.'" Mot. Vacate [#382] at 8. But Wright cites no authority challenging this basic principle of law. Nor does he reference or attempt to distinguish any of the numerous cases cited by DMA. His only response to these cases is that DMA has "ignored Texas case law that constructive trusts are a flexible remedy" that provide this Court discretion to "design the constructive trust in any manner it saw fit to remedy inequity." *Id.* Wright cites no case for this proposition. But even if that were the standard, the Court here designed the constructive trust to require the transfer of the ROW when it remained in Express H2O's hands. That's how constructive trusts work under Texas law: they require the transfer of the constructive trust property to the victim of a fiduciary breach. *See, e.g., In re Gouge*, 2008 WL 304730, at *5.

In a related vein, Wright also suggests that any transfer of title must be viewed as disgorgement rather than as a conveyance pursuant to a constructive trust. *Id.* But again, Wright is ignoring that a constructive trust *is* an equitable device requiring transfer of an asset (the ROW) to DMA. And DMA clearly requested that the ROW be put in its hands

4

through a constructive trust. *See* DMA's Remedies Briefing [#321] at 20 ("Texas law requires that that the Court impose a constructive trust on Wright and his entities' interest in the ROW and find that Wright forfeited his interest in the ROW because he gained control of the ROW through his fiduciary breaches."); *id.* at 21 (explaining that, pursuant to a constructive trust, "Moore and DMA will receive *control over the ROW* and work to monetize it" (emphasis added)).

Rather than engage with the law on what a constructive trust is or is not, Wright reimagines this Court's order as a modification of the judgment and argues the modification is unsupported by evidence. Mot. Vacate [#382] at 14–17. But DMA only sought to enforce, not modify, the existing judgment. In any case, the *only* evidence Wright even discusses—the Express H2O litigation—proves the need to enforce the judgment. *See id.* at 14 (citing the Express H2O litigation). The Express H2O litigation is relevant mostly because it shows conclusively that the ROW is still in the hands of Express H2O—and that Wright never obeyed this Court's order to transfer it back to KrisJenn.[2] That means that a constructive trust created by the final judgment is in place. Wright's attempts to relitigate the Court's remedies are unavailing: by choosing not to challenge this Court's judgment on appeal, Wright waived any argument that the constructive trust was the wrong remedy for his breach of fiduciary duty.[3]

Wright also contends that DMA cannot seek to have the final judgment enforced while also appealing the terms of the final judgment. But that is both wrong and missing key context—Wright's wrongful transfer of the ROW. After the district court remanded

---

[2] DMA is also concerned that its position as the rightful holder of the ROW may be prejudiced by Wright's litigation choices. But DMA never "claimed ignorance of the Angelina County lawsuit," nor did DMA claim that its lack of knowledge about the suit was the *basis* for a constructive trust. *Contra* Mot. Vacate [#382] at 14–15. Rather, DMA learned of the Angelina County lawsuit shortly before the hearing on the motion to enforce. Likewise, DMA never claimed "malfeasance because Express did not have title to the ROW when it brought the lawsuit." *Contra id.* at 15. DMA understands that Express H2O currently has ownership of the ROW, which is precisely why DMA moved this Court to enforce its constructive trust.
[3] Wright filed a notice of appeal, but he elected not to submit an appellant's brief. He has thus forfeited any argument that the constructive trust was imposed in error.

to this Court for further consideration of remedies for Wright's breach of fiduciary duty, DMA learned that Wright violated this Court's order by transferring the ROW from KrisJenn to his newly formed entity—Express H2O. DMA raised this issue at a status hearing before this Court, where Wright's counsel represented that Wright would transfer the ROW back to KrisJenn. But Wright never honored that commitment. In its final judgment, this Court issued a constructive trust, in part, precisely because Wright disobeyed this Court's order by transferring the ROW to Express H2O. Opinion After Remand [#330] at 4. (rending judgment that "DMA and Moore recover a constructive trust on the ROW in the hands of Express H20, LLC, because of the unauthorized transfer by KrisJenn of the ROW to Express H2O, LLC").

The Court explained that it would "impose a constructive trust on the ROW in the event that Larry Wright and Express H20 fail to transfer the ROW back to KrisJenn, the reorganized debtor." *Id.* But DMA did not know whether Wright would transfer the ROW back to KrisJenn, or under what circumstances this Court would order conveyance to DMA. So DMA preserved its rights by filing an appeal. Shortly after filing its opening brief in the district court, DMA filed post-judgment written discovery on Wright and his entities, in part because DMA did not know which Wright entity, if any, then held the ROW. After receiving those discovery responses on December 6, 2024, DMA learned that Wright had not obeyed this Court's order (or honored its promise) to transfer the ROW back to KrisJenn, because no entity before this Court held the ROW.

Once DMA realized that Wright had not complied with this Court's order to transfer the ROW back to KrisJenn, DMA filed its motion to enforce the judgment on the constructive trust, which this Court granted. This Court's order will likely moot much of DMA's appeal (and DMA may dismiss the appeal altogether). But DMA never appealed this Court's decision *to impose a constructive trust* on the ROW. And DMA is not barred from seeking to have the judgment enforced simply because DMA also reserved its rights regarding the precise terms and conditions of this Court's ruling. This Court, of course,

6

had the power to impose the transfer restriction on the ROW in its Chapter 11 plan. And this Court had the power to remedy the violation of that transfer restriction in its final judgment, after Wright defied the plan and refused to transfer the ROW back, as he promised he would. Wright's arguments to the contrary are entirely meritless.

**II.      This Court can properly order Wright to transfer the ROW to DMA.**

This Court has jurisdiction over Wright. It had the power to impose transfer restrictions on estate assets, and it retains the remedial power to rectify violations of its orders. *See, e.g.*, *Solon Automated Servs., Inc. v. Georgetown of Kettering, Ltd.*, 22 B.R. 312, 318 (Bankr. S.D. Ohio 1982) ("This Court has postconfirmation jurisdiction over any 'necessary party . . . to perform any . . . act . . . that is necessary for the consummation of the plan.'") (citing 11 U.S.C. § 1142(b)).

Wright's due-process arguments to the contrary fail for multiple stand-alone reasons:

First, Wright's fraudulent transfer of the ROW from KrisJenn to Express H2O directly violated this Court's order—and Express H2O knowingly took the ROW subject to the Court's remedial power to claw back the transfer. *See* Plan [#211] at 7 (Cause No. 20-50805) (mandating that KrisJenn provide notice of any attempt to transfer and postpone closing of transfer until objections have been considered). Given this Court's power over the debtor's assets, its power to impose transfer restrictions, and power to remedy the violation of its order (e.g., through constructive trust), Express H2O does not have a valid due-process claim. Express H2O knew about the transfer restrictions and took the ROW subject to the Court's power to remedy the wrongful transfer.[4] Further,

---

[4] Wright founded Express H2O himself and manages it. Pet. at Ex. A (Wright Aff.), *Express H2O Pipeline and ROW, LLC. V. Westlake Chem. OpCo, LP*, No. CV-00461-24-08 (filed Tex. 217th Dist. Sept. 25, 2024). DMA and Longbranch request that the Court take judicial notice of this affidavit.

7

Wright offers no evidence that the Court's remedial constructive trust affects any third parties acting in good faith.[5]

Second, contrary to Wright's arguments (Mot. Vacate [#382] at 17–18), Express H2O had actual notice of the hearing, yet declined an opportunity to be heard. Express H2O had notice of the hearing through Wright, its founder and manager. Under Texas law, a corporation or LLC "can act and acquire knowledge only through its agents." *Poth v. Small, Craig & Werkenthin, L.L.P.*, 967 S.W.2d 511, 515 (Tex. App.—Austin 1998, pet. denied). And the "only way to communicate actual notice to a corporation is through its agents." *Am. Standard Credit, Inc. v. Nat'l Cement Co.*, 643 F.2d 248, 270 (5th Cir. 1981) (quoting *Birmingham Boys' Club, Inc. v. Transamerica Ins. Co.,* 295 Ala. 177, 180 (1976)). Here, Express H2O, through Wright, had actual knowledge of the bankruptcy plan and this Court's previous orders—including this Court's order not to transfer the ROW without court approval. Thus, Express H2O accepted the ROW with full knowledge that it did so in violation of this Court's order. Likewise, because Wright had notice of the hearing on the motion to enforce the judgment, Express H2O did too. *See id.* Express H2O also knew the relief that DMA requested because that relief was stated clearly in its motion. Mot. Enforce [#377] at 4. If Express H2O wanted to do so, it could have intervened to oppose the motion. But it did not do so then—and *still* has not intervened to support Wright's motion to vacate now.

Third, the doctrine of standing defeats the due-process claims. Even if Wright were correct that this Court's order violated the Due Process Clause (it did not), Wright would have no standing to raise objections on behalf of a non-party—one that Wright is at great pains to stress is an entirely separate entity from himself. *United States v. Cardenas*

---

[5] Wright may own all or most of Express H2O; he's never claimed that other owners are not themselves directly owned, controlled by, or related to himself. KrisJenn—an entity that Wright dissolved after the transfer—also received no consideration for the ROW except for membership interests in Express H2O, and Wright has never claimed that Express H2O had any other assets before this transfer. *See* Deed [#321-1] at 2 (granting Express H2O all of KrisJenn's right, title, and interest in the ROW in exchange for membership interests in Express H2O).

*Alvarado*, 806 F.2d 566, 574 (5th Cir. 1986) (explaining that litigants do "not have standing to raise possible violations of the constitutional rights of third parties"). Either Express H2O is before the Court through Wright (in which case there's no due-process problem), or it's not and Wright cannot assert its rights. Wright can't have it both ways.

Fourth, this is the wrong time and place to raise new due-process claims. The ROW was in the hands of Express H2O at the time this Court issued its final judgment nearly a year ago, on March 26, 2024. *See* Deed [#321-1] (showing transfer of ROW in February 24, 2023). That order placed a constructive trust on the ROW—burdening Express H2O's property rights. Yet neither Wright nor Express H2O have ever raised due-process concerns with this Court's final judgment. Even assuming, *arguendo*, that Express H2O's due-process rights have been impacted, and that Wright was a proper party to raise those rights, Wright has forfeited that argument by not appealing this Court's judgment—and waiting nearly a year to raise the issue at all.

Fifth, the enforcement order does not compel Express H2O directly. It compels Wright (who violated this Court's transfer restriction and who remains before this Court) to ensure that the ROW is transferred to DMA. Wright has not and cannot allege that *his* due-process rights have been violated.

### III. The Court's order is consistent with the Reorganization Plan.

The Court's order enforcing the constructive trust is consistent with the Reorganization Plan. Wright contends this Court cannot enforce the constructive trust because, under KrisJenn's Reorganization Plan, the ROW vested back on KrisJenn, and DMA and Longbranch's interest attached "solely to the proceeds or interest obtained or retained by the Reorganized Debtor from the sale or operation of the Express Pipeline." Supp. Mot. Vacate [#390] at 3–4 (citing Plan [#211] at 6–7 (Cause No. 20-50805)). But the Reorganization Plan was always subject to the district court's determination on appeal, which ultimately held that DMA and Longbranch had an interest in the ROW.

9

Plan [#211] at 7 (Cause No. 20-50805) (binding the parties to the appeal and final judgment). Further, by transferring the ROW without abiding by the Reorganization Plan's notice provisions, Wright forestalled this Court's ability to enforce the Plan and protect DMA's and Longbranch's interests. *See* Plan [#211] at 6–7 (Cause No. 20-50805) (ordering KrisJenn to provide DMA and Longbranch with notice of any offer to transfer the ROW and dictating a protocol for objections to transfer). Wright should not be allowed to avoid the Court's judgment through his own wrongdoing.

At the end of the day, Wright is arguing that he can escape this Court's judgments by (1) forming a new entity; (2) violating this Court's order by fraudulently transferring the ROW to that newly formed entity for no consideration; (3) refusing to transfer the ROW back; and then (4) asserting that the Court lacks power to address his malfeasance or the shell games through which Wright has attempted to evade this Court's judgment and orders. That is simply not the law.

Wright should not be rewarded for his attempts to evade this Court's judgment. This Court's order enforcing its judgment was correct and should stand.

## CONCLUSION

For the foregoing reasons, DMA and Longbranch respectfully request the Court to deny Wright's motion to vacate the order enforcing the final judgment.

Dated: February 25, 2025

Respectfully submitted,

*/s/ Christopher S. Johns*
Christopher S. Johns
Texas Bar No. 24044849
Michael C. Cotton
Texas Bar No. 24116229
COBB & JOHNS PLLC
13341 W. US-290, Building 2
Austin, Texas 78737
512-399-3150
512-572-8005 fax
chris@cobbjohns.com
michael@cobbjohns.com

Timothy Cleveland
Austin H. Krist
CLEVELAND | KRIST PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com

*Counsel for Longbranch Energy, DMA Properties, and Frank Daniel Moore*

11

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2025, I caused a copy of the foregoing to be filed by this Court's CM/ECF system, which will serve a copy on all registered users.

>*/s/ Austin H. Krist*
>Austin H. Krist