

The relief described hereinbelow is SO ORDERED.

Signed February 26, 2025.

_____
**Ronald B. King**
**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KRISJENN RANCH, LLC, ET AL, | § | CASE NO. 20-50805-RBK |
| | § | |
| DEBTOR | § | CHAPTER 11 |
| ──────────────────────── | § | |
| | § | |
| KRISJENN RANCH, LLC, ET AL, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | ADVERSARY NO. NO. 20-5027-RBK |
| V. | § | |
| | § | |
| DMA PROPERTIES, INC., ET AL, | § | |
| | § | |
| DEFENDANTS. | § | |

---

**ORDER ON WRIGHT'S MOTION TO VACATE**

On February 26, 2025, came on to be heard "Wright's Motion to Vacate or Set Aside Any Ruling or Order Granting Motion to Enforce Constructive Trust" (the "Motion," ECF No. 382). Larry Wright and Defendant, DMA Properties, Inc. ("DMA"), appeared by and through counsel

of record and announced ready. After hearing the evidence and argument of counsel, the Court makes the following findings.

1. The Motion should be granted, in part. The Court does not wish to interfere with the appeal of the Judgment After Remand currently pending in the United States District Court in No. 5:24-cv-00365-XR. As determined by the United States District Court in a previous appeal, this Court reaffirms the Judgment After Remand that the net-profits interests owned by DMA and Longbranch Energy LP ("Longbranch") are valid and subsisting covenants running with the land in the right of way ("ROW") which is called the Express Pipeline.

2. The Court reaffirms that in the Judgment After Remand in this adversary proceeding, DMA and Longbranch recovered a constructive trust on the ROW in the hands of Express H2O, LLC, because of the unauthorized transfer by KrisJenn Ranch, LLC of the ROW to Express H2O, LLC. Any immediate or mediate transferee of the ROW takes subject to the final mandate of the United States District Court, or if applicable, the United States Court of Appeals for the Fifth Circuit in the appeal.

3. The Court reaffirms that Larry Wright may recover the $4,700,000 purchase price that he paid for the ROW out of income from the ROW or the sales proceeds. After that, DMA and Longbranch will each receive 20% out of the net profits from a sale or future development income of the ROW.

4. The remaining 60% interest and ownership of the ROW will be administered as provided under the chapter 11 plan in the main bankruptcy case confirmed by this Court on February 28, 2022 (Case No. 20-50805, ECF No. 234).

It is therefore, **ORDERED**, that the Motion is granted and the Court will withdraw the order mandating an immediate transfer of the ROW to DMA, without prejudice.  If the United States District Court affirms the Judgment After Remand and the judgment becomes final, the Judgment After Remand will govern and will be enforceable by this Court.  If the United States District Court reverses the Judgment After Remand, this Court will comply with the final mandate of the United States District Court or, if applicable, the Court of Appeals for the Fifth Circuit.

All relief not specially granted herein is hereby **DENIED**.

# # #