IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: § | Chapter 11 | |
| § | | |
| KRISJENN RANCH, LLC, § | Case No. 20-50805 | |
| § | | |
| Debtor. § | | |

_____

| | | |
|---|---|---|
| KRISJENN RANCH, LLC and § | | |
| KRISJENN RANCH, LLC-SERIES § | | |
| UVALDE RANCH, and KRISJENN § | | |
| RANCH, LLC-SERIES PIPELINE § | | |
| ROW as successors in interest to § | | |
| BLACKDUCK PROPERTIES, LLC, § | | |
| § | | |
| Plaintiffs § | | |
| § | | |
| v. § | | |
| § | | |
| DMA PROPERTIES, INC., and § | | |
| LONGBRANCH ENERGY, LP, § | Adversary No. 20-05027 | |
| § | | |
| Defendants § | | |

_____

| | | |
|---|---|---|
| DMA PROPERTIES, INC. § | | |
| § | | |
| Cross-Plaintiff/Third Party Plaintiff § | | |
| § | | |
| v. § | | |
| § | | |
| KRISJENN RANCH, LLC, § | | |
| KRISJENN RANCH, LLC-SERIES § | | |
| UVALDE RANCH, and KRISJENN § | | |
| RANCH, LLC-SERIES PIPELINE ROW. § | Adversary No. 20-050207 | |
| BLACK DUCK PROPERTIES, LLC, § | | |
| LARRY WRIGHT, and JOHN TERRELL, § | | |
| § | | |
| Cross-Defendants/Third-Party Defendants. § | | |

## LARRY WRIGHT'S RULE 9024 MOTION FOR RELIEF FROM CONFLICTING FINAL JUDGMENT AND 7054 ORDER

COMES NOW, Larry Wright, seeking under Fed. R. Bankr. P. 9024 to correct the final judgment [#329] conflicts with the Fed. R. Bankr. P. 7054 Order on Attorney's Fees [#353], and shows the court as follows.

### Leave of Appellate Court

### Background

1. On March 26, 2024, this court entered a Final Judgment on Remand [#329] disposing of all issues on remand. In paragraph 4 of the Final Judgment After Remand, the court awarded attorney's fees to DMA, Moore, and Longbranch "under the Texas Declaratory Judgment Act for the issues relating to the covenant running with the land."[1] The court then invited the prevailing parties on the Texas Declaratory Judgment Action ("TDJA") related only to the covenant running with the land to submit requests for attorney's fees under Fed. R. Bankr. P. 7054 and bankruptcy local rule 7054.[2]

2. All parties had 14 days from the date of the Final Judgment After Remand to notice their appeals or file a motion under Fed. R. Bankr. P. 9023. No Party filed a motion under Fed. R. Bankr. P. 9023 depriving this Court of jurisdiction to grant a new trial, alter or amend the March 26, 2024 Final Judgment After Remand after April 9, 2024.

3. DMA and Longbranch filed their motion for attorney's fees under local bankruptcy rule 7054 on April 23, 2024, DMA and Longbranch filed. The Rule 7054 motion was taken via submission by the Court and DMA and Longbranch included the order for which Larry Wright seeks relief when filing their motion.

---

[1] Final Judgment on Remand [#329] at pages 2 and 3.
[2] *Id*.

**After April 9, 2024 the Court Could not Alter the Judgment and Lacked Jurisdiction[3]**

4. DMA and Longbranch had fourteen (14) days after the Final Judgment After Remand was entered to file a motion to alter or amend the judgment under Fed. R. Bankr. P. 9023. They did not file a 9023 motion to alter the final judgment, and the Final Judgment After Remand only awarded attorney fees to them under the "Texas Declaratory Judgment Act for the issues relating to the covenant running with the land."[4] The Court did not have jurisdiction to alter or amend its ruling that costs and attorney's fees under Fed. R. Bankr. P. 9054 applied to any other Parties of claims any time after the fourteen (14) days lapsed.[5] The only jurisdiction remaining with the Court was determining the amount of attorney fees in conformance with Final Judgment After Remand.[6] Indeed, as of March 26, 2024, the Court had already ruled and made its final decision the that attorney's fees only applied to the TDJA making any award of fees that altered or amended its final judgment void because the Court lacked jurisdiction.

5. DMA and Longbranch first filed their collateral application for attorney fees under Fed. R. Bankr. P. 7054 on April 23, 2024, and it cannot be characterized as a Fed. R. Bankr. P. 9023 motion because it was filed more than fourteen (14) days after the final judgment.[7] This limited the court's jurisdiction to the collateral matter of only determining the costs and attorney's fee award amount solely based upon the parties in privity under the TDJA.[8] On May 14, 2024 when the court entered its order on attorney's fees, it only maintained the jurisdiction to set the amount of fees adjudged against the KrisJenn entities, and had no jurisdiction to relitigate, alter or amend the final

---

[3] Fed. R. Civ. P. 60(b)(4)(allows for relief when the judgment is void).
[4] [#329] at pages 2 and 3.
[5] Fed. R. Bankr. P. 9023.
[6] *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200-03(1988)(request for attorney's fees after final judgment only pertains to attorney's fees attributable to the case, not to the merits).
[7] [#348]
[8] [#329]

judgment to award attorney fees against Larry Wright.[9] Moreover, the final judgment specifically denied all relief not specially granted in it and the claims on which attorney's fees had been awarded was final.[10]

**Larry Wright, in his individual capacity, was never part of a Declaratory Action**

6. The Parties related to the TDJA claims did not include Larry Wright in his individual capacity. The adversary complaint started with KrisJenn Ranch, LLC filing an original adversary complaint requesting declaratory judgment to construe its rights in relation to the covenant running with the land in relation to DMA Properties, Inc. ("DMA") and Longbranch.[11] DMA then counterclaimed and filed third party claims seeking declaratory relief only against entities related to the parties and did not seek any declaratory relief against Larry Wright in his individual capacity.[12] Daniel Moore ("Moore") also filed counterclaims and requests for declaratory relief and Moore only sought declaratory relief against the entities related to parties.[13] Moore sought no such claim for declaratory relief against Larry Wright in his individual capacity.[14]

7. The Final Judgment After Remand only granted relief to DMA and Longbranch against Larry Wright in his individual capacity in the form of a constructive trust in which "DMA and Moore recover a constructive trust on the ROW in the hands of Express H2O, LLC; and that Larry Wright would recover $4,700,000.00 from any subsequent sale of the ROW.[15] In its final judgment, the Court rendered no other relief against Larry Wright and expressly denied relief not included in the

---

[9] Fed. R. Bankr. P. 7054; Fed. R. Bankr. P. 9024; *see Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652 (7th Cir. 1981)(Altering or amending a final judgment on appeal is only allowed under Fed. R. Civ. P. 60, and a final judgment cannot be altered or amended or reexamined in a motion for attorney fees); *see Knighton v. Watkins*, 616 F.2d 795 (5th Cir. 1980)(A motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment **but merely seeks what is due because of the judgment**. It is, therefore, not governed by the provisions of Fed. R. Civ. P. 59(e) 796).
[10] [#329]
[11] [#1]
[12] [#6] Counterclaims and Third Party Claims of MDA Properties, Inc.
[13] [#14] Danie Moore's Counterclaims and Third Party Claims.
[14] *Id*.
[15] Final Judgment After Remand [#329] at page 2.

judgement – "All relief not specifically granted herein is hereby **DENIED**."[16] Larry Wright did not appeal the Final Judgment After Remand and did not participate in the Fed. R. Bankr. P. 7054 collateral applications for costs and attorney's fees because the court had not adjudged any attorney's fees against him in his individual capacity and expressly denied any relief not in the final judgment.[17]

**Final Judgment Conflicts with Collateral Fed. R. Bankr. P. 7054 Order on Costs and Attorney Fees**

8. Contrary to the Final Judgment After Remand, the procedural order on attorney's fees mistakenly awards attorney's fees "in connection with [Defendants'] declaratory, breach of contract, and breach of fiduciary duty claims against Wright; Krisjenn Ranch, LLC; Krisjenn Ranch, LLC-Series Uvalde Ranch; and Krisjenn Ranch, LLC-Series Pipeline ROW.[18] The only relief granted for attorney's fees in the Final Judgment After Remand was in paragraphs 4 and 5; neither of which applied to Larry Wright in his individual capacity.[19] Further, the Court did not award attorney fees to any party for the only finding against Larry Wright in his individual capacity on breach of fiduciary duty.[20]

**Under Fed. R. Bankr. P. 9024, Court May Grant Relief based on Clerical Mistakes and Oversights[21]**

9. Under Fed. R. Bankr. P. 9024, the court may grant relief from a judgment or order within one year of the order being filed. The basis for the correction may be based upon clerical mistakes, oversights, or omissions under the first part of the rule.[22] Here, it is clear when the order on attorney's fees was submitted a mistake was made arising from the oversight by including Larry Wright as a party adjudged to have attorney's fees awarded against him in his individual capacity. The Final Judgment After Remand unambiguously only awards attorney's fees to DMA, Moore, and

---

[16] *Id* at page 3, paragraph 7. (**emphasis in original**)
[17] *Id*.
[18] Order Granting DMA's and Longbranch's' Motion for Attorney's fees in part [#353]
[19] Final Judgment on Remand [#329] at pages 2 and 3, and paragraphs 4-5.
[20] *Id* at page 2, paragraphs 2 and 3.
[21] Fed. R. Civ. P. 60(a).
[22] *Id*.

Longbranch based upon paragraphs 4 and 5, and nothing in the record indicates either DMA, Longbranch, or Moore filed claims against Larry Wright in his individual capacity under TDJA. For this reason alone, the court has authority to correct the attorney fee to apply to the only parties the final judgment contemplated and intended to award attorney fees. The correction would ensure uniformity and consistency in applying the Court's final judgment to the collateral order on attorney's fees.

### DMA and Longbranch Invited the Clerical Error[23]

10. Counsel for DMA and Long branch spurred on the clerical mistake by the Court submitting the order they drafted and submitted on fees that contradicted the relief they sought and eventually conflicted with the Final Judgment on Remand. The clerical mistake in entering the award of attorney's fees against Larry Wright was due to a miss-statement by DMA and Longbranch in the order they drafted and submitted to the court.[24] The court just systematically and routinely entered the order [#353] not realizing it contradicted the Final Judgment on Remand [#329] that was already in front of the appellate court.

### Conclusion

11. Because of the reasons stated above, the undersigned attorney requests that the order granting DMA's and Longbranch's Motion for Attorneys Fees, in part, be corrected to conform with the Final Judgment After Remand to conform with the final judgment's afforded relief and only taxing attorney fees against the parties for which the TDJA applied.

---

[23] Fed. R. Civ. P. 60(b)(3)(allows relief from an order when misrepresentation in made by opposing party).
[24] The order on cost and attorney fees was not submitted to counsel for approval as to form.

**Prayer**

WHEREFORE, Movant prays the court enter a new order correcting the order granting DMA's and Longbranch's motion for attorney's fees, in part [#353] to conform with the relief granted in the Final Judgment After Remand [#329].

                                                    Respectfully submitted,

                                                    GERMANY LAW, PLLC
                                                    1250 NE LOOP 410, Ste. 725
                                                    San Antonio, Texas 78209
                                                    Telephone: (210) 824-3278
                                                    Telecopier: (210) 824-3937

                                                    By:    */s/William P. Germany*
                                                              William P. Germany
                                                              State Bar No. 24069777
                                                              william@germanylaw.com

                                                  *ATTORNEY FOR LARRY WRIGHT*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 7th day of April, 2025:

Christopher S. Johns
cjohns@cobbjohns.com
COBB AND JOHNS
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
Telephone: (512) 399-3150
Facsimile: (512 572-8005

Timothy Cleveland
tcleveland@clevelandkrist.com
Austin Krist
akrist@clevelandkrist.com
CLEVELAND KRIST PLLC
303 Camp Croft Road, Suite 325
Austin, Texas 78746
Telephone: (512) 689-8698

Attorneys for Longbranch Energy
DMA Properties, Inc., and
Frank Daniel Moore

Natalie Wilson
nwilson@langleybanack.com
LANGLEY & BANACK, INC.
745 East Mulberry Avenue, Suite 700 San
Antonio, TX 78212
Telephone: 210-736-6600
Facsimile: (210) 735-6889

Attorneys for DMA Properties, Inc. and
Frank Daniel Moore

Holli Pryor-Baze
State Bar No. 24013357
SKELTON SLUSHER BARNHILL
WATKINS WELLS, PLLC
1616 S. Chestnut St.
Lufkin, Texas 75901
936.632.2300
936.632.6545 (facsimile)
hbaze@ssbww.law
*Attorneys for Defendant*

Jeffery Duke
jeff@jfduke.com
JF DUKE AND ASSOCIATES
11818 Great Oaks Drive
College Station, Texas 77494

Michael Black
BURNS & BLACK PLLC
mblack@burnsandblack.com
750 Rittiman Road
San Antonio, Texas 78209
Telephone: 210-829-2022
Facsimile: 210-829-2021 fax

Attorneys for Longbranch Energy, LP

C. John Muller
John.muller@cjma.law
CJ MULLER & ASSOCIATES, PLLC
111 W. Sunset Rd.
San Antonio, Texas 78209

Christopher Julian Sachitano
State Bar No. 24014886
Sachitano Law, PLLC
5760 Walden Rd, St 230
Beaumont, TX 77707
409.812.2000
409.242-6059 (facsimile)
sach@sachlaw.com
*Attorneys for Defendant*

OFFICE OF THE UNITED STATES TRUSTEE
James.roase@usdog.gov
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
United States Trustee

Bailey Gene Wingate
State Bar No. 24091212
Wingate Law, PLLC
5760 Walden Rd, St 230
Beaumont, TX 77707
409.812.2000
409.242-6059 (facsimile)
bailey@wingatelaw.com
***Attorneys for Defendant***

    /s/William P. Germany
    Attorney for Larry Wright