IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: § § KrisJenn Ranch, LLC, § § *Debtor* § § | | Chapter 11 Case No. 20-50805 |
| KrisJenn Ranch, LLC, et al., § § *Plaintiffs,* § § v. § § DMA Properties, Inc.; and Longbranch § Energy, LP, et al., § § *Defendants.* § | | Adversary No. 20-05027 |
| DMA Properties, Inc. and Longbranch § Energy, LP, et al. § § *Counterplaintiffs,* § § v. § § KrisJenn Ranch, LLC; Larry Wright, § et al., § § *Counterdefendants.* § | | Adversary No. 20-05027 |

### DMA AND LONGBRANCH'S RESPONSE
### TO WRIGHT'S RULE 9024 MOTION FOR RELIEF

On May 14, 2024, this Court entered an order awarding attorneys' fees to DMA, Longbranch, and Moore against Larry Wright. Wright did not appeal or challenge the fee award. Approximately 11 months later, Wright has now filed a far-too-late motion for relief under Rule 60(b) seeking to challenge that fee award on the merits.

1

The Court should deny Wright's motion for three reasons. **First**, motions under Rule 60(b) must be made "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and as the movant, Wright must show a "compelling reason" for his 11-month delaying in filing this motion. Wright has not carried that burden or put forward *any* reason for his delay in bringing this motion. In such circumstances, courts routinely deny Rule 60(b) motions. *See Serna v. City of Colorado Springs*, No. 24-50019, 2024 WL 4708980, at *1 (5th Cir. Nov. 7, 2024) (upholding denial of motion as untimely where movant provided no explanation for two-month delay in filing motion); *All-Tex Staffing & Pers. Inc. v. Romo-Torres*, No. 4:19-CV-01479, 2020 WL 6384359, at *3 (S.D. Tex. Oct. 30, 2020) (upholding denial of motion as untimely where movant delayed for eight months). **Second**, though Wright seeks to challenge the merits of the fee award, Wright did not timely appeal that fee award, and Rule 60(b) motions are "not to be used as a substitute for appeal." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993). **Third**, Wright's arguments are wrong on the merits because this Court had jurisdiction to enter the fee award on the collateral issue of attorneys' fees following entry of the final judgment and there was no mistake or clerical error in awarding fees against Wright. For these reasons and as explained further below, the Court should deny Wright's motion.

## BACKGROUND

This motion is Defendant Larry Wright's latest attempt to avoid responsibility for his wrongdoing. After Wright sought to steal DMA Properties, Inc.'s and Frank Daniel Moore's (collectively, "DMA") and Longbranch Energy, LP's ("Longbranch") net-profits interests in a "right of way" ("ROW") in East Texas, DMA and Longbranch engaged in four-and-a-half years of protracted litigation to protect their interests in the ROW. Along the way, Wright has used every tool at his disposal to avoid honoring the parties' agreements, and he continues to use every tool available to avoid the Court's judgment and orders.

In March 2024, the Court entered a final judgment vindicating DMA and Longbranch, upholding their interests in the ROW, finding Wright and his entities liable for breach of fiduciary and breach of contract, and finding that DMA, Moore, and Longbranch are entitled to recover attorneys' fees. Final Judgment (Doc. 329).

On May 14, 2024, this Court awarded attorney's fees to DMA and Longbranch against Wright and his entities (known collectively as "KrisJenn"). Fees Order (Doc. 353). Since then, DMA and Longbranch have attempted to contact Wright and KrisJenn to enforce the judgment and the fee award, but Wright and KrisJenn have evaded and fought all attempts of enforcement.

Wright did not appeal the fee award entered by the Court. Instead, almost a year after the Court entered its fee award against Wright and over a year after it entered its final judgment, Wright has moved to undo the Court's fee award under Bankruptcy Rule 9024, claiming the fee award is mistaken and void because the Court lacked jurisdiction to award fees against him. Because all of Wright's arguments are meritless, the Court should deny Wright's motion.

## LEGAL STANDARD

Bankruptcy Rule 9024 incorporates Rule 60(b), which allows the Court to grant relief from an order in cases of mistake, fraud, voidness, and other circumstances that justify relief. Fed. R. Civ. P. 60(b). A Rule 60(b) motion is not a substitute for appeal. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993). To prevail on a motion under Rule 60(b), "the movant must show the initial judgment to have been manifestly unjust." *Pipkins v. State Farm Lloyds*, 729 Fed. App'x 338, 338 (5th Cir. 2018).

## ARGUMENT

**I.     This Court should deny Wright's Rule 60(b) motion because it is untimely.**

As an initial matter, the Court should deny Wright's Rule 60(b) motion because it is untimely. Motions under Rule 60(b) must be made "within a reasonable time." Fed.

3

R. Civ. P. 60(c)(1). When considering whether a motion under Rule 60(b) is timely, courts consider (1) the interests in finality, (2) the reason for delay; (3) the practical ability of the movant to learn earlier of the grounds relied on; and (4) prejudice to others. *All-Tex Staffing & Pers. Inc. v. Romo-Torres*, No. 4:19-CV-01479, 2020 WL 6384359, at *3 (S.D. Tex. Oct. 30, 2020). As the movant, Wright bears the burden of establishing that he is entitled to relief under Rule 60(b) and that his motion is timely. *See Roor Int'l BV v. Stinky's Smoke Shop, LLC*, No. 4:18-CV-735-KPJ, 2024 WL 1913133, at *6 (E.D. Tex. May 1, 2024). Wright must also demonstrate a "compelling reason" for his delay in moving for relief under Rule 60(b). *See All-Tex Staffing*, 2020 WL 6384359, at *3.

Here, Wright's motion is untimely because he waited for approximately eleven months after entry of the fee award before moving for relief under Rule 60(b), and all four of the factors considered by courts weigh against concluding that Wright brought his motion within a reasonable time. First, though Wright has been aware of the final judgment and fee award for nearly a year, Wright has failed to provide any explanation for his delay in challenging the fee award. Second, Wright has not identified any "compelling reason" for his delay in filing this motion. Indeed, as noted above, Wright has been aware of the Court's fee award—which specifically awards fees against him in his individual capacity—for nearly 11 months. Fees Order (Doc. 353). Third, the parties' interest in finality is significant, as this case has been ongoing since 2020, and over that span, DMA and Longbranch have engaged in substantial efforts and expense to collect from Wright on the judgment, including by serving post-judgment discovery (which Wright has not substantively answered) and attempting to serve writs of execution on Wright (which Wright has evaded). Finally, DMA and Longbranch would be prejudiced if Wright's motion is granted, because after the Court entered its final judgment and fee award, Wright transferred the ROW from KrisJenn to a different entity (for no consideration) and supposedly wound down KrisJenn. As a result, Wright has effectively deprived DMA and Longbranch of their ability to recover fees from KrisJenn.

In similar circumstances, courts have consistently denied Rule 60(b) motions when such motions are brought months after the challenged order is entered without any explanation for the delay. For example, in *Serna v. City of Colorado Springs*, the Fifth Circuit confronted a situation where movants had filed a motion under Rule 60(b) approximately two months after supposedly discovering the grounds supporting their motion. No. 24-50019, 2024 WL 4708980, at *1 (5th Cir. Nov. 7, 2024). The Fifth Circuit rejected the movant's argument that they had moved for relief within a reasonable time under Rule 60(c) because the movants provided no explanation for their two-month delay in moving to vacate after they supposedly discovered grounds for their motion. *Id.* Likewise, in *All-Tex Staffing*, the district court upheld a bankruptcy court's ruling that a motion under Rule 60(b) was untimely because the movant delayed for eight months before filing the motion seeking relief. *See All-Tex Staffing*, 2020 WL 6384359, at *3 ("[The bankruptcy court] cited numerous opinions that would establish unreasonable delay[] . . . include[ing] examples of refusals to grant relief on intervals of three to four months down to as low as ten weeks."). Other courts of appeals have likewise concluded that Rule 60(b) motions are untimely when brought even three or four months after the challenged order is entered and there is no explanation for the delay. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay.").

In this case, Wright has brought his Rule 60(b) motion nearly *eleven* months after the Court entered its fee award. And Wright has offered no explanation for his delay in bringing this motion except to say that he did not believe the Court had awarded fees against him. But that explanation lacks merit because the fee award entered by the Court in May 2024 plainly states that DMA, Moore, and Longbranch were awarded fees "*against Wright*" and the KrisJenn entities. Fees Order (Doc. 353) at 2. And there is no dispute that Wright had notice of that order awarding fees against him. Nor has Wright

5

cited or identified *any* case concluding that an 11-month delay in bringing a motion under Rule 60(b) is reasonable when there is no explanation—let alone a "compelling" explanation—for such delay. *See All-Tex Staffing*, 2020 WL 6384359, at *3.

In short, Wright's motion is untimely under Rule 60(c) because it was not brought within a reasonable time; Wright has put forward no explanation for his delay in bringing the motion; and DMA, Moore, and Longbranch would be significantly prejudiced because they have depended on the finality of the Court's order in seeking to enforce the Court's judgment and fee award against Wright over the last year and because Wright's intervening actions to dissipate KrisJenn's assets over that span have effectively blocked DMA, Longbranch, and Moore from recovering from KrisJenn. The Court should accordingly deny Wright's untimely motion for relief under Rule 60(b).

**II.     This Court had jurisdiction to award attorney's fees against Wright.**

While Wright's delay in bringing his motion is dispositive, Wright's underlying arguments are also wrong. Mot. Relief (Doc. 418) at 3–4. In his motion, Wright argues that the fee award against him is void under Rule 60(b)(4) because it constitutes an improper alteration or amendment of the Court's final judgment. But an order is only void under Rule 60(b)(4) if there is a clear usurpation of power or total want of jurisdiction. *Sec. & Exch. Comm'n v. Novinger*, 40 F.4th 297, 302 (5th Cir. 2022); *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003). No such want of jurisdiction exists here, because the Court's award of attorney's fees constitutes a collateral matter over which the Court retained jurisdiction after entry of the final judgment. *Moody Nat. Bank of Galveston v. GE Life & Annuity Assur. Co.*, 383 F.3d 249, 253 (5th Cir. 2004).

It is well established that the Court has jurisdiction over collateral issues—including awards of attorneys' fees—even after the case has concluded or the merits are on appeal. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Despite this long-standing principle, Wright avers that the Court only retained jurisdiction over the amount

of fees because the final judgment awarded fees for a limited category of claims. Mot. Relief (Doc. 418) at 5. However, "any post-judgment motion addressing costs or attorney's fees must be considered a collateral issue **even when costs or attorney's fees are included in a final judgment**." *Moody Nat. Bank*, 383 F.3d at 253 (emphasis added). Given this context, the Court properly issued its fee award following entry of the final judgment, which expressly awarded fees to DMA, Moore, and Longbranch. Final Judgment (Doc. 329) at 2–3. In turn, that final judgment was properly based on the claims that were tried to the bench in this case and on the pleaded claims for declaratory relief against Wright. *See, e.g.*, Moore's Amended Counterclaims and Third-Party Claims (Doc. 173) ¶ 196 ("Moore seeks to recover his reasonable attorneys' fees incurred in connection with these claims, whether under any applicable agreements, Chapter 37 . . . , Chapter 38 . . . , or other applicable law."); *see also id.* ¶ 178 (seeking declaratory relief to resolve "a genuine, judiciable controversy between Moore and Black Duck, KrisJenn . . . [and] *Wright*[] . . . about the rights and obligations of the parties . . . ." (emphasis added)); *see also* Opinion on Remand (Doc. 330) at 5 ("DMA, Moore, and Longbranch were forced to seek legal remedies and equitable relief to defend their net profits interests in the ROW and they are entitled to recover reasonable and necessary attorney's fees for their efforts."). Because the Court retained jurisdiction after entry of the final judgment to enter orders on the collateral issue of attorneys' fees, the Court retained jurisdiction to enter the fee award and that order is not void. Wright's Rule 60(b)(4) motion should therefore be denied.

### III. This Court should deny Wright's Rules 60(a) and 60(b)(3) motions because there was no mistake, oversight, or misrepresentation at issue.

Wright also argues that his motion for relief should be granted under Rule 60(a) because the Court committed a clerical error or oversight when it entered its order awarding attorney's fees against Wright. Mot. Relief (Doc. 418) at 5–6. The Court should reject that argument for two reasons. First, as explained above, the Court correctly

awarded DMA and Longbranch attorney's fees against Wright, as was within its jurisdiction to do, and the fee award against Wright does not constitute a "clerical error" or "oversight." *See NewCSI, Inc. v. Staffing 360 Sols., Inc.*, 865 F.3d 251, 263 (5th Cir. 2017) ("[T]he error addressed by a proper Rule 60(a) motion must not be one of judgment or even of misidentification, but merely of recitation." (citation omitted)); *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011) ("A Rule 60(a) motion . . . cannot be used to make [the judgment] say something other than what originally was pronounced." (citation omitted)).[1] Second, under Rule 60(a), clerical mistakes or "oversights" may only be corrected with leave from the appellate court once an appeal has been docketed, as is the case here. *See* Fed. R. Civ. P. 60(a).

Finally, Wright argues the Court should grant his motion under Rule 60(b)(3) — which allows for relief from an order based on fraud, misrepresentations, or misconduct — because, in Wright's view, DMA and Longbranch "invited [a] clerical error" by seeking fees against Wright. Mot. Relief (Doc. 418) at 6. But as explained above, this Court had jurisdiction to enter the fee award on the collateral issue of attorneys' fees, that fee award is supported by the record and pleadings in this case, and the Court correctly determined to award fees against Wright.

In short, Wright's motion for relief under Rule 60 lacks merit, and Wright cannot circumvent his failure to appeal the fee award by untimely moving to challenge that fee award on the merits nearly a year after it was entered by the Court. And because the fee award is not manifestly unjust, Wright's untimely requests for relief under both Rule 60(a) and 60(b)(3) should be denied.

---

[1] *See also Rivera*, 647 F.3d at 195–96 ("Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another. We ascertain the district court's interest at the time it entered the judgment by reviewing any other relevant documents that were produced contemporaneously with the judgment, such as a memorandum opinion or order, findings of fact and conclusions of law, the transcript of a hearing, or a signed stipulation of the parties." (citations omitted)).

## CONCLUSION

For the foregoing reasons, DMA and Longbranch respectfully request that the Court deny Wright's motion for relief under Rule 60(b).

Respectfully submitted,

*/s/ Christopher S. Johns*
Christopher S. Johns
State Bar No. 24044849
Michael Cotton
State Bar No. 24116229
COBB & JOHNS PLLC
13341 West U.S. Highway 290
Building 2
Austin, TX 78737
512-399-3150
chris@cobbjohns.com
michael@cobbjohns.com

*/s/ Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND KRIST PLLC
303 Camp Craft Road, Suite 325
Austin, Texas 78746
512-689-8698
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com

*Attorneys for Longbranch Energy, DMA Properties, and Frank Daniel Moore*

Natalie F. Wilson
State Bar No. 24076779
LANGLEY & BANACK
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

*Attorneys for DMA Properties and Frank Daniel Moore*

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, TX 78209
mblack@burnsandblack.com

Jeffery Duke
JF DUKE AND ASSOCIATES
11819 Great Oaks Drive
College Station, TX 77494
jeff@jfduke.com

*Attorneys for Longbranch Energy*

### CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2025, a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Charles John Muller, IV<br>CJ MULLER & ASSOCIATES, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>john.muller@cjma.law<br><br>*Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>JF DUKE AND ASSOCIATES<br>11819 Great Oaks Drive<br>College Station, TX 77494<br>jeff@jfduke.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* |

        */s/ Lulú Ortiz*
        Lourdes Ortiz