**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| *In re*: | § § | Chapter 11 |
| KrisJenn Ranch, LLC, et al., | § § | |
| *Debtor*. | § | Case No. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, et al., | § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Adversary No. 20-05027 |
| DMA Properties, Inc., et al., | § § | |
| *Defendants*. | § § § | |

## DMA AND LONGBRANCH'S MOTION FOR SUBSTITUTE SERVICE AND TO APPOINT PROCESS SERVER

On March 26, 2024, this Count rendered judgment in favor of DMA Properties, Inc. and Frank Daniel Moore (collectively, "DMA") and Longbranch Energy, LP ("Longbranch") regarding "the right of way ("ROW"), which is called the Express Pipeline." On May 14, 2024, the Court further awarded attorney's fees to DMA and Longbranch. DMA and Longbranch have attempted to contact Wright and KrisJenn to enforce the judgment without success. And despite repeated efforts, the U.S. Marshal Service has been unable to serve Defendants with writs of execution issued in connection with the judgment.

Now, DMA and Longbranch respectfully request that the Court allow substitute service or specially appoint a process server to serve a writ of execution on Defendants because Defendants appear to be evading service and have made no effort to satisfy the final judgment awarding $750,000 to DMA and Longbranch.

1

**BACKGROUND**

This case concerns the parties' respective interests in a pipeline right-of-way ("ROW") located in East Texas. After Defendant Larry Wright sought to steal DMA's and Longbranch's net-profits interests in the ROW, DMA and Longbranch engaged in four-and-a-half years of protracted litigation to protect their interests in the ROW. In March 2024, the Court entered a final judgment vindicating DMA and Longbranch, upholding their interests in the ROW, and finding Wright and his entities liable for breach of fiduciary and breach of contract. On May 14, 2024, the Court further awarded DMA and Longbranch $750,000 in attorneys' fees against the KrisJenn entities and Wright. Order Granting Fees [#353] at 1–2.

On September 26, 2024, the Court issued writs of execution, allowing DMA and Longbranch to enforce the Court's judgment against Wright and the KrisJenn entities. *See, e.g.*, Writ of Execution [#369]. That same day, DMA and Longbranch delivered the writs of execution to the United States Marshal's Office to arrange service.[1]

Between September 26 and October 16, 2024, the U.S. Marshal's Office made multiple attempts to serve Wright and KrisJenn with the writs of execution at their last known addresses.[2] On October 16, the U.S. Marshal's Office informed DMA and Longbranch that the officers had been unable to locate Wright or any other representative for KrisJenn after multiple attempts to serve the writ at their last known addresses.[3]

In light of the difficulties in locating Wright and KrisJenn to enforce the judgment, on October 23 DMA and Longbranch served a set of Joint Postjudgment Discovery Requests on KrisJenn and Wright. On December 6, 2024, each of the KrisJenn entities served responses to DMA and Longbranch's post-judgment interrogatories, claiming that

---

[1] *See* Ex. B (Form USM-285) to Ex. 1 (Ortiz Decl.).
[2] Ex. 1 (Ortiz Decl.) at ¶ 9.
[3] *Id.*

none of the entities currently own or have assets or any interest in the ROW.[4] Wright served objections to the discovery requests the same day, incorrectly claiming that no judgment existed against him.[5] The Court has since confirmed the judgment awarding attorneys' fees against Wright. *See* Order Denying Relief from Judgment (#422).

On December 2, 2024, DMA and Longbranch continued their attempts to enforce the judgment by delivering writs of execution to the U.S. Marshal's Office for further service attempts. After multiple service attempts, the U.S. Marshal's Office informed DMA and Longbranch that the Marshals were unable to serve Wright or KrisJenn.

On May 23, 2025, DMA and Longbranch requested renewed writs of execution from the Clerk of Court. The Clerk of Court issued the writs on May 27, 2025. DMA now respectfully requests that the Court allow substitute service or specially appoint a process server to serve these writs of execution on Defendants because Defendants appear to be evading service and have made no effort to satisfy the final judgment awarding $750,000 to DMA and Longbranch.

### ARGUMENT

Under Texas law, a court may authorize substituted service that is reasonably calculated to provide notice upon a motion supported by a sworn statement listing any location where the defendant can probably be found and stating facts showing that service has been attempted at that location with no success. TEX. R. CIV. P. 106(b); *Ancrum v. Lyft, Inc.*, 722 F. Supp. 3d 642, 644 (N.D. Tex. 2024). Additionally, under Rule 4.1 of the Federal Rules of Civil Procedure, process, such as a writ of execution, may be served "by a person specially appointed for that purpose." FED. R. CIV. P. 4.1(a). Rule 4.1(a) allows the use of a private process server to serve writs of execution. *See McPhaul v. Insight*

---

[4] *See, e.g.*, Ex. D (KrisJenn Ranch LLC's Resp. to Interrogatories) to Ex. 1 (Ortiz Decl.) at Interrogatories 3–5, 17–19, 25–27, 41–43.

[5] *See, e.g.* Ex. G. (Wright Resp. to Interrogatories) to Ex. 1 (Ortiz Decl.) at Interrogatory 2.

3

*Management Partners, LLC*, No. 1:19-CV-1392, 2022 WL 1607394, at *2 (W.D.N.Y. May 20, 2022).

DMA and Longbranch have requested writs of execution to enforce the Court's judgment against Wright and KrisJenn from the Clerk of Court.[6] But despite repeated efforts by the U.S. Marshal Service to serve the writs of execution, Wright and KrisJenn appear to be evading execution and enforcement of the judgment.[7] To this day, the U.S. Marshal Service has been unable to locate Wright or KrisJenn.[8]

In light of these difficulties, DMA and Longbranch now move for substitute service and respectfully ask the Court to allow the writ of execution to be served on Defendants through their counsel and by affixing a copy of the writ of execution to the door of their last known address, as both of these methods will be reasonably effective to give Wright and KrisJenn notice of the writ. In the alternative, under Rule 4.1(a), DMA and Longbranch now ask the Court to specially appoint ATX Process, LLC to serve the writs of execution against Wright and KrisJenn. *See McPhaul*, 2022 WL 1607394, at *2 (appointing private process server to serve writs of execution under Rule 4.1); *Orso as trustee to Bell v. Ellis*, No. 8:21-MC-128-MSS-CPT, 2021 WL 6105591, at *1 (M.D. Fla. Dec. 24, 2021) (appointing private process server to serve writ of garnishment).

## CONCLUSION

DMA and Longbranch respectfully request that the Court allow substitute service of the writs of execution against Wright and KrisJenn, so that the writs may be served on their respective counsel. In the alternative, DMA and Longbranch respectfully request that the Court specially appoint ATX Process, LLC to serve the writs of execution against Wright and KrisJenn, pursuant to Federal Rule of Civil Procedure 4.1. Finally, DMA and

---

[6] Ex. 1 (Ortiz Decl.) at ¶ 16.
[7] *Id.* at ¶ 9, 15.
[8] *Id.* at (Ortiz Decl.) at ¶ 15.

Longbranch respectfully request the Court award any such other and further relief as may be available to DMA at law or in equity.

Respectfully submitted,

/s/ Christopher S. Johns
Christopher S. Johns
State Bar No. 24044849
Michael Cotton
State Bar No. 24116229
COBB & JOHNS PLLC
13341 West U.S. Highway 290
Building 2
Austin, TX 78737
512-399-3150
chris@cobbjohns.com
michael@cobbjohns.com

/s/ Timothy Cleveland
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND KRIST PLLC
303 Camp Craft Road, Suite 325
Austin, Texas 78746
512-689-8698
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com

*Attorneys for Longbranch Energy, DMA Properties, and Frank Daniel Moore*

Natalie F. Wilson
State Bar No. 24076779
LANGLEY & BANACK
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

*Attorneys for DMA Properties and Frank Daniel Moore*

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, TX 78209
mblack@burnsandblack.com

Jeffery Duke
JF DUKE AND ASSOCIATES
11819 Great Oaks Drive
College Station, TX 77494
jeff@jfduke.com

*Attorneys for Longbranch Energy*

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 30, 2025, a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Charles John Muller, IV<br>CJ MULLER & ASSOCIATES, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>john.muller@cjma.law<br><br>*Counsel for KrisJenn Ranch, LLC, KrisJenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>JF DUKE AND ASSOCIATES<br>11819 Great Oaks Drive<br>College Station, TX 77494<br>jeff@jfduke.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* |

                                        */s/ Christopher S. Johns*
                                        Christopher S. Johns