IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE No. 20-50805-rbk |
| KRISJENN RANCH, LLC | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | (Jointly Administered) |

| | | |
|---|---|---|
| KRISJENN RANCH, LLC, ET AL. | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | Adversary No. 20-05027-rbk |
| vs. | § | |
| | § | |
| DMA PROPERTIES, INC. ET AL. | § | |
| | § | |
| DEFENDANTS. | § | |

## MOTION TO QUASH DEPOSITION NOTICES

COME NOW KrisJenn Ranch, LLC; KrisJenn Ranch, LLC-Series Uvalde Ranch; KrisJenn Ranch, LLC-Series Pipeline ROW (collectively, "KrisJenn"); and Larry Wright ("Wright") (collectively, the "Movants") and file this *Motion to Quash Deposition Notices* (the "Motion"), seeking to quash certain deposition notices. As set forth in more detail below, KrisJenn and Wright respectfully assert the deposition notices discussed herein and attached hereto should be quashed because: 1) they are procedurally deficient; 2) an appeal is pending, which should lead to the imposition of a stay pending appeal; 3) a party cannot enforce a judgment from which they are appealing; and 4) undersigned counsel is new to the instant issue and requires additional time. In support of the foregoing, KrisJenn and Wright would respectfully show as follows:

**I.     RELEVANT PROCEDURAL BACKGROUND**

1. On May 1, 2020, KrisJenn filed its Original Adversary Complaint Requesting Declaratory Judgment, thus commencing the instant suit (Docket No. 1).

2. On March 24, 2021, this Court entered its Final Judgment (Docket No. 237).

3. On March 14, 2023, the United States District Court entered its Final Judgment, thus resolving the appeal that was taken, and remanding the matter back to this Court (see Docket No. 41 (W.D. Tex. 21-00358) and Docket No. 285 in the instant case).

4. On March 26, 2024, this Court entered its Final Judgment After Remand (Docket No. 329).

5. On April 5, 2024, KrisJenn filed a Notice of Appeal with respect to the Final Judgment After Remand (Docket No. 342).

6. On April 9, 2024, DMA Properties, Inc. ("DMA") and Frank Daniel Moore and Defendant Longbranch Energy, LP ("Longbranch") (together, the "Defendants") filed their Notice of Appeal with respect to the Final Judgment After Remand (Docket No. 344).

7. On May 14, 2024, this Court entered its *Order Granting DMA's and Longbranch's Motion for Attorney's Fees, In Part* (the "Attorney's Fees Order") which ordered that DMA, Moore, and Longbranch are awarded $750,000.00 in reasonable and necessary attorneys' fees against KrisJenn and Wright. (Docket No. 353).

8. On May 28, 2024, KrisJenn submitted its *Designation of Items for Appellate Record and Statement of Issues*, wherein KrisJenn identified the issue of whether the award of $750,000 attorney's fees to DMA and Longbranch was proper. (Docket No. 355).

9. Also on May 28, 2024, the Defendants submitted their *Joint Consolidated Statement of Issues and Designation of Items for Appellate Record for DMA Properties, Frank Daniel, Moore, and Longbranch Energy*. (Docket No. 356). The Defendants' statement of issues

covered this Court's denial of relief and remedies related to the Court's finding that Wright breached his fiduciary duty and "all reasonably related subsidiary issues." (Docket No. 356).

10. The Defendants have moved for a stay pending appeal with respect to the Final Judgment After Remand. (Docket No. 436).

11. Presently, the Defendants are engaged in various post-judgment discovery procedures, in an attempt to collect on the Attorney's Fees Order. Exhibits A-D are the relevant notices of deposition (the "Deposition Notices"). The Defendants have also obtained a Writ of Execution (Docket No. 367), which they are attempting to serve. As set forth below, Movants believe the Deposition Notices should be quashed during the pendency of the appeal of the Attorney's Fee Order and the Express H2O Suit (discussed below).

## II. RELEVANT FACTUAL BACKGROUND

12. This Court is well aware of the underlying facts, allegations, and rulings. Accordingly, KrisJenn and Wright will refrain from setting them forth in full here. Rather, KrisJenn and Wright will note a few salient facts.

13. First, KrisJenn and Wright note that a relevant lawsuit is pending in the 159th and 217th District Court of Angelina County styled as *Express H2O Pipeline And ROW, LLC vs. Westlake Chemical OPCO, L.P.* (the "Express H2O Suit"). The Express H2O Suit is relevant to the dispute at bar because, as this Court will recall, KrisJenn Ranch, LLC-Series Pipeline ROW transferred the right of way ("ROW") at issue to Express H2O Pipeline And ROW, LLC ("Express H2O"). Accordingly, Express H2O is holding the ROW from which: a) Wright will recover the $4,700,000 purchase price that he paid for the ROW; b) DMA and Longbranch will each receive 20% out of the net profits from a sale or future development income; and c) KrisJenn and Wright will pay the $750,000 in attorney's fees the Court awarded in May 2024.

14. The Express H2O Suit is a lawsuit brought to declare void easements and a lease with the Texas Parks and Wildlife Department (purportedly held by Westlake Chemical OPCO, L.P. ("Westlake")) which interfere with exclusive pipeline rights granted to Express H2O's predecessor in interest. When the state court determines, as Express H2O expects, that the grants to Westlake are void, then the value of the ROW will rise substantially and will directly benefit all parties in the instant suit. Regardless, because of Westlake's clouding of Express H2O's title and interfering with Express H2O's exclusive pipeline interests, Express H2O's ability to monetize the ROW, which would lead to the three payments set forth above, is severely hampered.

15. Counsel for Express H2O has indicated that they anticipate the Express H2O Suit going to trial September 9, 2025.

### III. RELIEF REQUESTED AND BASIS THEREFOR

#### a. The Deposition Notices Are Procedurally Defective

16. As noted by several courts, post-judgment discovery is still conducted in accordance with the Federal Rules of Civil Procedure. The Fifth Circuit has explained:

> Federal Rule of Civil Procedure 69(a)(2) allows a judgment creditor to "obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." "Rule 69 was intended to establish an effective and efficient means of securing the execution of judgments." [*United States v. McWhirter*, 376 F.2d 102, 105 (5th Cir. 1967)]. "The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995). To effectuate that purpose, the discovery rules are to be liberally construed. *McWhirter*, 376 F.2d at 106.
>
> Nevertheless, "[t]he Federal Rules of Civil Procedure . . . permit the district court to limit discovery." [*Mitchell v. Sizemore*, 536 F. App'x 443, 444 (5th Cir. 2013)] (citing Fed. R. Civ. P. 26(b)(1) and (b)(2)(A), (C)). For instance, the discovery must be relevant to the purpose of obtaining information on hidden or concealed assets, including assets that may have been fraudulently transferred. *See* 13

James Wm. Moore et al., Moore's Federal Practice - Civil § 69.04 (2018) (citing *Caisson Corp. v. Cty. W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974)); 12 Charles Alan Wright et al., Federal Practice and Procedure Civil § 3014 (2d ed.) (updated 2018).
*JP Morgan Chase Bank, N.A. v. Datatreasury Corp.*, 936 F.3d 251, 256 (5th Cir. 2019).

17. Notably, pretrial discovery rules apply to Rule 69(a)(2) post-judgment discovery. *See Mitchell v. Sizemore, 536 F. App'x 443*, 444 (5th Cir. 2013); *Branch Banking & Tr. Co. v. Narang*, No. 3:17-CV-17-K (BT), 2018 U.S. Dist. LEXIS 233963, at *4 (N.D. Tex. Aug. 20, 2018).

18. FRCP 34(b)(2)(A) provides parties with 30 days to respond to requests for production.

19. In the instant case, undersigned counsel is new to the instant dispute and the Deposition Notices are undated and thus it is difficult to determine precisely when they were served. However, it appears based on the file name and the date of other discovery (a subpoena issued to Express H2O, LLC) that the notices of deposition to KrisJenn were issued on May 28, 2025. It appears that the deposition notice to Larry Wright was issued on May 21, 2025. That means that the Deposition Notices provide KrisJenn and Wright between 16 and 21 days, each less than the 30 days required under the rules.

20. Accordingly, the Deposition Notices should be quashed.

**b. Pending appeal and pending motion for stay pending appeal should lead to quashing or suspending the depositions**

21. As this Court is aware, KrisJenn and Wright have a pending motion for stay pending appeal. To the extent relevant, KrisJenn and Wright incorporate herein the arguments asserted therein. KrisJenn and Wright assert that because the motion for stay pending appeal should be granted, and assuming it is granted, the depositions should be quashed as well.

### c. Cannot enforce judgment while appealing same judgment

22. The Defendants' efforts to collect on the attorney's fee award while simultaneously pursuing an appeal of the underlying judgment runs contrary to generally established principles of law. Namely, courts have recognized that a party generally may not seek to enforce or collect on a judgment while also appealing it. As explained by the Fourth Circuit, "[w]here the prevailing party in the lower court appeals from that court's judgment, the appeal suspends the execution of the decree." *Tenn. Valley Auth. v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794, 797 (4th Cir. 1986) (*citing Bronson v. La Crosse & Milwaukee R.R. Co.*, 68 U.S. (1 Wall.) 405, 410 (1863)); *see also White & Yarborough v. Dailey*, 228 F.2d 836, 837 (5th Cir. 1955).

23. In the case at bar, the Defendants have raised issues on appeal that are closely related to the same claims on which the Bankruptcy Court based its $750,000 attorney's fee award—namely, the fiduciary duty claims. In particular, the Attorney's Fee Order provides in pertinent part (emphasis added):

> It is further ORDERED that DMA, Moore, and Longbranch are awarded $750,000.00 in reasonable and necessary attorneys' fees ***in connection with their*** declaratory, breach of contract, and ***breach of fiduciary duty claims against Wright; KrisJenn Ranch, LLC; KrisJenn Ranch, LLC-Series Uvalde Ranch; and KrisJenn Ranch, LLC-Series Pipeline ROW***.

24. In the introduction to their appellate brief, the Defendants state in pertinent part: "But this appeal is about two things only—the proper remedy for the poker player's breach of fiduciary duty, and whether his wholly controlled entities are liable for knowing participation in that breach." (Docket No. 6, W.D. Tex. 24-00365).

25. Accordingly, the very question the Defendants have put before the appellate court is the scope of relief, which they are now seeking to actively enforce in contravention of established principles of law.

26. Given this overlap, KrisJenn and Wright assert that enforcement of the fee award should not proceed while the appeal remains pending. Movant respectfully submits that, under these circumstances, allowing post-judgment collection efforts may risk premature collection on a ruling that may be reversed and, regardless, contravenes the long-standing concept that a party cannot enforce a judgment that it simultaneously appealing.

27. Accordingly, the Deposition Notices should be quashed.

**d. Recent Change In Counsel Should Lead to Quashing or Modifying the Deposition Notices**

28. Undersigned counsel is relatively new to the dispute at hand. Although counsel was engaged previously in this adversary proceeding, it was for a discrete issue. He has only been involved with respect to the instant post-judgment discovery issues for approximately nine days. Accordingly, quashing or modifying the Deposition Notices would be appropriate to allow counsel time to confer fully with his clients and, if required, receive, review, bates label, and produce responsive documents.

### IV. CONCLUSION

WHEREFORE, KrisJenn and Wright respectfully request that this Court enter an order: 1) granting the instant Motion; 2) quashing the Deposition Notices; and 3) granting such other relief as the Court deems just and proper.

DATED: June 4, 2025

Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)

cshelton@haywardfirm.com

***Counsel for KrisJenn Ranch, LLC; KrisJenn Ranch, LLC-Series Uvalde Ranch; KrisJenn Ranch, LLC-Series Pipeline ROW; and Larry Wright***

## CERTIFICATE OF CONFERENCE

      I hereby certify that I believe conferring with opposing counsel with respect to the relief sought above would be futile because it ultimately seeks a complete cessation of their postjudgment collection efforts. Accordingly, no conference with respect to the majority of the foregoing was held. However, on June 3, 2025, I did confer briefly with Mr. Krist and indicated that in the event this Court does not completely stop post-judgment collection efforts, I will ask him for additional time. The request was not directly made, however, and Mr. Krist has not indicated whether he would or would not agree to such relief.

                                              */s/ Charlie Shelton*
                                              Charlie Shelton

# CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2025, a true and correct copy of the foregoing was served electronically via the Court's CM/ECF system upon the parties receiving electronic notice. Additionally, on June 4, 2025, or within one business day thereof, the foregoing was served via U.S. First Class Mail to all parties listed below.

| | |
|---|---|
| Christopher S. Johns<br>cjohns@cobbjohns.com<br>COBB AND JOHNS<br>14101 Highway 290 West, Suite 400A<br>Austin, Texas 78737<br>Telephone: (512) 399-3150<br>Facsimile: (512 572-8005<br><br>***Attorneys for Longbranch Energy DMA Properties, Inc., and Frank Daniel Moore*** | Timothy Cleveland<br>tcleveland@clevelandkrist.com<br>Austin Krist<br>akrist@clevelandkrist.com<br>CLEVELAND KRIST PLLC<br>303 Camp Croft Road, Suite 325<br>Austin, Texas 78746<br>Telephone: (512) 689-8698<br><br>***Attorneys for Longbranch Energy DMA Properties, Inc., and Frank Daniel Moore*** |
| Jeffery Duke<br>jeff@jfduke.com<br>JF DUKE AND ASSOCIATES<br>11818 Great Oaks Drive<br>College Station, Texas 77494<br><br>***Attorneys for Longbranch Energy, LP*** | Natalie Wilson<br>nwilson@langleybanack.com<br>LANGLEY & BANACK, INC.<br>745 East Mulberry Avenue, Suite 700 San Antonio, TX 78212<br>Telephone: 210-736-6600<br>Facsimile: (210) 735-6889<br><br>***Attorneys for DMA Properties, Inc. and Frank Daniel Moore*** |
| Michael Black<br>BURNS & BLACK PLLC<br>mblack@burnsandblack.com<br>750 Rittiman Road<br>San Antonio, Texas 78209<br>Telephone: 210-829-2022<br>Facsimile: 210-829-2021 fax<br><br>***Attorneys for Longbranch Energy, LP*** | C. John Muller<br>John.muller@cjma.law<br>CJ MULLER & ASSOCIATES, PLLC<br>111 W. Sunset Rd.<br>San Antonio, Texas 78209<br>Telephone: (210) 664-5000<br><br>***Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row*** |
| James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov<br><br>***United States Trustee*** | Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com |

|  | **Counsel for Black Duck Properties, LLC** |
|---|---|

*/s/ Charlie Shelton*
Charlie Shelton