

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE No. 20-50805-rbk |
| KRISJENN RANCH, LLC | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | (Jointly Administered) |

| | | |
|---|---|---|
| KRISJENN RANCH, LLC, ET AL. | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | Adversary No. 20-05027-rbk |
| vs. | § | |
| | § | |
| DMA PROPERTIES, INC. ET AL. | § | |
| | § | |
| DEFENDANTS. | § | |

**MOTION SEEKING STAY PENDING APPEAL PURSUANT
TO FRBP 8007(a)(1)(A) AND ESTABLISHING BOND AMOUNT**

COME NOW KrisJenn Ranch, LLC; KrisJenn Ranch, LLC-Series Uvalde Ranch; KrisJenn Ranch, LLC-Series Pipeline ROW(collectively, "KrisJenn"); and Larry Wright ("Wright") (collectively, the "Movants") and file this *Motion Seeking Stay Pending Appeal Pursuant to FRBP 8007(a)(1)(A) and Establishing Bond Amount* (the "Motion"), seeking a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 8007(a)(1)(A) and establishing bond amount to preserve the status quo pending appellate review of this Court's Final Judgment After Remand and its subsequent Attorney's Fees Order awarding $750,000 in fees against KrisJenn and Wright. As set forth herein, Movants satisfy the applicable standards for a stay pending appeal: they have a substantial likelihood of success on the merits; will suffer irreparable harm absent a stay; the Defendants will not be prejudiced by a stay; and the public interest favors maintaining

the integrity of the appellate process. Additionally, the Motion requests that any bond required by the Court be waived or, alternatively, set at a minimal amount given the lack of demonstrable harm to the Defendants. Movants further assert that permitting enforcement of the attorney's fee award while related issues remain subject to appeal is inconsistent with controlling law and equity. Accordingly, Movants respectfully request that the Court grant the relief requested herein.

The main issue before the Court is whether the Defendants should be permitted to continue to attempt to collect on a money award while: a) they are appealing the very judgment giving rise to the award; and b) collateral state court litigation is drawing near to trial which will likely be the font of recovery for the Defendants. KrisJenn and Wright assert that in such a circumstance, applicable law and prudence strongly support a temporary stay of the enforcement of the Court's Final Judgment After Remand pending appeal. In support of the foregoing, KrisJenn and Wright would respectfully show as follows:

### I. RELEVANT PROCEDURAL BACKGROUND

1. On May 1, 2020, KrisJenn filed its Original Adversary Complaint Requesting Declaratory Judgment, thus commencing the instant suit (Docket No. 1).

2. On March 24, 2021, this Court entered its Final Judgment (Docket No. 237).

3. On March 14, 2023, the United States District Court entered its Final Judgment, thus resolving the appeal that was taken, and remanding the matter back to this Court (see Docket No. 41 (W.D. Tex. 21-00358) and Docket No. 285 in the instant case).

4. On March 26, 2024, this Court entered its Final Judgment After Remand (Docket No. 329).

5. On April 5, 2024, KrisJenn filed a Notice of Appeal with respect to the Final Judgment After Remand (Docket No. 342).

6. On April 9, 2024, DMA Properties, Inc. ("DMA") and Frank Daniel Moore and Defendant Longbranch Energy, LP ("Longbranch") (together, the "Defendants") filed their Notice of Appeal with respect to the Final Judgment After Remand (Docket No. 344).

7. On May 14, 2024, this Court entered its *Order Granting DMA's and Longbranch's Motion for Attorney's Fees, In Part* (the "Attorney's Fees Order") which ordered that DMA, Moore, and Longbranch are awarded $750,000.00 in reasonable and necessary attorneys' fees against KrisJenn and Wright. (Docket No. 353).

8. On May 28, 2024, KrisJenn submitted its *Designation of Items for Appellate Record and Statement of Issues*, wherein KrisJenn identified the issue of whether the award of $750,000 attorney's fees to DMA and Longbranch was proper. (Docket No. 355).

9. Also on May 28, 2024, the Defendants submitted their *Joint Consolidated Statement of Issues and Designation of Items for Appellate Record for DMA Properties, Frank Daniel, Moore, and Longbranch Energy*. (Docket No. 356). The Defendants' statement of issues covered this Court's denial of relief and remedies related to the Court's finding that Wright breached his fiduciary duty and "all reasonably related subsidiary issues." (Docket No. 356).

10. Neither Plaintiffs nor Defendants have moved for a stay pending appeal with respect to the Final Judgment After Remand.

11. Presently, the Defendants are engaged in various post-judgment discovery procedures, in an attempt to collect on the Attorney's Fees Order. On May 21, 2025, the Defendants served a Notice of Deposition of Larry Wright (attached hereto as "Exhibit C"), seeking production of fifty-nine (59) categories of documents, and scheduling a deposition for June 11, 2025. On or about May 28, 2025, the Defendants served a subpoena on non-party Express H20 Pipeline & ROW, LLC (attached hereto as "Exhibit B"), also seeking production of documents and scheduling

a deposition of a corporate representative of Express H20 for June 18, 2025. The Defendants have also obtained a Writ of Execution (Docket No. 367) (attached hereto as "Exhibit A"), which they are attempting to serve. As set forth below, Movants believe a stay of such collection activities is warranted during the pendency of the appeal of the Attorney's Fee Order.

## II. RELEVANT FACTUAL BACKGROUND

12. This Court is well aware of the underlying facts, allegations, and rulings. Accordingly, KrisJenn and Wright will refrain from setting them forth in full here. Rather, KrisJenn and Wright will note a few salient facts.

13. First, KrisJenn and Wright note that a relevant lawsuit is pending in the 159th and 217th District Court of Angelina County styled as *Express H2O Pipeline And ROW, LLC vs. Westlake Chemical OPCO, L.P.* (the "Express H2O Suit"). The Express H2O Suit is relevant to the dispute at bar because, as this Court will recall, KrisJenn Ranch, LLC-Series Pipeline ROW transferred the right of way ("ROW") at issue to Express H2O Pipeline And ROW, LLC ("Express H2O"). Accordingly, Express H2O is holding the ROW from which: a) Wright will recover the $4,700,000 purchase price that he paid for the ROW; b) DMA and Longbranch will each receive 20% out of the net profits from a sale or future development income; and c) KrisJenn and Wright will pay the $750,000 in attorney's fees the Court awarded in May 2024.

14. The Express H2O Suit is a lawsuit brought to declare void easements and a lease with the Texas Parks and Wildlife Department (purportedly held by Westlake Chemical OPCO, L.P. ("Westlake")) which interfere with exclusive pipeline rights granted to Express H2O's predecessor in interest. When the state court determines, as Express H2O expects, that the grants to Westlake are void, then the value of the ROW will rise substantially and will directly benefit all parties in the instant suit. Regardless, because of Westlake's clouding of Express H2O's title and

interfering with Express H2O's exclusive pipeline interests, Express H2O's ability to monetize the ROW, which would lead to the three payments set forth above, is severely hampered.

15. Counsel for Express H2O has indicated that they anticipate the Express H2O Suit going to trial September 9, 2025.

### III. RELIEF REQUESTED AND BASIS THEREFOR

a. **Applicable Law**

16. Federal Rule of Bankruptcy Procedure 8007 provides in pertinent part:

> (a) Initial Motion in the Bankruptcy Court.
> (1) *In General.* Ordinarily, a party must move first in the bankruptcy court for the following relief:
> (A) a stay of the bankruptcy court's judgment, order, or decree pending appeal
> \* \* \*
> (2) *Time to File.* The motion may be filed either before or after the notice of appeal is filed.
>
> FED. R. BANKR. P. 8007(a).

17. In order to obtain a stay pending appeal under Rule 8007(a)(1)(A), the movant must show: (1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to the other parties from granting the stay, and (4) service to the public interest from granting the stay. *Hunt v. Bankers Tr. Co.*, 799 F.2d 1060, 1067 (5th Cir. 1986).

18. Notably, if the foregoing factors are satisfied, the Court has discretion to waive the posting of a bond by a movant seeking obtain a stay pending appeal. *See In re Sphere Holding Corp.*, 162 B.R. 639, 644–45 1994 U.S. Dist. LEXIS 427 (E.D.N.Y. 1994) (bond not required because "little or no damage [to the other parties] will be incurred as a result of the stay"); *cf.* Steinberg *v. Esposito*, 81 B.R. 449, 450 1987 U.S. Dist. LEXIS 11750 (N.D. Ill. 1987) (stay denied because no likelihood of success on the merits). If the Court requires a bond, the amount is within the Court's discretion (*In re Max Sugarman Funeral Home, Inc.*, 94 B.R. 16, 17 1988 Bankr.

LEXIS 2179 (Bankr. D.R.I. 1988)) and only needs to be set in an amount sufficient to secure the non-moving party against any loss that might be sustained as a result of an unsuccessful appeal. *See Sphere Holding*, 162 B.R. at 644.

### b. Stay Pending Appeal Without Bond

#### i. Wright Has a Substantial Likelihood of Success on the Merits

19. KrisJenn and Wright believe they have a substantial likelihood of success on the merits.

20. In the instant case, likelihood of success on the merits comes from two sources. First, KrisJenn and Wright believe there is a substantial likelihood that upon a de novo review, the District Court reverses or modifies the Attorney's Fees Order, at least as to Wright because this Court's Final Judgment After Remand only awarded attorney's fees under the Texas Declaratory Judgment Act for the issues relating to the covenant running with the land. (Docket No. 329 at Paragraph 4). In contrast, the Attorney's Fees Order appears to have awarded attorney's fees against Wright, in part, for breach of fiduciary duty. However, attorney's fees are not recoverable under Texas law for breach of fiduciary duty claims. *See Turner v. Turner*, 385 S.W.2d 230, 233 (Tex. 1964) ("The general rule of law in this state is that, unless provided for by statute or by contract between the parties, attorney's fees incurred by a party to litigation are not recoverable against his adversary . . . in an action in tort."); *Potter v. GMP, L.L.C.*, 141 S.W.3d 698, 705 (Tex. App.—San Antonio 2004, pet. dism'd) (attorney's fees are generally not recoverable for breach of fiduciary duty claims).[1]

---

[1] As this Court is aware, the District Court reviews an award of attorney's fees for abuse of discretion, but reviews conclusions of law underlying the award itself *de novo*. *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 297 (5th Cir. 2007).

21. Accordingly, KrisJenn and Wright believe the award of attorney's fees, particular with respect to Wright for breach of fiduciary duty, will likely be reversed or modified in some material respect.

22. For its part, Express H2O believes it will prevail in the Express H2O Suit, thus dramatically improving the value of the ROW for all parties involved. Express H2O believes this because, as will be discussed in more detail at any hearing hereon Express H2O's predecessor in interest enjoys exclusive pipeline rights across the parcels at issue in the Express H2O suit, thus subsequent purported transfers of pipeline rights across such parcels are void.

### ii. Wright Will Suffer Irreparable Injury if the Stay is Not Granted

23. In the instant case, if a stay pending appeal is not granted, KrisJenn and Wright believe they will suffer irreparable harm for several reasons. First, if Wright were to pay the $750,000 or if the Defendants were to collect on the $750,000 award of attorney's fees at this time, it is unlikely that the $750,000 would ever be refunded in the event the award is overturned on appeal. Second, even the efforts to collect, which have recently become quite aggressive, risk irreparable harm because: 1) it is distracting Wright from prosecuting the Express H2O Suit during a crucial time; and 2) it continues to cause unnecessary costs and expenses even though when the resolution of the Express H2O Suit will likely lead to the payment of the attorney's fees previously discussed.

### iii. The Defendants Will Suffer No Harm From Granting a Stay

24. The Defendants will suffer no harm from this Court granting a stay of the enforcement of the judgment pending appeal.

25. First, under Texas law, attorney's fees are generally not compensatory damages (*In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 171–75 (Tex. 2013)) and attorney's fees are

the only amounts remaining at issue. Accordingly, the Defendants will not experience delay in collecting compensatory damages.

26. Second, the Attorney's Fees Order was issued on May 14, 2024 and the Defendants only made tepid and infrequent collection efforts in the year since it was issued until late May 2025, more than a year after the issuance of the original Attorney's Fees Order. The Defendants' delay in making *bona fide* efforts to collect demonstrates that no harm will befall the Defendants from another few months of delay until the resolution of the Express H2O Suit and the appeal.

27. Further still, in the event the District Court determines that Wright properly owes attorney's fees, Wright may be able to offset or recoup against the $4,700,000 he is owed from the ROW, thus effectively providing security for the Defendants.

28. Accordingly, the Defendants will not suffer harm as a result of a few more months of delay.

### iv. The Public Interest Is In Favor of Granting the Stay

29. In the instant case, the public interest is in favor of granting the stay for several reasons.

30. First, a stay pending appeal is consistent with applicable law because, as explained by the Fifth Circuit, ". . . a party cannot proceed to enforce and have the benefit of such portions of a judgment as are in his favor and appeal from those against him. In other words, the right to proceed on a judgment and enjoy its fruits and the right to appeal therefrom are totally inconsistent positions and the election to pursue one course must be deemed an abandonment of the other." *White & Yarborough v. Dailey*, 228 F.2d 836, 837 (5th Cir. 1955) (citations omitted). The Defendants here are doing precisely that, seeking to enforce a judgment while simultaneously appealing it.

31. Second, if KrisJenn and Wright were to pay the $750,000 and the attorney's fees award is reversed, reduced, or modified, the parties will need to engage in significant additional costs to properly allocate attorney's fees between KrisJenn and Wright and, further, KrisJenn and/or Wright may need to initiate collection efforts against the Defendants for the recovery of funds.

32. Third, Wright may be able to offset or recoup against the $4,700,000 he is owed from the ROW, thus effectively providing security for the Defendants.

33. Fourth, KrisJenn and Wright assert that it would be an inefficient use of this Court's and the parties' resources to engage in post-judgment collection efforts at this time in light of the pending appeal and the pending Express H2O Suit.

    c. **Establishing Bond Amount**

34. As set forth above, the discretionary bond amount only needs to be set in an amount sufficient to secure the non-moving party against any loss that might be sustained as a result of an unsuccessful appeal. *See Sphere Holding*, 162 B.R. at 644. In the instant case, it appears unlikely that the Defendants will suffer any harm regardless of the success or failure of the appeal. In fact, KrisJenn and Wright cannot identify any harm from the imposition of a stay.

35. First, under Texas law, attorney's fees are generally not compensatory damages (*In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 171–75 (Tex. 2013)) and attorney's fees are the only amounts remaining at issue. Accordingly, the Defendants will not experience delay in compensatory damages.

36. Second, it must be noted that even though the Attorney's Fees Order was issued on May 14, 2024, the Defendants have only made tepid and infrequent collection efforts in the year since it was issued until late May 2025, more than a year after the issuance of the original

Attorney's Fees Order. The Defendants' delay in making *bona fide* efforts to collect demonstrates that no harm will befall the Defendants from another few months of delay until the resolution of the Express H2O Suit and the appeal.

37. Accordingly, KrisJenn and Wright respectfully assert that the Court may impose a stay pending appeal without the need for posting a bond or, alternatively, set the bond amount at a *de minimis* level.

### d. Defendants Cannot Collect On Fee Award While Simultaneously Appealing

38. As briefly discussed *supra*, the Defendants' efforts to collect on the attorney's fee award while simultaneously pursuing an appeal of the underlying judgment runs contrary to generally established principles. Namely, courts have recognized that a party generally may not seek to enforce or collect on a judgment while also appealing it. As explained by the Fourth Circuit, "[w]here the prevailing party in the lower court appeals from that court's judgment, the appeal suspends the execution of the decree." *Tenn. Valley Auth. v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794, 797 (4th Cir. 1986) (*citing Bronson v. La Crosse & Milwaukee R.R. Co.*, 68 U.S. (1 Wall.) 405, 410 (1863)); *see also White & Yarborough v. Dailey*, 228 F.2d 836, 837 (5th Cir. 1955).

39. In the case at bar, the Defendants have raised issues on appeal that are closely related to the same claims on which the Bankruptcy Court based its $750,000 attorney's fee award—namely, the fiduciary duty claims. In particular, the Attorney's Fee Order provides in pertinent part (emphasis added):

> It is further ORDERED that DMA, Moore, and Longbranch are awarded $750,000.00 in reasonable and necessary attorneys' fees *in connection with their* declaratory, breach of contract, and *breach of fiduciary duty claims against Wright; KrisJenn Ranch, LLC; KrisJenn Ranch, LLC-Series Uvalde Ranch; and KrisJenn Ranch, LLC-Series Pipeline ROW*.

40. In the introduction to their appellate brief, the Defendants state in pertinent part: "But this appeal is about two things only—the proper remedy for the poker player's breach of fiduciary duty, and whether his wholly controlled entities are liable for knowing participation in that breach." (Docket No. 6, W.D. Tex. 24-00365).

41. Accordingly, the very question the Defendants have put before the appellate court is the scope of relief, which they are now seeking to actively enforce in contravention of established principles of law.

**42.** Given this overlap, KrisJenn and Wright assert that enforcement of the fee award should not proceed while the appeal remains pending. Movant respectfully submits that, under these circumstances, allowing execution of the fee judgment now may risk premature collection on a ruling that may be reversed. Accordingly, Movant asks that the Court give due consideration to this issue and determine whether enforcement should be stayed pending the resolution of the appeal.

## IV. CONCLUSION

WHEREFORE, KrisJenn and Wright respectfully request that this Court enter an order: 1) granting the instant Motion and stay enforcement of the *Final Judgment After Remand and the Order Granting DMA's and Longbranch's Motion for Attorney's Fees, In Part* without bond; 2) staying post-judgment discovery and efforts to collect on fees or damages awarded under the Attorney's Fees Order; and 3) granting such other relief as the Court deems just and proper.

DATED: June 3, 2025

Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317

7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

*Counsel for KrisJenn Ranch, LLC; KrisJenn Ranch, LLC-Series Uvalde Ranch; KrisJenn Ranch, LLC-Series Pipeline ROW; and Larry Wright*

### CERTIFICATE OF SERVICE

    I hereby certify that on June 3, 2025, a true and correct copy of the foregoing Notice of Appearance has been served electronically via the Court's CM/ECF system upon the parties receiving electronic notice. Additionally, on June 3, 2025, or within one business day thereof, the Notice of Appearance was served via U.S. First Class Mail to all parties listed below.

| | |
|---|---|
| Christopher S. Johns<br>cjohns@cobbjohns.com<br>COBB AND JOHNS<br>14101 Highway 290 West, Suite 400A<br>Austin, Texas 78737<br>Telephone: (512) 399-3150<br>Facsimile: (512 572-8005<br><br>***Attorneys for Longbranch Energy***<br>***DMA Properties, Inc., and***<br>***Frank Daniel Moore*** | Timothy Cleveland<br>tcleveland@clevelandkrist.com<br>Austin Krist<br>akrist@clevelandkrist.com<br>CLEVELAND KRIST PLLC<br>303 Camp Croft Road, Suite 325<br>Austin, Texas 78746<br>Telephone: (512) 689-8698<br><br>***Attorneys for Longbranch Energy***<br>***DMA Properties, Inc., and***<br>***Frank Daniel Moore*** |
| Jeffery Duke<br>jeff@jfduke.com<br>JF DUKE AND ASSOCIATES<br>11818 Great Oaks Drive<br>College Station, Texas 77494<br><br>***Attorneys for Longbranch Energy, LP*** | Natalie Wilson<br>nwilson@langleybanack.com<br>LANGLEY & BANACK, INC.<br>745 East Mulberry Avenue, Suite 700 San Antonio, TX 78212<br>Telephone: 210-736-6600<br>Facsimile: (210) 735-6889<br><br>***Attorneys for DMA Properties, Inc. and***<br>***Frank Daniel Moore*** |
| Michael Black<br>BURNS & BLACK PLLC<br>mblack@burnsandblack.com<br>750 Rittiman Road<br>San Antonio, Texas 78209<br>Telephone: 210-829-2022<br>Facsimile: 210-829-2021 fax<br><br>***Attorneys for Longbranch Energy, LP*** | C. John Muller<br>John.muller@cjma.law<br>CJ MULLER & ASSOCIATES, PLLC<br>111 W. Sunset Rd.<br>San Antonio, Texas 78209<br>Telephone: (210) 664-5000<br><br>***Counsel for KrisJenn Ranch, LLC, Krisjenn***<br>***Ranch, LLC—Series Uvalde Ranch,***<br>***KrisJenn Ranch, LLC—Series Pipeline Row*** |
| James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov<br><br>***United States Trustee*** | Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>***Counsel for Black Duck Properties, LLC*** |

                                                                 */s/ Charlie Shelton*
                                                                 Charlie Shelton