Filed 4/21/2025 12:00 AM
Meagan Moore, District Clerk
Angelina County, Texas
By: Kimberly Scott,
Deputy Clerk

NO. CV-00461-24-08

| | | |
|---|---|---|
| EXPRESS H2O PIPELINE AND ROW, LLC., | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| | § | |
| vs. | § | ANGELINA COUNTY |
| | § | |
| WESTLAKE CHEMICAL | § | |
| OPCO, LP., | § | |
| *Defendant* | § | 159th/217th JUDICIAL DISTRICT |

Exhibit
P-5

## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

COMES NOW, Express H2O Pipeline & ROW, LLC ("Express H2O"), Plaintiff, complaining of Westlake Chemical OPCO, LP ("Westlake"), and for cause of action would show the Court the following:

### DISCOVERY PLAN

Plaintiff designates this matter for Discovery Plan Level 3 pursuant to Rule 190.4 of the *Texas Rules of Civil Procedure.*

### PARTIES

Express H2O is a Texas Limited Liability Company with its principal place of business located at 410 Spyglass Road, McQueeney, Texas 78123. Express H2O owns real property interests which are subject to suit which are located in multiple Texas counties, including Angelina County.

Defendant, Westlake is a limited partnership doing business in Texas. Defendant, Westlake has principal office and principal place of business in Texas at 2801 Post Oak Blvd, Suite 600, Houston, Texas 77056. Defendant has previously made an appearance in this matter.

1

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter, as the parties are either (1) a resident of Texas or (2) doing business in the State of Texas and the damages sought are within the jurisdictional limits of the Court.

Venue is proper in Angelina County, Texas, pursuant to *Texas Civil Practice & Remedies Code* Section 15.002 because all or a substantial part of the events or omissions giving rise to Plaintiffs' causes of action against Defendant occurred in Angelina County, Texas. Moreover, real property interests subject to this suit are located in Angelina County, Texas.

Pursuant to Rule 47 of the *Texas Rules of Civil Procedure*, Plaintiff seeks monetary relief of over $1, 000, 000.00, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, and non-monetary relief.

## FACTUAL BACKGROUND

Between 1907 and 1925, multiple landowners across East Texas, including Angelina and Nacogdoches Counties, conveyed exclusive pipeline rights for 67 miles of an unlimited number of lines, via easements/access agreements across their properties to Gulf Pipeline Company ("Gulf"), and its successors and assigns. The specific grants of such rights collectively included the following rights to have and to hold until "Gulf Pipeline Company, its successors and assigns, as long as the same shall be useful for the purposes of and desired…:"[1]

1. The right to construct, maintain, operate pipelines, with the conveyance expressly noting grants for "as many" …"additional pipelines" over and over, through and upon same premises,"

---

[1] See, e.g., 1907 to 1925 Gulf Easements granting exclusive pipeline rights to Gulf:
https://nacogdoches.tx.publicsearch.us/doc/20980554
https://nacogdoches.tx.publicsearch.us/doc/20962188
https://nacogdoches.tx.publicsearch.us/doc/20962187
https://nacogdoches.tx.publicsearch.us/doc/20956254
https://nacogdoches.tx.publicsearch.us/doc/20962180
https://nacogdoches.tx.publicsearch.us/doc/20987303

P5-0002

2.  The right of ingress and egress to and from said tract of land for the purpose of "laying, maintaining, and restoring of <u>said additional pipelines and for removing of same when desired</u>…"

3.  The right to "<u>do whatever may be requisite for their construction, or for the enjoyment the right herein granted</u>"

4.  The right to convey "<u>oil, gas, water, steam, or any other material or substance which can be conveyed through a pipeline.</u>"

5.  The right of "<u>renewing</u>" and "<u>changing size of</u>" pipelines in conjunction with the grant that Gulf, its successors and assigns "<u>shall have the right to do whatever may be requisite for the enjoyment of the rights herein granted.</u>"

In August of 2017, Black Duck Properties, LLC., (Black Duck) purchased the pipeline and all relevant easements and right of ways from Express Gas Pipeline, LP, Gulf's successor in interest. On August 15, 2017, the conveying deed was filed in County Clerk Records of Nacogdoches County, Texas.[2] Black Duck later transferred such interests to KrisJenn Ranch LLC Series Pipeline ROW, which subsequently conveyed the interests to Express H2O on February 22, 2023.

In April of 2023, John Terrell, an agent acting on behalf of multiple gas producers, approached Larry Wright, the founder and manager of Express H2O, with an interest in purchasing the H2O Express Pipeline. Before committing to a sale discussion, Mr. Wright retained Roger Kirkland of Onward to assist in clarifying any issues along the Express H2O right-of-way. Mr. Terrell's interest ended two weeks later after Mr. Wright advised him of Mr. Kirkland's report of Westlake's trespass and interference with the Express H2O right-of-way. More specifically, Mr. Kirkland advised that while researching Express H2O's easements in Angelina County, he learned

---

[2] See Exhibit 1 of Exhibit A, Affidavit of Larry Wright, attached hereto and incorporated herein.

from Angelina County landowner Perry Don Henson, Jr., that portions of Express H2O's pipeline that originally traversed his property had been removed from Express H2O's easement. Mr. Kirkland further advised that Westlake owned and operated a pipeline and multiple right-of-ways across parcels occupying the same right-of-ways owned by Express H2O on such parcels, including areas crossing Angelina County, which includes the property currently owned by Perry Don Henson, Jr., and Alazan Bayou WMA (located in Nacogdoches County), which is operated by Texas Parks & Wildlife Department.[3] Mr. Wright advised Mr. Terrell of the issues, and that they had to be resolved before Express H2O could entertain further discussions regarding a sale.

In July of 2023, Larry Wright contacted David Williams, a pipeline coordinator for Westlake, and discussed the situation with him. As part of this conversation, Mr. Wright advised him of his concern regarding the survey noted as "Exhibit B" attached Westlake's recorded easement reflecting that the Express H2O (formerly Gulf) line had been abandoned, which made no sense given that at all relevant times (1) there was plenty of public notice for the original surveyors to have known the Gulf pipeline was not an abandoned pipeline, (2) Texas Parks and Wildlife acquired Alazan Bayou WMA with exceptions to title showing the presence of the easement now owned by H2O Express, and (3) at all relevant times Express H2O's Pipeline interests still remained actively permitted with the Texas Railroad Commission. Further, Mr. Kirkland of Onward reported to Mr. Wright that a landowner along the easement advised that Westlake was not only using Express H2O's right-of-way, but also that Westlake and/or TPWD removed sections of Express H2O's pipeline. Upon Mr. Wright referencing potential litigation, Mr. Williams exclaimed, "Lordy, Lordy, if that is true, it will be time for me to retire."

---

[3] See Exhibit 2 [TPWD to Westlake Easement filed on 11.3.2017] of Exhibit A.

Later, on two separate occasions in August of 2023, Mr. Wright spoke with Daniel Mangum, an agent of Buckeye Development & Logistics LLC. ("Buckeye"), the company that operates Westlake's pipeline on behalf of Westlake.  On the first call, Mr. Wright went into extended detail about the trespass and how Express H2O still owned that easement, noting that the first original but lapsed Mustang Easement was described as a miscellaneous easement versus a pipeline easement.  Mr. Wright made his thoughts very clear that titling the instrument as "miscellaneous" created an inadequate reference in the Nacogdoches County Clerk Record, which is a fact backed up by Express H2O's own title examiners.  While Mr. Mangum did claim he had seen miscellaneous easements used before, Mr. Wright replied that miscellaneous easements are used for utility or road easements, not pipeline easements.  On the second phone call, approximately a week later, Mr. Mangum discussed a proposal to solve the problem and agreed that purchasing was a good idea and would recommend it Westlake, agreeing the situation could be resolved and the possibility of mediation.  After several email attempts to follow up, Mr. Williams simply referred Mr. Wright to another agent for Westlake and then later such agent referred Mr. Wright to legal counsel.

Given that Express H2O's independent research showed that Texas Parks and Wildlife Department (TPWD) acquired Alazan Bayou WMA with exceptions to title showing the presence of the H2O Express easement, Plaintiff suspected that an open records request would uncover additional information, and more importantly, exactly where from and why Westlake's easement would have included a survey incorrectly showing the Gulf lines as abandoned, which appears to have been generated for Mustang Pipeline and attached to a lapsed easement well over 20 years before TPWD and Westlake's unlawful attempt to transfer property interests.

Of particular note, Express H2O and its counsel learned of the following:

5

a. On 1.17.17, Dennis Gissell, of TPWD emailed to himself Easement Exhibits A and B, which do not include the 1996 Mustang Exhibit. (Showing Lines Marked Abandoned.)[4]

b. On 1.17.17 [only seconds later] Dennis Gissell emailed himself the same Easement Exhibits A and B, which do not include the 1996 Mustang Exhibit.[5]

c. Only a day later on 1.18.17, Dennis Gissell emails Sweeney of Texas Parks now enclosing a new Exhibit, the 1996 Mustang Exhibit, noting it as the "new Exhibit B."[6]

There is no explanation provided as to why Mr. Gissell switched out Exhibit B to a survey that inaccurately shows Express H2O's line as abandoned. Such survey appears to have replaced Westlake's original Exhibit B during the drafting process and became of record upon the filing of TPWD and Westlake's unlawful attempt to transfer property interests on 11.3.2017, which is over 2.5 months following Black Duck's recording of the conveyance of the Gulf pipeline with the Nacogdoches County Clerk.

.....

d. 9.7.23 to 9.12.23 Email String[7]: This email is an email forward from Lowell Sykes of Larry Wright's 9.7.23 email where Mr. Sykes notes: "I'd like to address the statements that Mr. Wright makes below." "we are still investigating this issue and we certainly have not assigned blame." Mr. Gissell later notes internally to TPWD on the string that he is not talking to either party without guidance from legal.

e. 9.8.23 to 9.12.23 Email String[8] This string begins as a forward of Larry Wright's 9.8.23 Email to Dennis Gissell. Of particular note is the following commentary:

1. 9.11.23 Stephen Lange, Regional Director of Wildlife Division states, "I don't think we ever denied the existence of a pipeline or easement, but their [H2O's] ownership history far supersedes TPWD ownership."

2. 9.12.2023 David Stan, TPWD Project Manager, notes "Dennis [Gissell] and I researched this back to the early 1900's in mid-July...." "It is a mess to say the least. TPWD inherited the mess..."

---

[4] *See* Exhibit 3 attached to Exhibit A.
[5] *See* Exhibit 4 attached to Exhibit A.
[6] *See* Exhibit 5 attached to Exhibit A.

[7] *See* Exhibit 6 attached to Exhibit A.
[8] *See* Exhibit 7 attached to Exhibit A.

P5-0006

During his independent investigation, Mr. Wright spoke with Dennis Gissell sometime in the first week of September of 2023. However, Mr. Gissell did not disclose to Mr. Wright (1) what appears now to be his curious role in providing an incorrect survey as an attachment to the easement between Westlake and TPWD or (2) why Westlake would agree to using such survey as an exhibit to the easement document without objection given the agreement of record between Westlake and TPWD includes an acknowledgement that Westlake is "not relying upon any representation, warranty, statement or other assertion of grantor" [TPWD] and advises Westlake, as the grantee, to examine land records and perform its own title search.[9]

Currently, the agreement between TPWD and Westlake terminates on December 31, 2027, as such agreement does not confer any perpetual rights; however, decades before the execution of the TPWD/Westlake agreement TPWD's predecessor in interest granted perpetual, unlimited, exclusive, and assignable pipeline rights to Gulf, which Express H2O later acquired. Given either the gross error or intentional act giving rise to the attempted transfer of Express H2O's exclusive pipeline rights, which were of record decades before any purported conveyances by landowner following the Gulf conveyances, including the lease agreement between TPWD and Westlake (and its predecessors in interest), any agreements procured following the Gulf transfers must be void. Indeed, in said attempted lease interest transfer both TPWD and Westlake agreed and acknowledged that *"the use of the term 'grant' in no way implies that the easement granted herein is free of liens, encumbrances, and/or prior rights."*[10]

<div align="center">INJUNCTIVE RELIEF</div>

---

[9] *See* Exhibit 2 attached to Exhibit A.
[10] *See id.*, Section 1.03 [pp. 2].

Plaintiff incorporates all allegations made in this Petition into this section by reference

Defendant has been advised of its interference, yet it continues to interfere with and deny Plaintiff full use and enjoyment of Plaintiff's exclusive easement rights. Unless restrained by this Court from doing so, and because future damages resulting therefrom cannot be ascertained, Plaintiff will suffer irreparable harm for which there is no adequate remedy at law. Furthermore, given that such acts which give rise to Plaintiff's causes of action set forth below are prejudicial to Plaintiff and in violation of its exclusive easement rights, Plaintiff is entitled to a writ of injunction under the principles of equity, as irreparable injury to real or personal property is threatened, irrespective of any remedy at law. In that regard, Plaintiff requests the Court to immediately enjoin Westlake from (1) continued operation of its pipeline and (2) agreeing with, or agreeing to renew any agreement with TPWD, which would be violative of Plaintiff's rights easements rights, which are the subject of this litigation.

## CAUSE OF ACTION: DECLARATORY RELIEF

Plaintiff incorporates all allegations made in this Petition into this section by reference.

Plaintiff seeks judicial determination of the rights of the respective parties as they relate to their respective easements. More specifically, Plaintiff seeks for this Court to declare (1) the grants from the servient estate holders' predecessors in interest conveyed exclusive pipeline rights to Express H2O's predecessor in interest within the applicable easements and/or rights-of-ways, (2) valid and active all Express H2O's rights as they relate to any purported easements, leases, and/or right-of-ways on Express H2O's line, despite any trespass or interference by Defendant, (3) declare void any alleged rights exercised by Westlake in interference of Express H2O's exclusive pipeline

8

rights arising from the above noted void conveyances[11] and (4) declare void any transfers of pipeline rights within Express H2O's easements or rights that otherwise interfere with Express H2O's exclusive pipelines rights.[12]

Furthermore, given that such acts which give rise to this cause of action are prejudicial to Plaintiff and in violation of its exclusive easement rights, Plaintiff is entitled to a writ of injunction under the principles of equity, as irreparable injury to real or personal property is threatened, irrespective of any remedy at law. In that regard, Plaintiff requests the Court to immediately enjoin Westlake from (1) continued operation of its pipeline and (2) agreeing with, or agreeing to renew any agreement with TPWD, which would be violative of Plaintiff's easements rights, which are the subject of this litigation.

<u>CAUSE OF ACTION: TRESPASS</u>

Plaintiff incorporates all allegations made in this Petition into this section by reference.

Plaintiff brings a cause of action against Defendant for trespass alleging that Defendant and/or its predecessor in interest entered and/or caused the entry in the right of way and interference with the property rights of Plaintiff without consent or authorization and in some instances, removed Express H2O's pipeline.

Furthermore, given that such acts which give rise to this cause of action are prejudicial to Plaintiff and in violation of its exclusive easement rights, Plaintiff is entitled to a writ of injunction under the principles of equity, as irreparable injury to real or personal property is threatened, irrespective of any remedy at law. In that regard, Plaintiff requests the Court to immediately enjoin Westlake from (1) continued operation of its pipeline and (2) agreeing with, or agreeing to renew

---

[11] See, e.g., Exhibit B, void TPWD lease and void conveyances to Mustang.
[12] See, e.g., Exhibit C, Gulf Easements Granting Exclusive Pipeline Interests.

P5-0009

any agreement with TPWD, which would be violative of Plaintiff's rights easements rights, which are the subject of this litigation.

## CAUSE OF ACTION: CONVERSION

Plaintiff incorporates all allegations made in this Petition into this section by reference.

Further, and in the alternative, Defendant, without authorization, by the tortious removal, of certain portions of Express H2O's pipeline, wrongfully assumed and exercised of dominion and control over the personal property (the pipe) of Plaintiff to the exclusion of, or inconsistent with, the Plaintiff's rights as owner.

## DAMAGES FOR INTENTIONAL TORTS OF TRESSPASS AND CONVERSION

Plaintiff incorporates all allegations made in this Petition into this section by reference.

Plaintiff seeks to recover its actual damages for Defendant's trespass and conversion, including damages to Plaintiff's real property interests and the value or Plaintiff's property that Defendant removed and converted.

In trespassing on Plaintiff's right of way and/or converting Plaintiff's property, Defendant acted with malice and/or gross negligence.  Therefore, Plaintiff is entitled to recover exemplary/punitive damages.

## CAUSE OF ACTION: TORTIOUS INTERFERENCE

Plaintiff incorporates all allegations made in this Petition into this section by reference.

Plaintiff brings a cause of action for tortious interference with an existing contract as: 1) Plaintiff is a party to multiple existing contract(s)[easements] subject to interference; 2) Westlake willfully and intentionally acted in interference with such contracts[easements]; 3) proximately causing injury and damages to Plaintiff.

P5-0010

Furthermore, given that such acts which give rise to this cause of action are prejudicial to Plaintiff and in violation of its exclusive easement rights, Plaintiff is entitled to a writ of injunction under the principles of equity, as irreparable injury to real or personal property is threatened, irrespective of any remedy at law.  In that regard, Plaintiff requests the Court to immediately enjoin Westlake from (2) continued operation of its pipeline and (2) agreeing with, or agreeing to renew any lease agreement with TPWD, which would be violative of Plaintiff's rights easements rights, which are the subject of this litigation.

<u>CAUSE OF ACTION: NUISANCE</u>

Defendant Westlake's operation of its pipeline is an intentional or negligent nuisance, as the effect of the Westlake's conduct (including but not limited to the type and manner of materials transported by its interfering pipeline) is a substantial and unreasonable interference, causing substantial harm to the economic value of Express H2O's easement, preventing unrestricted use and enjoyment of its exclusive rights to operate, construct, renew, maintain, renew, and change the size of as many pipelines as they may desire within the applicable right-of-ways.

Furthermore, given that such acts which give rise to this cause of action are prejudicial to Plaintiff and in violation of its exclusive easement rights, Plaintiff is entitled to a writ of injunction under the principles of equity, as irreparable injury to real or personal property is threatened, irrespective of any remedy at law.  In that regard, Plaintiff requests the Court to immediately enjoin Westlake from (1) continued operation of its pipeline and (2) agreeing with, or agreeing to renew any lease agreement with TPWD, which would be violative of Plaintiff's rights easements rights, which are the subject of this litigation.

**P5-0011**

## CAUSE OF ACTION: SUIT TO QUIET TITLE

Plaintiff has the legal and equitable title to the exclusive pipeline interests. Defendant has no legal or equitable color of title to the pipeline interests. The servient estate holders' and their predecessors in interest had and have no authority to grant the exclusive pipeline interests previously granted by their predecessor in interest to Gulf. Yet, Defendant claims title and/or a general possessory interest in Plaintiff's exclusive pipeline interests. Indeed, Defendant has filed a counterclaim in this action claiming ownership of Plaintiffs' Property outside of the recorded easement. Plaintiff requests the Court find that Plaintiff is the rightful owner of the exclusive pipeline rights, and that Defendant's claim of pipeline rights is void, invalid, or unenforceable.

Furthermore, given that such acts which give rise to this cause of action are prejudicial to Plaintiff and in violation of its exclusive easement rights, Plaintiff is entitled to a writ of injunction under the principles of equity, as irreparable injury to real or personal property is threatened, irrespective of any remedy at law. In that regard, Plaintiff requests the Court to immediately enjoin Westlake from (1) continued operation of its pipeline and (2) agreeing with, or agreeing to renew any agreement with TPWD, which would be violative of Plaintiff's rights easements rights, which are the subject of this litigation.

## CAUSE OF ACTION: UNJUST ENRICHMENT

Defendant has benefited from the use of and interference with Plaintiff's exclusive pipeline interests, without reimbursement commensurate with such use, profits, benefit and/or enrichment received by Defendant, and Defendant will be unjustly enriched if allowed to retain the use, profits, benefit and/or enrichment from same. More specifically, the profits gained from actively interfering and removal of Express H2O's pipeline serve to unjustly enrich Defendant.

P5-0012

## GENERAL DENIAL

Plaintiff hereby generally denies each and every affirmative claim asserted by Defendant Westlake Chemical OPCO, LP in its First Amended Original Answer and Petition for Declaratory Judgment. Plaintiff demands strict proof of each such claim by a preponderance of the evidence, as required by law. Plaintiff specifically denies that Westlake has any valid legal or equitable interest in the property in question and further denies that Westlake is entitled to any relief sought in its affirmative claims, including its claim for declaratory relief. Plaintiff asserts that Westlake's claims are without merit and should be dismissed in their entirety.

## LACK OF STANDING

Plaintiff asserts that Defendant Westlake Chemical OPCO, LP lacks standing to assert any claims of adverse possession or any other statutory claims related to the properties referenced in this petition. Westlake's claims are based on void conveyances and a void lease, which do not confer any legal or equitable interest in the property sufficient to establish standing and moreover relate to non-possessory interests, which fail to confer any rights necessary to claim adverse possession against the servient estate holders. Furthermore, Westlake has not demonstrated the necessary elements of adverse possession, including hostile possession, as any use of the property by Westlake has been permissive and not adverse to the interests of the servient estate holder. Therefore, Westlake's claims are without merit and should be dismissed for lack of standing.

## ONGOING TORTS/DISCOVERY RULE

Plaintiff alleges that the affirmative claims set forth in this petition, including but not limited to trespass, conversion, tortious interference, nuisance, and unjust enrichment, constitute ongoing torts from the continuous operation of Westlake's pipeline. As such, these claims are not subject to the statute of limitations as alleged by Defendant Westlake in their second amended

13

**P5-0013**

answer. Furthermore, in additional avoidance of Westlake's Statute of Limtiations claim, under the discovery rule, the void grant and the damages arising therefrom were not discovered until April of 2023, when Plaintiff became aware of the interference and removal of its pipeline and the subsequent impact on its exclusive easement rights.

<div align="center">ATTORNEY'S FEES</div>

As a result of the actions of Defendant, it was necessary for Plaintiff to retain the attorney whose name is signed hereto to prosecute this suit to the final judgment and Plaintiff has agreed to pay said attorney a reasonable attorney's fee, thereby entitling Plaintiff to recover its attorney's fees, costs and expenses, in addition to his claims.

Plaintiff seeks to recover its attorney's fees, costs and expenses pursuant to the *Texas Declaratory Judgment Act* and the recovery of such fees would be equitable and just. *See* Tex. Civ. Prac. & Rem. Code § 37.009.

<div align="center">AMENDMENTS</div>

Plaintiff reserves the right to amend this petition, to file additional claims, to name additional parties, and to seek other relief to which Plaintiff may be entitled.

<div align="center">RULE 193.7 NOTICE</div>

Pursuant to Rule Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced by Defendant may be used against said Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

<div align="center">PRAYER</div>

P5-0014

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer and that on final hearing hereof, the Court render judgment against Defendant for the following:

a. declare (1) the grants from the servient estate holders' predecessors in interest conveyed exclusive pipeline rights to Express H2O's predecessor in interest within the applicable easements and/or rights-of-ways, (2) valid and active all Express H2O's rights as they relate to any easements and/or right-of-ways on Express H2O's line, despite any trespass or interference by Defendant, (3) declare void any rights exercised by Westlake in interference of Express H2O's exclusive pipeline rights, and (4) declare void any transfers of pipeline rights within Express H2O's easements or rights that otherwise interfere with Express H2O's exclusive pipelines rights;

b. A finding that Plaintiff is the rightful owner of the exclusive pipeline rights, and that Defendant's claim of any pipeline rights is void, invalid, or unenforceable;

c. The lost market value for the highest and best use of Express H2O's exclusive pipeline interests, loss of potential earnings;

d. Court costs;

e. prejudgment and post-judgment interest at the maximum legal rate provided by law;

f. equitable and just and/or reasonable and necessary attorney's fees incurred by Plaintiffs; and

g. Such other and further relief, both general and special, legal and equitable, to which Plaintiffs may show themselves justly entitled, including but not limited to enjoining Westlake from (1) continued operation of its pipeline and (2) agreeing with, or agreeing to renew any lease agreement with TPWD, which would be violative of Plaintiff's rights easements rights, which are the subject of this litigation.

Respectfully submitted,

/s/ *Bailey Wingate*
Bailey Wingate
State Bar No. 24091212

bailey@wingatelaw.com
Law Offices of Wingate Law PLLC
465 Blanchette
Beaumont, Texas 77701
T:(409)812-2000
F:(409) 242-6059

/s/ *Chris Sachitano*
Christopher J. Sachitano
State Bar No. 24014886
Sach@sachlaw.com
P.O. Box 105
Beaumont, Texas 77704
T: (409) 838-9999
F: (409) 242-6059


/s/ *Tanner Franklin*
Tanner G.M. Franklin
Texas Bar No. 24082506
tfranklin@tfranklinlawfirm.com
HIGHTOWER, FRANKLIN &
JAMES
115 South St.
Nacogdoches, Texas 75961
(936) 560-3300 -- Telephone
(888) 430-2559 -- Fax

/s/ *Scott C. Skelton*
Scott C. Skelton
State Bar No. 00784979
SKELTON SLUSHER BARNHILL
WATKINS WELLS, PLLC
1616 S. Chestnut St.
Lufkin, Texas 75901
936.632.2300
936.632.6545 (facsimile)
*sskelton@ssbww.law*

16

**P5-0016**

STATE OF TEXAS §
§
COUNTY OF _Comal_ §

## AFFIDAVIT OF LARRY WRIGHT

**BEFORE ME,** the undersigned authority, on this day personally appeared Larry Wright, who swore on oath that the following facts are true:

"My name is Larry Wright. I am of sound mind, and fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and they are all true and correct.

I am the founder and manager of Express H2O Pipeline & Row, LCC, ("Express H2O"). Express H2O owns an approximately 67-mile pipeline (originally owned and operated by Gulf) and the easements/access agreements relating to same. In August of 2017, Black Duck Properties, LLC., (Black Duck) purchased the pipeline from Express Gas Pipeline, LP, Gulf's successor in interest. On 8.15.2017, the conveying deed was filed in County Clerk Records of Nacogdoches County, Texas. (See Exhibit 1.) Black Duck later transferred such interests to KrisJenn Ranch LLC Series Pipeline ROW, which subsequently conveyed interests to Express H2O in 2.22.23.

In April of 2023, John Terrell, an agent acting on behalf of multiple gas producers, approached me with an interest in purchasing the H2O Express Pipeline. Before committing to a sale discussion, I retained Roger Kirkland of Onward to assist in clarifying any issues along the Express H2O right-of-way. Mr. Terrell's interest ended two weeks later after I advised him of Mr. Kirkland's report to me of trespass and interference with the Express H2O right-of-way. More specifically, Mr. Kirkland advised me that Westlake Chemical OpCo LP ("Westlake") owned and operated a pipeline and multiple right-of-ways across parcels occupying the same right-of-ways owned by Express H2O on such parcels, including an area crossing Alazan Bayou WMA, which is operated by Texas Parks & Wildlife Department. (See Exhibit 2, TPWD to Westlake Easement

Exhibit A

**P5-0017**

filed on 11.3.2017).  I advised Mr. Terrell of the issues, and that they had to be resolved before I could entertain further discussions regarding a sale.

In July of 2023, I contacted David Williams, a pipeline coordinator for Westlake and discussed the situation with him.  As part of this conversation, I advised him of my concern regarding the survey noted as "Exhibit B" attached Westlake's recorded easement reflecting that the Express H2O (formerly Gulf) line had been abandoned, which made no sense given that at all relevant times (1) there was plenty of public notice for the original surveyors to have known the Gulf pipeline was not an abandoned pipeline (2) Texas Parks and Wildlife acquired Alazan Bayou WMA with exceptions to title showing the presence of the easement now owned by H2O Express easement, and (3) at all relevant times Express H2O's Pipeline interests still remained actively permitted with the Texas Rail Road Commission.  Further, given that Mr. Kirkland of Onward reported to me that a landowner along the easement advised that Westlake was not only using Express H2O's right-of-way, but also that Westlake and/or TPWD removed sections of Express H2O's pipeline, I advised Mr. Williams that if the matter could not be resolved, I would be seeking injunctive relief.  Following that statement, he exclaimed, "Lordy, Lordy, if that is true, it will be time for me to retire."  I followed up with him shortly thereafter for a status, and he advised that they were taking me seriously and still trying to get information.

On two separate occasions in August of 2023, I spoke with Daniel Mangum, an agent of Buckeye Development & Logistics LLC. ("Buckeye").  Buckeye is the company that operates Westlake's pipeline on behalf of Westlake.  I would later learn that Mr. Mangum's job duties with Buckeye included managing original land records and managing the creation, preparation, negotiation, execution, recording, and filing of all right-of-way documentation.

Our initial phone call involved many general questions, such as how long he had worked

for Buckeye and his job duties.   He advised he had been working for Buckeye for approximately twelve years.   I asked him if he was aware of the Texas Parks tract in Nacogdoches County and the possible trespass.   He instead asked me to explain.

I went into extended detail about the trespass and how Express H2O still owned that easement.   We talked about why the first original Mustang (Westlake's predecessor in interest) Easement was described as a miscellaneous easement versus a pipeline easement.   I made my thoughts very clear that titling the instrument as "miscellaneous" created an inadequate reference in the Nacogdoches County Clerk Record, which is a fact backed up by my own title examiners. Mr. Mangum did claim he had seen miscellaneous easements used before.   However, I replied that miscellaneous easements are used for utility or road easements, not pipeline easements.

On the second phone call, approximately a week later, Mr. Mangum asked me what my proposal was to solve the problem.    I responded that the easiest way was to just buy that portion of the pipeline and right-of-way.   He asked, "What price I was talking about?"  I'm not sure I gave an amount; however, Mr. Mangum did respond he thought purchasing was a good idea and would recommend it Westlake. He agreed that we could resolve the situation and discussed the possibility of mediation.  That's the last call Mr. Mangum would take from me.

Later, after email attempts to follow up again with Mr. Williams, he referred me to Lowell Sykes, Olefin Manager for Westlake.  I spoke with him on September 6, 2023, regarding the same issues I discussed with Mr. Williams and Mr. Mangum. On that same day, Mr. Sykes sent me a follow up email and noted that it would be best for my counsel to reach out to Westlake's counsel (Joel Iglesias) "to explain the details of the situation so we do a more thorough investigation of the facts."

Since that time, I directed my counsel to investigate further and obtain records from the

Texas Parks and Wildlife Department. Since Texas Parks and Wildlife acquired Alazan Bayou WMA with exceptions to title showing the presence of the H2O Express easement, we suspected that an open records request would uncover additional information, and more importantly, exactly where from and why Westlake's easement would have included a survey incorrectly showing Gulf lines as abandoned, which appears to have been generated for Mustang Pipeline well over 20 years before the TPWD to Westlake grant of an easement.

Of particular note, my counsel learned the following, of which I have reviewed in detail for the purposes of this affidavit:

a. On 1.17.17, Dennis Gissell, of TPWD emailed to himself Easement Exhibits A and B, which do not include the 1996 Mustang Exhibit. (Showing Lines Marked Abandoned.) (See Exhibit 3)

b. On 1.17.17 [only seconds later] Dennis Gissell emailed himself the same Easement Exhibits A and B, which do not include the 1996 Mustang Exhibit. (See Exhibit 4)

c. Only a day later on 1.18.17, Dennis Gissell emails Sweeney of Texas Parks now enclosing a new Exhibit, the 1996 Mustang Exhibit, noting it as the "new Exhibit B." (See Exhibit 5) There is no explanation provided as to why Mr. Gissell switched out Exhibit B to a survey that inaccurately shows Express H2O's line as abandoned. Such survey appears to have replaced Westlake's original Exhibit B during the drafting process, and became of record upon the filing of the TPWD/Westlake Easement on 11.3.2017, which is over 2.5 months following Black Duck's recording of the conveyance of the Gulf pipeline with the Nacogdoches County Clerk.
.....

d. 9.7.23 to 9.12.23 Email String (See Exhibit 6): This email is an email forward from Lowell Sykes of my 9.7.23 email where Mr. Sykes notes: "I'd like to address the statements that Mr. Wright makes below." "we are still investigating this issue and we certainly have not assigned

blame." Mr. Gissell later notes internally to TPWD on the string that he is not talking to either party without guidance from legal.

e.  9.8.23 to 9.12.23 Email String (See Exhibit 7):  This string begins as an email forward of my 9.8.23 Email to Dennis Gissell. Of particular note is the following commentary:

1.  9.11.23 Stephen Lange, Regional Director of Wildlife Division states, "I don't think we ever denied the existence of a pipeline or easement, but their [H2O's] ownership history far supersedes TPWD ownership."

2.  9.12.2023 David Stan, TPWD Project Manager, notes "Dennis [Gissell] and I researched this back to the early 1900's in mid-July...." "It is a mess to say the least. TPWD inherited the mess..."

Regarding Mr. Gissell, I spoke with him sometime in the first week of September of 2023. However, he did not disclose to me (1) what appears now to be his curious role in providing an incorrect survey as an attachment to the easement between Westlake and TPWD or (2) why Westlake would agree to using such survey as an exhibit to the easement without objection. Further, I suspect TPWD performed the research cited in David Stan's email (d.2) given Mr. Kirkland's continued efforts to obtain information from TPWD without success.

Bailey Wingate and his staff assisted in typing portions of this affidavit and did so based on information that I communicated to him and his associate on several occasions.  I have personally reviewed the statements in this affidavit and attest such statement (1) are true to the best of my knowledge and (2) accurately reflect my personal knowledge of the facts stated."

SIGNED on ___7·23___, 2024.

_____
Larry Wright, Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME** on ___7·23___, 2024, by Larry Wright.

_____
Notary Public, State of Texas

DAVID GABINO
Notary Public, State of Texas
My Comm. Exp. 08-18-2026
ID No. 13392963-1

**P5-0021**

Nacogdoches County
June Clifton
Nacogdoches County Clerk
Nacogdoches, Texas 75961



70 2017 00006123

Instrument Number: 2017-6123
As
Recording

Recorded On: August 15, 2017

Parties: EXPRESS GAS PIPELINE LP
To        BLACK DUCK PROPERTIES LLC

Billable Pages: 33
Number of Pages: 34

Comment: CC OF DEED CONV & ASSGN

( Parties listed above are for Clerks reference only )

** THIS IS NOT A BILL **

| | |
|---|---|
| Recording | 154.00 |
| Total Recording: | 154.00 |

*********** DO NOT REMOVE. THIS PAGE IS PART OF THE INSTRUMENT ***********

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

File Information:
   Document Number: 2017-6123
   Receipt Number: 119558
   Recorded Date/Time: August 15, 2017 12:55:58P
   Book-Vol/Pg: BK-OPR  VL-4631  PG-232
   User / Station: J Allen - Cashier Station 01

Record and Return To:
   BLACK DUCK PROPERTIES LLC
   C/O MR LARRY WRIGHT
   410 SPYGLASS ROAD
   MCQUEENEY TX 78123



I hereby certify that this instrument was filed on the date
and time stamped here on and was duly recorded in the
Official Public Records in Nacogdoches County, Texas

*June Clifton*

JUNE CLIFTON
NACOGDOCHES COUNTY CLERK

Exhibit 1

**P5-0022**

33 PGS    2017002756
CO

---

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL
PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE
FOLLOWING INFORMATION FROM ANY (THIS) INSTRUMENT THAT
TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR
RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER
OR YOUR DRIVER'S LICENSE NUMBER

---

## DEED, CONVEYANCE AND ASSIGNMENT

KNOW ALL MEN BY THESE PRESENTS THAT:

1.

THE EXPRESS GAS PIPELINE, LP, a limited partnership organized and
existing under the laws of the State of Texas, with its principal office at 6034 West
Courtyard Drive, Suite 205, Austin, Texas 78730 (hereinafter sometimes called
"Express"), acting by and through its sole general partner The Express Pipeline
Connection, LLC and in consideration of the sum of Ten and No/100 Dollars ($10.00)
cash and other good and valuable consideration, the receipt and sufficiency of which are
hereby acknowledged, has sold, transferred, assigned, and by these presents does bargain,
sell, transfer assign, convey, and deliver unto BLACK DUCK PROPERTIES, LLC with
its principal office at 410 Spyglass Road, McQueeney, Texas 78123, all of the following
described pipeline system and related facilities (the P-21 Pipeline), rights-of-way,
easements and permits, leases, and other rights and properties described herein situated in
the State of Texas, that Express acquired by Deed, Conveyance and Assignment from TE
Products Pipeline Company, Limited Partnership (TEPCO) to Lancer Resources
Company recorded at Volume 742, page 72 of the Real Property Records, Shelby County,
Texas; at Volume 824, page 29 of the Real Property Records of Nacogdoches, Texas;
and at Volume 889, page 40 of the Official Public Records of Angelina County, Texas
and by Correction Deed, Conveyance and Assignment from Lancer Resources, L.P., a
Limited Partnership to The Express Gas Pipeline, LP, a Limited Partnership, recorded as
document number 2009-00252651 of the Official Public Records of Angelina County,
Texas; recorded as document number 133189 recorded in Volume 3001, page 80 of the
Real Property Records of Nacogdoches County, Texas; at Volume 2911, page 596 of the
Real Property Records of Rusk County, Texas; and as document number 2009000958 of
the Real Property Records, Shelby County, Texas, (collectively herein referred to as the
"Express Pipeline"); to-wit:

---

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in
Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS August 15, 2017. Jennifer L. Fountain, County Clerk

Deputy

P5-0023

## PIPELINE SYSTEM AND RELATED FACILITIES

All of the following described pipelines, taps and other facilities owned by Express Pipeline:

1. Approximately 64.97 miles (more or less) of 8" nominal outside diameter pipeline and appurtenances that is located generally as set forth in the immediately following paragraph 2 and is depicted on the line drawing attached as Exhibit "A" and by this reference made a part hereof.

2. 8" PIPELINE FROM LUFKIN TO TEXAS/LOUISANA STATE LINE

COMMENCING at a point within Gulf Refining Company's Lufkin Station Site in the Vincinti Mitchell Survey, Angelina County, Texas, as described by easement, recorded in Volume 236, Page 584, of the Deed Records of said County and State;

THENCE running generally in a northeasterly direction in Angelina County, Texas, a distance of approximately 2.39 miles to a point on the West Bank of the Angelina River on property now or formerly owned by Mrs. W. E. Massengill in the Goguett Survey, as described by the easement recorded in Volume 63, Page 160, of the Deed records of said County;

THENCE crossing the Angelina River in an easterly direction, leaving Angelina County, Texas and entering Nacogdoches County, Texas, to a point on the East Bank of said Angelina River on property now or formerly owned by Mrs. S. C. Parrott, et. Al., as described by easement recorded in Volume 74, Page 107, of the Deed Records of said Nacogdoches County;

THENCE running generally in a northeasterly direction across Nacogdoches County, Texas, a distance of approximately 30 miles to a point on the County line between Nacogdoches and Rusk Counties, Texas and on the north line of property now or formerly owned by J. Kelly as described by easement recorded in Volume 74, Page 38, of the Deed Records of Nacogdoches County, Texas;

THENCE entering Rusk County, Texas at a point on the south line of property now or formerly owned by Spencer Eliot Brick Company, as described by easement recorded in Volume 67, Page 183, of the Deed Records of Rusk County, Texas;

THENCE running generally in a northeasterly direction across Rusk County, Texas, a distance of approximately 6.46 miles to a point on the West Bank of the Attoyac River on property now or formerly owned by

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS August 15, 2017. Jennifer L. Fountain, County Clerk

Deputy

P5-0024

Mrs. M. L. Moore, as described by easement recorded in Volume 67, page 130, of the Deed Records of Rusk County, Texas;

THENCE crossing the Attoyac River, leaving Rusk County, Texas and entering Shelby County, Texas, to a point on the East Bank of said Attoyac River.

THENCE entering Shelby County, Texas at a point on the south or west line of property now or formerly owned by Gulf Refining Company as described by easement recorded in Volume 381, Page 347 of the Deed Records of Shelby County, Texas;

THENCE continuing in an easterly direction to property now or formerly owned by Texas Eastern Transmission Corporation as described in Deed recorded in Volume 381, Page 344 of the Deed Records of Shelby County, Texas;

COMMENCING at a point on the south or west line of property now or formerly owned by J. M. Whiteside, as described by easement recorded in Volume 79, Page 543, of the Deed Records of Shelby County, Texas;

THENCE running generally in an easterly direction across Shelby County, Texas, a distance of approximately 28 miles to a point on the West Bank of the Sabine River on property now or formerly owned by J. T. Caldwell as described by easement recorded in Volume 131, Page 497, of the Deed Records of Shelby County, Texas.

## RIGHTS-OF-WAY, EASEMENTS AND PERMITS

All rights-of-way, easements, permits, privileges, grants and consents of Express for the construction, laying, maintenance, operation and removal of pipeline facilities in the State of Texas as set forth on Exhibits "B-1" through "B-6" attached hereto and by this reference made a part hereof.

II.

TO HAVE AND TO HOLD all of the above-described premises, rights and properties, together with all and singular the rights, privileges, hereditaments and appurtenances belonging to or in any way appertaining to any or all of the premises, rights or properties hereinabove described and conveyed, unto Black Duck Properties, LLC, its successors and assigns forever; and The Express Gas Pipeline, LP, does hereby bind itself and its successors to warrant specially and forever defend the same unto said Black Duck Properties, LLC, its successors and assigns, against every person whomsoever claiming or to claim the same, or any part thereof, by, through or under The Express Gas Pipeline, LP, but not otherwise. This Deed, Conveyance and Assignment and all conveyances and transfers hereunder shall be subject to all liens, mortgages, taxes

3

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS August 15, 2017. Jennifer L. Fountain, County Clerk

P5-0025

(except ad valorem taxes) restrictions, leases (both surface use; and oil, gas and mineral leases), easements, rights-of-way, licenses, exceptions, reservations, outstanding interests and other conditions of title or encumbrances of whatever nature, to the extent such matters are of record in Angelina, Nacogdoches, Rusk and Shelby Counties, in Texas and to all matters that are a current survey or visual inspection would reflect.

III.

The Express Pipeline is hereby sold, transferred, assigned, conveyed and delivered to Black Duck Properties, LLC without recourse (even as to the return of the purchase price), and without covenant or warranty of any kind, express, implied, or statutory except as otherwise provided in said Purchase Agreement. WITHOUT LIMITATION OF THE GENERALITY OF THE IMMEDIATELY PRECEEDING SENTENCE AND IN ADDITION TO ANY DISCLAIMERS SET FORTH IN THE PURCHASE AND SALE AGREEMENT, THE EXPRESS GAS PIPELINE, LP HEREBY (i) EXPRESSLY DISCLAIMS AND NEGATES ANY REPRESENTATION OF ANY WARRANTY, EXPRESS, IMPLIED AT COMMON LAW, BY STATUTE OR OTHERWISE, RELATING TO (A) THE CONDITION, PURPOSE, DESIGN, QUALITY, PERFORMANCE, EXISTENCE, CLASS, CERTIFICATE, MAINTENANCE, SPECIFICATION, ABSENCE OF LATENT DEFECTS, OR ANY OTHER MATTER WHATSOEVER OF THE SUBJECT ASSETS (INCLUDING, WITHOUT LIMITATION, ANY IMPLIED OR EXPRESS WARRANTY OF MERCHANTABILITY, OR OF FITNESS FOR A PARTICULAR PURPOSE) OR (B) ANY INFRINGEMENT BY THE EXPRESS GAS PIPELINE, LP OR ANY OF ITS AFFILIATES ON ANY PATENT OR PROPERTY RIGHT OF ANY THIRD PARTY; AND (ii) NEGATES ANY RIGHTS OF BLACK DUCK PROPERTIES, LLC UNDER STATUTES OR AT COMMON LAW TO CLAIM DIMINUTION OF CONSIDERATION AND ANY CLAIMS BY BLACK DUCK PROPERTIES, LLC FOR DAMAGES BECAUSE OF REDHIBITORY VICES OR DEFECTS, WHETHER KNOWN OR UNKNOWN, IT BEING THE INTENTION OF BLACK DUCK PROPERTIES, LLC AND THE EXPRESS GAS PIPELINE, LP THAT THE SUBJECT ASSETS ARE TO BE CONVEYED IN THEIR PRESENT CONDITION AND STATE OF REPAIR OR DISREPAIR.

IV.

IN WITNESS WHEREOF, this Deed, Conveyance and Assignment is being executed in counterparts, all of which are identical, on the dates shown below, but effective as of 7:00 a.m. of the 14th day of August, 2017. Each of such counterparts shall for all purposes be deemed to be an original, provided all of such counterparts shall together constitute but one of the same instrument.

4

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS August 15, 2017. Jennifer L. Fountain, County Clerk / Maribelle Latham Deputy P5-0026

"EXPRESS"

THE EXPRESS GAS PIPELINE, L.P.,
By THE EXPRESS PIPELINE
CONNECTION, L.L.C., General Partner

By: Rod C. Roberts, President of The
Express Pipeline Connection, L.L.C

STATE OF TEXAS       §
                            §
COUNTY OF _Travis_     §

    This instrument was acknowledged before me on the _14th_ day of ___August___, 2017, by Rod C. Roberts, the President of The Express Pipeline Connection, L.L.C., a Texas Limited Liability Company, the General Partner of The Express Gas Pipeline, L.P. a Texas Limited Partnership, on behalf of said companies.

Notary Public in and for the State of Texas

_Anna Bodine_



ANNA BODINE
Notary Public, State of Texas
My Commission Expires
April 18, 2019

5

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS  August 15, 2017.  Jennifer L. Fountain, County Clerk

BLACK DUCK PROPERTIES, L.L.C.

*Larry M. Wright*

By:  Larry M. Wright
Title:  Manager


STATE OF TEXAS          §
                        §
COUNTY OF BEKAR         §

    This instrument was acknowledged before me on the 11th day of August , 2017, by Larry M. Wright, Manager of Black Duck Properties, L.L.C., a Texas limited liability company, on behalf of said limited liability company.



JOHN MARK EDGMON
Notary Public State of Texas
My Comm. Exp. 12/2/2020
Notary ID 1070702-3

Notary Public in and for the State of Texas

6

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS  August 15, 2017.  Jennifer L. Fountain, County Clerk

*Marshell Latham*
Deputy

### EXHIBIT "A"

Attached hereto and made a part of that certain
Deed, Conveyance and Assignment dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC



I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS  August 15, 2017.  Jennifer L. Fountain, County Clerk

P5-0029

## EXHIBIT "B-1"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

### Shelby County, Texas

| Date | Grantor | Grantee | Book | Page |
|------|---------|---------|------|------|
| 02/03/13 | Van J. Smith | Gulf Pipe Line Co. | 81 | 7 |
| 01/27/14 | E.W. Cockrell | Gulf Pipe Line Co. and Gulf Production Co. | 79 | 582 |
| 01/28/14 | D.D. Bazer, et ux. | Gulf Pipe Line Co. | 79 | 609 |
| 01/28/14 | I.E. Bazer, et ux. | Gulf Pipe Line Co. | 79 | 597 |
| 01/28/14 | W.H. Cammack | Gulf Pipe Line Co. | 79 | 594 |
| 01/28/14 | W.H. Cammack | Gulf Pipe Line Co. | 79 | 594 |
| 01/28/14 | W.H. Cammack | Gulf Pipe Line Co. | 79 | 594 |
| 01/28/14 | Bridie Carter, et vir. | Gulf Pipe Line Co. | 79 | 592 |
| 01/28/14 | Mrs. W.J. Cockrell | Gulf Pipe Line Co. | 79 | 593 |
| 01/28/14 | J.R. Joplin, et ux. | Gulf Pipe Line Co. | 79 | 574 |
| 01/28/14 | Ralph Jopling, et ux. | Gulf Pipe Line Co. | 81 | 19 |
| 01/28/14 | J.D. Majors, et ux. | Gulf Pipe Line Co. | 81 | 27 |
| 01/28/14 | J.W. Majors | Gulf Pipe Line Co. | 81 | 14 |
| 01/28/14 | A.W. Mathews, et ux. | Gulf Pipe Line Co. | 81 | 24 |
| 01/18/14 | W.R. Rains | Gulf Pipe Line Co. | 79 | 595 |
| 01/29/14 | Luke Motley | Gulf Pipe Line Co. | 81 | 8 |
| 01/29/14 | J.L. Norman | Gulf Pipe Line Co. | 81 | 18 |
| 01/29/14 | W.J. Shadowens, et ux. | Gulf Pipe Line Co. | 79 | 596 |
| 01/29/14 | John Turner, et ux. | Gulf Pipe Line Co. | 81 | 25 |
| 01/29/14 | John Turner, et ux. | Gulf Pipe Line Co. | 81 | 25-26 |
| 01/29/14 | John Turner, et us. | Gulf Pipe Line Co. | 81 | 25-26 |
| 01/31/14 | J.H. Hughes | Gulf Pipe Line Co. | 79 | 562 |
| 01/31/14 | J.R. Lewis | Gulf Pipe Line Co. | 79 | 576 |
| 02/02/14 | Charles F. Flakes | Gulf Pipe Line Co. | 79 | 607 |
| 02/02/14 | W.E. Parker | Gulf Pipe Line Co. | 81 | 16 |
| 02/02/14 | W.W. Rider, et ux. | Gulf Pipe Line Co. | 81 | 21 |
| 02/02/14 | J.H. Wall | Gulf Pipe Line Co. | 79 | 605 |
| 02/02/14 | Ben B. White, et ux. | Gulf Pipe Line Co. | 79 | 573 |
| 02/02/14 | W.D. White, et ux. | Gulf Pipe Line Co. | 79 | 598 |
| 02/03/14 | Luis Hooper, et al. | Gulf Pipe Line Co. | 79 | 579 |
| 02/03/14 | J. Nathan King | Gulf Pipe Line Co. | 79 | 564 |
| 02/03/14 | J. Nathan King | Gulf Pipe Line Co. | 79 | 564 |
| 02/03/14 | C. Riley, et ux. | Gulf Pipe Line Co. | 79 | 611 |
| 02/03/14 | Jno. A. White, et ux. | Gulf Pipe Line Co. | 79 | 571 |
| 02/04/14 | M.M. Bowlin, et ux. | Gulf Pipe Line Co. | 79 | 578 |
| 02/04/14 | John Kyle, et ux. | Gulf Pipe Line Co. | 79 | 563 |
| 02/04/14 | J.R. Weir | Gulf Pipe Line Co. | 79 | 568 |
| 02/05/14 | C.C. Hayden | Gulf Pipe Line Co. | 79 | 576 |
| 02/06/14 | W.L. Foster, et ux. | Gulf Pipe Line Co. | 79 | 572 |
| 02/06/14 | C.M. Horton, et ux. | Gulf Pipe Line Co. | 79 | 565 |
| 02/06/14 | O.M. Ramsey, et al. | Gulf Pipe Line Co. | 79 | 599 |

1

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS August 15, 2017.  Jennifer L. Fountain, County Clerk

Deputy

P5-0030

EXHIBIT "B-1"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

Shelby County, Texas

| | | | | |
|---|---|---|---|---|
| 02/06/14 | B.A. Roper | Gulf Pipe Line Co. | 79 | 561 |
| 02/07/14 | F.M. Bridwell, et al. | Gulf Pipe Line Co. | 79 | 550 |
| 02/09/14 | Rev. Mack Jones, et al. | Gulf Pipe Line Co. | 79 | 603 |
| 02/10/14 | G.W. Crenshaw, et ux. | Gulf Pipe Line Co. | 79 | 567 |
| 02/10/07 | J.H. Cruger, et ux. | Gulf Pipe Line Co. | 79 | 600 |
| 02/10/14 | F.D. Haden, et ux. | Gulf Pipe Line Co. | 81 | 6 |
| 02/10/14 | Henry Sears, et ux. | Gulf Pipe Line Co. | 79 | 569 |
| 02/11/14 | W.A. Cooper, et ux. | Gulf Pipe Line Co. | 79 | 557 |
| 02/11/14 | W.R. Harris, et ux. | Gulf Pipe Line Co. | 79 | 553 |
| 02/11/14 | J.M. Whiteside | Gulf Pipe Line Co. | 79 | 543 |
| 02/11/14 | C.O. Worsham, et ux. | Gulf Pipe Line Co. | 79 | 554 |
| 02/11/14 | W.T. Worsham, et ux. | Gulf Pipe Line Co. | 79 | 556 |
| 02/12/14 | W.F. Andrews | Gulf Pipe Line Co. | 79 | 562 |
| 02/12/14 | S.W. Wallace | Gulf Pipe Line Co. | 81 | 5 |
| 02/13/14 | E.H. Andrews, et ux. | Gulf Pipe Line Co. | 79 | 560 |
| 02/13/14 | Phil Bussy, Jr., et al. | Gulf Pipe Line Co. | 79 | 610 |
| 02/13/14 | Phil Bussy, Jr. et al. | Gulf Pipe Line Co. | 79 | 610 |
| 02/13/14 | Phil Bussy, Jr. et al. | Gulf Pipe Line Co. | 79 | 610 |
| 02/13/14 | Phil Bussy, Jr. et al. | Gulf Pipe Line Co. | 79 | 610 |
| 02/13/14 | Phil Bussy, Jr., et al. | Gulf Pipe Line Co. | 79 | 610 |
| 02/13/14 | Phil Bussy, Jr., et al. | Gulf Pipe Line Co. | 79 | 610 |
| 02/13/14 | Phil Bussy, Jr., et al. | Gulf Pipe Line Co. | 79 | 610 |
| 02/13/14 | Phil Bussy, Jr., et al. | Gulf Pipe Line Co. | 79 | 610 |
| 02/13/14 | Phil Bussy, Jr., et al. | Gulf Pipe Line Co. | 79 | 610 |
| 02/13/14 | W.M. Byrn | Gulf Pipe Line Co. | 79 | 602 |
| 02/14/14 | F.O. Johnson | Gulf Pipe Line Co. | 79 | 580 |
| 02/14/14 | Allen Porter, Agent for Robert Porter | Gulf Pipe Line Co. | 79 | 604 |
| 02/16/14 | J.F. Beasley, et ux. | Gulf Pipe Line Co. | 81 | 11 |
| 02/16/14 | M.M. Carroll, Jr. | Gulf Pipe Line Co. | 79 | 581 |
| 02/16/14 | W.I. Deffenbaugh | Gulf Pipe Line Co. | 79 | 606 |
| 02/16/14 | G.W. Hanson, et ux. | Gulf Pipe Line Co. | 79 | 583 |
| 02/17/14 | E.A. Booth | Gulf Pipe Line Co. | 79 | 603 |
| 02/17/14 | Zach Brinson | Gulf Pipe Line Co. | 79 | 558 |
| 02/17/14 | J.B. Broadus, et ux. | Gulf Pipe Line Co. | 79 | 547 |
| 02/17/14 | J.R. Foster, et ux. | Gulf Pipe Line Co. | 79 | 612 |
| 02/17/14 | J. R. Foster, et ux. | Gulf Pipe Line Co. | 79 | 612 |
| 02/17/14 | J.L. Gilbert, et ux. | Gulf Pipe Line Co. | 81 | 23 |
| 02/18/14 | W.L. Barron, et ux. | Gulf Pipe Line Co. | 81 | 547 |
| 02/18/14 | J.T. Caldwell, et ux. | Gulf Pipe Line Co. | 79 | 546 |
| 02/18/14 | C.H. Freeman, et ux. | Gulf Pipe Line Co. | 79 | 545 |
| 02/18/07 | J.L. Hart | Gulf Pipe Line Co. | 79 | 570 |
| 02/18/14 | H.J. Hennigan, et ux. | Gulf Pipe Line Co. | 79 | 544 |
| 02/18/14 | R.A. Whiddon, et ux. | Gulf Pipe Line Co. | 79 | 585 |
| 02/18/14 | W.A. Whiddon, et ux. | Gulf Pipe Line Co. | 79 | 584 |

2

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS August 15, 2017. Jennifer L. Fountain, County Clerk

Deputy

## EXHIBIT "B-1"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

Shelby County, Texas

| | | | | |
|---|---|---|---|---|
| 02/18/14 | F.M. Whiteside, et ux. | Gulf Pipe Line Co. | 79 | 551 |
| 02/19/14 | J.D. Sholer | Gulf Pipe Line Co. | 79 | 613 |
| 02/19/14 | Whiddon, J.E., Gdn. for his two minor children Mary Etta Whiddon & James Floid Whiddon | Gulf Pipe Line Co. | 79 | 549 |
| 02/20/14 | R.A. Rushing, by W.A. Whiddon, Agt. | Gulf Pipe Line Co. | 81 | 478 |
| 02/23/14 | Cohron Davis, et ux. | Gulf Pipe Line Co. | 79 | 591 |
| 02/23/14 | Ima Odom, et al. | Gulf Pipe Line Co. | 81 | 9 |
| 02/23/14 | J.B. Paramore, et ux. | Gulf Pipe Line Co. | 81 | 15 |
| 02/23/14 | J.W. Sholar | Gulf Pipe Line Co. | 81 | 20 |
| 02/23/14 | R. Sholar | Gulf Pipe Line Co. | 81 | 17 |
| 02/23/14 | W.F. Taley, et ux. | Gulf Pipe Line Co. | 79 | 589 |
| 02/24/14 | W.R. Crawford, et ux. | Gulf Pipe Line Co. | 79 | 588 |
| 02/24/14 | C.P. Hooper, et ux. | Gulf Pipe Line Co. | 79 | 587 |
| 03/07/14 | L.N. Muren | Gulf Pipe Line Co. | 81 | 13 |
| 03/28/14 | H. Bryant, et al. | Gulf Pipe Line Co. | 81 | 10 |
| 05/26/14 | F.J. Hobbs | Gulf Pipe Line Co. | 81 | 548 |
| 12/16/14 | I.W. Willimas | Gulf Pipe Line Co. | 79 | 559 |
| 02/18/24 | W.F. Hollister, et ux. | Gulf Pipe Line Co. | 79 | 552 |
| 07/09/24 | F.M. Bridwell | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 440 |
| 07/09/24 | Mrs. W.H. Harris | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 441 |
| 07/09/24 | F.M. Whiteside, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 464 |
| 07/09/24 | Mrs. J.M. Whiteside | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 438 |
| 07/09/24 | W.T. Worsham | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 443 |
| 07/10/24 | E.H. Andrews, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 446 |
| 07/10/24 | E.A. Booth | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 463 |
| 07/10/24 | F.L. Brinson, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 458 |
| 07/10/24 | F.L. Brinson, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 458 |
| 07/10/24 | F.L. Brinson, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 458 |
| 07/10/24 | Zach Brinson | Gulf Pipe Line Co. | 127 | 456 |

3

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS  August 15, 2017.  Jennifer L. Fountain, County Clerk

Deputy

P5-0032

## EXHIBIT "B-1"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

### Shelby County, Texas

| | | and Gulf Production Co. | | |
|---|---|---|---|---|
| 07/10/24 | W.M. Byrn | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 459 |
| 07/10/24 | G.W Crenshaw, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 448 |
| 07/10/24 | J.H. Cruger, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 445 |
| 07/10/24 | Mrs. F.D. Haden | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 462 |
| 07/10/24 | C.O. Worsham, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 442 |
| 07/11/24 | F.H. Bailey, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 453 |
| 07/11/24 | F. H. Bailey, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 453 |
| 07/11/24 | F.H. Bailey, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 453 |
| 07/11/24 | Arthur Bussey, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 452 |
| 07/11/24 | John Bussey, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 450 |
| 07/11/24 | Phil Bussy Jr., et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 455 |
| 07/11/24 | J.G. Ellington | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 437 |
| 07/11/24 | F.O. Johnson | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 460 |
| 07/11/24 | I.N. Williams | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 449 |
| 07/14/24 | E.W. Cockrell, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 479 |
| 07/14/24 | Mrs. G.W. Hanson Adm. of G.W. Hanson Est. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 481 |
| 07/14/24 | T.A. King | Gulf Pipe Line Co. | 124 | 478 |

4

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS  August 15, 2017.  Jennifer L. Fountain, County Clerk

Deputy

## EXHIBIT "B-1"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

### Shelby County, Texas

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | and Gulf Production Co. |  |  |
| 07/14/24 | Ima Odom Nutt, et al. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 485 |
| 07/14/24 | Mrs. W.F. Talley | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 476 |
| 07/14/24 | A.O. Whiddon | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 480 |
| 07/15/24 | Paul Barron, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 471 |
| 07/15/24 | J.T. Carroll | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 470 |
| 07/15/24 | C.H. Freeman, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 469 |
| 07/15/24 | Mrs. B.J. Hennigan | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 484 |
| 07/15/24 | C.P. Hooper, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 473 |
| 07/15/24 | J.D Sholar | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 483 |
| 07/16/24 | W.R. Crawford, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 467 |
| 07/17/24 | J.T. Caldwell, et al. | Gulf Pipe Line Co. and Gulf Production Co. | 131 | 497 |
| 07/21/24 | Arthur Bussey, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 496 |
| 07/21/24 | Mack Jones, et al. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 493 |
| 07/21/24 | C.D. Scogin | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 491 |
| 07/21/24 | H.S. Varnell, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 495 |
| 07/22/24 | Cleveland Bussey | Gulf Pipe Line Co. and Gulf Production Co. | 124 | 492 |
| 08/01/24 | W.A Cooper | Gulf Pipe Line Co. | 124 | 520 |

5

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX. as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS August 15, 2017. Jennifer L. Fountain, County Clerk

Deputy

P5-0034

## EXHIBIT "B-1"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

### Shelby County, Texas

| | | | | |
|---|---|---|---|---|
| | | and Gulf Production Co. | | |
| 10/14/24 | Pierce Whiteside, et al. | Gulf Pipe Line Co. and Gulf Production Co. | 123 | 632 |
| 04/30/25 | J.A. Deaton, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 506 |
| 04/30/25 | Claude E. Fallin | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 52 |
| 04/30/25 | Alvin Gunter | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 503 |
| 04/30/25 | J.R. Jopling, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 55 |
| 04/30/25 | J.N. Majors | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 54 |
| 04/30/25 | C.C. McDonald | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 56 |
| 04/30/25 | Grover C. Peddy | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 500 |
| 04/30/25 | C. Riley, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 502 |
| 04/30/25 | F.B Taylor | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 504 |
| 04/30/25 | J.R. Weir, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 141 |
| 05/01/25 | Mrs. W. A. Bouland by J.L. Davis, Attorney-in-Fact | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 568 |
| 05/01/25 | Cicero Jopling, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 552 |
| 05/01/25 | J. N. King | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 62 |
| 05/01/25 | J.O. McCarver | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 187 |
| 05/01/25 | J.O. McCarver | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 187 |
| 05/01/25 | J.O. McCarver | Gulf Pipe Line Co. | 127 | 187 |

6

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS  August 15, 2017.  Jennifer L. Fountain, County Clerk

P5-0035

## EXHIBIT "B-1"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

### Shelby County, Texas

| | | | | |
|---|---|---|---|---|
| | | and Gulf Production Co. | | |
| 05/01/25 | Luke Motley | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 569 |
| 05/01/25 | Luke Motley | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 569 |
| 05/01/25 | Luke Motley | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 569 |
| 05/01/25 | Robert Porter | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 61 |
| 05/01/25 | Walter Scates, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 63 |
| 05/01/25 | A.H. Womack, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 566 |
| 05/02/25 | M.M. Bowlin, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 556 |
| 05/02/25 | H. Bryant, et al. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 562 |
| 05/02/25 | Harvey Crawford | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 364 |
| 05/02/25 | John Davis | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 551 |
| 05/02/25 | J.B. Foster by J.R. Foster, Gdn. | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 60 |
| 05/02/25 | J.R. Foster, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 559 |
| 05/02/25 | Mrs. W.L. Foster | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 560 |
| 05/02/25 | P.L. Hooper, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 600 |
| 05/02/25 | J.R. Lewis | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 555 |
| 05/02/25 | Luke Motley | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 554 |
| 05/02/25 | A.N. Neal, et ux. | Gulf Pipe Line Co. | 126 | 559 |

7

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS  August 15, 2017.  Jennifer L. Fountain, County Clerk

Deputy

P5-0036

## EXHIBIT "B-1"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

### Shelby County, Texas

| | | | | |
|---|---|---|---|---|
| | | and Gulf Production Co. | | |
| 05/02/25 | Mrs. O.M. Ramsey | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 563 |
| 05/04/25 | C.H. Horton, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 532 |
| 05/04/25 | J.D. Majors, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 550 |
| 05/04/25 | H.M. Mitchell, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 548 |
| 05/04/25 | Dewey Parrish, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 537 |
| 05/04/25 | Allen Samford, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 539 |
| 05/04/25 | Elbert B. Samford by E.B Samford, Agent and Attorney-In-Fact | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 536 |
| 05/04/25 | J. B. Samford by E.B. Samford, Agent and Attorney-In-Fact | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 535 |
| 05/04/25 | W.A. Samford, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 541 |
| 05/04/25 | W.J. Shadowens, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 547 |
| 05/04/25 | R. Sholar, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 542 |
| 05/05/25 | Annie Broadus | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 138 |
| 05/05/25 | E.W. Cockrell | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 142 |
| 05/05/25 | J.W. Sholar, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 548 |
| 05/05/25 | Mrs. Bloom Wagstaff, et vir. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 529 |
| 05/05/25 | W.J. Walker, et al. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 533 |

8

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS August 15, 2017. Jennifer L. Fountain, County Clerk

Deputy

P5-0037

## EXHIBIT "B-1"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

### Shelby County, Texas

| Date | Grantor | Grantee | | |
|------|---------|---------|---|---|
| 05/05/25 | B.C. Wheat, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 530 |
| 05/05/25 | B.C. Wheat, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 530 |
| 05/07/25 | D.D. Bazer, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 58 |
| 05/16/25 | Ralph Jopling, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 126 | 602 |
| 05/26/25 | Alma Davis, et vir. | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 139 |
| 05/26/25 | George B. Goff, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 189 |
| 05/27/25 | Mary White, et al. | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 216 |
| 07/31/25 | Robert Spivey | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 347 |
| 08/05/25 | Mrs. Viola Rushing by A.O. Whiddon, Agent & Attorney-in-Fact | Gulf Pipe Line Co. and Gulf Production Co. | | |
| 08/25/25 | W.F. Hollister, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 128 | 172 |
| 08/27/25 | Mrs. Viola Rushing A.O. Whiddon, Agent & Attorney-in-Fact | Gulf Pipe Line Co. and Gulf Production Co. | | |
| 08/31/25 | C.H. Horton, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 128 | 190 |
| 09/08/25 | Arthur Bussey, et ux. | Gulf Pipe Line Co. and Gulf Production Co. | 127 | 503 |
| 09/23/25 | Mrs. M. Lochabay | Gulf Pipe Line Co. and Gulf Production Co. | 128 | 254 |
| 06/12/26 | C.C. Hayden | Gulf Pipe Line Co. and Gulf Production Co. | 131 | 137 |
| 07/17/42 | Texas Highway Dept. | Texas Eastern Transmission Corp. | | |
| 07/17/42 | Texas Highway Dept. | Texas Eastern Transmission Corp. | | |
| 05/04/48 | L.B. Dean | Gulf Refining Co. | 276 | 615 |

9

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS  August 15, 2017.  Jennifer L. Fountain, County Clerk



Deputy

P5-0038

## EXHIBIT "B-1"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

### Shelby County, Texas

| | | | | |
|---|---|---|---|---|
| | | and Gulf Oil Corp. | | |
| 05/04/48 | C.H. Horton, et ux. | Gulf Refining Co. and Gulf Oil Corp. | 276 | 616 |
| 05/04/48 | R.W. Todd | Gulf Refining Co. and Gulf Oil Corp. | 276 | 617 |
| 05/06/48 | J.R. Anderson | Gulf Refining Co. and Gulf Oil Corp. | 277 | 329 |
| 11/09/51 | Earl Hanson, et al. | Gulf Refining Co | 306 | 192 |
| 06/10/52 | M.E. Bowlin, et ux. | Gulf Refining Co. and Gulf Oil Corp. | 311 | 258 |
| 06/10/52 | H.Q. Hoard, et ux. | Gulf Refining Co. and Gulf Oil Corp. | 311 | 256 |
| 03/23/54 | Texas Hwy. Dept. | Texas Eastern Transmission Corp. | | |
| 04/20/55 | Texas Hwy. Dept. | Texas Eastern Transmission Corp. | | |
| 04/20/55 | Texas Hwy. Dept. | Texas Eastern Transmission Corp. | | |
| 11/02/59 | Gulf Refining Co. | Texas Eastern Transmission Corp. | 381 | 347 |
| 12/18/59 | Gulf, Colorado& Sante Fe R.R. Co. and Gulf Refining Co. | Texas Eastern Transmission Corp. | | |
| 09/29/71 | Texas Hwy. Dept. | Texas Eastern Transmission Corp. | | |

10

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS  August 15, 2017.  Jennifer L. Fountain, County Clerk



P5-0039

## EXHIBIT "B-2"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

### Rusk County, Texas

| Date | Grantor | Grantee | Book | Page |
|------|---------|---------|------|------|
| 07/08/54 | Ruby L. Dumas, et vir. | Texas Eastern Transmission Corp. | 530 | 153 |
| 08/23/54 | Commissioners Court, Panola Co. Texas | Texas Eastern Transmission Corp. | | |
| 06/27/10 | J.A. Anderson, et ux. | Gulf Pipe Line Co. | 67 | 150 |
| 06/27/10 | M.J. Barton, et ux. | Gulf Pipe Line Co. | 67 | 138 |
| 06/27/10 | T.S. Barton, et ux. | Gulf Pipe Line Co. | 67 | 1400 |
| 06/27/10 | R.F. Garrison, et ux. | Gulf Pipe Line Co. | 67 | 144 |
| 06/27/10 | F.L. Hudgins, et ux. | Gulf Pipe Line Co. | 67 | 136 |
| 06/27/10 | J.R. Latimer, et ux. | Gulf Pipe Line Co. | 67 | 142 |
| 06/27/10 | S.M. Moore, et ux. | Gulf Pipe Line Co. | 67 | 134 |
| 07/06/10 | M.L. Moore, et al. | Gulf Pipe Line Co. | 67 | 130 |
| 07/21/10 | W.Y. Garrison | Gulf Pipe Line Co. | 67 | 146 |
| 07/29/10 | S.M. Moore, Agent for Nannie Fountain, et al. | Gulf Pipe Line Co. | 67 | 132 |
| 07/29/10 | The Brown Brick & Tile Co. | Gulf Pipe Line Co. | 67 | 183 |
| 08/02/10 | J.R. Latimer | Gulf Pipe Line Co. | 67 | 152 |
| 08/20/10 | R.F. Garrison | Gulf Pipe Line Co. | 67 | 182 |
| 11/16/10 | E.A. Blount | Gulf Pipe Line Co. | 1676 | 741 |
| 12/07/10 | E.A. Blount | Gulf Pipe Line Co. | 1677 | 111 |
| 05/01/14 | Mrs. M.L. Moore | Gulf Pipe Line Co. | 83 | 193 |
| 07/03/23 | Marion C. Skelton, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 123 | 612 |
| 07/03/24 | Nora Anderson | Gulf Pipe Line Co. & Gulf Production Co. | 123 | 627 |
| 07/03/24 | M.J. Barton, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 123 | 629 |
| 07/03/24 | T.S. Barton, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 123 | 614 |
| 07/03/24 | R.F. Garrison, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 123 | 618 |
| 07/03/24 | J.R. Latimer, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 123 | 617 |
| 07/03/24 | G.W. Young | Gulf Pipe Line Co. & Gulf Production Co. | 123 | 611 |
| 07/05/24 | George Harris, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 123 | 609 |
| 07/08/24 | Earnest Weaver, et al. | Gulf Pipe Line Co. & Gulf Production Co. | 123 | 615 |
| 07/09/24 | Jack Garrison, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 123 | 634 |
| 10/28/42 | S.M. Adams | Gulf Refining Co. & Gulf Oil Co. | 360 | 190 |

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS  August 15, 2017.  Jennifer L. Fountain, County Clerk

Deputy

P5-0040

## EXHIBIT "B-3"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

### Nacogdoches County, Texas

| Date | Grantor | Grantee | Book | Page |
|------|---------|---------|------|------|
| 06/27/10 | Tom Crawford, et al. | Gulf Pipeline Co. | 72 | 647 |
| 06/27/10 | J.W. Hartl, et al. | Gulf Pipeline Co. | 74 | 16 |
| 06/27/10 | T.J. Melton, et al. | Gulf Pipeline Co. | 75 | 77 |
| 06/27/10 | J.A. Slay | Gulf Pipeline Co. | 72 | 644 |
| 06/28/10 | G.W. Faulkner, et ux. | Gulf Pipeline Co. | 74 | 21 |
| 06/28/10 | A.J. Fears, et ux. | Gulf Pipeline Co. | 72 | 642 |
| 06/28/10 | Mrs. M.I. Strode | Gulf Pipeline Co. | 74 | 189 |
| 06/28/10 | Dora Tims, et al. | Gulf Pipeline Co. | 74 | 192 |
| 06/29/10 | S.W. Hunt, et ux. | Gulf Pipeline Co. | 75 | 75 |
| 06/29/10 | F.W. Parrott | Gulf Pipeline Co. | 72 | 631 |
| 06/29/10 | Arthur Peterson, et al. | Gulf Pipeline Co. | 75 | 73 |
| 06/29/10 | J.L. William, et ux. | Gulf Pipeline Co. | 75 | 68 |
| 06/30/10 | J.W. Boyd, et ux. | Gulf Pipeline Co. | 74 | 22 |
| 06/30/10 | R.H. Burns, et ux. | Gulf Pipeline Co. | 74 | 63 |
| 06/30/10 | T.J. Peterson | Gulf Pipeline Co. | 75 | 66 |
| 06/30/10 | John M. Richards, et ux. | Gulf Pipeline Co. | 74 | 39 |
| 07/01/10 | W.G. Hartl, et ux. | Gulf Pipeline Co. | 74 | 8 |
| 07/04/10 | Angelina County Lumber Co. | Gulf Pipeline Co. | 72 | 634 |
| 07/04/19 | S.C. Parrott, et al. | Gulf Pipeline Co. | 74 | 107 |
| 07/05/10 | Joe Manchaca, et ux. | Gulf Pipeline Co. | 74 | 24 |
| 07/05/10 | S. Michelli | Gulf Pipeline Co. | 74 | 31 |
| 07/05/10 | T. Supulvado, et ux. | Gulf Pipeline Co. | 74 | 31 |
| 07/06/10 | M. Peterson, et ux. | Gulf Pipeline Co. | 74 | 17 |
| 07/08/10 | Tom Hinjosa, et ux. | Gulf Pipeline Co. | 74 | 4 |
| 07/08/10 | F.M. Richards, et ux. | Gulf Pipeline Co. | 74 | 23 |
| 07/09/10 | Chas Hoya, et al. | Gulf Pipeline Co. | 72 | 637 |
| 07/14/10 | Alice Fears | Gulf Pipeline Co. | 72 | 633 |
| 07/18/10 | Elareo Cordova, et ux. | Gulf Pipeline Co. | 74 | 29 |
| 07/18/10 | J.H. Summers | Gulf Pipeline Co. | 74 | 2 |
| 07/19/10 | Josh Henson | Gulf Pipeline Co. | 74 | 10 |
| 07/19/10 | V.E. Rathbone | Gulf Pipeline Co. | 74 | 38 |
| 07/20/10 | A.M. Evans, et ux. | Gulf Pipeline Co. | 74 | 13 |
| 07/20/10 | Dixon Greer | Gulf Pipeline Co. | 72 | 630 |
| As Amended By: | | | | |
| 04/23/99 | Cendant Mobility Services Corp. | Lancer Resources Company | 1331 | 24 |
| 07/20/10 | Elma Greer | Gulf Pipeline Co. | 72 | 629 |
| As Amended By: | | | | |
| 04/23/99 | Cendant Mobility Services Corp. | Lancer Resources Company | 1331 | 24 |
| 07/20/10 | Chas Hoya | Gulf Pipeline Co. | 74 | 6 |

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS  August 15, 2017.  Jennifer L. Fountain, County Clerk

Deputy

P5-0041

EXHIBIT "B-3"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

## Nacogdoches County, Texas

| | | | | |
|---|---|---|---|---|
| 07/20/10 | Mrs. Antonia Manchaca, et al. | Gulf Pipeline Co. | 74 | 33 |
| 07/20/10 | Mrs. J.E. Patterson, et al. | Gulf Pipeline Co. | 90 | 429 |
| 07/20/10 | Moses Tims, et ux. | Gulf Pipeline Co. | 74 | 27 |
| 07/20/10 | Eli Westfall, et al. | Gulf Pipeline Co. | 74 | 101 |
| 07/21/10 | Jessie Greer | Gulf Pipeline Co. | 74 | 131 |
| 07/29/10 | C.S. Means, et ux. | Gulf Pipeline Co. | 74 | 58 |
| As Amended By: | | | | |
| 04/23/99 | Cendant Mobility Services Corp. | Lancer Resources Company | 1331 | 24 |
| 07/30/10 | Gladys Simpson, et al. | Gulf Pipeline Co. | 74 | 190 |
| 08/03/10 | Ida Barton, et vir. | Gulf Pipeline Co. | 75 | 68 |
| 08/08/10 | J.L. Williams | Gulf Pipeline Co. | 74 | 110 |
| 08/22/10 | Louis J. Wortham | Gulf Pipeline Co. | 74 | 62 |
| 08/23/10 | Eli Westfall, et al. | Gulf Pipeline Co. | 75 | 65 |
| 08/25/10 | Fred W. Halacher, et ux. | Gulf Pipeline Co. | 74 | 123 |
| 08/27/10 | Geo. S. McCarty, Ind. And as Gdn. | Gulf Pipeline Co. | 749 | 238 |
| 08/27/10 | Mrs. M.I. Strode, Ind. Et al. | Gulf Pipeline Co. | 74 | 102 |
| 09/01/10 | W.B. Melton, et ux. | Gulf Pipeline Co. | 74 | 507 |
| 09/01/10 | S.A. Smith, et ux. | Gulf Pipeline Co. | 75 | 30 |
| 09/30/10 | W.L. Moody | Gulf Pipeline Co. | 74 | 143 |
| 11/10/10 | Thos. E. Baker, et al. | Gulf Pipeline Co. | 74 | 188 |
| 11/12/10 | W.H. Davidson | Gulf Pipeline Co. | 75 | 77 |
| 11/16/10 | E.A. Blount | Gulf Pipeline Co. | 1676 | 741 |
| 12/07/10 | E.A. Blount | Gulf Pipeline Co. | 75 | 447 |
| 02/27/14 | S.C. Parrott, et al. | Gulf Pipeline Co. | 82 | 422 |
| 02/28/14 | Mrs. Antonia Manchaca | Gulf Pipeline Co. | 85 | 55 |
| 03/02/14 | T.L. Blackshear | Gulf Pipeline Co. | 82 | 382 |
| 03/02/14 | Mrs. F.W. Harlacher | Gulf Pipeline Co. | 85 | 53 |
| 03/02/14 | Josh Henson | Gulf Pipeline Co. | 82 | 407 |
| 03/02/14 | S.W. Hunt, et ux. | Gulf Pipeline Co. | 82 | 406 |
| 03/02/14 | Mrs. J.W. Strode | Gulf Pipeline Co. | 82 | 429 |
| 03/02/14 | R.C. White | Gulf Pipeline Co. | 82 | 435 |
| 03/03/14 | Angelina County Lumber Co. | Gulf Pipeline Co. | 82 | 376 |
| 03/03/14 | E.A. Blount | Gulf Pipeline Co. | 82 | 383 |
| 03/03/14 | G.A. Blount | Gulf Pipeline Co. | 82 | 379 |
| 03/03/14 | G.A. Blount | Gulf Pipeline Co. | 82 | 379 |
| 03/03/14 | Mrs. J.E. Patterson, et al. | Gulf Pipeline Co. | 82 | 424 |
| 03/03/14 | T. Supulvado, et ux. | Gulf Pipeline Co. | 82 | 426 |
| 03/04/14 | W. G. Aartt | Gulf Pipeline Co. | 82 | 410 |
| 03/05/14 | G.W. Faulkner, et ux. | Gulf Pipeline Co. | 85 | 52 |
| 03/05/14 | Alex Fears, et ux. | Gulf Pipeline Co. | 85 | 62 |

2

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS  August 15, 2017.  Jennifer L. Fountain, County Clerk

Deputy

P5-0042

EXHIBIT "B-3"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

## Nacogdoches County, Texas

| 03/05/14 | W.H. Hollis, et ux. | Gulf Pipeline Co. | 82 | 405 |
|---|---|---|---|---|
| 03/05/14 | Moses Tims, et ux. | Gulf Pipeline Co. | 85 | 59 |
| 03/06/14 | R.L. Collins, et ux. | Gulf Pipeline Co. | 82 | 385 |
| 03/06/14 | Ed Tims, et ux. | Gulf Pipeline Co. | 82 | 433 |
| 03/25/14 | Alice Fears | Gulf Pipeline Co. | 82 | 391 |
| 03/26/14 | Bunyan Greer | Gulf Pipeline Co. | 82 | 392 |
| 03/26/14 | Dixon Greer | Gulf Pipeline Co. | 82 | 395 |
| As Amended By: | | | | |
| 04/23/99 | Cendant Mobility Services Corp. | Lancer Resources Company | 1331 | 24 |
| 03/26/14 | Miss Elma Greer | Gulf Pipeline Co. | 82 | 394 |
| As Amended By: | | | | |
| 04/23/99 | Cendant Mobility Services Corp. | Lancer Resources Company | 1331 | 24 |
| 04/08/14 | Mrs. Jessie Greer | Gulf Pipeline Co. | 85 | 58 |
| 04/08/14 | Mrs. S.C. Parrott | Gulf Pipeline Co. | 85 | 58 |
| 04/08/14 | G.W. Tillery, Jr. | Gulf Pipeline Co. | 85 | 58 |
| 04/09/14 | Don Ceasar BeBiazzeon | Gulf Pipeline Co. | 85 | 51 |
| 04/10/14 | J.W. Christian | Gulf Pipeline Co. | 82 | 386 |
| 05/09/14 | Tom Hinjosa, et ux. | Gulf Pipeline Co. | 82 | 404 |
| 06/23/24 | C.W. Strode | Gulf Pipe Line Co. & Gulf Production Co. | 110 | 601 |
| 06/23/24 | Mrs. M.I. Strode | Gulf Pipe Line Co. & Gulf Production Co. | 110 | 600 |
| 06/30/24 | A.B. Crawford | Gulf Pipe Line Co. & Gulf Production Co. | 110 | 626 |
| 06/30/24 | Tom Crawford, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 110 | 621 |
| 06/30/24 | Mart Melton | Gulf Pipe Line Co. & Gulf Production Co. | 110 | 629 |
| 06/30/24 | Mrs. J.A. Slay | Gulf Pipe Line Co. & Gulf Production Co. | 110 | 628 |
| 06/30/24 | Selener Smith, et vir. | Gulf Pipe Line Co. & Gulf Production Co. | 110 | 623 |
| 06/30/24 | E.D. Stubblefield, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 110 | 625 |
| 07/01/24 | D.F. Barton, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 112 | 14 |
| 07/01/24 | J.W. Boyd, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 112 | 17 |
| 07/01/24 | G.F. Garrison | Gulf Pipe Line Co. & Gulf Production Co. | 124 | 14 |
| 07/01/24 | J.W. Hartt, Ind. and as Attorney in fact | Gulf Pipe Line Co. & Gulf Production Co. | 110 | 619 |

3

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS  August 15, 2017.  Jennifer L. Fountain, County Clerk



P5-0043

### EXHIBIT "B-3"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

### Nacogdoches County, Texas

| | | | | |
|---|---|---|---|---|
| 07/01/24 | J.M. McMillan | Gulf Pipe Line Co. & Gulf Production Co. | 110 | 620 |
| 07/01/24 | T.J. Peterson | Gulf Pipe Line Co. & Gulf Production Co. | 112 | 13 |
| 07/24/24 | W.O. Richards, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 112 | 15 |
| 07/01/24 | Wm. B. Worthham | Gulf Pipe Line Co. & Gulf Production Co. | 112 | 10 |
| 07/02/24 | D.M. McDuffie | Gulf Pipe Line Co. & Gulf Production Co. | 112 | 25 |
| 07/02/24 | W.B. Melton, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 112 | 8 |
| 07/03/24 | Max W. Hart | Gulf Pipe Line Co. & Gulf Production Co. | 112 | 11 |
| 07/14/24 | Mrs. Annie Mullins, Ind. et al. | Gulf Pipe Line Co. & Gulf Production Co. | 112 | 37 |
| Replaced by: | | | | |
| 01/19/01 | Acme Brick Company | Lancer Resources Company | 1575 | 80 |
| 07/16/24 | R.H. Burns, et al. | Gulf Pipe Line Co. & Gulf Production Co. | 112 | 81 |
| 04/28/25 | G.A. Blount | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 134 |
| 04/28/25 | G.A. Blount | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 134 |
| 04/28/25 | G.A. Blount | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 134 |
| 04/28/25 | G.A. Blount | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 134 |
| 04/28/25 | G.A. Blount | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 134 |
| 04/28/25 | G.A. Blount | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 134 |
| 04/28/25 | G.A. Blount | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 134 |
| 04/28/25 | G.A. Blount | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 134 |
| 04/28/25 | G.A. Blount | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 134 |
| 04/28/25 | G.E. Stripling | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 130 |

4

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS  August 15, 2017.  Jennifer L. Fountain, County Clerk

Deputy:

P5-0044

## EXHIBIT "B-3"
Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

### Nacogdoches County, Texas

| | | | | |
|---|---|---|---|---|
| 04/28/25 | G.W. Tillery, Jr., | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 131 |
| 04/29/25 | Mrs. F.W. Halacher | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 135 |
| 04/30/25 | Itasca P. Blount | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 132 |
| 05/05/25 | J. Thos. Hall | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 168 |
| 05/07/25 | L.L. Martin , et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 182 |
| 05/08/25 | R.A. Hall | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 191 |
| 05/08/25 | Mrs. A.L. Ramsey, et al. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 219 |
| 05/09/25 | Josh Henson | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 229 |
| 05/09/25 | G.L. Olds, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 206 |
| 05/11/25 | Robert Berger | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 177 |
| 05/11/25 | Anna Brewer, Ind. and as Gdn. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 179 |
| 05/11/25 | R.J. Christian, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 172 |
| 05/11/25 | Rho Cox | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 178 |
| 05/11/25 | Josh Henson | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 165 |
| 05/11/25 | J.M. Miller, et al. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 175 |
| 05/11/25 | Nacogdoches Ice Cream Co. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 171 |
| 05/11/25 | R. Partin, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 184 |
| 05/11/25 | Marion Earl Reid, et al. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 166 |
| 05/11/25 | Edwin Tillery | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 169 |
| 05/12/25 | A. Bockman, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 181 |
| 05/12/25 | A.T. Garrard et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 193 |

5

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS  August 15, 2017.  Jennifer L. Fountain, County Clerk

Deputy

P5-0045

## EXHIBIT "B-3"
### Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

<u>Nacogdoches County, Texas</u>

| | | | | |
|---|---|---|---|---|
| 05/12/25 | Mrs. W.V Loveless | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 195 |
| 05/12/25 | L.B. Mast, et al. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 237 |
| As Amended by | | | | |
| 05/29/2002 | AT Mast III, John C Mast, Patricia Mast George, & HGT Group, LP | Lancer Resources Company | 1747 | 97 |
| 05/12/25 | J.T. Smith, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 221 |
| 05/12/25 | I.L. Sturdevant | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 174 |
| 05/13/25 | Mrs. Julia Curl | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 218 |
| 05/13/25 | Geo. T. McNess | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 192 |
| 05/13/25 | J.W. Millard | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 215 |
| 05/14/25 | R. Partin, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 209 |
| 05/14/25 | Bill Thorn, et al. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 232 |
| 05/14/25 | Jim W. Weatherly, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 227 |
| 05/15/25 | Itasca P. Blount | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 216 |
| 05/15/25 | G. W Falkner, | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 231 |
| 05/15/25 | Bob T. Millard, et al. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 149 |
| 05/15/25 | Bob T. Millard, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 225 |
| 05/15/25 | L.S. Taylor, et al. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 474 |
| As Amended By: | | | | |
| 07/01/99 | Nacogdoches Trade Days, L.C. | Lancer Resources Company | 1371 | 169 |
| 05/19/25 | Mrs. Jessie Greer | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 235 |
| 05/21/25 | J.R. Gray, et al. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 234 |

6

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS August 15, 2017.  Jennifer L. Fountain, County Clerk

Machelle Latham

Deputy  P5-0046

EXHIBIT "B-3"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

Nacogdoches County, Texas

| | | | | |
|---|---|---|---|---|
| 05/29/25 | Ollie Falkner, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 259 |
| 05/29/25 | Alex Fears, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 261 |
| 07/31/25 | Mrs. Elma Armfield | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 326 |
| As Amended By: | | | | |
| 04/23/99 | Cendant Mobility Services Corp. | Lancer Resources Company | 1331 | 24 |
| 07/31/25 | T.L. Blackshear | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 335 |
| 07/31/25 | Dixon Greer | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 328 |
| As Amended By: | | | | |
| 04/23/99 | Cendant Mobility Services Corp. | Lancer Resources Company | 1331 | 24 |
| 07/01/25 | E. S. Greer, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 329 |
| 07/31/25 | R.C. White | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 333 |
| 08/01/25 | W.C. Howard | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 330 |
| 08/01/25 | C.H. Muckelroy, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 336 |
| 08/01/25 | Mrs. J.W. Strode | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 339 |
| 08/01/25 | J.F. Wagner, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 332 |
| 08/06/25 | C.H. Loeckle | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 341 |
| 08/21/25 | James D. Greer | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 371 |
| 08/21/25 | J.D. Skeeters | Gulf Pipe Line Co. & Gulf Production Co. | 114 | 369 |
| 02/23/25 | George W. Tillery, Jr., Gdn., et al. | Gulf Pipe Line Co. & Gulf Production Co. | | |
| 11/22/26 | J.E. Garrett | Gulf Pipe Line Co. & Gulf Production Co. | 117 | 241 |
| 05/09/28 | Mrs. A. L. Ramsey, Gdn., et al. | Gulf Pipe Line Co. | 122 | 213 |
| 07/02/28 | J.H. Summers, Jr. | Gulf Pipe Line Co. & Gulf Production Co. | 122 | 234 |
| 09/10/29 | J.H. Franklin, et al. | Gulf Pipe Line Co. & Gulf Production Co. | 126 | 52 |

7

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS August 15, 2017. Jennifer L. Fountain, County Clerk

Machelle Latham
Deputy

P5-0047

EXHIBIT "B-3"
Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

## Nacogdoches County, Texas

| Date | Grantor | Grantee | | |
|------|---------|---------|---|---|
| 11/27/34 | Rosa Prince, et al. | Gulf Pipe Line Co. & Gulf Production Co. | 138 | 306 |
| 06/03/42 | Ollie Falkner, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 157 | 527 |
| 06/03/42 | Dock Sexton, et al. | Gulf Pipe Line Co. & Gulf Production Co. | 157 | 529 |
| 06/04/42 | Thos.E. Baker | Gulf Pipe Line Co. & Gulf Production Co. | 157 | 530 |
| 06/04/42 | W. W Falkner, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 157 | 520 |
| 06/04/42 | W.F. Greer, et al. | Gulf Pipe Line Co. & Gulf Production Co. | 157 | 517 |
| 06/04/42 | L. B. Mast ,et al. | Gulf Pipe Line Co. & Gulf Production Co. | 157 | 519 |
| 07/18/42 | State Hwy. Dept. | Gulf Refining Co. | | |
| 07/18/42 | State Hwy. Dept. | Gulf Refining Co. | | |
| 10/28/42 | J. R. Gray, et al. | Gulf Pipe Line Co. & Gulf Production Co. | 160 | 323 |
| 05/24/49 | State Hwy. Dept. | Gulf Refining Co. | | |
| 10/08/49 | State Hwy. Dept. | Gulf Refining Co. | | |
| 12/04/51 | Thomas E. Laird, et ux. | Gulf Refining Co. | 223 | 369 |
| 10/19/54 | Texas Hwy. Dept. | Gulf Refining Co. | | |
| 09/03/59 | J.W. Sutton, et al. | Texas Eastern Transmission Corp. | 285 | 32 |
| 11/02/59 | Gulf Refining Company | Texas Eastern Transmission Corp. | 285 | 581 |
| 11/02/59 | Gulf Refining Company | Texas Eastern Transmission Corp. | 285 | 581 |
| 03/02/60 | Gulf Refining Co. and Texas & New Orleans RR Co. | Texas Eastern Transmission Corp. | | N/R |
| 03/02/60 | Gulf Refining Co. and Texas & New Orleans RR Co. | Texas Eastern Transmission Corp. | | N/R |
| 12/18/64 | Texas Hwy. Dept. | Texas Eastern Transmission Corp. | | |
| 01/17/69 | Texas Eastern Transmission | E.W. Roark | 353 | 741 |
| 12/12/73 | Moore Business Forms, Inc. | Texas Eastern Transmission Corp. | 387 | 349 |
| 01/13/76 | Bethel Baptist Church | Texas Eastern Transmission Corp. | 404 | 254 |

8

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS  August 15, 2017.  Jennifer L. Fountain, County Clerk



Deputy    P5-0048

EXHIBIT "B-3"
Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

Nacogdoches County, Texas

| | | | | |
|---|---|---|---|---|
| 05/29/81 | Lenvel Standland, et al. | Texas Eastern Transmission Corp. | 465 | 124 |
| 02/16/83 | Big Red Enterprises, Inc. | Texas Eastern Transmission Corp. | 485 | 211 |
| 02/21/83 | Glenn Layton | Texas Eastern Transmission Corp. | 485 | 205 |
| 03/03/83 | East Texas Portable Building Co. | Texas Eastern Transmission Corp. | 485 | 200 |

9

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS August 15, 2017. Jennifer L. Fountain, County Clerk

Deputy

P5-0049

## EXHIBIT "B-4"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

### Angelina County, Texas

| Date | Grantor | Grantee | Book | Page |
|------|---------|---------|------|------|
| 07/02/10 | W.H. Bonner | Gulf Pipe Line Co. | 40 | 543 |
| 07/02/10 | W.F. Heaton | Gulf Pipe Line Co. | 30 | 421 |
| 07/02/10 | M.A. Modissett, et. al. | Gulf Pipe Line Co. | 30 | 100 |
| 07/04/10 | Andy Modissett | Gulf Pipe Line Co. | 30 | 43 |
| 07/06/10 | J.L. Calvert | Gulf Pipe Line Co. | 30 | 44 |
| 02/27/14 | W.E. Massingill | Gulf Pipe Line Co. | 35 | 677 |
| 02/27/14 | J.C. Modissett, et ux. | Gulf Pipe Line Co. | 35 | 678 |
| 02/27/14 | M.A. Modissett, et. al. | Gulf Pipe Line Co. | 35 | 679 |
| 03/04/14 | J.W. Spears | Gulf Pipe Line Co. | 35 | 680 |
| 03/27/14 | W.F. Heaton, et ux. | Gulf Pipe Line Co. | 35 | 681 |
| 04/25/25 | E.C. Heaton, et al. | Gulf Pipe Line Co. & Gulf Production Co. | 63 | 157 |
| 04/25/25 | Mrs. W.E. Massingill | Gulf Pipe Line Co. & Gulf Production Co. | 63 | 160 |
| 04/25/25 | Mrs. Martha A Modisett | Gulf Pipe Line Co. & Gulf Production Co. | 63 | 159 |
| 04/25/25 | J.W Spears | Gulf Pipe Line Co. & Gulf Production Co. | 63 | 158 |
| 04/29/25 | J.C. Modisett, et ux. | Gulf Pipe Line Co. & Gulf Production Co. | 63 | 175 |
| 06/02/42 | J.C. Modisett, et ux. | Gulf Refining Co. & Gulf Oil Corp. | 101 | 204 |
| 08/29/50 | Texas Hwy. Dept. | Gulf Refining Co. | | |
| 12/02/59 | Gulf Refining Co. | Texas Eastern Transmission Corp. | 236 | 584 |

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS August 15, 2017. Jennifer L. Fountain, County Clerk

Deputy

P5-0050

EXHIBIT "B-5"
Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

EXCEPTIONS AS NOTED
IN 1992 TEPCO TO LANCER PURCHASE AGREEMENT
Nacogdoches County, Texas

1.  Tracts 20, 21, 26, 46 and 67 in Nacogdoches County, Texas involve easements
    that have been released prior to the date of the Purchase and Sale Agreement or
    from which the pipe has been removed prior to the date of this Agreement.

2.  (A)  Amendatory Agreement ("Agreement"), dated 1/13/76, between Bethel
    Baptist Church, by Trustees ("Bethel"), and Texas Eastern Transmission
    Corporation ("Corporation"), recorded in Volume 404, Page 254, Deed Records,
    Nacogdoches County, Texas.  Said Agreement amends three easements recorded
    in Volume 74, Page 8, Volume 82, Page 410 and Volume 114, Page 369, whereby
    Corporation agrees to remove its existing pipeline from that portion of the
    property owned by Bethel and Bethel grants to Corporation an alternate right of
    way within a portion of land for future pipeline construction, subject to stated
    conditions.

    (B)  Amendatory Agreement ("Agreement"), dated 03/03/83, between East Texas
    Portable Building Co., Inc. ("Owner"), and Texas Eastern Transmission
    Corporation ("Corporation"), recorded in Volume 485, Page 200, Deed Records,
    Nacogdoches County, Texas.  Said Agreement amends easement recorded in
    Volume 114, Page 117, whereby Corporation agrees to re-route the pipeline and
    restrict easement to centerline as described therein, subject to certain rights
    reserved by Owner, as related to potential development of lands by Owner.

    (C)  Amendatory Agreement ("Agreement"), dated 02/21/83, between Glenn
    Layton ("Owner"), and Texas Eastern Transmission Corporation ("Corporation"),
    recorded in Volume 485, Page 205, Deed Records, Nacogdoches County, Texas.
    Said Agreement amends easement recorded in Volume 114, Page 117, whereby
    Corporation agrees to re-route the pipeline and restrict easement to centerline as
    described therein, subject to certain rights reserved by Owner, as related to
    potential development of lands by Owner.

    (D)  Amendatory Agreement ("Agreement"), dated 02/16/83, between Big Red
    Enterprises, Inc. ("Owner"), and Texas Eastern Transmission Corporation
    ("Corporation"), recorded in Volume 485, Page 211, Deed Records, Nacogdoches
    County, Texas.  Said Agreement amends easement recorded in Volume 114, Page
    177, whereby Corporation agrees to re-route the pipeline and restrict easement to
    centerline as described therein, subject to certain rights reserved by Owner, as
    related to potential development of lands by Owner.

    (E)  Amendatory Agreement ("Agreement"), dated 05/29/81, between Lenvel
    Stanaland, et al. ("Owners"), and Texas Eastern Transmission Corporation

1

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in
Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS  August 15, 2017.  Jennifer L. Fountain, County Clerk

## EXHIBIT "B-5"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

("Corporation"), recorded in Volume 465, Page 124, Deed Records, Nacogdoches County, Texas. Said Agreement amends easement recorded in Volume 114, Page 174, whereby Corporation agrees to (i) cut and seal pipeline, (ii) Owners may then remove pipe and will own pipe, (iii) after removal of pipe Owners will be free to mine the sand and (iv) the easement of Corporation is restricted to centerline as described therein.

(F) Amendatory Agreement ("Agreement"), dated 12/12/73, between Moore Business Forms, Inc. ("Moore"), and Texas Eastern Transmission Corporation ("Corporation"), recorded in Volume 387, Page 349, Deed Records, Nacogdoches County, Texas. Said Agreement amends easement recorded in Volume 114, Page 149 and Volume 114, Page 239, whereby Corporation agrees to confine the right of way to centerline described therein and to abandon its existing 8" pipeline as it lies on the property owned by Moore.

(G) Partial Release, dated 1/17/69, from Texas Eastern Transmission Corporation ("Corporation") to E.W. Roark ("Owner"), recorded in Volume 353, Page 741, Deed Records, Nacogdoches County, Texas. Said Partial Release releases that portion of lands covered by Easements recorded in Volume 114, Page 166 and Volume 114, Page 168 which lies south of Texas State Highway 7 and describes the centerline of new right of way,

2

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS August 15, 2017. Jennifer L. Fountain, County Clerk

## EXHIBIT "B-6"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

## AMENDMENTS, RELEASES AND NEW RIGHTS OF WAYS AND EASEMENTS SINCE TEPCO TO LANCER SALE
Nacogdoches, Rusk and Shelby Counties

(1) Amended and Restated Release, Abandonment and Relocation of Easement, dated 04/23/99, between Cendant Mobility Services Corporation, ("Cendant"), and Lancer Resources Company, ("Lancer"), recorded in Volume 1331, Page 24, Deed Records, Nacogdoches County, Texas. Said Agreement amends easements recorded in Volume 72, Pages 629-630, Volume 82, Page 394-395, Volume 114, Page 328, Volume 74, Page 58, Volume 72, Page 630, Volume 82, Page 395, and Volume 114, Pages 326-327, whereby Lancer agrees to release a portion of the easements and relocate the existing easement around the perimeter boundary of the 5.65 acre tract.

(2) Amendment to Right of Way Agreement, effective July 1, 1999 by and between Lancer Resources Company and Nacogdoches Trade Days, LLC, recorded in Volume 1371, Page 169, whereby Lancer agrees to limit the right of way to a 20' permanent right of way and Lancer retained the right to utilize reasonable work space for the installation of a new pipeline or the replacement of the existing pipeline.

(3) Release of Easement, dated 01/19/2001, between Acme Brick Company, ("Acme"), and Lancer Resources Company, ("Lancer"), recorded in Volume 1560, Page 315, Deed Records, Nacogdoches County, Texas and Volume 2245, Page 656, Official Public Records, Rusk County, Texas. Said Agreement amends easement recorded in Volume 112, Page 37, whereby Lancer agrees to release easement in exchange for new Pipeline Right of Way Easement described below.

(4) Pipeline Right of Way Easement, dated 01/19/2001, between Lancer Resources Company, ("Lancer"), and Acme Brick Company, ("Acme"), recorded in Volume 1575, Page 80, Deed Records, Nacogdoches County, Texas and at Volume 2252, Page 355, Deed Records, Rusk County, Texas. Said agreement grants easement to Lancer as described in Agreement.

(5) Release, Abandonment and Relocation of Easement, effective 05/01/2002, between A.T. Mast III, John C. Mast, Patricia Mast George, ("Mast"), and Lancer Resources Company, ("Lancer"), recorded in Volume 1747, Page 97, Deed Records, Nacogdoches County, Texas. Said agreement amends easements recorded in Volume 114, Pages 237-238 of the Deed Records of Nacogdoches County, Texas and relocated easement as described in Agreement.

1

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS August 15, 2017. Jennifer L. Fountain, County Clerk
Deputy

P5-0053

### EXHIBIT "B-6"
Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

(6) Ratification of Right of Way Agreement by and between Florence J. Bowlin, Linda K. Knight and Robert D. Templin and The Express Gas Pipeline, L.P. dated May 11, 2011 and filed of record at Document Number 2011003582 of the Shelby County Deed Records ("SCDR") and the Letter Agreement referenced therein. Said agreement amends an easement recorded in Volume 126, Page 539, et seq., of the SCDR as described in said Letter Agreement.

(7) Agreed Judgment in Cause No. 09CV30,712 styled *Donald Lewis Scrimsher and Chhavy Khorn v. The Express Gas Pipeline, L.P.* in the District Court of Shelby County Texas and filed at Document Number 2011003023 of the SCDR and the Ratification of Right of Way Agreement by and between Donald Lewis Scrimsher and Chhavy Khourn and The Express Gas Pipeline. L.P. dated March 8, 2011 and filed of record at Document Number 2011003024 of the SCDR and the Agreement referenced in said Ratification. Said Agreement, and the subsequent Addendum thereto, amends easements recorded in Volume 131, Page 137, et seq., and Volume 126, Page 503, et seq., of the SCDR as described in said Agreement.

(8) Agreed Judgment in Cause No. 09CV30,448 styled *Steve Biel and wife Regina Biel v. The Express Gas Pipeline, L.P.* in the District Court of Shelby County Texas and filed at Document Number 20100013501 of the SCDR and the Ratification of Right of Way Agreement by and between Steve Biel and Regina Biel and The Express Gas Pipeline, L.P. dated October 30, 2010 and filed of record at Document Number 20100013500 of the SCDR and the Agreement referenced in said Ratification. Said Agreement, and the subsequent Addendum thereto dated November 15, 2013, amends an easement recorded in Volume 127, Page 54, et seq., of the SCDR as described in said Agreement.

(9) Ratification of Right of Way Agreement by and between Steve Cockrell, Truitt Cockrell and Carolyn Cockrell Daw and The Express Gas Pipeline, L.P. dated May 27, 2015 and filed of record at Document Number 2015002621 of the SCDR and the Agreement referenced in said Ratification dated June 26, 2015. Said Agreement amends easements recorded in Volume 127, Page 142, et seq., and Volume 124, Page 479, et seq., of the SCDR as described in said Agreement.

(10) Ratification of Right of Way Agreement by and between Cecil McCune and Deborah J. McCune and The Express Gas Pipeline, L.P. dated May 27, 2015 and filed of record at Document Number 2015002620 of the SCDR and the Agreement referenced in said Ratification dated May 25, 2015. Said Agreement amends easements recorded in Volume 126, Page 528, et seq., and Volume 127, Page 138, et seq., of the SCDR as described in said Agreement.

2

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS August 15, 2017. Jennifer L. Fountain, County Clerk

*Machelle Latham*  Deputy

P5-0054

EXHIBIT "B-6"

Attached hereto and made a part of that certain
Purchase & Sale Agreement dated this 14th day of August, 2017, between The Express
Gas Pipeline, LP and Black Duck Properties, LLC

(11) Letter Agreement by and between Classic Hydrocarbons Operating, Inc. and
The Express Gas Pipeline, L.P. dated April 18, 2012 regarding the re-routing
of the 8" pipeline around the Widdon Gas Unit #2 pad site location and the
R&M Farms Unit #3 pad site location in Shelby County, Texas.

**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS

*Jennifer L. Fountain*

Jennifer L. Fountain, County Clerk
Shelby County, Texas
August 15, 2017 09:49:41 AM
FEE: $154.00 MLATHAN
CO                              2017002756

STATE OF TEXAS
COUNTY OF SHELBY COUNTY
I, Jennifer L. Fountain, County Clerk of Shelby County, Texas
do hereby certify that the foregoing is a true and correct copy
of the instrument as the same appears of record in my office in
Vol. _____ Page _____ as in _____ as Number
2017002756 _____ O.P.R.
Records of Shelby County, Texas.
Witness my Office hand and seal of office this 8/15/17
JENNIFER L. FOUNTAIN, COUNTY CLERK,
SHELBY COUNTY, TEXAS
BY: _____ DEPUTY

3

I do hereby certify this to be a true copy of the attached document filed and recorded in Shelby County, TX, as evidenced in
Instrument 2017002756.

WITNESS MY HAND AND OFFICIAL SEAL, THIS August 15, 2017. Jennifer L. Fountain, County Clerk

_____
Deputy

**P5-0055**

Nacogdoches County
June Clifton
Nacogdoches County Clerk
Nacogdoches, Texas 75961



70 2017 00008120

Instrument Number: 2017-8120

As

Recorded On: November 03, 2017                     Recording

Parties: TEXAS PARKS & WILDLIFE DEPARTMENT              Billable Pages: 14

To      WESTLAKE CHEMICAL OPCO LP                      Number of Pages: 15

Comment: EASEMENT

( Parties listed above are for Clerks reference only )

** THIS IS NOT A BILL **

Recording                    78.00

  Total Recording:           78.00

*********** DO NOT REMOVE. THIS PAGE IS PART OF THE INSTRUMENT ***********

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

File Information:                          Record and Return To:
  Document Number: 2017-8120                 BUCKEYE PATNERS LP
  Receipt Number: 120734                     ATTN:  DANIEL MANGUM
  Recorded Date/Time: November 03, 2017 04:29:32P      ONE GREENWAY PLAZA, SUITE 600
  Book-Vol/Pg: BK-OPR  VL-4668  PG-55        HOUSTON TX 77046
  User / Station: J Allen - Cash Station 02



I hereby certify that this instrument was filed on the date
and time stamped here on and was duly recorded in the
Official Public Records in Nacogdoches County, Texas

*June Clifton*

JUNE CLIFTON
NACOGDOCHES COUNTY CLERK        Exhibit 2

**P5-0056**

### EASEMENT ON TEXAS PARKS AND WILDLIFE DEPARTMENT LAND
#### (Renewal of former ME970024 through Texas General Land Office)
#### Miscellaneous Easement No. 970024

STATE OF TEXAS      §

                                     KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF NACOGDOCHES     §

This easement (Agreement) renewal is granted by virtue of the authority provided in Section 11.301, TEXAS PARKS & WILDLIFE CODE, and all other applicable statutes and rules, as the same may be amended from time to time, and is subject to all applicable regulations promulgated from time to time.

### ARTICLE I. PREMISES

1.01. In consideration of the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the TEXAS PARKS AND WILDLIFE DEPARTMENT, whose address is 4200 Smith School Road, Austin, Texas, 78744 ("Grantor"), hereby grants to Westlake Chemical OpCo LP, 2801 Post Oak Blvd., Houston, Texas 77056, with phone for company contact - David Williams, 903-242-7519 or 903-806-9505, ("Grantee"), a non-exclusive easement for the purposes identified herein for one (1) 10.75 inch O.D. pipeline, for the purpose of transporting petrochemical products (the "Improvements").

1.02. The easement is located on Texas Parks and Wildlife Department land known as the Alazan Bayou Wildlife Management Area (ABWMA), Nacogdoches County, Texas. The easement tract is a 649.74 rods long and thirty-five (35) feet wide right-of-way, being (17.5) feet on either side of a centerline of the pipeline, as more particularly described in the Vicinity Map attached hereto as Exhibit A and the Centerline Description attached hereto as Exhibit B, both of which are attached hereto and incorporated herein for all purposes by this reference (the "Premises").

1.03 GRANTEE HAS INSPECTED THE PHYSICAL AND TOPOGRAPHIC CONDITION OF THE PREMISES AND ACCEPTS THE SAME "AS IS", IN ITS EXISTING PHYSICAL AND TOPOGRAPHIC CONDITION. GRANTOR DISCLAIMS ANY AND ALL WARRANTIES OF HABITABILITY, MERCHANTABILITY, SUITABILITY, FITNESS FOR ANY PURPOSE, AND ANY OTHER WARRANTY WHATSOEVER NOT EXPRESSLY SET FORTH IN THIS AGREEMENT. GRANTOR AND GRANTEE HEREBY AGREE AND ACKNOWLEDGE THAT THE USE OF THE TERM "GRANT" IN NO WAY IMPLIES THAT THE EASEMENT GRANTED HEREIN IS FREE OF LIENS, ENCUMBRANCES AND/OR PRIOR RIGHTS. GRANTEE ACKNOWLEDGES THAT IT IS NOT RELYING UPON ANY REPRESENTATION, WARRANTY, STATEMENT OR OTHER ASSERTION OF GRANTOR; OR ANY OFFICIAL, AGENT, REPRESENTATIVE OR EMPLOYEE OF GRANTOR, WITH RESPECT TO THE PROPERTY CONDITION, BUT IS RELYING ON GRANTEE'S OWN EXAMINATION OF THE PROPERTY. NOTICE IS HEREBY GIVEN TO GRANTEE THAT ANY PRIOR GRANT AND/OR ENCUMBRANCE MAY BE OF RECORD AND GRANTEE IS ADVISED TO EXAMINE ALL LAND TITLE RECORDS OF THE COUNTY IN WHICH THE PREMISES ARE LOCATED. THE PROVISIONS OF THIS SECTION 1.03 SHALL SURVIVE THE EXPIRATION OR EARLIER TERMINATION OF THIS EASEMENT.

## ARTICLE II. TERM

2.01.  This Agreement is for ten (10) years beginning January 1, 2017 and terminating on December 31, 2027, unless earlier terminated as provided herein and provided the terms of this agreement have not been violated by Grantee.  Grantor and Grantee agree that this Agreement shall automatically terminate if Grantee ceases to use the Premises for the purposes set forth in Article IV hereof.

## ARTICLE III. CONSIDERATION

3.01    For the ten-year term of this Agreement, beginning January 1, 2017, the following amount will be due from Grantee to Grantor as damages for ongoing loss of habitat, lost productivity to fish and wildlife resources and loss of recreational opportunity to the public on the state's wildlife management area: One Hundred Seventy Four Thousand, Six Hundred Seventeen and 63/100 Dollars ($174,617.63), payable in goods and services or cash payment, at the discretion of the Area Manager.

Goods and services will be used by the Department at the discretion of the Area Manager.  Goods and services shall consist of supplies, materials, equipment, vehicles, infrastructure and habitat enhancements for use on the wildlife management areas, or real property acquisition as specified by the Area Manager, 8096 FM 2782, Nacogdoches, Texas 75964.  Vouchers submitted to the Grantee for payment of goods and services shall be for amounts no less than $500.00.  Grantee shall make funds available for expenditure on goods and services for the term of the easement.  Unencumbered funds remaining following termination of easements shall be remitted to Grantor for deposit in Fund 009.

3.02.   Grantee shall pay and discharge any and all taxes, general and special assessments, and other charges which may be levied on or against the Premises or any improvements on account of Grantee's use of the Premises.  Grantee shall pay such taxes, charges and assessments 15 days prior to the date of delinquency thereof directly to the authority or official charged with the collection thereof.  Notwithstanding the foregoing, Grantor shall provide Grantee written notice of any delinquency of which Grantor is aware and Grantee will pay such delinquency immediately.

3.03.   Grantee agrees to and shall protect and hold Grantor harmless from liability for any and all such taxes, charges, and assessments, together with any penalties and interest thereon, and from any sale or other proceedings to enforce payment thereof.  Grantee shall have the right, in good faith, at its sole cost and expense, to contest any such taxes, charges or assessments.

3.04.   All sums provided to be paid by Grantee hereunder shall be due and payable without demand or notice by Grantor.

## ARTICLE IV. USE

4.01.   Subject to the terms and conditions of this Agreement, Grantee (the term "Grantee" includes Grantee's officers, representatives, employees, agents, contractors, and subcontractors throughout this Agreement) shall have the right to use the Premises, together with the right of ingress and egress through ABWMA, solely to maintain, operate and repair the Improvements.  Grantee shall not use the Premises or ABWMA for any other purpose without first obtaining the written consent of Grantor.  Grantee shall not upgrade, or add an additional pipeline or pipelines, utilities or infrastructure without the written consent of Grantor, and shall be subject to a surface use agreement and/or an amendment to this easement, subject to the terms and conditions for TPWD easements in effect at the time.

**P5-0058**

4.02.   Grantor, its officers, representatives, employees and agents shall have the right to enter upon the Premises at all reasonable times for the purpose of inspection and for any other reasonable purpose necessary to protect Grantor's interests therein. Further, Grantor shall have the right to use any or all of the Premises for any purpose not inconsistent with this Agreement.

4.03.   Grantee shall not use, or permit the use of, the Premises or ABWMA for any illegal purpose. Grantee shall comply, and cause its officers, employees, representatives, agents, contractors, subcontractors and invitees to comply, with the provisions of this Agreement and all applicable laws, ordinances, rules and regulations of authorities with jurisdiction over Grantee's activities or use of the Premises or ABWMA. Grantee shall continue to maintain the road access to the pipeline, constructed by the Grantee to accommodate access by two-wheel drive vehicles, including adding culverts, all-weather road base material, and other maintenance as necessary.

4.04.   Grantee shall not assign or sublease the Premises, or the rights granted herein, in whole or in part, to any third party for any purpose without the prior written consent of Grantor.

### ARTICLE V. OPERATION

5.01.   Subject to the terms and conditions set forth below, Grantee shall have the right to maintain, operate and repair the Improvements on the Premises in accordance with the terms and conditions of this Agreement.

5.02.   The location of the Premises is fixed at the location of the existing pipeline facility as described and depicted in Exhibits "A" and "B", and shall not change without the prior written consent of the Grantor.

5.03.   In accomplishing any installation, construction, maintenance, repair or operation of the Improvements, Grantee agrees to comply with the terms and conditions set forth and with the following special conditions:

    a.  Grantee shall operate, maintain and repair the Improvements in a manner that results in the least possible disturbance to soils, vegetation and surrounding property.  Grantee shall not operate vehicles off established roadways or conduct surface-disturbing activities, including maintenance, repair, replacement, or inspection activities, except in accordance with a surface use agreement signed by Grantor. For reasons of safety and security, Grantee shall provide notice to, and receive consent from the ABWMA manager before Grantee's representatives, employees, agents, contractors, or subcontractors access the ABWMA, which consent shall not be unreasonably withheld;

    b.  Except as may be required by the governing body having jurisdiction over the pipeline and its operation, this easement is to be considered as a "no mow" easement. No clearing, mowing or other disturbance of vegetation or soils is allowed within this easement, unless approved in writing by the Project Leader or Area Manager for the ABWMA. If approved in writing, Grantee may clear natural vegetation only to the extent that it poses a hazard or hindrance to public safety or operation of the Improvements;

    c.  Grantee shall not dispose of brush and other materials cleared from the Premises except by methods approved by Grantor. In no instance shall such materials be burned;

    d.  Grantee shall leave a screen of natural vegetation where the Premises would otherwise be visible from any road or highway;

    e.  Grantee shall exercise care in the operation, maintenance and repair of the Improvements so as to cause the least possible amount of disturbance to natural features, or to constructed features;

    f.  Grantee shall use appropriate efforts and safeguards to prevent pollution of air, ground and water in and around the Premises; and to comply with all applicable rules and regulations of the State of Texas, and the federal government including, without limitation, the Texas Parks & Wildlife Department and other authorities with jurisdiction over the Premises and ABWMA for the protection and preservation of public lands and waters;

    g.  Grantee shall correct or repair damages resulting from activities authorized hereunder in a manner satisfactory to the Grantor or its designated representative;

h. Grantee shall repair or replace any road, fence, bridge, building or other structure, other than Grantee's own structures, damaged or destroyed by Grantee's activities on the Premises or ABWMA, and shall remove any equipment, structures, vehicles or other materials not in use or continually serving as functional components of the Improvements;

i. Grantee shall comply with all applicable federal, state and local statutes, rules and regulations, and generally accepted industry practices and standards presently in force and as amended, superseded or replaced in the future;

j. Grantee shall avoid disturbance to nesting waterbirds during the period of February 15th to September 1st.

5.04. Grantee shall notify any contractor performing work or services related to this Agreement of all general and special conditions applicable to such work or services and shall provide Grantor with a copy of such notice. Further, Grantee shall be liable for any action of such contractor or its subcontractor which is inconsistent with the provisions of this Agreement.

5.05. Grantee shall provide written notice to Grantor of planned installation, construction, maintenance, or repairs at least 48 hours in advance of the initiation of such activity so that Grantor may adjust its own operation or public activities on or near the Premises. Grantee will leave gates open, closed, locked or unlocked, the same as they are found, at all times.

5.06. Grantee shall be fully liable and responsible for any damage to the Premises and ABWMA, the Improvements, or any other property of any nature, arising or resulting from its use of the Premises or ABWMA, its own acts or omissions, or those of its officers, representatives, employees, agents, contractors, subcontractors and invitees, related to the exercise of the rights granted herein. Grantee agrees to repair or replace, as required, such damage to land or Improvements to the reasonable satisfaction of Grantor, or, at Grantor's option, to compensate Grantor for a reasonable amount for such damage. In the event of an incident that results in pollution of the Premises and/or the adjacent property of Grantor or others, Grantee shall use all reasonable measures available to recapture any pollutants which have escaped or may escape. THE PROVISIONS OF THIS SECTION SHALL SURVIVE EXPIRATION OR EARLIER TERMINATION OF THIS AGREEMENT.

## ARTICLE VI. INDEMNITY

6.01 **GRANTEE SHALL BE FULLY LIABLE AND RESPONSIBLE FOR ANY DAMAGE, OF ANY NATURE, ARISING OR RESULTING FROM OR ATTRIBUTABLE TO GRANTEE'S USE GRANTED HEREIN OR THE ACTS OR OMISSIONS OF GRANTEE, ITS AGENTS OR CONTRACTORS RELATED TO GRANTEE'S EXERCISE OF THE RIGHTS GRANTED HEREIN. GRANTEE AGREES TO AND SHALL INDEMNIFY AND HOLD THE GRANTOR, THE GRANTOR'S OFFICERS, AGENTS, AND EMPLOYEES, HARMLESS FROM AND AGAINST CLAIMS, SUIT, COSTS, LIABILITY OR DAMAGES OF ANY KIND, INCLUDING STRICT LIABILITY CLAIMS, COSTS OF COURT, ATTORNEY'S FEES AND COSTS OF INVESTIGATION OR EXPERTS, WITHOUT LIMIT AND WITHOUT REGARD TO CAUSE OF THE DAMAGE OR THE NEGLIGENCE OF ANY PARTY (EXCEPT TO THE EXTENT OF THE PROPORTIONATE NEGLIGENCE OR WILLFUL MISCONDUCT OF THE GRANTOR, THE GRANTOR'S OFFICERS, AGENTS, EMPLOYEES, OR CONTRACTORS) ARISING DIRECTLY OR INDIRECTLY FROM OR ATTRIBUTABLE TO GRANTEE'S USE OF THE PREMISES (INCLUDING ABWMA AND ANY ADJACENT OR CONTIGUOUS LAND) OR FROM ANY BREACH BY GRANTEE OF THE TERMS, COVENANTS OR CONDITIONS CONTAINED HEREIN. THE PROVISIONS OF THIS SECTION SHALL SURVIVE EXPIRATION OR EARLIER TERMINATION OF THIS AGREEMENT.**

## ARTICLE VII.  DEFAULT AND TERMINATION

7.01.  In the event that Grantee fails to comply with any of the covenants, conditions, terms, undertakings or provisions hereof, Grantor shall notify Grantee in writing of said default and Grantee shall have thirty (30) days to cure the default; provided however if any such default requires work to be performed, acts to be done or conditions to be remedied which, by their nature, cannot be performed, done, or remedied within said period, then Grantee is deemed in compliance if Grantee commences same within said period and thereafter diligently and continuously prosecutes the same to completion.  Further, no waiver of any default, breach or noncompliance with respect to any of the covenants, conditions, undertakings or provisions hereof which may be given by Grantor shall operate as a waiver of any subsequent or different breach or default or as a waiver of Grantor's rights under this paragraph.

7.02.  Each of the following acts by Grantee shall constitute an event of default and termination hereunder:

   a.  Abandonment or vacating of the Improvements or Premises or any significant part thereof.

   b.  Bankruptcy, insolvency or other such act resulting in the appointment of a receiver, liquidator, custodian, or other such fiduciary charged with liquidating or winding-up of Grantee's affairs.

   c.  Material noncompliance with the Agreement after notice and opportunity to cure as provided in sec. 7.01.

   d.  Nonpayment pursuant to section 3.01.

7.03.  Except as otherwise provided in subsection 7.04, Grantee shall, within one hundred twenty (120) days from the date of expiration or sooner termination of this Agreement, remove all personal property and the Improvements, and shall restore the Premises (and any other property affected by such removal activities) to the same condition that existed before Grantee entered thereon.  Such removal and restoration activities shall be conducted in accordance with Grantor's guidelines in effect at the time of removal/restoration which may include, without limitation, specific removal techniques required for protection of natural resources, and mitigation or payment in lieu of mitigation for any and all damages resulting from removal activities.  Grantee shall notify Grantor at least ten (10) days before commencing removal/restoration activities so that a field inspector may be present.  Grantor may require that the Improvements be left in place if in the Grantor's sole opinion and discretion, the removal of Improvements would result in greater damage to the Premises than leaving the Improvements in place.  Grantor may require purging, capping, sealing and other such protective measures if the Improvements are to be left in place.

7.04.  Grantor may waive the removal/restoration requirements in subsection 7.03 if, in Grantor's sole opinion and discretion, such waiver is in the best interest of Grantor.  No such waiver is effective unless such waiver is in writing and may be conditioned upon factors including, without limitation, the nature and sensitivity of the natural resources in the area, potential damage to or destruction of property, beneficial uses of the existing Improvements, and other factors considered to be in the best interest of Grantor.

## ARTICLE VIII.  HOLDOVER

8.01.  If Grantee holds over and continues in possession of the Premises after expiration or earlier termination of this Agreement, Grantee will be deemed to be occupying the Premises on the basis of a month-to-month tenancy subject to all of the terms and conditions of this Agreement, except that as liquidated damages by reason

of such holding over, Grantee shall be required to pay Grantor holdover consideration in the amount of Two Thousand and No/100 Dollars ($2,000.00) per month during such holdover period. Grantee acknowledges that in the event it holds over, Grantor's actual damages will be difficult, if not impossible, to ascertain, and the liquidated damages herein agreed to be paid are reasonable in amount and are payable in lieu of actual damages and are not a penalty. Grantee further acknowledges that acceptance of holdover consideration does not imply Grantor consent to holdover.

8.02. The tenancy from month-to-month described in Section 8.01 of this Agreement may be terminated by either party upon thirty (30) days written notice to the other.

8.03. The consideration due after notice of termination has been given is to be calculated according to Section 8.01 hereinabove on a pro rata basis. If upon notice of termination by the Grantor, Grantee pays consideration in excess of the amount due and payable and the Grantor accepts such payment, the acceptance of such payment will not operate as a waiver by the Grantor of the notice of termination unless such waiver is in writing and signed by the Grantor. Any such excess amounts paid by Grantee and accepted by the Grantor shall be promptly refunded by the Grantor after deducting any amounts owed to the Grantor.


## ARTICLE IX. RESERVATIONS

9.01. To the extent not previously conveyed, Grantor reserves to itself all rights to all minerals, ores and metals of any kind and character found at the surface and in, on or under the Premises and ABWMA and to all groundwater and geothermal resources.


## ARTICLE X. NOTICE

10.01. Each party shall keep the other informed of its current address. The initial addresses for notice are as follows:

GRANTOR:

GRANTEE:

Texas Parks and Wildlife Department
Attn: WMA Facilities Coordinator
4200 Smith School Road
Austin, Texas 78744-3291

Westlake Chemical OpCo LP
Attn: Sr. Pipeline Coordinator (David Williams)
P.O. Box 8388
Longview, Texas 75607
David Williams, 903-242-7519 or 903-806-9505

WILDLIFE DIVISION
Dennis Gissell, 512-389-4407

with CC to: Westlake Chemical OpCoLP
2801 Post Oak Blvd., Suite 600
Attn: General Counsel
Houston, Texas 77056

10.02. Any notice which may or shall be given hereunder shall be in writing and shall be sent by U.S. mail, postage prepaid, registered or certified, with return receipt requested, to the respective addresses stated above or as changed by a party from time to time by the giving of notice to the other.

10.03. No change of address of either party shall be binding on the other until notice of such change is given as provided herein. A post office receipt for such notice or a signed return receipt shall be conclusive that such notice was delivered in due course if mailed as provided above. Any notice mailed in the above manner shall be

deemed completed upon the earlier to occur of (1) actual receipt, as indicated on a signed return receipt or (2) three days after posting such notice as provided above.

## ARTICLE XI. MISCELLANEOUS PROVISIONS

11.01. With respect to terminology in this Agreement, each number (singular or plural) shall include all numbers, and each gender (male, female or neuter) shall include all genders. If any provision of this Agreement shall ever be held to be invalid or unenforceable, such invalidity or unenforceability shall not affect any other provisions of the Agreement, but such other provisions shall continue in full force and effect to the extent reasonable and practicable.

11.02. The titles of the Articles in this Agreement shall have no effect and shall neither limit nor amplify the provisions of the Agreement itself. This Agreement shall be binding upon and shall accrue to the benefit of the Grantor, its successors and assigns, Grantee, Grantee's successors and assigns (or heirs, executors, administrators and assigns, as the case may be). The words "hereof," "herein," "hereunder," "hereinafter" refer to this entire instrument, not just to the specific article, section or paragraph in which such words appear.

11.03. Neither acceptance of consideration (or any portion thereof) or any other sums payable by Grantee hereunder (or any portion thereof) to the Grantor nor failure by Grantor to complain of any action, non-action or default of Grantee shall constitute a waiver as to any breach of any covenant or condition of Grantee contained herein nor a waiver of any of the Grantor's rights hereunder. Waiver by the Grantor of any right for any default of Grantee shall not constitute a waiver of any right for either a prior or subsequent default of the same obligation or for any prior of subsequent default of any other obligation. No right or remedy of the Grantor hereunder or covenant, duty or obligation of Grantee hereunder shall be deemed waived by the Grantor unless such waiver be in writing, signed by a duly authorized representative of the Grantor.

11.04. No provision of this Agreement shall be construed in such a way as to constitute the Grantor and Grantee joint venturers or co-partners or to make Grantee the agent of Grantor or make the Grantor liable for the debts of Grantee.

11.05. In all instances where Grantee is required hereunder to pay any sum or do any act at a particular indicated time or within an indicated period, it is understood that time is of the essence.

11.06. Under no circumstances whatsoever shall the Grantor ever be liable hereunder for consequential damages or special damages. The terms of this Agreement shall only be binding on Grantor during the period of its ownership of the Premises and in the event of the transfer of such ownership interest, Grantor shall thereupon be released and discharged from all covenants and obligations under this Agreement incurred after the date of ownership transfer.

11.07. All monetary obligations of the Grantor and Grantee (including, without limitation, any monetary obligation for damages for any breach of the respective covenants, duties or obligations of either party hereunder) are performable exclusively in Austin, Travis County, Texas.

11.08. The obligation of Grantee to pay all consideration and other sums hereunder provided to be paid by Grantee and the obligation of Grantee to perform Grantee's other covenants and duties under this Agreement constitute independent, unconditional obligations to be performed at all times provided for hereunder, save and except only when an abatement thereof or reduction therein is expressly provided for in this Agreement and not otherwise. Grantee waives and relinquishes all rights which Grantee might have to claim any nature of lien against, or withhold or deduct from or offset against, any consideration or other sums provided hereunder to be

**P5-0063**

paid to the Grantor by Grantee. Grantee waives and relinquishes any right to assert, either as a claim or as a defense, that the Grantor is bound to perform or is liable for the nonperformance of any implied covenant or implied duty of the Grantor not expressly set forth in this Agreement.

## ARTICLE XII. INFORMATIONAL REQUIREMENTS

12.01. The Parties shall provide each other written notice of any change in name, address, corporate structure, legal status or any other information relevant to this Agreement.

12.02. Grantee shall provide to the Grantor any other information reasonably requested by the Grantor in writing within thirty (30) days following such request or such other time period approved by the Grantor (such approval not to be unreasonably withheld).

12.03. Grantee hereby acknowledges that late submission by Grantee to the Grantor of information (including, without limitation, as-built and/or burial surveys) required under this Agreement will cause the Grantor to incur various expenses not contemplated by this Agreement, the exact amount of which are presently difficult to ascertain. Accordingly, if any information required to be submitted within a certain time under the terms of this Agreement shall not be received by the Grantor on or before five (5) days after the date when due, then, Grantee shall pay to the Grantor a "Late Charge" equal to one hundred dollars ($100.00) for each day past due. The Grantor and Grantee agree that such Late Charge represents a fair and reasonable estimate of the expenses that the Grantor will incur by reason of such late submission of information by Grantee. Acceptance of such Late Charge by the Grantor shall not constitute a waiver of Grantee's default with respect to any such past due information, nor prevent the Grantor from exercising any other rights and remedies granted under this Agreement, at law, or in equity.

## ARTICLE XIII. ENTIRE AGREEMENT

13.01. This Agreement, including exhibits, constitutes the entire agreement between Grantor and Grantee and no prior written or prior contemporaneous oral promises or representations shall be binding.

13.02. This Agreement shall become effective only upon execution by all parties hereto and delivery of a fully executed counterpart to each party.

13.03. This Agreement shall not be amended, changed, altered, or extended except by written instrument signed by all parties hereto.

13.04. Within thirty (30) days following execution of this Agreement, Grantee shall record the Agreement or a memorandum thereof in the real property records of the county or counties in which the premises are located and provide a certified copy of the recorded instrument to Grantor. Should Grantee fail to do so, Grantor may cause the Easement to be recorded, at Grantee's expense, and to have the cost thereof reimbursed upon advising Grantee of such cost.

13.05. Upon expiration or earlier termination of this Agreement, Grantee agrees to execute documents, in recordable form, reasonably required by Grantor to evidence expiration or termination of this Agreement. GRANTEE'S OBLIGATION TO EXECUTE SUCH DOCUMENTS SHALL SURVIVE EXPIRATION OR EARLIER TERMINATION OF THIS AGREEMENT.

**TEXAS PARKS AND WILDLIFE DEPARTMENT (GRANTOR)**

By: _____    _____9·25-17_____
Ann Bright, Chief Operating Officer                    Date


ACKNOWLEDGEMENT

STATE OF TEXAS            §
                         §
COUNTY OF TRAVIS         §

This Agreement was acknowledged before me on the 25 day of September 2017, by Ann Bright, as Chief Operating Officer of the Texas Parks and Wildlife Department.

_____
Dee Halliburton
Notary Public
State of Texas

```
┌─────────────────────────────┐
│       DEE HALLIBURTON        │
│  Notary Public, State of Texas │
│   Comm. Expires 01-31-2020   │
│      Notary ID 5483595       │
└─────────────────────────────┘
```


**WESTLAKE CHEMICAL OPCO LP (GRANTEE)**

By: _____    _____5/18/2017_____
                                                      Date

Printed Name: Amy E. Moore        Title: Olefins Manager

Please return to :
Buckeye Development & Logistics LLC
Attn: Daniel Mangum
One Greenway Plaza, Suite 600 Houston, Tx 77046

**P5-0065**

ACKNOWLEDGEMENT

STATE OF TEXAS        §
                     §
COUNTY OF *Harris*   §

This Agreement was acknowledged before me on the _18_ day of _May_ 2017, by _Amy Moore_____, on behalf of Westlake Chemical OpCo LP.

AMANDA ELIZABETH NUGENT
Notary Public, State of Texas
My Commission Expires
July 30, 2018

Notary Public
State of Texas

**P5-0066**

EXHIBIT A

P5-0067

**EXHIBIT A**



PROPOSED
PIPELINE ROUTE

ALAZAN BAYOU WILDLIFE
MANAGEMENT AREA

north

0          2          4 miles

Base Map: TxDOT General Highway Map; Nacogdoches County, Texas

**Espey, Huston & Associates, Inc.**
Engineering & Environmental Consultants

Figure 1

GENERAL LOCATION OF THE
PROPOSED 10-INCH MUSTANG PIPELINE
COMPANY PIPELINE
NACODOCHES COUNTY, TEXAS

EXHIBIT B



**TRACT NO. 5N-2**     **EXHIBIT B**

NORTH

ℓ County Road 628

6382+90.38 T3
ℓ Field Rd. T3 T4
6372+59.08 Ah.
Gulf P/L
(Abandoned) T2
6388+08.61
ℓ 30' R/W. Twr.
See R/W
Detail This Sht.
6360+61 ℓ
Woods Road Drill Exit Hole
6361+51
Tract No. 5N-2 6359+51
Called 1973.10 Ac. ℓ Alazan Bayou
Texas Parks & Wildlife Dept.
Bk. 793, Pg. 216
D.R. Nacogdoches County, Tx.

ℓ Existing Rd.

6331+97
Gulf P/L T1
(Abandoned)

6324+64.20
ℓ Drill Site
New Road for
Access to Drill Site
See Detail This Sht.
6316+08 Abandoned Pile
of Pipe-8' Left

6298.91
Gulf P/L
(Abandoned)

A N G E L I N A   R I V E R

6287+43 Drill Exit Hole

| TANGENT | BEARING | LENGTH |
|---------|---------|--------|
| T1 | N 30°30'05"E | 8282.75' |
| T2 | N 64°34'35"E | 1322.28' |
| T3 | N 72°48'30"E | 313.43' |
| T4 | N 03°10'22"W | 802.21' |

TOTAL FOOTAGE = 10720.67'
TOTAL FOODAGE = 649.74
TOTAL PERM. R.O.W. = 8.61 Ac.
TOTAL TEMP. R.O.W. = 6.15 Ac.

35'
PERM. R/W
17.5' 17.5'
ℓ BASELINE SURVEY

Proposed 12' Wide
Access Road
Existing Road
(To Be Plugged)
ℓ Baseline Survey

ACCESS ROAD DETAIL
(N.T.S.)

R.O.W. DETAIL @ BASELINE
(N.T.S.)

NOTE: Acreage shown hereon furnished by
others. This is not a boundary survey.
The bearing base of this plat is assumed.

MONT BELVIEU TO LONGVIEW PIPELINE
CROSSING PROPERTY OF
**ALAZAN BAYOU NATIONAL
WILDLIFE MANAGEMENT AREA**
NACOGDOCHES COUNTY, TEXAS

**MUSTANG PIPELINE COMPANY**
LONGVIEW, TEXAS

FLUOR DANIEL WILLIAMS BROTHERS

| Drawn by | DLH | Drawing No. | SHEET 1 OF 2 |
|----------|-----|-------------|--------------|
| Approved | | | 95-8-1C-1372 |
| Scale 1" = 2000' | Date 9-24-96 | | CADD No. X0103216 |

LIFE IS FRAGILE-DESIGN AND BUILD WITH CARE

P5-0070

about:blank

**From:** Dennis Gissell
**Sent on:** Tuesday, January 17, 2017 3:21:17 PM
**To:** Dennis Gissell
**Subject:** Emailing - Westlake Pipeline.pdf

Exhibit 3

**EXHIBIT A**



PROPOSED
PIPELINE ROUTE

ALAZAN BAYOU WILDLIFE
MANAGEMENT AREA

north

0     2     4 miles

Base Map:  TxDOT General Highway Map; Nacogdoches County, Texas

EH&A  Espey, Huston & Associates, Inc.
Engineering & Environmental Consultants

Figure 1

GENERAL LOCATION OF THE
PROPOSED 10-INCH MUSTANG PIPELINE
COMPANY PIPELINE
NACODOCHES COUNTY, TEXAS

P5-0072

**EXHIBIT B**



north

0    2000    4000 feet

Base Map:  USGS 7.5' Quadrangles; Clawson and Redland, Texas

EH&A  Espey, Huston & Associates, Inc.
Engineering & Environmental Consultants

Figure 2

LOCATION OF THE
PROPOSED MUSTANG PIPELINE
COMPANY PIPELINE ACROSS
THE ALAZAN BAYOU WMA

about:blank

**From:**  Dennis Gissell
**Sent on:** Tuesday, January 17, 2017 3:21:20 PM
**To:**  Dennis Gissell
**Subject:** Emailing - Westlake Pipeline.pdf

Exhibit 4

**P5-0074**   1/2

**EXHIBIT A**



PROPOSED
PIPELINE ROUTE

ALAZAN BAYOU WILDLIFE
MANAGEMENT AREA

north

0          2          4 miles

Base Map: TxDOT General Highway Map: Nacogdoches County, Texas

EH&A  **Espey, Huston & Associates, Inc.**
Engineering & Environmental Consultants

Figure 1

GENERAL LOCATION OF THE
PROPOSED 10-INCH MUSTANG PIPELINE
COMPANY PIPELINE
NACODOCHES COUNTY, TEXAS

**EXHIBIT B**



Figure 2

LOCATION OF THE
PROPOSED MUSTANG PIPELINE
COMPANY PIPELINE ACROSS
THE ALAZAN BAYOU WMA

Espey, Huston & Associates, Inc.
Engineering & Environmental Consultants

Base Map:  USGS 7.5' Quadrangles: Clawson and Redland, Texas

**From:** Dennis Gissell
**Sent on:** Wednesday, January 18, 2017 4:54:09 PM
**To:** Robert Sweeney
**Subject:** Emailing - EXHIBIT B SURVEY.pdf

Exhibit 5

about:blank

Bob,
Here is the new Exhibit B survey for the Westlake Pipeline Easement.
Thank you
Dennis



TRACT NO. 5N-2          EXHIBIT B

NORTH

Tract No. 5N-2
Called 1973.10 Ac.
Texas Parks & Wildlife Dept.
Bk. 793, Pg. 216
O.R. Nacogdoches County, Tx.

| TANGENT | BEARING | LENGTH |
|---|---|---|
| T1 | N 30°30'05"E | 8282.75' |
| T2 | N 64°34'35"E | 1322.28' |
| T3 | N 72°48'30"E | 313.43' |
| T4 | N 03°10'22"W | 802.21' |

TOTAL FOOTAGE = 10720.67'
TOTAL RODDAGE = 649.74
TOTAL PERM. R.O.W. = 8.61 Ac.
TOTAL TEMP. R.O.W. = 6.15 Ac.

ACCESS ROAD DETAIL
(N.T.S.)

NOTE: Acreage shown hereon furnished by
others. This is not a boundary survey.
The bearing base of this plat is assumed.

R.O.W. DETAIL @ BASELINE
(N.T.S.)

MUSTANG PIPELINE COMPANY
LONGVIEW, TEXAS

FLUOR DANIEL WILLIAMS BROTHERS

MONT BELVIEU TO LONGVIEW PIPELINE
CROSSING PROPERTY OF
ALAZAN BAYOU NATIONAL
WILDLIFE MANAGEMENT AREA
NACOGDOCHES COUNTY,            TEXAS

| Drawn by | CLH |
|---|---|
| Approved | |

Drawing No.   SHEET 1 OF 2
95-8-1C-1372
CADD No.
X0103216

| Scale | 1" = 2000' | Date | 9-24-96 |

LIFE IS FRAGILE-DESIGN AND BUILD WITH CARE

P5-0079

**From:** Dennis Gissell
**Sent on:** Tuesday, September 12, 2023 8:52:29 AM
**To:** James Murphy; Christian Kadas; Stephen Lange; Daniel Price
**CC:** John Silovsky; Meredith Longoria; Kevin Mote
**Subject:** FW: [EXT] Original Mustang easement 1996

Exhibit 6

Good morning all. This is an email from Mr. Sykes at Westlake Ethylene pipeline, requesting communication over the assertions by Mr. Wright at Express H2O Pipeline. I am not inclined to discuss any of this with either party until we are all able to meet and discuss legal guidance please.

Thank you
Dennis

Dennis Gissell
Wildlife Management Area Facilities Coordinator
Texas Parks and Wildlife Department
4200 Smith School Road
Austin, Texas 78744
512-389-4407

From: Sykes, Lowell <LSykes@westlake.com>
Sent: Monday, September 11, 2023 4:13 PM
To: Dennis Gissell <Dennis.Gissell@tpwd.texas.gov>
Subject: FW: [EXT] Original Mustang easement 1996

You don't often get email from lsykes@westlake.com. learn why this is important

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Dear Mr. Gissell,

My name is Lowell Sykes, I'm the Commercial Manager for Westlake OpCo's Ethylene pipeline. I've recently been involved with the easement issue concerning Express H2o Pipeline. I believe the email below from Express H2o Pipeline was intended for you, but was likely not delivered as the email address is incorrect. Would it be possible to schedule a call between the two of us? I'd like to address some of the statements Mr. Wright makes below. Primarily, I want you to know that we are still investigating this issue and we certainly have not assigned blame to anyone, including the Texas Parks & Wildlife Department.

Feel free to email to schedule a time to talk or call at your convenience.

Best Regards,
Lowell

Lowell Sykes | Associate Director – Product Management, Olefins
lsykes@westlake.com | Office: 713.585.2633 | Cell: 270.519.4112

2801 Post Oak Blvd, Houston, Texas 77056 | www.westlake.com

From: Larry Wright <larrymwright54@gmail.com>
Sent: Thursday, September 7, 2023 3:11 PM
To: Tx. Parks-Dennis Gissel, Facilities Coordinator <dennis.gissel@tpwd.texas.gov>
Cc: Sykes, Lowell <LSykes@westlake.com>; Williams, David <drwilliams@westlake.com>; Westlake-Eastman Chemical -Jake Greer Direct Line 2nd # <jake.greer@eastman.com>
Subject: [EXT] Original Mustang easement 1996

Dennis-Attached is the original Tx parks and Wildlife easement. Notice the surveyor has posted on the survey, multiple times:Gulf Pipeline abandoned. Also, The huge effect upon title Companies in searching our right away by showing the Easement as an "Miscellaneous Easement" We believe this was intentional and a way to hide the new easement. Someone knew that the Lancer Pipeline and Row was still active with the Railroad Commission.(We have those yearly filings from 1992)

Please let me know what you need for your search. We have the original easements from 1913 on the Alazan Bayou property. We have the de

We also have the State's Title Policy when Texas bought the property(Alazan Bayou) showing the acceptance of the Lancer Pipeline and Row.

We are trying to set up some type of Mediation now with Westlake Chemical on the Trespass and Theft,. The Express H2o Pipeline(previously F

Dennis, Would you be interested in attending the first mediation with Westlake that I'm actively trying to set up? As you are aware, they are tryin

Thank You,
Larry Wright
Express H2o Pipeline
210-288-2806

P5-0081

**From:** Stan David
**Sent on:** Tuesday, September 12, 2023 11:31:02 AM
**To:** Jason Estrella; Stephen Lange; Dennis Gissell; Daniel Price; Christopher Maldonado
**CC:** Meredith Longoria; Kevin Mote; Christian Kadas
**Subject:** RE: Original Mustang easement

Dennis and I researched this back to the early 1900's mid-July. We were doing an initial investigation of ownership, transfers, etc. pertaining to the original email Daniel Price received from a ROW agent. It is a mess to say the least. TPWD inherited the mess...

Thanks,

Stan David

Senior Project Manager
Land Conservation Program
Infrastructure Division
Texas Parks and Wildlife Department

512-552-9462 mobile
11942 FM 848
Tyler, TX 75707

https://tpwd.texas.gov/

-----Original Message-----
From: Jason Estrella <Jason.Estrella@tpwd.texas.gov>
Sent: Tuesday, September 12, 2023 10:52 AM
To: Stephen Lange <Stephen.Lange@tpwd.texas.gov>; Dennis Gissell <Dennis.Gissell@tpwd.texas.gov>; Daniel Price <Daniel.Price@tpwd.texas.gov>; Stan David <Stan.David@tpwd.texas.gov>; Christopher Maldonado <Christopher.Maldonado@tpwd.texas.gov>
Cc: Meredith Longoria <Meredith.Longoria@tpwd.texas.gov>; Kevin Mote <Kevin.Mote@tpwd.texas.gov>; Christian Kadas <Christian.Kadas@tpwd.texas.gov>
Subject: RE: Original Mustang easement

Stan,

Do you have any history with this issue?

Chris M.,

Please review the email chain and begin pulling associated documents.

Thanks All.

Jason A. Estrella

Land Conservation Branch Manager
Infrastructure Division
Texas Parks and Wildlife Department

(512) 389-4734 office
(512) 289-0946 mobile
4200 Smith School Road
Austin, TX 78744

https://tpwd.texas.gov/

Exhibit 7

-----Original Message-----
From: Stephen Lange <Stephen.Lange@tpwd.texas.gov>
Sent: Monday, September 11, 2023 9:31 AM
To: Dennis Gissell <Dennis.Gissell@tpwd.texas.gov>; Daniel Price <Daniel.Price@tpwd.texas.gov>
Cc: Meredith Longoria <Meredith.Longoria@tpwd.texas.gov>; Kevin Mote <Kevin.Mote@tpwd.texas.gov>; Jason Estrella <Jason.Estrella@tpwd.texas.gov>; Christian Kadas <Christian.Kadas@tpwd.texas.gov>; Stephen Lange <Stephen.Lange@tpwd.texas.gov>
Subject: RE: Original Mustang easement
Importance: High

Dennis,

Obviously, from the surface, I don't think we have ever denied the existence of a pipeline or easement, but their ownership history far supersedes TPWD ownership. Obviously, we now have new management at the Regional and Project/WMA level and neither Daniel nor I have ever delt with the issue.  Just let use know what we need to do to assist, but the deed research and abstract history will fall on LCP.

Thanks,

Steve

Stephen D. Lange
Regional Director
Wildlife Division, Region 3

11942 FM 848, Box A300
Tyler, TX 75707
C: 903.245.7197
O: 903.566.1626, Ext. 221
F: 903.566.3273

stephen.lange@tpwd.texas.gov

-----Original Message-----
From: Dennis Gissell <Dennis.Gissell@tpwd.texas.gov>
Sent: Monday, September 11, 2023 9:03 AM
To: Stephen Lange <Stephen.Lange@tpwd.texas.gov>; Daniel Price <Daniel.Price@tpwd.texas.gov>
Cc: Meredith Longoria <Meredith.Longoria@tpwd.texas.gov>; Kevin Mote <Kevin.Mote@tpwd.texas.gov>; Jason Estrella <Jason.Estrella@tpwd.texas.gov>; Christian Kadas <Christian.Kadas@tpwd.texas.gov>
Subject: FW: Original Mustang easement

Folks,

I was contacted by Mr. Wright last week to let us know that they are anticipating significant legal action with Westlake Chemical, who is the current easement holder for a pipeline crossing Alazan Bayou WMA from south to north.  Mr. Wright claims to be the actual owner of that easement.  He apparently attempted to email some fairly voluminous files that would not pass TPWD email restrictions on size.  I would be pleased to discuss this with you all, to the extent of what I have heard from Mr. Wright. I will try to find the associated agreements on this easement dating back to 1913 or so for review.

Please let me know if you have any questions or concerns.

Thank you
Dennis

Dennis Gissell
Wildlife Management Area Facilities Coordinator Texas Parks and Wildlife Department
4200 Smith School Road
Austin, Texas 78744
512-389-4407

-----Original Message-----
From: Larry Wright <larrymwright54@gmail.com>
Sent: Friday, September 8, 2023 7:34 PM
To: Dennis Gissell <Dennis.Gissell@tpwd.texas.gov>
Cc: Attorney-Ron Smeberg- Chpt 11 <ron@smeberg.com>; Attorney -Muller, John <john.muller@cjma.law>

7/15/24, 2:27 PM                                    about:blank

Subject: Original Mustang easement


ALERT: This email came from an external source. Do not open attachments or click on links in unknown or unexpected emails.

Dennis-I'm having to recreate the last email I sent you with the Original Mustang Easement attached.   Apparently it was too long:word for word.  Notice the surveyor has posted on the survey, multiple times:Gulf Pipeline abandoned. Also, the huge effect upon title Companies in searching our right away(row) by showing the Easement as a "Miscellaneous Easement".   We believe this was Intentional and a way to hide the new easement to the Public.  Someone knew that the Lancer Pipeline and Row was still active with the Railroad Commission. (We have those yearly RRC filings from 1992 on)

Please let me know what you might need for your search.  We have the original easements from 1913 on the Alazan Bayou property.  We have the deeds from Gulf to Texas Eastern in 1959. We have the deeds from Texas Eastern to Lancer in 1992. We have the deeds from Lancer(2004 changed name to Express Gas Pipeline) to BlackDuck(now Express H2o Pipeline LLC.) in 2017 which was 3 days before the third Westlake-Texas Parks Easement was signed. All of the above listed documents appear to be too long for your email account.

We also have the States-Title Policy, When Texas bought the Property(Alazan Bayou) showing the acceptance of the Lancer Pipeline and Row. The Manager of the Alazan Bayou at the time of the Mustang Easement process had to know that the old Gulf Pipeline was now the Lancer Pipeline.  "It was all public Record".

We are trying to set up some type of Mediation now with Westlake Chemical's Inc. On the continuing  Trespass and Theft…….  The Express H2o Pipeline LLC.( previously KrisJenn Ranch LLC Series Pipeline and Row) is just now coming out of Chapter 11 Bankruptcy after 4 years with a "Free and Clear" on the Pipeline and Row from the Courts.  We have spent many Millions buying this Pipeline, being forced into Chapter 11 Bankruptcy and now continuing to try and develop the pipeline and row.  There was active fluids flowing thru the Texas Eastern Pipeline up to 1992.  It really is unbelievable that an easement was done with Mustang in 1996.  Lancer was actively trying to make a huge deal to move gas during those years and actually had a deal with EOG in 2010.  At no time was this Pipeline ever abandoned or mutually released by lancer or Express Pipeline in those early years of the Westlake/Mustang easements:1996,2007 and 2017. Taxes have been paid on this line every year since 1992.

Dennis, Would you be interested in attending the first mediation with Westlake that I'm trying to set up. As you are aware, Westlake is trying to blame the Texas Parks and Wildlife.

On the original email I copied: Lowell Sykes, Westlake Olefin Mgr., David Williams, Westlake Pipeline Mgr in Lufkin and Jake Greer, with Eastman who was Mustang's owner.   I have attached my attorneys on this email.


Thank You,
Larry Wright
Express H2o Pipeline LLC.
210-288-2806

OFFICIAL PUBLIC RECORDS
VOL 1058 PAGE 301    VOL 1082 PAGE 850

9669

TRACT No.  4A-61
5N-3.1
5N-4
5N-5
5N-6
5N-7
5N-9

### RIGHT-OF-WAY AGREEMENT

| STATE OF TEXAS | § |
| COUNTY OF ANGELINA | § |
| COUNTY OF NACOGDOCHES | § |

### KNOW ALL MEN BY THESE PRESENTS:

That, for and in consideration of TEN AND NO/100 (10.00) DOLLARS, and other good and valuable consideration in hand paid, the receipt and sufficiency of which is hereby acknowledged, the undersigned (hereinafter called Grantor), does hereby GRANT, SELL, and CONVEY to Mustang Pipeline Company, their successors and assigns (hereinafter called Grantee), a right-of-way and easement 50 feet in width to construct one pipeline, and to maintain, operate, repair, replace, and remove said pipeline for the transportation of refined liquefied petroleum gases across, under, and upon the lands of Grantor in the Counties of Angelina and Nacogdoches, State of Texas to wit:

That certain Tract or Parcel of land containing 248.888 acres, more or less, in the Barr & Davenport Survey, A-36, and more particularly described in a certain Warranty Deed from Winston Investments, Inc. to Winston Land & Cattle Company, Inc. dated July 20, 1977, and recorded in Volume 459 at page 567, Deed Records of Angelina County, Texas;

That certain Tract or Parcel of land containing 23.92 acres, more or less, in the Andrew Bermea Survey, A-10, and more particularly described in a certain Warranty Deed from Stephen G. Griffin, et ux, to Winston Land & Cattle Company, Inc. dated October 17, 1996, and recorded in Volume 1041, at page 273 of the Deed Records of Nacogdoches County, Texas;

That certain Tract or Parcel of land containing 3004.86 acres, more or less, in the A. Bermea Survey, A-10, and more particularly described in a certain Warranty Deed from Estate of Simon W. Henderson, Jr., et al, to Winston Land & Cattle Company, Inc. dated February 9, 1996 and recorded in Volume 968 at page 250, Deed Records of Nacogdoches County, Texas;

That certain Tract or Parcel of land containing 318.65 acres, more or less, in the A. Hotchkiss Survey, A-246, the Chas. Hotchkiss Survey, A-275, and the Ben Procella Survey, A-803 and being more particularly described in a Warranty Deed from Jeff B. Badders to Winston Land & Cattle Company, Inc. dated October 8, 1996, and recorded in Volume 1038 at page 161, Deed Records of Nacogdoches County, Texas;

That certain Tract or Parcel of land containing 7.048 acres, more or less, in the Chas Hotchkiss Survey, A-275, and being more particularly described in a Warranty Deed from John R. Winston, Jr. to Winston Land & Cattle Company, Inc. dated November 4, 1996 and recorded in Volume 1046 at page133, Deed Records of Nacogdoches County, Texas.

See Exhibits "A-1", "A-2", "A-3", "A-4", "A-5" and "A-6" attached hereto and made a part hereof, showing Right-of-Way and temporary work space.

The terms and conditions of the Agreement are as follows:

1. It is further understood and agreed that the Grantee shall not construct any buildings or other apparatus above the ground other than test valves, vents and corrosion equipment. The surface shall be left clear of any obstruction that would interfere with cultivation of the land.

## Exhibit B

VOL 1058 PAGE 302
VOL 1082 PAGE 856

2. The pipeline shall be buried no less than three (3) feet below the surface of the earth and not less than four (4) feet below the bottom of major drainage ditches and Grantee shall place permanent visible markers on all drainage ditch crossings, roads and fence crossings indicating the location of the pipelines at said crossing.

3. Grantee covenants and agrees to indemnify and forever hold harmless the Grantor, his heirs and assigns, against each and every claim, demand or cause of action that may be made or come against him by reason or in any way arising out of any defect, imperfection, operation, maintenance or construction of said pipelines.

4. Notwithstanding anything herein to the contrary, this right-of-way shall automatically terminate at any time Grantee, its successors or assigns, shall cease for as much as 12 months to use this right-of-way for the purposes provided herein, and Grantee, its heirs and assigns agrees to deliver to Grantor a written release of the right-of-way. Upon such termination, if the presence of said line or facilities interferes with Grantor's use of the property, Grantor shall so notify Grantee which shall remove the same and restore the premises insofar as practicable to the condition in which Grantee received them within one hundred eighty days after receipt of such notice. The failure of Grantee to comply with such request within the time authorized shall result in the forfeiture and Grantor shall be authorized to remove said facilities and line at Grantee's expense, sell the salvaged line and facilities and recover the remaining sums required for such removal, if any, from Grantee.

5. Grantee agrees to pay damages which may arise to crops, trees and fences, in the exercise of any of the rights herein granted to it, said damages, if not mutually agreed upon, to be ascertained and determined by three disinterested persons, who shall be licensed real estate appraisers, one thereof to be appointed by the said Grantor, one by the said Grantee, and the third by the two so appointed as aforesaid, and the written award of such three persons shall be final and conclusive.

6. Grantee will remove the topsoil from the pipeline trench and will segregate said topsoil from the subsoil excavated from the trench. After the pipeline has been installed, the topsoil shall be replaced to its original position relative to the subsoil. Grantee agrees to restore the surface drainage contour on the premises existing prior to installation of said pipeline.

7. The Grantee before cutting fences at each point where same are to be cut, will staunchly cross-brace the two panels, the one immediately on either side of the point of severance, so as to prevent unnecessary sag the remaining portion of such fence or fences. Grantee also agrees that such fences as have been cut will be closed at all times except when construction work underway necessitates an opening therein. Grantee shall place, after the completion of construction, metal gates at each end of the right of way herein granted, each not less than ten feet (10').

8. Employees, agents and contractor's of Grantee shall neither hunt, fish nor carry firearms on the right of way or on the property described above.

9. Grantee agrees promptly to repair all washouts and erosion caused in the exercise of its rights herein granted and to protect all areas in which the topsoil is distributed by the construction, operation, maintenance or repair of the pipeline, including reseeding.

10. Grantee shall clear and keep clear all trees, undergrowth and other obstructions from the herein granted Easement, and Grantor agrees not to build, construct, or create any buildings or other structures on the herein granted Easement that will interfere with the normal operation and maintenance of the pipeline.

11. Grantee agrees that all timber and other obstructions cleared from the right-of-way will be burned or hauled from the right-of-way and will not be placed on Grantor's adjacent lands.

12. Notwithstanding anything contained herein to the contrary, Grantee shall have access in and to the easement herein granted only upon said easement route and shall not have access across lands of the Grantors lying adjacent to the right of way herein granted, Grantee shall be liable for any and all damages caused thereto by itself, its agents, servants, employees, independent contractors and/or employees of independent contractors.

13. Grantee acquires this pipeline Easement and right-of way as a refined liquefied petroleum utility with the right of Eminent Domain empowering Grantee through the right of Condemnation to take this Easement and right-of way . Grantee, its successors or assigns, shall be totally responsible, legally, financially or otherwise, for the use of this pipeline Easement and Right-of Way, and Grantee, its successors or assigns, from any and all damages, fines, judgements, court costs and attorney's fees rendered against, assessed against, or incurred by Grantors as a result of prosecution of claims and/or legal remedies against Grantors by any person, legal entity, governmental entity because of the existence, installation, maintenance , operation or defective conditions of said pipeline, or the escape of dangerous, toxic or hazardous substances from said pipeline, by virtue of or as a result of actions by the Grantee, and none other and this provision shall remain in full force and effect until the Easement and right-of way is finally terminated as hereinbefore defined in Paragraph 4 hereof.

VOL **1058** PAGE **303**
VOL **1082** PAGE **857**

TO HAVE AND TO HOLD to Grantee, its successors and assigns, so long as the rights and easements herein granted, or any one of them shall be used by or useful to, Grantee for the purpose herein granted, with ingress to and egress from the premises for the purpose of constructing, inspecting, repairing, maintaining, replacing and removing the property of Grantee herein described.

IN TESTIMONY WHEREOF, the GRANTORS herein have executed this conveyance this _26th_ day of _Nov._, 19 _96_.

GRANTOR:

ATTEST:

CONNIE BLACKLEDGE

WINSTON LAND & CATTLE COMPANY, INC.

By: _____

BENJAMIN DEE WINSTON
_President_

THE STATE OF TEXAS §
§
COUNTY OF _ANGELINA_ §

BEFORE ME, the under signed authority, on this day personally appeared _Benjamin Dee Winston_, _President_ (title) of Winston Land & Cattle Company, Inc. corporation, known to me to be the person whose name is subscribed to the foregoing insrtument, and acknowledge to me that he executed the same for the purposes and consideration therein expressed as the act and deed of said corporation and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the _26th_ day of _Nov._, 19 _96_.

PAULINE P. GILLESPIE
NOTARY PUBLIC
State of Texas
My Comm. Exp. 5/28/99

_Pauline P. Gillespie_
Notary Public in and for _Angelina_ County
State of _Texas_
My Commission Expires _____

Express H2O000283

P5-0087

VOL 1058 PAGE 304
VOL 1082 PAGE 858

# BARR & DAVENPORT SURVEY
## ABSTRACT 36
### TR. NO. 4A—61
#### EXHIBIT A-1

BARR & DAVENPORT
A—4

±414'

S34°34'27"W
169'

S34°38'52"W
±1029'



*R.O.W. DETAIL "A"*
*N.T.S.*

SEE DETAIL "A"

S32°23'57"W
±2698'

SEE DETAIL "B"

& COUNTY ROAD 75 A

±27'

S70°20'19"W
±74'



*R.O.W. DETAIL "B"*
*N.T.S.*

TOTAL FOOTAGE = ±3970'
TOTAL RODDAGE = ±240.6'
TOTAL PERM. R.O.W. = ±4.53 AC.
TOTAL TEMP. R.O.W. = ±1.38 AC.
TOTAL ADD'T TEMP. R.O.W. = ±0.11 AC.

---

| | |
|---|---|
| **MUSTANG PIPELINE COMPANY**<br>LONGVIEW, TEXAS | 10" MONT BELVIEU TO LONGVIEW PIPELINE CROSSING<br>PROPERTY OF<br>**WINSTON LAND &**<br>**CATTLE COMPANY**<br>ANGELINA COUNTY, TEXAS |

FLUOR DANIEL WILLIAMS BROTHERS

| Scale | Date | Drawn by | MAC | |
|---|---|---|---|---|
| 1"=800' | 9-9-96 | Approved | XXXXX | 4A—61 |

LIFE IS FRAGILE-DESIGN AND BUILD WITH CARE

Express H2O000284

P5-0088



# A. BERMEA SURVEY
## ABSTRACT 10
## TR. NO. 5N-3.1
### EXHIBIT A-2

VOL **1058** PAGE **305**
VOL **1082** PAGE **859**

65' ±

A. BERMEA
A-10

N 00°03'19"W
194.48'

N 00°03'41"W
709.69'

℄ NACOGDOCHES CO. RD. 620

N 00°04'24"W
101.83'

117' ±

(N.T.S.)
R. O. W. DETAIL @ ROAD

PIPE LN. R.O.W. LIMITS
℄ BASELINE SURVEY
TEMPORARY WORK SPACE
TEMPORARY WORK SPACE
ADDITIONAL TEMPORARY WORK SPACE
TEXAS UTILITIES

50'
10'
TYP.
60'
15'
25'
PERM. R/W
15'
30'
R/W

℄ NACOGDOCHES CO. RD. 620
R/W

R. O. W. DETAIL @ COUNTY ROAD
(N.T.S.)

TOTAL FOOTAGE = 1006' ±
TOTAL RODDAGE = 61.0 ±
TOTAL PERM. R.O.W. = 0.69± AC.
TOTAL TEMP. R.O.W. = 0.69± AC.
TOTAL ADD'T. TEMP. R.O.W. = 0.11± AC.

| MONT BELVIEU TO LONGVIEW PIPELINE CROSSING PROPERTY OF | | |
|---|---|---|
| **MUSTANG PIPELINE COMPANY** LONGVIEW, TEXAS | **WINSTON LAND & CATTLE CO., INC.** NACOGDOCHES COUNTY,        TEXAS | |
| FLUOR DANIEL WILLIAMS BROTHERS | Drawn by  DDB | Drawing No. |
| Scale  1"= 200' | Date  11-22-96 | Approved | CADD No.  5N-3.1 |

LIFE IS FRAGILE-DESIGN AND BUILD WITH CARE

Express H2O000285



VOL 1058 PAGE 306

# A. BERMEA & W.C. NATIONS SURVEYS
## ABSTRACT 10    ABSTRACT 773
### TR. NO. 5N-4
VOL 1082 PAGE 860    EXHIBIT A-3

A. HOTCHKISS
A-246

W.C. NATIONS
A-773

P. GRIMES
A-788

247'±

S01°17'36"E
290'±

S01°18'08"E
882'±

S01°16'02"E
1123'±

SEE R.O.W. DETAIL

A. BERMEA
A-10

S01°16'26"E
3577'±

S01°16'40"E
1301'±

65'±

## R.O.W. DETAIL
### N.T.S.

15'  25'  15'
6'
60'
TYP.
30'
PERM.
R/W

TOTAL FOOTAGE = 7173'±
TOTAL RODDAGE = 434.7'±
TOTAL PERM. R.O.W. = 4.94 ± AC.
TOTAL TEMP. R.O.W. = 4.94 ± AC.

**MUSTANG PIPELINE COMPANY**
LONGVIEW, TEXAS

FLUOR DANIEL WILLIAMS BROTHERS

| Scale | Date | | | Approved | CADD No. | |
|-------|------|--|--|----------|----------|--|
| 1"=1000' | 10-14-96 ⚠ 11-22-96 | | | | | 5N-4 |

MONT BELVIEU TO LONGVIEW PIPELINE CROSSING
PROPERTY OF
**WINSTON LAND & CATTLE CO., INC.**
NACOGDOCHES COUNTY,          TEXAS

Drawn by      JMS
Drawing No.

LIFE IS FRAGILE-DESIGN AND BUILD WITH CARE

Express H2O000286

**P5-0090**



VOL **1058** PAGE **307**

LVOL **1082** PAGE **861**

A. HOTCHKISS SURVEY
ABSTRACT 246
TR. NO. 5N-5
EXHIBIT A-4

JAMES ARCHER
A-767

BEN PROCELLA
A-803

123'±

A. HOTCHKISS
A-246

KV LINE

P. GRIMES
A-788

S02°12'47"W - 3211'±

R.O.W. DETAIL
N.T.S.

60'
TYP.

15' 25' 15'
5'

¢ TEXAS UTILITIES
PMX LN RXLX LIMITS
TEMPORARY WORK SPACE
¢ BASELINE SURVEY
TEMPORARY WORK SPACE

30'
PERM.
R/W

SEE R.O.W. DETAIL

247'±

TOTAL FOOTAGE = 3211'±
TOTAL RODDAGE = 194.6 ±
TOTAL PERM. R.O.W. = 2.21±AC.
TOTAL TEMP. R.O.W. = 2.21±AC.

W.C. NATIONS
A-773

| | MONT BELVIEU TO LONGVIEW PIPELINE CROSSING PROPERTY OF |
|---|---|
| MUSTANG PIPELINE COMPANY<br>LONGVIEW, TEXAS | WINSTON LAND & CATTLE CO., INC.<br>NACOGDOCHES COUNTY, TEXAS |

| FLUOR DANIEL WILLIAMS BROTHERS | Drawn by<br>JMS | Drawing No. | |
|---|---|---|---|
| Scale 1"=400' | Date 10-07-96 ⚠ 11-21-96 | Approved | CADD No.<br>5N-5 |

LIFE IS FRAGILE-DESIGN AND BUILD WITH CARE

Express H2O000287

P5-0091



VOL **1058** PAGE **308**
LVOL **1082** PAGE **862**

# B. PROCELLA SURVEY
## ABSTRACT 803
## TR. NO. 5N-7

**EXHIBIT A-5**

C. HOTCHKISS
A-275

℄ COUNTY RD. 620

℄ DIRT ROAD

136'±

SEE R.O.W. DETAIL Φ ROAD

7.5 KV LN.

S03°25'24"W — 2245'±

JAMES ARCHER
A-767

MARTHA C. LAIRD
A-873

INSERT "A"
MAINLINE VALVE SITE NO. VS-20
(N.T.S.)

BEN PROCELLA
A-803

S03°26'24"W
841'±

R.O.W. DETAIL Φ ROAD
(N.T.S.)

A. HOTCHKISS
A-246

841'±

| | |
|---|---|
| TOTAL FOOTAGE | = 3084'± |
| TOTAL RODDAGE | = 186.9± |
| TOTAL PERM. R.O.W. | = 2.12±AC. |
| TOTAL TEMP. R.O.W. | = 2.12±AC. |
| TOTAL ADD'T TEMP. R.O.W. | = 0.11±AC. |

**MUSTANG PIPELINE COMPANY**
LONGVIEW, TEXAS

MONT BELVIEU TO LONGVIEW PIPELINE CROSSING
PROPERTY OF
**WINSTON LAND &
CATTLE CO., INC.**
NACOGDOCHES COUNTY,                    TEXAS

**FLUOR DANIEL WILLIAMS BROTHERS**

| Scale | Date | Drawn by | Drawing No. |
|---|---|---|---|
| 1"=400' | 10-15-96 ⚠ 11-22-96 | JMS | |
| | | Approved | CADD No. 5N-7 |

LIFE IS FRAGILE—DESIGN AND BUILD WITH CARE

VOL **1058** PAGE **309**

# C. HOTCHKISS SURVEY
## ABSTRACT 275
### TR. NO. 5N-9
**EXHIBIT A-6**

VOL **1082** PAGE **863**



52'± (SCALED)

S03°26'24"W
340.02'±

C. HOTCHKISS
A-275

S03°26'24"W
159.14'±

℄ NACOGDOCHES CO. RD. 620

SEE R.O.W. DETAIL @ ROAD

64'± (SCALED)



R. O. W. DETAIL @ ROAD
(N.T.S.)

| | |
|---|---|
| TOTAL FOOTAGE = 500'± | |
| TOTAL RODDAGE = 30.3± | |
| TOTAL PERM. R.O.W. = 0.34±AC. | |
| TOTAL TEMP. R.O.W. = 0.34±AC. | |
| TOTAL ADD'T TEMP. R.O.W. = 0.11±AC. | |

| MONT BELVIEU TO LONGVIEW PIPELINE CROSSING |
|---|
| PROPERTY OF |

**MUSTANG PIPELINE COMPANY**
LONGVIEW, TEXAS

**WINSTON LAND & CATTLE CO., INC.**
NACOGDOCHES COUNTY, TEXAS

**FLUOR DANIEL WILLIAMS BROTHERS**

| Scale | Date | Drawn by | DDB | Drawing No. | |
|---|---|---|---|---|---|
| 1" = 200' | 11-22-96 | Approved | | CADD No. | 5N-9 |

LIFE IS FRAGILE-DESIGN AND BUILD WITH CARE

VOL **1058** PAGE **310**
VOL **1082** PAGE **864**

# FILED

AT 9:57 O'CLOCK a M

NOV 27 1996

JOANN CHASTAIN, Clerk, County Court
Angelina County, Texas

By _____ Deputy

STATE OF TEXAS
COUNTY OF NACOGDOCHES }
   I hereby certify that this instrument was FILED on the date and at
the time stamped hereon by me; and was duly RECORDED in the
OFFICIAL PUBLIC RECORDS of Nacogdoches County, Texas as
stamped hereon by me on



**DEC 2 6 1996**

Carol Wilson
COUNTY CLERK
NACOGDOCHES COUNTY, TEXAS

FILED
NACOGDOCHES COUNTY
TEXAS

96 DEC 26 AM 11: 37

Carol Wilson
COUNTY CLERK

84847

Express H2O000290

**P5-0094**

VOL 1076 PAGE 873

82367

**RIGHT-OF-WAY AGREEMENT**                                         Tract No. 4A-70

STATE OF TEXAS    }
COUNTY OF Angelina}

For and in consideration of *ten dollars and other valuable consideration*
Dollars ($ *10 00* ) in hand paid the receipt and sufficiency of which is hereby acknowledged,
the undersigned (hereinafter called GRANTOR, whether one or more), does hereby GRANT, BARGAIN, SELL
and CONVEY to Mustang Pipeline Company, a Texas corporation, its successors and assigns (hereinafter called
GRANTEE), a right-of-way and easement *50* feet in width along a route, (the location of the pipeline,
as constructed, to evidence such route), to construct, maintain, operate, repair, alter, replace, change the size of
and remove a pipeline and appurtenant facilities including, but not limited to, rectifiers, test leads and aerial
markers, across, under and upon the lands of GRANTOR in the County of Angelina, State of Texas, to-wit:

That certain Tract or Parcel of land containing 120.686 acres, more or less, in the Barr & Davenport
Survey, A-4, and being more particularly described in that certain Warranty Deed with Vendor's
Lien from I.D. & Marguerite Farchild Educational, Religious, Charitable, & Civic Foundation to
Marie Stephens, dated January 18, 1996, and recorded in Volume 1042, Page 75, of the Deed of
Records of Angelina County, Texas.
Line location is approximately as shown on plat attached hereto and made a part hereof.

The GRANTOR represents that the above land (is or is not) rented to _____ whose
address is_____, on a (cash or crop) basis.
The GRANTEE shall have all of the rights and benefits necessary or convenient for the full enjoyment or
use of the rights herein granted, including, but not limited to, the free right of ingress and egress over and across
said lands to and from said right-of-way and easement, the right to install locked gates in fences that cross said
right-of-way and easement, and the right from time to time to cut all trees, undergrowth and other obstructions,
that may injure, endanger or interfere with the use of said pipeline. GRANTEE may use such portion of the
property along and adjacent to said right-of-way as may be reasonably necessary in connection with the
construction, maintenance, repair, removal, or replacement of its facilities; provided GRANTEE shall be obligated
to pay for all crop and land surface damages as set out below arising out of such use.

The GRANTEE agrees to bury the pipeline below normal plow depth and to pay for any physical damage
to growing crops, timber, fences, or other structural improvements caused by construction, maintenance, operation,
repairing, alteration, replacement or removal of said pipeline and appurtenant facilities. It is understood and
agreed that the consideration herein paid does include payment of the initial, foreseeable construction damages
within the right-of-way and additional temporary work space herein granted. GRANTOR herein agrees not to
change the grade over such pipeline or permit any party other than GRANTEE to change such grade.

TO HAVE AND TO HOLD unto GRANTEE, it's successors and assigns, so long as the rights and
easements herein granted, or any one of them shall be used by, or useful to, GRANTEE for the purposes herein
granted, with ingress to and egress from the premises for the purpose of constructing, inspecting, repairing,
maintaining, replacing and removing the property of GRANTEE.

This agreement shall be binding upon and shall be for the benefit of the heirs, successors, representatives
and assigns of GRANTOR and GRANTEE, whether assigned, devised, or otherwise transferred in whole or in part
by either of the parties hereto, and the agreements herein contained shall be covenants running with the land.

It is agreed that this grant covers all the agreements between the parties and that no representation or
statements, verbal or written, have been made modifying, adding to, or changing the terms of this Agreement.

Express H2O000307

**P5-0095**

VOL 1076 PAGE 874

IN TESTIMONY WHEREOF, the GRANTORS herein have executed this conveyance this _12th_ day of _August_, 19_96_.

**Witnesses:**

_Marie Stephens_
**Marie Stephens**

**ACKNOWLEDGMENT**
**STATE OF** _Texas_ }
**COUNTY OF** _Angelina_ }

I, _Patrick E. Gallegos_, a Notary Public in and for said county, in the state aforesaid do hereby certify that _Marie Stephens_ _____ personally known to me to be the same person(s) whose name(s) is\are subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that _She_ signed and delivered the said instrument as _her_ free and voluntary act for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my official seal this _12th_ day of _August_, 19_96_.

```
PATRICK E. GALLEGOS
Notary Public State of Texas
My Commission Expires
07 - 14 - 1999
```

_Patrick E. Gallegos_
**Notary Public**
**My Commission Expires**

_7/14/99_

**ACKNOWLEDGMENT**
**STATE OF** }
**COUNTY OF** }

BEFORE ME, a Notary Public, on this day personally appeared_____ known to me to be the person whose name is subscribed as a witness to the foregoing instrument of writing, and after being duly sworn by me stated on oath that he saw _____ the Grantor(s) who executed the foregoing instrument, subscribed the same for the purposes and consideration therein expressed and that _____ signed the same as a witness at the request of the Grantor(s).

GIVEN UNDER MY HAND AND SEAL OF OFFICE THE_____day of _____, A.D. 1996.

**Notary Public**

**State of Texas**
**My Commission expires:** _____

Express H2O000308



R O W   DETAIL
N T S

Express H2O000309

VOL 1076 PAGE 876



STATE OF TEXAS
COUNTY OF ANGELINA
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time
stamped hereon by me, and was duly RECORDED, in the
Official Public Records of Angelina County, Texas on

OCT 10 1996
Jo Ann Chastain
COUNTY CLERK
ANGELINA COUNTY, TEXAS

7:30    a

mA

Express H2O000310

IN CONSIDERATION OF *Thirteen and 4%/100* ——————————— rs,

this day paid to *Mrs. J. E. Parrott, J. S. Smith* ——————————

by GULF PIPE LINE COMPANY, the receipt whereof is hereby acknowledged, ——

hereby grant and convey unto said GULF PIPE LINE COMPANY, its successors

right to construct, maintain and operate a pipe line for the conveyance of oil over, through and upon

that certain tract of land situated in *Nacogdoches County Texas*

———————————————————————————, and thus described

*Being across a tract of 158½ acres*

*situated about 11 miles South of the town*

*of Nacogdoches Texas on the Angelina*

*River (H. H. Parrott survey)*

*For more definite discription reference*

*is given to deed records at Nacogdoches*

*Texas Vol. 72 Page 561*

Also there is hereby granted a right to erect and maintain a telephone and telegraph line over said premises. The grantee herein, its successors and assigns, shall have the right to select the route of said pipe line and the route of said telephone and telegraph line and to do whatever may be requisite for their construction, or for the enjoyment of the rights herein granted, including the right of ingress and egress to and from said tract of land for the purpose of laying, maintaining, repairing and restoring of said pipe line and said telegraph and telephone line, and for removing of same when desired by the grantee, its successors or assigns.

TO HAVE AND TO HOLD the said easement unto the said GULF PIPE LINE COMPANY, its successors and assigns, as long as the same shall be useful for the purposes of and desired by said grantee which by the acceptance hereof covenants and agrees with the grantor that the pipe line shall be buried so as not to interfere with the cultivation of said land.

It is understood that the person securing this right of way for said company is without authority to make any agreement, covenant or promise in its behalf not herein specifically shown, and this instrument is delivered and accepted upon the distinct understanding that the consideration hereinabove stated is the sole consideration and inducement therefor.

WITNESS *my* hand this *4th* day of *July* ——————— A. D.

1910.

Exhibit C

Express H2O000251

that certain tract of land situated in ~~~~~~~~, and thus described

~~~~~~ across a tract of 158½ acres
situated about 11 miles South of ~~~~~
of Nacogdoches Texas on the Angelina
River (H.H. Parrott survey)
For more definite description reference
is given to deed records at Nacogdoches
Texas Vol. 72 Page 561

Also there is hereby granted a right to erect and maintain a telephone and telegraph line over said premises. The grantee herein, its successors and assigns, shall have the right to select the route of said pipe line and the route of said telephone and telegraph line and to do whatever may be requisite for their construction, or for the enjoyment of the rights herein granted, including the right of ingress and egress to and from said tract of land for the purpose of laying, maintaining, repairing and restoring of said pipe line and said telegraph and telephone line, and for removing of same when desired by the grantee, its successors or assigns.

TO HAVE AND TO HOLD the said easement unto the said GULF PIPE LINE COMPANY, its successors and assigns, as long as the same shall be useful for the purposes of and desired by said grantee, which by the acceptance hereof covenants and agrees with the grantor that the pipe line shall be buried so as not to interfere with the cultivation of said land.

It is understood that the person securing this right of way for said company is without authority to make any agreement, covenant or promise in its behalf not herein specifically shown, and this instrument is delivered and accepted upon the distinct understanding that the consideration hereinabove stated is the sole consideration and inducement therefor.

WITNESS my hand this 4th day of July A. D.
1910.

S. C. X her mark Parrott
W. K. Looney
T. L. Parrott
G. W. Parrott

6-4-3

COUNTY OF NACOGDOCHES.
Notary Public, ~~~~~~~ in and for Nacogdoches County,
T. L. Parrott

A. D. 1910.

Geo. H. Wunenhuine
Notary Public in and for Nacogdoches Co. Texas.

STATE OF TEXAS, } Before me, ..............................
County of ..............................
a Notary Public, in and for .............................. County, Texas,
on this day personally appeared ..............................
wife of .............................., known to me to be the person whose name is subscribed to the foregoing instrument, and having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said .............................., acknowledged such instrument to be her act and deed, and declared that she had willingly signed the same for the purposes and consideration therein expressed and that she did not wish to retract it.

Given under my hand and seal of office this .............. day of .............................. A. D. 191...

..............................
Notary Public in and for ..............................

STATE OF TEXAS, } J. A. Spear, Clerk of the
County of Nacogdoches }

County Court of said County, do hereby certify that the foregoing instrument of writing dated the 4 day of May, A. D. 1910, with its certificate of authentication, was filed for record in my office this 14 day of Sept. 1910, at 4 o'clock P. M., and duly recorded the 17 day of Sept 1910, at 3 o'clock P. M., in the Deed Records of said County in Volume 74 on pages 107-108.

WITNESS my hand and the seal of the County Court of said County at office in Nacogdoches the day and year last above written.

J. A. Spear, Clerk,
County Court Nacogdoches County,
By Clifton Wells, Deputy.

[redacted]

RIGHT OF WAY

TO

PIPE LINE CO.

County, Texas

Filed for record the 4th day of September A. D. 1910

at 4 o'clock P. M.

County Clerk

Deputy

163+00

[redacted]

County
a Notary Public, in and for Nacog...
on this day personally appeared S. C. Parrott
known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressd.

Given under my hand and seal of office this 4th day of July A. D. 1910.

Geo. H. Muesenheimer
Notary Public in and for Nacogdoches Co. Texas.

STATE OF TEXAS,
County of ............ } Before me, ............
a Notary Public, in and for ............ County, Texas,
on this day personally appeared ............
wife of ............, known to me to be the person whose name is subscribed to the foregoing instrument, and having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said ............, acknowledged such instrument to be her act and deed, and declared that she had willingly signed the same for the purposes and consideration therein expressed and that she did not wish to retract it.

Given under my hand and seal of office this ............ day of ............ A. D. 191...

............
Notary Public in and for ............

STATE OF TEXAS,
County of Nacogdoches } I, J. A. Spear, Clerk of the County Court of said County, do hereby certify that the foregoing instrument of writing dated the 4 day of July, A. D. 1910, with its certificate of authentication, was filed for record in my office this 14 day of Sept 1910, at 4 o'clock P M., and duly recorded the 17 day of Sept 1910, at 3 o'clock P M., in the Deed Records of said County in Volume 74 on pages 1097-1098.

WITNESS my hand and the seal of the County Court of said County at office in Nacogdoches the day and year last above written.

J. A. Spear, Clerk,
County Court Nacogdoches County,
By Clifton Wells, Deputy.

LINE CO
County, Texas,
day
A. D. 1910
M.
Clerk

THE STATE OF TEXAS,

COUNTY OF NACOGDOCHES. Before me, *F. D. Huston*

*Notary Public* in and for Nacogdoches County

Texas, on this day personally appeared *W K Looney J L Parrott*

*J C Looney and A W Parrott*

known to me to be

the person S whose name are subscribed to the foregoing instrument, and each acknowledged

to me that he executed the same for the purpose and consideration therein expressed.

Given under my hand and seal of office, this 9th day of *August* A. D. 1900

*F D Huston*
*Notary Public*

deed, and declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office this_____ day of_____

A. D. 191___

Notary Public in and

STATE OF TEXAS,

County_____ Clerk of the County Court of said County, do hereby certify that this foregoing instrument of writing dated the 4th day of_____ A. D. 191___ with its certificate of authentication, was filed for record in my office this 14th day of *Sept* 191___, at 4 o'clock P. M., and duly recorded the 7th day of *Sept* 191___, at 3 o'clock P. M., in_____ Records of said County in Volume 74 on pages 109 & 108

Witness my hand and the seal of the County Court of said County at office in *Nacogdoches* the day and year last above written.

*J A Pheas*, Clerk,

County Court *Nacogdoches* County,

By *W Jno Wells* Deputy.

THE STATE OF TEXAS }
County of Nacogdoches }  I. O. F. BAXTER. Clerk of the County Court of Nacogdoches County

do hereby certify that the above instrument of writing dated on the ___27___ day of ___N ＠ Feb___ 191_4_

with its certificate of authentication, was filed for record in my office this ___23___ day of ___May___

A. D. 191_4_, at ___4___ o'clock ___P___ M., and duly recorded the ___27___ day of ___May___ A. D. 1914

at ___9___ o'clock ___A___ M., in the Records of Deeds of said County, in Vol. ___88___ on page No.___48P-23-24___

WITNESS my hand and seal of office, the day and year last above written.

O F BAXTER

Clerk, County Court, Nacogdoches County.

By ___Philip Sanders___ Deputy.

**CADDO-LUFKIN**
Right of Way

S.C. Parrott et al

To

Gulf Pipe Line Company

Across H.H.Parrott Sur.
Nacogdoches Co.

FILED FOR RECORD
May 22 1914
4 o'clock P M.
D.E. Naylor
Clerk, Dist. Nacogdoches County, Texas
by _____ W.J.Co. _____ Deputy

22

Return to
Gulf Pipe Line Co.
B.A. Bowater

From
Station No. 130+66
To
Station No. 153+09

Express H2O000257

I consideration of $*Twenty* Dollars this day paid to *Mrs. S C Parrott* by Gulf Pipe Line Company, the receipt of which is hereby acknowldged, do hereby grant and convey unto said Gulf Pipe Land Co., its successor and assigns, the right to construct a Roadway over through and upon that certain tract of land situated in Nacogdoches County, State of Texas, containing *160* acres, more or less, being *part* of the *W.H. Parrott* original grant of land. Said tract of land is bounded on the North by land owned by _____ *Jim Christian* on the East by land claimed by *Jim Christian* on the South by land claimed by *Angelina River* On the West by — *Mr. Blunt*

And whereas, the said Gulf Pipe Line Company, has hereto acquired and now owns and is being a valid grant of Right of Way for the construction, maintainance and operation of an additional pipe line and it is understood that this is for a Roadway. Said Roadway to be along the Right of Way of said pipe line, and to do what ever may be requisite for its construction, or for the enjoyment of the rights herein granted, including the right of ingress and egress to and from said tract of land for the purpose of laying, maintaining, repairing and restoring of said Roadway when desired by the Grantee, its successors or assigns.

To have and to hold the said Easement unto the said Gulf Pipe Line Co., its successors and assigns as long as the same shall useful for the purposes of and desired by said grantee.

Witness *my* hand, this *8th* day of *April* A. D. 1914.      6-4-3      *Mrs. S C Parrott*

Express H2O000258

The State of Texas } Before me John S Doughtie
County of Nacogdoches } A Notary Public in and for
Nacogdoches County Texas on this day personally
appeared S C Parrott known to me to be the person
whose name is Subscribed to the foregoing instru-
ment and acknowledged to me that She
Executed the Same for the purposes and consider-
ation therein Expressed

Given under my hand and Seal of Office
this the 8th day of April A D 1914

John S Doughtie
Notary Public in and for Nacogdoches County Texas

---

STATE OF TEXAS
of Nacogdoches

I, O. F. BAXTER, Clerk of the County Court of Nacogdoches County
do hereby certify that the above instrument of writing, dated on the 8 day of April 1914
with its certificate of authentication, was filed for record in my office this 8 day of Oct
A. D. 1914, at 9 o'clock A M., and duly recorded the 10 day of Oct A. D. 1914
at 9 o'clock A M., in the Records of Deeds in said County, in Vol. 85 on page No. 58
WITNESS my hand and seal of office, the day and year last above written.

O F Baxter
Clerk, County Court, Nacogdoches County.
By Bessie Hall Deputy.

---

FILED FOR RECORD

CADDO-LUFKIN LOOP

From Station No. 153+09
To Station No. 153+09

Roadway

Gulf Pipe Line Co.
Station 130+66 to 153+09
To
Mrs S C Parrott
Roadway line work
P228

MICROFILMED

IN CONSIDERATION OF _Twenty $10_ ............................................................ DOLLARS
this day paid to _Mrs T. He. Parrott J L Parrott J. W. Parrott, H H_ ....................
_W. R. Looney & his wife J Z Looney & H. H. Parrott_ ........................... by GULF
PIPE LINE COMPANY, the receipt whereof is hereby acknowledged, _we_ do hereby grant and
convey unto said GULF PIPE LINE COMPANY, its successors and assigns, the right to construct,
maintain and operate pipe lines for the conveyance of oil and gas, either or both, over, through and
upon that certain tract of land situated in _Nacogdoches_ ...................................... County,
State of Texas, containing _15 84_ acres, more or less, being ..................................... of the
_H H Parrott Survey_ ..................... original grant of land. Said tract of land is bounded
on the north by land claimed by ............ _E H Blount_ .............................................
on the east by land claimed by ............................................................................
on the south by land claimed by _bounded on South by Angelina River_
on the west by land claimed by _G A Blount_ ...................................................
and is further described as follows: ......................................................................

Said GULF PIPE LINE COMPANY has heretofore acquired and now owns and is using a valid grant
of right of way for the construction, maintenance and operation of one pipe line and a telegraph and
telephone line over and through said premises, and it is understood that this grant is for the construc-
tion, maintenance and operation of additional pipe lines over, through and upon said same premises.

Said additional pipe lines to be laid so that their center line shall be distant at no place more
than eight (8) feet from the center line of said first pipe line, and to do whatever may be requisite for
their construction, or for the enjoyment of the rights herein granted, including the right of ingress
and egress to and from said tract of land for the purpose of laying, maintaining, repairing and restor-
ing of said additional pipe lines and for removing of same when desired by the grantee, its successors
or assigns.

TO HAVE AND TO HOLD the said easement unto the said GULF PIPE LINE COMPANY, its
successors and assigns, as long as the same shall be useful for the purposes of and desired by said
grantee, which by the acceptance hereof covenants and agrees with the grantor that the said addi-
tional pipe lines shall be buried so as not to interfere with the cultivation of said land.

It is understood that the person securing this right of way for said Company is without authority

......... and operate pipe lines for the conveyance of oil and gas, either of both, over and

upon that certain tract of land situated in _Nacogdoches_ ................................................ County,

State of Texas, containing ......... 15 8/2 ......... acres, more or less, being ........................................ of the

_H H Parratt Survey_ ......... original grant of land. Said tract of land is bounded

on the north by land claimed by ......... _E H Blount_ —

on the east by land claimed by ........................................................................................

on the south by land claimed by _bounded on South by Angelina River_

on the west by land claimed by _G A Blount_ —

and is further described as follows:

................................................................................................................

................................................................................................................

................................................................................................................

................................................................................................................

................................................................................................................

Said GULF PIPE LINE COMPANY has heretofore acquired and now owns and is using a valid grant of right of way for the construction, maintenance and operation of one pipe line and a telegraph and telephone line over and through said premises, and it is understood that this grant is for the construction, maintenance and operation of additional pipe lines over, through and upon said same premises.

Said additional pipe lines to be laid so that their center line shall be distant at no place more than eight (8) feet from the center line of said first pipe line, and to do whatever may be requisite for their construction, or for the enjoyment of the rights herein granted, including the right of ingress and egress to and from said tract of land for the purpose of laying, maintaining, repairing and restoring of said additional pipe lines and for removing of same when desired by the grantee, its successors or assigns.

TO HAVE AND TO HOLD the said easement unto the said GULF PIPE LINE COMPANY, its ............ and assigns, as long as the same shall be useful for the purposes of and desired by said grantee, which by the acceptance hereof covenants and agrees with the grantor that the additional pipe lines shall be buried so as not to interfere with the cultivation of said land.

It is understood that the person securing this right of way for said Company is without authority to make any agreement, covenant or promise in its behalf not herein specifically shown, and this instrument is delivered and accepted upon the distinct understanding that the consideration hereinabove stated is the sole consideration and inducement therefor.

Witness our hands this 27 day of February A. D. 1922

................................................................................................................

THE STATE OF TEXAS,

County of _Nacogdoches_

Before me _____ _E. B. Lewis_

a Notary Public, in and for _____ _Nacogdoches_ _____ County, Texas,

on this day personally appeared _J. H. Parrott, H. H. Parrott, W. H. Lowry, H. A. Lowry, H. L._

known to me to be the person_s_ whose name_s_ _are_ subscribed to the foregoing instrument and

acknowledged to me that _they_ executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _27th_ day of _February_ ,

A. D. 19_74_

_E. B. Lewis_

Notary Public and for _Nacogdoches_ County, Texas.

THE STATE OF TEXAS,

County of _Nacogdoches_

Before me _____ _E. B. Lewis_

a Notary Public, in and for _____ _Nacogdoches_ _____ County, Texas,

on this day personally appeared _I. J. Lowry_ , known to me,

wife of _W. R. Lowry_ _____ , known to me to

be the person whose name is subscribed to the foregoing instrument, and having been examined by me

privily and apart from her husband, and having the same fully explained to her, she, the said

_I. J. Lowry_ acknowledged such instrument to be her act and

deed, and declared that she had willingly signed the same for the purposes and consideration therein

expressed and that she did not wish to retract it.

Given under my hand and seal of office this the _27th_ day of _February_ ,

A. D. 19_74_

_E. B. Lewis_

Notary Public in and for _Nacogdoches_ County, Texas.

THE STATE OF TEXAS,

County of _____

I, _____ , Clerk of the

County Court of said County, do hereby certify that the foregoing instrument of writing dated the

_____ day of _____ , A. D. 19_____ , with its certificate of authentication, was filed for

record in my office this _____ day of _____ , 19_____ , at _____ o'clock _____ M.,

and duly recorded the _____ day of _____ , 19_____ , at _____ o'clock _____ M.,

in the _____ Records of said County in Volume _____ on pages _____ .

Witness my hand and the seal of the County Court of said County at office in _____

the day and year last above written.

_____ , Clerk;

County Court _____ County.

By _____ Deputy.

Given under my hand and seal of office this the _____ day of _____
A. D. 1974

_E. B. Lewis_

Notary Public in and for _Nacogdoches_ County, Texas.

THE STATE OF TEXAS;

County of _Nacogdoches_   Before me _E. B. Lewis_
a Notary Public, in and for _Nacogdoches_ County, Texas,
on this day personally appeared _J. J. Lowry_
wife of _W. R. Lowry_ , known to me to
be the person whose name is subscribed to the foregoing instrument, and having been examined by me
privily and apart from her husband, and having the same fully explained to her, she, the said
_J. J. Lowry_ , acknowledged such instrument to be her act and
deed, and declared that she had willingly signed the same for the purposes and consideration therein
expressed and that she did not wish to retract it.

Given under my hand and seal of office this the _27th_ day of _February_
A. D. 1974

_E. B. Lewis_

Notary Public in and for _Nacogdoches_ County, Texas.

THE STATE OF TEXAS;

County of _____   I, _____ , Clerk of the
County Court of said County, do hereby certify that the foregoing instrument of writing dated the
_____ day of _____ , A. D. 19___, with its certificate of authentication, was filed for
record in my office this _____ day of _____ 19___, at _____ o'clock _____ M.,
and duly recorded the _____ day of _____ 19___, at _____ o'clock _____ M.,
in the _____ Records of said County in Volume _____ on pages _____

Witness my hand and the seal of the County Court of said County at office in _____
the day and year last above written.

_____ , Clerk.

County Court _____ County,

By _____ , Deputy.

RIGHT OF WAY

GULF PIPE LINE CO.

Express H2O000263

P5-0111

The State of Texas } Before me E. B. Lewis
County of Nacogdoches } a Notary Public in and for
Nacogdoches County Texas, on this day
personally appeared B. R. Looney wife of
H. A. Looney known to me to be the
person whose name is subscribed to the
foregoing instrument, and having
been examined by me privily and apart
from her husband, and having the same
fully explained to her, she the said
B. R. Looney, acknowledged such instrument
to be her act and deed, and declared that
she had willingly signed the same for the
purposes and consideration therein expressed
and that she did not wish to retract it

Given under my hand and Seal of office
This the 27th day of February 1814
            E. B. Lewis
        Notary Public in and for
        Nacogdoches County Texas.

Express H2O000264

The State of Texas. } Before Me E. B. Lewis
County of Nacogdoches } a Notary Public in and
for Nacogdoches County Texas on this day
personally appeared Mollie Collins wife of
T. M. Collins Known to me to be the person
whose name is subscribed to the foregoing
instrument, and having been examined by
me privily and apart from her husband, and
having the same fully explained to her, she
she said Mollie Collins acknowledged
such instrument to be her act and deed, and
declared that she had willingly signed the same
for the purposes and Consideration therein
expressed and that she did not wish to retract

Given under my hand and Seal of office this
the 3rd day of March 1914
                    E. B. Lewis.
          Notary Public in and for
          Nacogdoches County Texas.

Express H2O000265

130

**THE STATE OF TEXAS** } I, O. F. BAXTER, Clerk of the County Court of Nacogdoches County,
County of Nacogdoches
do hereby certify that the above instrument of writing, dated on the 27 day of February 1914
with its certificate of authentication, was filed for record in my office this 22 day of May
A. D. 1914, at 4 o'clock P. M., and duly recorded this 27th day of May A. D. 191
at 12 o'clock M., in the Records of Deeds in said County, in Vol. 62 on page No. 425.
WITNESS my hand and seal of office, the day and year last above written.

O F BAXTER.
Clerk, County Court, Nacogdoches County.
By _____ Deputy

IN CONSIDERATION OF *Eight and 30/100* _____ Dollars,

this day paid to *S. Michelli*

by GULF PIPE LINE COMPANY, the receipt whereof is hereby acknowledged, *O* do
hereby grant and convey unto said GULF PIPE LINE COMPANY, its successors and assigns, the
right to construct, maintain and operate a pipe line for the conveyance of oil over, through and upon

that certain tract of land situated in *Nacogdoches County Texas*

_____, and thus described

*Being across a tract of 205 acres*
*situated about 10 miles south of the faire*
*of Nacogdoches Texas (on Vicente Michelli grant)*
*For more definite description it is given to deed*
*records in Nacogdoches, Nacogdoches*
*County Texas. Vol 61 Page 478*

Also there is hereby granted a right to erect and maintain a telephone and telegraph line over said
premises. The grantee herein, its successors and assigns, shall have the right to select the route of
said pipe line and the route of said telephone and telegraph line and to do whatever may be requisite
for their construction, or for the enjoyment of the rights herein granted, including the right of ingress
and egress to and from said tract of land for the purpose of laying, maintaining, repairing and restor-
ing of said pipe line and said telegraph and telephone line, and for removing of same when desired by
the grantee, its successors or assigns.

TO HAVE AND TO HOLD the said easement unto the said GULF PIPE LINE COMPANY, its
successors and assigns, as long as the same shall be useful for the purposes of and desired by said
grantee, which by the acceptance hereof covenants and agrees with the grantor that the pipe line shall
be buried so as not to interfere with the cultivation of said land.

It is understood that the person securing this right of way for said company is without authority
to make any agreement, covenant or promise in its behalf not herein specifically shown, and this in-
strument is delivered and accepted upon the distinct understanding that the consideration hereinabove
stated is the sole consideration and inducement therefor.

WITNESS *my* hand this *5th* day of *July* _____ A. D.

191*0*.

*S. his X Michelli's*
*mark*

*6 - 4 - 3*

MICROFILMED

THE STATE OF TEXAS,
County of _Nacogdoches_
a Notary Public, in and for _____ County, Texas,
on this day personally appeared _S. Michelli_
known to me to be the person whose name __is__ subscribed to the foregoing instrument, and
acknowledged to me that __he__ executed the same for the purposes and consideration therein expressd.
Given under my hand and seal of office this __5 th__ day of __July__
A. D. 191_0_..

Before me, _Geo H Meisenheimer_
_Nacogdoches_

_Geo H Meisenheimer_
Notary Public in and for _Nacogdoches_ Co. Texas.

STATE OF TEXAS,
County of _____
a Notary Public, in and for _____ County, Texas,
on this day personally appeared _____
wife of _____, known to me to be the
person whose name is subscribed to the foregoing instrument, and having been examined by me privily
and apart from her husband, and having the same fully explained to her, she, the said_____
_____, acknowledged such instrument to be her act and
deed, and declared that she had willingly signed the same for the purposes and consideration therein
expressed and that she did not wish to retract it.
Given under my hand and seal of office this _____ day of _____
A. D. 191___.

Before me, _____

Notary Public in and for _____ Co. Texas.

STATE OF TEXAS,
County of _Nacogdoch___     I, _J A Spear_ , Clerk of the
County Court of said County, do hereby certify that the foregoing instrument of writing dated the _5 th_
day of _July_ A. D. 191_0_, with its certificate of authentication, was filed for
record in my office this _18 th_ day of _August_ 1910, at _9_ o'clock _A_ M.,
and duly recorded the _25_ day of _August_ 1910, at _4_ o'clock P. M., in
the _Deed_ Records of said County in Volume _24_ on pages _31_.
WITNESS my hand and the seal of the County Court of said County at office in _Nacogdoches_
the day and year last above written.

_J A Spear_ , Clerk,
County Court _Nacogdoches_ County,
By _Lofton Weir_ , Deputy.

RIGHT OF WAY
GADDY, LUFKIN
GULF PIPE LINE CO.

Across 263 acre
M. Michelli Grant
Nacogdoches County, Texas.

Filed for record the _18_ of _August_ A. D. 1910.
at _9_ o'clock _A_ M.

_J A Spear_
County Clerk

By _Lofton Weir_ , Deputy.

Return to
Gulf Pipe Line Co.
Beaumont, Tex.

②

IN CONSIDERATION OF *Twelve and 45* _____ DOLLARS, this day paid to *Mr J W Christian* of *Nacogdoches County Texas* _____ by GULF PIPE LINE COMPANY, the receipt whereof is hereby acknowledged, *I* do hereby grant and convey unto said GULF PIPE LINE COMPANY, its successors and assigns, the right to construct, maintain and operate pipe lines for the conveyance of oil and gas, either or both, over, through and upon that certain tract of land situated in *Nacogdoches* _____ County, State of Texas, containing *205* _____ acres, more or less, being *a part* of the *V Michill* _____ original grant of land. Said tract of land is bounded on the north by land claimed by *E A Blount, Widie Ramos & J Michilli* on the east by ~~land claimed by~~ *the Procella Road* on the south by land claimed by *Widie Ramos* on the west by land claimed by *J M Parrott* and is further described as follows: *being land deeded to me by J Michilli in Jan 1911 deed to which is recorded in the deed records of Nacogdoches County Texas*

Said GULF PIPE LINE COMPANY has heretofore acquired and now owns and is using a valid grant of right of way for the construction, maintenance and operation of one pipe line and a telegraph and telephone line over and through said premises, and it is understood that this grant is for the construction, maintenance and operation of additional pipe lines over, through and upon said same premises.

Said additional pipe lines to be laid so that their center line shall be distant at no place more than eight (8) feet from the center line of said first pipe line, and to do whatever may be requisite for their construction, or for the enjoyment of the rights herein granted, including the right of ingress and egress to and from said tract of land for the purpose of laying, maintaining, repairing and restoring of said additional pipe lines and for removing of same when desired by the grantee, its successors or assigns.

TO HAVE AND TO HOLD the said easement unto the said GULF PIPE LINE COMPANY, its successors and assigns, as long as the same shall be useful for the purposes of and desired by said grantee, which by the acceptance hereof covenants and agrees with the grantor that the said additional pipe lines shall be buried so as not to interfere with the cultivation of said land.

It is understood that the person securing this right of way for said Company is without authority to make any agreement, covenant or promise in its behalf not herein specifically shown, and this instrument is delivered and accepted upon the distinct understanding that the consideration hereinabove stated is the sole consideration and inducement therefor.

Witness *my* hand this *2nd* day of *March* _____, A. D. 19*14*

*J W Christian* ✓

6-4-3

MICROFILMED

THE STATE OF TEXAS,

County of _Nacogdoches_ } Before me _L. B. Lewis_ ____ County, Texas,

a Notary Public, in and for _Nacogdoches_ ____ County, Texas,

on this day personally appeared _J. W. Christian_ ____

known to me to be the person whose name _is_ subscribed to the foregoing instrument, and

acknowledged to me that __he__ executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _2nd_ day of _March_

A. D. 19_14_.

_L. B. Lewis_

Notary Public and for _Nacogdoches_ County, Texas.

---

THE STATE OF TEXAS,

County of ____ } Before me ____

a Notary Public, in and for ____ County, Texas,

on this day personally appeared ____, known to me to

wife of ____

be the person whose name is subscribed to the foregoing instrument, and having been examined by me

privily and apart from her husband, and having the same fully explained to her, she, the said ____

____, acknowledged such instrument to be her act and

deed, and declared that she had willingly signed the same for the purposes and consideration therein

expressed and that she did not wish to retract it.

Given under my hand and seal of office this the ____ day of ____

A. D. 19____.

Notary Public in and for ____ County, Texas.

---

THE STATE OF TEXAS,

County of **Nacogdoches** } I, _O F Baxter_ ____, Clerk of the

County Court of said County, do hereby certify that the foregoing instrument of writing dated the

_2nd_ day of **March** ____, A. D. 19_14_, with its certificate of authentication, was filed for

record in my office this _22nd_ day of **May** 1914, at _4_ o'clock _P.M.,_

and duly recorded the _23rd_ day of **May** 19_14_, at _1:45_ o'clock _P.M.,_

in the **Deed** Records of said County in Volume _82_ on pages _387-388._

Witness my hand and the seal of the County Court of said County at office in **Nacogdoches** ,

the day and year last above written.

_O F BAXTER_ ____, Clerk,

**Nacogdoches** County,

County Court

By _Philip Sanders_ ____ Deputy.

---

RIGHT OF WAY

**CADDO-LUFKIN**

J M Christian

TO:

GULF PIPE LINE CO.

200-200 C

Nacogdoches County, Texas

(See S Marshall's Rt 7 y filed on Rt 84 of same date)

Filed for record the _22nd_ day

of _May_ A.D. 19_14_

at _4_ o'clock _P.M._

_O F Baxter_ County Clerk

By _Clifton Wells_ Deputy Clerk.

(32)

FROM _153+09_

TO: _166+84_

Station No. _153+09_

Station No. _166+84_

Return to
Gulf Pipe Line Co

20/3=

I consideration of $ *12 50* _____ Dollars
this day paid to *Jas W. Christian* _____ by Gulf Pipe
Line Company, the receipt of which is hereby acknowl dged,
do hereby grant and convey unto said Gulf Pipe Land Co., its
successor and assigns, the right to construct a Roadway over
through and upon that certain tract of land situated in
Nacogdoches County, State of Texas, containing *965* _____
acres, more or less, being *apprx* _____ of the
*V. Michelli* _____ original grant of land. Said tract
of land is bounded on the North by land owned by *Guy Blount*
*on the west: Mrs. Garrott* _____
on the East by land claimed by *A.J. Spradley* _____
on the South by land claimed by *D. Ramus + Mrs. Garrott* _____

And whereas, the said Gulf Pipe Line Company, has
hereto acquired and now owns and is using a valid grant of
Right of Way for the construction, maintainance and
operation of an additional pipe line and it is understood that
this is for a Roadway. Said Roadway to be along the Right of
Way of said pipe line, and to do what ever may be requisite for
its construction, or for the enjoyment of the rights herein
granted, including the right of ingress and egress to and from
said tract of land for the purpose of laying, maintaining, re-
pairing and restoring of said Roadway when desired by the
Grantee, its successors or assigns.

To have and to hold the said Easement unto the said
Gulf Pipe Line Co., its successors and assigns, as long as the
same shall useful for the purposes of and desired by said
grantee.

Witness *my* hand, this *10* day of *April*
A. D. 1914.    6-4-3        *Jas W Christian*

CROFILMED

The State of Texas
County of Nacogdoches } Before me, John S. Daughtie, a Notary
Public in & for Nacogdoches county, Texas, On this
day personally appeared Jas. N. Christian known
to me to be the person whose name is subscribed to
the foregoing instrument and acknowledged to me
that he executed the same for the purpose & consideration
therein expressed.

Given under my hand and seal of Office this
the 10th Day of April A.D. 1914.

John S Daughtie
Notary public in & for Nacogdoches
county, Texas.

---

THE STATE OF TEXAS
County of Nacogdoches }

I, O. F. BAXTER, Clerk of the County Court of Nacogdoches County
do hereby certify that the above instrument of writing, dated on the 10 day of
Mar.D. 191 4 with its certificate of authentication, was filed for record in my office this 23rd day of MAY A.D. 191 4
at 1:30 o'clock P. M., and duly recorded the 23rd day of MAY A.D. 191 4
at o'clock P. M., in the Records of Deeds in said County, in Vol. 82 on page No. 286-87.

WITNESS my hand and seal of office, the day and year last above written.

O. F. BAXTER,
Clerk County Court, Nacogdoches County.

By Geo. J. Smith Deputy.

—Roadway—

CADDO-LUFKIN

Gulf 20-5-0
J. N. Christian—
Roadway, to Gulf
Pipe Line Co.
Above 205-Acre Tks
T. Michelli Survey in
Nacogdoches county
Texas.

States 153 + 115 to 160 + 54

+ 84

Express H2O000272

5-4-6

IN CONSIDERATION OF *Twenty-four* ——— and *70/100* Dollars,
this day paid to *J. L. Calvert*
by GULF PIPE LINE COMPANY, the receipt whereof is hereby acknowledged, *I* do
hereby grant and convey unto said GULF PIPE LINE COMPANY, its successors and assigns, the
right to construct, maintain and operate a pipe line for the conveyance of oil over, through and upon
that certain tract of land situated in *Angelina County Texas*
*about 9½ miles North of Lufkin*, and thus described
*Being 162 acres of land out of the*
*Estevan Goquet grant and being*
*the same land conveyed to me by*
*W. H. Bonner and recorded in Book*
*25 Page 415 Deed Records of Angelina*
*County, to which deed reference is*
*hereby made for further description*

Also there is hereby granted a right to erect and maintain a telephone and telegraph line over said
premises.   The grantee herein, its successors and assigns, shall have the right to select the route of
said pipe line and the route of said telephone and telegraph line and to do whatever may be requisite
for their construction, or for the enjoyment of the rights herein granted, including the right of ingress
and egress to and from said tract of land for the purpose of laying, maintaining, repairing and restor-
ing of said pipe line and said telegraph and telephone line, and for removing of same when desired by
the grantee, its successors or assigns.

TO HAVE AND TO HOLD the said easement unto the said GULF PIPE LINE COMPANY, its
successors and assigns, as long as the same shall be useful for the purposes of and desired by said
grantee, which by the acceptance hereof covenants and agrees with the grantor that the pipe line shall
be buried so as not to interfere with the cultivation of said land.

It is understood that the person securing this right of way for said company is without authority
to make any agreement, covenant or promise in its behalf not herein specifically shown, and this in-
strument is delivered and accepted upon the distinct understanding that the consideration hereinabove
stated is the sole consideration and inducement therefor.

WITNESS *My* hand  this  *the 6th* day of  *July*            A. D.
191....

*J. L. Calvert*

Express H2O000273

P5-0121

THE STATE OF TEXAS,. }
County of _Angelina_ }
a Notary Public, in and for _____
on this day personally appeared _____
known to me to be the person _ whose name _ is _ subscribed to the foregoing instrument, and
acknowledged to me that _ he _ executed the same for the purposes and consideration therein expressd.

Before me, _E. G. Bonk_
_Angelina_ _____ County, Texas,
_J. L. Calvert_

Given under my hand and seal of office this _6th_ day of _July_
A. D. 1910.

_E. G. Bonk_

Notary Public in and for _Angelina_ Co. Texas.

---

STATE OF TEXAS, }
County of _____ }
a Notary Public, in and for _____
on this day personally appeared _____
wife of _____, known to me to be the
person whose name is subscribed to the foregoing instrument, and having been examined by me privily
and apart from her husband, and having the same fully explained to her, she, the said _____
_____, acknowledged such instrument to be her act and
deed, and declared that she had willingly signed the same for the purposes and consideration therein
expressed, and that she did not wish to retract it.

Before me, _____
_____ County, Texas,

Given under my hand and seal of office this _____ day of _____
A. D. 191__.

Notary Public in and for _____ Co. Texas.

---

STATE OF TEXAS, }
County of _Angelina_ }
I, _J. W. Boyd_ _____, Clerk of the
County Court of said County, do hereby certify that the foregoing instrument of writing dated the _6th_
day of _July_ _____ A. D. 1910 _ with its certificate of authentication, was filed for
record in my office this _18th_ day of _Aug_ _____ 1910 at _8_ o'clock _G_ M.,
and duly recorded the _25th_ day of _Aug_ _____ 1910, at _11_ o'clock _G_ M., in
the _Deed_ _____ Records of said County in volume _30_ on pages _4 H_
WITNESS my hand and the seal of the County Court of said County at office in _Lufkin_
the day and year last above written.

_J. W. Boyd_ _____, Clerk,
County Court _Angelina_ County,
By _____, Deputy.

---

RIGHT OF WAY
_J. L. Calvert_
TO
GULF PIPE LINE CO.

_162 Acre_

_Out of Calvert League_
_Angelina_ County, Texas.

Filed for record the _18_ day of _____ A. D. 1910.
at _8_ o'clock _A._ M.
_J. W. Boyd_
County Clerk
_____, Deputy.

Express H2O0000274
P5-0122

5.4.6

IN CONSIDERATION OF _Twenty four and 7%/100_ DOLLARS,
this day paid to _WE Messingill_ by GULF
PIPE LINE COMPANY, the receipt whereof is hereby acknowledged, _I_ do hereby grant and
convey unto said GULF PIPE LINE COMPANY, its successors and assigns, the right to construct,
maintain and operate pipe lines for the conveyance of oil and gas, either or both, over, through and
upon that certain tract of land situated in _Angelina_ County,
State of Texas, containing _162½_ acres, more or less, being _a part_ of the
_E Gaget_ original grant of land. Said tract of land is bounded
on the north by ~~land claimed by~~ _the Angelina River_
~~on the east by land claimed by~~
on the south by land claimed by _J C Modisett_
~~on the west by land claimed by~~
and is further described as follows: _being the land purchased by me_
_from J L Calert_

Said GULF PIPE LINE COMPANY has heretofore acquired and now owns and is using a valid grant
of right of way for the construction, maintenance and operation of one pipe line and a telegraph and
telephone line over and through said premises, and it is understood that this grant is for the construc-
tion, maintenance and operation of additional pipe lines over, through and upon said same premises.

Said additional pipe lines to be laid so that their center line shall be distant at no place more
than eight (8) feet from the center line of said first pipe line, and to do whatever may be requisite for
their construction, or for the enjoyment of the rights herein granted, including the right of ingress
and egress to and from said tract of land for the purpose of laying, maintaining, repairing and restor-
ing of said additional pipe lines and for removing of same when desired by the grantee, its successors
or assigns.

TO HAVE AND TO HOLD the said easement unto the said GULF PIPE LINE COMPANY, its
successors and assigns, as long as the same shall be useful for the purposes of and desired by said
grantee, which by the acceptance hereof covenants and agrees with the grantor that the said addi-
tional pipe lines shall be buried so as not to interfere with the cultivation of said land.

It is understood that the person securing this right of way for said Company is without authority
to make any agreement, covenant or promise in its behalf not herein specifically shown, and this instru-
ment is delivered and accepted upon the distinct understanding that the consideration hereinabove
stated is the sole consideration and inducement therefor.

Witness _my_ hand this _27"_ day of _February_ A. D. 19_18_

_W. E. Messingill_

Express H2O000275
P5-0123

THE STATE OF TEXAS,

County of _Angelina_ }

Before me _E Mc Mullen J.P. & Ex officio_

a Notary Public, in and for _Angelina_ County, Texas,

on this day personally appeared _W E Massingill_

known to me to be the person___ whose name___ _is_ subscribed to the foregoing instrument, and

acknowledged to me that ___he___ executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _22d_ day of _February_,

A. D. 19_14_ _E N Mc Mullen J P & Ex officio_

Notary Public and for _Angelina_ County, Texas.

THE STATE OF TEXAS,

County of _____ }

Before me _____

a Notary Public, in and for _____ County, Texas,

on this day personally appeared _____

wife of _____, known to me to

be the person whose name is subscribed to the foregoing instrument, and having been examined by me

privily and apart from her husband, and having the same fully explained to her, she, the said

_____, acknowledged such instrument to be her act and

deed, and declared that she had willingly signed the same for the purposes and consideration therein

expressed and that she did not wish to retract it.

Given under my hand and seal of office this the _____ day of _____

A. D. 19_____.

_____

Notary Public in and for _____ County, Texas.

THE STATE OF TEXAS,

County of _Angelina_ }

I, _J L Dunn_, Clerk of the

County Court of said County, do hereby certify that the foregoing instrument of writing dated the

_27_ day of _Feby_, A. D. 19_14_ with its certificate of authentication, was filed for

record in my office this _14_ day of _May_ 19_14_ at _1_ o'clock _P_ M.,

and duly recorded the _14_ day of _May_ 19_14_, at _1_ o'clock _P_ M.,

in the _Deed_ Records of said County in Volume _35_ on pages _1774_

Witness my hand and the seal of the County Court of said County at office in _Lufkin Texas_

the day and year last above written.

_J L Dunn_, Clerk,

County Court _Angelina_ County.

By _Rob't L Jordan_ Deputy.

RIGHT OF WAY

W.E. Massingill

TO

GULF PIPE LINE CO.

Across _162½ Acs_

_E. Gougett Sur._

_Angelina_ County, Texas.

Filed for record the _14th_ day

of _May_ A.D. 19_14_

at _1_ o'clock _P_ M.

_J L Dunn_ County Clerk.

_____ Deputy Clerk.

FROM _Station No. 129+66_

TO _88+70_

Express H2O0002276

P5-0124

Form 1139  6-4—1m

## State of Texas,

County of *Angelina*

S. 4. 6

KNOW ALL MEN BY THESE PRESENTS, That, in consideration of *Sixty two & no/XX*

($ 62.00/XX ) Dollars,

this day paid to *Mrs. W. E. Massingill, a widow*

by Gulf Pipe Line Company and Gulf Production Company, the receipt whereof is hereby acknowledged, do hereby grant and convey unto the said companies, their successors and assigns, a right of way over the land hereinafter described, and the right to construct, maintain and operate thereon pipe lines for the conveyance or transportation of oil, gas, water, steam, or any other material or substance which can be conveyed through a pipeline, or any one or more of said substances;

said right of way being through and upon that certain tract of land situated in *Angelina* County, State of Texas, and described as follows:

*as being 162 acres of land aur of E Gougett Survey Angelina County Texas*

The grantees herein shall have the right to select the route to be followed by said pipeline which shall be laid adjacent to and approximately parallel to the the line or lines already laid.

It is further agreed that the grantees shall have the right, and the same is hereby granted to such grantees, to lay as many additional lines of pipe on said right of way as they may desire, but shall pay to said grantor, or *her* assigns, twenty-five (25c) cents per rod for each additional pipeline so laid; said consideration for additional lines to be paid within a reasonable time after the construction of each additional pipeline, and all additional pipelines shall be laid adjacent to and approximately parallel to the line or lines already laid.

The grantees herein, and their successors and assigns, shall have the right to do whatever may be requisite for the enjoyment of the rights herein granted, including the right of clearing said right of way of timber, and of ingress and egress to and from said tract of land, for the purpose of laying, maintaining, repairing, renewing, changing the size of, and restoring of said pipelines, and for the removal of same when desired by the grantees, their successors or assigns.

The above recited consideration is received in full satisfaction of every right hereby granted; but it is agreed that, within a reasonable time after the completion of said line or lines, the grantees obligates themselves to pay the grantor all actual damages to crops, fences and timber caused by the construction of said line or lines, and thereafter to pay all actual damages to crops, timber and fences done by them to such; and any damage to any land of the grantor caused by reason of the operation, repair or removal of said line or lines.

TO HAVE AND TO HOLD the said easement unto the said grantees, their successors and assigns, as long as the same shall be useful for the purposes of and desired by said grantees, their successors and assigns. And, by the acceptance hereof, said grantees covenant and agree with the grantor that the pipelines shall be buried a sufficient depth so as not to interfere with the cultivation of the land in said right of way, so far as said right of way can be cultivated so as not to interfere with or impair the rights hereby granted.

It is understood and agreed that the person securing this right of way for said companies has no authority to make any agreement, covenant, or promise, in their behalf not herein specifically shown; and this instrument is delivered and accepted upon the distinct understanding that the consideration hereinabove stated is the sole consideration and inducement for the execution hereof.

WITNESS *my* hand, this *25th* day of *April*, 192*5*.

*Mrs. W E Massingill*

Express H2O000277
**P5-0125**

**State of Texas,**

**County of** Angelina }

Before me, the undersigned authority, on this day personally appeared _Mrs W E Massingill_

_a Widow_ , known to me to be the person.... whose name.. _is_ .... subscribed to the foregoing instrument, and acknowledged to me that _she_.... executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office, this the _25th_ day of _April_ A. D. 192 _5_

_Jas W Abney_
Notary Public in and for _Angelina_ County, Texas.

**State of Texas,**

**County of** ................... }

Before me, the undersigned authority, on this day personally appeared .................................

wife of ................................., known to me to be the person whose name is subscribed to the foregoing instrument, and having been examined by me privily and apart from her husband, and having had said instrument fully explained to her by me, she, the said................................., acknowledged such instrument to be her act and deed, and declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office, this the................day of................, A. D. 192......

................................................
Notary Public in and for................................County, Texas.

---

**RIGHT OF WAY**

TO

**GULF PIPE LINE COMPANY**
**GULF PRODUCTION COMPANY**

Across ................................................ County, Texas.

Filed for Record ...... day of ...... A. D. 192......

County Clerk

Deputy

By ................................................

FROM

Station No. 88-70

Station No. 139-66

---

THE STATE OF TEXAS,
COUNTY OF Angelina } I, B. Houston

Clerk of the County Court of said County, do hereby certify that the foregoing instrument of writing dated the ...25... day of ...April..., A. D. 192 5, with its certificate of authentication, was filed for record in my office this ...1st... day of ...May..., 192 5, at 8 o'clock ...A... M., and duly recorded this ...5th... day of ...192..., 192 5, at 9:55 o'clock A M., in the Deed Records of said County in Volume...63...., on pages...160....

WITNESS my hand and the seal of the County Court of said County, at office in Lufkin, Texas. the day and year last above written.

B Houston , Clerk
County Court Angelina County

By ................................................

Express H2O000278
P5-0126

134

RIGHT OF WAY CONTRACT
GUY A. BLOUNT

TO

GULF PIPE LINE COMPANY ET AL

STATE OF TEXAS

COUNTY OF NACOGDOCHES ╎

╎ KNOW ALL MEN BY
these presents, That, in consideration of FOUR HUNDRED TWENTY & 50/xx ($420.50/╎ DOLLARS,
this day paid to Guy A. Blount by Gulf Pipe Line Company and Gulf Production Company, the
receipt whereof is hereby acknowledged, I do hereby grant and convey unto the said com-
panies, their successors and assigns, a right of way over the land hereinafter described,
and the right to construct, maintain and operate thereon pipe lines for the conveyance or
transportation of oil, gas, water , steam, or any other material or substance which can be
conveyed through a pipeline, or any one or more of said substances; said right of way being
through and upon those certain tracts of land situated in Nacogdoches County, State of
Texas, and described as follows:

As being various tracts of land out of H. H. Parrott, V. Michelli, A. Bermea , J. L. de
la Baga and John Thorn surveys, Nacogdoches County, Texas.

The grantees herein shall have the right to select the route to be followed by said
pipeline which shall be laid adjacent to and approximately parallel to the the line or
lines already laid.

It is further agreed that the grantees shall have the right, and the same is hereby
granted to such grantees, to lay as many additional lines of pipe on said right of way as
they may desire, but shall pay to said grantor, or his assigns, twenty five (25c) cents
per rod for each additional pipeline so laid; said consideration for additional lines to
be paid within a reasonable time after the construction of each additional pipeline, and
all additional pipelines shall be laid adjacent to and approximately parallel to the line
or lines already laid.

The grantees herein, and their successors and assigns, shall have the right to do what-
ever may be requisite for the enjoyment of the rights herein granted, including the right
of clearing said right of way of timber, and of ingress and egress to and from said tract
of land, for the purpose of laying, maintaining, repairing, renewing, changing the size of,
and restoring of said pipelines, and for the removal of same when desired by the grantees,
their successors or assigns.

The above recited consideration is received in full satisfaction of every right hereby
granted; but it is agreed that, within a reasonable time after the completion of said line
or lines, the grantees obligates themselves to pay the grantor all actual damages to crops,
fences and timber caused by the construction of said line or lines, and thereafter to pay
all actual damages to crops, timber and fences done by them to such; and any damage to any
land of the grantor caused by reason of the operation, repair or removal of said line or
lines.

TO HAVE AND TO HOLD the said easement unto the said grantees, their successors and
assigns, as long as the same shall be useful for the purposes of and desired by said
grantees, their successors and assigns. And, by the acceptance hereof, said grantees
covenant and agree with the grantor that the pipelines shall be buried a sufficient depth
so as not to interfere with the cultivation of the land in said right of way, so far as
said right of way can be cultivated so as not to interfere with or impair the rights hereby
granted.

It is understood and agreed that the person securing this right of way for said com-
panies has no authority to make any agreement, covenant, or promise, in their behalf not
herein specifically shown; and this instrument is delivered and accepted upon the distinct
understanding, that the consideration hereinabove stated is the sole consideration and in-

ducement for the execution hereof.

WITNESS MY HAND, this 26th day of April, 1925.

Guy A. Blount

STATE OF TEXAS

COUNTY OF NACOGDOCHES

BEFORE ME, the undersigned authority, on this day personally appeared Guy A. Blount known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this the 28 day of April A. D. 1925.

J. W. Byrd, Jr., Notary Public in and for
Nacogdoches County, Texas.

(L. S.)

Filed, May 5th, 1925 at 8 O'clock A. M.

Recorded, May 6th, 1925 at 1:15 O'clock P. M.

_W R Briley_ CLERK, COUNTY COURT,
Nacogdoches County, Texas.

###################################
RIGHT OF WAY CONTRACT
MRS. F. W. HARLACKER

TO

GULF PIPE LINE COMPANY ET AL
###################################

STATE OF TEXAS

COUNTY OF NACOGDOCHES

KNOW ALL MEN BY THESE PRESENTS, That, in consideration of TWENTY TWO & No ($22.00) DOLLARS, this day paid to Mrs. F. W. Harlacker, a widow by Gulf Pipe Line Company and Gulf Production Company, the receipt whereof is hereby acknowledged, I do hereby grant and convey unto the said companies, their successors and assigns, a right of way over the land hereinafter described, and the right to construct, maintain and operate thereon pipe lines for the conveyance or transportation of oil, gas, water, steam, or any other material or substance which can be conveyed through a pipeline, or any one or more of said substances; said right of way being through and upon that certain tract of land situated in Nacogdoches County, State of Texas, and described as follows:

As being 105 acres of land out of J. L. de la Bega Grant, Nacogdoches County, Texas

The grantees herein shall have the right to select the route to be followed by said pipeline which shall be laid adjacent to and approximately parallel to the the line or lines already laid.

It is further agreed that the grantees shall have the right, and the same is hereby granted to such grantees, to lay as many additional lines of pipe on said right of way as they may desire, but shall pay to said grantor, or her assigns, twenty five (25¢) cents per rod for each additional pipeline so laid; said consideration for additional lines to be paid within a reasonable time after the construction of each additional pipeline, and all additional pipelines shall be laid adjacent to and approximately parallel to the line or lines already laid.

The grantees herein, and their successors and assigns, shall have the right to do whatever may be requisite for the enjoyment of the rights herein granted, including the right of clearing said right of way of timber, and of ingress and egress to and from said tract of land, for the purpose of laying, maintaining, repairing, renewing, changing the size of, and restoring of said pipelines, and for the removal of same when desired by the grantees, their successors or assigns.

The above recited consideration is received in full satisfaction of every right hereby granted; but it is agreed that, within a reasonable time after the completion of said line or lines, the grantees obligates themselves to pay the grantor all actual damages to crops, fences and timber caused by the construction of said line or lines, and thereafter

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christopher Sachitano
Bar No. 24014886
sach@sachlaw.com
Envelope ID: 99844415
Filing Code Description: Amended Filing
Filing Description: Plaintiff's Second Amended Petition
Status as of 4/21/2025 8:48 AM CST

Associated Case Party: EXPRESS H2O PIPELINE AND ROW LLC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Scott CSkelton | | sskelton@ssbww.law | 4/18/2025 5:14:46 PM | SENT |
| Tanner Franklin | 24082506 | tanner@thegoodlawyer.com | 4/18/2025 5:14:46 PM | SENT |
| Tracy Neal | | tneal@ssbww.law | 4/18/2025 5:14:46 PM | SENT |
| Holli VirginiaPryor-Baze | | hbaze@ssbww.law | 4/18/2025 5:14:46 PM | SENT |
| Christopher JSachitano | | sach@sachlaw.com | 4/18/2025 5:14:46 PM | SENT |
| Melanie Arnold | | melanie@thegoodlawyer.com | 4/18/2025 5:14:46 PM | SENT |
| Bailey JWingate | | Bailey@wingatelaw.com | 4/18/2025 5:14:46 PM | SENT |
| Michelle Bass | | mbass@sachlaw.com | 4/18/2025 5:14:46 PM | SENT |

Associated Case Party: WESTLAKE CHEMICAL OPCO, LP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Reies Flores | | rflores@azalaw.com | 4/18/2025 5:14:46 PM | SENT |
| Shawn M.Bates | | sbates@azalaw.com | 4/18/2025 5:14:46 PM | SENT |
| Curtis (Curt) W.Fenley | | cfenley@fenley-bate.com | 4/18/2025 5:14:46 PM | SENT |
| Gus Atchison | | gatchison@fenley-bate.com | 4/18/2025 5:14:46 PM | SENT |
| Todd W.Mensing | | tmensing@azalaw.com | 4/18/2025 5:14:46 PM | SENT |
| Tammi Byrd | | tbyrd@azalaw.com | 4/18/2025 5:14:46 PM | SENT |
| Myrna Flores | | mflores@azalaw.com | 4/18/2025 5:14:46 PM | SENT |
| Matthew Davis | | mdavis@azalaw.com | 4/18/2025 5:14:46 PM | SENT |

Case Contacts

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christopher Sachitano
Bar No. 24014886
sach@sachlaw.com
Envelope ID: 99844415
Filing Code Description: Amended Filing
Filing Description: Plaintiff's Second Amended Petition
Status as of 4/21/2025 8:48 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lourdes Ortiz | | lortiz@clevelandkrist.com | 4/18/2025 5:14:46 PM | SENT |
| Yvette Latin | | ylatin@fenley-bate.com | 4/18/2025 5:14:46 PM | SENT |
| Susie Aguilar | | saguilar@fenley-bate.com | 4/18/2025 5:14:46 PM | SENT |
| Angee Owens | | aowens@fenley-bate.com | 4/18/2025 5:14:46 PM | SENT |
| Austin Krist | | akrist@clevelandkrist.com | 4/18/2025 5:14:46 PM | SENT |

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS, COUNTY OF ANGELINA
130 pages
I hereby certify that the above is a true and correct copy of the original record on file in my office.
MEAGAN MOORE, DISTRICT CLERK, ANGELINA CO. TX
By _____, Deputy