Filed 5/5/2025 5:00 PM
Meagan Moore, District Clerk
Angelina County, Texas
By: Sheila Woods,
Deputy Clerk

CAUSE NO. CV-00461-24-08

Exhibit P-6

| | | |
|---|---|---|
| EXPRESS H2O PIPELINE AND ROW, LLC | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| vs. | § § | 159th JUDICIAL DISTRICT |
| WESTLAKE CHEMICAL OPCO, LP | § § | |
| Defendants | § | ANGELINA COUNTY, TEXAS |

## DEFENDANT WESTLAKE CHEMICAL OPCO LP,'S SECOND AMENDED ORIGINAL ANSWER AND PETITION FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, **WESTLAKE CHEMICAL OPCO LP,** and files this Second Amended Original Answer in response to Plaintiff's Second Original Petition and, as Counter-Plaintiff, its Petition for Declaratory Judgment, and in support thereof would respectfully show the Court as follows:

### I.
### SPECIAL EXCEPTIONS

Defendant, **WESTLAKE CHEMICAL OPCO LP,** specially excepts to Plaintiff's Second Amended Original Petition in its entirety as being vague, ambiguous and overly broad. Plaintiff's Second Amended Original Petition fails to specify the particular tracts, parcels or portions of property as to which Plaintiff claims or contends exclusive easement to establish there was a trespass. Additionally, Plaintiff's Second Amended Original Petition fails to specify when the alleged trespass and alleged interference with Plaintiff's property interests occurred. Plaintiff's Second Amended Original Petition further fails to allege with any particularity where Defendant allegedly removed a section or sections of Plaintiff's pipeline during Plaintiff's alleged ownership and, if so, when such alleged removal occurred or where it occurred.

*Defendants' 2nd Amended Original Answer*

Defendant requests the Court to enter an order sustaining these special exceptions, requiring Plaintiff to replead within a reasonable time in accordance with the Court's order, setting out facts sufficient to give notice to Defendant of the specific and particular tract, parcel or portion of land where Plaintiff alleges a trespass occurred, when the trespass allegedly occurred and whether, where and when Defendant allegedly removed a section or sections of Plaintiff's pipeline or, if Plaintiff fails to do so, that said causes of action and allegations in the pleading be stricken.

## II.
## GENERAL DENIAL

Defendant, **WESTLAKE CHEMICAL OPCO LP**, denies generally each and every, all and singular, the allegations of Plaintiff's Second Amended Original Petition and demands strict proof thereof by a preponderance of the evidence in accordance with Rule 92 of the Texas Rules and Civil Procedure.

## III.
## SPECIAL DENIAL

Defendant, **WESTLAKE CHEMICAL OPCO LP**, specially denies Plaintiff's Second Amended Original Petition pursuant to Rule 93, Tex.R.Civ.P. that Plaintiff has the legal capacity to sue or that Plaintiff is entitled to recover in the capacity it brings suit.

## IV.
## AFFIRMATIVE DEFENSES

Defendant, **WESTLAKE CHEMICAL OPCO LP**, asserts by way of affirmative defense, if such be necessary, that Plaintiff's Second Original Petition fails to state a claim upon which relief can be granted.

## V.

Defendant, **WESTLAKE CHEMICAL OPCO LP**, asserts by way of affirmative defense, if such be necessary, that Defendant acted in good faith and without malice.

VI.

Defendant, **WESTLAKE CHEMICAL OPCO LP,** asserts by way of affirmative the defense, if such be necessary, that Defendant acted lawfully, with legal excuse and/or justification.

VII.

Defendant, **WESTLAKE CHEMICAL OPCO LP,** asserts by way of affirmative defense, if such that be necessary, that Plaintiff has failed to mitigate its damages, if any.

VIII.

Defendant, **WESTLAKE CHEMICAL OPCO LP,** asserts by way of affirmative defense, if such be necessary, that Plaintiff's claims are barred or fail by the applicable statutes of limitations. There is no discovery rule applicable to the statutes of limitations at issue in this lawsuit as there is constructive notice that supports use of the statutes of limitation including under filing Section 13.001 of the Texas Property Code. Defendant further alleges that where such limitations constitute an absolute deadline for assertion of a claim, Defendant asserts the statute of repose.

IX.

Defendant, **WESTLAKE CHEMICAL OPCO LP,** asserts by way of affirmative defense, if such be necessary that Plaintiff's claims are barred or fail, in whole or in part, due to abandonment, waiver and laches.

X.

Defendant, **WESTLAKE CHEMICAL OPCO LP,** asserts by way of affirmative defense, if such be necessary that Plaintiff's claims are barred or fail, in whole or in part, due to estoppel and/or quasi-estoppel. Defendant alleges that the Defendant and Defendant's predecessor in title

acquired an easement by estoppel to use of the property as more specifically set out in the counterclaim included in this response.

### XI.

Defendant, **WESTLAKE CHEMICAL OPCO LP**, asserts by way of affirmative defense, if such be necessary, that the conduct of Plaintiff and Plaintiff's predecessors in interest have been a proximate cause of any harm asserted by Plaintiff, which Defendant denies, in that Plaintiff and Plaintiff's predecessors in interest failed to exercise ordinary care in utilizing, maintaining, operating, constructing, permitting, or taking any action preserving any interest in its pipeline and easement or asserting any right to the use of the pipeline and easement or mitigating any alleged damage.

### XII.

Defendant, **WESTLAKE CHEMICAL OPCO LP**, asserts by way of affirmative defense, if such be necessary that Plaintiff's claims are barred in that Defendant is and has been using the property in dispute, by virtue of conveyances from the property owners of the property in question, under a claim of right. The use of the easements by Defendant and Defendant's predecessors was open, notorious, peaceable and continuous for ten (10) or more years before suit was filed and continues to be to this day. Further, the use of the property in question by Defendant and Defendant's predecessors in interest is and has always been to the exclusion of all others, including Plaintiff and Plaintiff's predecessors in title, and carried out in a manner such that Plaintiff and Plaintiff's predecessors in title knew or should have known that Defendant and Defendant's predecessors' use of the property was adverse, hostile and under a claim of right.

XIII.

Defendant, **WESTLAKE CHEMICAL OPCO LP,** asserts by way of affirmative defense, if such be necessary that Plaintiff's claims are barred or fail, in whole or in part, because Plaintiff has suffered no legal injury in fact.

XIV.

Defendant, **WESTLAKE CHEMICAL OPCO LP,** asserts by way of affirmative defense, if such be necessary that Plaintiff's claims are barred or fail, in whole or in part, because of the Statute of Frauds.

XV.

Defendant, **WESTLAKE CHEMICAL OPCO LP,** invokes and reserves all exemptions and defenses to which it may be entitled under the provisions of the Texas Civil Practice and Remedies Code and/or otherwise provided by law and reserves all of its rights, remedies and defenses.

XVI.

Defendant, **WESTLAKE CHEMICAL OPCO LP,** gives notice, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, that all documents produced by any party to this case will be used at any pretrial proceeding or at the trial of this matter.

XVII.

Defendant, **WESTLAKE CHEMICAL OPCO LP**, reserves the right to amend this answer to assert other and further defenses and claims at a later date.

XVIII.

Defendant, **WESTLAKE CHEMICAL OPCO LP**, requests a trial by jury.

### DEFENDANT/COUNTER-PLAINTIFF'S
### PETITION FOR DECLARATORY JUDGMENT

COMES NOW, **WESTLAKE CHEMICAL OPCO LP,** Counter-Plaintiff, ("Westlake"), complaining of **EXPRESS H2O PIPELINE & ROW, LLC** ("Express"), Defendant, and for cause of action and in support thereof would respectfully show the Court as follows:

#### I.

Westlake pleads that discovery should be conducted in accordance with Texas Rule of Civil Procedure 190.4, Level 3. This matter involves monetary damage less than $1,000,000.00 and non-monetary relief. The damages sought are within the jurisdictional limits of the Court.

#### II.

On or about September 24, 1991, First City, Texas – Tyler, N.A., Edward A. Blount and Lois A. Blount, Co-Independent Administrators of the Estate of Lois Foster Blount, conveyed by private sale to the Texas Parks and Wildlife Department pursuant to an Order of the Court dated October 20, 1989, all of that certain tract and parcel of land situated in Nacogdoches County, Texas containing 2,973.1 acres, more or less. The Administrators' Deed was filed of record in the Real Property records of Nacogdoches County at Vol. 793, Page 216 on or about October 2, 1991. The property so conveyed was dedicated as the Alazan Bayou Wildlife Management Area.

On or about October 18, 1996, the I.D and Marguerite Fairchild Educational, Religious Charitable and Civic Foundation granted and conveyed a pipeline easement (the "**Initial Pipeline Easement**") to Mustang Pipeline Company on and across 596 acres of land, more or less in the Jacinto Magano Survey, Abstract 25, being more particularly described in the deed from the Estate of Mrs. I.D. Fairchild to the I.D and Marguerite Fairchild Educational, Religious, Charitable and Civic Foundation dated November 4, 1997 and recorded in Volume 464, Page 643 in the Real

Property Records of Angelina County, Texas. The Initial Mustang Pipeline Easement conveyed a strip of land being a part of the easement granted to Panola Pipeline, Inc. recorded at Volume 935, Page 341 of the Real Property Records of Angelina County, Texas.

On or about November 26, 1996, Winston Land & Cattle Company, Inc., granted and conveyed to Mustang Pipeline Company, a Right of Way pipeline agreement across several tracts in Nacogdoches County, Texas and Angelina County, Texas containing 3,603.36 acres recorded at Vol. 1058, Page 301 of the Real Property records of Nacogdoches County, Texas and Vol. 1982, Page 855 of the Property Records of Angelina County, Texas.

On or about December 16, 1996, the State of Texas, acting through Garry Mauro, Commissioner of Texas General Land Office, on behalf of the Permanent School Fund of the State of Texas, granted to Mustang Pipeline Company a Miscellaneous Easement, ME 970009, a non-exclusive easement for the purposed of construction and operation of a pipeline for transporting refined petroleum products across properties in Polk, Angelina, Nacogdoches, Rusk, Gegg and Liberty Counties, Texas, including this properties described as the "Angelina River, Angelina and Nacogdoches Counties, Texas, 5 rods; Alazan Bayou, Nacogdoches County, Texas, 4 rods..." The document was filed of record in Nacogdoches County, Texas on or about September 2, 1998, and in Angelina County, Texas on or about September 24, 1998 at Volume 1174, Page 1 of the Real Property records of Angelina County, Texas.

In addition, on or about January 7, 1997, the State of Texas, by and through Garry Mauro, Commissioner of the General Land Office and Chairman of the Texas Parks & Wildlife Board, granted unto Mustang Pipeline Company a Miscellaneous Easement, ME 970024, for the purpose of a pipeline transporting refined petroleum products on and across public land located in the Alazan Bayou Wildlife Management Areas in Nacogdoches County, Texas. The Miscellaneous

Easement, ME 970024 was filed for record at Volume 1063, Page 195 of the Real Property Records of Nacogdoches County on or about January 15, 1997.

On or about November 10, 2006, Westlake Ethylene Pipeline Corporation entered into a Pipeline Purchase Agreement with Mustang Pipeline Company to purchase the assets of Mustang Pipeline Company and included the "Pipeline System and Easements." Thereafter, on or about November 30, 2006, Mustang Pipeline Company conveyed to Westlake Ethylene Pipeline Company by an Assignment and Assumption of Easements and Rights of Way all those certain "rights of way, easements, privileges and grants" set forth in the document filed for record on December 11, 2006 at Instrument No. 2006-00222753 of the Real Property Records of Angelina County, Texas. The instrument included the dedication and assignment by the State of Texas acting by and through the Commissioner of the General Land Office, as Grantor, an express easement to Mustang Pipeline Company across State owned land in Nacogdoches, Angelina, Polk, Gregg, Liberty and Rusk Counties, Texas. Effective November 1, 2006, the State of Texas, acting by and through the Commissioner of the General Land Office and on behalf of the Permanent School Fund granted to Mustang Pipeline Company and accepted the assignment by Mustang Pipeline Company to Westlake Ethylene Pipeline Corporation the easement rights across property located in Nacogdoches, Angelina, Polk, Gregg, Liberty and Rusk Counties under Miscellaneous Easement ME 970009, filed in the Real Property records of Nacogdoches County as Instrument No. 116715, Volume 2787, Page 214, on or about June 22, 2008. The Miscellaneous Easement ME 970024 from Jerry Patterson Commissioner of the General Land office and Chairman of the Texas Parks & Wildlife Board extended the easement located in the Alazan Bayou Wildlife Management Area in Nacogdoches County, Texas on or about November 3, 2008, to Westlake Ethylene Pipeline Corporation.

On or about August 4, 2014, Westlake Ethylene Pipeline Corporation merged with other entities under the surviving limited partnership, Westlake Chemical OpCo LP. The Miscellaneous Easement ME 970024 was extended to **Westlake** again by the Texas Parks & Wildlife Department on or about May 17, 2017 and filed for record at Volume 4668, Page 55, Instrument No. 2017-8120 of the Real Property records of Nacogdoches County, Texas. By virtue of these conveyances and acquisitions, **Westlake** succeeded to ownership of the previously established pipeline systems and easements that had been established by or granted to Mustang Pipeline Company.

### III.

Since 1996, **Westlake**, and its predecessors in title, Mustang Pipeline Company and Westlake Ethylene Pipeline Corporation, have made active, open and continued use of the specific, expressed dedicated easement across the properties in Angelina and Nacogdoches Counties consistent with the grants provided by the property owners and the State of Texas. **Westlake** and its predecessors entered the real property and have held the land in peaceable and adverse possession to any claim of **Express** or its predecessors and thus continued more than three year under Texas Civil Practice.& Remedies Code.§ 16.024; more than five year under Texas Civil Practice & Remedies Code §16.025; more than ten years under Texas Civil Practice &Remedies Code §16.026 and/or more than twenty-five years under Texas Civil Practice & Remedie Code §16.027.

### IV.

**Express** alleges possessory rights of an easement across properties in Angelina County and Nacogdoches County that it claims were trespassed by the easements of Westlake. **Express** acquired the purported easements allegedly by virtue of a Special Warranty Deed, Instrument No. 2023-1331 in the real Property records of Nacogdoches County, Texas, dated February 22, 2023,

from KrisJenn Ranch, LLC, an entity where Larry Wright, the Manager of Plaintiff was also the Manager of KrisJenn Ranch, LLC. KrisJenn Ranch, LLC, allegedly acquired the alleged possessory rights to such easements by deed, conveyance, assignment and bill of sale dated December 20, 2019 from TCRG East Texas Pipeline 1, LLC, filed in the Real Property records of Nacogdoches County as Instrument Not 2020-163 and in the Real Property records of Angelina County, Texas as Instrument No. 2020-00390181. TCRG East Texas Pipeline, LLC allegedly acquired the rights to the alleged easements by deed, conveyance, assignment and bill of sale from Black Duck Properties, LLC on or about April 3, 2018, by Instrument No. 2018-4273 and filed June 4, 2018, in the Real Property Records of Nacogdoches, County, Texas. Mr. Wright was the Sole Manager of Black Duck Properties, LLC. Black Duck Properties, LLC allegedly acquired the interest in the alleged easements by deed, conveyance and assignment from Express Gas Pipeline, LP on or about August 14, 2017, via Instrument No. 2017-6123, Volume 2631, Page 232 of the Real Property records of Nacogdoches County, Texas. Express Gas Pipeline, LP allegedly acquired the interests in the alleged easements on or about January 5, 2009, in the certain Deed, Conveyance and Assignment from Lancer Resources, LP filed for record at Instrument No. 2009-132878, Volume 2995, Page 116 of the Real Property records of Nacogdoches County, Texas. Lancer Resources Company allegedly acquired the alleged leases by Deed, Conveyance and Assignment dated July 21, 1992, from TE Products Pipeline Company, LP, recorded at Instrument No. 1992-6424, Vol. 824, Page 29 of the Real Property records of Nacogdoches County, Texas. TE Products Pipeline Company, LP, allegedly received the alleged easement rights through a deed to its predecessor, Texas Eastern Transmission Corporation, from Gulf Refining Company and Gulf Oil Company, successors in interest to Gulf Pipe Line Company and Gulf Production Company, on or about November 2, 1959 in that certain document filed or record on December 5,

1959 and recorded at Volume 286, Page 124 of the Real Property records of Nacogdoches, County, Texas.

### V.

The easement interests that make up the purported conveyances involving **Express's** current claim of interest and easement right of way are described as numerous individual property owner conveyances of easement rights dating back to 1910. **Westlake** would show as a basis of its right for declaration by this Court that the conveyance of the original easement right for the issue in dispute states:

- Each of the purported individual grants of easement to **Express's** chain of possessory right are general easements without definition of specific particular location in rem.

- Each of the purported individual grants of easement to **Express's** chain of possessory rights are non-exclusive.

- Each of the purported individual grants of easement to **Express's** chain of possessory right grants the right to "construct, maintain and operate pipe lines…" some for the conveyance of only "oil" and some for the conveyance of oil and gas…" and "TO HAVE AND TO HOLD the said easement unto the said Gulf Pipe Line Company, its successors and assigns, as long as the same shall be useful for the purposes of and desired by said grantee…"

- **Express** has received no dedication or grant from the State of Texas regarding the right of use of the public land of the Alazan Bayou WMA or on any public land by the Commissioner of the General Land Office and Chairman of the Texas Parks & Wildlife Department Board.

VI.

The interests of **Westlake** have been on the ground, in existence and active since 1996, and under grant from the State of Texas. **Westlake** would show that the general possessory interest, if any, of **Express** is non-exclusive to other interests, including **Westlake's** use of the property in question.

VII.

**Express** has, through its predecessors in interest, waived any right to assert a claim of trespass and any claim of trespass, conversion or tortious interference is barred by the applicable two years statute of limitations.

**Westlake** would further show that the property made the basis of **Express's** claim and contention was and has been in disrepair and lack of use for many years. The pipeline has not operated to convey any fluids of any kind for many years nor dedicated under the Texas Railroad Commission for operations. The pipes on the purported easement are no longer buried in areas. The pipe has been broken and in disrepair, prior to **Westlake's** grant, so that it is no longer operable for the purpose of the easement. The easement area is overgrown with vegetation that is not cared for by any operator. The purposes for which the rights were granted to **Express** and its predecessors under the original easements have been abandoned. By virtue of the above, Express is barred from recovery by the further doctrines of estoppel, quasi-estoppel, laches and failure to mitigate damages. Moreover, **Westlake** would show that it has, at all relevant times, acted in good faith, without malice or gross negligence, and in a wholly lawful manner.

VIII.

For more than ten (10) years, **Westlake** has and has been using the property in dispute, by virtue of conveyances from the property owners of the property in question, under a claim of right.

The use of the easements and **Westlake** pipeline by **Westlake** and **Westlake's** predecessors was open, notorious, peaceable and continuous for ten (10) or more years before suit was filed and continues to this day. There has been on objection to or interference with **Westlake's** use until the **Express's** claim almost 28 years after **Westlake** and **Westlake's** predecessor in interest began installation of a pipeline which is and has always been to the exclusion of all others, including **Express** and **Express's** predecessors in title, and carried out in a manner such that **Express** and **Express's** predecessors in title knew or should have known that the use of the property was adverse, hostile and under a claim of right. **Westlake** and **Westlake's** predecessor in title expended funds and services and manpower for the development of the pipeline and the operation and maintenance of the pipeline for over 25 years prior to the filing of suit by **Express,** creating a prescriptive easement to **Westlake.**

## IX.
## WESTLAKE'S DECLARATORY JUDGMENT CAUSE OF ACTION

**Westlake** reasserts its factual statements above in paragraph II – VIII. Pursuant to Section 37.004 of the Texas Civil Practice and Remedies Code, **Westlake** requests the Court to determine the rights granted under easements to **Westlake** and **Express**:

a.  That the purported easement rights of **Express** are general and non-exclusive and do not prevent, prohibit or exist in priority over the easement or other rights of **Westlake.**

b.  That the purported easement rights of **Express** and claim of trespass have been waived and/or are barred by the applicable statute of limitations, doctrine of laches, and/or by the reason of purposes of the **Express's** easements having been abandoned.

c.  That the easement rights of **Westlake** are current, valid and established at law.

### X.

As a result of the above action, **Westlake** has retained the undersigned law firm to represent it in this action and has agreed to pay the firm reasonable and necessary attorneys' fees and costs. An award of reasonable and necessary attorneys' fees and costs to **Westlake** would be equitable and just and therefore authorized by Section 37.009 of the Texas Civil Practice and Remedies Code. Westlake requests that the Court award Westlake reasonable and necessary attorneys' fees and costs.

### XI.

**Westlake** reserves the right to amend or supplement and assert other and further claims and defenses.

### XII.
### DESIGNATION OF DOCUMENTS RULE 193.7

**Westlake** give notice, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, that all documents produced by any party to this case will be used at any pretrial proceeding or at the trial of this matter.

### XIII.

**Westlake** requests a trial by a jury of its peers.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant and Counter-Plaintiff, **WESTLAKE CHEMICAL OPCO LP**, respectfully prays upon final hearing hereof that Plaintiff, **EXPRESS H2O PIPELINE & ROW, LLC**, take nothing by reason of the suit, that **WESTLAKE CHEMICAL OPCO LP,** have declaratory judgment against **EXPRESS H2O PIPELINE & ROW, LLC**, as set out herein, the Court award **WESTLAKE CHEMICAL OPCO LP** reasonable and necessary attorneys' fees and costs and that the Court grant such other

and further relief, at law or in equity, to which **WESTLAKE CHEMICAL OPCO LP** may show itself to be justly entitled.

        Respectfully submitted,

        *[signature]*

        CURTIS (CURT) W. FENLEY, III
        FENLEY & BATE, L.L.P.
        224 E. LUFKIN AVENUE
        LUFKIN, TEXAS 75902-0450
        TPN: (936) 634-3346
        FAX: (936) 639-5874
        SBN: 06902010
        E-mail: cfenley@fenley-bate.com

        */s/ Shawn M. Bates*
        **TODD W. MENSING**
        **AHMAD, ZAVITSANOS & MENSING, PLLC**
        SBN: 24013156
        Email: tmensing@azalaw.com
        **REY M. FLORES**
        SBN: 24068777
        Email: rflores@azalaw.com
        **SHAWN M. BATES**
        SBN: 24027287
        Email: sbates@azalaw.com
        **MATTHEW DAVIS**
        SBN: 24092325
        Email: mdavis@azalaw.com
        **ALFRED MONTELONGO**
        SBN: 24098127
        Email: amontelongo@azalaw.com
        1221 McKinney Street, Ste. 2500
        Houston, Texas 77010
        TPN: (713) 655-1101
        FAX: (713) 655-0062

        *ATTORNEYS FOR DEFENDANT AND COUNTER-PLAINTIFF,*
        **WESTLAKE CHEMICAL OPCO LP**

## CERTIFICATE OF SERVICE

    I, the undersigned attorney of record in the above-numbered and styled cause, do hereby certify that on the 5th day of May 2025, I served a true and correct copy of the foregoing Defendant, **WESTLAKE CHEMICAL OPCO LP's** 2nd Amended Original Answer and Petition for Declaratory Judgment, on all parties and counsel of record, by sending the same as follows:

| | |
|---|---|
| Mr. Bailey Wingate<br>Wingate Law PLLC<br>465 Blanchette<br>Beaumont, Texas 77701<br>Email: bailey@wingatelaw.com | ☐ By certified mail<br>☐ By regular mail<br>☐ By overnight mail<br>☐ By hand delivery<br>☒ By Facsimile/Email<br>☒ By EFILE |
| Mr. Chris Sachitano<br>Attorney at Law<br>P.O. Box 105<br>Beaumont, Texas 77704<br>Email: sach@sachlaw.com | ☐ By certified mail<br>☐ By regular mail<br>☐ By overnight mail<br>☐ By hand delivery<br>☒ By Facsimile/Email<br>☒ By EFILE |
| Mr. Tanner Franklin<br>Hightower, Franklin & James<br>115 South Street<br>Nacogdoches, Texas 75961<br>Email: tfranklin@tfranklinlawfirm.com | ☐ By certified mail<br>☐ By regular mail<br>☐ By overnight mail<br>☐ By hand delivery<br>☒ By Facsimile/Email<br>☒ By EFILE |
| Mr. Scott Skelton<br>Skelton Slusher Barnhill<br>  Watkins Wells, PLLC<br>1616 S. Chestnut Dr.<br>Lufkin, Texas 75901<br>Email: sskelton@ssbwwlaw.com | ☐ By certified mail<br>☐ By regular mail<br>☐ By overnight mail<br>☐ By hand delivery<br>☒ By Facsimile/Email<br>☒ By EFILE |

_____
CURTIS (CURT) W. FENLEY, III

## VERIFICATION

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared LOWELL SYKES, whose name is subscribed hereto, and being by me first duly sworn, deposes and says that he is an authorized representative of Defendant, WESTLAKE CHEMICAL OPCO LP, in the above-styled and numbered cause and that he has read the foregoing Defendant's Second Amended Original Answer paragraph(s) III and that all statements contained therein are true and correct.

Signed this the 5th day of May 2025.

_____
Lowell Sykes

SWORN TO AND SUBSCRIBED before me on the 5th day of May 2025.

_____
NOTARY PUBLIC, STATE OF TEXAS

ZAIDA GARCIA
Notary ID #125614165
My Commission Expires
April 28, 2026

*Defendants' 2nd Amended Original Answer*      16

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Yvette Latin on behalf of Curtis Fenley, III
Bar No. 6902010
ylatin@fenley-bate.com
Envelope ID: 100462174
Filing Code Description: Amended Filing
Filing Description: Defendant Westlake Chemical Opco LP's Second Amended Original Answer and Petition for Declaratory Judgment
Status as of 5/6/2025 7:48 AM CST

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS, COUNTY OF ANGELINA
17 pages
I hereby certify that the above is a true and correct copy of the original record on file in my office.
MEAGAN MOORE, DISTRICT CLERK, ANGELINA CO. TX
_____, Deputy

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Scott CSkelton | | sskelton@ssbww.law | 5/5/2025 5:00:09 PM | SENT |
| Tanner Franklin | 24082506 | tanner@thegoodlawyer.com | 5/5/2025 5:00:09 PM | SENT |
| Reies Flores | | rflores@azalaw.com | 5/5/2025 5:00:09 PM | SENT |
| Todd W.Mensing | | tmensing@azalaw.com | 5/5/2025 5:00:09 PM | SENT |
| Tammi Byrd | | tbyrd@azalaw.com | 5/5/2025 5:00:09 PM | SENT |
| Tracy Neal | | tneal@ssbww.law | 5/5/2025 5:00:09 PM | SENT |
| Shawn M.Bates | | sbates@azalaw.com | 5/5/2025 5:00:09 PM | SENT |
| Lourdes Ortiz | | lortiz@clevelandkrist.com | 5/5/2025 5:00:09 PM | SENT |
| Curtis (Curt) W.Fenley | | cfenley@fenley-bate.com | 5/5/2025 5:00:09 PM | SENT |
| Gus Atchison | | gatchison@fenley-bate.com | 5/5/2025 5:00:09 PM | SENT |
| Myrna Flores | | mflores@azalaw.com | 5/5/2025 5:00:09 PM | SENT |
| Austin Krist | | akrist@clevelandkrist.com | 5/5/2025 5:00:09 PM | SENT |
| Yvette Latin | | ylatin@fenley-bate.com | 5/5/2025 5:00:09 PM | SENT |
| Holli VirginiaPryor-Baze | | hbaze@ssbww.law | 5/5/2025 5:00:09 PM | SENT |
| Christopher JSachitano | | sach@sachlaw.com | 5/5/2025 5:00:09 PM | SENT |
| Susie Aguilar | | saguilar@fenley-bate.com | 5/5/2025 5:00:09 PM | SENT |
| Angee Owens | | aowens@fenley-bate.com | 5/5/2025 5:00:09 PM | SENT |
| Melanie Arnold | | melanie@thegoodlawyer.com | 5/5/2025 5:00:09 PM | SENT |
| Eservice Fenley | | EserviceCF3@fenley-bate.com | 5/5/2025 5:00:09 PM | SENT |
| Bailey JWingate | | Bailey@wingatelaw.com | 5/5/2025 5:00:09 PM | SENT |
| Matthew Davis | | mdavis@azalaw.com | 5/5/2025 5:00:09 PM | SENT |
| Michelle Bass | | mbass@sachlaw.com | 5/5/2025 5:00:09 PM | SENT |