IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: § § Chapter 11 § KrisJenn Ranch, LLC, § § *Debtor* § Case No. 20-50805 | | |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, et al., § § *Plaintiffs*, § § v. § Adversary No. 20-05027 § DMA Properties, Inc.; and Longbranch § Energy, LP, et al., § § *Defendants*. § | | |

| | | |
|---|---|---|
| DMA Properties, Inc. and Longbranch § Energy, LP, et al. § § *Counterplaintiffs*, § § v. § Adversary No. 20-05027 § KrisJenn Ranch, LLC; Larry Wright, § et al., § § *Counterdefendants*. § | | |

**DMA AND LONGBRANCH'S RESPONSE
TO WRIGHT AND KRISJENN'S MOTION SEEKING STAY**

DMA Properties, Frank Daniel Moore, and Longbranch Energy (collectively, "DMA") oppose Larry Wright and KrisJenn's motion to stay execution of the judgment pending resolution of DMA's ongoing appeal. Issuance of a stay pending appeal is an "extraordinary remedy" that is not granted as a matter of right. *Ruff v. Ruff*, No. 4:22-

1

CV-00321, 2023 WL 2574021, at *3 (E.D. Tex. Mar. 20, 2023). Here, Wright and KrisJenn seek to stay DMA's efforts to collect on a $750,000 fee award entered against them by this Court over a year ago.

To establish entitlement to a stay, Wright and KrisJenn must show that there is a "substantial likelihood" that the district court will overturn the fee award on appeal. *In re Royal Alice Props., LLC*, No. 19-12337, 2020 WL 5552576, at *4 (Bankr. E.D. La. Sept. 16, 2020). But here, neither Wright nor KrisJenn have challenged that fee award on appeal: Wright filed no appeal at all, and KrisJenn abandoned its affirmative appeal by not filing any briefing arguing that the fee award was improper. Given that context, there is virtually no chance that the district court will reverse the fee award against them, and since KrisJenn and Wright cannot establish any "substantial likelihood" that the district court will reverse the fee award, the Court should deny Wright and KrisJenn's motion for stay.

Additionally, to establish entitlement to a stay, Wright and KrisJenn must show that they would suffer irreparable harm if a stay is not entered. But Wright and KrisJenn have not identified *any* irreparable harm that would result if DMA is allowed to continue seeking enforcement of the fee award against Wright and KrisJenn. Indeed, DMA has been seeking to enforce that fee award since 2024—including through postjudgment discovery and writs of execution—yet Wright and KrisJenn waited over a year before moving to stay enforcement of the judgment based on an appeal in which the propriety of the fee award is not even at issue.

Finally, although Wright and KrisJenn argue that DMA cannot seek to enforce a judgment while its own appeal is pending, the Fifth Circuit has expressly rejected that argument and held that the filing of an appeal by a prevailing party does *not* justify staying enforcement of that judgment unless the relief sought by the prevailing party is inconsistent with the lower court's judgment. *See Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 464 (5th Cir. 1990). Since DMA has not sought to disturb the Court's fee award

on appeal, that appeal provides no basis for staying enforcement of the judgment pending resolution of that appeal.

In sum, and as explained further below, Wright and KrisJenn cannot satisfy any of the factors to justify a stay of postjudgment proceedings in this case, and the Court should deny their motion to stay.

## BACKGROUND

This case concerns the parties' respective interests in a pipeline right-of-way ("ROW") located in East Texas. In March 2024, the Court entered a final judgment upholding DMA's and Longbranch's interests in the ROW, finding Wright and his entities liable for breach of fiduciary and breach of contract, and finding that DMA, Moore, and Longbranch are entitled to recover attorneys' fees. Final Judgment (Doc. 329).

On May 14, 2024, this Court awarded attorneys' fees to DMA, Moore, and Longbranch against Wright and KrisJenn. Fees Order (Doc. 353). Since then, DMA and Longbranch have attempted to contact Wright and KrisJenn to enforce the judgment and the fee award, but Wright and KrisJenn have evaded and fought all attempts of enforcement.

Relevant here, Wright did not file any appeal with respect to either the final judgment or the collateral fee order. And while KrisJenn initially filed a notice of appeal, it ultimately chose not to brief any affirmative issues on appeal and did not raise any arguments seeking to challenge or overturn the Court's collateral fee order.

Wright and KrisJenn made no effort to stay the final judgment or the collateral fee order for over a year after those orders were entered, despite DMA's efforts to seek postjudgment discovery and collect on the amounts owed by Wright and KrisJenn. Yet Wright and KrisJenn have now belatedly sought to stay enforcement of the judgment and collateral fee order, arguing they have a "substantial likelihood of success" in seeking to overturn the fee award on appeal and will be irreparably harmed if DMA is allowed to

continue seeking postjudgment discovery and enforcement of the final judgment. The Court should deny Wright and KrisJenn's motion.

## ARGUMENT

I. **Wright and KrisJenn are not entitled to a stay under Federal Rule of Bankruptcy Procedure 8007.**

    A. **The issuance of a stay pending appeal under Rule 8007 is an "extraordinary remedy."**

While Federal Rule of Bankruptcy Procedure 8007(a)(1)(A) allows parties to move for a stay of a bankruptcy court's judgment or orders pending appeal, the issuance of a stay pending appeal is an "extraordinary remedy" that is not granted as a matter of right. *Ruff v. Ruff*, No. 4:22-CV-00321, 2023 WL 2574021, at *3 (E.D. Tex. Mar. 20, 2023).

To obtain a stay under Rule 8007, a movant must show (1) that the movant has a substantial likelihood of success on the merits in the appeal with respect to those portions of the judgment that are sought to be enforced; (2) that the movant will suffer irreparable harm if the stay is not granted; (3) that granting the stay would not substantially harm the nonmovants; and (4) that the granting of the stay would serve the public interest. *In re Royal Alice Props., LLC*, No. 19-12337, 2020 WL 5552576, at *4 (Bankr. E.D. La. Sept. 16, 2020). The first two factors—likelihood of success on appeal and irreparable harm— "'are the most critical.'" *In re Barrow Shaver Res. Co., LLC*, No. 24-33353 (ARP), 2025 WL 685513, at *3 (Bankr. S.D. Tex. Mar. 3, 2025) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

If a stay is granted, the bankruptcy court must condition entry of the stay upon the movant's entry of a bond or other security "to indemnify the party prevailing in the original action against loss caused by an unsuccessful attempt to reverse the holding of the bankruptcy court." *Ruff*, 2023 WL 2574021, at *3 (citing Fed. R. Bank. P. 8007(c)).

### B. Wright and KrisJenn cannot show any likelihood of success on the merits.

First, Wright and KrisJenn cannot show that they are entitled to a stay under Rule 8007 because they cannot show any likelihood of success on the merits with respect to the fee award. In their motion, Wright and KrisJenn argue that the Court should stay execution of the judgment with respect to that fee award—as well as related postjudgment discovery—because in their view, there is a "substantial likelihood" that the district court will reverse or modify the fee award as to KrisJenn and Wright. Mot. Stay [#436] at 6–7.

That argument fails for a simple reason: Neither Wright nor KrisJenn have argued on appeal that the fee award should be overturned. Because Wright and KrisJenn have both waived any challenge to the fee award by failing to raise it on appeal—and because any such challenge would have lacked merit in the first place—there is no "substantial likelihood" that the fee award will be overturned on appeal, and the Court should deny Wright and KrisJenn's motion to stay.

#### 1. Wright cannot show any likelihood of success on the merits on appeal because he did not file any appeal.

As an initial matter, Wright cannot show any likelihood of success in overturning the fee award on appeal because Wright did not appeal the underlying judgment or the collateral fee award. Because Wright did not appeal the fee award entered against him, the district court does not have jurisdiction to reconsider or overturn the fee award entered against Wright by this Court. Correspondingly, Wright cannot show *any* likelihood of success in seeking to overturn that fee award on appeal.

What's more, even if Wright *had* appealed, he would not be able to show any likelihood of success in seeking to overturn the fee award on appeal, for multiple reasons. First, Wright did not submit any response or raise any arguments in the bankruptcy court in response to DMA's motion seeking attorneys' fees against him, and by failing to submit any response, Wright waived any arguments against the fee award in the bankruptcy court

5

and on appeal. Second, although Wright now belatedly argues that Court improperly awarded fees against him in connection with Moore's claim for breach of fiduciary duty, that award was not improper because Texas law allows recovery of attorneys' fees under Texas Civil Practice and Remedies Code § 38.001 when fiduciary claims arise from and are related to fiduciary duties arising under a written agreement. *See Citizens Bank & Tr. Co. of Baytown v. Ertel*, No. 01-98-00548-CV, 2001 WL 26141, at *12 n.14 (Tex. App.—Houston [1st Dist.] Jan. 11, 2001, pet. denied) ("[W]hen a party recovers damages for a tort arising from a breach of contract, the court may award attorney's fees."); *High Plains Wire Line Servs. v. Hysell Wire Line Serv.*, 802 S.W.2d 406, 408 (Tex. App.—Amarillo 1991, no writ) (recognizing that fees are recoverable on tort claims under § 38.001 when such claims are "intrinsically founded in the interpretation of a contract"); *see also* Opinion [#236] at 27 (concluding Wright breached fiduciary duties owed to Moore because "the Black Duck Loan was not authorized under the terms of the Company Agreement").

### 2. KrisJenn cannot show any likelihood of success on the merits on appeal because it abandoned its appeal.

Next, KrisJenn cannot show any likelihood of success on the merits on appeal with respect to the fee award because KrisJenn did not brief any issues related to the fee award on appeal. Unlike Wright, KrisJenn did file a notice of appeal in this case. *See* KrisJenn Notice of Appeal [#342]. But KrisJenn then abandoned that appeal by failing to brief any affirmative issues, and on appeal, KrisJenn did not submit any briefing or raise any arguments challenging the Court's award of fees against KrisJenn. *See DMA Props., Inc., et al. v. KrisJenn Ranch, LLC, et al.*, No. 5:24-cv-00365-XR, Appellees' Br. [#10] at 3. By failing to challenge or brief the fee award on appeal, KrisJenn waived any such challenge, and as a result, the district court has no basis for modifying or overturning the fee award against KrisJenn on appeal. Given this context, KrisJenn cannot show any likelihood of success on the merits on appeal with respect to the fee award.

Further, even if KrisJenn *had* challenged the fee award on appeal, KrisJenn would still be unable to show any likelihood of success on the merits because KrisJenn has not put forward any coherent argument as to why that fee award should be overturned as to KrisJenn. Indeed, KrisJenn does not even explain in its present motion to stay why the fee award against KrisJenn was improper, and as DMA explained in its own fees motion, this Court had ample authority to award attorneys' fees against KrisJenn, including under Texas Civil Practice and Remedies Code § 38.001 and in connection with DMA's declaratory claims. *See* Mot. Attorneys' Fees [#348].

### C. Wright and KrisJenn have not shown any irreparable harm will result if the judgment is not stayed.

Second, Wright and KrisJenn have not shown that they will suffer any irreparable harm in the absence of a stay.

In their motion, KrisJenn and Wright argue that they will suffer irreparable harm if they have to pay the fee award because KrisJenn and Wright would then have to seek repayment of the fee award if it is overturned on appeal. Mot. Stay [#436] at 7. That argument fails for three reasons. First, as explained above, there is virtually no likelihood of the fee award being overturned on appeal because Wright and KrisJenn did not submit any briefing on that issue on appeal. Second, while Wright and KrisJenn argue they would be harmed if they had to pursue repayment of the fee award if they pay it and it is subsequently overturned, that argument is speculative, and Wright and KrisJenn have not put forward any cognizable evidence that they would not be able to recoup amounts paid under the judgment from DMA. Third, even if Wright and KrisJenn paid the amounts owed under the fee award and even if that award was later overturned, Wright and KrisJenn *still* would not be able to show irreparable harm because that supposed harm consists solely of monetary consideration, and "an injury is irreparable only if it cannot be undone through monetary remedies." *Barrow Shaver*, 2025 WL 685513, at *3 (citation omitted) (cleaned up).

7

Wright and KrisJenn also argue that they will be irreparably harmed by having to engage in postjudgment discovery because that postjudgment discovery is "distracting" Wright from other pending litigation. Mot. Stay [#436] at 7. But to state the obvious, having to engage in two lawsuits at once is not irreparable harm, and it would wreak havoc on the judicial system if litigants were able to stay litigation in a pending lawsuit on that basis.

Finally, Wright and KrisJenn argue that they are being irreparably harmed by postjudgment discovery because they are incurring attorneys' fees related to DMA's efforts to collect on the judgment, and in KrisJenn and Wright's view, those postjudgment discovery efforts are unnecessary because Wright expects to be paid more than $4.7 million dollars when Express H20—the current owner of the right of way—supposedly prevails in ongoing litigation against a third party later this year and recover millions of dollars that will supposedly be paid to Wright. Mot. Stay [#436] at 7. That argument fails for multiple reasons. First, the fact that Wright and KrisJenn are incurring attorneys' fees related to postjudgment discovery is not "irreparable harm." Second, though KrisJenn and Wright claim that DMA will imminently be paid once Express H20 prevails in its ongoing litigation, that is entirely speculative. For example, Wright and KrisJenn do not put forward any arguments as to (a) why Express H20 expects to prevail in that litigation; (b) what Express H20's odds of success are; or (c) whether the opposing party in that litigation will appeal and thereby delay any hoped-for payment to Express H20, and by extension, to Wright.

In short, Wright and KrisJenn have not identified any irreparable harm, and the only possible harm they have pointed to is (a) having to participate in valid postjudgment discovery; and (b) having to pay his attorneys to represent him in connection with that postjudgment discovery. Wright and KrisJenn have not cited a single case for the proposition that either of those things constitutes irreparable harm, and because Wright has not identified any irreparable harm, the Court should deny his motion to stay.

8

### D. Wright and KrisJenn have not shown that granting a stay would not substantially harm DMA.

Third, Wright and KrisJenn have not shown that DMA would not be substantially harmed if a stay is issued. Indeed, DMA has been attempting to collect on the judgment against Wright and KrisJenn since 2024, but Wright and KrisJenn have made no effort to pay the judgment that has now been pending for over a year. Nor have Wright or KrisJenn produced *any* documents in response to postjudgment discovery. Nor have Wright or KrisJenn made any efforts to facilitate service of the writ of execution obtained by DMA against them, and to date, the U.S. Marshal Service has been unable to serve Wright or KrisJenn with writs of execution despite multiple attempts to do so. Given this context, DMA will be harmed if a stay is issued because a stay would yet further delay DMA's ability to obtain satisfaction of the judgment entered by this Court against Wright and KrisJenn.

Moreover, further delay risks jeopardizing DMA's ability to eventually collect against Wright and KrisJenn, because (a) KrisJenn is a supposedly defunct entity (according to Wright) that improperly and fraudulently transferred its primary asset (the ROW) to a third party in violation of this Court's orders; and (b) Wright is currently engaged in other ongoing litigation that risks further depleting the assets he has available to satisfy the judgment. Although Wright claims that Express H20 is going to prevail in its litigation against third-party Westlake Chemical OPCO, LP ("Westlake"), Wright fails to mention that Westlake is seeking to invalidate the ROW entirely in that litigation—which would jeopardize the main asset that Wright has available to pay the judgment against him.

In short, DMA would be substantially harmed by a stay, and because Wright and KrisJenn have not shown otherwise, the Court should deny Wright and KrisJenn's motion to stay. *See In re Raborn*, No. 15-10938, 2017 WL 4536090, at *4 (Bankr. M.D. La. May 9, 2017) ("The debtor has offered no evidence that other parties would not suffer

9

substantial harm if a stay pending appeal is granted. The parties have been litigating for years at significant expense of both time and resources.").

### E. Wright and KrisJenn have not identified any public interest factors weighing in favor of a stay.

Fourth and finally, Wright and KrisJenn have not identified any public interest factors weighing in favor of a stay. In their motion, Wright and KrisJenn argue that the public interest favors a stay because the fee award against them could be overturned on appeal and because Wright will be able to pay the judgment if Express H20 is successful in its litigation against Westlake. But neither of those things has any connection to the public interest—they are just private reasons that Wright wishes to avoid enforcement of the judgment. And while Wright and KrisJenn argue that it would be "inefficient" to allow enforcement of the judgment or postjudgment discovery while the appeal is pending, that argument ignores the reality that stays of postjudgment collection efforts pending appeal are the exception—not the rule—and that such stays are only issued as "extraordinary remedy." *Ruff*, , 2023 WL 2574021, at *3.

Because Wright and KrisJenn have not shown that any public interest factor favors a stay, the Court should deny Wright and KrisJenn's motion.

## II. DMA's pending appeal of the judgment has no effect on their ability to seek enforcement of the attorneys' fee award against Wright and KrisJenn.

Finally, Wright and KrisJenn argue that the Court should grant a stay because DMA cannot seek to collect on the judgment while also pursuing an appeal of that judgment. The Court should reject that argument because Wright and KrisJenn are simply wrong on the law.

In their motion, Wright and KrisJenn cite a Fourth Circuit case—*Tenn. Valley Auth. v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794, 797 (4th Cir. 1986)—for the proposition that when a prevailing party appeals a judgment, the appeal suspends execution of the judgment. But what Wright and KrisJenn omit to mention is that the Fifth

10

Circuit has expressly rejected that case on that exact point. *See Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 464 n. 3 (5th Cir. 1990) ("We decline to follow the Fourth Circuit rule."). As the Fifth Circuit explained in *Enserch*, a plaintiff does *not* waive its right to pursue enforcement of the judgment by appealing where a successful appeal by the plaintiff "would not conflict with enforcement of the original judgment of the district court." *Id.* at 646; *see also Keller Founds. v. Wausau Underwriters Ins. Co.*, No. SA-06-CA-606-JWP, 2008 WL 11417320, at *3 (W.D. Tex. Apr. 17, 2008) ("[*Enserch*] recognized that a lower court's judgment may be suspended without bond or security only when the relief sought by the prevailing party on appeal is inconsistent with enforcement of the lower court's judgment." (citation omitted)).

Finally, Wright and KrisJenn also cite *White & Yarborough v. Dailey* for the same proposition that an appeal by a prevailing party suspends execution of the judgment while that appeal is pending. 228 F.2d 836, 837 (5th Cir. 1955). *Dailey* is readily distinguishable and does not govern in this case because it did not concern or address a stay pending appeal. *See id.* Rather, *Dailey* concerned whether a plaintiff could appeal an *agreed* judgment, and the Fifth Circuit held only that "[a]ppeals cannot be taken from agreed judgments . . . and for that reason alone, the appeal fails" *Id. Dailey* thus does not establish or hold that an appeal by a prevailing party precludes enforcement of a judgment pending appeal, and as *Enserch* subsequently made clear, the rule in the Fifth Circuit is actually the opposite: an appeal by a prevailing party does *not* preclude enforcement of the judgment unless "the relief sought by the prevailing party on appeal is inconsistent with enforcement of the lower court's judgment." *Keller*, 2008 WL 11417320, at *3 (citing *Enserch*, 918 F.2d 464).

In sum, DMA did not appeal the fee award by this Court, and correspondingly, if DMA prevails on appeal, the resulting judgment on appeal will "not conflict with enforcement of the original judgment." *Enserch*, 918 F.2d at 464. Since DMA's pending appeal—which is the *only* pending appeal actually briefed in the district court—will not

11

affect the fee award, the fact that DMA appealed does not preclude DMA from seeking to enforce the fee award in this case while that appeal is pending.

### III. If the Court issues a stay, Wright and KrisJenn should be required to post a bond for the full amount of the judgment and collateral fee order.

For the reasons explained above, Wright and KrisJenn are not entitled to any stay while DMA's appeal is pending. But if a stay were warranted, Wright and KrisJenn should be required to post a bond equal to the full amount ($750,000) of the monetary judgment entered against Wright and KrisJenn.

In general, losing parties in district court and bankruptcy court proceedings can obtain a stay pending appeal "only by giving a supersedeas bond." *Enserch*, 918 F.2d at 464. The "usual requirement" is to require the party seeking a stay pending appeal to post "a full security supersedeas bond" in the full amount of the judgment. *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). Courts sometimes waive this bond requirement in limited circumstances where the losing party "objectively demonstrates a present financial ability to facilely respond to a monetary judgment and presents to the court a financially secure plan for maintaining the same degree of solvency during the pendency of the appeal." *Id.* (citation omitted). Yet setting aside the fact that Wright and KrisJenn have both waived any challenge to the fee award on appeal, Wright and KrisJenn have not made any argument that they will be able to pay the judgment if its enforcement is suspended, nor have they made any showing of an ability to pay the judgment if a bond is not posted.

In this context, even if the Court determines that a stay is appropriate, Wright and KrisJenn should be required to post a bond fully securing their liability ($750,000) under the Court's final judgment and collateral fee order.

12

## CONCLUSION

DMA and Longbranch respectfully request that the Court deny Wright and Kris-Jenn's motion seeking stay.

Respectfully submitted,

/s/ *Christopher S. Johns*
Christopher S. Johns
State Bar No. 24044849
Michael Cotton
State Bar No. 24116229
COBB & JOHNS PLLC
13341 West U.S. Highway 290
Building 2
Austin, TX 78737
512-399-3150
chris@cobbjohns.com
michael@cobbjohns.com

/s/ *Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND KRIST PLLC
303 Camp Craft Road, Suite 325
Austin, Texas 78746
512-689-8698
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com

*Attorneys for Longbranch Energy, DMA Properties, and Frank Daniel Moore*

Natalie F. Wilson
State Bar No. 24076779
LANGLEY & BANACK
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

*Attorneys for DMA Properties and Frank Daniel Moore*

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, TX 78209
mblack@burnsandblack.com

Jeffery Duke
JF DUKE AND ASSOCIATES
11819 Great Oaks Drive
College Station, TX 77494
jeff@jfduke.com

*Attorneys for Longbranch Energy*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 9, 2025, a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Charles John Muller, IV<br>CJ MULLER & ASSOCIATES, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>john.muller@cjma.law<br><br>*Counsel for KrisJenn Ranch, LLC, KrisJenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row* | James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov<br><br>*United States Trustee* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* |
| Charlie Shelton<br>Hayward PLLC<br>7600 Burnet Road, Suite 530<br>Austin, TX 78757<br>(737) 881-7100<br>cshelton@haywardfirm.com<br><br>*Counsel for Larry Wright, KrisJenn Ranch, LLC, KrisJenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>JF DUKE AND ASSOCIATES<br>11819 Great Oaks Drive<br>College Station, TX 77494<br>jeff@jfduke.com<br><br>*Counsel for Longbranch Energy, LP* |

                                                */s/ Austin H. Krist*
                                                Austin H. Krist