UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| KRISJENN RANCH, LLC, ET AL., | § § | CASE NO. 20-50805 |
| DEBTOR. | § § | CHAPTER 11 |

| | | |
|---|---|---|
| KRISJENN RANCH, LLC, ET AL., | § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | |
| DMA PROPERTIES, INC., ET AL., | § § | ADVERSARY NO. 20-05027 |
| DEFENDANTS | § § | |
| DEBTOR. | § § | |

**OBJECTION TO DMA AND LONGBRANCH'S MOTION FOR SUBSTITUTE SERVICE AND TO APPOINT PROCESS**

COMES NOW, KrisJenn Ranch, LLC; KrisJenn Ranch, LLC-Series Uvalde Ranch; KrisJenn Ranch, LLC-Series Pipeline ROW (collectively, "KrisJenn"); and Larry Wright ("Wright") (collectively, the "Plaintiffs") and file this *Objection* (the "Objection") *to DMA And Longbranch's Motion for Substitute Service and to Appoint Process* (the "Motion") and in support thereof would respectfully show as follows:

**I. RELIEF REQUESTED AND BASIS THEREFOR**

a. **The Motion Fails Procedurally**

1. At the outset, the Plaintiffs note that none of the cases cited in the Defendant's Motion countenance, or even deal with, getting substitute service for a writ of execution. At most,

they deal with appointing a special process server for serving the writ of execution, which is not relevant here.

2.   Further, in the short amount of time they have had to respond to the instant motion, KrisJenn and Wright have only located one federal case where a writ of execution was permitted to be served by alternate service (*Taylor v. Slick* (*In re Taylor*), 207 B.R. 995, 998 (Bankr. W.D. Pa. 1997) and that case is inapposite because it deals with the Pennsylvania Rules of Civil Procedure. KrisJenn and Wright have not yet located any Texas state court cases clearly permitting serving a writ of execution by substitute service.

3.   The only rule of Texas Rule of Civil Procedure the Defendants cite to is Rule 106(b), which, on its face, only applies to serving citations and petitions and thus does not include writs:

> (b) Upon motion supported by a statement–sworn to before a notary or made under penalty of perjury–listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
> (1) by leaving a copy of the *citation and of the petition* with anyone older than sixteen at the location specified in the statement; or
> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. Proc. 106(B) (emphasis added).

4.   Further, it appears the Defendants are attempting to choose a hodgepodge of Texas civil procedure and Federal civil procedure. KrisJenn and Wright assert that such back-and-forth is impermissible. The Texas Rules of Civil Procedure provide certain protections in the event of a writ of execution that the Defendants appear to have not followed here (*see, e.g.*, TRCP 679b).

### b. Substituted Service Is Improper Without a Demonstrated Diligent Effort at Personal Service

5. Even if the Court were inclined to permit substitute service, which appears to be improper, Rule 69(a) of the Federal Rules of Civil Procedure mandates that the execution of a judgment must follow the procedure of the state in which the court sits, unless a federal statute provides otherwise. Texas law prefers personal service over substituted service. *Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 751 (Tex. App.—Fort Worth 2003, no pet.); *Mylonas v. Tex. Commerce Bank-Westwood*, 678 S.W.2d 519, 522 (Tex. App.—Houston [14th Dist.] 1984, no writ) (noting substituted service is "not the preferred method"). "[I]f personal service can be effected by the exercise of reasonable diligence, substitute service is not to be resorted to." *E.R.*, 385 S.W.3d at 564 (quoting *Sgitcovich v. Sgitcovich*, 150 Tex. 398, 241 S.W.2d 142, 147 (Tex. 1951)). Reasonable diligence "must include inquiries that someone who really wants to find the defendant would make" and is measured by the quality of the search, not by its quantity. *Id.* at 565.

6. In this case, Defendants merely allege two rounds of attempted service at previously known addresses, without showing any meaningful effort to locate updated addresses or alternative means of personal service. The evidence attached to the Motion (aside from the hearsay declaration of one of the attorneys for the Defendants) only shows one attempted date (the Motion references an Exhibit H that does not appear to be attached). Such limited effort falls short of the reasonable diligence standard required under Texas law. Substitute service is a last resort, not a shortcut around proper diligence.

### a. Opposing Counsel Cannot be Compelled to Accept or Effect Service

7. In Texas, serving legal documents on a party's attorney does not establish valid service on the party itself unless the individual has explicitly authorized the attorney to accept

service on their behalf. *H.L. McRae Co. v. Hooker Construction Co.*, 579 S.W.2d 62 (Tex. Civ. App. -- Austin 1979, no writ).

8. Here, Plaintiffs have not provided, and do not provide, any express authorization permitting their counsel to accept service of writs of execution or any other process on their behalf. Accordingly, any attempt to serve the writs by delivering them to counsel is improper and ineffective under the governing law.

9. Further still, as a practical matter, KrisJenn and Wright believe it would be against public policy for the Court to permit DMA and Longbranch to appoint undersigned counsel, against his will, to serve as a special process server (unpaid, presumably) for DMA and Longbranch's benefit against KrisJenn's and Wright's interests. Undersigned counsel does not work for DMA or Longbranch.

## CONCLUSION

WHEREFORE, KrisJenn and Wright respectfully request that this Court enter an order: denying the *DMA and Longbranch's Motion for Substitute Service and to Appoint Process* and granting such other relief as the Court deems just and proper.

DATED: June 9, 2025

Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

*Counsel for KrisJenn Ranch, LLC;*
*KrisJenn Ranch, LLC-Series Uvalde*
*Ranch; KrisJenn Ranch, LLC-Series*
*Pipeline ROW; and Larry Wright*

**CERTIFICATE OF SERVICE**

        I hereby certify that on June 9, 2025, the foregoing was served via CM/ECF on all parties requesting such service. Additionally, on June 9, 2025, or within one business day thereof, the foregoing was served via United States First Class Mail to the parties listed below.

| | |
|---|---|
| Christopher S. Johns<br>cjohns@cobbjohns.com<br>COBB AND JOHNS<br>14101 Highway 290 West, Suite 400A<br>Austin, Texas 78737<br>Telephone: (512) 399-3150<br>Facsimile: (512 572-8005<br><br>***Attorneys for Longbranch Energy DMA Properties, Inc., and Frank Daniel Moore*** | Timothy Cleveland<br>tcleveland@clevelandkrist.com<br>Austin Krist<br>akrist@clevelandkrist.com<br>CLEVELAND KRIST PLLC<br>303 Camp Croft Road, Suite 325<br>Austin, Texas 78746<br>Telephone: (512) 689-8698<br><br>***Attorneys for Longbranch Energy DMA Properties, Inc., and Frank Daniel Moore*** |
| Jeffery Duke<br>jeff@jfduke.com<br>JF DUKE AND ASSOCIATES<br>11818 Great Oaks Drive<br>College Station, Texas 77494<br><br>***Attorneys for Longbranch Energy, LP*** | Natalie Wilson<br>nwilson@langleybanack.com<br>LANGLEY & BANACK, INC.<br>745 East Mulberry Avenue, Suite 700 San Antonio, TX 78212<br>Telephone: 210-736-6600<br>Facsimile: (210) 735-6889<br><br>***Attorneys for DMA Properties, Inc. and Frank Daniel Moore*** |
| Michael Black<br>BURNS & BLACK PLLC<br>mblack@burnsandblack.com<br>750 Rittiman Road<br>San Antonio, Texas 78209<br>Telephone: 210-829-2022<br>Facsimile: 210-829-2021 fax<br><br>***Attorneys for Longbranch Energy, LP*** | C. John Muller<br>John.muller@cjma.law<br>CJ MULLER & ASSOCIATES, PLLC<br>111 W. Sunset Rd.<br>San Antonio, Texas 78209<br>Telephone: (210) 664-5000<br><br>***Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row*** |
| James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov<br><br>***United States Trustee*** | Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com |

|  | ***Counsel for Black Duck Properties, LLC*** |
|---|---|

                                       */s/ Charlie Shelton*
                                       Charlie Shelton