IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE No. 20-50805-rbk |
| KRISJENN RANCH, LLC | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | (Jointly Administered) |

| | | |
|---|---|---|
| KRISJENN RANCH, LLC, ET AL. | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | Adversary No. 20-05027-rbk |
| vs. | § | |
| | § | |
| DMA PROPERTIES, INC. ET AL. | § | |
| | § | |
| DEFENDANTS. | § | |

**MOTION TO ABATE**

COME NOW KrisJenn Ranch, LLC; KrisJenn Ranch, LLC-Series Uvalde Ranch; KrisJenn Ranch, LLC-Series Pipeline ROW (collectively, "KrisJenn"); and Larry Wright ("Wright") (collectively, the "Movants") and file this *Motion to Abate* (the "Motion"), seeking an abatement of all postjudgment collection efforts until a date after the trial on the Express H2O Suit, which is set for September 9, 2025. KrisJenn and Wright note at the outset that at the hearing on their Motion for Stay Pending Appeal and the Defendants' Motion for Alternate Service, this Court asked whether undersigned counsel would provide an address for Wright and whether undersigned counsel would accept service. On June 12, 2025, undersigned counsel provided counsel for the Defendants with Wright's address and, further, agreed to accept service of the Writs of Execution. KrisJenn and Wright want to bring such acceptance of service and provision of an address to the

Court's attention to demonstrate that KrisJenn and Wright are operating in good faith and attempting to satisfy the obligations arising under the Final Judgment After Remand and the Attorney's Fees Order (defined below).

The instant Motion is not brought solely to delay. Although it seeks a delay, it seeks the minimal delay possible in order to provide Wright the breathing room necessary to maximize the value of the ROW (defined below), which will benefit the Defendants along with Wright.

As discussed in more detail herein, although DMA and Longbranch have repeatedly attempted to convince this Court that Wright is not behaving appropriately. However, the facts will demonstrate that DMA and Longbranch have undermined efforts, and are currently undermining, that would lead to the satisfaction of the Attorney's Fees Order as well as maximization of all parties' financial benefit from the ROW.

In support of the foregoing, KrisJenn and Wright would respectfully show as follows:

## I.     RELEVANT PROCEDURAL BACKGROUND

1. On May 1, 2020, KrisJenn filed its Original Adversary Complaint Requesting Declaratory Judgment, thus commencing the instant suit (Docket No. 1).

2. On March 24, 2021, this Court entered its Final Judgment (Docket No. 237).

3. On March 14, 2023, the United States District Court entered its Final Judgment, thus resolving the appeal that was taken, and remanding the matter back to this Court (see Docket No. 41 (W.D. Tex. 21-00358) and Docket No. 285 in the instant case).

4. On March 26, 2024, this Court entered its Final Judgment After Remand (Docket No. 329).

5. On April 5, 2024, KrisJenn filed a Notice of Appeal with respect to the Final Judgment After Remand (Docket No. 342).

6. On April 9, 2024, DMA Properties, Inc. ("DMA") and Frank Daniel Moore and Defendant Longbranch Energy, LP ("Longbranch") (together, the "Defendants") filed their Notice of Appeal with respect to the Final Judgment After Remand (Docket No. 344).

7. On May 14, 2024, this Court entered its *Order Granting DMA's and Longbranch's Motion for Attorney's Fees, In Part* (the "Attorney's Fees Order") which ordered that DMA, Moore, and Longbranch are awarded $750,000.00 in reasonable and necessary attorneys' fees against KrisJenn and Wright. (Docket No. 353).

8. Presently, the Defendants are engaged in various post-judgment discovery procedures, in an attempt to collect on the Attorney's Fees Order. On May 21, 2025, the Defendants served a Notice of Deposition of Larry Wright (attached hereto as "Exhibit C"), seeking production of fifty-nine (59) categories of documents. On or about May 28, 2025, the Defendants served a subpoena on non-party Express H20 Pipeline & ROW, LLC (attached hereto as "Exhibit B"), also seeking production of documents and a deposition of a corporate representative of Express H20. The Defendants have also obtained a Writ of Execution (Docket No. 367) (attached hereto as "Exhibit A"), which counsel for Mr. Wright has agreed to accept service of. As set forth below, Movants believe an abatement of such collection activities is warranted during the pendency of the Express H2O Suit, defined below.

## II. RELEVANT FACTUAL BACKGROUND

9. This Court is well aware of the underlying facts, allegations, and rulings. Accordingly, KrisJenn and Wright will refrain from setting them forth in full here. Rather, KrisJenn and Wright will note a few salient facts.

10. First, KrisJenn and Wright note that a relevant lawsuit is pending in the 159th and 217th District Court of Angelina County styled as *Express H2O Pipeline And ROW, LLC vs.*

*Westlake Chemical OPCO, L.P.* (the "Express H2O Suit"). The Express H2O Suit is relevant to the dispute at bar because, as this Court will recall, KrisJenn Ranch, LLC-Series Pipeline ROW transferred the right of way ("ROW") at issue to Express H2O Pipeline And ROW, LLC ("Express H2O"). Accordingly, Express H2O is holding the ROW from which: a) Wright will recover the $4,700,000 purchase price that he paid for the ROW; b) DMA and Longbranch will each receive 20% out of the net profits from a sale or future development income; and c) KrisJenn and Wright will pay the $750,000 in attorney's fees the Court awarded in May 2024.

11. The Express H2O Suit is a lawsuit brought to declare void easements and a lease with the Texas Parks and Wildlife Department (purportedly held by Westlake Chemical OPCO, L.P. ("Westlake")) which interfere with exclusive pipeline rights granted to Express H2O's predecessor in interest. When the state court determines, as Express H2O expects, that the grants to Westlake are void, then the value of the ROW will rise substantially and will directly benefit all parties in the instant suit. Regardless, because of Westlake's clouding of Express H2O's title and interfering with Express H2O's exclusive pipeline interests, Express H2O's ability to monetize the ROW, which would lead to the three payments set forth above, is severely hampered.

12. Counsel for Express H2O has indicated that they anticipate the Express H2O Suit going to trial September 9, 2025.

### III. RELIEF REQUESTED AND BASIS THEREFOR

#### a. Applicable Law

13. Generally speaking, whether to grant a motion to abate, is within this Court's sound discretion. *See In re Allstate Cnty. Mut.*, 209 S.W.3d 742, 746 (Tex. App.—Tyler 2006, orig. proceeding); *see also In re Am. Nat'l Cty. Mut. Ins. Co.*, 384 S.W.3d 429, 435 (Tex. App. 2012); *see also Project Eng'g USA Corp. v. Gator Hawk, Inc.*, 833 S.W.2d 716, 724 (Tex. App.—Houston

[1st Dist.] 1992, no writ); *see also In re Colonial Cty. Mut. Ins. Co.*, No. 01-19-00391-CV, 2019 Tex. App. LEXIS 9649, at *3 (Tex. App. Nov. 5, 2019).

### a. DMA's and Longbranch's Collection Efforts Are Interfering With the Express H2O Suit

14. As set forth above, the Express H2O Suit is set to go to trial on September 9, 2025 and Express H2O, and therefore Wright, are currently involved in intensive preparations, which include taking depositions, preparing pretrial motions, and preparing witness and exhibit lists, among many other pretrial activities. This Court is well familiar with the rhythm of litigation and is therefore aware of how crucial the few months before trial is.

15. DMA and Longbranch waited until the eve of the Express H2O Suit to begin dramatically increasing its collection efforts related to the Attorney's Fees Order, which dramatically undermines Express H2O's ability to maximize value for the ROW.

16. As discussed above, DMA and Longbranch will each receive 20% out of the net profits from a sale or future development income. Further, the monetization of the ROW is what will be used to pay the $750,000 in attorney's fees the Court awarded in May 2024.

17. Notwithstanding that the Express H2O Suit is an effort by Wright to maximize the value of the ROW, which will benefit DMA and Longbranch, DMA and Longbranch are refusing to delay collection efforts until after the trial in the Express H2O Suit. Although DMA's and Longbranch's exact motivations are unclear, their disruptive behavior is consistent with someone who only desires to create havoc, especially when viewed in light of their previous successfully efforts to disrupt sales.

18. As demonstrated by Exhibits A-C, the Defendants have attempted multiple times to thwart Wright's efforts to maximize the value of the ROW, which would benefit the Defendants. In fact, Exhibit A demonstrates that as recently as January 2025, the Defendants were submitting

evidence in the Express H2O Suit that directly undermines the efforts of Express H2O to recovery value from the ROW.

19. Exhibits B and C demonstrate that the Defendants successfully undermined a sale to Texas Capitalization Resource Group, Inc. ("TCRG") that would have generated substantial recovery for all parties.

20. Thus, it appears the Defendants do not want Wright to maximize the value of the ROW and they do not want Wright to sell the ROW. Rather, they desire to create disrupt Wright's ability to maximize the value of the ROW while simultaneously attempting to enforce the Attorney's Fees Order with writs of execution. KrisJenn and Wright respectfully submit that the Defendants' inequitable conduct of undermining their own source of recovery while trying to enforce the Attorney's Fees Order at the same time should be rejected by this Court.

### b. The Defendants Will Suffer No Harm From an Abatement

21. The Defendants will suffer no harm from this Court granting a temporary abatement of the enforcement of the judgment.

22. First, the Attorney's Fees Order was issued on May 14, 2024 and the Defendants only made tepid and infrequent collection efforts in the year since it was issued until late May 2025, more than a year after the issuance of the original Attorney's Fees Order. The Defendants' delay in making *bona fide* efforts to collect demonstrates that no harm will befall the Defendants from another few months of delay until the resolution of the Express H2O Suit and the appeal.

23. Second, at the most recent hearing in the instant proceeding, this Court indicated that the possible sale of the ROW had been going on for five years. KrisJenn and Wright respectfully note that the Attorney's Fees Order has only been in existence for 13 months. Further still, the delay has been caused by the Defendants themselves.

24. Third, as set forth above, KrisJenn and Wright believe the Defendants will in fact benefit from a temporary abatement.

## IV. CONCLUSION

WHEREFORE, KrisJenn and Wright respectfully request that this Court enter an order: 1) granting the instant Motion and abating enforcement of the *Final Judgment After Remand and the Order Granting DMA's and Longbranch's Motion for Attorney's Fees, In Part*; 2) abating post-judgment discovery and efforts to collect on fees or damages awarded under the Attorney's Fees Order; and 3) granting such other relief as the Court deems just and proper.

DATED: June 26, 2025

Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

*Counsel for KrisJenn Ranch, LLC; KrisJenn Ranch, LLC-Series Uvalde Ranch; KrisJenn Ranch, LLC-Series Pipeline ROW; and Larry Wright*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2025, a true and correct copy of the foregoing Notice of Appearance has been served electronically via the Court's CM/ECF system upon the parties receiving electronic notice. Additionally, on June 26, 2025, or within one business day thereof, the Notice of Appearance was served via U.S. First Class Mail to all parties listed below.

| | |
|---|---|
| Christopher S. Johns<br>cjohns@cobbjohns.com<br>COBB AND JOHNS<br>14101 Highway 290 West, Suite 400A<br>Austin, Texas 78737<br>Telephone: (512) 399-3150<br>Facsimile: (512 572-8005<br><br>***Attorneys for Longbranch Energy DMA Properties, Inc., and Frank Daniel Moore*** | Timothy Cleveland<br>tcleveland@clevelandkrist.com<br>Austin Krist<br>akrist@clevelandkrist.com<br>CLEVELAND KRIST PLLC<br>303 Camp Croft Road, Suite 325<br>Austin, Texas 78746<br>Telephone: (512) 689-8698<br><br>***Attorneys for Longbranch Energy DMA Properties, Inc., and Frank Daniel Moore*** |
| Jeffery Duke<br>jeff@jfduke.com<br>JF DUKE AND ASSOCIATES<br>11818 Great Oaks Drive<br>College Station, Texas 77494<br><br>***Attorneys for Longbranch Energy, LP*** | Natalie Wilson<br>nwilson@langleybanack.com<br>LANGLEY & BANACK, INC.<br>745 East Mulberry Avenue, Suite 700 San Antonio, TX 78212<br>Telephone: 210-736-6600<br>Facsimile: (210) 735-6889<br><br>***Attorneys for DMA Properties, Inc. and Frank Daniel Moore*** |
| Michael Black<br>BURNS & BLACK PLLC<br>mblack@burnsandblack.com<br>750 Rittiman Road<br>San Antonio, Texas 78209<br>Telephone: 210-829-2022<br>Facsimile: 210-829-2021 fax<br><br>***Attorneys for Longbranch Energy, LP*** | C. John Muller<br>John.muller@cjma.law<br>CJ MULLER & ASSOCIATES, PLLC<br>111 W. Sunset Rd.<br>San Antonio, Texas 78209<br>Telephone: (210) 664-5000<br><br>***Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row*** |
| James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov | Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com |

| *United States Trustee* | *Counsel for Black Duck Properties, LLC* |
|---|---|

*/s/ Charlie Shelton*
Charlie Shelton