IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE No. 20-50805-rbk |
| KRISJENN RANCH, LLC | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | (Jointly Administered) |

_____

| | | |
|---|---|---|
| KRISJENN RANCH, LLC, ET AL. | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | Adversary No. 20-05027-rbk |
| vs. | § | |
| | § | |
| DMA PROPERTIES, INC. ET AL. | § | |
| | § | |
| DEFENDANTS. | § | |

**MOTION FOR SATISFACTION OF ATTORNEY'S FEES JUDGMENT BY RECOUPMENT OR SETOFF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Pursuant to Federal Rule of Civil Procedure 60(b)(5), Larry Wright ("Wright") submits this Motion for Satisfaction of Judgment requesting that the Court recognize satisfaction of Attorney's Fees Judgment awarded to Defendants DMA Properties and Frank Daniel Moore (collectively, "DMA") and Longbranch Energy ("Longbranch") (Longbranch with DMA, "Defendants") through recoupment or setoff and to modify the Judgment to reflect the net amount.

**I.     SUMMARY**

1.     Wright seeks an order acknowledging satisfaction of the attorney's fees judgment to Defendants through a deduction of Wright's award under the same judgment. This Court's Judgment awards, in relevant part, (1) $4,700,000 to Larry Wright out of income from the ROW

1

or the sales proceeds, (2) after that, 20% net profits each to DMA and Longbranch from a sale or future development income of the ROW, and (3) attorney's fees to Defendants (Docket No. 329). The Court later awarded $750,000.00 judgment for attorney's fees to Defendants (Docket No. 353).

2. As described herein, the Court has authority to apply equitable recoupment or equitable setoff to credit Wright with the payment of the $750,000 attorney's fees by adjusting Wright's award of $4,700,000, resulting in a net judgment of $3,950,000.00 in favor of Wright and an award of $750,000 to Defendants (with adjustments for interest due at the time of payment). Under Rule 60(b)(5), the Court can recognize the satisfaction of the attorney's fees judgment by netting the amounts.

## II. RELEVANT BACKGROUND

3. On May 1, 2020, KrisJenn filed its Original Adversary Complaint Requesting Declaratory Judgment, thus commencing the instant suit (Docket No. 1).

4. On March 24, 2021, this Court entered its Final Judgment (Docket No. 237).

5. On March 14, 2023, the United States District Court entered its Final Judgment, thus resolving the appeal that was taken, and remanding the matter back to this Court (see Docket No. 41) (W.D. Tex. 21-00358) and Docket No. 285 in the instant case).

6. On March 26, 2024, this Court entered its Final Judgment After Remand (Docket No. 329). This Judgment awards the following relief, in relevant part:

> 3. As to the claims of DMA and Moore for damages for breach of fiduciary duty, Larry Wright may recover the $4,700,000 purchase price that he paid for the ROW, prior to the breaches of fiduciary duty, out of income from the ROW or the sales proceeds. After that, DMA and Longbranch will each receive 20% out of the net profits from a sale or future development income of the ROW. Other requested damages are denied.

>    4. DMA, Moore, and Longbranch are entitled to recover reasonable and necessary attorney's fees under the Texas Declaratory Judgment Act for the issues relating to the covenant running with the land. …

(Docket No. 329).

7.     On April 9, 2024, Defendants filed their Notice of Appeal with respect to the Final Judgment After Remand (Docket No. 344).

8.     On May 14, 2024, this Court entered its *Order Granting DMA's and Longbranch's Motion for Attorney's Fees, In Part* (the "Attorney's Fees Order") which ordered that DMA, Moore, and Longbranch are awarded $750,000.00 in reasonable and necessary attorneys' fees against KrisJenn and Wright (Docket No. 353).

### III.     LEGAL AUTHORITIES

9.     The Court has authority to net the Judgment awards in order to satisfy the award for attorney's fees. Under Rule 60(b)(5), Wright can be relieved from a judgment where "the judgment has been satisfied, released, or discharged." FED. R. CIV. P. 60(b)(5). The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion. *Lyles v. Medtronic Sofamor Danek, USA, Inc.,* 871 F.3d 305, 315 (5th Cir. 2017); *Hesling v. CSX Transp. Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc).

10.    Rule 60(b)(5) applies here because the Judgment of attorney's fees to Defendants can be satisfied by a netting of judgment awards. Specifically, the $750,000 Defendants are owed can be satisfied by that portion of the $4,700,000 Wright is owed by operation of recoupment or setoff.

11.    Courts have consistently recognized that a judgment can be deemed satisfied not only through direct payment, but also through an equitable setoff where both parties have monetary

3

awards. The netting of judgment awards is a common practice, and when both sides are judgment creditors, the net obligation should reflect the reality of mutual indebtedness.

## A. Satisfaction through Recoupment is Proper.

12. Because the monetary awards to Wright and Defendants stem from the same transaction and occurrence, specifically the dispute over the interests in the ROW, recoupment is proper. Recoupment allows a party to reduce the amount of opposing party's claim by the party's recovery if the amounts are out of the same transaction. *United States Abatement Corp. v. Mobil Exploration & Producing U.S., Inc.,* 79 F.3d 393, 398-99 (5th Cir.1996); *Holford v. Powers*, 896 F.2d 176, 178 (5th Cir.1990); *Matter of Beaumont,* 586 F.2d 266, 267-68 (5th Cir. 1978). Recoupment is "a defense that goes to the foundation of [a] plaintiff's claim by deducting from plaintiff's recovery all just allowances or demands accruing to the defendant with respect to the same contract or transaction." *Distrib. Servs., Ltd. v. Eddie Parker Interests, Inc*., 897 F.2d 811, 812 (5th Cir. 1990); *see also W & T Offshore, Inc. v. Bernhardt,* 938 F.3d 238 (5th Cir. 2019).

13. Under equitable recoupment, Wright is entitled to deduct the debt he owes to Defendants from his own recovery. Wright holds a $4.7 million dollar claim as a first monies obligation if the ROW is developed or sold, and Defendants will receive 20% net-profits from that same sale and development. Defendants are also due $750,000 for reimbursement of attorney's fees for pursing their 20% net-profits interest. The court should allow recoupment against payment of attorney's fees to Defendant, resulting in a net judgment of $3,950,000.00 in favor of Wright and an award of 20% net-profits and $750,000 to Defendants from the sale or development of the ROW.

14. The key is that the competing claims arise out of the same transaction to arrive at a just and proper liability on the plaintiff's claim. *Matter of U.S. Abatement Corp*., 79 F.3d at 398-

99. The term "transaction" means a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. In determining whether claims arise out of the same transaction, the Fifth Circuit has noted that "[t]here is no general standard governing whether events are part of the same or different transaction. '[G]iven the equitable nature of the [recoupment] doctrine, courts have refrained from precisely defining the same-transaction standard, focusing instead on the facts and the equities of each case.'" *Kosadnar v. Metro. Life Ins. Co.,* 157 F.3d 1011, 1015 (5th Cir.1998).

15. Here, the Judgment involves debts of the same transaction—payments related to the purchase of the ROW. The Judgment reflects the purchase price loans by Plaintiffs, the two 20% net profit interests, and the award of attorney's fees for successfully securing the net profits interests, which are all logically related to the purchase of the ROW. The facts underlying the Judgment debts are described in Plaintiffs' Complaint (Docket No. 1) and Defendants' Counterclaims (Docket No. 6). In simple terms, KrisJenn and Larry Wright fronted funds to purchase the ROW, and Longbranch and DMA sold their interests in the ROW in exchange for two twenty percent (20%) net profit interests from the "operation, use, maintenance or sale (including partial sales or conveyances) of the pipe and related facilities." Both this Court and the District Court recognized the debts arose from the purchase and ownership of the ROW. District Court Opinion, (Docket No. 285); Judgment After Remand (Docket No. 329); Opinion After Remand (Docket No. 330). Equity favors allowing Plaintiff to recover $4.7 million minus the attorney's fees award and to award Defendants their net profit interest and attorney's fees. The requested recoupment simplifies enforcement and ensures that only the net obligation is enforced.

    B. **<u>Alternatively, Satisfaction through Setoff is Proper.</u>**

16. The doctrine of equitable setoff is also proper here. Setoff involves a claim of one party against the other that arises out of a transaction different from that on which the claims are based. *Holford,* 896 F.2d at 178; *see also Nalle v. Harrell,* 12 S.W.2d 550, 551 (Tex. Comm'n App. 1929) ("The great object of all discounts or set-offs is, to adjust the indebtedness between the parties, and to permit executory process to be enforced only for the balance that may be due."). For the right of setoff, there must be mutuality of debt between the parties. *Capuano v. United States,* 955 F.2d 1427, 1429–30 (11th Cir.1992) (explaining that "[t]he right of set-off is within the equitable power of a court to offset mutual debts running between two parties"). This principle is rooted in the equitable power of courts to adjust mutual debts running between two parties.

17. Although recoupment is the proper equitable relief, the Court could apply equitable setoff if it considers the Judgment awards arose from different transactions. There are mutual debts between Wright and Defendants—that is, Wright is to recover $4.7 million from the sale or development of the ROW, and the Defendants are to recover two 20% net profits from the sale or development of the ROW interest and $750,000 in attorney's fees. It makes sense for the doctrine of setoff to reduce Wright's recovery and increase Defendants' recovery to account for the attorney's fees award.

## IV.     **RELIEF REQUESTED**

For the above reasons, Larry Wright respectfully requests that this Court enter an Order granting this Motion to recognize satisfaction of $750,000.00 awarded to Defendants by a deduction from $4,700,000.00 awarded to Plaintiff, thereby reflecting a net judgment of $3,950,000.00 (minus interest on the attorney's fees award when paid) in favor of Wright, a 20% of net-profits interest each to Defendants, and $750,000 (plus interest when paid) to Defendants; and granting such other and further relief as the Court deems just and proper.

DATED: June 26, 2025                                        Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

*Counsel for KrisJenn Ranch, LLC; KrisJenn Ranch, LLC-Series Uvalde Ranch; KrisJenn Ranch, LLC-Series Pipeline ROW; and Larry Wright*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 26, 2025, a true and correct copy of the foregoing Notice of Appearance has been served electronically via the Court's CM/ECF system upon the parties receiving electronic notice. Additionally, on June 26, 2025, or within one business day thereof, the Notice of Appearance was served via U.S. First Class Mail to all parties listed below.

| | |
|---|---|
| Christopher S. Johns<br>cjohns@cobbjohns.com<br>COBB AND JOHNS<br>14101 Highway 290 West, Suite 400A<br>Austin, Texas 78737<br>Telephone: (512) 399-3150<br>Facsimile: (512 572-8005<br><br>***Attorneys for Longbranch Energy DMA Properties, Inc., and Frank Daniel Moore*** | Timothy Cleveland<br>tcleveland@clevelandkrist.com<br>Austin Krist<br>akrist@clevelandkrist.com<br>CLEVELAND KRIST PLLC<br>303 Camp Croft Road, Suite 325<br>Austin, Texas 78746<br>Telephone: (512) 689-8698<br><br>***Attorneys for Longbranch Energy DMA Properties, Inc., and Frank Daniel Moore*** |
| Jeffery Duke<br>jeff@jfduke.com<br>JF DUKE AND ASSOCIATES<br>11818 Great Oaks Drive<br>College Station, Texas 77494<br><br>***Attorneys for Longbranch Energy, LP*** | Natalie Wilson<br>nwilson@langleybanack.com<br>LANGLEY & BANACK, INC.<br>745 East Mulberry Avenue, Suite 700 San Antonio, TX 78212<br>Telephone: 210-736-6600<br>Facsimile: (210) 735-6889<br><br>***Attorneys for DMA Properties, Inc. and Frank Daniel Moore*** |
| Michael Black<br>BURNS & BLACK PLLC<br>mblack@burnsandblack.com<br>750 Rittiman Road<br>San Antonio, Texas 78209<br>Telephone: 210-829-2022<br>Facsimile: 210-829-2021 fax<br><br>***Attorneys for Longbranch Energy, LP*** | C. John Muller<br>John.muller@cjma.law<br>CJ MULLER & ASSOCIATES, PLLC<br>111 W. Sunset Rd.<br>San Antonio, Texas 78209<br>Telephone: (210) 664-5000<br><br>***Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row*** |
| James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov | Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com |

| *United States Trustee* | *Counsel for Black Duck Properties, LLC* |

                                                      */s/ Charlie Shelton*
                                                      Charlie Shelton