IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE No. 20-50805-rbk |
| KRISJENN RANCH, LLC | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | (Jointly Administered) |

| | | |
|---|---|---|
| KRISJENN RANCH, LLC, ET AL. | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | Adversary No. 20-05027-rbk |
| vs. | § | |
| | § | |
| DMA PROPERTIES, INC. ET AL. | § | |
| | § | |
| DEFENDANTS. | § | |

### WRIGHT'S APPLICATION FOR TEMPORARY INJUNCTION AND REQUEST FOR EVIDENTIARY HEARING

Larry Wright ("Wright") files this Application for Temporary Injunction and Request for Evidentiary Hearing, and respectfully shows the Court as follows:

### I. SUMMARY OF RELIEF REQUESTED

1. Wright seeks an injunction to stop Defendants DMA Properties, Inc. and Longbranch Energy, LP, and each of their agents and representatives, from interfering in any and all efforts to clear the title of the ROW and to market and sell the ROW made the basis of this lawsuit. The requested injunctive relief is necessary in order to protect the integrity and performance of the Court's Judgment that created a constructive trust in the hands of Express H2O Pipeline & ROW, LLC ("Express H2O") for the development or sale of the ROW. As the Court recalls, the constructive trust allows Wright to recover his $4,700,000 purchase price from the sale

1

or development of the ROW and Defendants to each receive 20% out of the net profits from a sale or future development income of the ROW after Wright recovers $4,700,000. Dkt. 330; Dkt. 329. The only way that the intent of the Judgment can be realized—i.e., the parties paid—is to sell or develop the ROW.

2. In conformance the purpose of the constructive trust, Express H2O via Wright has been actively marketing the ROW for sale and/or development but Defendants have embarked on a campaign of interference. Defendants have contacted and harassed potential buyers, threatened meritless litigation to scare them away from the transaction, and intervened in Plaintiff's efforts to clear the ROW's title.

3. Defendants' interference defeats the essential function of the constructive trust and obstructs compliance with the Court's Judgment. Defendants' continued interference will cause irreparable harm to any and all efforts to market and sell the ROW, such that an injunction prohibiting all future interference should be entered.

4. The Court has authority to enter this injunctive relief under Federal Rule of Civil Procedure 65, the Debtor's Fourth Amended Reorganization Plan ("Plan"), and federal bankruptcy law.

## II. RELEVANT BACKGROUND

5. On May 1, 2020, KrisJenn filed its Original Adversary Complaint Requesting Declaratory Judgment, thus commencing the instant suit. Dkt. 1. The proceeding was intended to clarify and determine the ownership and profits interests in the pipeline easement that runs through East Texas (the "ROW").

6. On March 24, 2021, this Court entered its Final Judgment. Dkt. 237. On March 14, 2023, the United States District Court entered its Final Judgment, thus resolving the appeal that

was taken, and remanding the matter back to this Court (see Dkt. 41 (W.D. Tex. 21-00358) and Dkt. 285 in the instant case).

7. On March 26, 2024, this Court entered its Final Judgment After Remand. Dkt. 329. This Judgment creates a constructive trust over the ROW in the hand of its owner and awards the following monetary relief:

> 3. As to the claims of DMA and Moore for damages for breach of fiduciary duty, Larry Wright may recover the $4,700,000 purchase price that he paid for the ROW, prior to the breaches of fiduciary duty, out of income from the ROW or the sales proceeds. After that, DMA and Longbranch will each receive 20% out of the net profits from a sale or future development income of the ROW. Other requested damages are denied.
>
> 4. DMA, Moore, and Longbranch are entitled to recover reasonable and necessary attorney's fees under the Texas Declaratory Judgment Act for the issues relating to the covenant running with the land. …

Dkt. 329.

8. On April 9, 2024, Defendants filed their Notice of Appeal with respect to the Final Judgment After Remand. Dkt. 344. This appeal is pending.

### III. AUTHORITY TO ENTER INJUNCTION

9. Under Federal Rule of Civil Procedure 65, the Court may grant injunctive relief to enforce and/or to stop interference with the Judgment. *Peacock v. Thomas,* 516 U.S. 349, 356, (1996); *see also Thomas v. Hughes,* 27 F.4th 363, 370 (5th Cir. 2022); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 577 (5th Cir. 2005) ("District courts can enter injunctions as a means to enforce prior judgments.").

10. The Court also has authority to enter injunctive relief pursuant to the Plan provisions, wherein the Court retained jurisdiction to, among other functions: (i) hear and determine disputes arising in connection with the Plan; (ii) issue and enforce injunctions or other orders, or take any other action that may be necessary or appropriate to restrain any interference

with the implementation, consummation, or enforcement of the Plan or the Confirmation Order; and (iii) enforce all orders, judgments, injunctions, releases, exculpations, and rulings entered in connection with the Chapter 11 Cases. Dkt. 211 ((20-50805-rbk).

11. The Court should enter an injunction to enforce performance of and preserve the intent of its Judgment. Again, the only way the parties will be paid under the Judgment is to sell or develop the ROW. Defendants should be enjoined from frustrating or stopping the purpose of the Judgment.

## IV. REQUEST FOR INJUNCTIVE RELIEF

12. At the evidentiary hearing on this Application, Mr. Wright will provide testimony that Defendant's conduct is hindering and interfering with efforts to sell or develop the ROW in a commercially reasonable manner. Defendants' interference has damaged and will continue to damage potential sales opportunities, causing irreparable injury to the ROW and destroying the purpose of the Court's constructive trust.

13. Since the ROW was purchased, the ROW owners via Wright have actively worked to develop or sell the ROW, only to be hampered by Defendants. In 2019, Defendants successfully hindered a sales transaction to Texas Capitalization Resource Group, Inc.[1] The sale was completed but eventually rescinded due to Defendants' conduct.

14. More recently, the ROW has attracted potential buyers, which seek to remain confidential for commercial reasons. Wright is concerned that the Defendants will again attempt to stop the sale. Loss of buyers and the ongoing chilling effect on potential purchasers constitute irreparable harm for which monetary damages are inadequate.

---

[1] Ex. A and B (collection of emails).

15. As recent as January 2025, Defendant's counsel provided in affidavit in Angelina County state court in support of a trespasser of the ROW and against Express H2O's efforts to clear the ROW's title.[2] The ROW cannot be sold for reasonably commercial values with the current cloud created by the wrongful conduct of the trespasser. When the state court determines trespasser's grants are void, then the value of the ROW will rise substantially and will directly benefit all parties in the instant suit. The trespasser sought to stay the state court action, and Defendants' counsel provided support for that effort. Wright believes that Defendants' interference in that lawsuit continues.

16. Defendants have no legal right to intercede, interfere, or interrupt the sales process, and the requested injunction will not prejudice Defendants, which stand to benefit financially from the sale of the ROW. As provided in Debtor's Fourth Amended Plan:

- Any interest in the ROW held by Defendants attaches "solely to the proceeds or interests obtained or retained by the Reorganized Debtor from the sale or operation of the Express Pipeline. The interest sold, transferred or otherwise disposed of to a third party shall be free and clear of any claims by" Defendants.

- The Plan voided any and all encumbrances filed or claimed on the ROW by Defendants.

Dkt. 211 (20-50805-rbk).

17. In fact, the Plan contains adequate protection for Defendants with regard to the disposition of the ROW:

> In the event the Reorganized Debtor receives or initiates an offer that purports to transfer or dispose of any interest in the Express Pipeline, Debtor shall tender a copy of the offer to DMA and Longbranch no less than 30 days before closing the offer to allow DMA and/or Longbranch 30 days to reopen the bankruptcy case to raise any concerns they have regarding the transfer with the Bankruptcy Court. Provided DMA and/or Longbranch timely file any concerns they have regarding the transfer with the Bankruptcy Court and request expedited consideration prior to the closing, Reorganized Debtor shall postpone the closing of the offer to a date

---

[2] Ex. C (Ortiz Declaration).

> after the first hearing on DMA and/or Longbranch's filed objection unless the Bankruptcy Court orders otherwise.

Dkt. 211 (20-50805-rbk). With this protection, there is no justifiable basis that would allow Defendants to interfere during the marketing or sale process. Instead, enforcing lawful court orders, preserving property rights, and protecting the integrity of commercial real estate transactions are consistent with public interest.

18. Based on the foregoing, Wright respectfully requests that the Court issue a Temporary Injunction restraining Defendants, their agents, employees, representatives, and those acting in concert with them, from:

   a. Communicating directly or indirectly with potential buyers of the ROW or their agents, except through Wright's counsel;

   b. Making false or disparaging statements about the ROW, the title of the ROW, or the sale of it;

   c. Threatening or initiating baseless litigation against potential buyers for the purpose of interfering with the sale; and

   d. Otherwise interfering with Wright's efforts to market or sell the ROW.

Plaintiff is prepared to post a bond in an amount deemed appropriate by the Court pursuant to FED. R. CIV. P. 65(c), though no bond is required for debtors pursuant to FRBP 7065.

## V. PRAYER FOR RELIEF

Based on the above, Larry Wright respectfully requests that the Court hold an evidentiary hearing and thereafter issue a Temporary Injunction as outlined above, and grant such other and further relief to which Plaintiff may be entitled at law or in equity.

DATED: June 26, 2025   Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

*Counsel for KrisJenn Ranch, LLC; KrisJenn Ranch, LLC-Series Uvalde Ranch; KrisJenn Ranch, LLC-Series Pipeline ROW; and Larry Wright*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 26, 2025, a true and correct copy of the foregoing Notice of Appearance has been served electronically via the Court's CM/ECF system upon the parties receiving electronic notice. Additionally, on June 26, 2025, or within one business day thereof, the Notice of Appearance was served via U.S. First Class Mail to all parties listed below.

| | |
|---|---|
| Christopher S. Johns<br>cjohns@cobbjohns.com<br>COBB AND JOHNS<br>14101 Highway 290 West, Suite 400A<br>Austin, Texas 78737<br>Telephone: (512) 399-3150<br>Facsimile: (512 572-8005<br><br>***Attorneys for Longbranch Energy***<br>***DMA Properties, Inc., and***<br>***Frank Daniel Moore*** | Timothy Cleveland<br>tcleveland@clevelandkrist.com<br>Austin Krist<br>akrist@clevelandkrist.com<br>CLEVELAND KRIST PLLC<br>303 Camp Croft Road, Suite 325<br>Austin, Texas 78746<br>Telephone: (512) 689-8698<br><br>***Attorneys for Longbranch Energy***<br>***DMA Properties, Inc., and***<br>***Frank Daniel Moore*** |
| Jeffery Duke<br>jeff@jfduke.com<br>JF DUKE AND ASSOCIATES<br>11818 Great Oaks Drive<br>College Station, Texas 77494<br><br>***Attorneys for Longbranch Energy, LP*** | Natalie Wilson<br>nwilson@langleybanack.com<br>LANGLEY & BANACK, INC.<br>745 East Mulberry Avenue, Suite 700 San Antonio, TX 78212<br>Telephone: 210-736-6600<br>Facsimile: (210) 735-6889<br><br>***Attorneys for DMA Properties, Inc. and***<br>***Frank Daniel Moore*** |
| Michael Black<br>BURNS & BLACK PLLC<br>mblack@burnsandblack.com<br>750 Rittiman Road<br>San Antonio, Texas 78209<br>Telephone: 210-829-2022<br>Facsimile: 210-829-2021 fax<br><br>***Attorneys for Longbranch Energy, LP*** | C. John Muller<br>John.muller@cjma.law<br>CJ MULLER & ASSOCIATES, PLLC<br>111 W. Sunset Rd.<br>San Antonio, Texas 78209<br>Telephone: (210) 664-5000<br><br>***Counsel for KrisJenn Ranch, LLC, Krisjenn***<br>***Ranch, LLC—Series Uvalde Ranch, KrisJenn***<br>***Ranch, LLC—Series Pipeline Row*** |
| James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov<br><br>***United States Trustee*** | Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>***Counsel for Black Duck Properties, LLC*** |

*/s/ Charlie Shelton*
Charlie Shelton