## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE No. 20-50805-rbk |
| KRISJENN RANCH, LLC | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | (Jointly Administered) |

| | | |
|---|---|---|
| KRISJENN RANCH, LLC, ET AL. | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | Adversary No. 20-05027-rbk |
| vs. | § | |
| | § | |
| DMA PROPERTIES, INC. ET AL. | § | |
| | § | |
| DEFENDANTS. | § | |

### OBJECTIONS AND REQUEST FOR PROTECTIVE ORDER IN RESPONSE TO SUBPOENA SERVED BY DMA PROPERTIES, INC.; FRANK DANIEL MOORE; AND LONGBRANCH ENERGY, LP

COMES NOW Express H2O Pipeline & Row, LLC ("Express H2O") and serves this *Objections and Request for Protective Order in Response to Subpoena Served by DMA* Properties, *Inc.; Frank Daniel Moore; and Longbranch Energy, LP* (the "Objections"), and in support thereof, would respectfully submit the following:

### I.    FACTUAL BACKGROUND

1.    On May 28, 2025, DMA Properties, Inc. and Frank Daniel Moore (collectively, "DMA") and Longbranch Energy, LP ("Longbranch") filed their Notice of Subpoena of Express H2O Pipeline & ROW, LLC (the "Subpoena"). By agreement of the parties, the deadline to assert objections under Federal Rule of Civil Procedure 45 was agreed to July 3, 2025.

2.     Although this Court has recently temporarily stayed post-judgment discovery, in an abundance of caution, Express H2O files the instant Objections to ensure there are no inadvertent waivers of rights.

3.     Further, Express H2O notes that, notwithstanding these Objections, it anticipates working with DMA and Longbranch counsel to mutually resolve any disputes and producing responsive material and sitting for a deposition.

## II.     GENERAL OBJECTIONS

4.     The following general objections apply to each Definition, Instruction, and individually numbered request (each a "Request") and shall have the same force and effect as if set forth fully in the response to each Request. All of the objections are subject to and without waiver of such further objections as may be made in any challenge to the issuance of the Subpoena or related proceedings. Express H2O will not at this time produce any documents in response to the Subpoena.

5.     Express H2O objects to the Subpoena to the extent that it purports to impose burdens and obligations on Express H2O that exceed, or are inconsistent with, those set forth in the applicable Rules. Express H2O will construe and respond to the Subpoena in accordance with its understanding of the applicable Rules.

6.     Express H2O further objects to the Subpoena to the extent that it seeks information or documents that are already in the possession, custody, or control of DMA and/or Longbranch, or that are unnecessarily cumulative or duplicative of documents and information sought by any other requests or are obtainable from any other source that is less burdensome or less expensive.

7.     Express H2O further objects to the Subpoena to the extent that it purports to require any search for documents and information beyond a reasonable search of documents in Express

H2O's personal possession, custody, or control, as such requirement would be unduly burdensome. To the extent that the Subpoena purports to require Express H2O to exceed such a search, it is objectionable as overbroad, unduly burdensome, and not proportional to the needs of the above-captioned action.

8.     Express H2O further objects to the Subpoena to the extent that it seeks documents and information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, immunity, protection, or rule, or by any law, regulation, protection, decree, or other order of any court or administrative authority. Any disclosure of documents or information protected from disclosure by any protection, privilege, immunity, law, doctrine, or rule is inadvertent and should not be construed to constitute a waiver.

9.     Express H2O further objects to the Subpoena to the extent that it seeks documents or information that is subject to any law, regulation, protection, decree, or other order of any authority of any domestic or foreign jurisdiction limiting or prohibiting disclosure in this or any other proceeding, on the ground that the Subpoena is unduly burdensome and beyond the scope of reasonable or permissible discovery under the Applicable Rules.

10.     Express H2O further objects to the Subpoena to the extent that it seeks documents or information that is subject to any protective orders, non-disclosure agreements, or other confidentiality undertakings or requirements.

11.     Express H2O further objects to the Subpoena to the extent that it seeks confidential, commercially-sensitive, personal, or proprietary documents and information in the absence of a confidentiality order ensuring the appropriate confidential treatment of such information.

12.     Express H2O further objects to the Subpoena to the extent that it seeks electronically-stored information ("ESI") from sources that are not reasonably accessible because of undue burden or cost.

13.     Express H2O further objects to the Subpoena to the extent that it seeks "all" documents in circumstances where a subset of responsive documents would be sufficient to show the pertinent information, on the grounds that such requests are overbroad, unduly burdensome, and not proportional to the needs to the above-captioned action.

14.     Express H2O further objects to the Subpoena to the extent that it assumes the existence of facts that do not exist or the occurrence of events which did not occur. Nothing herein is intended or should be interpreted as an admission that any asserted or implied factual predicates in the Subpoena are accurate.

15.     Express H2O further objects to the Subpoena to the extent that it seeks deposition testimony from Express H2O on the ground that the information sought by the Subpoena through third-party deposition testimony would be more appropriately obtained from other sources or through other discovery devices that are more convenient, less burdensome, and less expensive.

16.     Express H2O expressly reserves all further objections as to the relevance and admissibility of any documents and information provided in response to the Subpoena, as well as the right to object to further discovery relating to the subject matter of any information provided. To the extent that Express H2O responds to the Subpoena, Express H2O does not concede that the Subpoena seeks documents or information that are relevant to any party's claims or defenses in, or proportional to the needs of, the above-captioned action.

17.     Express H2O further objects to the Subpoena on the grounds that it is generally overbroad and unduly burdensome. Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(ii),

any order compelling compliance must protect a person who is neither a party nor a party's officer from significant expense arising from compliance. FED. R. CIV. P. 45(b)(2)(B)(ii).

18.     At this time, because the scope of required production is unclear, Express H2O is unable to provide the Court with an estimate of either the volume of responsive documents or the cost of such production, but anticipates being able to do so shortly after beginning to assemble responsive documents. Regardless, should production ultimately be required, Express H2O would request an Order from the Court compelling DMA and Longbranch to pay such amounts in advance of Express H2O's production.

## III.     SPECIFIC OBJECTIONS

### REQUEST FOR PRODUCTION NO. 1:

All documents and communications related to KrisJenn Ranch, LLC; KrisJenn Ranch, LLC -Series Uvalde Ranch; or KrisJenn Ranch, LLC-Series Pipeline ROW (together, "KrisJenn")'s conveyance of any interest in the right-of-way called the Express Pipeline, which runs from Angelina County through Nacogdoches and Rusk Counties and across Shelby County in East Texas (the "ROW") to Express H2O Pipeline & ROW, LLC ("Express H2O"), including but not limited to any agreements or documents effectuating such conveyance.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

### REQUEST FOR PRODUCTION NO. 2:

All documents showing any consideration paid by or conveyed from Express H20 to KrisJenn in connection with Express H20's acquisition of the ROW.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**REQUEST FOR PRODUCTION NO. 3:**

All documents showing any consideration paid by or conveyed from Express H20 to Larry Wright or any other party in connection with Express H20's acquisition of the ROW.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**REQUEST FOR PRODUCTION NO. 4:**

All documents related to Express H2O's acquisition of the ROW.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**REQUEST FOR PRODUCTION NO. 5:**

All documents related to Wright's involvement in Express H2O.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**REQUEST FOR PRODUCTION NO. 6:**

All documents showing or related to Wright's past and present ownership or interest, whether direct or indirect, in Express H2O.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show the identity of Express H2O's members and/or owners from its creation to the present.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the identity of Express H2O's managers from its creation to the present.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show Express H20's ownership of any assets other than the ROW.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**REQUEST FOR PRODUCTION NO. 10:**

All documents related to Wright's involvement in Express H2O.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

## IV. REQUEST FOR PROTECTIVE ORDER

19. Many of the documents sought seek material that may be confidential, privileged, or trade secrets. To the extent Express H2O is required to produce such documents, it requests this Court enter a standard protective order permitting Express H2O to designate documents as Confidential or for Attorney's Eyes Only in order to limit their dissemination after production. A proposed form of protective order is attached hereto.

## V. CONCLUSION

WHEREFORE, Express H2O respectfully requests that the Court: 1) consider its Objections; 2) to the extent the Court requires Express H2O to respond to the subpoena, enter a form protective order along the lines attached hereto; and 3) grant such other and further relief as is just and proper.

Dated: July 3, 2025                              Respectfully submitted,

                                                 HAYWARD PLLC

                                                 By: */s/ Charlie Shelton*
                                                 Charlie Shelton

Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

**_Attorneys for Express H2O Pipeline & Row, LLC_**

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, a true and correct copy of the foregoing has been served electronically via the Court's CM/ECF system upon the parties receiving electronic notice. Additionally, on July 3, 2025, or within one business day thereof, the foregoing was served via U.S. First Class Mail to all parties listed below.

| | |
|---|---|
| COBB AND JOHNS<br>Attn: Christopher S. Johns<br>14101 Highway 290 West, Suite 400A<br>Austin, Texas 78737<br>Telephone: (512) 399-3150<br>Facsimile: (512 572-8005<br>cjohns@cobbjohns.com<br><br>***Attorneys for Longbranch Energy DMA Properties, Inc., and Frank Daniel Moore*** | CLEVELAND KRIST PLLC<br>Attn: Timothy Cleveland & Austin Krist<br>303 Camp Croft Road, Suite 325<br>Austin, Texas 78746<br>Telephone: (512) 689-8698<br>tcleveland@clevelandkrist.com<br>akrist@clevelandkrist.com<br><br>***Attorneys for Longbranch Energy DMA Properties, Inc., and Frank Daniel Moore*** |
| JF DUKE AND ASSOCIATES<br>Attn: Jeffery Duke<br>11818 Great Oaks Drive<br>College Station, Texas 77494<br>jeff@jfduke.com<br><br>***Attorneys for Longbranch Energy, LP*** | LANGLEY & BANACK, INC.<br>Attn: Natalie Wilson<br>745 East Mulberry Avenue, Suite 700 San Antonio, TX 78212<br>Telephone: 210-736-6600<br>Facsimile: (210) 735-6889<br>nwilson@langleybanack.com<br><br>***Attorneys for DMA Properties, Inc. and Frank Daniel Moore*** |
| BURNS & BLACK PLLC<br>Attn: Michael Black<br>750 Rittiman Road<br>San Antonio, Texas 78209<br>Telephone: 210-829-2022<br>Facsimile: 210-829-2021 fax<br>mblack@burnsandblack.com<br><br>***Attorneys for Longbranch Energy, LP*** | CJ MULLER & ASSOCIATES, PLLC<br>Attn: C. John Muller<br>111 W. Sunset Rd.<br>San Antonio, Texas 78209<br>Telephone: (210) 664-5000<br>John.muller@cjma.law<br><br>***Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row*** |
| OFFICE OF THE U.S. TRUSTEE<br>Attn: James Rose<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov<br><br>***United States Trustee*** | THE SMEBERG LAW FIRM, PLLC<br>Attn: Ronald J. Smeberg<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com |

*/s/ Charlie Shelton*
Charlie Shelton

---