IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE No. 20-50805-rbk |
| KRISJENN RANCH, LLC | § | |
| | § | CHAPTER 11 |
| MOVANTS. | § | (Jointly Administered) |

| | | |
|---|---|---|
| KRISJENN RANCH, LLC, ET AL. | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | Adversary No. 20-05027-rbk |
| vs. | § | |
| | § | |
| DMA PROPERTIES, INC. ET AL. | § | |
| | § | |
| DEFENDANTS | § | |

## AGREED MOTION FOR ENTRY OF PROTECTIVE ORDER

**Entry is requested without hearing pursuant to L.R. 7026-1(c) and 9014-1(d)**

TO THE HONORABLE RONALD B. KING, U.S. BANKRUPTCY JUDGE:

COME NOW KrisJenn Ranch, LLC; KrisJenn Ranch, LLC-Series Uvalde Ranch; KrisJenn Ranch, LLC-Series Pipeline ROW (collectively, "KrisJenn"); and Larry Wright ("Wright") (collectively, the "Movants"), seeking the entry of an agreed Protective Order (the "Protective Order"), to assist with the exchange of documents and information related to: (i) request by entities for documents and information pertaining to the Movants, and (ii) discovery that may be propounded, informally and/or formally, to the Movants. The Movants would respectfully show as follows:

1. Pursuant to this Court's order of July 08, 2025 at Docket Entry No. 473, Wright has provided DMA Properties, Inc. and Frank Daniel Moore (collectively, "DMA") and Longbranch

Energy, LP ("Longbranch") sensitive and confidential personal financial information, which is "Classified Information" as that term is used and defined by the standard protective order approved and utilized in the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Court"). Wright requested, and DMA and Longbranch have agreed, to keep the information confidential subject to the exception that DMA and Longbranch should be able to disclose relevant information to the U.S. Marshal and other third parties (such as banks, in the event of garnishment) in aid of satisfying the judgment issued against Mr. Wright.

2. To this end, Movants seek entry of a Protective Order, based on the standard form but with certain modifications, for the Court's consideration, attached hereto as Exhibit A.

3. The Movants believe that the proposed Protective Order adequately protects all parties from misuse of the Classified Information. Accordingly, the Movants respectfully request entry of the Protective Order attached hereto as Exhibit A.

4. DMA and Longbranch have agreed to the modified Protective Order, as evidenced by its counsel's signature on the proposed order, and has further agreed to abide by its terms prior to entry.

5. The Court may afford a party-in-interest protection with respect to, among other things, "a trade secret or confidential research, development, or commercial information" or "protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b)(1)-(2). Bankruptcy Code section 107 is implemented by Bankruptcy Rule 9018, which provides that the Court "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information" or "(2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code." Fed. R. Bankr. P. 9018.

AGREED MOTION FOR ENTRY OF PROTECTIVE ORDER

A protective order only requires a "motion by any party demonstrating good cause" before the Court may enter a protective order. Local Rule 7026-1(c). Further, L.R. 9014-1(d) allows the Court to rule on certain matters without a hearing and provides certain nonexclusive examples. The instant motion is of a kind that the Court often grants without hearing. Because the Parties have agreed on the form and substance of the proposed Protective Order, the Movants further submit that good cause exists for entry of the Protective Order on an *ex-parte* basis, and that no hearing on this Motion is required. See Local Rule of Bankruptcy Procedure of the Western District of Texas, Rules 7026-1(c) and 9014-1(d).

6. The Movants submit that the proposed Protective Order provides sufficient protections for them and other parties in interest, is standard and routine, requires that any confidentiality designations be made in good faith, and ensures that the Court retains full and final jurisdiction and authority over all confidentiality and protective order matters arising in this case and related proceedings. Entry of the Protective Order is appropriate in order to shield disclosure of personal information of a sensitive nature or other financial or confidential information, the disclosure of which could cause substantial harm to the disclosing party or to any person to whom the information relates.

WHEREFORE, PREMISES CONSIDERED, the Movants respectfully request that the Court enter the Protective Order and grant it such other and further relief to which it may be justly entitled.

4 | P a g e

|  |  |
|---|---|
| Dated: July 31, 2025 | Respectfully submitted,<br>**HAYWARD PLLC**<br><br>By: */s/ Charlie Shelton*<br>Charlie Shelton<br>Texas State Bar No. 24079317<br>7600 Burnet Road, Suite 530<br>Austin, TX 78757<br>(737) 881-7100 (Phone/Fax)<br>cshelton@haywardfirm.com<br><br>***Counsel for Larry Wright*** |

## CERTIFICATE OF CONFERENCE

I hereby certify that on between July 15, 2025 and July 31, 2025, Ron Satija and I had numerous communications with Mr. Austin Krist, counsel for the defendants in the above-captioned case and he has agreed to the entry of the protective order in substantially the same form attached hereto as Exhibit A.

*/s/ Charlie Shelton*
Charlie Shelton

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2025, the foregoing pleading was served via CM/ECF on all parties requesting such service. Additionally, on the same date or within one business day thereof, the pleading was served via United States First Class Mail to all parties on the service list below who did not receive electronic service.

| | |
|---|---|
| Cobb & Johns PLLC<br>Attn: Christopher S. Johns & Michael Cotton<br>13341 West U.S. Highway 290, Building 2<br>Austin, TX 78737<br>chris@cobbjohns.com<br>michael@cobbjohns.com<br><br>***Attorneys for Longbranch Energy, DMA Properties, and Frank Daniel Moore*** | Cleveland Krist PLLC<br>Attn: Timothy Cleveland & Austin H. Krist<br>303 Camp Craft Road, Suite 325<br>Austin, TX 78746<br>tcleveland@clevelandkrist.com<br>akrist@clevelandkrist.com<br><br>***Attorneys for Longbranch Energy, DMA Properties, and Frank Daniel Moore*** |
| Langley & Banack<br>Attn: Natalie F. Wilson<br>745 East Mulberry Avenue, Suite 700<br>San Antonio, TX 78212<br>nwilson@langleybanack.com<br><br>***Attorneys for DMA Properties and Frank Daniel Moore*** | Burns & Black PLLC<br>Attn: Michael Black<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>***Attorneys for Longbranch Energy*** |
| JF Duke and Associates<br>Attn: Jeffery Duke<br>11819 Great Oaks Drive<br>College Station, TX 77494<br>jeff@jfduke.com<br><br>***Attorneys for Longbranch Energy*** | |

6 | P a g e

/s/ Charlie Shelton
Charlie Shelton