**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: § § § § § | Case No. 20-50805-rbk | |
| KRISJENN RANCH, LLC, | | |
| Debtor. | Chapter 11 (Jointly Administered) | |

| | | |
|---|---|---|
| KRISJENN RANCH, LLC, et al., § § § § § § § § § | | |
| Plaintiffs | | |
| v. | Adversary No. 20-05027-rbk | |
| DMA PROPERTIES, INC., et al., | | |
| Defendants. | | |

**EXPRESS H2O PIPELINE & ROW, LLC'S MOTION TO QUASH
SUBPOENA DUCES TECUM AND OBJECTIONS TO SAME**
*(Relates to Docket No. 511)*

COMES NOW Express H2O Pipeline & ROW, LLC ("Express"), and files this, its *Motion to Quash Subpoena Duces Tecum and Objections to Same* (the "Motion"). In support thereof, Express would respectfully submit the following:

### I. RELEVANT PROCEDURAL BACKGROUND

1. On May 1, 2020, Krisjenn Ranch, LLC; Krisjenn Ranch, LLC Series, Uvalde Ranch; and Krisjenn Ranch, LLC-Series Pipeline Row as successors in interest to Black Duck Properties, LLC (together, "KrisJenn") filed their *Original Adversary Complaint Requesting Declaratory Judgment*, thus commencing the instant suit [ECF No. 1].

2. On March 24, 2021, this Court entered its Final Judgment [ECF No. 237].

3. On March 15, 2023, the United States District Court entered its Final Judgment, thus resolving the appeal that was taken, and remanding the matter back to this Court. *See* ECF No. 41 (W.D. Tex. 21-00358) and ECF No. 285 in the instant case.

4. On March 26, 2024, this Court entered its Final Judgment After Remand [ECF No. 329].

5. On April 5, 2024, KrisJenn filed a Notice of Appeal with respect to the Final Judgment After Remand [ECF No. 342].

6. On April 9, 2024, DMA Properties, Inc. ("DMA") and Frank Daniel Moore and Defendant Longbranch Energy, LP ("Longbranch") (together, the "Defendants") filed their Notice of Appeal with respect to the Final Judgment After Remand [ECF No. 344].

7. On May 14, 2024, this Court entered its *Order Granting DMA's and Longbranch's Motion for Attorney's Fees, In Part* (the "Attorney's Fees Order") which ordered that DMA, Moore, and Longbranch are awarded $750,000.00 in reasonable and necessary attorneys' fees against KrisJenn and Wright. [ECF No. 353].

8. On April 9, 2024, Defendants filed their Notice of Appeal of the Final Judgment and the Opinion after Remand. [ECF No. 344].

9. On August 11, 2025, the District Court affirmed this Court's Final Judgment After Remand. Final Judgment, Case No. 5:24-cv-00365 [ECF No. 21].

10. On October 9, 2025, the Defendants emailed their *Notice of Subpoena of Express H2O Pipeline & ROW, LLC* to, *inter alia*, undersigned counsel. In turn, the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* (the "Subpoena") was served on Express on October 10, 2025.

11. The Subpoena, a copy of which is attached hereto as Exhibit A, seeks ten (10) groups of documents and seeks them by October 24, 2025.

## II. MOTION TO QUASH

12. Express respectfully requests entry of an order quashing the Subpoena.

13. Upon a motion by a party, the Court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense, including an order that discovery sought not be had. FED. R. CIV. P. 26(c).

14. Rule 45 of the Federal Rules of Civil Procedure sets forth several mandatory grounds under which a Court must quash a subpoena served upon a nonparty to a litigation. Specifically, Rule 45(d)(3)(A) provides in pertinent part that:

> [o]n timely motion, the court for the district where compliance is required *must* quash . . . a subpoena that:
> (i) fails to allow a reasonable time to comply;
> . . .
> (iii) subjects a person to undue burden.

FED. R. CIV. P. 45(d)(3)(A) (emphasis added).

15. Furthermore, Rule 45(d)(3)(B) allows a Court to quash the subpoena if it requires disclosure of confidential information. FED. R. CIV. P. 45(c)(3)(B).

16. Although only one of these grounds must be satisfied before a Court is required and/or permitted to quash a subpoena, the Subpoena at issue is objectionable on all of these bases, among others, and must therefore be quashed by the Court.

### A. The Subpoena Fails to Provide a Reasonable Time for Compliance

17. As the District Court for the Southern District of Texas noted "the Advisory Committee Notes from the 1970 Amendment clarify that the procedure governing a subpoena duces tecum is 'analogous to that provided in Rule 34.'" *Parra v. State Farm Lloyds,* Civil Action

No. 7:14-CV-691, 2015 U.S. Dist. LEXIS 185386, at *3-4 (S.D. Tex. Jan. 13, 2015). Rule 34(b)(2)(A) explicitly states that the party responding to a request for production "must respond in writing within 30 days after being served." FED. R. CIV. P. 30(b)(2)(A). Thus, the District Court for the Southern District found that "thirty days is a 'reasonable time' to respond to a subpoena duces tecum, and [the responding party] should have been given at least thirty days." *Parra,* 2015 U.S. Dist. LEXIS 185386, at *4.

18.  In the instant case, Express was served on October 10, 2025, with a requested production date of October 24, 2025, patently within the 30 days normally afforded as reasonable time under the rule.

19.  Accordingly, the Subpoena should be quashed.

**B. The Subpoena Subjects Express, a Non-Party, to an Undue Burden**

20.  A Court has broad discretion in determining whether a subpoena is unduly burdensome. *See* FED. R. CIV. P. 45(d)(1), (d)(3)(A)(iv); *Linder v. Nat'l Sec. Agency,* 94 F.3d 693, 695 (D. C. Cir. 1996); *In re Subpoena Duces Tecum to AOL, L.L.C.,* 550 F. Supp 2d 606, 612-613 (E. D. Va. 2008).

21.  In the instant case, Express asserts that the Subpoena imposes an undue burden on it for several reasons.

22.  First, the *Final Judgment* rendered by the United States District Court for the Western District of Texas (ECF No. 486 in this case) affirmed the *Bankruptcy Court's Final Judgment After Remand* (Docket No. 329] and, although that judgment places a "constructive trust on the ROW in the hands of Express H2O, LLC . . .," it does not impose a direct claim against Express.[1] Further, Larry Wright is not an owner of Express. Therefore, the subpoena served against

---

[1] Express H2O notes also that it is not a party to the instant suit and, to the extent the constructive trust purports to impact Express H2O's rights, it would do so in violation of Express H2O's due process rights.

Express appears to be solely to investigate potential claims rather than for real enforcement of a judgment and therefore subjects Express to an undue burden.

23. Second, the subpoena subjects Express to an undue burden because Express is merely a third-party. Therefore, discovery should go, in the first instance, against parties that owe funds to the Defendants.

24. Third, Express has not yet completed a page count of responsive documents but seeks to quash to the subpoena should such requested documents prove to be voluminous or, alternatively, seeks to have the subpoena quashed unless and until the Defendants tender payment to Express for the reasonable cost of production.

### C. The Subpoena is Unnecessarily Duplicative

25. Express further notes that the Defendants have served Larry Wright personally with a deposition notice for November 5, 2025 and Larry Wright has agreed: a) to sit for that deposition; and b) to provide by October 31, 2025 documents requested in conjunction with that notice of deposition.

26. Accordingly, a separate document request to Express appears to be unnecessarily duplicative. Express again asserts that reasonable discovery should be obtained from actual party opponents prior to burdening non-parties.

### III. MOTION FOR PROTECTIVE ORDER

27. Many of the documents sought seek material that may be confidential, privileged, or trade secrets. To the extent Express is required to produce such documents, it requests this Court enter a standard protective order permitting Express to designate documents as Confidential or for Attorney's Eyes Only in order to limit their dissemination after production. Express notes that a protective order is already on file in the instant adversary proceeding (Docket No. 483). If

Defendants will agree that any production from Express can be made pursuant to that protective order, Express will withdraw that particular request as well as those portions of its objections.

## IV. RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR PRODUCTION

### A. General Objections

28. The following general objections apply to each Definition, Instruction, and individually numbered request (each a "Request") and shall have the same force and effect as if set forth fully in the response to each Request. All of the objections are subject to and without waiver of such further objections as may be made in any challenge to the issuance of the Subpoena or related proceedings. Express will not at this time produce any documents in response to the Subpoena.

29. Express objects to the Subpoena to the extent that it purports to impose burdens and obligations on Express that exceed, or are inconsistent with, those set forth in the applicable Rules. Express will construe and respond to the Subpoena in accordance with its understanding of the applicable Rules.

30. Express further objects to the Subpoena to the extent that it seeks information or documents that are already in the possession, custody, or control of DMA and/or Longbranch, or that are unnecessarily cumulative or duplicative of documents and information sought by any other requests or are obtainable from any other source that is less burdensome or less expensive.

31. Express further objects to the Subpoena to the extent that it purports to require any search for documents and information beyond a reasonable search of documents in Express's personal possession, custody, or control, as such requirement would be unduly burdensome.

32. To the extent that the Subpoena purports to require Express to exceed such a search, it is objectionable as overbroad, unduly burdensome, and not proportional to the needs of the above-captioned action.

33. Express further objects to the Subpoena to the extent that it seeks documents and information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, immunity, protection, or rule, or by any law, regulation, protection, decree, or other order of any court or administrative authority. Any disclosure of documents or information protected from disclosure by any protection, privilege, immunity, law, doctrine, or rule is inadvertent and should not be construed to constitute a waiver.

34. Express further objects to the Subpoena to the extent that it seeks documents or information that is subject to any law, regulation, protection, decree, or other order of any authority of any domestic or foreign jurisdiction limiting or prohibiting disclosure in this or any other proceeding, on the ground that the Subpoena is unduly burdensome and beyond the scope of reasonable or permissible discovery under the Applicable Rules.

35. Express further objects to the Subpoena to the extent that it seeks documents or information that is subject to any protective orders, non-disclosure agreements, or other confidentiality undertakings or requirements.

36. Express further objects to the Subpoena to the extent that it seeks confidential, commercially-sensitive, personal, or proprietary documents and information in the absence of a confidentiality order ensuring the appropriate confidential treatment of such information.

37. Express further objects to the Subpoena to the extent that it seeks electronically-stored information ("ESI") from sources that are not reasonably accessible because of undue burden or cost.

38. Express further objects to the Subpoena to the extent that it seeks "all" documents in circumstances where a subset of responsive documents would be sufficient to show the pertinent information, on the grounds that such requests are overbroad, unduly burdensome, and not proportional to the needs to the above-captioned action.

39. Express further objects to the Subpoena to the extent that it assumes the existence of facts that do not exist or the occurrence of events which did not occur. Nothing herein is intended or should be interpreted as an admission that any asserted or implied factual predicates in the Subpoena are accurate.

40. Express further objects to the Subpoena to the extent that it seeks deposition testimony from Express on the ground that the information sought by the Subpoena through third-party deposition testimony would be more appropriately obtained from other sources or through other discovery devices that are more convenient, less burdensome, and less expensive.

41. Express expressly reserves all further objections as to the relevance and admissibility of any documents and information provided in response to the Subpoena, as well as the right to object to further discovery relating to the subject matter of any information provided.

42. To the extent that Express responds to the Subpoena, Express does not concede that the Subpoena seeks documents or information that are relevant to any party's claims or defenses in, or proportional to the needs of, the above-captioned action.

43. Express further objects to the Subpoena on the grounds that it is generally overbroad and unduly burdensome. Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(ii), any order compelling compliance must protect a person who is neither a party nor a party's officer from significant expense arising from compliance. FED. R. CIV. P. 45(b)(2)(B)(ii).

44. At this time, because the scope of required production is unclear, Express is unable to provide the Court with an estimate of either the volume of responsive documents or the cost of such production, but anticipates being able to do so shortly after beginning to assemble responsive documents. Regardless, should production ultimately be required, Express would request an Order from the Court compelling DMA and Longbranch to pay such amounts in advance of Express's production.

### B. Specific Objections

**Request for Production No. 1:** All documents and communications related to KrisJenn Ranch, LLC; KrisJenn Ranch, LLC-Series Uvalde Ranch; or KrisJenn Ranch, LLC-Series Pipeline ROW (together, "KrisJenn")'s conveyance of any interest in the right-of-way called the Express Pipeline, which runs from Angelina County through Nacogdoches and Rusk Counties and across Shelby County in East Texas (the "ROW") to Express H2O Pipeline & ROW, LLC ("Express H2O"), including but not limited to any agreements or documents effectuating such conveyance.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 2:** All documents showing any consideration paid by or conveyed from Express H20 to KrisJenn in connection with Express H20's acquisition of the ROW.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 3:** All documents showing any consideration paid by or conveyed from Express H20 to Larry Wright or any other party in connection with Express H20's acquisition of the ROW.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 4:** All documents related to Express H2O's acquisition of the ROW.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 5:** All documents related to Wright's involvement in Express H2O.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 6:** All documents showing or related to Wright's past and present ownership or interest, whether direct or indirect, in Express H2O.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 7:** Documents sufficient to show the identity of Express H2O's members and/or owners from its creation to the present.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 8:** Documents sufficient to show the identity of Express H2O's managers from its creation to the present.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 9:** Documents sufficient to show Express H20's ownership of any assets other than the ROW.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 10:** All documents related to Wright's involvement in Express H2O.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

## CONCLUSION AND PRAYER

45. It is axiomatic that an unserved subpoena is ineffective. Smith should not be allowed to perform an end-run around this procedural defect by requiring Express to perform in Roberts' stead. Rather, Express asserts the Subpoena should be quashed unless and until Roberts is properly served.

WHEREFORE, the foregoing premises considered, Express respectfully requests entry of an order 1) quashing the Subpoena; or 2) conditioning Express's production on proper service as to Roberts; or 3) providing that should proper service as to Roberts prove impossible and/or impracticable, Smith may move the Court for alternative service; and 4) granting such other and further relief as is just and proper.

Dated: October 23, 2025

Respectfully submitted,

**HAYWARD PLLC**

By: /s/*Charlie Shelton*
Charlie Shelton
Texas State Bar No: 24079317
Bach W. Norwood
Texas State Bar No: 24134529
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com
bnorwood@haywardfirm.com

***Attorneys for Express H2O Pipeline & Row, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically via the court's CM/ECF system on October 23, 2025 thus effecting service on any parties requesting service thereby. The foregoing was also served via United States First Class Mail on October 23, 2025 on all persons listed below.

| | |
|---|---|
| Cobb & Johns PLLC<br>Attn: Christopher S. Johns, Michael C. Cotton<br>13341 West U.S. Highway 290, Building 2<br>Austin, TX 78737<br>Telephone: (512) 399-3150<br>Facsimile: (512 572-8005<br>chris@cobbjohns.com<br>michael@cobbjohns.com | Cleveland Krist PLLC<br>Attn: Timothy Cleveland & Austin H. Krist<br>303 Camp Croft Road, Suite 325<br>Austin, Texas 78746<br>Telephone: (512) 689-8698<br>tcleveland@clevelandkrist.com<br>akrist@clevelandkrist.com |
| Akerman LLP<br>Attn: Randall Adam Swick<br>500 W. 5th Street, Suite 1210<br>Austin TX 78701<br>Adam.swick@akerman.com | Langley & Banack<br>Attn: Natalie Wilson<br>745 East Mulberry Avenue, Suite 700<br>San Antonio, TX 78212<br>nwilson@langleybanack.com |
| JF DUKE AND ASSOCIATES<br>Attn: Jeffery Duke<br>11819 Great Oaks Drive<br>College Station, Texas 77494<br>jeff@jfduke.com<br><br>***Attorneys for Longbranch Energy, LP*** | BURNS & BLACK PLLC<br>Attn: Michael Black<br>750 Rittiman Road<br>San Antonio, Texas 78209<br>mblack@burnsandblack.com<br><br>***Attorneys for Longbranch Energy, LP*** |
| THE SMEBERG LAW FIRM, PLLC<br>Attn: Ronald J. Smeberg<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>***Counsel for Black Duck Properties, LLC*** | KrisJenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, Krisjenn Ranch, LLC, Series Pipeline Row<br>410 Spyglass Road<br>McQueeney, TX 78123 |
| Larry Wright<br>410 Spyglass Road<br>McQueeney, TX 78123 | |

/s/ *Charlie Shelton*
Charlie Shelton