**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

Exhibit P-1

| | | |
|---|---|---|
| *In re*: | § § | CHAPTER 11 |
| KrisJenn Ranch, LLC, et al., | § § | |
| *Debtor.* | § | CASE NO. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, et al., | § § | |
| *Plaintiffs*, | § § | |
| v. | § § | ADVERSARY NO. 20-05027 |
| DMA Properties, Inc., et al., | § § | |
| *Defendants.* | § § § | |

**NOTICE OF SUBPOENA OF**
**EXPRESS H2O PIPELINE & ROW, LLC**

Please take notice that pursuant to Rules 30, 32, and 45 of the Federal Rules of Civil Procedure, Defendants DMA Properties, Inc. and Frank Daniel Moore (collectively, "DMA"), and Longbranch Energy, LP ("Longbranch") intend to serve the attached subpoena on non-party Express H2O Pipeline & ROW, LLC.

1

P1-0001

Respectfully submitted,

*/s/ Christopher S. Johns*
Christopher S. Johns
State Bar No. 24044849
Michael Cotton
State Bar No. 24116229
COBB & JOHNS PLLC
13341 West U.S. Highway 290
Building 2
Austin, TX 78737
512-399-3150
chris@cobbjohns.com
michael@cobbjohns.com

*/s/ Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND KRIST PLLC
303 Camp Craft Road, Suite 325
Austin, Texas 78746
512-689-8698
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com

*Attorneys for Longbranch Energy, DMA Properties, and Frank Daniel Moore*

Natalie F. Wilson
State Bar No. 24076779
LANGLEY & BANACK
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

*Attorneys for DMA Properties and Frank Daniel Moore*

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, TX 78209
mblack@burnsandblack.com

Jeffery Duke
JF DUKE AND ASSOCIATES
11819 Great Oaks Drive
College Station, TX 77494
jeff@jfduke.com

*Attorneys for Longbranch Energy*

### CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2025, a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Charles John Muller, IV<br>CJ MULLER & ASSOCIATES, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>john.muller@cjma.law<br><br>*Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>JF DUKE AND ASSOCIATES<br>11819 Great Oaks Drive<br>College Station, TX 77494<br>jeff@jfduke.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* |

        */s/ Christopher S. Johns*
        Christopher S. Johns

20-05027-rbk Doc#516-1 Filed 10/24/25 Entered 10/24/25 17:27:01 Exhibit P-1 Pg 4 of 11

20-05027-rbk Doc#431-1 Filed 05/28/25 Entered 05/28/25 16:56:03 Exhibit Subpoena to Express H2O Pipeline & ROW LLC Pg 1 of 8

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| KrisJenn Ranch, LLC, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:20-ap-05027 |
| DMA Properties, Inc., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Corporate Representative for Express H2O Pipeline & ROW, LLC ("Express H2O")

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Exhibit A

| Place: Videoconference | Date and Time: 06/18/2025 9:00 am |
|---|---|

The deposition will be recorded by this method: Video and court reporter.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit B.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____ _____
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* DMA Properties, Inc. and Longbranch Energy, LP , who issues or requests this subpoena, are:

Austin Krist, 303 Camp Craft Rd, Suite 325, Austin, TX 78746, akrist@clevelandkrist.com, 512-689-8698

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

P1-0004

20-05027-rbk Doc#516-1 Filed 10/24/25 Entered 10/24/25 17:27:01 Exhibit P-1 Pg 5 of 11

20-05027-rbk Doc#431-1 Filed 05/28/25 Entered 05/28/25 16:56:03 Exhibit Subpoena to Express H2O Pipeline & ROW LLC Pg 2 of 8

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:20-ap-05027

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

P1-0005

20-05027-rbk  Doc#516-1  Filed 10/24/25  Entered 10/24/25 17:27:01  Exhibit P-1 Pg 6 of 11

20-05027-rbk  Doc#431-1  Filed 05/28/25  Entered 05/28/25 16:56:03  Exhibit Subpoena to Express H2O Pipeline & ROW   LLC Pg 3 of 8

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

# Exhibit A

# EXHIBIT A

## CORPORATE REPRESENTATIVE TOPICS
## FOR EXPRESS H2O PIPELINE & ROW, LLC

*The relevant time period for all topics is January 2023 through the present, unless otherwise specified.*

1. The creation of Express H2O Pipeline & ROW, LLC ("Express H2O").

2. Larry Wright's direct or indirect ownership in Express H2O at any point from its creation to the present.

3. Larry Wright's involvement in Express H2O, from its creation to the present.

4. Any rights or interests in Express H2O held by Larry Wright, directly or indirectly, from Express H2O's creation to the present.

5. The ownership or membership structure of Express H2O, from its creation to the present.

6. The identity of any members or owners of Express H2O, from its creation to the present.

7. The management structure of Express H2O, from its creation to the present.

8. Express H20's acquisition and ownership of any interest in the right-of-way called the Express Pipeline, which runs from Angelina County through Nacogdoches and Rusk Counties and across Shelby County in East Texas (the "ROW").

9. The conveyance of the ROW by KrisJenn Ranch, LLC; KrisJenn Ranch, LLC - Series Uvalde Ranch; or KrisJenn Ranch, LLC-Series Pipeline ROW (together, "KrisJenn") to Express H2O, including any agreements or documents effectuating such conveyance.

10. Any consideration paid by or conveyed from Express H20 to KrisJenn in connection with Express H20's acquisition of the ROW.

11. Any consideration paid by or conveyed from Express H20 to Wright or any other party in connection with Express H20's acquisition of the ROW.

12. Larry Wright's involvement in Express H2O's acquisition of the ROW from KrisJenn and/or KrisJenn's conveyance of the ROW to Express H2O.

13. The relationship between Express H2O and KrisJenn.

20-05027-rbk Doc#516-1 Filed 10/24/25 Entered 10/24/25 17:27:01 Exhibit P-1 Pg 9 of 11

20-05027-rbk Doc#431-1 Filed 05/28/25 Entered 05/28/25 16:56:03 Exhibit Subpoena to Express H2O Pipeline & ROW LLC Pg 6 of 8

14. Any efforts to manage, develop, or monetize the ROW by Express H2O.

15. The management or development of the ROW by any third parties on behalf of Express H2O.

16. Any assets owned by Express H20 other than the ROW.

17. Any litigation to which Express H20 is a party to the extent such litigation concerns or relates to the ROW.

18. Express H2O's knowledge and awareness of case *KrisJenn Ranch, LLC, et al. v. DMA Properties, Inc., et al.*, 5:20-ap-5027, in the United States Bankruptcy Court for the Western District of Texas ("KrisJenn Adversary Case").

19. Express H2O's knowledge and awareness of bankruptcy proceeding *KrisJenn Ranch, LLC, et al.*, 5:20-bk-50805, in the United States Bankruptcy Court for the Western District of Texas ("KrisJenn Bankruptcy Case").

20. Express H2O's knowledge and awareness of the Fourth Amended Substantively Consolidated Plan of Reorganization confirmed by the Bankruptcy Court on February 28, 2022 in the KrisJenn Bankruptcy Case.

21. Express H2O's knowledge and awareness of the Final Judgment after Remand issued by the Bankruptcy Court on March 26, 2024 in the KrisJenn Adversary Case.

20-05027-rbk Doc#516-1 Filed 10/24/25 Entered 10/24/25 17:27:01 Exhibit P-1 Pg 10 of 11

20-05027-rbk Doc#431-1 Filed 05/28/25 Entered 05/28/25 16:56:03 Exhibit Subpoena to Express H2O Pipeline & ROW LLC Pg 7 of 8

# Exhibit B

20-05027-rbk Doc#516-1 Filed 10/24/25 Entered 10/24/25 17:27:01 Exhibit P-1 Pg 11 of 11

20-05027-rbk Doc#431-1 Filed 05/28/25 Entered 05/28/25 16:56:03 Exhibit Subpoena to Express H2O Pipeline & ROW LLC Pg 8 of 8

# EXHIBIT B

# REQUESTS FOR PRODUCTION

*The relevant time period for all topics is January 2023 through the present, unless otherwise specified.*

1. All documents and communications related to KrisJenn Ranch, LLC; KrisJenn Ranch, LLC -Series Uvalde Ranch; or KrisJenn Ranch, LLC-Series Pipeline ROW (together, "KrisJenn")'s conveyance of any interest in the right-of-way called the Express Pipeline, which runs from Angelina County through Nacogdoches and Rusk Counties and across Shelby County in East Texas (the "ROW") to Express H2O Pipeline & ROW, LLC ("Express H2O"), including but not limited to any agreements or documents effectuating such conveyance.

2. All documents showing any consideration paid by or conveyed from Express H20 to KrisJenn in connection with Express H20's acquisition of the ROW.

3. All documents showing any consideration paid by or conveyed from Express H20 to Larry Wright or any other party in connection with Express H20's acquisition of the ROW.

4. All documents related to Express H2O's acquisition of the ROW.

5. All documents related to Wright's involvement in Express H2O.

6. All documents showing or related to Wright's past and present ownership or interest, whether direct or indirect, in Express H2O.

7. Documents sufficient to show the identity of Express H2O's members and/or owners from its creation to the present.

8. Documents sufficient to show the identity of Express H2O's managers from its creation to the present.

9. Documents sufficient to show Express H20's ownership of any assets other than the ROW.

10. All documents related to Wright's involvement in Express H2O.