

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE No. 20-50805-rbk** |
| **KRISJENN RANCH, LLC** | § | |
| | § | **CHAPTER 11** |
| **DEBTOR.** | § | **(Jointly Administered)** |

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC, ET AL.** | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | **Adversary No. 20-05027-rbk** |
| **vs.** | § | |
| | § | |
| **DMA PROPERTIES, INC. ET AL.** | § | |
| | § | |
| **DEFENDANTS.** | § | |

**OBJECTIONS AND REQUEST FOR PROTECTIVE ORDER IN RESPONSE TO
SUBPOENA SERVED BY DMA PROPERTIES, INC.; FRANK DANIEL MOORE; AND
LONGBRANCH ENERGY, LP**

COMES NOW Express H2O Pipeline & Row, LLC ("Express H2O") and serves this *Objections and Request for Protective Order in Response to Subpoena Served by DMA Properties, Inc.; Frank Daniel Moore; and Longbranch Energy, LP* (the "Objections"), and in support thereof, would respectfully submit the following:

### I.     FACTUAL BACKGROUND

1.     On May 28, 2025, DMA Properties, Inc. and Frank Daniel Moore (collectively, "DMA") and Longbranch Energy, LP ("Longbranch") filed their Notice of Subpoena of Express H2O Pipeline & ROW, LLC (the "Subpoena"). By agreement of the parties, the deadline to assert objections under Federal Rule of Civil Procedure 45 was agreed to July 3, 2025.

2.      Although this Court has recently temporarily stayed post-judgment discovery, in an abundance of caution, Express H2O files the instant Objections to ensure there are no inadvertent waivers of rights.

3.      Further, Express H2O notes that, notwithstanding these Objections, it anticipates working with DMA and Longbranch counsel to mutually resolve any disputes and producing responsive material and sitting for a deposition.

## II.      GENERAL OBJECTIONS

4.      The following general objections apply to each Definition, Instruction, and individually numbered request (each a "Request") and shall have the same force and effect as if set forth fully in the response to each Request. All of the objections are subject to and without waiver of such further objections as may be made in any challenge to the issuance of the Subpoena or related proceedings. Express H2O will not at this time produce any documents in response to the Subpoena.

5.      Express H2O objects to the Subpoena to the extent that it purports to impose burdens and obligations on Express H2O that exceed, or are inconsistent with, those set forth in the applicable Rules. Express H2O will construe and respond to the Subpoena in accordance with its understanding of the applicable Rules.

6.      Express H2O further objects to the Subpoena to the extent that it seeks information or documents that are already in the possession, custody, or control of DMA and/or Longbranch, or that are unnecessarily cumulative or duplicative of documents and information sought by any other requests or are obtainable from any other source that is less burdensome or less expensive.

7.      Express H2O further objects to the Subpoena to the extent that it purports to require any search for documents and information beyond a reasonable search of documents in Express

H2O's personal possession, custody, or control, as such requirement would be unduly burdensome. To the extent that the Subpoena purports to require Express H2O to exceed such a search, it is objectionable as overbroad, unduly burdensome, and not proportional to the needs of the above-captioned action.

8.      Express H2O further objects to the Subpoena to the extent that it seeks documents and information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, immunity, protection, or rule, or by any law, regulation, protection, decree, or other order of any court or administrative authority. Any disclosure of documents or information protected from disclosure by any protection, privilege, immunity, law, doctrine, or rule is inadvertent and should not be construed to constitute a waiver.

9.      Express H2O further objects to the Subpoena to the extent that it seeks documents or information that is subject to any law, regulation, protection, decree, or other order of any authority of any domestic or foreign jurisdiction limiting or prohibiting disclosure in this or any other proceeding, on the ground that the Subpoena is unduly burdensome and beyond the scope of reasonable or permissible discovery under the Applicable Rules.

10.     Express H2O further objects to the Subpoena to the extent that it seeks documents or information that is subject to any protective orders, non-disclosure agreements, or other confidentiality undertakings or requirements.

11.     Express H2O further objects to the Subpoena to the extent that it seeks confidential, commercially-sensitive, personal, or proprietary documents and information in the absence of a confidentiality order ensuring the appropriate confidential treatment of such information.

12.    Express H2O further objects to the Subpoena to the extent that it seeks electronically-stored information ("ESI") from sources that are not reasonably accessible because of undue burden or cost.

13.    Express H2O further objects to the Subpoena to the extent that it seeks "all" documents in circumstances where a subset of responsive documents would be sufficient to show the pertinent information, on the grounds that such requests are overbroad, unduly burdensome, and not proportional to the needs to the above-captioned action.

14.    Express H2O further objects to the Subpoena to the extent that it assumes the existence of facts that do not exist or the occurrence of events which did not occur. Nothing herein is intended or should be interpreted as an admission that any asserted or implied factual predicates in the Subpoena are accurate.

15.    Express H2O further objects to the Subpoena to the extent that it seeks deposition testimony from Express H2O on the ground that the information sought by the Subpoena through third-party deposition testimony would be more appropriately obtained from other sources or through other discovery devices that are more convenient, less burdensome, and less expensive.

16.    Express H2O expressly reserves all further objections as to the relevance and admissibility of any documents and information provided in response to the Subpoena, as well as the right to object to further discovery relating to the subject matter of any information provided. To the extent that Express H2O responds to the Subpoena, Express H2O does not concede that the Subpoena seeks documents or information that are relevant to any party's claims or defenses in, or proportional to the needs of, the above-captioned action.

17.    Express H2O further objects to the Subpoena on the grounds that it is generally overbroad and unduly burdensome. Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(ii),

any order compelling compliance must protect a person who is neither a party nor a party's officer from significant expense arising from compliance. FED. R. CIV. P.  45(b)(2)(B)(ii).

18.     At this time, because the scope of required production is unclear, Express H2O is unable to provide the Court with an estimate of either the volume of responsive documents or the cost of such production, but anticipates being able to do so shortly after beginning to assemble responsive documents. Regardless, should production ultimately be required, Express H2O would request an Order from the Court compelling DMA and Longbranch to pay such amounts in advance of Express H2O's production.

### III.    SPECIFIC OBJECTIONS

#### REQUEST FOR PRODUCTION NO. 1:

All documents and communications related to KrisJenn Ranch, LLC; KrisJenn Ranch, LLC -Series Uvalde Ranch; or KrisJenn Ranch, LLC-Series Pipeline ROW (together, "KrisJenn")'s conveyance of any interest in the right-of-way called the Express Pipeline, which runs from Angelina County through Nacogdoches and Rusk Counties and across Shelby County in East Texas (the "ROW") to Express H2O Pipeline & ROW, LLC ("Express H2O"), including but not limited to any agreements or documents effectuating such conveyance.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

#### REQUEST FOR PRODUCTION NO. 2:

All documents showing any consideration paid by or conveyed from Express H20 to KrisJenn in connection with Express H20's acquisition of the ROW.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**REQUEST FOR PRODUCTION NO. 3:**

All documents showing any consideration paid by or conveyed from Express H20 to Larry Wright or any other party in connection with Express H20's acquisition of the ROW.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**REQUEST FOR PRODUCTION NO. 4:**

All documents related to Express H2O's acquisition of the ROW.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**REQUEST FOR PRODUCTION NO. 5:**

All documents related to Wright's involvement in Express H2O.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**REQUEST FOR PRODUCTION NO. 6:**

**P2-0006**

All documents showing or related to Wright's past and present ownership or interest, whether direct or indirect, in Express H2O.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request

on the grounds that the request seeks potentially privileged and confidential communications as

well as potential trade secrets and confidential business information.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show the identity of Express H2O's members and/or owners from its creation to the present.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request

on the grounds that the request seeks potentially privileged and confidential communications as

well as potential trade secrets and confidential business information.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the identity of Express H2O's managers from its creation to the present.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request

on the grounds that the request seeks potentially privileged and confidential communications as

well as potential trade secrets and confidential business information.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show Express H20's ownership of any assets other than the ROW.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**REQUEST FOR PRODUCTION NO. 10:**

All documents related to Wright's involvement in Express H2O.

**OBJECTIONS**:

In addition to the general objections set forth above, Express H2O objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

### IV.    REQUEST FOR PROTECTIVE ORDER

19.    Many of the documents sought seek material that may be confidential, privileged, or trade secrets. To the extent Express H2O is required to produce such documents, it requests this Court enter a standard protective order permitting Express H2O to designate documents as Confidential or for Attorney's Eyes Only in order to limit their dissemination after production. A proposed form of protective order is attached hereto.

### V.    CONCLUSION

WHEREFORE, Express H2O respectfully requests that the Court: 1) consider its Objections; 2) to the extent the Court requires Express H2O to respond to the subpoena, enter a form protective order along the lines attached hereto; and 3) grant such other and further relief as is just and proper.

Dated: July 3, 2025                          Respectfully submitted,

                                             HAYWARD PLLC

                                             By: */s/ Charlie Shelton*
                                             Charlie Shelton

Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

*Attorneys for Express H2O Pipeline & Row,*
*LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, a true and correct copy of the foregoing has been served electronically via the Court's CM/ECF system upon the parties receiving electronic notice. Additionally, on July 3, 2025, or within one business day thereof, the foregoing was served via U.S. First Class Mail to all parties listed below.

| | |
|---|---|
| COBB AND JOHNS<br>Attn: Christopher S. Johns<br>14101 Highway 290 West, Suite 400A<br>Austin, Texas 78737<br>Telephone: (512) 399-3150<br>Facsimile: (512 572-8005<br>cjohns@cobbjohns.com<br><br>**_Attorneys for Longbranch Energy DMA Properties, Inc., and Frank Daniel Moore_** | CLEVELAND KRIST PLLC<br>Attn: Timothy Cleveland & Austin Krist<br>303 Camp Croft Road, Suite 325<br>Austin, Texas 78746<br>Telephone: (512) 689-8698<br>tcleveland@clevelandkrist.com<br>akrist@clevelandkrist.com<br><br>**_Attorneys for Longbranch Energy DMA Properties, Inc., and Frank Daniel Moore_** |
| JF DUKE AND ASSOCIATES<br>Attn: Jeffery Duke<br>11818 Great Oaks Drive<br>College Station, Texas 77494<br>jeff@jfduke.com<br><br>**_Attorneys for Longbranch Energy, LP_** | LANGLEY & BANACK, INC.<br>Attn: Natalie Wilson<br>745 East Mulberry Avenue, Suite 700 San Antonio, TX 78212<br>Telephone: 210-736-6600<br>Facsimile: (210) 735-6889<br>nwilson@langleybanack.com<br><br>**_Attorneys for DMA Properties, Inc. and Frank Daniel Moore_** |
| BURNS & BLACK PLLC<br>Attn: Michael Black<br>750 Rittiman Road<br>San Antonio, Texas 78209<br>Telephone: 210-829-2022<br>Facsimile: 210-829-2021 fax<br>mblack@burnsandblack.com<br><br>**_Attorneys for Longbranch Energy, LP_** | CJ MULLER & ASSOCIATES, PLLC<br>Attn: C. John Muller<br>111 W. Sunset Rd.<br>San Antonio, Texas 78209<br>Telephone: (210) 664-5000<br>John.muller@cjma.law<br><br>**_Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row_** |
| OFFICE OF THE U.S. TRUSTEE<br>Attn: James Rose<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov<br><br>**_United States Trustee_** | THE SMEBERG LAW FIRM, PLLC<br>Attn: Ronald J. Smeberg<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com |

_/s/ Charlie Shelton_____
Charlie Shelton

---

Objections and Request for Protective Order                    Page **10** of **11**

**P2-0010**

**P2-0011**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE No. 20-50805-rbk** |
| **KRISJENN RANCH, LLC** | § | |
| | § | **CHAPTER 11** |
| **DEBTOR.** | § | **(Jointly Administered)** |

---

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC, ET AL.** | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | **Adversary No. 20-05027-rbk** |
| **vs.** | § | |
| | § | |
| **DMA PROPERTIES, INC. ET AL.** | § | |
| | § | |
| **DEFENDANTS.** | § | |

**<u>CONFIDENTIALITY AND PROTECTIVE ORDER</u>**

Before the court is the request of Express H2O Pipeline & ROW, LLC's ("Express H2O") for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

**1. Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential," "For Counsel Only," or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

**2. Qualified Persons**

"Qualified Persons" means:

a. For Counsel or Attorneys Only information:

    i. retained counsel for the parties in this case and their respective staff;

    ii. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this case (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

    iii. this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this case;

    iv. the United States Trustee and any representatives thereof.

b. For Confidential information:

    i. the persons identified in subparagraph 2(a);

    ii. the party, if a natural person;

    iii. if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

  iv. litigation vendors, court reporters and other litigation or bankruptcy support personnel;

  v. any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

 c. Such other person as this court may designate after notice and an opportunity to be heard.

### 3. Designation Criteria

 a. *Nonclassified Information.* Classified Information shall not include information that either:

  i. is in the public domain at the time of disclosure, as evidenced by a written document;

  ii. becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

  iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

  iv. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

 b. *Classified Information.* A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the

producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

       c.     *For Counsel or Attorneys Only*. The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

       d.     *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

    **4.**     **Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this case shall be used solely for the purpose of preparation, trial, and appeal of matters at issue in this case and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

    **5.**     **Marking of Documents**

Documents provided in this case may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential," "For Counsel Only," or "Attorneys Eyes Only." In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

**6.     Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this case, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

**7.     Disclosure to Qualified Persons**

a.     *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in

the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information.  Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b.      *Retention of Copies During this Case.*  Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this case, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this case.

c.      Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

**8.    Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

### 9. Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential," "For Counsel Only," or "Attorneys Eyes Only" by the producing party.

### 10. Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

### 11. Challenging the Designation

a.      *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this case disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the court orders otherwise.

Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b.      *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

## 12.     Manner of Use in Proceedings

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this case, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court. *See* Local Rule 9018.

## 13.     Filing Under Seal

Upon entry of an order granting a motion to seal documents, the clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this case that have been designated,

in whole or in part, as Classified Information by any party to this case consistent with the sealing requirements of the court. *See* Local Rule 9018.

### 14. Return of Documents

Not later than 120 days after conclusion of this case and any appeal(s) related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

### 15. Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this case, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this case, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 16. Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this case from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client,

the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 17. Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

### 18. Waiver

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this case.

### 19. Modification and Exceptions

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

### 20. No Intention to Modify Section 107 of the Bankruptcy Code

For the avoidance of doubt, nothing in this order is intended to limit or contradict the scope of disclosure required by 11 U.S.C. § 107, and the Court may at any point take such steps to ensure compliance with that section as it deems necessary, either upon its *sua sponte* consideration or upon the request of any entity.

### # # #

Prepared By:

By: */s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

*Attorneys for Express H2O Pipeline & Row, LLC*