

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 20-50805-rbk |
| KRISJENN RANCH, LLC, | § | |
| | § | Chapter 11 (Jointly Administered) |
| Debtor. | § | |

| | | |
|---|---|---|
| KRISJENN RANCH, LLC, et al., | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Adversary No. 20-05027-rbk |
| | § | |
| DMA PROPERTIES, INC., et al., | § | |
| | § | |
| Defendants. | § | |

---

**EXPRESS H2O PIPELINE & ROW, LLC'S MOTION TO QUASH
SUBPOENA DUCES TECUM AND OBJECTIONS TO SAME**
***(Relates to Docket No. 511)***

---

COMES NOW Express H2O Pipeline & ROW, LLC ( "Express"), and files this, its *Motion to Quash Subpoena Duces Tecum and Objections to Same* (the "Motion"). In support thereof, Express would respectfully submit the following:

### I.     RELEVANT PROCEDURAL BACKGROUND

1.     On May 1, 2020, Krisjenn Ranch, LLC; Krisjenn Ranch, LLC Series, Uvalde Ranch; and Krisjenn Ranch, LLC-Series Pipeline Row as successors in interest to Black Duck Properties, LLC (together, "KrisJenn") filed their *Original Adversary Complaint Requesting Declaratory Judgment*, thus commencing the instant suit [ECF No. 1].

2.     On March 24, 2021, this Court entered its Final Judgment [ECF No. 237].

3. On March 15, 2023, the United States District Court entered its Final Judgment, thus resolving the appeal that was taken, and remanding the matter back to this Court. *See* ECF No. 41 (W.D. Tex. 21-00358) and ECF No. 285 in the instant case.

4. On March 26, 2024, this Court entered its Final Judgment After Remand [ECF No. 329].

5. On April 5, 2024, KrisJenn filed a Notice of Appeal with respect to the Final Judgment After Remand [ECF No. 342].

6. On April 9, 2024, DMA Properties, Inc. ("DMA") and Frank Daniel Moore and Defendant Longbranch Energy, LP ("Longbranch") (together, the "Defendants") filed their Notice of Appeal with respect to the Final Judgment After Remand [ECF No. 344].

7. On May 14, 2024, this Court entered its *Order Granting DMA's and Longbranch's Motion for Attorney's Fees, In Part* (the "Attorney's Fees Order") which ordered that DMA, Moore, and Longbranch are awarded $750,000.00 in reasonable and necessary attorneys' fees against KrisJenn and Wright. [ECF No. 353].

8. On April 9, 2024, Defendants filed their Notice of Appeal of the Final Judgment and the Opinion after Remand. [ECF No. 344].

9. On August 11, 2025, the District Court affirmed this Court's Final Judgment After Remand. Final Judgment, Case No. 5:24-cv-00365 [ECF No. 21].

10. On October 9, 2025, the Defendants emailed their *Notice of Subpoena of Express H2O Pipeline & ROW, LLC* to, *inter alia*, undersigned counsel. In turn, the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* (the "Subpoena") was served on Express on October 10, 2025.

11.     The Subpoena, a copy of which is attached hereto as Exhibit A, seeks ten (10) groups of documents and seeks them by October 24, 2025.

## II.     MOTION TO QUASH

12.     Express respectfully requests entry of an order quashing the Subpoena.

13.     Upon a motion by a party, the Court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense, including an order that discovery sought not be had. FED. R. CIV. P. 26(c).

14.     Rule 45 of the Federal Rules of Civil Procedure sets forth several mandatory grounds under which a Court must quash a subpoena served upon a nonparty to a litigation. Specifically, Rule 45(d)(3)(A) provides in pertinent part that:

> [o]n timely motion, the court for the district where compliance is required *must* quash . . . a subpoena that:
> (i) fails to allow a reasonable time to comply;
> . . .
> (iii) subjects a person to undue burden.

FED. R. CIV. P. 45(d)(3)(A) (emphasis added).

15.     Furthermore, Rule 45(d)(3)(B) allows a Court to quash the subpoena if it requires disclosure of confidential information. FED. R. CIV. P. 45(c)(3)(B).

16.     Although only one of these grounds must be satisfied before a Court is required and/or permitted to quash a subpoena, the Subpoena at issue is objectionable on all of these bases, among others, and must therefore be quashed by the Court.

### A.  The Subpoena Fails to Provide a Reasonable Time for Compliance

17.     As the District Court for the Southern District of Texas noted "the Advisory Committee Notes from the 1970 Amendment clarify that the procedure governing a subpoena duces tecum is 'analogous to that provided in Rule 34.'" *Parra v. State Farm Lloyds,* Civil Action

No. 7:14-CV-691, 2015 U.S. Dist. LEXIS 185386, at *3-4 (S.D. Tex. Jan. 13, 2015). Rule 34(b)(2)(A) explicitly states that the party responding to a request for production "must respond in writing within 30 days after being served." FED. R. CIV. P. 30(b)(2)(A). Thus, the District Court for the Southern District found that "thirty days is a 'reasonable time' to respond to a subpoena duces tecum, and [the responding party] should have been given at least thirty days." *Parra,* 2015 U.S. Dist. LEXIS 185386, at *4.

18.     In the instant case, Express was served on October 10, 2025, with a requested production date of October 24, 2025, patently within the 30 days normally afforded as reasonable time under the rule.

19.     Accordingly, the Subpoena should be quashed.

**B.  The Subpoena Subjects Express, a Non-Party, to an Undue Burden**

20.     A Court has broad discretion in determining whether a subpoena is unduly burdensome. *See* FED. R. CIV. P. 45(d)(1), (d)(3)(A)(iv); *Linder v. Nat'l Sec. Agency,* 94 F.3d 693, 695 (D. C. Cir. 1996); *In re Subpoena Duces Tecum to AOL, L.L.C.,* 550 F. Supp 2d 606, 612-613 (E. D. Va. 2008).

21.     In the instant case, Express asserts that the Subpoena imposes an undue burden on it for several reasons.

22.     First, the *Final Judgment* rendered by the United States District Court for the Western District of Texas (ECF No. 486 in this case) affirmed the *Bankruptcy Court's Final Judgment After Remand* (Docket No. 329] and, although that judgment places a "constructive trust on the ROW in the hands of Express H2O, LLC . . .," it does not impose a direct claim against Express.[1] Further, Larry Wright is not an owner of Express. Therefore, the subpoena served against

---

[1] Express H2O notes also that it is not a party to the instant suit and, to the extent the constructive trust purports to impact Express H2O's rights, it would do so in violation of Express H2O's due process rights.

Express appears to be solely to investigate potential claims rather than for real enforcement of a judgment and therefore subjects Express to an undue burden.

23.    Second, the subpoena subjects Express to an undue burden because Express is merely a third-party. Therefore, discovery should go, in the first instance, against parties that owe funds to the Defendants.

24.    Third, Express has not yet completed a page count of responsive documents but seeks to quash to the subpoena should such requested documents prove to be voluminous or, alternatively, seeks to have the subpoena quashed unless and until the Defendants tender payment to Express for the reasonable cost of production.

**C.  The Subpoena is Unnecessarily Duplicative**

25.    Express further notes that the Defendants have served Larry Wright personally with a deposition notice for November 5, 2025 and Larry Wright has agreed: a) to sit for that deposition; and b) to provide by October 31, 2025 documents requested in conjunction with that notice of deposition.

26.    Accordingly, a separate document request to Express appears to be unnecessarily duplicative. Express again asserts that reasonable discovery should be obtained from actual party opponents prior to burdening non-parties.

### III.    MOTION FOR PROTECTIVE ORDER

27.    Many of the documents sought seek material that may be confidential, privileged, or trade secrets. To the extent Express is required to produce such documents, it requests this Court enter a standard protective order permitting Express to designate documents as Confidential or for Attorney's Eyes Only in order to limit their dissemination after production. Express notes that a protective order is already on file in the instant adversary proceeding (Docket No. 483). If

Defendants will agree that any production from Express can be made pursuant to that protective order, Express will withdraw that particular request as well as those portions of its objections.

## IV. RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR PRODUCTION

### A. General Objections

28.     The following general objections apply to each Definition, Instruction, and individually numbered request (each a "Request") and shall have the same force and effect as if set forth fully in the response to each Request. All of the objections are subject to and without waiver of such further objections as may be made in any challenge to the issuance of the Subpoena or related proceedings. Express will not at this time produce any documents in response to the Subpoena.

29.     Express objects to the Subpoena to the extent that it purports to impose burdens and obligations on Express that exceed, or are inconsistent with, those set forth in the applicable Rules. Express will construe and respond to the Subpoena in accordance with its understanding of the applicable Rules.

30.     Express further objects to the Subpoena to the extent that it seeks information or documents that are already in the possession, custody, or control of DMA and/or Longbranch, or that are unnecessarily cumulative or duplicative of documents and information sought by any other requests or are obtainable from any other source that is less burdensome or less expensive.

31.     Express further objects to the Subpoena to the extent that it purports to require any search for documents and information beyond a reasonable search of documents in Express's personal possession, custody, or control, as such requirement would be unduly burdensome.

32.     To the extent that the Subpoena purports to require Express to exceed such a search, it is objectionable as overbroad, unduly burdensome, and not proportional to the needs of the above-captioned action.

33.     Express further objects to the Subpoena to the extent that it seeks documents and information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, immunity, protection, or rule, or by any law, regulation, protection, decree, or other order of any court or administrative authority. Any disclosure of documents or information protected from disclosure by any protection, privilege, immunity, law, doctrine, or rule is inadvertent and should not be construed to constitute a waiver.

34.     Express further objects to the Subpoena to the extent that it seeks documents or information that is subject to any law, regulation, protection, decree, or other order of any authority of any domestic or foreign jurisdiction limiting or prohibiting disclosure in this or any other proceeding, on the ground that the Subpoena is unduly burdensome and beyond the scope of reasonable or permissible discovery under the Applicable Rules.

35.     Express further objects to the Subpoena to the extent that it seeks documents or information that is subject to any protective orders, non-disclosure agreements, or other confidentiality undertakings or requirements.

36.     Express further objects to the Subpoena to the extent that it seeks confidential, commercially-sensitive, personal, or proprietary documents and information in the absence of a confidentiality order ensuring the appropriate confidential treatment of such information.

37.     Express further objects to the Subpoena to the extent that it seeks electronically-stored information ("ESI") from sources that are not reasonably accessible because of undue burden or cost.

38. Express further objects to the Subpoena to the extent that it seeks "all" documents in circumstances where a subset of responsive documents would be sufficient to show the pertinent information, on the grounds that such requests are overbroad, unduly burdensome, and not proportional to the needs to the above-captioned action.

39. Express further objects to the Subpoena to the extent that it assumes the existence of facts that do not exist or the occurrence of events which did not occur. Nothing herein is intended or should be interpreted as an admission that any asserted or implied factual predicates in the Subpoena are accurate.

40. Express further objects to the Subpoena to the extent that it seeks deposition testimony from Express on the ground that the information sought by the Subpoena through third-party deposition testimony would be more appropriately obtained from other sources or through other discovery devices that are more convenient, less burdensome, and less expensive.

41. Express expressly reserves all further objections as to the relevance and admissibility of any documents and information provided in response to the Subpoena, as well as the right to object to further discovery relating to the subject matter of any information provided.

42. To the extent that Express responds to the Subpoena, Express does not concede that the Subpoena seeks documents or information that are relevant to any party's claims or defenses in, or proportional to the needs of, the above-captioned action.

43. Express further objects to the Subpoena on the grounds that it is generally overbroad and unduly burdensome. Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(ii), any order compelling compliance must protect a person who is neither a party nor a party's officer from significant expense arising from compliance. FED. R. CIV. P. 45(b)(2)(B)(ii).

44.     At this time, because the scope of required production is unclear, Express is unable to provide the Court with an estimate of either the volume of responsive documents or the cost of such production, but anticipates being able to do so shortly after beginning to assemble responsive documents. Regardless, should production ultimately be required, Express would request an Order from the Court compelling DMA and Longbranch to pay such amounts in advance of Express's production.

### B. Specific Objections

**Request for Production No. 1:** All documents and communications related to KrisJenn Ranch, LLC; KrisJenn Ranch, LLC-Series Uvalde Ranch; or KrisJenn Ranch, LLC-Series Pipeline ROW (together, "<u>KrisJenn</u>")'s conveyance of any interest in the right-of-way called the Express Pipeline, which runs from Angelina County through Nacogdoches and Rusk Counties and across Shelby County in East Texas (the "<u>ROW</u>") to Express H2O Pipeline & ROW, LLC ("<u>Express H2O</u>"), including but not limited to any agreements or documents effectuating such conveyance.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 2:** All documents showing any consideration paid by or conveyed from Express H20 to KrisJenn in connection with Express H20's acquisition of the ROW.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 3:** All documents showing any consideration paid by or conveyed from Express H20 to Larry Wright or any other party in connection with Express H20's acquisition of the ROW.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 4:** All documents related to Express H2O's acquisition of the ROW.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 5:** All documents related to Wright's involvement in Express H2O.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 6:** All documents showing or related to Wright's past and present ownership or interest, whether direct or indirect, in Express H2O.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 7:** Documents sufficient to show the identity of Express H2O's members and/or owners from its creation to the present.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 8:** Documents sufficient to show the identity of Express H2O's managers from its creation to the present.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 9:** Documents sufficient to show Express H20's ownership of any assets other than the ROW.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

**Request for Production No. 10:** All documents related to Wright's involvement in Express H2O.

**Objection:** In addition to the general objections set forth above, Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

## CONCLUSION AND PRAYER

45.     It is axiomatic that an unserved subpoena is ineffective. Smith should not be allowed to perform an end-run around this procedural defect by requiring Express to perform in Roberts' stead. Rather, Express asserts the Subpoena should be quashed unless and until Roberts is properly served.

WHEREFORE, the foregoing premises considered, Express respectfully requests entry of an order 1) quashing the Subpoena; or 2) conditioning Express's production on proper service as to Roberts; or 3) providing that should proper service as to Roberts prove impossible and/or impracticable, Smith may move the Court for alternative service; and 4) granting such other and further relief as is just and proper.

Dated: October 23, 2025                          Respectfully submitted,

**HAYWARD PLLC**

By: /s/*Charlie Shelton*
Charlie Shelton
Texas State Bar No: 24079317
Bach W. Norwood
Texas State Bar No: 24134529
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com
bnorwood@haywardfirm.com

***Attorneys for Express H2O Pipeline & Row, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically via the court's CM/ECF system on October 23, 2025 thus effecting service on any parties requesting service thereby. The foregoing was also served via United States First Class Mail on October 23, 2025 on all persons listed below.

| | |
|---|---|
| Cobb & Johns PLLC<br>Attn: Christopher S. Johns, Michael C. Cotton<br>13341 West U.S. Highway 290, Building 2<br>Austin, TX 78737<br>Telephone: (512) 399-3150<br>Facsimile: (512) 572-8005<br>chris@cobbjohns.com<br>michael@cobbjohns.com | Cleveland Krist PLLC<br>Attn: Timothy Cleveland & Austin H. Krist<br>303 Camp Croft Road, Suite 325<br>Austin, Texas 78746<br>Telephone: (512) 689-8698<br>tcleveland@clevelandkrist.com<br>akrist@clevelandkrist.com |
| Akerman LLP<br>Attn: Randall Adam Swick<br>500 W. 5th Street, Suite 1210<br>Austin TX 78701<br>Adam.swick@akerman.com | Langley & Banack<br>Attn: Natalie Wilson<br>745 East Mulberry Avenue, Suite 700<br>San Antonio, TX 78212<br>nwilson@langleybanack.com |
| JF DUKE AND ASSOCIATES<br>Attn: Jeffery Duke<br>11819 Great Oaks Drive<br>College Station, Texas 77494<br>jeff@jfduke.com<br><br>***Attorneys for Longbranch Energy, LP*** | BURNS & BLACK PLLC<br>Attn: Michael Black<br>750 Rittiman Road<br>San Antonio, Texas 78209<br>mblack@burnsandblack.com<br><br>***Attorneys for Longbranch Energy, LP*** |
| THE SMEBERG LAW FIRM, PLLC<br>Attn: Ronald J. Smeberg<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>***Counsel for Black Duck Properties, LLC*** | KrisJenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, Krisjenn Ranch, LLC, Series Pipeline Row<br>410 Spyglass Road<br>McQueeney, TX 78123 |
| Larry Wright<br>410 Spyglass Road<br>McQueeney, TX 78123 | |

/s/ *Charlie Shelton*
Charlie Shelton



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re:* | § | |
| | § | CHAPTER 11 |
| KrisJenn Ranch, LLC, et al., | § | |
| | § | |
| *Debtor.* | § | CASE NO. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | ADVERSARY NO. 20-05027 |
| DMA Properties, Inc., et al., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## NOTICE OF SUBPOENA OF
## EXPRESS H2O PIPELINE & ROW, LLC

Please take notice that pursuant to Rules 30, 32, 45, and 69 of the Federal Rules of Civil Procedure, Defendants DMA Properties, Inc. and Frank Daniel Moore (collectively, "DMA"), and Longbranch Energy, LP ("Longbranch") intend to serve the attached subpoena on Express H2O Pipeline & ROW, LLC.

1

Respectfully submitted,

/s/ Christopher S. Johns
Christopher S. Johns
State Bar No. 24044849
Michael Cotton
State Bar No. 24116229
COBB & JOHNS PLLC
13341 West U.S. Highway 290
Building 2
Austin, TX 78737
512-399-3150
chris@cobbjohns.com
michael@cobbjohns.com

/s/ Timothy Cleveland
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND KRIST PLLC
303 Camp Craft Road, Suite 325
Austin, Texas 78746
512-689-8698
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com

*Attorneys for Longbranch Energy, DMA
Properties, and Frank Daniel Moore*

Natalie F. Wilson
State Bar No. 24076779
LANGLEY & BANACK
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

*Attorneys for DMA Properties and Frank
Daniel Moore*

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, TX 78209
mblack@burnsandblack.com

Jeffery Duke
JF DUKE AND ASSOCIATES
11819 Great Oaks Drive
College Station, TX 77494
jeff@jfduke.com

*Attorneys for Longbranch Energy*

2

**P4-0015**

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below.

| | |
|---|---|
| Charlie Shelton<br>HAYWARD PLLC<br>7600 Burnet Road, Suite 530<br>Austin, TX 78757<br>cshelton@haywardfirm.com<br><br>*Counsel for KrisJenn Ranch, LLC;*<br>*KrisJenn Ranch, LLC-Series Uvalde*<br>*Ranch; KrisJenn Ranch, LLC-Series*<br>*Pipeline ROW; and Larry Wright* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>JF DUKE AND ASSOCIATES<br>11819 Great Oaks Drive<br>College Station, TX 77494<br>jeff@jfduke.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* |
| Holli Pryor-Baze<br>SKELTON SLUSHER BARNHILL WATKINS<br>WELLS, PLLC<br>1616 S. Chestnut St.<br>Lufkin, Texas 75901<br>hbaze@ssbww.law<br><br>*Counsel for Larry Wright* | Holli Pryor-Baze<br>SKELTON SLUSHER BARNHILL WATKINS<br>WELLS, PLLC<br>1616 S. Chestnut St.<br>Lufkin, Texas 75901<br>hbaze@ssbww.law<br><br>*Counsel for Larry Wright* |

*/s/ Christopher S. Johns*
Christopher S. Johns

**P4-0016**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Western_____ District of ____Texas_____

In re _KrisJenn Ranch, LLC, et al._____
        Debtor

*(Complete if issued in an adversary proceeding)*

KrisJenn Ranch, LLC, et al._____
        Plaintiff
     v.
DMA Properties Inc., et al. _____
        Defendant

Case No. __20-50805_____

Chapter __11_____

Adv. Proc. No. __20-05027____

**DELIVERED**
_____/_____/_____
BY:_____PSC:_____
ATX Process, LLC

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Express H2O Pipeline & ROW, LLC ("Express H2O")**
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| PLACE  Cleveland Krist PLLC, 303 Camp Craft Rd, Suite 325, West Lake Hills, TX 78746; akrist@clevelandkrist.com | DATE AND TIME October 24, 2025 at 9:00 a.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _10/9/2025_____
        CLERK OF COURT

                          OR     *Christopher S Johns*
_____          _____
   *Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**P4-0017**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

**P4-0018**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

## EXHIBIT A

## REQUESTS FOR PRODUCTION

*The relevant time period for all topics is January 2023 through the present, unless otherwise specified.*

1. All documents and communications related to KrisJenn Ranch, LLC; KrisJenn Ranch, LLC -Series Uvalde Ranch; or KrisJenn Ranch, LLC-Series Pipeline ROW (together, "KrisJenn")'s conveyance of any interest in the right-of-way called the Express Pipeline, which runs from Angelina County through Nacogdoches and Rusk Counties and across Shelby County in East Texas (the "ROW") to Express H2O Pipeline & ROW, LLC ("Express H2O"), including but not limited to any agreements or documents effectuating such conveyance.

2. All documents showing any consideration paid by or conveyed from Express H20 to KrisJenn in connection with Express H20's acquisition of the ROW.

3. All documents showing any consideration paid by or conveyed from Express H20 to Larry Wright or any other party in connection with Express H20's acquisition of the ROW.

4. All documents related to Express H2O's acquisition of the ROW.

5. All documents related to Wright's involvement in Express H2O.

6. All documents showing or related to Wright's past and present ownership or interest, whether direct or indirect, in Express H2O.

7. Documents sufficient to show the identity of Express H2O's members and/or owners from its creation to the present.

8. Documents sufficient to show the identity of Express H2O's managers from its creation to the present.

9. Documents sufficient to show Express H20's ownership of any assets other than the ROW.

10. All documents related to Wright's involvement in Express H2O.

**P4-0020**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 20-50805-rbk |
| KRISJENN RANCH, LLC, | § | |
| | § | Chapter 11 (Jointly Administered) |
| Debtor. | § | |

| | | |
|---|---|---|
| KRISJENN RANCH, LLC, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 20-05027-rbk |
| | § | |
| DMA PROPERTIES, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**EXPRESS H2O PIPELINE & ROW, LLC'S MOTION TO QUASH SUBPOENA DUCES TECUM AND OBJECTIONS TO SAME**

CAME ON FOR CONSIDERATION the *Motion to Quash Subpoena Duces Tecum and Objections to Same* (the "<u>Motion</u>") filed by Express H2O Pipeline & ROW, LLC (the "<u>Movant</u>")

ORDER GRANTING MOTION TO QUASH SUBPOENA *DUCES TECUM*                    Page **1** of **2**

**P4-0021**

in the above-captioned adversary proceeding. The Court, having reviewed the Motion, along with the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* (the "Subpoena") [ECF No. 511] served and the above-captioned Defendants, finding that the legal and factual bases set forth in the Motion establish sufficient cause for the relief granted herein; and adequate notice of the Motion having been given; it is hereby **ORDERED** that:

1.   The Motion is **GRANTED**.

2.   The Subpoena is hereby quashed.

3.   The Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Order.

### # # # END OF ORDER # # #

*Order Prepared By:*

HAYWARD PLLC

By: /s/*Charlie Shelton*
Charlie Shelton
Texas State Bar No: 24079317
Bach W. Norwood
Texas State Bar No: 24134529
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com
bnorwood@haywardfirm.com

*Attorneys for Express H2O
Pipeline & Row, LLC*