**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE No. 20-50805-rbk |
| KRISJENN RANCH, LLC | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | (Jointly Administered) |

_____

| | | |
|---|---|---|
| KRISJENN RANCH, LLC, ET AL. | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | Adversary No. 20-05027-rbk |
| vs. | § | |
| | § | |
| DMA PROPERTIES, INC. ET AL. | § | |
| | § | |
| DEFENDANTS. | § | |

---

**LARRY WRIGHT'S MOTION TO QUASH SUBPOENA TO APPEAR AT OCTOBER 29, 2025 HEARING**

---

COMES NOW Larry Wright ("Wright"), and files this *Motion to Quash Subpoena to Appear at the October 29, 2025 Hearing* (the "Motion"). In support thereof, Wright would respectfully submit the following:

### I. RELEVANT PROCEDURAL BACKGROUND

1. On May 1, 2020, KrisJenn Ranch, LLC and related entities filed their Original Adversary Complaint, commencing this adversary proceeding (Dkt. 1).

2. Following multiple judgments, remands, and appeals, this Court entered its Judgment After Remand on March 26, 2024 (Dkt. 329).

3. On May 14, 2024, the Court entered its Attorney's Fees Order awarding $750,000 in attorneys' fees to DMA, Moore, and Longbranch against KrisJenn and Wright (Dkt. 353).

4. On April 9, 2024, Defendants filed their Notice of Appeal of the Final Judgment and the Opinion after Remand (Dkt 344).

5. On August 11, 2025, the District Court affirmed this Court's Final Judgment After Remand. Final Judgment, Case No. 5:24-cv-00365 (Dkt 21).

6. On October 20, 2025, Defendants served Wright with a subpoena commanding him to appear via Zoom at a hearing on October 29, 2025, concerning *DMA's Motion to Enforce Judgment and for Sanctions and Seeking Leave to File Fraudulent Transfer Claims* (Dkt. 498).

7. Wright has already provided a verified list of assets and has agreed to appear for a deposition on November 3, 2025, in aid of execution on the Judgment.

## II. MOTION TO QUASH

### A. The Subpoena Should Be Quashed Under Rule 45(d)(3) and Rule 26(c)

8. Federal Rule of Civil Procedure 45(d)(3) mandates that a court must quash or modify a subpoena that: (1) fails to allow a reasonable time to comply; (2) requires disclosure of privileged or protected matter; or (3) subjects a person to undue burden. Similarly, Rule 26(c) authorizes protective orders to prevent annoyance, embarrassment, oppression, or undue burden or expense.

9. The subpoena at issue satisfies each of these grounds.

### B. The Subpoena Is Unduly Burdensome and Harassing

10. The Subpoena requires Wright's attendance at a non-evidentiary hearing where no factual testimony is necessary or authorized. No procedural rule authorizes or contemplates witness testimony at a hearing on a post-judgment motion to enforce or for sanctions. The hearing concerns Defendants' legal motion, not a trial or evidentiary proceeding. Compelling Wright to appear in person—or via Zoom—serves no legitimate purpose and only increases litigation costs

and inconvenience. The Defendants' attempt to compel such testimony is procedurally improper and inconsistent with the Federal Rules and this Court's local practice..

11. Moreover, Wright has already provided the Defendants with the information they seek through proper discovery mechanisms, including verified asset disclosures and a deposition scheduled days later. Duplicating these efforts through compelled testimony at a hearing is cumulative, unnecessary, and harassing.

12. Furter, the Subpoena seeks testimony about the transfer of the ROW from KrisJenn to Express, but Defendants have been aware of this transfer for over two years. The transfer of the ROW from KrisJenn to Express H2O occurred in February 2023, and they have challenged the transfer repeatedly during these proceedings, including in filings before this Court and the District Court. Having sat on that knowledge, Defendants cannot now claim urgency warranting Wright's testimony. Their delay underscores that the present subpoena is not a good-faith effort to develop new facts but a harassing attempt to revisit issues already litigated and affirmed on appeal.

### C. The Subpoena Fails to Provide Reasonable Time for Compliance

13. Service of the subpoena on October 20 for an October 29 hearing provides only nine days' notice, which is inadequate under Rule 45(d)(3)(A)(i) and contrary to standard practice allowing at least 14 days' notice for compliance.

### D. The Subpoena Seeks Testimony Related to a Futile TUFTA Claim

14. The Subpoena further should be quashed because it seeks testimony related to Defendants' proposed Texas Uniform Fraudulent Transfer Act ("TUFTA") claims—claims that are legally futile, procedurally improper, and outside this Court's jurisdiction, as fully addressed in Wright's *Objection to DMA's Motion to Enforce Judgment and for Sanctions and Seeking Leave to File Fraudulent Transfer Claims* (Dkt. 513).

15. Notably, Defendants did not provide a copy of any proposed TUFTA pleading until Friday, October 21, depriving Wright of the ability to timely and properly assess what claims they intend to bring, against whom, or under what factual basis. Their failure renders any discovery—including compelled testimony—premature and improper.

16. Moreover, the proposed TUFTA claims are futile as a matter of law:

a. *Lack of Jurisdiction and Standing:* The underlying bankruptcy case has been fully administered and closed, and the property in question has revested in the Debtor under the confirmed plan. Consequently, there is no bankruptcy estate to which any alleged fraudulent transfer could relate. See 11 U.S.C. § 1141(b)–(c). TUFTA claims therefore cannot "arise under" or "arise in" the bankruptcy case and fall outside this Court's limited jurisdiction.

b. *No Transfer That Could Be Fraudulent:* The Final Judgment—affirmed by the District Court—expressly recognized that the right-of-way ("ROW") remained properly in the hands of Express H2O, LLC, subject to Defendants' 20% net-profits interest. The alleged transfer therefore did not diminish Defendants' interest, which "runs with the land" and is already protected by the Court's ruling. Because their interest remains attached, Defendants cannot show any injury or "transfer" under TUFTA.

c. *Defendants' Claims Are Barred by Res Judicata and Mootness:* The District Court has already adjudicated and affirmed this Court's equitable remedy concerning the ROW. Permitting TUFTA claims now would constitute an impermissible collateral attack on the Final Judgment and the confirmed plan. The relief Defendants seek—disgorgement or turnover of the ROW—is precisely the relief denied on appeal.

      d. *No Legal Basis to Prosecute TUFTA Claims in This Court:* The Defendants cite no authority permitting them to assert TUFTA actions through motion practice in a closed bankruptcy proceeding. Fraudulent-transfer actions under TUFTA must be brought, if at all, in a new civil action filed in a court of competent jurisdiction—not through post-judgment discovery or enforcement proceedings in this case.

17. Because the proposed TUFTA claims are futile, and because Wright has already produced or will produce relevant financial information through deposition and verified asset lists, compelling additional testimony in aid of a legally baseless claim would impose an undue burden and constitute harassment.

### III. PRAYER

WHEREFORE, the foregoing premises considered, Larry Wright respectfully requests that this Court grant this Motion, quash the Subpoena issued on October 20, 2025, and grant such other and further relief to which Wright may be justly entitled.

Dated: October 27, 2025　　　　　　　　　　Respectfully submitted,

          **HAYWARD PLLC**

          By: /s/*Charlie Shelton*
          Charlie Shelton
          Texas State Bar No: 24079317
          Bach W. Norwood
          Texas State Bar No: 24134529
          7600 Burnet Road, Suite 530
          Austin, TX 78757
          (737) 881-7100 (Phone/Fax)
          cshelton@haywardfirm.com
          bnorwood@haywardfirm.com

          ***Attorneys for Larry Wright***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically via the court's CM/ECF system on October 27, 2025 thus effecting service on any parties requesting service thereby. The foregoing was also served via United States First Class Mail on October 27, 2025 on all persons listed below.

| | |
|---|---|
| Cobb & Johns PLLC<br>Attn: Christopher S. Johns, Michael C. Cotton<br>13341 West U.S. Highway 290, Building 2<br>Austin, TX 78737<br>Telephone: (512) 399-3150<br>Facsimile: (512 572-8005<br>chris@cobbjohns.com<br>michael@cobbjohns.com | Cleveland Krist PLLC<br>Attn: Timothy Cleveland & Austin H. Krist<br>303 Camp Croft Road, Suite 325<br>Austin, Texas 78746<br>Telephone: (512) 689-8698<br>tcleveland@clevelandkrist.com<br>akrist@clevelandkrist.com |
| Akerman LLP<br>Attn: Randall Adam Swick<br>500 W. 5th Street, Suite 1210<br>Austin TX 78701<br>Adam.swick@akerman.com | Langley & Banack<br>Attn: Natalie Wilson<br>745 East Mulberry Avenue, Suite 700<br>San Antonio, TX 78212<br>nwilson@langleybanack.com |
| JF DUKE AND ASSOCIATES<br>Attn: Jeffery Duke<br>11819 Great Oaks Drive<br>College Station, Texas 77494<br>jeff@jfduke.com<br><br>***Attorneys for Longbranch Energy, LP*** | BURNS & BLACK PLLC<br>Attn: Michael Black<br>750 Rittiman Road<br>San Antonio, Texas 78209<br>mblack@burnsandblack.com<br><br>***Attorneys for Longbranch Energy, LP*** |
| THE SMEBERG LAW FIRM, PLLC<br>Attn: Ronald J. Smeberg<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>***Counsel for Black Duck Properties, LLC*** | KrisJenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, Krisjenn Ranch, LLC, Series Pipeline Row<br>410 Spyglass Road<br>McQueeney, TX 78123 |
| Larry Wright<br>410 Spyglass Road<br>McQueeney, TX 78123 | United States Trustee<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 |

/s/ *Charlie Shelton*
Charlie Shelton