IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § § | Chapter 11 |
| KrisJenn Ranch, LLC, | § § | |
| *Debtor* | § § | Case No. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, et al., | § § | |
| *Plaintiffs,* | § | |
| v. | § § | Adversary No. 20-05027 |
| DMA Properties, Inc.; and Longbranch Energy, LP, et al., | § § § | |
| *Defendants.* | § § | |

**DMA'S REPLY IN SUPPORT OF MOTION TO ENFORCE JUDGMENT AND FOR SANCTIONS AND SEEKING LEAVE TO FILE FRAUDULENT TRANSFER CLAIMS**

This Court held that DMA and Longbranch[1] collectively own 40% net-profits interests in the ROW. Separately, this Court imposed a constructive trust on the ROW. DMA now seeks to enforce this Court's order. Although the judgment is straightforward, Wright mounts a series of misguided arguments—15 pages of objections with two case citations—to hide the ROW from this Court and his creditors. This Court's power to enforce the constructive trust is unassailable. But if any doubt remains, the Court should grant DMA leave to file a Texas Uniform Fraudulent Transfer Act ("TUFTA") action against Wright and his entities. And in either case, sanctions are appropriate for Wright's repeated abuses of the bankruptcy system.

---

[1] DMA, Longbranch, and Moore (collectively, "DMA") expressly incorporate all defined terms, arguments, and authorities identified in its Motion to Enforce Judgment and for Sanctions and Seeking Leave to File Fraudulent Transfer Claims (the "Motion").

**ARGUMENT**

I.   **Wright, his entities, and the ROW remain subject to this Court's jurisdiction.**

This Court has jurisdiction to enforce its orders, including those that Wright knowingly violated. Wright's flawed procedural arguments do nothing to strip this Court of that inherent authority. To evade enforcement, Wright argues that this Court cannot reach Express H2O's property through the Motion.[2] *See* Objections [#513] at 5–6. This argument deserves no attention because it is offered without any legal authority and fails as a matter of law.

Express H2O's sole property—the ROW—has been subject to this Court's jurisdiction since the beginning of these proceedings, as it was an estate asset of KrisJenn. Wright's transfer of that asset to Express H2O, in direct violation of this Court's orders (*see* Plan [#211] at 7), did not remove the asset from the Court's jurisdiction; it simply entangled Express H2O in these proceedings. This Court had the power to restrict the transfer of estate assets in the Chapter 11 Plan. 28 U.S.C. § 1334; 11 U.S.C. § 1142(b). And when Wright chose to violate those restrictions—transferring a hotly contested estate asset in the middle of the bankruptcy proceedings—the Court had the broad remedial power to impose a constructive trust on that asset. *See, e.g.*, 11 U.S.C. § 105(a) (granting bankruptcy courts broad authority to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules or to prevent an abuse of process"); *Solon Automated Servs., Inc. v. Georgetown of Kettering, Ltd.*, 22 B.R. 312, 318 (Bankr. S.D. Ohio 1982) ("This Court has postconfirmation jurisdiction over any 'necessary

---

[2] Wright also argues (mischaracterizing Local Rule 9013-1) that DMA's motion is improper as a multifarious pleading. *See* Objections [#513] at 5. DMA notes that the Motion concerns one subject matter—Wright's improper transfer of the ROW—and that its request to file the TUFTA action was framed as a request "in the alternative." *See* Motion [#498] at 9–10. If, however, this Court wishes DMA to file separate motions for each requested form of relief, DMA is more than willing to do so.

2

party . . . to perform any . . . act . . . that is necessary for the consummation of the plan.'") (citing 11 U.S.C. § 1142(b)). The Court now retains the power to enforce its orders.

## II. The Court has full power to enforce its judgment imposing a constructive trust.

### A. Enforcing the constructive trust would not modify the final judgment.

DMA asks this Court to enforce its judgment—not modify it. This Court imposed a constructive trust "on the ROW in the hands of Express H2O, unless Larry Wright and Express H2O transfer ownership of the ROW back to KrisJenn." [#330] at 5. Wright refused to transfer ownership back to KrisJenn—so now the Court should enforce that constructive trust.

Under Texas law, a constructive trust means one thing: "a relationship with respect to property, subjecting the person by whom the *title to the property* is held to an equitable duty *to convey it* to another." *See Talley v. Howsley*, 176 S.W.2d 158, 160 (Tex. 1943) (emphasis added).[3] By its very nature, the imposition of a constructive trust on the ROW that was "in the hands of Express H2O" imposed "an equitable duty" on the owner of "the title to the property" (Express H2O) to "convey it" (the ROW) "to another." Wright was given the opportunity to transfer title to KrisJenn. He elected not to. The Court has full power to enforce the constructive trust and transfer title to DMA.

Wright continues to ignore the mountain of caselaw supporting this Court's authority. And he has not offered *a single case* where a court has done anything other than order a constructive trustee "to surrender the constructive trust property to the claimant, on such conditions as the

---

[3] *See also In re Estate of Preston*, 346 S.W.3d 137, 165 (Tex. App.—Fort Worth 2011, no pet.) (same); *Hsin-Chi-Su v. Vantage Drilling Co.*, 474 S.W.3d 284, 299 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (same); *Baker Botts, L.L.P. v. Cailloux*, 224 S.W.3d 723, 736 (Tex. App.—San Antonio 2007, pet. denied) (same); *Leach v. Conner*, No. 13-01-468-CV, 2003 WL 22860911, at *8 (Tex. App.—Corpus Christi–Edinburg Dec. 4, 2003, no pet.) (same); *In re Estate of Wallis*, 2010 WL 1987514, at *4 (Tex. App.—Tyler May 19, 2010, no pet.) (same).

court may direct." *See* RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 55 (2011). Wright's continued silence speaks volumes. This Court ordered a constructive trust, which places an "obligation" on the constructive trustee "to turn the property over to the constructive beneficiary." BLACK'S LAW DICTIONARY (10th ed. 2014). Ordering the "constructive trustee" to turn over the ROW to its beneficiaries (DMA) is simply enforcement, not modification, of the Court's final judgment. *See id.*

### B. There is nothing inequitable about enforcing this Court's judgment.

Wright's equity argument is built on an entirely false premise. Wright claims that DMA asks this Court to ignore his right to recover the $4.7 million he invested. But DMA has consistently recognized Wright's right to recover his investment, including in this Motion. *See* [#498] at 6 ("DMA thus respectfully requests that the Court order Wright to convey title of the ROW to DMA, *subject to the first-monies obligation for Wright to recover the $4.7 million he invested*, in accordance with the Court's final judgment imposing a constructive trust on the ROW") (emphasis added). Indeed, it would be inequitable to let Wright recover a penny more than his investment, as Texas law bars fiduciaries from profiting from their breaches of fiduciary duty, such as those found by the Court here.

### C. Enforcing the constructive trust honors due process.

Enforcement of the constructive trust would honor, not violate, due process. Wright first argues (without any citation) that DMA did not serve the Motion on Express H2O, "which could lead to it being denied outright." Objections [#513] at 9. Ironically, Wright's entire due-process argument is made *on behalf of Express H2O*, the company for which Wright is the founder and manager. Under Texas law, an entity "can act and acquire knowledge only through its agents." *Poth v. Small, Craig & Werkenthin, L.L.P.*, 967 S.W.2d 511, 515 (Tex. App.—Austin 1998, pet.

4

denied). And the "only way to communicate actual notice to a corporation is through its agents." *Am. Standard Credit, Inc. v. Nat'l Cement Co.*, 643 F.2d 248, 270 (5th Cir. 1981) (internal quotation omitted). Notice to Wright was notice Express H2O.[4]

What's more, Wright does not have standing to raise this due-process argument in his personal capacity. *See United States v. Cardenas Alvarado*, 806 F.2d 566, 574 (5th Cir. 1986) (explaining litigants do "not have standing to raise possible violations of the constitutional rights of third parties"). Beyond having actual notice that its sham receipt of the ROW violated this Court's orders, Express H2O had actual notice of the Motion, and it has had every opportunity to intervene and mount its own due-process arguments. But it's chosen not to. Wright and Express H2O can't have it both ways—claim that Express H2O is not before this Court, yet use Wright to assert Express H2O's interests.

In sum, Wright's due-process arguments are wrong and two years too late.

**D.      Enforcing the constructive trust aligns with the Chapter 11 Plan.**

Enforcement of this Court's judgment is entirely consistent with the Chapter 11 Plan. In opposition, Wright argues (without support) that enforcing the constructive trust would violate the Chapter 11 Plan, as the Plan "revested property in the Debtor." [#513] at 11. This argument ignores the District Court's judgment on appeal, which the Plan was always subject to. *See* Plan [#211] at 7 (Cause No. 20-50805) (binding the parties to the appeal and final judgment). The District Court held that DMA and Longbranch hold 40% of the net-profit interests in the ROW, and these interests run with the land. Once the District Court made that determination and

---

[4] Express H2O also received actual notice when its counsel of record, Charlie Shelton, received notice of the hearing as counsel of record for Wright.

5

instructed this Court on remand to consider a disgorgement remedy for Wright's breaches of fiduciary duty, this Court did not violate the Plan by ordering a constructive trust "in the event that Larry Wright and Express H2O fail to transfer the ROW back to KrisJenn, the reorganized debtor." [#330] at 4. Enforcing that order now will honor the Plan, not violate it.

**III.     Wright's objections to the TUFTA complaint are baseless.**

If this Court declines to enforce the constructive trust, it has jurisdiction to hear DMA's TUFTA complaint.

Wright's principal argument against this Court's jurisdiction is that the Court has no authority under 28 U.S.C. § 157(b)(2)(h) because the bankruptcy case is closed. But Wright cites zero authority for this proposition. As this Court knows, 11 U.S.C. § 350(b) provides that "[a] case may be reopened in the court in which such a case was closed to administer assets, to accord relief to the debtor, or for other cause." And the phrase "other cause" as used in § 350(b) "is a broad term which gives the bankruptcy court discretion to reopen a closed estate or proceeding when cause for such reopening has been shown." *Matter of Case*, 937 F.2d 1014 (5th Cir. 1991).

This Court has jurisdiction to hear DMA's TUFTA Complaint under 11 U.S.C. § 157 because the TUFTA action is inherently "related to" the bankruptcy proceeding. *See In re Drs. Hosp. 1997, L.P.*, 351 B.R. 813, 836 (Bankr. S.D. Tex. 2006). To determine whether a case is "related to" a bankruptcy proceeding post-confirmation, courts in the Fifth Circuit consider several factors: (1) when the claim at issue arose; (2) what provisions in the confirmed plan exist for resolving disputes and whether there are provisions in the plan retaining jurisdiction for trying suits; (3) whether the plan has been substantially consummated; (4) the nature of the parties involved; (5) whether state law or bankruptcy law applies, and (6) indices of forum shopping. *Id.* at 838. Under this standard, the proposed TUFTA action is "related to" these proceedings.

First, under the Chapter 11 Plan, this Court retains "exclusive jurisdiction over all matters arising out of or related to the Chapter 11 Cases and the Plan, to the fullest extent permitted by law, including jurisdiction to . . . hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of the Plan . . . ." *See* Plan [#211] at 10–11.

Second, considering the "nature of the parties," jurisdiction is appropriate. The plaintiffs and defendants are fundamentally the same parties in the bankruptcy proceeding, and the parties have been adverse throughout those proceedings.

Third, even though TUFTA is a state law, bankruptcy law is also implicated. The TUFTA action involves facts and law arising from the Chapter 11 Plan, as the transfer was unlawful in part *because it violated the Plan*.

Finally, there are no indices of forum shopping. DMA wishes to remain before this Court because this forum is most familiar with the parties, the facts, and the law. DMA is not seeking to avoid this Court (or any other) because of any past adverse rulings.[5]

**IV.     This Court has ample authority to issue sanctions against Wright.**

Wright's repeated bad-faith conduct justifies DMA's request for sanctions, and this Court enjoys broad discretion to address that conduct through its sanctions power. Wright argues that DMA's sanction request must comply with Federal Rule of Bankruptcy Procedure 9011, and that DMA's request for sanctions is tardy under that Rule. Neither assertion is true.

---

[5] Wright also complains that the TUFTA action was not attached to the motion. DMA filed the exhibits to its motion, including the TUFTA complaint (exhibit 4) on Friday, October 24, 2025 [#515]. This complied with this Court's local rules, which permit exhibits to be filed up to five days before a contested hearing. *See* L. Rule 9014-1(g).

7

First, while Rule 9011 authorizes bankruptcy courts to impose sanctions for improper filings, they also have broad "inherent powers" to sanction litigants acting in bad faith. *See Carroll v. Abide* (*In re Carroll*), 850 F.3d 811, 815 (5th Cir. 2017). The Fifth Circuit has consistently distinguished bankruptcy courts' sanction powers under Rule 9011 from their "inherent authority." *See, e.g., id.*; *In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008). The Supreme Court has also held that the "sanctioning scheme" of "statutes and rules" does not displace courts' "inherent power" to impose sanctions." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991).

DMA requested sanctions under this Court's inherent sanction powers and separately under 11 U.S.C. § 105(a), which authorizes this Court to impose sanctions for "abuses of the bankruptcy process." *In re Carroll*, 850 F.3d at 816 (quotation omitted). But even if DMA's motion were governed by Rule 9011, it would still be timely. Rule 9011(c)(2)(B) does not impose a timeline by which any party must file a motion for sanctions. Instead, it provides that a motion for sanctions cannot be filed *if the opposite party withdraws the challenged pleading* within 21 days. Thus, Rule 9011 provides a 21-day safe harbor to cure a violative pleading, not a catch-all deadline for filing a sanction motion. And here, Wright has not withdrawn or cured anything.

V.     **Wright's request for sanctions is frivolous.**

Wright's request for sanctions should be rejected out of hand. Wright says that this Court "may consider sanctions against Defendants for various wasteful misconduct, including filing the Motion at bar in the first instance." [#513] at 15. But Wright cites no rule, statute, or case as authority for his sanction request—other than Rule 9011, which he disclaims explicitly. *See id.* at 14–15. Wright falsely claims that DMA has supported Westlake Chemical OPCO, L.P.'s efforts to condemn the ROW in state court proceedings. But Wright provides absolutely no evidence for this

assertion, because there is none. DMA and Longbranch would never support the condemnation of their own property interests in the ROW, which they have spent years fighting to protect.

## CONCLUSION

For these reasons, DMA respectfully asks the Court to grant its motion to enforce the judgment and impose sanctions. In the alternative to its request to enforce the judgment, DMA respectfully requests leave to file a TUFTA action against Wright and his entities.

DMA further requests leave to increase its page limit from five to nine pages, which is necessitated by Wright's unilateral enlargement of his page limit from 10 to 15 pages.

Dated: October 29, 2025                    Respectfully submitted,

   /s/ *Christopher S. Johns*
Christopher S. Johns
Texas Bar No. 24044849
Michael C. Cotton
Texas Bar No. 24116229
Alexa L. Gervasi
Texas Bar No. 24147091
COBB & JOHNS PLLC
13341 West US-290, Building 2
Austin, Texas 78737
512-399-3150
512-572-8005 fax
chris@cobbjohns.com
michael@cobbjohns.com
alexa@cobbjohns.com

Timothy Cleveland
Texas Bar No. 24055318
Austin H. Krist
Texas Bar No. 24106170
CLEVELAND | KRIST PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com

*Counsel for Longbranch Energy, DMA Properties, and Frank Daniel Moore*

### CERTIFICATE OF SERVICE

I certify that on October 29, 2025 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below.

Charlie Shelton
HAYWARD PLLC
7600 Burnet Road, Suite 530
Austin, Texas 78757
737-881-7100
cshelton@haywardfirm.com

*Counsel for Larry Wright and Express H2O Pipeline ROW, LLC*

KrisJenn Ranch, LLC
KrisJenn Ranch, LLC—Series Uvalde Ranch
KrisJenn Ranch, LLC—Series Pipeline Row
c/o Larry Wright
733 Admiral Benbow Lane
McQueeny, Texas 78123
larrymwright54@gmail.com

*Debtor and Plaintiff*

Ronald J. Smeberg
THE SMEBERG LAW FIRM, PLLC
2010 W Kings Hwy
San Antonio, Texas 78201-4926
ron@smeberg.com

*Counsel for Black Duck Properties, LLC*

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
mblack@burnsandblack.com

Jeffery Duke
JF DUKE AND ASSOCIATES
11819 Great Oaks Drive
College Station, Texas 77494
jeff@jfduke.com

*Counsel for Longbranch Energy, LP*

James Rose
OFFICE OF THE U.S. TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
james.rose@usdoj.gov

*United States Trustee*

Laura L. Worsham
JONES, ALLEN & FUQUAY, L.L.P.
8828 Greenville Avenue
Dallas, Texas 75243
lworsham@jonesallen.com

*Counsel for McLeod Oil, LLC*

                                                          /s/ Lourdes Ortiz
                                                          Lourdes Ortiz