IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § | |
| | § | Chapter 11 |
| KrisJenn Ranch, LLC, | § | |
|     *Debtor* | § | |
| | § | Case No. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, et al., | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | Adversary No. 20-05027 |
| | § | |
| DMA Properties, Inc.; and Longbranch Energy, LP, et al., | § | |
|     *Defendants.* | § | |

## DMA'S RESPONSE TO EXPRESS H2O'S MOTION TO QUASH, MOTION FOR PROTECTIVE ORDER, AND OBJECTIONS

Express H2O's motion to quash is simply its latest attempt to hide the truth from this Court. DMA's subpoena is a targeted request for documents authorized by post-judgment discovery. DMA seeks no more than to uncover (1) documents related to the conveyance of a single asset—the ROW currently held in constructive trust for DMA by this Court's order; and (2) the identity of the owners and managers of the company that currently holds that asset—Express H2O.

Express H2O simply cannot, with a straight face, contend that DMA's subpoena is unduly burdensome or duplicative.[1] The motion should be denied.

---

[1] Confusingly, Express H2O's prayer refers to "Smith" and "Roberts" and references an "unserved subpoena." *See* [# 512] at 11–12. DMA does not understand and, therefore, cannot address this requested relief.

**BACKGROUND**

In February of 2023, Larry Wright and one of his KrisJenn entities transferred ownership of a pipeline right-of-way (the "ROW") to Express H2O, in direct violation of the Court's order. *In re KrisJenn (Bankruptcy)*, 2024 WL 1297828, at *2 (Bankr. W.D. Tex. Mar. 26, 2024). Indeed, on March 26, 2024, this Court ordered "that DMA and Moore recover a constructive trust on the ROW in the hands of Express H2O, LLC because of the unauthorized transfer by KrisJenn of the ROW." [# 329] at 2. After this fraudulent transfer was initially discovered, Wright's counsel told this Court that Wright would transfer the ROW from Express H2O back to KrisJenn. [# 498], Ex. 2 at 22:4–6. That was a lie.

In addition to imposing constructive trust, this Court awarded DMA and Longbranch Energy $750,000 in attorneys' fees. More than 18 months later, Wright still has not satisfied this judgment. Therefore, on October 2, 2025, this Court granted DMA post-judgment discovery.

On October 7, DMA's counsel notified counsel for Wright and Express H2O of DMA's intent to proceed with discovery and asked whether Express H2O's counsel would accept service on behalf of its client. *See* Ex. A (email exchange between A. Gervasi and H. Baze). Apparently misunderstanding the scope of post-judgment discovery, Express H2O's counsel responded only: "Express is not a party and will not be deposed in the bankruptcy at this time." Ex. A.

On October 10, DMA served Express H2O with a subpoena duces tecum listing 10 discrete topics and requesting responsive production by October 24. *See* [# 512] Ex. A. DMA also served a deposition notice on Wright.

Counsel for the parties, including counsel for Express H2O, met and conferred on October 15. During that conference, counsel discussed numerous matters related to Wright's deposition notice. And, in response, DMA agreed to multiple accommodations. At no point, however, did

2

counsel for Express H2O raise any objections or concerns regarding the subpoena duces tecum. Instead, without any notice, Express H2O filed a motion to quash and for a protective order that is utterly devoid of any legal or factual support.

This Court should deny Express H2O's motion and order sanctions.

### LEGAL STANDARD

*Motion to Quash.* Postjudgment discovery is "very broad" in scope "to permit a judgment creditor to discover assets upon which execution may be made." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995). Indeed, Federal Rule of Civil Procedure 69 "expressly authorizes discovery from any person, not merely the judgment debtor." *British Intern. Ins. Co., Ltd. v. Seguros La Republica*, S.A., 200 F.R.D. 586, 589 (W.D. Tex. 2000) (quotation omitted); *see* also *Lear Siegler Services, Inc. v. Ensil Int'l Corp.*, 2011 WL 13174948, at *3 (W.D. Tex. Jan. 7, 2011) ("In a post-judgment setting, . . . a judgment creditor . . . may compel a non-party to produce documents in accord with Rule 45."). The party moving to quash a Rule 45 subpoena bears the burden of proving that compliance would be oppressive or unreasonable. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). To carry this burden, the moving party "must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *S.E.C. v. Brady*, 238 F.R.D. 429, 437–38 (N.D. Tex. 2006) (quotation omitted).

*Motion for Protective Order.* The movant for a protective order under Federal Rule of Civil Procedure 26(c) must show "good cause" for "the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (cleaned up). To meet this burden, the moving party "should support its request for protective order *with affidavits or other*

3

*evidence* that might provide support for its position." *Monitronics Int'l, Inc. v. Skyline Sec. Mgmt., Inc.*, 2017 WL 7520612, at *3 (N.D. Tex. Oct. 30, 2017) (citing *In re Terra*, 134 F.3d at 306) (emphasis added). Furthermore, as an initial threshold, a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties." Fed. R. Civ. P. 26(c)(1).

## ARGUMENT

I. **Express H2O failed to demonstrate that compliance is oppressive or unreasonable.**

Express H2O's opposition to the subpoena raises three arguments: (1) DMA was required to provide 30 days for Express H2O to comply; and (2) compliance would be unduly burdensome; and (3) the requests are duplicative. Express H2O is wrong about the facts and law.

*First*, Rule 45 does not require a minimum of 30 days for compliance, nor does the Rule state that 14 days is unreasonable. In fact, by its plain language, Rule 45 expressly contemplates that production could be required in less than 14 days, explaining that objections "must be served before the *earlier* of the time specified for compliance or 14 days after the subpoena is served." FED R. CIV. P. 45(c)(2)(B) (emphasis added). Indeed, "courts throughout [the Fifth] Circuit have routinely held that fourteen days is a reasonable time period to respond to a subpoena." *Hossfeld v. Allstate Ins. Co.*, 2025 WL 2323918, at *3 (E.D. Tex. Aug. 12, 2025) (collecting cases).

Express H2O misleadingly quotes a single case to suggest otherwise. In that case, *Parra v. State Farm Lloyds*, the court relied on the 30-day requirement in Rule 34(b)(2)(A) because the subpoena duces tecum at issue was attached to a notice of deposition *of the Defendant* that was sent *before entry of a scheduling order*. 2015 WL 12940023, at *1 (S.D. Tex. Jan. 13, 2015). There, the Court said that "thirty days is a 'reasonable time' to respond to a subpoena duces tecum, and

4

Defendant should have been given at least thirty days." *Id.* Yet, in the very next sentence, the Court recognized that "in some cases less than thirty days may be reasonable," before noting that the plaintiff had conceded that 30 days was not reasonable under the circumstances. *Id.*

In short, Express H2O's single authority provides a qualified standard that has no relevance to the facts here. In this Circuit, 14 days is reasonable (particularly given the limited scope of the requests), and Express H2O has failed to provide any legal or factual support to show otherwise.

***Second,*** each of the Fifth Circuit's factors for determining whether a subpoena is unduly burdensome weighs in DMA's favor: (1) the relevance of the requested information; (2) the party's need for the information; (3) the breadth of the request; (4) the time period covered by the request; (5) whether the party describes the requested documents with particularity; and (6) the imposed burden. *See Wiwa*, 382 F.3d at 818.

One, this Court imposed a constructive trust on the ROW, and the information requested directly relates to the ROW and the owners of the company currently holding the ROW. Two, DMA needs the information requested, as Wright has repeatedly refused to disclose any information (much less truthful information) related to the unauthorized transfer to Express H2O. Three, DMA limited its requests to just ten topics related to the conveyance of the ROW to Express H2O, Wright's involvement in the conveyance, and the ownership of Express H2O. Four, the requests are temporally limited to January 2023 to the present. Five, the requested documents are described with reasonable particularity to aid Express H2O's search. Six, the requested documents should be readily and electronically accessible, particularly as the majority of the requested documents concern Express H2O's corporate structure and ownership.

Express H2O fails to acknowledge the Fifth Circuit's factors. Instead, it repeats a blanket, conclusory assertion of "undue burden" based on three wholly unsupported statements: (1) that DMA's request "appears to be solely to investigate potential claims rather than for real enforcement of a judgment"; (2) that the request "subjects Express to an undue burden because Express is merely a third-party"; and (3) that Express H2O "seeks to quash [ ] the subpoena should such requested documents prove to be voluminous" or until DMA "tender[s] payment to Express for the reasonable cost of production." [# 512] at ¶¶ 22–24.

These are merely hypothetical, speculative claims untethered to any legal or factual support. Indeed, Express H2O's own argument reveals that it has falsely claimed an undue burden it does not know to be true, asking for relief "should such requested documents prove to be voluminous." This argument is not only based on pure conjecture; it is directly contradicted by Fifth Circuit precedent. *See, e.g.*, *N.L.R.B. v. G.H.R. Energy Corp.*, 707 F.2d 110, 114 (5th Cir. 1982) ("The mere fact that compliance with the subpoenas may require the production of thousands of documents is also insufficient to establish burdensomeness."). Express H2O has failed to show how the requested discovery is overly broad, burdensome, or oppressive, nor has it provided an "affidavit or other evidentiary proof" to support its claim. *Brady*, 238 F.R.D. at 437–38.

***Third,*** DMA's discovery requests directed at Wright are no basis for quashing the subpoena. Wright has disavowed any membership interest in Express H2O and refused to provide information about the company, while Express H2O has gone to the mat insisting it is not a party to these proceedings. Express H2O cannot have it both ways: separating itself from Wright but arguing that Wright maintains all relevant information pertaining to Express H2O. Further, to date, DMA has received *no discovery* from Wright. Express H2O, therefore, cannot justify a motion

6

to quash based on what Wright *might* produce in the future. *See Leonardo Worldwide Corp. v. Pegasus Sols. Inc.*, 2016 WL 9282801, at *3 (N.D. Tex. Jan. 13, 2016) ("[S]ince Defendant has not already produced the requested investor-related material, it cannot be cumulative or duplicative.").

In sum, Express H2O utterly failed to provide any factual or legal support to satisfy its burden here. This Court should deny the motion to quash.

II. **Express H2O's Motion for a Protective Order is a sham to avoid pre-hearing production.**

Express H2O's single, citationless paragraph in support of a motion for a protective order is nothing more than a sham "justification" for its failure to produce documents on October 24, as required. As a preliminary matter, Rule 26(c) requires the movant to meet and confer and to include a certificate of conference in its motion. *See* Fed. R. Civ. P. 26(c)(1). The motion here contains no such certification. Yet, the last line of Express H2O's motion conditions its need for a protective order on a simple request from DMA—a request that could have been made via email or during the October 15 meet and confer where counsel for Express H2O and Wright (who jointly represent both Express H2O and Wright) elected not to address this subpoena at all.

The disingenuity of the motion for protective order is clear here. Express H2O refused to produce any documents because, it claims, some of the responsive documents "*may* be confidential, privileged, or trade secrets." [# 512] at 5 (emphasis added). This basis does not explain why Express H2O has not produced documents that are not confidential, privileged, or trade secrets. Nor does Express H2O explain why the protective order already in place in this case—which Express H2O acknowledges—is insufficient. Indeed, that protective order expressly applies to both parties and non-parties in this matter. *See* [# 483] at 5 ("Documents provided in this case may be designated *by the producing person or by any party* as Classified Information . . . .").

7

There is only one explanation for Express H2O's motion for a protective order: as an excuse not to produce documents before the October 29 hearing. This is bad faith.

III. **Express H2O's objects to the specific requests for production are procedurally and substantively improper.**

In the final section of its motion, Express H2O confusingly lists its objections to DMA's specific discovery requests. But even if that were the proper procedure for responding to discovery requests, the objections fail substantively. Objections cannot be based on "stereotyped and conclusory statements." They must, instead, "show specifically how each request is objectionable." *Cunningham v. Concentrix Sols. Corp.*, No. 4:20-CV-661, 2021 WL 982717, at *5 (E.D. Tex. Mar. 16, 2021) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). Here, Express H2O lists a series of general, rote objections applicable to all requests. *See* [# 512] at ¶¶ 28–44. It then purports to provide a section of "specific objections," but each objection repeats the same refrain:

> Express objects to this request on the grounds that the request seeks potentially privileged and confidential communications as well as potential trade secrets and confidential business information.

[# 512] at ¶¶ 9–11.

Conclusory statements and boilerplate objections do not justify or preserve an objection to production. *In re Terra*, 134 F.3d at 306; *Cunningham*, 2021 WL 982717 at *5; *see also Arya Risk Mgmt. Sys., Pvt. Ltd. v. Dufossat Capital Puerto Rico, LLC*, 2017 WL 11635998, at *11 (S.D. Tex. Nov. 16, 2017) (explaining that an assertion of privilege must include "sufficient facts via competent evidence to allow the court determine that the privilege applies"). Express H2O has failed to meet its burden.

8

**IV.     DMA is entitled to sanctions.**

As the above discussion demonstrates, Express H2O's motion to quash and motion for a protective order are nothing more than the latest attempt to delay discovery of the truth. DMA is entitled to recover its costs and attorneys' fees for the time spent responding to this frivolous filing. *See* Fed. R. Civ. P. 37(a)(5). If this Court denies Express H2O's motion, DMA requests the opportunity to provide supplemental support for this request for sanctions, including a specific accounting of its recoverable costs and fees.

## Conclusion

WHEREFORE, DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP respectfully ask that this Court deny Express H2O's motion, compel Express H2O to promptly produce documents responsive to DMA's requests, and issue sanctions against Express H2O.

Dated: October 29, 2025

Respectfully submitted,

 /s/ *Christopher S. Johns*  
Christopher S. Johns  
Texas Bar No. 24044849  
Michael C. Cotton  
Texas Bar No. 24116229  
Alexa L. Gervasi  
Texas Bar No. 24147091  
COBB & JOHNS PLLC  
13341 West US-290, Building 2  
Austin, Texas 78737  
512-399-3150  
512-572-8005 fax  
chris@cobbjohns.com  
michael@cobbjohns.com  
alexa@cobbjohns.com  

Timothy Cleveland  
Texas Bar No. 24055318  
Austin H. Krist  
Texas Bar No. 24106170  
CLEVELAND | KRIST PLLC  
4611 Bee Cave Road, Suite 306B  
Austin, Texas 78746  
512-689-8698  
tcleveland@clevelandkrist.com  
akrist@clevelandkrist.com  

*Counsel for Longbranch Energy, DMA Properties, and Frank Daniel Moore*

**CERTIFICATE OF SERVICE**

I certify that on October 29, 2025 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below.

Charlie Shelton
HAYWARD PLLC
7600 Burnet Road, Suite 530
Austin, Texas 78757
737-881-7100
cshelton@haywardfirm.com

*Counsel for Larry Wright and Express H2O Pipeline ROW, LLC*

KrisJenn Ranch, LLC
KrisJenn Ranch, LLC—Series Uvalde Ranch
KrisJenn Ranch, LLC—Series Pipeline Row
c/o Larry Wright
733 Admiral Benbow Lane
McQueeny, Texas 78123
larrymwright54@gmail.com

*Debtor and Plaintiff*

Ronald J. Smeberg
THE SMEBERG LAW FIRM, PLLC
2010 W Kings Hwy
San Antonio, Texas 78201-4926
ron@smeberg.com

*Counsel for Black Duck Properties, LLC*

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, Texas 78209
mblack@burnsandblack.com

Jeffery Duke
JF DUKE AND ASSOCIATES
11819 Great Oaks Drive
College Station, Texas 77494
jeff@jfduke.com

*Counsel for Longbranch Energy, LP*

James Rose
OFFICE OF THE U.S. TRUSTEE
903 San Jacinto Blvd, Room 230
Austin, Texas 78701
james.rose@usdoj.gov

*United States Trustee*

Laura L. Worsham
JONES, ALLEN & FUQUAY, L.L.P.
8828 Greenville Avenue
Dallas, Texas 75243
lworsham@jonesallen.com

*Counsel for McLeod Oil, LLC*

    */s/ Lourdes Ortiz*
Lourdes Ortiz

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § § § § § | Chapter 11 |
| KrisJenn Ranch, LLC, | | |
| *Debtor* | | |
| | | Case No. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, et al., | § § § § § § § § § | |
| *Plaintiffs,* | | |
| v. | | Adversary No. 20-05027 |
| DMA Properties, Inc.; and Longbranch Energy, LP, et al., | | |
| *Defendants.* | | |

**PROPOSED ORDER**

This matter is before the Court on Express H2O Pipeline & ROW, LLC's Motion to Quash. Having considered the Motion, all relevant briefing, and the record in this case, it is hereby ORDERED that Express H2O's Motion is DENIED.

It is further ORDERED that Express H2O shall produce documents responsive to DMA's subpoena duces tecum on or before November 5, 2025.

SIGNED this _____ day of _____, 2025.

_____
JUDGE PRESIDING

Order Prepared By:

*/s/ Christopher S. Johns*
Christopher S. Johns
Texas Bar No. 24044849
Michael C. Cotton
Texas Bar No. 24116229
Alexa L. Gervasi
Texas Bar No. 24147091
COBB & JOHNS PLLC
13341 West US-290, Building 2
Austin, Texas 78737
512-399-3150
512-572-8005 fax
chris@cobbjohns.com
michael@cobbjohns.com
alexa@cobbjohns.com

Timothy Cleveland
Texas Bar No. 24055318
Austin H. Krist
Texas Bar No. 24106170
CLEVELAND | KRIST PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com

*Counsel for Longbranch Energy, DMA Properties, and Frank Daniel Moore*