# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § | |
| | § | Chapter 11 |
| KrisJenn Ranch, LLC, | § | |
| | § | |
| *Debtor* | § | Case No. 20-50805-RBK |
| | § | |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, et. al. | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 20-05027-RBK |
| DMA Properties, Inc., et. al. | § | |
| | § | |
| *Defendants*. | § | |

## DMA'S RESPONSE TO LARRY WRIGHT'S MOTION TO QUASH SUBPOENA TO APPEAR AT OCTOBER 29, 2025 HEARING

Unsurprisingly, Larry Wright wishes to avoid testifying before this Court. Also unsurprising, his arguments for avoidance are without merit. DMA properly subpoenaed Wright to attend the October 29, 2025 hearing to which he is a party; DMA properly filed its witness and exhibit list before the hearing; and DMA trusts that this Court is perfectly capable of determining the proper scope of questioning and moderating questioning as necessary.

Wright's motion to quash should be denied.

## LEGAL STANDARD

A party subpoenaed to attend a hearing may move to quash or modify the subpoena if it "fails to allow a reasonable time to comply" or "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(i), (iv); *see also Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 554 (5th

Cir. 2012). The individual seeking to quash a subpoena bears "the heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive." *British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 590 (W.D. Tex. 2000) (internal quotation omitted).

**ARGUMENT**

Wright asserts three arguments to justify quashing the subpoena: (1) the subpoena is unduly burdensome and harassing; (2) the subpoena does not provide a reasonable time for compliance; and (3) the subpoena seeks testimony related to a "futile" claim. Wright has not offered a single case to support these arguments, which alone demands denial. *See* FED. R. BANK. P. 9013(b); *U.S. Bank Nat'l Ass'n as Tr. of Citigroup Mortgage Loan Tr. Inc. Asset-Backed Pass-Through Certificates, Series 2007-AMC2 v. Malloy*, 2025 WL 1298162, at *2 (N.D. Tex. Jan. 6, 2025) (denying motion for failure to develop and support arguments). But denial is also demanded by the reason behind Wright's lack of citation—the law does not support his position.

**I.     Obtaining Wright's testimony in a proceeding to which he is a party imposes no undue burden.**

DMA has done nothing more than subpoena Wright to attend a hearing and, if called, provide fact testimony in his own bankruptcy proceeding on matters concerning his satisfaction of this Court's judgment against him. This is not an undue burden or harassment.

To argue otherwise, Wright first claims that the October 29 hearing is not an evidentiary hearing. But this unsupported position does not align with this Court's rules. Local Rule 9014-1(g) expressly provides that, for a hearing in contested matters (like the October 29 hearing), "witness and exhibit lists shall be exchanged 5 days in advance of the hearing." By this Rule's plain terms, DMA may (subject, of course, to this Court's discretion) present witnesses and admit exhibits to

2

support its motion. Here, DMA timely named Wright as a witness in full compliance with this Court's rules.

Wright further claims that he has already provided DMA with the information needed to support its motion, but this could not be further from the truth. In reality, Wright has consistently evaded discovery and offered conflicting representations about the ownership of Express H2O, the entity that owns the ROW at the heart of this Court's judgment. For instance, Wright's counsel originally told this Court that Wright owns no interest in Express H2O. *See* [# 498], Ex. 3 at 34:19–35:6. Then, at a separate hearing, Wright's counsel represented that Express H2O is not owned by innocent third parties, as previously represented, but is owned by Wright's wife. *See* [# 498], Ex. 1 at 45:18–21. DMA still does not know who has an ownership interest in Express H2O, even though Express H2O holds the ROW subject to this Court's constructive trust. This information bears directly on DMA's motion set for hearing on October 29.

Wright finally claims that DMA has unreasonably delayed in seeking Wright's testimony. As this Court is certainly aware, DMA has repeatedly sought written and oral discovery from Wright and Express H2O since discovering that the ROW was transferred to Express H2O. At Wright's insistence, however, DMA has been blocked from obtaining the information it needs.

Within five days of this Court lifting its stay on post-judgment discovery, DMA began pursuing documents and testimony, as demonstrated in Express H2O's motion to quash. *See generally* [# 512]. Indeed, DMA originally noticed Wright's deposition for October 20 to allow DMA time to obtain the information it needs *before* the October 29 hearing. Wright, however, threatened to file a motion to quash that deposition (and for a protective order) unless DMA agreed to move the deposition to, at the earliest, October 30 (the day *after* the hearing before this Court).

3

DMA agreed to move the deposition to preserve judicial resources, but it did not agree to forego the information it needs—and is entitled to—to support enforcement of this Court's judgment.

Wright bore the "heavy burden" to specifically demonstrate that the subpoena is overly broad, burdensome, or oppressive, and he bore the burden to provide an "affidavit or other evidentiary proof" to support that claim. *S.E.C. v. Brady*, 238 F.R.D. 429, 437–38 (N.D. Tex. 2006). Having failed to meet this burden, Wright's motion to quash should be denied.

## II.     Nine days is ample notice for a party to attend his own hearing.

In one sentence, Wright argues that the subpoena must be quashed for failing to provide reasonable time to comply. Ignoring the fact that Wright has known about the October 29 hearing since it was first scheduled and has known about DMA's desire to question him related to its motion to enforce since October 7, Wright claims that nine-days' notice is inadequate because 14-days' notice is "standard practice." [# 518] at ¶ 13.

Rule 45 does not contain a 14-day-notice requirement. Indeed, courts throughout the Fifth Circuit regularly recognize that what is "reasonable" depends on the circumstances of the case and find that subpoenas providing less than 14 days' notice satisfy the reasonableness threshold. *See, e.g.*, *Tex. Entm't Ass'n, Inc. v. Hegar*, 2019 WL 13080576, at *3 (W.D. Tex. Oct. 18, 2019) (declining motion to quash subpoena to provide trial testimony despite providing less than 14-days' notice); *In re O'Hare*, 2012 WL 1377891, at *3 (S.D. Tex. Apr. 19, 2012) (recognizing that "more than one week's notice generally is considered reasonable" for a subpoena *ad testificandum* (internal quotation omitted)); *Garcia v. Biolustré, Inc.*, 2013 WL 12129934, at *2 (W.D. Tex. Apr. 5, 2013) ("The rules require only reasonable notice, not a specific number of days, and reasonableness depends on the particular circumstances."). Wright was provided reasonable time

4

to comply with the subpoena here. Wright is a party to this case, and he has been subpoenaed as a fact witness to speak from his personal knowledge. Aside from a bald assertion that anything less than 14 days is unreasonable, Wright offers absolutely no explanation as to why he could not prepare to attend the hearing and answer fact questions in nine days. To the contrary, it appears Wright is available to attend the hearing. He simply does not want to.

### III. Wright's speculation about DMA's examination is irrelevant.

In his final point, Wright argues that the subpoena should be quashed because, he presumes, DMA seeks testimony related to its alternatively requested relief—a TUFTA claim. This argument is nothing more than speculation. This Court ordered a hearing on DMA's contested motion to enforce its judgment, and DMA will comply with all of the Court's instructions regarding the permissible scope of witness examination related to that motion. If the Court determines that DMA's questioning extends beyond the limits of what is reasonable or proper for the issues at hand, this Court certainly has the authority and ability to instruct DMA accordingly. *See, e.g.*, United States v. Alaniz, 726 F.3d 586, 606 (5th Cir. 2013) (explaining that the court has "wide discretion" to determine the scope of relevant testimony and "has the power to exclude" testimony that is cumulative or marginally relevant). Premature objections to unknown questions do not support a motion to quash.

### CONCLUSION

WHEREFORE, DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP respectfully ask that this Court deny Wright's motion to quash.

| | |
|---|---|
| Dated: October 29, 2025 | Respectfully submitted,<br><br> /s/ *Christopher S. Johns*<br>Christopher S. Johns<br>Texas Bar No. 24044849<br>Michael C. Cotton<br>Texas Bar No. 24116229<br>Alexa L. Gervasi<br>Texas Bar No. 24147091<br>COBB & JOHNS PLLC<br>13341 West US-290, Building 2<br>Austin, Texas 78737<br>512-399-3150<br>512-572-8005 fax<br>chris@cobbjohns.com<br>michael@cobbjohns.com<br>alexa@cobbjohns.com<br><br>Timothy Cleveland<br>Texas Bar No. 24055318<br>Austin H. Krist<br>Texas Bar No. 24106170<br>CLEVELAND \| KRIST PLLC<br>4611 Bee Cave Road, Suite 306B<br>Austin, Texas 78746<br>512-689-8698<br>tcleveland@clevelandkrist.com<br>akrist@clevelandkrist.com<br><br>*Counsel for Longbranch Energy, DMA Properties, and Frank Daniel Moore* |

## CERTIFICATE OF SERVICE

I certify that on October 29, 2025 a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below.

      /s/ Lourdes Ortiz
Lourdes Ortiz

| | |
|---|---|
| Charlie Shelton<br>HAYWARD PLLC<br>7600 Burnet Road, Suite 530<br>Austin, Texas 78757<br>737-881-7100<br>cshelton@haywardfirm.com<br><br>*Counsel for Larry Wright and Express H2O Pipeline ROW, LLC* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, Texas 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>JF DUKE AND ASSOCIATES<br>11819 Great Oaks Drive<br>College Station, Texas 77494<br>jeff@jfduke.com<br><br>*Counsel for Longbranch Energy, LP* |
| KrisJenn Ranch, LLC<br>KrisJenn Ranch, LLC—Series Uvalde Ranch<br>KrisJenn Ranch, LLC—Series Pipeline Row<br>c/o Larry Wright<br>733 Admiral Benbow Lane<br>McQueeny, Texas 78123<br>larrymwright54@gmail.com<br><br>*Debtor and Plaintiff* | James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, Texas 78701<br>james.rose@usdoj.gov<br><br>*United States Trustee* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, Texas 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, Texas 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* |

7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § § § § § | Chapter 11 |
| KrisJenn Ranch, LLC, | | |
| *Debtor* | | |
| | | Case No. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, et al., | § § § § § § § § § | |
| *Plaintiffs,* | | |
| v. | | Adversary No. 20-05027 |
| DMA Properties, Inc.; and Longbranch Energy, LP, et al., | | |
| *Defendants.* | | |

**PROPOSED ORDER**

This matter is before the Court on Larry Wright's Motion to Quash. Having considered the Motion, all relevant briefing, and the record in this case, it is hereby ORDERED that the Motion is DENIED.

SIGNED this _____ day of _____, 2025.

_____
JUDGE PRESIDING

Order Prepared By:

 /s/ Christopher S. Johns

Christopher S. Johns
Texas Bar No. 24044849
Michael C. Cotton
Texas Bar No. 24116229
Alexa L. Gervasi
Texas Bar No. 24147091
COBB & JOHNS PLLC
13341 West US-290, Building 2
Austin, Texas 78737
512-399-3150
512-572-8005 fax
chris@cobbjohns.com
michael@cobbjohns.com
alexa@cobbjohns.com

Timothy Cleveland
Texas Bar No. 24055318
Austin H. Krist
Texas Bar No. 24106170
CLEVELAND | KRIST PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com

*Counsel for Longbranch Energy, DMA Properties, and Frank Daniel Moore*