IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | Case No. 20-50805-rbk | |
| KRISJENN RANCH, LLC, § | | |
| § | Chapter 11 (Jointly Administered) | |
| Debtor. § | | |

| | | |
|---|---|---|
| KRISJENN RANCH, LLC, et al., § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | Adversary No. 20-05027-rbk | |
| § | | |
| DMA PROPERTIES, INC., et al., § | | |
| § | | |
| Defendants. § | | |

**LARRY WRIGHT'S OBJECTION TO DMA PROPERTIES, INC., FRANK DANIEL MOORE, AND LONGBRANCH ENERGY, L.P.'S MOTION TO COMPEL LARRY WRIGHT TO ATTEND IN-PERSON DEPOSITION**
**(Reference Docket No. 540)**

COMES NOW Larry Wright ("Wright"), by and through the undersigned counsel, and hereby files this *Objection* (the "Objection") *to Motion to Compel Larry Wright to Attend In-Person Deposition* (the "Motion"). The Motion should be denied because, *inter alia*, Mr. Wright has already sat for the deposition via Zoom and therefore the request is moot. Further, Wright has: a) provided (in July) the Defendants a Personal Financial Statement that is substantially the same as it is today; b) provided ownership documents for Express H2O; c) sat for a deposition of regarding his personal assets; and d) offered the Defendants his only non-exempt asset (the mineral interests), which they have refused. At this point, the Defendants appear to be feigning many wrongs in order to attempt to convince this Court to do something the Court and the District Court

has already rejected twice-just give them the entire ROW. For these reasons, as well as other reasons discussed herein, Wright requests the Court deny the Motion. In support thereof, Wright would respectfully show as follows:

## I. BACKGROUND

1. As the Court will also recall, on October 29, 2025, the Defendants told this Court that the deposition would be by Zoom on November 5, 2025 and Wright, through counsel, stated unequivocally that he would attend.

2. The day after, on October 30, 2025, the Defendants notified Wright that they wished to update the November 5, 2025 deposition to be in person.

3. On October 31, 2025, Wright produced responsive documents in his custody, possession, or control to the Defendants.

4. On Monday, November 3, 2025, Wright informed the Defendants that he would stick with the Second Amended Notice of Oral Deposition in Aid of Judgment of Larry Wright[1] (and as of that date not-yet-amended-again), which set the deposition via Zoom. However, Wright indicated a willingness to sit in person in December.

5. After sending a chest-thumping email, on Tuesday, November 4, 2025, the Defendants emailed a Third Amended Notice of Oral Deposition in Aid of Judgment of Larry Wright purporting to set the deposition for in-person.

6. Wright responded by indicating, unequivocally, that, while we would still attend the deposition and would be prepared to do so, he was not going to attend in person and, rather, was going to attend via Zoom as was originally scheduled. Once again, Wright offered to attend in person on a mutually agreeable date in December.

---

[1] Counsel for Wright referred to the Second Amended Notice of Deposition as the "original notice of deposition" in his email. Context makes it obvious that Wright's counsel was referring to the Second Amended Notice of Deposition.

7. On the morning of November 5, 2025 at approximately 9:00 a.m., Wright's counsel emailed the Defendants' counsel to indicate that Wright was ready to dial in to Zoom. A few minutes later, the Defendants delivered a Zoom link and a few minutes after that, the deposition began.

8. The deposition proceeded for approximately three hours and had no technological issues (seemingly the Defendants' primary motivation behind filing the Motion in the first instance). The parties could hear one another, Wright was using a laptop that was plugged in, there were no connectivity issues, and there were no issues with document visibility.

## II. RELIEF REQUESTED AND BASIS THEREFOR

9. Based on the foregoing, Wright respectfully asserts the Motion should be denied for the following reason.

10. First, the Motion is moot because the Defendants have already taken their deposition via Zoom.

11. Second, even assuming *arguendo*, the Motion is not moot, it should be denied under the applicable standard.

12. The great weight of case law demonstrates, the "new normal" is that depositions are remote. *Monterey Bay Military Hous., LLC v. Ambac Assurance Corp.*, 2023 U.S. Dist. LEXIS 17975, at *5 (S.D.N.Y. Feb. 2, 2023). Recent case law from the Western District of Texas explains that remote depositions are presumptively valid. *Tijerina-Salazar v. Venegas*, No. PE:19-CV-00074-DC-DF, 2021 U.S. Dist. LEXIS 241909, at *6 (W.D. Tex. Dec. 20, 2021).

13. Further, "[d]etermining whether an in-person deposition should be ordered requires a weighing of the benefits and disadvantages to each party presented by such prospect. Especially

since the outset of COVID-19, courts throughout the Fifth Circuit have often refused to compel in-person attendance at depositions." *Id.* (internal citations and quotations omitted).

14. Further still, parties seeking to compel in-person depositions, must show good cause as required under Federal Rule 26, which requires a fact-specific inquiry. *Id.*

15. In the case at bar, the Defendants are incapable of showing any prejudice or good cause to compel an in-person deposition. During Wright's November 5, 2025 deposition, he was alone in a separate room from his counsel, received no improper coaching, and had no technological issues. Further, the Defendants have already availed themselves of remote depositions. Accordingly, the Motion should be denied.

16. Third, to the extent the Defendants attempt to raise certain instructions by Wright's counsel not to answer at the hearing on the Motion, such concerns are not properly before the Court and Wright would request sufficient time to respond to them.

17. Fourth, as this Court has likely noted, Wright recently filed a motion to dismiss the motion to enforce constructive trust on the basis of a lack of jurisdiction. Wrigth believes that once the Court has had an opportunity to review that material, the Court will agree that the motion to enforce constructive trust (and the other requested remedies) are beyond the Court's jurisdiction, which further undermines any need for a further deposition (especially of Express H2O).

18. Fifth, Wright also notes that many of the questions asked at the November 5, 2025 deposition were unnecessary and exceeded the permissible scope of questioning, such as asking about the nature of Wright's wife's health issues.

### III. CONCLUSION

For the foregoing reasons, Larry Wright requests this Court enter an Order: 1) denying the Motion in its entirety; and 2) granting such other relief as the Court deems just and proper.

Dated: November 6, 2025

Respectfully Submitted,

**HAYWARD PLLC**

*/s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, Texas 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

***Counsel for Larry Wright***

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed electronically via the court's CM/ECF system on November 6, 2025 thus effecting service on any parties requesting service thereby. The foregoing was also served via United States First Class Mail on November 6, 2025 on all persons listed below.

| | |
|---|---|
| Cobb & Johns PLLC<br>Attn: Christopher S. Johns, Michael C. Cotton<br>13341 West U.S. Highway 290, Building 2<br>Austin, TX 78737<br>Telephone: (512) 399-3150<br>Facsimile: (512 572-8005<br>chris@cobbjohns.com<br>michael@cobbjohns.com | Cleveland Krist PLLC<br>Attn: Timothy Cleveland & Austin H. Krist<br>303 Camp Croft Road, Suite 325<br>Austin, Texas 78746<br>Telephone: (512) 689-8698<br>tcleveland@clevelandkrist.com<br>akrist@clevelandkrist.com |
| Akerman LLP<br>Attn: Randall Adam Swick<br>500 W. 5th Street, Suite 1210<br>Austin TX 78701<br>Adam.swick@akerman.com | Langley & Banack<br>Attn: Natalie Wilson<br>745 East Mulberry Avenue, Suite 700<br>San Antonio, TX 78212<br>nwilson@langleybanack.com |
| JF DUKE AND ASSOCIATES<br>Attn: Jeffery Duke<br>11819 Great Oaks Drive<br>College Station, Texas 77494<br>jeff@jfduke.com<br><br>***Attorneys for Longbranch Energy, LP*** | BURNS & BLACK PLLC<br>Attn: Michael Black<br>750 Rittiman Road<br>San Antonio, Texas 78209<br>mblack@burnsandblack.com<br><br>***Attorneys for Longbranch Energy, LP*** |
| THE SMEBERG LAW FIRM, PLLC<br>Attn: Ronald J. Smeberg<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>***Counsel for Black Duck Properties, LLC*** | KrisJenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, Krisjenn Ranch, LLC, Series Pipeline Row<br>410 Spyglass Road<br>McQueeney, TX 78123 |
| Larry Wright<br>410 Spyglass Road<br>McQueeney, TX 78123 | United States Trustee's Office<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 |

                                    /s/ *Charlie Shelton*
                                    Charlie Shelton