UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re:* § | | |
| § | | Chapter 11 |
| KrisJenn Ranch LLC, § | | Case No. 20-50805-rbk |
| *Debtor* § | | |

| | | |
|---|---|---|
| KRISJENN RANCH, LLC, ET AL § | | Adversary No. 20-05027-RBK |
| Plaintiffs, § | | |
| § | | |
| vs. § | | |
| § | | |
| DMA PROPERTIES, INC, ET AL, § | | |
| Defendants. § | | |

### WRIGHT'S OBJECTIONS TO PROPOSED FORM OF ORDER
*(Relates to Docket No. 540)*

COMES NOW Larry Wright ("Wright") and files these Objections and proposed alternate order to the proposed order (attached hereto as **Exhibit A**), which is confusingly styled as an (proposed) "*Order on Motion for Expedited Consideration of Express H2O's Motion to Quash Subpoena*" (Docket No. 518 and which has already been ruled on at Docket No. 528) but seems to be applying (in its first paragraph) to the *Motion to Compel Larry Wright to Attend In-person Deposition* (Docket No. 540) (the "Motion to Compel") and which Wright understands has been submitted by, or will soon be submitted by, DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP (collectively, "DMA").

### I. OBJECTIONS

1. In short, the proposed form of order submitted (or to be submitted) by the Defendants does not comport with the Court's actual ruling on the Motion to Compel. While the Court did make statements regarding the scope of production from Express H2O Pipeline & ROW,

1

LLC ("Express") and scope of answers from Mr. Wright, none of those issues were before the Court and were, therefore, *dicta*. The hearing was only regarding the Motion to Compel, which is supported by the Court's minutes from November 7, 2025, which provide:

> Hearing Held: Granted-in person Deposition on 11/12/2025 @ 9AM @ Clevland, Krist Law Office in Austin-Order to com come from Alexa Gervasi. . (related document(s): 540 Motion to Compel Larry Wright to Attend In-Person Deposition filed by Christopher S. Johns for Defendants DMA Properties, Inc., Longbranch Energy, LP, Third Pty Plaintiffs DMA Properties, Inc., and Frank Daniel Moore. (Attachments: #(1) Exhibit Emails between Gervasi and Shelton #(2) Proposed Order) (Ortiz, Maria) Modified on 11/5/2025 .) Order due by 11/21/2025 (McGee, Maxine) Modified on 11/7/2025 (Castleberry, Deanna).

Court Minutes from Nov. 7, 2025.

2. Over the objection of Wright's counsel, DMA made arguments about subjects not noticed. The Court made statements on these improper issues, and DMA is attempting to put those statements into the proposed order even though the forthcoming order should only pertain to the Motion to Compel and should be limited to compelling Wright to attend the deposition in person.

3. To the extent the Court intended for its comments regarding the Express's production and testimony from Mr. Wright to be considered as rulings, Wright respectfully submits that, pursuant to Bankruptcy Rule 9014, a bankruptcy court cannot consider issues not before the Court without a motion, on proper notice, and with an opportunity to be heard. Here, the Court went beyond the motion to compel live deposition and potentially ruled on other issues not properly before the Court.

4. DMA's Proposed Order would compel Wright's testimony on attorney-client privileged and confidential and commercially sensitive business information about non-party Express without notice or opportunity to appear in violation of Bankruptcy Rule 9014. No protective order can protect the irreparable harm from such disclosure.

5. The Proposed Order would compel Express to produce documents without motion, notice, or opportunity to be heard in violation of Bankruptcy Rule 9014. No protective order can protect the irreparable harm from such disclosure.

6. The Proposed Order would compel disclosure of information irrelevant to the claims and defenses in this matter in violation of FRCP 26. *See* Doc. 513; Doc.542.

7. The Proposed Order would compel disclosure of information solely for the purposes of claims that the Court does not have jurisdiction over—disgorgement and TUFTA. *See* Doc. 513; Doc.542

8. The Proposed Order would compel disclosure of information solely for the purposes of modification of the Final Judgment, which has been affirmed on appeal and cannot be modified or altered. *See* Doc. 513; Doc.542

9. The Proposed Order includes vague and overbroad dictates that were not included by the Court at the hearing. The Court did not provide a date or time by which Express must produce documents or require Wright to testify about the following overbroad and vague categories: (i) the Express Pipeline right-of-way (the "ROW") or (ii) Express H2O Pipeline & ROW, LLC ("Express H2O"). Also, the Court did not require Wright to testify about (i) "Express H2O's involvement in *Express H2O Pipeline and ROW, LLC v. Westlake Chemical OPCO, L.P.*, cause no CV-00461-24-08 in the 159th District Court of Angelina County, Texas; (ii) "the assets and liabilities of Express H2O;" or (iii) "all contracts and agreements entered into by Express H2O."

10. The Proposed Order includes no protection at Wright's deposition to protect attorney client privileged information.

## II. PRAYER

For the foregoing reasons, Wright asks that the Court: 1) sustain his Objections to the Proposed Order; 2) deny DMA's request to enter the Proposed Order; 3) enter an order substantially in the form attached hereto; and 4) for such further relief to which he is entitled.

Dated: November 11, 2025

Respectfully Submitted,

**HAYWARD PLLC**

*/s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, Texas 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

***Counsel for Larry Wright***

# CERTIFICATE OF SERVICE

        I hereby certify that the foregoing was filed electronically via the court's CM/ECF system on November 11, 2025 thus effecting service on any parties requesting service thereby. The foregoing was also served via United States First Class Mail on November 11, 2025 on all persons listed below.

| | |
|---|---|
| Cobb & Johns PLLC<br>Attn: Christopher S. Johns, Michael C. Cotton<br>13341 West U.S. Highway 290, Building 2<br>Austin, TX 78737<br>Telephone: (512) 399-3150<br>Facsimile: (512 572-8005<br>chris@cobbjohns.com<br>michael@cobbjohns.com | Cleveland Krist PLLC<br>Attn: Timothy Cleveland & Austin H. Krist<br>303 Camp Croft Road, Suite 325<br>Austin, Texas 78746<br>Telephone: (512) 689-8698<br>tcleveland@clevelandkrist.com<br>akrist@clevelandkrist.com |
| Akerman LLP<br>Attn: Randall Adam Swick<br>500 W. 5th Street, Suite 1210<br>Austin TX 78701<br>Adam.swick@akerman.com | Langley & Banack<br>Attn: Natalie Wilson<br>745 East Mulberry Avenue, Suite 700<br>San Antonio, TX 78212<br>nwilson@langleybanack.com |
| JF DUKE AND ASSOCIATES<br>Attn: Jeffery Duke<br>11819 Great Oaks Drive<br>College Station, Texas 77494<br>jeff@jfduke.com<br><br>***Attorneys for Longbranch Energy, LP*** | BURNS & BLACK PLLC<br>Attn: Michael Black<br>750 Rittiman Road<br>San Antonio, Texas 78209<br>mblack@burnsandblack.com<br><br>***Attorneys for Longbranch Energy, LP*** |
| THE SMEBERG LAW FIRM, PLLC<br>Attn: Ronald J. Smeberg<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>***Counsel for Black Duck Properties, LLC*** | KrisJenn Ranch, LLC, Krisjenn Ranch, LLC, Series Uvalde Ranch, Krisjenn Ranch, LLC, Series Pipeline Row<br>410 Spyglass Road<br>McQueeney, TX 78123 |
| Larry Wright<br>410 Spyglass Road<br>McQueeney, TX 78123 | United States Trustee<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 |

                                                      */s/ Charlie Shelton*
                                                      Charlie Shelton