## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re*: | § | |
| | § | Chapter 11 |
| KrisJenn Ranch, LLC, et al., | § | |
| | § | |
| *Debtor.* | § | Case No. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | Adversary No. 20-05027 |
| DMA Properties, Inc., et al., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

**Exhibit P-1**

### DMA'S MOTION TO ENFORCE JUDGMENT AND FOR SANCTIONS AND SEEKING LEAVE TO FILE FRAUDULENT TRANSFER CLAIMS

DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP (collectively, "DMA") move to enforce the Court's judgment and for sanctions against Larry Wright.

### PRELIMINARY STATEMENT

Wright has long attempted to evade this Court's judgment and destroy the interests of his creditors, including by transferring a valuable right of way ("ROW") to a new entity formed directly for that purpose and in direct violation of this Court's order. DMA asks the Court to enforce its judgment and to hold Wright and his entities accountable.

On March 26, 2024, after finding that Wright breached his fiduciary duty to his business partner, Moore/DMA, the Count rendered judgment in favor of DMA—

1

**P1-0001**

ordering "that DMA and Moore recover a constructive trust on the ROW in the hands of Express H2O, LLC because of the unauthorized transfer by KrisJenn of the ROW." Judgment After Remand [#329] at 2. DMA previously moved this Court to enforce the constructive trust, which—under Texas law—"subject[s] the person by whom the title of the property is held to an equitable duty to convey it to another." *In re Gouge*, No. 07-34839, 2008 WL 304730, at *5 (Bankr. S.D. Tex. Jan. 30, 2008); *see also Talley v. Howlsey*, 176 S.W.2d 158, 160 (Tex. 1943) (same).

This Court initially granted that motion to enforce but later vacated its order because (1) this Court was concerned that enforcing its judgment might impact the appellate jurisdiction of the District Court for the Western District of Texas (the "District Court") and (2) Wright's counsel (falsely) represented that the Court's ruling would affect third innocent parties who held an interest in the transferee—Express H2O, LLC ("Express H2O").

Those issues are no bar to enforcing the judgment now. The District Court has disposed of the appeal, and Wright's counsel recently confessed that Express H2O is actually owned by Wright's wife—not disinterested third parties, as Wright previously represented to the Court. *See* Ex. 1 (Hearing on Mot. for Satisfaction of Attorneys' Fees) at 45:18–21.

DMA asks the Court to enforce the constructive trust and order the transfer of the ROW to DMA. In the alternative, DMA moves for leave to file claims under the Texas Uniform Fraudulent Transfer Act ("TUFTA") against Wright and his entities involved in the fraudulent transfer of the ROW against this Court's explicit orders.

Separately, DMA also moves for sanctions to stop Wright's abuses of the bankruptcy system.

**P1-0002**

## BACKGROUND

This case concerns the parties' respective interests in a ROW located in East Texas. After a bench trial before this Court, and while this case was on its first appeal to the District Court, Wright transferred the ROW out of the Wright-controlled entity that then held it, Debtor KrisJenn Ranch, LLC-Series Pipeline ROW ("KrisJenn"), and into a new entity—Express H2O—formed for the sole purpose of evading Wright's creditors and this Court's judgment.

In spring 2024, this Court entered judgment in favor of DMA on remand as to several claims, including breach-of-fiduciary-duty claims, and awarded a constructive trust on the ROW to DMA in the event that Wright and his entity, Express H2O, failed to transfer the ROW back to KrisJenn. Judgment After Remand [#329] at 2.[1]

In January 2025, because Wright had refused to transfer the ROW back to KrisJenn or to any other party before the Court, DMA moved to enforce the constructive trust. DMA's Motion to Enforce Constructive Trust [#368]. This Court initially granted that motion, [#387], but later vacated its order, stating that it "does not wish to interfere with the appeal or the Judgment After Remand currently pending in the United States District Court." Order on Wright's Motion to Vacate [#403] at 2.

On August 11, 2025, the District Court issued a final judgment on the appeal, affirming this Court's judgment and fully resolving all appellate issues. The deadline to appeal the District Court's judgment has now passed. Thus, there is no longer any jurisdictional barrier to this Court enforcing its judgment or to ordering Wright to transfer the ROW to DMA pursuant to the constructive trust already in place.

---

[1] The Court also recognized and awarded DMA's and Longbranch's 20% net-profits interests in the ROW. *Id.* On May 14, 2024, the Court further awarded DMA $750,000 in attorneys' fees. Order Granting Fees [#353] at 1–2.

P1-0003

## ARGUMENT

I.     **The Court should enforce the constructive trust imposed under the final judgment and order Wright to transfer title to the ROW to DMA.**

A.     **There are *no* impediments to enforcing the constructive trust.**

After the Court granted DMA's original motion to enforce the constructive trust, this Court granted Wright's motion to vacate that order for two principal reasons.

First, this Court's primary concern was that any ruling regarding the constructive trust might impact the District Court's jurisdiction. That issue is now moot. The District Court has fully resolved the appeal and affirmed this Court's prior ruling imposing the constructive trust. There is thus no jurisdictional obstacle to this Court enforcing the constructive trust. And, of course, "[i]t is axiomatic that federal courts possess inherent power to enforce [their] judgments." *Thomas v. Hughes*, 27 F.4th 363, 368 (5th Cir. 2022) (citation omitted).

Second, Wright's counsel represented to this Court that Express H2O—the holder of the ROW—is owned by third parties and that Wright himself had no ownership interests. But in a recent hearing, Wright's counsel revealed that Express H2O is owned by Wright's family—specifically, Wright's wife. Wright has not disclosed any other owners despite repeated discovery requests.[2] If there are any other family members or others who hold an interest in Express H2O, Wright has not disclosed them in his discovery responses. Mr. Wright is the managing *member* of Express H2O (meaning he *does* have an ownership interest, despite his protestations to the contrary), and his wife likewise has an ownership interest. Mr. Wright kept the ROW within the family, maintaining his access, ownership, and control.

In sum, the only reasons this Court did not previously enforce its judgment have been resolved—the District Court has resolved the appeal, and Wright has confirmed that

---

[2] Wright has not disclosed any other owners and has done everything in his power to prevent DMA from learning who those owners might be.

**P1-0004**

he (after these proceedings were underway) transferred ownership of Express H2O *to his wife*—not a disinterested third party. With these issues now resolved, this Court should enforce the constructive trust and order Wright and his entities to transfer the ROW to DMA.

> **B.**      **This Court should order Wright to transfer title to the ROW to DMA pursuant to the constructive trust already in place.**

In its final judgment, the Court found that Wright had breached his fiduciary duties and ordered that DMA "recover a constructive trust on the ROW" as a remedy for Wright's breaches and because Wright transferred the ROW out of KrisJenn in violation of this Court's order. Judgment After Remand [#329] at 2. Now, a year and a half after the Court issued its judgment, Wright has failed to effect any transfer of the ROW or otherwise comply with the final judgment.[3] Instead, Wright has repeatedly evaded service, resisted post-judgment discovery, and ignored this Court's repeated instructions. In light of Wright's failure to comply with the final judgment, DMA now respectfully requests that the Court enforce the constructive trust and order Wright to transfer title to the ROW to DMA, subject to the first-monies obligation imposed by the Court.

Texas law does not allow unfaithful fiduciaries like Wright to keep the fruits of their breach. *Omohundro v. Matthews*, 341 S.W.2d 401, 409 (Tex. 1960); *ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 874 (Tex. 2010). Here, Wright obtained the money to purchase the ROW—and thereby obtained his ROW interests—by engaging in the undisclosed, conflicted loan transaction that breached his fiduciary obligations to his partner, Moore/DMA. Thus, when a fiduciary "acquires legal title to property in violation of a fiduciary relationship," courts impose a constructive trust on the property,

---

[3] Ex. D (KrisJenn Ranch LLC's Resp. to Interrogatories) to Ex. 2 (Ortiz Decl.) at Interrogatories 3–5, 17–19, 25–27, 41–43 (claiming that KrisJenn (nor anyone on its behalf) does not own, hold title, possess, or otherwise has an interest in any real property or other assets).

P1-0005

subjecting the wrongdoer "to an equitable duty to convey it to another." *In re Estate of Preston*, 346 S.W.3d 137, 165 (Tex. App.—Fort Worth 2011, no pet.); *Hsing-Chi-Su v. Vantage Drilling Co.*, 474 S.W.3d 284, 299 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *Baker Botts, L.L.P. v. Cailloux*, 224 S.W.3d 723, 736 (Tex. App.—San Antonio 2007, pet. denied).

The purpose of the constructive-trust remedy is to put the wrongfully acquired property in the hands of the victim. RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 55 (2011). Once a constructive trust is imposed, "the obligation of a constructive trustee is to surrender the constructive trust property to the claimant, on such conditions as the court may direct." *Id.*; *see also In re Gouge*, No. 07-34839, 2008 WL 304730, at *5 (Bankr. S.D. Tex. Jan. 30, 2008) ("A constructive trust is a relationship with respect to property, subjecting the person by whom the title of the property is held to an equitable duty to convey it to another."); *Talley v. Howlsey*, 176 S.W.2d 158, 160 (Tex. 1943) (same). The breaching fiduciary—the constructive "trustee"—does not keep control over the property. His "obligation . . . is simply to turn the property over to the constructive beneficiary; the device does not create a 'trust' in any usual sense of the word." BLACK'S LAW DICTIONARY (10th ed. 2014).

In short, the constructive trust imposed by the Court requires that Wright transfer the property in trust (the ROW) to Moore/DMA—the constructive beneficiaries who were harmed by Wright's breaches of fiduciary duty.

In spite of that duty, and in derogation of the Court's final judgment, Wright has continued to violate this Court's orders by failing to transfer title as required by the judgment. Wright cannot and should not be allowed to continue to benefit from the fruits of his breach. *ERI Consulting*, 318 S.W.3d at 874. DMA thus respectfully requests that the Court order Wright to convey title over the ROW to DMA, subject to a first-monies obligation for Wright to recover the $4.7 million he invested, in accordance with the Court's final judgment imposing a constructive trust over the ROW. Judgment After

Remand [#329] at 2; *see* 11 U.S.C. § 105(a) (granting bankruptcy courts broad authority to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules or to prevent an abuse of process"). Here, DMA asks the Court simply to enforce the constructive trust put in place by this Court's final judgment—thereby protecting the bankruptcy process from Wright's abuse and manipulation.

## II. The Court should impose sanctions against Wright for violating the Court's order, his repeated acts of bad faith, and his abuse of the bankruptcy process.

This Court has broad discretion "to preserve the integrity and purpose of its own orders." *Skyport Global Commc'ns, Inc. v. Intelsat Corp. (In re Skyport Global Commc'ns, Inc.)*, 408 B.R. 687, 694 (Bankr. S.D. Tex. 2009) (citing *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996)). Included among this Court's "inherent powers" is the "authority to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of [its] dockets." *Carroll v. Abide (In re Carroll)*, 850 F.3d 811, 815 (5th Cir. 2017) (citations omitted); *see also In re Spectee Grp., Inc.*, 185 B.R. 146, 155 (Bankr. S.D.N.Y. 1995) ("A Court has inherent authority to supervise and control its own proceedings, and to require the payment of the other party's attorney's fees by one who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986))). This Court likewise has authority under 11 U.S.C. § 105(a) "to impose civil sanctions for abuses of the bankruptcy process." *In re Carroll*, 850 F.3d at 816 (quoting *Walton v. LaBarge, Jr. (In re Clark)*, 223 F.3 859, 864 (8th Cir. 2000)).

Wright, through his entities, has demonstrated a pattern of fraud and willful disregard of this Court's authority for nearly five years. Wright must be sanctioned for the bad faith he has displayed "toward both his adversar[ies] and the court throughout the course of this litigation." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991).

**P1-0007**

When this Court entered a Chapter 11 Reorganization Plan [Docket No. 5:20-50805-rbk] ("Fourth Am. Ch. 11 Plan") related to Wright's entities and assets, including KrisJenn and the ROW, the Court expressly ordered that KrisJenn could not "transfer or dispose of any interest in the Express Pipeline" without first providing DMA with a written copy of the offer for transfer and an opportunity to raise any concerns regarding the transfer with the Court. The Court's order ensured that if DMA had concerns about the transfer, it could file those concerns with the Court for its review, and Wright would be required to postpone the transfer until the Court heard the matter and ruled on the issue. *See* Fourth Am. Ch. 11 Plan at 7, *In re KrisJenn (Bankruptcy)*, No. 20-50805-RBK (Bankr. W.D. Tex. Feb. 3, 2022) [#211].

But on February 23, 2023, just three weeks before the District Court ruled for DMA on appeal, Wright transferred the ROW from KrisJenn to his new entity, Express H2O, in direct violation of this Court's order. *In re KrisJenn (Bankruptcy)*, 2024 WL 1297828, at *2 (Bankr. W.D. Tex. Mar. 26, 2024) (confirming that the transfer of the ROW was "in violation of the terms of the confirmed chapter 11 plan of reorganization").

The District Court then ruled in favor of DMA and Longbranch, concluding that their net-profit interests were valid covenants running with the land and remanding for further consideration of the claims for breach of fiduciary and attorneys' fees. *In re KrisJenn, Ranch, LLC*, 661 F. Supp. 3d 654, 665 (W.D. Tex. 2023), *appeal dismissed sub nom. Matter of KrisJenn Ranch, LLC*, No. 23-50227, 2023 WL 6393903 (5th Cir. May 25, 2023) ("*In re KrisJenn (District Court)*").

After winning on appeal, DMA first learned that Wright had fraudulently transferred the ROW from KrisJenn to Express H2O. When the violative transfer was brought to this Court's attention, Wright, through his counsel, told the Court that he would cause Express H2O to transfer the ROW back to KrisJenn, but he did not do so. *See* Ex. 2 (Hearing on Mot. to Enforce) at 22:4–6. On March 26, 2024, this Court ordered that "a constructive trust be imposed on the ROW in the hands of Express H2O, unless

**P1-0008**

Larry Wright and Express H2O transfer ownership of the ROW back to KrisJenn." *In re KrisJenn (Bankruptcy)*, 2024 WL 1297828, at *2 (Bankr. W.D. Tex. Mar. 26, 2024). But again, Wright never did so.

After this Court initially ordered Wright to have the ROW transferred to DMA pursuant to the constructive trust, KrisJenn moved to vacate this Court's order, arguing in part that "Express [H2O] is a wholly separate legal entity and not a party to this lawsuit." Mot. to Vacate [#382] at 3. During the hearing on this motion, KrisJenn's attorney baldly asserted that Wright—the managing member of Express H2O—does not have an interest in Express H2O. Ex. 3 (Hearing on Mot. to Vacate) at 34:19–35:6. This Court ultimately vacated the portion of its order requiring Express H2O to transfer the ROW to DMA. Order Granting Mot. to Vacate [#403].

And today, the ROW remains in the hands of Express H2O and in the control of Wright and his family. For the entirety of this litigation, Wright has perpetrated fraud on his creditors and shown willful disregard of this Court's authority. There is no justification or reason for Wright's initial transfer of the ROW to Express H2O (against court orders) and continued refusal to transfer the ROW out of Express H2O (despite his in-court representations) other than to evade judgment. Wright has also actively evaded service by the U.S. Marshal Service to prevent DMA from collecting this Court's $750,000 judgment for attorneys' fees.

In sum, it is time for this Court to "vindicate itself" by requiring Wright to pay for "all attorneys' fees." *Chambers*, 501 U.S. at 57. DMA respectfully requests sanctions against Wright in the form of reasonable attorneys' fees to be demonstrated at a subsequent hearing.

### III. In the alternative, DMA requests leave to file a fraudulent transfer action against Wright and his entities.

Wright has fraudulently transferred the ROW to an entity formed for the very purpose of evading Wright's creditors and this Court's judgment. This entity, Express

P1-0009

H2O, accepted the ROW—for no consideration—knowing that the transfer was fraudulent. If the Court declines to enforce the constructive trust and order transfer title of the ROW to DMA, DMA respectfully requests leave of Court to file the attached TUFTA action (*see* Ex. 4) pursuant to 28 U.S.C. §§ 1334, 157(b)(2)(H), and 157(c).

## CONCLUSION

DMA respectfully asks the Court to order Wright to convey title over the ROW to DMA, subject to the $4.7-million first-monies obligation in accordance with the Court's judgment. DMA separately asks this Court to sanction Wright and his entities for reasonable attorneys' fees to be demonstrated at a subsequent hearing. If the Court declines to enforce the constructive trust and order transfer of the ROW to DMA, DMA respectfully requests (in the alternative) leave to file the TUFTA action attached as Exhibit 4.

P1-0010

Respectfully submitted,

/s/ Christopher S. Johns
Christopher S. Johns
State Bar No. 24044849
Michael C. Cotton
State Bar No. 24116229
COBB & JOHNS PLLC
13341 West U.S. Highway 290
Building 2
Austin, TX 78737
512-399-3150
chris@cobbjohns.com
michael@cobbjohns.com

/s/ Timothy Cleveland
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND KRIST PLLC
303 Camp Craft Road, Suite 325
Austin, Texas 78746
512-689-8698
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com

*Attorneys for Longbranch Energy, DMA Properties, and Frank Daniel Moore*

Natalie F. Wilson
State Bar No. 24076779
LANGLEY & BANACK
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

*Attorneys for DMA Properties and Frank Daniel Moore*

Michael Black
BURNS & BLACK PLLC
750 Rittiman Road
San Antonio, TX 78209
mblack@burnsandblack.com

Jeffery Duke
JF DUKE AND ASSOCIATES
11819 Great Oaks Drive
College Station, TX 77494
jeff@jfduke.com

*Attorneys for Longbranch Energy*

11

**P1-0011**

### CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Charles John Muller, IV<br>CJ MULLER & ASSOCIATES, PLLC<br>111 W. Sunset<br>San Antonio, TX 78209<br>john.muller@cjma.law<br><br>*Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>JF DUKE AND ASSOCIATES<br>11819 Great Oaks Drive<br>College Station, TX 77494<br>jeff@jfduke.com<br><br>*Counsel for Longbranch Energy, LP* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov<br><br>*United States Trustee* |
| William P Germany<br>BAYNE, SNELL & KRAUSE<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 78209<br>wgermany@bsklaw.com<br><br>*Counsel for Larry Wright* | Laura L. Worsham<br>JONES, ALLEN & FUQUAY, L.L.P.<br>8828 Greenville Avenue<br>Dallas, TX 75243<br>lworsham@jonesallen.com<br><br>*Counsel for McLeod Oil, LLC* |

*/s/ Christopher S. Johns*
Christopher S. Johns

P1-0012