


**The relief described hereinbelow is SO ORDERED.**

**Signed March 26, 2024.**

_____
**Ronald B. King**
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| KRISJENN RANCH, LLC, ET AL, | § § | CASE NO. 20-50805-RBK |
| DEBTOR | § § § | CHAPTER 11 |
| KRISJENN RANCH, LLC, ET AL, | § § § | |
| PLAINTIFFS, | § § | ADVERSARY NO. NO. 20-5027-RBK |
| v. | § § § | |
| DMA PROPERTIES, INC., ET AL, | § § § | |
| DEFENDANTS. | § | |

**FINAL JUDGMENT AFTER REMAND**

On January 11, 2021, came on to be heard this adversary proceeding for trial on the merits.

Plaintiffs, KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, and KrisJenn Ranch, LLC-Series Pipeline ROW, as successors in interest to Black Duck Properties, LLC ("**KrisJenn**"),

P6-0001

appeared by and through counsel of record and announced ready for trial. Defendants, DMA Properties, Inc. ("**DMA**") and Longbranch Energy, LP ("**Longbranch**"), appeared by and through counsel of record and announced ready for trial. Third-party plaintiff, Frank Daniel Moore ("**Moore**"), and Third-party defendant, Larry Wright ("**Wright**"), appeared in person and by and through counsel of record and announced ready for trial. After a six-day trial and an appeal to United States District Court, this Court renders judgment for the reasons stated by the District Court and in this Court's Opinion After Remand, pursuant to FED. R. BANKR. P. 7052.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. Declaratory Judgment is rendered for Defendants, DMA and Longbranch, that the net-profits interests owned by Longbranch Energy, LP and DMA Properties, Inc. are valid and subsisting covenants running with the land in the right of way ("**ROW**") which is called the Express Pipeline.

2. As to DMA's and Moore's claim for breach of fiduciary duty against Wright regarding the unauthorized Black Duck loan, the Court renders judgment that DMA and Moore recover a constructive trust on the ROW in the hands of Express H2O, LLC, because of the unauthorized transfer by KrisJenn of the ROW to Express H2O, LLC.

3. As to the claims of DMA and Moore for damages for breach of fiduciary duty, Larry Wright may recover the $4,700,000 purchase price that he paid for the ROW, prior to the breaches of fiduciary duty, out of income from the ROW or the sales proceeds. After that, DMA and Longbranch will each receive 20% out of the net profits from a sale or future development income of the ROW. Other requested damages are denied.

4. DMA, Moore, and Longbranch are entitled to recover reasonable and necessary attorney's fees under the Texas Declaratory Judgment Act for the issues relating to the

P6-0002

covenant running with the land. The parties may submit a request for attorney's fees within 14 days after the judgment is entered pursuant to Fed. R. Bankr. P. 7054 and Bankruptcy Local Rule 7054.

5. Declaratory judgment is rendered in favor of DMA that, under the terms of the Email Agreement and Harris SWD Agreement, DMA has an ownership interest in 50% of the Bigfoot Note payments. Further, the Court awards DMA $175,143.60 from the funds held in the Panola County court registry plus $100,000 in attorney's fees, if not previously paid.

6. All costs of court are taxed to Plaintiff, KrisJenn Ranch, LLC.

7. All relief not specially granted herein is hereby **DENIED**.

# # #