**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE No. 20-50805-rbk** |
| **KRISJENN RANCH, LLC** | § | |
| | § | **CHAPTER 11** |
| DEBTOR. | § | **(Jointly Administered)** |

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC, ET AL.** | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | **Adversary No. 20-05027-rbk** |
| vs. | § | |
| | § | |
| **DMA PROPERTIES, INC. ET AL.** | § | |
| | § | |
| DEFENDANTS. | § | |

**MOTION TO COMPEL MEDIATION AND CONTINUE SHOW CAUSE HEARING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Larry Wright ("Wright") and files this *Motion to Compel Mediation and Continue Show Cause Hearing* (the "Motion'). In support thereof, Wright would respectfully show as follows:

## I.     RELEVANT PROCEDURAL BACKGROUND

1.     On May 1, 2020, KrisJenn filed its Original Adversary Complaint Requesting Declaratory Judgment, thus commencing the instant suit (Docket No. 1).

2.     On March 24, 2021, this Court entered its Final Judgment (Docket No. 237).

3.      On March 14, 2023, the United States District Court entered its Final Judgment, thus resolving the appeal that was taken, and remanding the matter back to this Court (see Docket No. 41 (W.D. Tex. 21-00358) and Docket No. 285 in the instant case).

4.      On March 26, 2024, this Court entered its *Opinion After Remand* (Docket No. 330) and *Final Judgment After Remand* (Docket No. 329). In its Opinion After Remand, this Court explicitly noted that the parties should consider alternative dispute resolution, stating: "The Court is not optimistic that the parties will be able to work together for their common good and suggests that the parties agree to go to arbitration or mediation." (Docket No. 330, p. 4).

5.      On March 26, 2024, this Court entered its Final Judgment After Remand (Docket No. 329).

6.      On April 5, 2024, KrisJenn filed a Notice of Appeal with respect to the Final Judgment After Remand (Docket No. 342).

7.      On April 9, 2024, DMA Properties, Inc. ("DMA") and Frank Daniel Moore and Defendant Longbranch Energy, LP ("Longbranch") (together, the "Defendants") filed their Notice of Appeal with respect to the Final Judgment After Remand (Docket No. 344).

8.      On May 14, 2024, this Court entered its *Order Granting DMA's and Longbranch's Motion for Attorney's Fees, In Part* (the "Attorney's Fees Order") which ordered that DMA, Moore, and Longbranch are awarded $750,000.00 in reasonable and necessary attorneys' fees against KrisJenn and Wright. (Docket No. 353).

9.      On January 22, 2025, Defendants filed DMA's Motion to Enforce Constructive Trust (Docket No. 368).

10. On July 8, 2025, this Court signed the [473] Interim Order Granting in Part & Denying in Part Wright's Motion for Satisfaction of Attorney's Fees Judgment, staying general discovery and execution actions until August 6, 2025 (Docket No. 473).

11. On August 11, 2025, the United States District Court entered its [485] Order on Bankruptcy Appeal, affirming this Court's Final Judgment After Remand (Case No. SA-24-CV-365-XR).

12. On August 11, 2025, the United States District Court entered its [486] Final Judgment, formally concluding the appellate tracks and leaving the ROW under constructive trust parameters (Case No. SA-24-CV-365-XR; Docket No. 21).

13. On August 14, 2025, this Court entered the [487] Interim Order Granting in Part and Denying in Part Wright's Motion for Satisfaction of Attorneys' Fees Judgment, extending execution and general discovery stays until September 24, 2025 (Docket No. 487).

14. On October 2, 2025, this Court held an enforcement hearing and signed the *Order Denying Wright's Motion for Satisfaction of Attorney's Fees Judgment by Recoupment or Setoff* (Docket No. 500).

15. On October 2, 2025, Defendants filed their *Motion to Enforce Judgment & For Sanctions and Seeking Leave to File Fraudulent Transfer Claims* (Docket No. 498).

16. On October 23, 2025, Wright filed his *Objection to DMA's Motion to Enforce Judgment and For Sanctions and Seeking Leave to File Fraudulent Transfer Claims* (Docket No. 513).

17. On October 29, 2025, Defendants filed their *Reply in Support of Motion to Enforce Judgment & For Sanction & Seeking Leave to File Fraudulent Transfer Claims* (Docket No. 521).

18.     On November 4, 2025, Wright filed his *Motion to Dismiss for Lack of Jurisdiction and Authority or, Alternatively, Motion to Stay* (Docket No. 542).

19.      On November 12, 2025, Wright filed *Notice of Stay of Discovery*, setting forth an Emergency Text Order issued by United States District Judge Xavier Rodriguez in Case No. 5:25-cv-01452 that stayed the deposition (Docket No. 554). The stay has since been lifted.

20.     On November 18, 2025, Defendants filed their *Motion to Strike Wright's Motion to Dismiss, Alternatively, DMA's Response in Opposition* (Docket No. 560).

21.     On November 19, 2025, this Court signed the Order Denying DMA's *Motion to Strike Wright's Motion to Dismiss or, Alternatively, DMA's Response in Opposition*.  (Docket No. 561).

22.     On June 4, 2026, this Court conducted a hearing on pending motions to withdraw and motions for continuance. During the hearing, the Court set the hearing on its Order to Show Cause for August 5, 2026, at 10:00 a.m. At that same hearing, the Court again strongly encouraged the parties to pursue mediation, instructing counsel to "seriously consider some sort of mediation" (Tr. of June 4, 2026 Hearing, 56:14-17, Exhibit A).

## II.     RELIEF REQUESTED AND BASIS THEREFOR

### A. Parties Agree to Mediate, but a Realistic Schedule is Required

23.     Local Rule 1001-1(h)(1) provides:

> The Court on its own motion or upon the motion of any party or party in interest may order parties to participate in mediation and may order the parties to bear expenses in such proportion as the Court finds appropriate.

Local Rule 1001-1(h)(1).

24. The instant case is ripe for mediation. First, the parties have been before this Court regarding a myriad of disputes for years. Most recently, DMA and Longbranch have been attempting to prosecute a Motion to Enforce Constructive Trust. It appears that litigation and motions will continue for years to come absent some sort of consensual resolution.

25. Second, no additional discovery appears to be needed. The parties have extensively briefed all of the issues and appear to have very little dispute regarding relevant facts. Thus, the dispute writ-large is ripe for mediation.

26. Third, at the most recent hearing, this Court suggested mediation might be appropriate and Express and Wright agree. In fact, Express and Wright, through counsel, have been attempting to have settlement discussions with Darren Borders of Longbranch, but have yet been unable to get something scheduled. See Exhibit B.

27. Fourth, over the past week, counsel for Movants and counsel for Defendants (DMA and Longbranch) have actively engaged in discussions regarding potential resolution. Defendants reached out to Movants to request an informal settlement conference. In response, Movants offered formal mediation as a more structured and productive alternative to a simple conference. In fact, Movants had already decided to seek mediation just days before Defendants reached out regarding a settlement conference – accordingly all parties appear to be ready for a consensual resolution. See Exhibit C.

28. The Defendants appear to be in favor of a mediation; however, they are requiring that mediation occur within approximately two (2) weeks. As detailed below, an expedited two-week timeframe is impractical and unworkable given mediator availability and the specialized expertise required for this matter.

29.     Movants further state that if a mediation is ordered, cause would exist to continue the hearing on the Order to Show Cause pending the outcome of mediation.

### B.  Selection of a Qualified Neutral

30.     Given the dense procedural history, underlying state court litigation, constructive trust parameters, and intricate bankruptcy concepts involved in this adversary proceeding, Movants assert mediation would be most likely to succeed if it were conducted by an experienced former bankruptcy judge or senior bankruptcy practitioner.

31.     To that end, Movants contacted former bankruptcy judges Mott and Hale regarding their availability. Former Judge Mott indicated that he has no mediation availability for the next 7 to 8 months. Former Judge Hale, through his scheduler, indicated availability on September 1, 2026, or September 22, 2026.

32.     Additionally, both the clients and counsel have limited availability prior to mid-August due to other case commitments and summer vacations.

33.     To ensure the mediation is conducted by a neutral with the requisite legal acumen and bankruptcy authority, Movants submit that scheduling mediation with former Judge Hale on or before September 30, 2026, represents the most efficient and practical path forward.

### C.  Mediation is Necessary to Resolve Complex Issues and Past Hostilities

34.     Formal mediation is uniquely required in this proceeding for several critical reasons. First, the legal and economic issues are highly complicated and require structured negotiation. Second, years of contentious litigation have generated significant friction among the principals. A structured mediation led by an experienced former bankruptcy judge is essential to keep negotiations focused, objective, and constructive. Third, any global resolution reached by the

parties will involve complex multi-party obligations, releases, and potential court filings that require careful and binding memorialization under the mediator's supervision.

### D. Cause Exists to Continue the Order to Show Cause Hearing

35. The Court's Order to Show Cause hearing is currently scheduled for August 5, 2026. Because a meaningful mediation with Judge Hale cannot occur until September 2026, cause exists under Bankruptcy Local Rule 1001-1(h) to continue the Show Cause hearing to a date after mediation completes.

36. Allowing the parties to participate in mediation prior to facing a show cause enforcement hearing will conserve judicial resources, avoid unnecessary attorneys' fees, and potentially resolve all outstanding enforcement tracks consensually.

37. Further, as this Court is aware, the issues have been in process for years and appear to show no signs of slowing. Therefore, none of the parties will suffer any prejudice by continuing the show cause hearing and, rather, may benefit greatly.

### III. CONCLUSION

WHEREFORE Wright respectfully request the Court enter an order: 1) granting this Motion to Compel Mediation and Continue Show Cause Hearing in its entirety; 2) compelling the parties to participate in a global mediation session pursuant to Bankruptcy Local Rule 1001-1(h)(1); 3) continuing the Order to Show Cause hearing currently set for August 5, 2026, to a date after September 30, 2026; and 4) granting such other relief as the Court deems just and proper.

DATED: July 10, 2026

Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

***Counsel for Larry Wright***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2026, a true and correct copy of the foregoing Notice of Appearance has been served electronically via the Court's CM/ECF system upon the parties receiving electronic notice. Additionally, on July 10, 2026, or within one business day thereof, the Notice of Appearance was served via U.S. First Class Mail to all parties listed below.

| | |
|---|---|
| Christopher S. Johns<br>cjohns@cobbjohns.com<br>COBB AND JOHNS<br>14101 Highway 290 West, Suite 400A<br>Austin, Texas 78737<br>Telephone: (512) 399-3150<br>Facsimile: (512 572-8005<br><br>***Attorneys for Longbranch Energy DMA Properties, Inc., and Frank Daniel Moore*** | Timothy Cleveland<br>tcleveland@clevelandkrist.com<br>Austin Krist<br>akrist@clevelandkrist.com<br>CLEVELAND KRIST PLLC<br>303 Camp Croft Road, Suite 325<br>Austin, Texas 78746<br>Telephone: (512) 689-8698<br><br>***Attorneys for Longbranch Energy DMA Properties, Inc., and Frank Daniel Moore*** |
| Jeffery Duke<br>jeff@jfduke.com<br>JF DUKE AND ASSOCIATES<br>11818 Great Oaks Drive<br>College Station, Texas 77494<br><br>***Attorneys for Longbranch Energy, LP*** | Natalie Wilson<br>nwilson@langleybanack.com<br>LANGLEY & BANACK, INC.<br>745 East Mulberry Avenue, Suite 700 San Antonio, TX 78212<br>Telephone: 210-736-6600<br>Facsimile: (210) 735-6889<br><br>***Attorneys for DMA Properties, Inc. and Frank Daniel Moore*** |
| Michael Black<br>BURNS & BLACK PLLC<br>mblack@burnsandblack.com<br>750 Rittiman Road<br>San Antonio, Texas 78209<br>Telephone: 210-829-2022<br>Facsimile: 210-829-2021 fax<br><br>***Attorneys for Longbranch Energy, LP*** | C. John Muller<br>John.muller@cjma.law<br>CJ MULLER & ASSOCIATES, PLLC<br>111 W. Sunset Rd.<br>San Antonio, Texas 78209<br>Telephone: (210) 664-5000<br><br>***Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row*** |
| James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov | Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com |

| *United States Trustee* | *Counsel for Black Duck Properties, LLC* |
|---|---|

/s/ Charlie Shelton
Charlie Shelton