**Exhibit**

**A**

exhibitsticker.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

```
                               )  CASE NO: 20-50805-rbk
                               )
KRISJENN RANCH, LLC,           )  San Antonio, Texas
                               )
         Debtor.               )  Thursday, June 4, 2026
                               )
                               )  1:18 p.m. to 3:12 p.m.
------------------------------)
```

HEARING

BEFORE THE HONORABLE RONALD B. KING
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

```
For Debtor:              RONALD J. SMEBERG
                         Smeberg Law Firm, PLLC
                         4 Imperial Oaks
                         San Antonio, TX 78248

                         CHARLES JOHN MULLER, IV
                         Chamberlain Hrdlicka White Williams
                         & Au
                         111 W. Sunset Road
                         San Antonio, TX 78209

For Express H2O Pipeline HERBERT C. SHELTON, II
& Row, LLC:              Hayward PLLC
                         7600 Burnet Road
                         Austin, TX 78757

                         HOLLI PRYOR-BAZE
                         Skelton Slusher Barnhill Watkins
                         Wells
                         1616 S. Chestnut Street
                         Lufkin, TX 75901

For U.S. Trustee:        JIM ROSE
                         US Trustee's Office
                         615 E. Houston
                         San Antonio, TX 78295
```

For DMA Properties, Inc. and Longbranch Energy LP:

LOURDES LULU ORTIZ
Cleveland Krist PLLC
303 Camp Craft Road
West Lake Hills, TX 78746

CHRIS JOHNS
Johns & Counsel PLLC
13341 W. U.S. Highway 290
Austin, TX 78737

ALSO APPEARING: MR. SACHITANO

Court Reporter: UNKNOWN

Courtroom Deputy: UNKNOWN

Transcribed by: Veritext Legal Solutions
330 Old Country Road, Suite 300
Mineola, NY 11501
Tel: 800-727-6396

Proceedings recorded by electronic sound recording; Transcript produced by transcription service.

provisions of the plan and this Court's judgment, Your Honor.

THE COURT: All right. Well, I mean, I have the ultimate trap door on conversation. You know that. So, if they do any foolishness, Mr. Johns, then I will take some serious action. I'll just say that. So, obviously, I don't want them transferring the property, the right of way. So, I'll just say that. And if they do, then they will have you-know-what to pay. Okay, August the 5th at 10 o'clock by Zoom. We'll do the show cause then and I'm sure we'll get everything resolved that day.

MR. JOHNS: Thank you, Your Honor. I'll let you rest.

THE COURT: Thanks for appearing, everyone, and seriously consider some sort of mediation. I mean, is it even worth asking Westlake to engage in the mediation, as well?

MS. PRYOR-BAZE: Your Honor, we've mediated twice with them. They're not --

THE COURT: Okay.

MS. PRYOR-BAZE: They have not been amenable to any real settlement.

THE COURT: Is it, like, all or nothing? "Yeah, you give us what you want and we'll settle with you?" Is that the situation?

MS. PRYOR-BAZE: I should be careful not disclosing any terms of mediation, but that is --

THE COUT: No, no, I don't want to hear about settlement negotiations. But they're just, like -- there's no way.

MS. PRYOR-BAZE: As of right now, that's been their posture in the case.

THE COURT: Okay. So, is Mr. Finkelstein on the call right now? He usually asks for transcripts of hearing.

MS. PRYOR-BAZE: I'm sure that Ms. Ortiz will continue to --

THE COURT: If you look at the docket sheet, you'll see his name in there a lot.

MS. PRYOR-BAZE: Yes. Ms. Ortiz's office has collaborated a lot with Westlake, so I'm sure that they'll have the opportunity to work with her to get whatever they need.

MR. JOHNS: I don't appreciate that kind of comment. That's just not true. So, it's uncalled for. But thank you, Your Honor.

THE COURT: Okay. Well, I would look into some sort of mediation. If you don't think it's fruitful to include Westlake, then that's fine. But I mean, this thing has got to end someday. I mean, it's been going for years before I got the case six years ago. So, I mean, we've got

to stop the bleeding, and I'm talking about the loss of money by all parties. I mean, you can only go so long on a contingent fee case, and you can only go so long on an hourly case when the attorneys are getting paid by the hour. So --

MR. JOHNS: Your Honor --

THE COURT: -- this is way, way past where it should be. Yes?

MR. SHELTON: Your Honor, for what it's worth and this is for all parties, including my side, as well. A lot of what I hear and I've heard it from the last year is a lot of anger and animosity, which tends to undermine the ability to reach a settlement. But it also tends to suggest that a mediation may be appropriate.

THE COURT: Isn't there somebody that's a really good mediation that just keeps you in separate rooms. You don't have to be in the same room. If you're in separate rooms, it seems to work better with a really good mediator. And I can name you some names, but I don't want to favor anyone over another. But I would hope that that could be something that common sense could prevail.

MR. SHELTON: Your Honor, Judge Hale, I just had a mediation with him last --

THE COURT: Judge Hal would be great, yeah. I'm not --

MR. SHELTON:  -- and he kept the parties separate.

THE COURT:  -- pushing anybody in particular, but Judge Hale is great and he's very common sense and he'll push people to do the right thing.

MR. SHELTON:  Well, we'll certainly communicate about it with our side.  And we're always doing --

THE COURT:  Yeah.  Just think about it and think about it seriously is all I can say.  He knows nothing about this case.  I haven't talked to him about this case.  He doesn't know anything about it, so he would be completely objective and would be amazed at this situation.  All right.  Well --

MR. SHELTON:  Thank you.

THE COURT:  -- we'll see everyone on August the 5th at 10 a.m. by Zoom.

MS. PRYOR-BAZE:  Thank you, Your Honor.

MR. SHELTON:  Thank you, Your Honor.

MR. JOHNS:  Thank you, Your Honor.

THE COURT:  We're in recess.

(Proceedings adjourned at 3:12 p.m.)

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

Sonya Ledanski Hyde

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501

Date: June 16, 2026