**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE No. 20-50805-rbk** |
| **KRISJENN RANCH, LLC** | § | |
| | § | **CHAPTER 11** |
| **DEBTOR.** | § | **(Jointly Administered)** |

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC, ET AL.** | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | **Adversary No. 20-05027-rbk** |
| **vs.** | § | |
| | § | |
| **DMA PROPERTIES, INC. ET AL** | § | |
| | § | |
| **DEFENDANTS.** | § | |

**ORDER GRANTING MOTION TO COMPEL MEDIATION AND CONTINUE SHOW CAUSE HEARING**

CAME ON for consideration the *Motion to Compel Mediation and Continue Show Cause Hearing* (the "Motion") filed by Larry Wright. The Court, having reviewed the motion, the procedural record, and being otherwise sufficiently advised, finds and orders as follows:

**FINDINGS OF FACT**

1. On May 1, 2020, KrisJenn Ranch, LLC filed its Original Adversary Complaint Requesting Declaratory Judgment, commencing this adversary proceeding.

2. On March 24, 2021, this Court entered its Final Judgment.

3. On March 14, 2023, the United States District Court entered its Final Judgment, resolving the appeal and remanding the matter back to this Court.

4. On March 26, 2024, this Court entered its Opinion After Remand and Final Judgment After Remand. In its Opinion After Remand, the Court explicitly noted that the parties should consider alternative dispute resolution, stating: "The Court is not optimistic that the parties will be able to work together for their common good and suggests that the parties agree to go to arbitration or mediation".

5. On April 5, 2024, KrisJenn filed a Notice of Appeal with respect to the Final Judgment After Remand.

6. On April 9, 2024, DMA Properties, Inc., Frank Daniel Moore, and Longbranch Energy, LP filed their Notice of Appeal with respect to the Final Judgment After Remand.

7. On May 14, 2024, this Court entered its Order Granting DMA's and Longbranch's Motion for Attorney's Fees, In Part, which ordered that DMA, Moore, and Longbranch are awarded $750,000.00 in reasonable and necessary attorneys' fees against KrisJenn and Wright.

8. On August 11, 2025, the United States District Court entered its Order on Bankruptcy Appeal, affirming this Court's Final Judgment After Remand, and entered its Final

Judgment, formally concluding the appellate tracks and leaving the right of way under constructive trust parameters.

9. On October 2, 2025, this Court held an enforcement hearing and signed the Order Denying Wright's Motion for Satisfaction of Attorney's Fees Judgment by Recoupment or Setoff.

10. On October 2, 2025, Defendants filed their Motion to Enforce Judgment & For Sanctions and Seeking Leave to File Fraudulent Transfer Claims.

11. On June 4, 2026, this Court conducted a hearing on pending motions to withdraw and motions for continuance. During the hearing, the Court set the hearing on its Order to Show Cause for August 5, 2026, at 10:00 a.m.

12. At the June 4, 2026 hearing, the Court again strongly encouraged the parties to pursue mediation, instructing counsel to "seriously consider some sort of mediation".

13. The parties have been before this Court regarding a myriad of disputes for years, and litigation and motions will continue for years to come absent some sort of consensual resolution.

14. Over the past week, counsel for Movants and counsel for Defendants have actively engaged in discussions regarding potential resolution. Defendants reached out to Movants to request an informal settlement conference, and in response, Movants offered formal mediation as a more structured and productive alternative.

15. Given the dense procedural history, underlying state court litigation, constructive trust parameters, and intricate bankruptcy concepts involved in this adversary proceeding, mediation would be most likely to succeed if conducted by an experienced former bankruptcy judge or senior bankruptcy practitioner.

16. Formal mediation is uniquely required in this proceeding because the legal and economic issues are highly complicated and require structured negotiation; years of contentious litigation have generated significant friction among the principals; and any global resolution reached by the parties will involve complex multi-party obligations, releases, and potential court filings that require careful and binding memorialization under the mediator's supervision.

## CONCLUSIONS OF LAW

19. This Court has authority under Bankruptcy Local Rule 1001-1(h)(1) to order parties to participate in mediation and to order the parties to bear expenses in such proportion as the Court finds appropriate.

20. The instant case is ripe for mediation.

21. Cause exists under Bankruptcy Local Rule 1001-1(h) to continue the Order to Show Cause hearing to a date after mediation completes.

22. Allowing the parties to participate in mediation prior to facing a show cause hearing will conserve judicial resources, avoid unnecessary attorneys' fees, and potentially resolve all outstanding enforcement tracks consensually.

23. None of the parties will suffer any prejudice by continuing the show cause hearing and, rather, may benefit greatly.

## ORDERING PROVISIONS

IT IS HEREBY ORDERED that:

1. The Motion to Compel Mediation and Continue Show Cause Hearing is **GRANTED**.

2. The parties are ordered to participate in a global mediation session pursuant to Bankruptcy Local Rule 1001-1(h)(1).

3.    The mediation shall be conducted by a qualified neutral mediator with significant bankruptcy expertise, including but not limited to former bankruptcy judges or senior bankruptcy practitioners.

4.    The mediation shall be scheduled on or before September 30, 2026, with the parties instructed to make good faith efforts to coordinate with the availability of former Judge Hale or another mutually agreeable mediator of similar qualifications.

5.    The Order to Show Cause hearing currently scheduled for August 5, 2026, is continued to a date at least forty-five (45) days after September 30, 2026, or to a date convenient to the Court following the conclusion of the mediation, to allow the parties sufficient time to select a mediator and participate in the mediation process in good faith.

6.    Within fourteen (14) days of the entry of this Order, the parties shall jointly file a notice identifying the selected mediator and the scheduled mediation date.

7.    Within fourteen (14) days following the conclusion of the mediation, the parties shall file a joint notice advising the Court of the outcome of mediation, including whether the matter has been resolved in whole or in part, or whether further proceedings before the Court are necessary.

8.    The costs of mediation shall be borne equally by the parties unless otherwise agreed or ordered by the Court.

9.    All parties shall participate in the mediation in good faith with principals having settlement authority present or immediately available.

10.    The Court retains jurisdiction related to the interpretation or enforcement of this Order.

**# # # END OF ORDER # # #**

***Order prepared and submitted by*:**

Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

***Counsel for Larry Wright***