IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| KrisJenn Ranch, LLC, | § | |
| | § | |
| Debtor | § | Case No. 20-50805 |

| | | |
|---|---|---|
| KrisJenn Ranch, LLC, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 20-05027 |
| | § | |
| DMA Properties, Inc.; and Longbranch Energy, LP, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| DMA Properties, Inc. and Longbranch Energy, LP, et al. | § | |
| | § | |
| | § | |
| Counterplaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 20-05027 |
| | § | |
| KrisJenn Ranch, LLC; Larry Wright, et al., | § | |
| | § | |
| | § | |
| Counterdefendants. | § | |

**DMA'S RESPONSE TO WRIGHT'S
MOTION TO COMPEL MEDIATION AND
CONTINUE SHOW CAUSE HEARING**

DMA Properties, Inc. ("DMA"), Frank Daniel Moore, and Longbranch Energy, LP ("Longbranch") (collectively, "DMA") oppose Larry Wright's motion to compel mediation and continue the upcoming show cause hearing. Wright's motion is a tactical

1

maneuver to continue to avoid this Court's judgment, and Wright has not demonstrated there is good cause to compel a mediation or to continue the upcoming hearing addressing the Court's Order to Show Cause.

## BACKGROUND

After Wright sought to nullify DMA and Longbranch's net-profits interests in a "right-of-way" ("ROW") in East Texas, DMA and Longbranch have fought through seven years of litigation to protect their interests in the ROW. The Court should not entertain Wright's latest attempt at delaying enforcement of the Court's judgment.

In 2023, after while the case was on appeal, Wright fraudulently—and in violation of KrisJenn Ranch, LLC ("KrisJenn")'s Reorganization Plan and this Court's orders— transferred the ROW to an entity within his control, Express H2O, LLC ("Express H2O"). On March 26, 2024, the Court entered a final judgment in favor of DMA and Longbranch, upholding their interests in the ROW, finding Wright and his entities liable for breach of fiduciary duties and breach of contract, imposing a constructive trust on the ROW for the benefit of DMA, and finding that DMA, Moore, and Longbranch were entitled to recover attorneys' fees—which Wright still hasn't paid. Opinion After Remand, ECF No. 328 at 2; Judgment After Remand, ECF No. 329.

Since then, Wright has spent multiple years filing a spate of baseless and unsuccessful motions seeking to avoid the final judgment. For example, Wright has filed a motion to set aside ruling on constructive trust, ECF No. 382; a motion for relief from final judgment, ECF No. 418; a motion for stay, ECF No. 436; a motion to abate, ECF No. 456; a motion to dismiss for lack of subject matter jurisdiction, and alternatively to stay, *id.*, ECF No. 542; and a motion for reconsideration and/or clarification of an order entered by Judge Rodriguez of the U.S. District Court for the Western District of Texas regarding the constructive trust entered in favor of DMA, *Wright v. King*, ECF No. 14, No. 5:52-CV-01452-XR (W.D. Tex. June 30, 2026). Those motions uniformly lacked

merit and have all been denied. Wright has also filed an untimely and unmeritorious motion for reconsideration and/or clarification of an order entered by Judge Pulliam regarding DMA and Longbranch's net-profits interests—three years after Judge Pulliam entered this order. *In re KrisJenn*, ECF No. 48, No. 5:21-cv-0358 (W. D. Tex. July 3, 2026).

In 2025, DMA filed a motion to enforce the Court's Judgment. ECF No. 498. A series of hearings on that motion revealed that Wright failed to transfer the ROW back to KrisJenn after his 2024 fraudulent transfer in violation of this Court's orders. In response, the Court entered an order to show cause on May 22, 2026, expressing its intention to turn this bankruptcy proceeding into a Chapter 7 proceeding because the record raises "substantial questions" regarding KrisJenn's non-compliance with the plan of reorganization. *In re KrisJenn*, ECF No. 257, 5:20-bk-50805 (W.D. Bankr. May 22, 2026). After an initial continuation, the hearing on the order to show cause is set for August 5, 2026. *Id.* (ECF No. 287).

Wright now claims that this hearing should be postponed because the case must be mediated before the Court's Order to Show Cause hearing. This is just another of Wright's tactics to delay the enforcement of this Court's judgment. Wright has not shown good cause to compel DMA into mediation or to delay the upcoming hearing. The Court should deny Wright's motion.

## LEGAL AUTHORITY

Pursuant to Local Bankruptcy Rule 1001-1(h)(1), the Court "may order parties to participate in mediation." Local Rule 1001-1(h)(1) gives the Court discretion, but nothing in it compels the Court to order mediation. *Cf. Salazar v. Allstate Tex. Lloyd's*, No. CV H-17-00191, 2017 WL 6885400, at *2 (S.D. Tex. Mar. 15, 2017) (explaining that while the court has discretion under Federal Rule 16 to utilize procedures such as mediation for settling the case, "[n]othing in Rule 16 compels a court to order mediation.").

Under Local Bankruptcy Rule 9014-1(f), hearing continuances may only be granted "upon good cause shown on the face of the pleading." "Self-imposed reasons for a delay do not amount to a showing of good cause." *Tabor v. Cox Operating, L.L.C.*, No. CV 19-11859, 2022 WL 1120074, at *1 (E.D. La. Apr. 14, 2022) (citing *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 230 (5th Cir. 2015)). Accordingly, where a denial would cause no prejudice and the proposed delay is self-imposed, a court is well within its discretion to deny a continuance. *See Tabor*, 2022 WL 1120074, at *1 (affirming denial of motion to continue trial because parties' own actions led to settlement conference being scheduled after deadline for dispositive motions). An appellate court will only reverse a denial of a continuance if the denial is "an abuse of discretion." *Id.*

## ARGUMENT

The Court should deny Wright's motion because Wright has failed to demonstrate good cause to compel mediation or to continue the hearing. Wright's motion is a tactical maneuver to prevent the Court from enforcing its judgment.

As an initial matter, Wright's motion to compel mediation is moot: there is no need for the Court to compel mediation because all relevant parties are interested in mediation. And in any case, Wright has not offered any convincing arguments or evidence for why the Court should compel DMA and Longbranch—who have been trying to enforce their judgment for over two years—into mediating this case with Wright under Wright's preferred schedule.

Wright's motion to continue the upcoming hearing on the Court's order to show cause is also unmeritorious: there is no good cause to continue the hearing, and DMA and Longbranch will be prejudiced by the delay. Wright's preferred, self-imposed schedule or mediation is not sufficient good cause to continue the case. Even if the parties were to mediate in September, the proposed mediation would not conflict with the Court's upcoming hearing. And postponing the hearing would only result in prejudice to DMA

4

and Longbranch, who have been preparing for this hearing and have raised the issue of Wright's transfer—which harmed their rights—for years. For these reasons, the Court should deny Wright's motion to compel mediation and allow the upcoming August 5 hearing to occur.

## I.  Wright's motion to compel mediation is moot because both parties are interested in mediation.

As Wright's own evidence demonstrates, DMA is willing to mediate this case at a mutually agreeable date. DMA does not believe the Court's intervention is necessary; accordingly, Wright's motion to compel mediation should be denied as moot. *Villegas v. Cequent Performance Products, Inc.*, No. SA-15-CV-473-XR, 2016 WL 10516256, at *3 (W.D. Tex. Oct. 24, 2016) (denying motion to compel as moot because parties expressed willingness to mediate).

Further, it may be helpful for the Court to understand the parties' mediation history and the reasons for the most recent discussions regarding a potential third mediation. The parties have already mediated this dispute twice: in June 2019, before the initial state-court lawsuits were filed, and again in July 2023, after remand from the first appeal in the adversary proceeding. Then, following the Court's suggestion at the June 4, 2026 hearing for the parties to engage in settlement discussions, DMA offered to meet with Wright and his family to extend a formal settlement offer. Wright's counsel suggested mediation, which DMA was willing to do *before* the August 5 hearing. But Wright insisted on continuing the hearing and mediating the dispute in September. DMA responded that it was not agreeable to continue the hearing.

## II.  There is not good cause to compel mediation.

Wright argues that, even though DMA is in favor of mediation, the Court should compel it to mediate on Wright's preferred September timeline (and to continue the

show-cause hearing until *after* a September mediation). Wright has failed to demonstrate good cause to compel mediation.

First, Wright argues this case is "ripe for mediation" because the case is complex, years of litigation have caused friction, and "litigation and motions will continue for years" unless the parties reach a mutual resolution. ECF No. 606 (Mot.) at 5, 6. But there is no guarantee that the proposed mediation will lead to any resolution; after all, the parties have mediated this case twice without success. What's more, Wright's argument glosses over the fact that much of the "litigation and motions" that have occurred over the last few years arose from his own fraudulent actions and unwillingness to accept the Court's judgment. For example, instead of paying DMA and Longbranch's attorneys' fees—as this Court ordered in 2024—Wright elected to avoid the judgment by filing a motion for relief from final judgment, ECF No. 418; a motion to stay pending a nonexistent appeal, ECF No. 436; and a motion to abate the fees judgment, ECF No. 456. Wright's self-imposed desire to delay the Court's judgment does not amount to good cause to compel mediation.

Second, Wright claims that no additional discovery is needed and that there is little dispute regarding the relevant facts. ECF No. 606 (Mot.) at 5. Indeed, the merits of the case have long been adjudicated. But that has been true since 2024, and Wright offers no reason why the Court must take this as good cause to compel mediation now, two years later. In any case, DMA and Longbranch disagree. Wright has misrepresented facts about the ROW and its ownership to the Court, and he has been evasive regarding his assets in post-judgment discovery. *See, e.g.*, Ex. 1 (Nov. 7, 2025 Hrg. Tr.) at 30:8–22 (admitting the "third parties" who owned Express H2O were in fact Wright's family members).

Wright also argues that the Court has suggested mediation, and that the parties have been discussing mediation. ECF No. 606 (Mot.) at 5. These arguments are inapposite. The Court has long suggested mediation, but Wright offers no evidence that a successful mediation is more likely at this point, nor any other reason why the Court

should require the parties to follow this suggestion. And as noted above, the parties' willingness to mediate is in fact reason to deny this motion as moot.

Wright has not offered good cause to compel mediation. Accordingly, the Court should deny his motion to compel mediation.

**III.    There is no good cause to continue the hearing on the Court's Order to Show Cause.**

Finally, even if the parties agree to mediate or the Court chooses to compel mediation, Wright has not shown good cause warranting a continuance of the Court's hearing on its order to show cause. Local Bankruptcy Rule 9014-1(f).

Wright first argues that good cause exists because his preferred mediator is unavailable until September 2026. But "[s]elf-imposed reasons for a delay do not amount to a showing of good cause." *Tabor*, 2022 WL 1120074, at *1 (E.D. La. Apr. 14, 2022) (denying motion to continue because parties' own actions caused dispositive motions deadline to fall after settlement conference); *see In re Tex. Bumper Exch., Inc.*, 333 B.R. 135, 137 (Bankr. W.D. Tex. 2005) (agreeing with trial court that hearing "continuance was not warranted" when conflict was a court-ordered mediation). Here, Wright's desire to have a specific experienced former bankruptcy judge mediate *before* the Court resolves its Order to Show Cause is a self-imposed preference, not a sufficient reason to warrant a continuance.

Wright also argues that continuing the hearing to allow for mediation will conserve judicial resources and avoid unnecessary attorneys' fees. But delaying the upcoming hearing is unlikely to conserve judicial resources or avoid fees. As noted above, the parties have mediated this case twice, to no avail, and Wright has not offered any evidence that the proposed mediation is more likely to succeed than prior mediations. And Wright will not suffer prejudice if the Court denies the continuance; Wright has known about the hearing for months, and the parties can simply continue their discussions and agree to a mediation at a mutually convenient date without affecting the Court's schedule.

In contrast, any delay would prejudice DMA and Longbranch. Through the constructive trust imposed by this Court, DMA is the rightful owner of the ROW that Wright fraudulently transferred to Express H2O in 2024 in defiance of KrisJenn's Debtor's Plan, and DMA and Longbranch each have a net-profits interest in the ROW. DMA and Longbranch have long complained about the fraudulent transfer of the ROW to Express H2O and have tried to ensure Wright and Express H2O return the ROW for years. But ever since the Court entered its judgment, Wright and his entities have repeatedly tried to avoid the Court's judgment and deprive DMA and Longbranch of their interests in the ROW. Any additional delay will allow Wright an opportunity to continue undermining DMA's and Longbranch's interests.

Wright's desire to mediate this case before the Court's hearing is a tactical maneuver to avoid the consequences of his years of wrongdoing. This proposed delay is self-imposed and therefore not sufficient good cause to continue the upcoming hearing on the Court's Order to Show Cause. *See Tabor*, 2022 WL 1120074, at *1 (affirming denial of motion to continue trial because parties' own actions led to settlement conference being scheduled after deadline for dispositive motions). Proceeding with the hearing will not prejudice Wright, who can still mediate this case with DMA and Longbranch and who has known about the upcoming hearing for months. In contrast, any delay will prejudice DMA and Longbranch, who have been trying to enforce their rights for years.

## CONCLUSION

For the reasons above, DMA respectfully requests that the Court deny Wright's motion to compel mediation and deny his request to continue the Court's hearing on its Order to Show Cause.

8

Respectfully submitted,

/s/ Christopher S. Jones

Christopher S. Johns
State Bar No. 24044849
Michael Cotton
State Bar No. 24116229
COBB & JOHNS PLLC
13341 West U.S. Highway 290
Building 2
Austin, TX 78737
512-399-3150
chris@cobbjohns.com
michael@cobbjohns.com

/s/ Timothy Cleveland

Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
Lourdes Ortiz
State Bar. No 24134904
CLEVELAND KRIST PLLC
303 Camp Craft Road, Suite 325
Austin, Texas 78746
512-689-8698
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com

*Attorneys for Longbranch Energy, DMA
Properties, and Frank Daniel Moore*

Natalie F. Wilson
State Bar No. 24076779
LANGLEY & BANACK
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
210-736-6600
210-735-6889 fax
nwilson@langleybanack.com

*Attorneys for Longbranch Energy, DMA
Properties and Frank Daniel Moore*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2026, a true and correct copy of the foregoing document was transmitted to each of the parties via the Court's electronic transmission facilities and/or via electronic mail as noted below. For those parties not registered to receive electronic service, a true and correct copy of the foregoing document was served by United States Mail, first class, postage prepaid, at the address noted below.

| | |
|---|---|
| Charlie Shelton<br>Hayward PLLC<br>7600 Burnet Road, Suite 530<br>Austin, TX 78757<br>(737) 881-7100<br>cshelton@haywardfirm.com<br><br>*Counsel for Larry Wright, KrisJenn Ranch, LLC, KrisJenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row* | James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov<br><br>*United States Trustee* |
| Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>*Counsel for Black Duck Properties, LLC* | Michael Black<br>BURNS & BLACK PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>Jeffery Duke<br>JF DUKE AND ASSOCIATES<br>11819 Great Oaks Drive<br>College Station, TX 77494<br>jeff@jfduke.com<br><br>*Counsel for Longbranch Energy, LP* |

/s/ Lourdes Ortiz
Lourdes Ortiz