**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| KRISJENN RANCH, LLC, ET AL., | § | |
| | § | Case No. 20-50805-RBK |
| Debtor. | § | |
| _____ | § | |
| | § | |
| KRISJENN RANCH, LLC, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 20-05027-RBK |
| | § | |
| DMA PROPERTIES, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING WRIGHT'S MOTION FOR CLARIFICATION**
**OF THE JUDGMENT AFTER REMAND**

CAME ON FOR CONSIDERATION the *Motion for Clarification of the Judgment After Remand* (the "Motion") filed by Third-Party Defendant Larry Wright ("Wright"), seeking

clarification of this Court's Final Judgment After Remand (Adv. Proc. Doc. 329) and accompanying Opinion After Remand (Adv. Proc. Doc. 330), both entered March 26, 2024 (together, the "Judgment After Remand").

The Court, having considered the Motion, any responses or objections thereto, the record in this adversary proceeding and the underlying bankruptcy case, and the arguments of counsel, finds that it possesses inherent authority to interpret and clarify its own prior orders and decrees. The Court further finds that good cause exists to grant the Motion to clarify the scope and application of the Judgment After Remand.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court's Judgment After Remand (Adv. Proc. Doc. 329) is hereby clarified and confirmed as follows:

1. The net-profits covenant recognized in the Judgment After Remand binds only the obligor (Black Duck Properties, LLC) and its successors and assigns (those who succeed to or take an assignment of the obligor's position). It does not bind every future owner of the right-of-way (the "ROW") in perpetuity. A bona fide third-party purchaser of the ROW who is not such a successor or assign takes title to the ROW free and clear of the net-profits interests of DMA Properties, Inc. ("DMA") and Longbranch Energy, LP ("Longbranch"), consistent with Section 10.02 and page 7 of the confirmed Fourth Amended Substantively Consolidated Plan of Reorganization (Main Bankr. Case Doc. 211).

2. The payment provision in Paragraph 3 of the Judgment After Remand providing that after Wright recovers his $4,700,000 purchase price, DMA and Longbranch will each receive 20% out of the net profits from "a sale or future development income of the ROW" describes a

single, alternative monetization event by the owner. It does not create a perpetual, recurring charge that attaches anew to every subsequent sale or burdens every future owner of the ROW in perpetuity.

3.      The Judgment After Remand contains no term of perpetual duration. The Judgment After Remand, the underlying Assignment Agreements, and the confirmed Plan must be harmonized, none of which creates or contemplates a permanent encumbrance on the ROW in the hands of successive third-party purchasers.

**# # # END OF ORDER # # #**

***Order submitted by:***

Charlie Shelton
State Bar No. 24079317
**HAYWARD PLLC**
7600 Burnet Road, Suite 530
Austin, Texas 78757
Telephone/Fax: (737) 881-7100
cshelton@haywardfirm.com

**COUNSEL FOR LARRY WRIGHT**