**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE No. 20-50805-rbk** |
| **KRISJENN RANCH, LLC** | § | |
| | § | **CHAPTER 11** |
| **DEBTOR.** | § | **(Jointly Administered)** |

---

| | | |
|---|---|---|
| **KRISJENN RANCH, LLC, ET AL.** | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | **Adversary No. 20-05027-rbk** |
| **vs.** | § | |
| | § | |
| **DMA PROPERTIES, INC. ET AL.** | § | |
| | § | |
| **DEFENDANTS.** | § | |

---

**EMERGENCY MOTION TO MODIFY ORDER COMPELLING MEDIATION OR, IN THE ALTERNATIVE, TO EXCUSE MEDIATION REQUIREMENT**

---

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Larry Wright ("Wright") and files this *Emergency Motion to Modify Order Compelling Mediation or, in the Alternative, to Excuse Mediation Requirement* (the "Motion"). In support thereof, Wright respectfully shows the Court as follows:

## I. RELEVANT PROCEDURAL BACKGROUND

1. On August 5, 2026, this Court entered an Order Granting Motion to Compel Mediation, In Part (Adv. Doc. 613), which directed the parties to participate in a full-day mediation session and for the costs to be borne equally by the parties. The parties subsequently agreed to mediate with Judge Russell Nelms via Zoom on September 9, 2026.

2. However, two critical issues have arisen regarding the pending mediation that the parties have been unable to resolve, necessitating this Court's intervention and guidance.

## II. RELIEF REQUESTED AND BASIS THEREFOR

### A. Defendants Have Failed to Produce the Settlement Proposal that Prompted the Mediation

3. Wright initially sought to compel mediation because DMA Properties, Inc. ("DMA") and Longbranch Energy, LP ("Longbranch") represented that they had a settlement proposal to present. On June 30, 2026, their counsel wrote that "DMA and Longbranch would like to make a settlement proposal," and asked that Wright and others agree to attend a Zoom conference "as a precondition to making our proposal". Wright's parties agreed to attend, but due to an inability to agree on a date or forum, Wright filed his Motion to Compel Mediation to give the parties a structured opportunity to work out their dispute around that specific proposal.

4. More than two months later, no proposal has been provided despite multiple requests. On September 2, 2026, undersigned counsel asked again when the proposal would be provided, and counsel for DMA and Longbranch responded that they would "provide any proposal at mediation".

5. This approach is entirely unworkable. This complex dispute has been pending since 2020, and the issues are neither simple nor capable of being evaluated on the spot. Wright and Express H2O Pipeline and ROW, LLC ("Express") must have a reasonable opportunity to review any proposal, confer with advisors, and formulate a considered response prior to the session. Withholding the proposal until the session opens defeats the purpose for which mediation was compelled and forces the parties to purchase the neutral's time simply to hear a proposal that should have been evaluated beforehand.

### B. The Impracticability of a Full-Day Mediation and Associated Costs

6. The August 5, 2026 Order directs a full-day mediation session and equal sharing of costs. Judge Nelms charges $8,500 for a full-day mediation and $4,500 for a half-day mediation,

payable in advance. As a practical matter, the costs cannot be shared as the Order contemplates:

a. Larry Wright does not have the funds to pay one-half of the full-day fee.

b. The Debtors are defunct, lack corporate representatives, possess no assets, and cannot pay any portion of the fee.

c. Express is not a party to this adversary proceeding. While Express is willing to participate voluntarily to assist in a resolution, it is not willing to fund a mediation for a proceeding to which it is not a party.

7. Upon explanation of these issues, DMA and Longbranch agreed to a half-day mediation on September 1, 2026, and advised Judge Nelms accordingly. However, on September 2, 2026, they reversed course, renewed their request for a full day, and stated they would participate in a half-day session only under protest, reserving "the right to seek relief from Judge King in connection with the same".

8. A half-day session is precisely what Wright originally proposed; on July 2, 2026, counsel for DMA and Longbranch acknowledged Wright's "proposed ½ day mediation" and asked only regarding timing. Wright's underlying motion never requested a session of a particular length; the full-day language was merely inserted into the form of order submitted by counsel for DMA and Longbranch. Wright is unwilling to proceed under the threat of post-mediation motion practice and asks the Court to settle the matter now.

9. Timing is urgent. The neutral has advised that the September 9, 2026 date is not confirmed until the half-day/full-day dispute is resolved, that mediation statements are due September 7, 2026, and that payment must be received by September 8, 2026.

10. As the Court is aware, Wright's Motion for Clarification of the Judgment After Remand (Adv. Doc. 616) remains pending and is set for hearing on September 29, 2026. The

parties' competing constructions of the Judgment After Remand are at the center of this dispute. Wright filed that motion so that the parties and the 159th Judicial District Court of Angelina County would have the Court's guidance in advance of the permanent injunction hearing in *Express H2O Pipeline and ROW, LLC v. Westlake Chemical OpCo, L.P.*, which is set for October 13 and 14, 2026.

## III. CONCLUSION

WHEREFORE Wright respectfully request the Court enter an order: 1) granting this Motion; 2) directing DMA and Longbranch to serve their written settlement proposal no later than the Friday preceding the mediation; 3) modifying the August 5, 2026 Order to permit the September 9, 2026 session with Judge Nelms to proceed as a half-day mediation in full satisfaction of the Order; or 4), in the alternative, excuse the parties from the mediation requirement of the August 5, 2026 Order entirely; and 5) granting such other relief as the Court deems just and proper.

DATED: September 3, 2026

Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

***Counsel for Larry Wright***

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2026, a true and correct copy of the foregoing Motion has been served electronically via the Court's CM/ECF system upon the parties receiving electronic notice. Additionally, on September 3, 2026, or within one business day thereof, the Notice of Appearance was served via U.S. First Class Mail to all parties listed below.

| | |
|---|---|
| Christopher S. Johns<br>cjohns@cobbjohns.com<br>COBB AND JOHNS<br>14101 Highway 290 West, Suite 400A<br>Austin, Texas 78737<br>Telephone: (512) 399-3150<br>Facsimile: (512 572-8005<br><br>***Attorneys for Longbranch Energy DMA Properties, Inc., and Frank Daniel Moore*** | Timothy Cleveland<br>tcleveland@clevelandkrist.com<br>Austin Krist<br>akrist@clevelandkrist.com<br>CLEVELAND KRIST PLLC<br>303 Camp Croft Road, Suite 325<br>Austin, Texas 78746<br>Telephone: (512) 689-8698<br><br>***Attorneys for Longbranch Energy DMA Properties, Inc., and Frank Daniel Moore*** |
| Jeffery Duke<br>jeff@jfduke.com<br>JF DUKE AND ASSOCIATES<br>11818 Great Oaks Drive<br>College Station, Texas 77494<br><br>***Attorneys for Longbranch Energy, LP*** | Natalie Wilson<br>nwilson@langleybanack.com<br>LANGLEY & BANACK, INC.<br>745 East Mulberry Avenue, Suite 700 San Antonio, TX 78212<br>Telephone: 210-736-6600<br>Facsimile: (210) 735-6889<br><br>***Attorneys for DMA Properties, Inc. and Frank Daniel Moore*** |
| Michael Black<br>BURNS & BLACK PLLC<br>mblack@burnsandblack.com<br>750 Rittiman Road<br>San Antonio, Texas 78209<br>Telephone: 210-829-2022<br>Facsimile: 210-829-2021 fax<br><br>***Attorneys for Longbranch Energy, LP*** | C. John Muller<br>John.muller@cjma.law<br>CJ MULLER & ASSOCIATES, PLLC<br>111 W. Sunset Rd.<br>San Antonio, Texas 78209<br>Telephone: (210) 664-5000<br><br>***Counsel for KrisJenn Ranch, LLC, Krisjenn Ranch, LLC—Series Uvalde Ranch, KrisJenn Ranch, LLC—Series Pipeline Row*** |
| James Rose<br>OFFICE OF THE U.S. TRUSTEE<br>903 San Jacinto Blvd, Room 230<br>Austin, TX 78701<br>james.rose@usdoj.gov<br><br>***United States Trustee*** | Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>2010 W Kings Hwy<br>San Antonio, TX 78201-4926<br>ron@smeberg.com<br><br>***Counsel for Black Duck Properties, LLC*** |

*/s/ Charlie Shelton*
Charlie Shelton