**The relief described hereinbelow is SO ORDERED.**

**Signed September 29, 2026.**

**Ronald B. King**
**United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **KRISJENN RANCH, LLC, ET AL,** | § | **CASE NO. 20-50805-RBK** |
| | § | |
| **DEBTOR** | § | **CHAPTER 11** |
| | § | |
| | § | |
| **KRISJENN RANCH, LLC, ET AL,** | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | **ADVERSARY NO. NO. 20-5027-RBK** |
| **V.** | § | |
| | § | |
| **DMA PROPERTIES, INC., ET AL,** | § | |
| | § | |
| **DEFENDANTS.** | § | |

**ORDER ON DMA'S MOTION TO ENFORCE JUDGMENT**

On September 29, 2026, came on to be heard DMA's *Motion to Enforce Judgment and For Sanctions and Seeking Leave to File Fraudulent Transfer Claims* (the "Motion," ECF No. 498). Larry Wright, DMA Properties, Inc. ("DMA"), Frank Daniel Moore ("Moore"), and

Longbranch Energy, LP ("Longbranch") appeared by and through counsel of record and announced ready. After hearing the evidence and argument of counsel, the Court is of the opinion that the following order should be rendered for the reasons stated in the findings of fact and conclusions of law stated on the record following the close of the evidence pursuant to Fed. R. Bankr. P. 7052 and 9014.

It is **ORDERED** that the Court reaffirms the Judgment After Remand that the net-profits interests owned by DMA and Longbranch are valid and subsisting covenants running with the land in the right of way ("ROW") which is called the Express Pipeline. The Court reaffirms that in the Judgment After Remand in this adversary proceeding, DMA and Longbranch recovered a constructive trust on the ROW in the hands of Express H2O, LLC, because of the unauthorized transfer by KrisJenn Ranch, LLC of the ROW to Express H2O, LLC. Any immediate or mediate transferee of the ROW takes subject to the constructive trust imposed by the Judgment After Remand. At this time, the Court is unable to order transfer of the ROW because Express H2O, LLC, the current title holder of the ROW, is not a party to this adversary proceeding.

All other relief requested in the Motion is **DENIED** without prejudice.

# # #